**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): ________________________ Chapter 15

☐ Check if this is an amended filing

# Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name**

   TV AZTECA, S.A.B. DE C.V.

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __

   ☑ Other TAZ960904V78. Describe identifier Mexican Federal Tax ID.

   **For individual debtors:**

   ☐ Social Security number: xxx – xx– ____ ____ ____ ____

   ☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

   ☐ Other ________________________. Describe identifier ____________________________.

3. **Name of foreign representative(s)**

   Rafael Rodríguez Sánchez

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

   Concurso Mercantil, Case No. 22/2026-II, pending before the Juzgado Primero de Distrito en Materia de Concursos Mercantiles, sitting in Mexico City with jurisdiction throughout the Mexican Republic

5. **Nature of the foreign proceeding**

   *Check one:*

   ☑ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   A copy of the petition for Concurso Mercantil, along with a certified English translation; Board resolution and power of attorney appointing the foreign rep.

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

   ☑ Yes

Debtor TV AZTECA, S.A.B. DE C.V.
Name

Case number (*if known*)

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Mexico

**Debtor's registered office:**

Periférico Sur 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan
Number Street

P.O. Box

Mexico City 14140
City State/Province/Region ZIP/Postal Code

Mexico
Country

**Individual debtor's habitual residence:**

Number Street

P.O. Box

City State/Province/Region ZIP/Postal Code

Country

**Address of foreign representative(s):**

Boulevard Manuel Ávila Camacho No.32, Fl. 11, Colonia Lomas de Chapultepec, Alcaldía Miguel Hidalgo
Number Street

P.O. Box

Mexico City 11000
City State/Province/Region ZIP/Postal Code

Mexico
Country

**10. Debtor's website** (URL)

www.tvazteca.com

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

- ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.
- ☐ Partnership
- ☐ Other. Specify: ____________________

☐ Individual

Debtor TV AZTECA, S.A.B. DE C.V.
Name

Case number (if known)

**12. Why is venue proper in *this district*?**

*Check one:*

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

______________________________.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

______________________________.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ ______________________________ Rafael Rodríguez Sánchez
Signature of foreign representative Printed name

Executed on 09/09/2026
MM / DD / YYYY

✘ ______________________________ ______________________________
Signature of foreign representative Printed name

Executed on ______________
MM / DD / YYYY

**14. Signature of attorney**

✘ /s/ James L. Bromley Date 09/16/2026
Signature of Attorney for foreign representative MM / DD / YYYY

James L. Bromley
Printed name

Sullivan & Cromwell LLP
Firm name

125 Broad Street
Number Street

New York NY 10004
City State ZIP Code

(212) 558-4923 bromleyj@sullcrom.com
Contact phone Email address

2333912 NY
Bar number State

# OFICINA DE CORRESPONDENCIA COMÚN DE LOS JUZGADOS DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO

Juicios Federales Civiles
Concurso mercantil
Civil - Mercantil

**No. de registro OCC:** 20264159021400036
**Folio electrónico:** 12185406
**Tipo de ingreso:** Buzón Judicial
**Usuario que Turnó:** jruizg

**Fecha de presentación/Fecha de depósito:** 10/03/2026
**Hora de presentación/Hora de depósito:** 23:07 Hrs.
**Fecha de turno:** 11/03/2026
**Hora de turno:** 10:00 Hrs.
**Turnado al:** JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO

22/2026-II

**No. de copias:** 0
**No. de anexos:** 14
**Actor(a):** TV Azteca, sociedad anónima bursátil de capital variable
**No. de oficio:** *
**Representante/ Autorizado:** Rafael Rodríguez Sánchez
**Demandado(a)/ otro:** *
**Cuenta con firma:** Sí
**Expediente antecedente:** *
**Folio de Art. 41:** *
**Observaciones:** Se depositó en Buzón judicial con número de folio de etiqueta 4284753, solicitud de declaración en concursos mercantil firmada en original.

**Oficina de Correspondencia Común que presta servicio**

Servidor Público que entrega:
Firma:
Fecha: Hora: 10:59

Lic. Jessica Ruiz Gómez

11 MAR 2026

Oficina de Correspondencia Común de los Juzgados de Distrito en Materia de Concursos Mercantiles con residencia en la Ciudad de México y Jurisdicción en toda la República Mexicana

OFICINA DE CORRESPONDENCIA COMÚN DE LOS JUZGADOS DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO

**Autorizado por el órgano jurisdiccional para recoger asuntos**

Servidor Público que recibe: Lucía Noriega Campos
Órgano de Adscripción: J o C M
Firma:
Fecha: 11/mar/26 Hora: 11:00

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
30303031303030303030373232343232333530
12/02/30 22:02:18

-0-

**COMERCIANTE: TV AZTECA, S.A.B. DE C.V.**

**SOLICITUD DE CONCURSO MERCANTIL EN ETAPA DE CONCILIACIÓN.**

**EXPEDIENTE NÚMERO:**

**C. JUEZ DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA, EN TURNO.**

**RAFAEL RODRÍGUEZ SÁNCHEZ,** en representación de **TV AZTECA, S.A.B. DE C.V.,** personalidad que acredito y solicito me sea reconocida en términos del instrumento notarial que se adjuntan al formato *LP 2/20 Anexo 11*, instrumento que más adelante se identifica con precisión, señalando como domicilio procesal para oír y recibir toda clase de notificaciones el ubicado en Boulevard Manuel Ávila Camacho número 32, piso 11, Torre Esmeralda III, colonia Lomas de Chapultepec, alcaldía Miguel Hidalgo, código postal 11000, Ciudad de México, autorizando en los más amplios términos establecidos en el tercer párrafo del artículo 1069 del Código de Comercio de aplicación supletoria de la Ley de Concursos Mercantiles a los señores Licenciados Alonso Rivera Gaxiola – *con cédula profesional número 2758882* –, Béla Kálloi Romero – *con cédula profesional número 5743541* –, Ramón Fernández Vigil – *con cédula profesional número 7571118* –, Pedro Iván Quevedo Ramos – *con cédula profesional número 6147032* –, Alejandro del Castillo Ramírez –*con cédula profesional número 6024819* –, Rodrigo Lagos Scherer – *con cédula profesional número 9347274* –, Diego Machuca Rojas – *con cédula profesional número 11873770* –, Rafael Eugenio Plancarte Gómez – *con cédula profesional número 9244100* –, Andrea Jiménez Aguilar – *con cédula profesional número 15006300* –, Laura Miroslava Medina Arellano – *con cédula profesional número 14772428* –, Diego Roberto Espinosa Arzani – *con cédula profesional número 14772446* –, Javier Hernández Sierra – *con cédula profesional número 12917838* –, Daniel Ávila Monroy, *con cédula profesional número 14156013* – Fernando Arsenio López Sánchez – *con cédula profesional número 12955959* – y Jose Damian Carvajal Arroyo – *con cédula profesional número 14149587* –, autorizando para efectos de oír y recibir toda clase de notificaciones y para recoger toda clase de documentos, valores e imponerse de autos, a los señores a los CC. Alfredo Vázquez Meyer, Fernando Dueñes Arias, Juan Pablo Reyes de la Mora, Emilio Díaz Vázquez,

4284753
22 - 14 anexos, sin copia
LUCIA NORIEGA CAMPOS
12/02/20 22:02:18

2026 MAR 11 A 11:05

MERCANTILES

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

ESTADOS UNIDOS MEXICANOS

PODER JUDICIAL DE LA FEDERACIÓN
CONSEJO DE LA JUDICATURA FEDERAL

**ÓRGANO JURISDICCIONAL AL QUE SE DIRIGE:** ____________________

**NOMBRE DEL PROMOVENTE:** TV Azteca SAB de C.V

**NÚMERO DE COPIAS:** –

**NÚMERO DE ANEXOS** 14

**4284753**

Iván Jesús Alatorre García, Krishna Santiago Cisneros Ramos, Christian Carlo Niño Martínez, Alan Said Merchant Granados, Hugo Eduardo Hernández Vázquez, Iker Alonso Vega Dulac, Marco Antonio López Gastelum, Karla Gabriela Tapia Tlapanco, Vicente Ávila Zúñiga, Salvador Montes de Oca Mendoza, Balfré Morales Lozano, Diego Francisco Quiroz Díaz, Lilian Michelle Hernández Guzmán, Lenin Escudero Calderón, Anuar Tanus Chedraui, Laura Elena Lemus Guzmán, Ximena Andrea Becerra Ramos, Pamela Johanni Morán Herrera, Alan Santiago González Arellano, Emiliano Manuel González Ballesteros, Enrique Domínguez Hernández, Lucca Alvar Ruiz, Rodrigo Esquivel Soto y Paulina Mathurin Motta indistintamente, solicitando se conceda a los usuarios con nombres *bkalloi* y *avmeyer* los permisos necesarios para la consulta del expediente electrónico del presente procedimiento en términos del artículo 93 y demás relativos y aplicables del Acuerdo General Conjunto 1/2015 de la Suprema Corte de Justicia de la Nación y del Consejo de la Judicatura Federal, ante Usted respetuosamente expongo:

LUCIA NORIEGA CAMPOS
30303031303030303030373232343232333530
12/02/30 22:02:18

Que por medio del presente escrito, con fundamento en lo dispuesto por los artículos 1, 2, 3, 7, 8, 9, 10, 17, 20, 22 y demás relativos y aplicables de la Ley de Concursos Mercantiles (en lo sucesivo y por economía procesal la "**LCM**"), solicito a su Señoría se declare a mi representada en **CONCURSO MERCANTIL**, en etapa de conciliación, a fin de lograr su conservación, de manera que no se ponga en riesgo su viabilidad y de las demás empresas con quienes mantiene una relación de negocios, lo anterior de conformidad con lo siguiente:

## CUMPLIMIENTO A LO DISPUESTO POR EL ARTÍCULO 20 DE LA LCM

En cumplimiento a lo dispuesto por el artículo 20, párrafo segundo de la **LCM**, me permito referir que el domicilio de mi representada es el ubicado en Periférico Sur número 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, código postal 14140, Ciudad de México, domicilio en el que también tiene su administración principal.

Asimismo, adjunto al presente escrito se exhiben, de forma separada y ordenada, todos y cada uno de los Formatos designados por el Instituto Federal de Especialistas de

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

Concursos Mercantiles ("**IFECOM**") para la Solicitud de Declaración en Concurso Mercantil, siendo dichos formatos los que se identifican a continuación:

**(i)** Formato LP 2/20 – *Solicitud de Declaración en Concurso Mercantil.*
**(ii)** Formato LP 2/20/Sección 2 – *Manifestación de Incumplimiento o Inminencia de Incumplimiento Generalizado en el Pago de Obligaciones.*
**(iii)** Formato LP 2/20 Anexo 1 – *Estados Financieros del Comerciante.*
**(iv)** Formato LP 2/20 Anexo 2 – *Memoria Razonada de las causas que sitúan al Comerciante en Incumplimiento o Inminente Incumplimiento en el Pago de sus Obligaciones.*
**(v)** Formato LP 2/20/Anexo 3 – *Relación de Acreedores.*
**(vi)** Formato LP 2/20/Anexo 4 – *Relación de Deudores.*
**(vii)** Formato LP 2/20/Anexo 5 – *Inventario de todos los Bienes del Comerciante.*
**(viii)** Formato LP 2/20/Anexo 6 – *Relación de Juicios en los cuales el Comerciante sea parte.*
**(ix)** Formato LP 2/20/Anexo 7 – *Ofrecimiento de otorgar la garantía a que se refiere el artículo 24 de la LCM.*
**(x)** Formato LP 2/20/Anexo 8 – *Acuerdos de los Actos Corporativos Necesarios para Solicitar la Declaración en Concurso Mercantil.*
**(xi)** Formato LP 2/20/Anexo 9 – *Propuesta de Convenio Preliminar de pago a Acreedores.*
**(xii)** Formato LP 2/20/Anexo 10 – *Propuesta Preliminar de Conservación de la Empresa.*
**(xiii)** Formato LP 2/20/Anexo 11 – *Documentos con los que se acredita personalidad.*
**(xiv)** Formato LP 2/20/Anexo 12 – *Documentos con los que acredita el carácter de Comerciante.*

LUCIA NORIEGA CAMPOS
30303030313030303030373232343233333530
12/02/30 22:02:18

Dicho lo anterior, se estima que la presente Solicitud de Declaración en Concurso Mercantil reúne todos y cada uno de los requisitos previstos por los artículos 1, 2, 3, 7, 8, 9, 10, 17, 20, 22 de la **LCM** para su admisión y sustanciación.

En aras de dar mayor claridad y orden a la presente Solicitud de Declaración en Concurso Mercantil y en términos de lo dispuesto por el artículo 20 de la **LCM**, a continuación, me permito desarrollar exhaustivamente el contenido de los formatos más relevantes de aquellos descritos en el listado que antecede, lo que se realiza de la siguiente manera:

## CAPÍTULO I

### PERSONALIDAD
(*Formatos LP 2/20/Anexo 11*)

**1.-** Quien suscribe, Rafael Rodríguez Sánchez, acredita su calidad de representante legal de **TV AZTECA, S.A.B. DE C.V.** (en lo sucesivo y por economía procesal

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

"**TV AZTECA**") en términos de la Escritura Pública número 99,377 de fecha 19 de noviembre de 2014, otorgada ante la Fe del licenciado José Eugenio Castañeda Escobedo titular de la Notaría Pública número 211 de la Ciudad de México, misma que se exhibe adjunta al formato *LP 2/20/Anexo 11*.

## CAPÍTULO II

### ACUERDOS CORPORATIVOS NECESARIOS PARA SOLICITAR LA DECLARACIÓN EN CONCURSO MERCANTIL.

*(Formato LP 2/20/Anexo 8)*

**2.**- Desde este momento, y con independencia de su acreditación mediante los instrumentos públicos adjuntos a los formatos *LP 2/20/Anexo 8* respectivos, hago del conocimiento de su Señoría que **TV AZTECA** realizó los actos corporativos necesarios para solicitar su Declaración en Concurso Mercantil, los cuales fueron emitidos de conformidad con los términos y condiciones establecidos por los Estatutos Sociales respectivos y por los órganos sociales competentes, mismos que evidencian de manera indubitable la intención de los accionistas **TV AZTECA** de declararse en Concurso Mercantil en los términos de la presente solicitud.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**3.**- En efecto mediante Asamblea General Extraordinaria de Accionistas de **TV AZTECA**, celebrada a las 9:00 horas del día 26 de febrero de 2026, los accionistas – *con derecho a voto* – de la sociedad resolvieron de forma unánime, entre otras cuestiones, lo siguiente:

> *"[...]*
>
> *"2. Se reconoce que la adopción de medidas tendientes a la reestructuración financiera de TV AZTECA, S.A.B. DE C.V. responde al interés de preservar su viabilidad y a la obligación fiduciaria de preservar su continuidad operativa; así como que **las presentes resoluciones representan los actos corporativos necesarios para solicitar y tramitar un concurso mercantil de conformidad con los Estatutos Sociales de la Sociedad, la Ley General de Sociedades Mercantiles, la Ley de Concursos Mercantiles y demás ordenamientos jurídicos aplicables."***
>
> *"3. **Se autoriza de manera expresa a TV AZTECA, S.A.B. DE C.V. para que,** por conducto de sus representantes legales y/o apoderados, **solicite judicialmente la declaración de concurso mercantil** mediante la solicitud voluntaria correspondiente, **ya sea individualmente o de forma conjunta con una o varias de sus empresas subsidiarias y/o***

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353530
12/02/30 22:02:18

***afiliadas, en términos de lo dispuesto por los artículos 1, 15, 15-Bis, 17, 20, 20-Bis de la Ley de Concursos Mercantiles****, y se realicen todos los actos que resulten necesarios y convenientes, a fin de que se logre una conciliación con los acreedores de la Sociedad, de sus empresas subsidiarias y/o afiliadas y, en su caso, se convoque a éstos para la celebración de un convenio para el pago de sus créditos."*

*[...]*

*"5. Se resuelve que la Sociedad prepare la documentación necesaria y lleve a cabo todos los actos que resulten necesarios y convenientes, a fin de solicitar y obtener la declaración de concurso mercantil, incluyendo sin limitar la contratación de asesores externos y cualesquier otro consultor, según lo considere necesario."*

*[...]"*

(Énfasis añadido)

**4.-** Dicho lo anterior no cabe duda de la intención expresa e indubitable de **TV AZTECA** para solicitar su Declaración en Concurso Mercantil, en etapa de conciliación, reuniéndose el requisito previsto por la fracción VII del artículo 20 de la **LCM.**

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

## CAPÍTULO III

## MEMORIA RAZONADA DE LAS CAUSAS QUE LLEVARON A TV AZTECA AL ESTADO DE INCUMPLIMIENTO EN QUE SE ENCUENTRA

*(Formato LP 2/20/Anexo 2)*

En cumplimiento a lo previsto por la fracción II del artículo 20 de la **LCM**, a continuación, se expresan los hechos y razones que llevaron a **TV AZTECA** al estado de incumplimiento en que se encuentra y que fundan la presente solicitud:

### (A) ANTECEDENTES CORPORATIVOS RELEVANTES DE TV AZTECA CARÁCTER DE COMERCIANTE

*(Formato LP 2/20/Anexo 12)*

**5.- TV AZTECA**, fue constituida en fecha 2 de junio del 1993, originalmente bajo la denominación de **CONTROLADORA MEXICANA DE COMUNICACIONES, S.A. DE C.V.** (en lo sucesivo "**CMC**") con domicilio en la Ciudad de México, duración de noventa y nueve años, capital social variable, con un mínimo fijo de $50,000.00 Pesos (cincuenta mil pesos 00/100 M.N.) y máximo ilimitado, con cláusula de exclusión de extranjeros.

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

**6.-** Mediante Asamblea General Extraordinaria de Accionistas, de fecha 18 de julio de 1996, se tomó, entre otros, el acuerdo de cambiar la denominación de la moral **CONTROLADORA MEXICANA DE COMUNICACIONES, S.A. DE C.V.** por la de **TV AZTECA, S.A. DE C.V.**, reformando al efecto la Cláusula Primera de sus Estatutos Sociales, lo cual se hizo constar en la escritura pública número 49,317 de fecha 3 de septiembre de 1996, otorgada ante la fe del Licenciado Armando Gálvez Pérez Aragón, Notario Público número 103 de la Ciudad de México.

**7.-** Mediante Asamblea General Ordinaria y Extraordinaria de Accionistas de **TV AZTECA, S.A. DE C.V.**, celebrada en la ciudad de México el día 19 de agosto del 2010, se acordó la transformación de TV AZTECA, S.A. de C.V., a la modalidad de SOCIEDAD ANONIMA BURSÁTIL DE CAPITAL VARIABLE, modificándose para tal efecto las Cláusulas Primera, Cuarta, Sexta, Séptima, Octava, Novena, Décima Segunda, Décima Tercera, Décima Cuarta, Décima Sexta Décima Octava, Décima Novena, Vigésima Primera, Vigésima Segunda, Vigésima Cuarta, Vigésima Sexta, Vigésima Séptima, Vigésima Octava. Vigésima Novena, Trigésima, Trigésima Primera, Trigésima Segunda, Trigésima Tercera, Trigésima Cuarta y Trigésima Sexta de sus Estatutos Sociales.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Como consecuencia de lo anterior, la denominación social de la empresa quedó en los términos actuales, a saber: **TV AZTECA, SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE** (**TV AZTECA, S.A.B. DE C.V.**), con Clave de Cotización BMV: AZTECA CPO y Clave de Cotización LATIBEX: XTZA, lo cual se hizo constar en la Póliza número 8,970, de fecha 26 de agosto del 2010, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número 14 de la Ciudad de México.

**8.-** Con fecha 23 de diciembre de 2021, se hizo constar la **fusión** de **TV AZTECA, S.A.B. DE C.V.** – *como sociedad fusionante que subsistió* – con las sociedades que a continuación se enlistan – *como sociedades fusionadas que desaparecieron* –: **(i)** Administradora Grupo TVA, S.A. de C.V.; **(ii)** Alta Empresa II, S.A. de C.V.; **(iii)** Azteca Novelas, S.A.P.I. de C.V.; **(iv)** Azteca Telecasting, S. de R.L. de C.V.; **(v)** Azteca Web, S.A. de C.V.; **(vi)** Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.;

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**(vii)** Comerciacom, S.A. de C.V.; **(viii)** Comercializadora de Publicidad Azteca, S.A. de C.V.; **(ix)** Estudios Azteca, S.A. de C.V.; **(x)** Finbor México, S.A. de C.V.; **(xi)** Grupo TV Azteca, S.A. de C.V.; **(xii)** Inversora Mexicana de Producción, S.A. de C.V.; **(xiii)** Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; **(xiv)** Red Azteca Internacional, S.A. de C.V.; **(xv)** Televisión Azteca, S.A. de C.V.; y **(xvi)** TV Azteca Comercializadora, S.A. de C.V.

**9.-** El objeto social de **TV AZTECA** hoy es el siguiente:

*"[...]*

*1.- Usar, aprovechar, explotar y operar bandas de frecuencias del espectro radioeléctrico y redes públicas o privadas de telecomunicaciones, así como prestación de servicios públicos de radiodifusión y telecomunicaciones, a través de concesiones propias o de terceros, llevar a cabo arrendamientos de concesiones, autorizaciones y permisos otorgados por las autoridades competentes o mediante cualquier otra figura permitida por la ley, así como la venta y/o comercialización de contenidos audiovisuales y espacios publicitarios en cualquier medio.*

*2.- Adquisición, distribución, cesión, representación, importación, exportación, uso, intercambio, aplicación o cualquier otra forma de contratación de todo tipo de eventos u obras audiovisuales, incluyendo sus derechos de difusión por cualquier medio, a nombre propio o en nombre o representación de terceros, en México y en el extranjero.*

*3.- Promover, constituir, organizar, explotar y tomar participación en el capital y patrimonio de todo género de sociedades mercantiles, civiles, asociaciones o empresas industriales, comerciales de servicios o de cualquier otra índole; enajenar o negociar tales acciones o participaciones y todo tipo de título valor permitido por la ley tanto nacionales como extranjeras, así como participar en su administración o liquidación.*

*4. Recibir de otras sociedades y personas, todos aquellos servicios que sean necesarios para el logro de sus actividades, tales como servicios legales, fiscales, administrativos, financieros, de tesorería, auditoría, mercadotecnia, preparación de balances y presupuestos, elaboración de programas y manuales; análisis de resultados de operación, evaluación de información sobre productividad y de posibles financiamientos, así como la preparación de estudios acerca de la disponibilidad de capital, entre otros.*

*5. Emitir, suscribir, aceptar, endosar y avalar títulos de crédito, valores mobiliarios y otros documentos que la Ley permita.*

*6. Adquirir, enajenar, arrendar, subarrendar, y otorgar el uso, goce, disposición o en general la explotación de toda clase de bienes muebles o inmuebles, incluyendo sus partes o accesorios; así como, derechos reales o personales sobre ello, que sean necesarios o convenientes para su objeto social o para las operaciones de las sociedades mercantiles*

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
303030303130303030303732323432323335 30
12/02/30 22:02:18

*o civiles, asociaciones e instituciones, en las que la sociedad tenga interés o participación.*

*7. Obtener y conceder todo tipo de préstamos, así como recibir, en su caso, garantías, emitir obligaciones y pagarés, aceptar, girar, endosar o avalar toda clase de títulos de crédito y otros documentos que amparen derechos de crédito; otorgar fianzas o garantías de cualquier clase contraídas por la sociedad y respecto de las obligaciones contraídas o de los títulos emitidos o aceptados por terceros.*

*8. Registrar, comprar, arrendar, ceder, renovar, licenciar, comprobar el uso y disponer de marcas, patentes, certificados de invención, nombres comerciales, dibujos industriales, avisos comerciales, registros de modelos, derechos de autor, invenciones y procesos y todos los demás derechos de propiedad industrial e intelectual.*

*9. En general, realizar todo género de actos de comercio y celebrar todo tipo de contratos y convenios, así como operaciones de cualquier naturaleza que sean necesarios o convenientes para la realización de los objetos anteriores, en los términos de Ley.*

*[...]"*

Los hechos marcados con los numerales **5.-**, **6.-**, **7.-**, **8.-** y **9.-** se acreditan con copia certificada de la Escritura Pública número 184,840 de fecha 26 de julio de 2025, otorgada ante la Fe del licenciado Eduardo Garduño García Villalobos titular de la Notaría Pública número 135 de la Ciudad de México, misma que se exhibe adjunta al Formato *LP 2/20/Anexo 12.*

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

## (B) COMPOSICIÓN ACCIONARIA DE TV AZTECA.

**10.-** La composición accionaria de **TV AZTECA**, a la fecha de la presente solicitud, es la que se muestra a continuación:

| ACCIONISTA | PORCENTAJE ACCIONARIO |
|---|---|
| COMUNICACIONES AVANZADAS, S.A. DE C.V. | 66.54% |
| RICARDO BENJAMÍN SALINAS PLIEGO | 4.14% |
| TECNOIDEAS PARA LA VIVIENDA, S.A. DE C.V. | 5.10% |
| FONDO GLOBAL | 8.06% |
| PÚBLICO INVERSIONISTA | 16.17% |
| **TOTAL** | **100.00%** |

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

**11.-** Las acciones representativas del capital social de **TV AZTECA** están divididas en cuatro series:

a) Serie "A": Actualmente existen 4,759,228,375 acciones. Éstas son las únicas acciones que gozan de derechos de voto plenos. Comunicaciones Avanzadas, S.A. de C.V. (en lo sucesivo y por economía procesal "CASA"), actualmente es propietaria directa de la mayoría de las acciones Serie "A" en circulación.

b) Serie "D-A" y Serie "D-L": Existen actualmente 2,289,345,472 acciones de cada Serie. Las acciones "D-A" y las acciones "D-L" tienen derechos de voto limitado a los siguientes asuntos: (i) prórroga de la duración de **TV AZTECA** después de junio de 2092, (ii) disolución anticipada de **TV AZTECA** ; (iii) cambio de objeto social de TV Azteca; (iv) cambio de nacionalidad de **TV AZTECA** ; (v) la transformación de **TV AZTECA** ; (vi) fusión con otra sociedad, y (vii) cancelación del registro de las acciones "D-A" y acciones "D-L" en el Registro Nacional de Valores y en las bolsas de valores donde éstas se encuentren listadas.

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

c) Serie "L": Estas acciones están autorizadas, pero aún no han sido emitidas. **TV AZTECA** espera emitir estas acciones en agosto de 2037, cuando las acciones D-L serán convertidas en acciones "L".

**12.-** A la fecha, el monto del capital social autorizado de **TV AZTECA** asciende a $715,870,000.00 pesos. El número total de acciones que lo representan asciende a 10,545,934,472 acciones, de las cuales 9,337,919,319 se encuentran emitidas y 1,207,915,153 son acciones de tesorería. Este monto total de acciones a su vez está dividido en las series señaladas como se menciona a continuación: Serie "A" con 4,759,228,375 acciones, Serie "D-A" con 2,289,345,472 acciones y Serie "D-L" con 2,289,345,472 acciones. Lo anterior, se integra de la siguiente manera:

| Tipo | Acciones Emitidas | Acciones Pagadas | Capital Social |
|---|---|---|---|

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232323335530
12/02/30 22:02:18

| | | | |
|---|---|---|---|
| **Serie "A"** | 4,759,228,375 | 4,632,625,000 | $373,070,000.00 |
| **Serie "D-A"** | 2,289,345,472 | 2,162,742,000 | $171,400,000.00 |
| **Serie "D-L"** | 2,289,345,472 | 2,162,742,000 | $171,400,000.00 |
| **Total** | 9,337,919,319 | 8,958,109,000 | $715,870,000.00 |

El capital social fijo de **TV AZTECA** asciende a la cantidad de $664'930,375.00 (Seiscientos sesenta y cuatro millones mil novecientos treinta mil trescientos setenta y cinco pesos 00/100 M.N.), el cual se encuentra representado totalmente suscrito y pagado y se representa por en acciones comunes, ordinarias, de la Serie "A" y por acciones de voto limitado de las Series "D-A" y "D-L", todas sin expresión de valor nominal.

**13.-** Las acciones de **TV AZTECA** están inscritas en las siguientes bolsas de valores: **(i)** Certificados de Participación Ordinarios (CPO´s), cada uno representa una acción A, una acción D-A y una acción D-L, con la Clave de Pizarra AZTECACPO, en la Bolsa Mexicana de Valores, y **(ii)** Unidades de 10 CPO´s, Clave de Pizarra XTZA, en el Mercado de Valores de Latinoamérica ("LATIBEX").

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**14.-** Con fecha 27 de febrero de 2026, la Comisión Nacional Bancaria y de Valores mediante Oficio No. 153/4640/2026 inició el procedimiento de cancelación de la inscripción de los valores de **TV AZTECA** en el Registro Nacional de Valores con motivo de las causas que en dicho oficio se indicaron, exceptuando a **TV AZTECA** a llevar a cabo la oferta pública de adquisición a que se refiere la fracción I del artículo 108 de la Ley del Mercado de Valores debiendo **TV AZTECA**, dentro del plazo máximo de 180 días naturales contados a partir de que surtió efectos dicho requerimiento a cumplir con la constitución del fideicomiso a que se refiere el artículo 108 fracción I, inciso c) de la Ley del Mercado de Valores de manera previa a la cancelación de la inscripción de los valores debiendo presentar a la Comisión Nacional Bancaria y de Valores evidencia de haberse afectado a dicho fideicomiso los recursos necesarios para adquirir los valores de los inversionistas considerados como gran público inversionista. El fideicomiso mencionado deberá contar en todo momento con los recursos mencionados durante un periodo mínimo de seis meses contados a partir de la fecha de cancelación de la inscripción de los valores en el Registro Nacional de Valores.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**15.-** Con fecha 27 de febrero de 2026, y en cumplimiento de lo establecido en el oficio a que se refiere el inciso 14 anterior, **TV AZTECA** constituyó el fideicomiso a que se refiere el inciso 14.- anterior, mismo que con fecha 06 de marzo de 2026 fue fondeado con la cantidad de $322,983,165.42 (trescientos veintidós millones novecientos ochenta y tres mil ciento sesenta y cinco pesos 42/100, M.N.).

## (C) DESCRIPCIÓN DEL NEGOCIO DE TV AZTECA.

**16.- TV AZTECA** es una de las dos productoras más importantes de contenido en español para televisión en el mundo y la segunda productora de contenido para televisión más grande de México con base en participación de audiencia y de mercado.

### Canales de Televisión Mexicana de **TV AZTECA.**

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**17.- TV AZTECA** actualmente es la accionista mayoritaria de 2 (dos) sociedades concesionarias que operan directamente 180 canales independientes de televisión digital terrestre distribuidos a lo largo del territorio nacional. Estos canales son operados en forma independiente, dentro de los cuales se difunde a través de sus señales diverso contenido atendiendo a la cobertura que cada uno de dichos canales tiene. A dichos canales se les reconoce para efectos de identificación comercial en sus títulos de concesión como Azteca 7, Azteca Uno y adn Noticias.

Los canales se operan desde 504 transmisores digitales de televisión al aire, siendo 180 estaciones principales concesionadas y 324 equipos complementarios, ubicados en todo México con programación las 24 horas del día, siete días a la semana, incluyendo el canal 26 para transmitir el contenido programático conocido como adn Noticias en la Ciudad de México. En el caso del contenido programático de adn Noticias, la concesionaria filial de **TV AZTECA** lo multi programa en 70 estaciones principales con sus respectivos equipos complementarios ubicados en el interior de México, lo cual fue autorizado en su momento por el Instituto Federal de Telecomunicaciones ("IFT").

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Asimismo, en 2017 se lanzó por medio de la multiprogramación, el canal denominado adn Noticias que desde el 31 de marzo de 2020 se transmite en 54 estaciones principales con sus respectivos equipos complementarios.

**18.- TV AZTECA** cuenta con 28 (veintiocho) sucursales distribuidas en distintas partes de México, de las cuales 7 (siete) cuentan con la infraestructura para producir y difundir en contenidos locales, principalmente noticias y deportes de cada localidad para los 842 (ochocientos cuarenta y dos) transmisores de televisión abierta concesionados, incluyendo anuncios comerciales, programas y spots gubernamentales y electorales, en cada uno de ellos.

Programación.

**19.-** La capacidad de **TV AZTECA** para proporcionar una mezcla diversa de contenido de calidad es uno de los principales factores para mantener y aumentar la popularidad de su programación y consecuentemente su sostenibilidad económica.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Por lo anterior, **TV AZTECA** se centra en producir y adquirir contenidos que atraigan a sus diferentes audiencias, considerando que el desarrollo de identidades separadas para sus canales la ha ayudado a captar una parte importante de la audiencia mexicana y ha ofrecido a sus anunciantes la oportunidad de ajustar sus anuncios a grupos demográficos específicos.

**20.-** El modelo de negocios de **TV AZTECA** – *operativa y económicamente* – se sostiene en base a 3 (tres) pilares fundamentales, a saber:

**(i) Contenidos Propios**: corresponde a contenidos originales y propios, desarrollados y producidos por **TV AZTECA**, los cuales se dirigen a atender las principales necesidades de su audiencia. Esto le permite a la sociedad adaptarse constantemente a las tendencias que aparecen en un mercado caracterizado por el dinamismo, para ofrecer a las personas la mejor oferta posible a través de distintas plataformas.

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

**(ii) Programación Comprada**: con el objetivo de maximizar la oferta de contenido y mantener un alto nivel competitivo frente a sus principales competidores, **TV AZTECA** paga y/o compra contenido, por ejemplo, series, películas, eventos deportivos y otros. La programación comprada es uno de los costos más significativos en la operación de **TV AZTECA**, y al mismo tiempo uno indispensable para su rentabilidad como negocio.

**(iii) Alianzas Estratégicas:** buscando maximizar su rentabilidad, **TV AZTECA** celebra acuerdos de cooperación con socios con los que se crean alianzas o fusiones y; a partir de las mismas, desarrolla contenidos que resultan relevantes para todas las partes.

Contenido Producido por TV AZTECA

**21.- TV AZTECA**, a través de sus filiales, produce una variedad de programas, incluyendo series, telerrealidad, noticiarios, transmisiones deportivas, programas musicales, programas de concursos, "*talk shows*" y programas de mucha variedad.

**22.- TV AZTECA,** a través de sus filiales, produce contenido de entretenimiento innovador y de alta calidad para llegar a un mayor número de audiencia año con año. Entre programas producidos, directa o indirectamente, por la sociedad se encuentran, por ejemplo: "*Master Chef*", "*Exatlón*", "*Survivor*", "*La Academia*" y "*La Voz*".

**23.-** La programación noticiosa de **TV AZTECA,** a través de sus filiales, incluye noticiarios en horario matutino, vespertino y estelar nocturno, dirigidos a las audiencias objetivo de sus canales de televisión. El noticiario "*Hechos*", que presenta un análisis más profundo de las noticias diarias, nacionales e internacionales es uno de los noticieros más relevantes en México. Asimismo, cada programa de noticias y análisis de la barra de adn Noticias transmite las noticias con un estilo diferente de la mano de reconocidas personalidades y líderes de opinión. Adicionalmente, se producen espacios noticiosos para ser transmitidos dentro de la programación local, cortes informativos y programas especiales.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/30 22:02:18

**24.-** La programación deportiva producida por **TV AZTECA,** a través de sus filiales, consta principalmente de transmisiones de los partidos del torneo de la Primera División de Fútbol Soccer Profesional Mexicano, así como programas de comentarios deportivos y producción de distintos eventos deportivos. El fútbol soccer es el deporte más popular en México y las transmisiones de los partidos de la Primera División generan grandes audiencias. **TV AZTECA** – *directa o indirectamente* – tiene los derechos de transmisión para los partidos locales de 6 (seis) equipos de la Primera División conocida comercialmente como "*Liga MX*".

**25.-** Durante el año 2023, los costos en que incurrió **TV AZTECA**, por la producción de contenido propio ascendieron a aproximadamente la cantidad de $6,797´000,000 (Seis mil setecientos noventa y siete millones de pesos M.N.).

**26.-** Durante el año 2024, los costos en que incurrió **TV AZTECA**, por la producción de contenido propio ascendieron a aproximadamente la cantidad de $8,008´000,000 (Ocho mil ocho millones de pesos M.N.).

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**27.-** Durante el año 2025, los costos en que incurrió **TV AZTECA**, por la producción de contenido propio ascendieron a aproximadamente la cantidad de $7,976´000,000 (Siete mil novecientos setenta y seis millones de pesos M.N.).

Programación Comprada

**28.-** La compra de contenidos permite a **TV AZTECA** maximizar su oferta de contenidos y mantener un alto nivel competitivo frente a sus principales competidores – *como "TELEVISA"* –, sin embargo, también implica la generación de altos costos, mismos que son indispensables para su rentabilidad como negocio.

**29.-** **TV AZTECA** compra programación de aproximadamente 30 (treinta) distintos distribuidores, con la finalidad de responder a las distintas necesidades de la audiencia, una parte substancial de la programación comprada proviene de grandes estudios como: Buena

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

Vista Internacional (Disney), Sony Pictures, Universal, así como diferentes proveedores independientes, como es el caso de Gussi.

**30.-** La programación comprada de **TV AZTECA** incluye principalmente películas y series reconocidas a nivel mundial. Los programas que no están en idioma español, y son comprados para los canales de **TV AZTECA**, son doblados al español antes de la entrega mediante el pago al distribuidor una cuota adicional por este servicio.

**31.- TV AZTECA** también celebra contratos para transmitir programación deportiva, incluyendo los partidos del Mundial de Fútbol Soccer, Juegos Olímpicos y los partidos de la Liga Nacional de Fútbol Americano (NFL por sus siglas en inglés). Asimismo, **TV AZTECA** celebra contratos para la transmisión de eventos especiales tales como Miss Universo y los Premios Oscar, entre otros.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**32.-** La programación comprada en los años 2023, 2024 y 2025, constituye aproximadamente el 39%, 40% y 38% de las horas de programación en horario estelar combinada entre semana, transmitida en los canales de **TV AZTECA,** por cada uno de los años antes señalados.

**33.-** Durante el año 2023, los costos en que incurrió **TV AZTECA** por la compra de contenido ascendieron aproximadamente a la cantidad de $2,540´000,000 (Dos mil quinientos cuarenta millones de pesos M.N.).

**34.-** Durante el año 2024, los costos en que incurrió **TV AZTECA** por la compra de contenido ascendieron aproximadamente a la cantidad de $2,307´000,000 (Dos mil trescientos siete millones de pesos M.N.).

**35.-** Durante el año 2025, los costos en que incurrió **TV AZTECA** por la compra de contenido ascendieron aproximadamente a la cantidad de $2,485´000,000 (Dos mil cuatrocientos ochenta y cinco millones de pesos M.N.).

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353530
12/02/30 22:02:18

Iniciativas Digitales.

**36.-** A partir de 2018, **TV AZTECA** inició una etapa de revisión y consolidación de las iniciativas digitales. El objetivo fue evaluar el estado de los proyectos digitales en curso —incluyendo plataformas, herramientas tecnológicas, proveedores y modelos de monetización— y definir una estrategia más estructurada para el crecimiento digital de la empresa.

Como resultado de este proceso se estableció una hoja de ruta enfocada en tres ejes principales: **(i)** Ampliar la distribución de contenido en plataformas digitales; **(ii)** Incrementar el alcance de audiencias en entornos digitales; y **(iii)** Desarrollar nuevos modelos de monetización asociados a dichas audiencias.

**37.-** Durante el periodo 2018–2024 se implementaron diversas iniciativas para fortalecer el ecosistema digital de la compañía.

LUCIA NORIEGA CAMPOS
303030303130303030303732323432323330
12/02/30 22:02:18

Una de las primeras etapas relevantes fue el desarrollo de experiencias de "*second screen*", diseñadas para complementar la transmisión televisiva con contenido digital adicional e interacción en tiempo real con la audiencia. Estas iniciativas incluyeron experiencias digitales asociadas a programas como "La Academia", así como la creación de shows digitales complementarios relacionados con contenidos como "Venga la Alegría", "MasterChef" y otros formatos de entretenimiento.

Dentro de estas iniciativas también se desarrollaron podcasts y espacios de conversación digital, orientados a ampliar la interacción con la audiencia en plataformas digitales mientras los programas se transmitían en televisión.

**38.-** De manera paralela, durante la cobertura digital del Mundial de Rusia 2018 se fortalecieron los contenidos asociados a eventos en vivo y se experimentó con nuevos formatos de distribución digital. En este mismo periodo se establecieron acuerdos exclusivos

LUCIA NORIEGA CAMPOS
303030303130303030303037323234323233353530
12/02/30 22:02:18

con Facebook para la distribución de contenidos digitales, lo que permitió ampliar el alcance de estas experiencias hacia audiencias en plataformas sociales.

**39.-** Posteriormente, la estrategia digital continuó evolucionando mediante el lanzamiento de nuevos sitios digitales, con el objetivo de ampliar la distribución de contenido informativo y de entretenimiento en entornos digitales.

Como resultado de estas iniciativas, la compañía alcanzó la primera posición en mediciones de audiencia digital de Comscore, registrando además crecimiento sostenido en redes sociales.

**40.-** Para fortalecer las capacidades digitales, también se implementaron herramientas tecnológicas orientadas al manejo y análisis de datos de audiencia. Entre estas iniciativas se encuentran la implementación de un Data Lake (repositorio centralizado de datos) y una Customer Data Platform o CDP, herramientas que permiten organizar información de audiencias y mejorar la segmentación publicitaria.

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

Asimismo, se expandieron los canales de distribución digital mediante el desarrollo de canales FAST (canales de streaming gratuitos financiados con publicidad) y la creación de aplicaciones para plataformas de CTV como Roku, Google TV y Fire TV, permitiendo que el contenido esté disponible en nuevos dispositivos y plataformas digitales.

**41.-** El crecimiento de audiencias digitales permitió fortalecer el modelo comercial digital de la compañía. Durante este periodo se desarrolló una estructura comercial enfocada en publicidad digital, lo que permitió incrementar la comercialización de audiencias en plataformas digitales.

Como resultado, los ingresos asociados a publicidad digital registraron un crecimiento significativo durante el periodo analizado, incluyendo activaciones comerciales relacionadas con eventos de alto impacto como el Mundial de Rusia 2018 y los Juegos Olímpicos de París 2024.

LUCIA NORIEGA CAMPOS
303030303130303030303732323432323335 30
12/02/30 22:02:18

**42.**- El desarrollo de estas iniciativas digitales ha implicado la colaboración con diversos socios estratégicos y proveedores especializados, quienes han contribuido a habilitar capacidades tecnológicas, operativas y comerciales.

**43.**- Entre estas colaboraciones destacan acuerdos para la distribución de contenido con plataformas como Claro Video durante eventos como los Juegos Olímpicos de París, así como acuerdos comerciales con plataformas de streaming como Tubi y Pluto.

Principales Costos de **TV AZTECA.**

**44.**- Los costos de operación variables más importantes de **TV AZTECA** se relacionan con su programación ya sea producida internamente, coproducida o adquirida. El costo del contenido producido internamente varía de manera considerable dependiendo del tipo de programación. Adicionalmente, la producción de series y entretenimiento en vivo es más cara en relación con la producción de otras clases de programas.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Los costos de programación, producción y transmisión del año 2025 de **TV AZTECA** ascendieron a aproximadamente $10,461´000,000 (Diez mil cuatrocientos sesenta y uno millones de pesos M.N), mientras que en el año 2024 ascendieron a aproximadamente $10,316´000,000 (Diez mil trescientos dieciséis millones de pesos M.N.).

**45.**- Dicho lo anterior, si **TV AZTECA** no administra efectivamente los costos de la programación producida internamente o comprada a través de derechos de exhibición, es posible que sus costos de programación aumenten en una proporción mayor que los ingresos de publicidad. Si dichos costos aumentan sustancialmente, los resultados de operación de **TV AZTECA** pueden verse afectados negativamente.

Principales Ingresos de **TV AZTECA.**

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**46.-** **TV AZTECA** genera ingresos por medio de diversas fuentes, como lo son, entre otros: **(i)** las ventas de publicidad; **(ii)** la venta de contenido de la compañía, dentro y fuera de México; y **(iii)** la organización de eventos deportivos.

**47.-** La principal fuente de ingresos de **TV AZTECA** deriva de las ventas de publicidad a sus clientes y/o anunciantes, las cuales se encuentran íntimamente relacionadas con la programación, ya sea producida o comprada, visto que los costos de publicidad dependen de la mayor y/o mejor programación transmitida por **TV AZTECA**.

**48.-** En el año 2025, los anunciantes más importantes de **TV AZTECA** fueron: Procter & Gamble México, Genomma, Lab Internacional, Frabel, Bayer de México, Bimbo, Cervezas Cuauhtemoc Moctezuma, Nueva Elektra del Milenio, Havas Media, Mondelez México, Deremate.Com de México. Los diez anunciantes más importantes de **TV AZTECA** en conjunto con sus filiales representaron aproximadamente 14% de los ingresos netos de **TV AZTECA**. La terminación de la relación de **TV AZTECA** con cualquiera de sus anunciantes principales podría afectar sus resultados de operación.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**49.-** La publicidad nacional representó aproximadamente el 68% (Sesenta y ocho por ciento) de las ventas totales netas de **TV AZTECA** en los años 2024 y 2025, lo que evidencia que ésta es la principal fuente de ingresos de **TV AZTECA**, año con año.

## (D) CONTEXTO MACROECONOMICO Y POLÍTICO.

**50.-** El contexto macroeconómico de los últimos años – *2018 a 2025* –, tuvo como consecuencia que **TV AZTECA** no presentara los resultados que se esperaban, de hecho, diversas circunstancias ocasionaron que durante el año 2020 e incluso en años posteriores, sus resultados fueran negativos, lo cual ha incidido en su situación financiera, inclusive a largo plazo. Dicho contexto se explica a continuación:

**(a) PRESIÓN PÚBLICA Y POLÍTICA:** Debe decirse que existió un incremento de la presión pública, institucional y mediática con relación a: **(i)** el cobro de adeudos fiscales existentes a cargo de **TV AZTECA**, el componente fiscal dejó de ser una contingencia abstracta y se convirtió en un riesgo cierto e inminente para la continuidad operativa de la

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

sociedad; y **(ii)** los pasivos derivados de los bonos emitidos por la Comerciante en Estados Unidos.

<u>(i) Créditos Fiscales.</u>

En efecto, **TV AZTECA** enfrentaba litigios por adeudos o créditos determinados por la autoridad fiscal, por las siguientes sumas: **(i)** $3,902,000,000.00 (Tres mil novecientos dos millones de pesos M.N.) por concepto de Impuesto Sobre la Renta del ejercicio fiscal 2009 (incluyendo multas y recargos); y **(ii)** $4,790´000,000.00 (Cuatro mil setecientos noventa millones de pesos 00/100 M.N.) correspondientes al Impuesto Sobre la Renta del ejercicio fiscal 2013 (incluyendo multas y recargos).

Lo anterior se tornó especialmente riesgoso para la viabilidad de **TV AZTECA,** visto que el Código Fiscal de la Federación faculta a la autoridad fiscal a ejecutar créditos fiscales mediante el procedimiento administrativo de ejecución, así como mecanismos con impacto inmediato en tesorería, como: **(i)** la inmovilización de depósitos bancarios del contribuyente (artículo 156-Bis), y **(ii)** la intervención de la negociación con cargo a la caja, con retiro de hasta un porcentaje de los ingresos percibidos en efectivo, y la posibilidad de convertir la intervención en administración (artículos 164 y 165).

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/30 22:02:18

En este contexto, la presión pública e institucional —*al incrementar el riesgo de ejecución fiscal y de afectación inmediata de caja*— obligó a la sociedad a priorizar liquidez para evitar disrupciones operativas críticas.

Por ello, ante la inminencia de medidas de cobro coactivo y la potencial pérdida/restricción de caja, la sociedad se vio compelida a obtener y/o utilizar financiamiento adicional y urgente para atender el pasivo fiscal y mitigar el riesgo de paralización operativa.

Esto impactó directamente la viabilidad como unidad productiva: la detraída o inmovilización de caja y/o el aumento de pasivos financieros (costos por intereses, garantías, vencimientos) redujo la capacidad de cumplir obligaciones ordinarias de operación (salarios,

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

insumos, transmisión, proveedores críticos) y elevó el riesgo de incumplimiento a diversos acreedores.

Dicho contexto orilló a **TV AZTECA** a adquirir un financiamiento urgente – *con las consecuencias que ello implica* – Alter Bank LTD por la cantidad de hasta $5,000´000,000.00 (Cinco mil millones de pesos 00/100 M.N.); ello como una medida defensiva e indispensable orientada a preservar: **(i)** la continuidad operativa; **(ii)** la estabilidad laboral; y **(iii)** la integridad de activos estratégicos para la operación; sin embargo, a la par, incrementó el pasivo de la Sociedad, deterioró su estructura de capital y redujo su capacidad de maniobra financiera, contribuyendo al agravamiento del estado de insolvencia.

En conclusión, la presión fiscal y el riesgo real de ejecución administrativa constituyeron factores determinantes en el agravamiento del incumplimiento generalizado de obligaciones previsto en el artículo 10 de la Ley de Concursos Mercantiles y obligó a la comerciante a solicitar su declaración en concurso mercantil con el claro objetivo de: **(i)** preservar la empresa como unidad productiva; **(ii)** ordenar colectivamente el tratamiento de pasivos; **(iii)** evitar ejecuciones aisladas que comprometan la continuidad del negocio; y **(iv)** garantizar un tratamiento equitativo frente a todos los acreedores.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

(ii) Pasivos por Bonos emitidos en Estados Unidos.

Con independencia de que los pasivos derivados de los bonos emitidos en Estados Unidos constituyen obligaciones mercantiles a cargo de la Comerciante y se encuentran sujetos a los mecanismos de negociación y ejecución propios de su régimen contractual, es un hecho público y notorio que dichos pasivos trascendieron del ámbito estrictamente privado y escalaron a un plano de interlocución y posicionamiento gubernamental, con efectos materiales en el entorno operativo, reputacional y de riesgo de litigio de la Sociedad.

En particular, diversos fondos/tenedores vinculados a dicha emisión —*o a la adquisición posterior de esos instrumentos en el mercado secundario*— solicitaron diálogo directo con el Gobierno de México para la solución de adeudos atribuidos a **TV AZTECA**,

LUCIA NORIEGA CAMPOS
303030303130303030303037323234323233353530
12/02/30 22:02:18

asociando sus reclamaciones a actuaciones judiciales internas y, además, impulsando o manteniendo un arbitraje internacional contra el Estado mexicano en torno al mismo conflicto.

Adicionalmente, derivado de la presión pública ejercida por dichos fondos/tenedores, la propia Titular del Ejecutivo Federal realizó manifestaciones públicas relativas a la necesidad de que **TV AZTECA** cumpliera sus obligaciones frente a los fondos/acreedores en Estados Unidos, e incluso se reportó su disposición a reunirse con dichos acreedores en ese país, en un contexto donde se alude expresamente al litigio por bonos impagados.

Este conjunto de hechos evidencia que fondos/tenedores no solo generaron presión de mercado y litigio transfronterizo, sino también presión político-institucional: **(i)** por el solo hecho de involucrar al Estado mexicano en un arbitraje internacional con potencial impacto en recursos públicos y política exterior económica; **(ii)** por el incentivo de contener costos de defensa/arbitraje y ruido reputacional país; y **(iii)** por el escrutinio público derivado de pronunciamientos del Ejecutivo y cobertura mediática. Lo anterior incrementó el riesgo de aceleración de controversias, endurecimiento de posturas, y afectación a fuentes de financiamiento y contrapartes, incidiendo en la viabilidad de soluciones privadas aisladas y reforzando la necesidad de un proceso ordenado y universal para reestructurar los pasivos de **TV AZTECA.**

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Dicho ello, la situación financiera de la comerciante no puede analizarse de manera aislada respecto de los pasivos derivados de los bonos emitidos en el mercado estadounidense, por cuanto el conflicto relativo a dichos instrumentos trascendió el ámbito estrictamente privado y contractual, escalando a un plano de interlocución pública e institucional.

Este contexto produjo dos efectos jurídicamente relevantes:

**(I)** **<u>Presión Institucional y Reputacional</u>**: Las manifestaciones públicas y la cobertura mediática de los pasivos de **TV AZTECA** generaron un entorno de presión

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

institucional que impactó: **(i)** la percepción de riesgo de la empresa; **(ii)** la disponibilidad de financiamiento; y **(iii)** la estabilidad de negociaciones privadas en curso.

**(II)** **<u>Agravamiento del estado de Incumplimiento Generalizado de Obligaciones</u>**: Se incrementó el riesgo de aceleración de obligaciones, se redujeron alternativas de refinanciamiento, se deterioró la posición de potencial negociación frente a otros acreedores.

En resumen, se generó un efecto contagio sobre pasivos distintos a los bonos y la Comerciante enfrentó un escenario en el cual la reestructuración privada de sus pasivos resultó materialmente inviable, no sólo por su insuficiencia de liquidez, sino también por la presión sistémica generada alrededor de uno de sus pasivos más relevantes.

En este caso, el concurso mercantil es una respuesta necesaria ante un escenario de deterioro integral, en el que la presión pública e institucional generada por los fondos/tenedores de bonos aceleró la imposibilidad de cumplir oportunamente con la totalidad de obligaciones exigibles y próximas a vencer.

En un escenario en el que un grupo de acreedores intenta internacionalizar el conflicto, generar presión institucional y posicionarse en situación de privilegio fáctico, el principio de igualdad concursal sólo puede preservarse mediante la sujeción de todos los acreedores a un procedimiento universal como el que se solicita.

No obstante ello, la empresa ha sostenido procesos de negociación desde 2021 con dichos acreedores con el objetivo de reestructurar sus obligaciones financieras, lo que no ha sido posible.

A pesar de: **(i)** la disposición de la compañía en todo momento de negociar un acuerdo de reestructura benéfico para las partes; y **(ii)** haber sostenido reuniones con grupo de acreedores, y un proceso formal de mediación, no se logró llegar a acuerdos de reestructura financiera con los acreedores.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

La complejidad de estas negociaciones, sumada a la evolución negativa del entorno adverso del mercado, ha incrementado la presión financiera sobre la compañía.

**(b) TRANSFORMACIÓN ESTRUCTURAL DE LA INDUSTRIA DE MEDIOS.** Entre los principales factores que han presionado a **TV AZTECA** destaca un fenómeno más amplio que afecta a la industria de medios en general: el declive estructural del mercado publicitario en televisión abierta, una tendencia observable a nivel global que ha modificado de forma significativa la economía del sector.

<u>(a) Cambios en los hábitos de consumo audiovisual</u>

En las últimas dos décadas el sector de medios en el mundo ha experimentado una transformación profunda. La digitalización, la expansión del internet de banda ancha y la multiplicación de dispositivos móviles cambiaron la forma en que las audiencias consumen contenidos.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Hoy una parte relevante del consumo audiovisual se realiza a través de plataformas digitales de distribución de video, incluidos servicios de streaming y plataformas en línea como Netflix, YouTube y Amazon Prime Video.

Este cambio ha desplazado gradualmente el modelo tradicional de programación lineal —propio de la televisión abierta— hacia esquemas de contenido bajo demanda, consumo personalizado y formatos audiovisuales distribuidos a través de redes sociales.

Como consecuencia, las audiencias en todo el mundo se han fragmentado y el número de espectadores concentrados en unos pocos canales ha disminuido de manera significativa.

<u>(b) Migración de la Inversión Publicitaria hacia Medios Digitales.</u>

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

El modelo económico de la televisión abierta – del que forma parte **TV AZTECA** – ha dependido históricamente de la venta de espacios publicitarios.

En los últimos años a nivel mundial, sin embargo, una parte creciente del gasto publicitario se ha trasladado hacia plataformas digitales, que ofrecen segmentación precisa de audiencias, medición detallada del desempeño de campañas y la posibilidad de ajustar la inversión de forma inmediata.

Empresas tecnológicas como Google, Meta Platforms y TikTok han captado una porción cada vez mayor del mercado publicitario global.

Como resultado, el crecimiento del gasto publicitario en televisión abierta se ha desacelerado en diversos mercados, incluido el mexicano. Y esta migración a espacios digitales tuvo una aceleración en los años recientes a partir de la Pandemia de COVID-19

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**(c) COVID-19:** La llegada de la pandemia de COVID-19 a México, impidió a **TV AZTECA** generar los ingresos esperados durante el año 2020 y hasta la fecha. Una de las principales consecuencias negativas que trajo la referida pandemia, no solo para la sociedad, sino para toda la industria de la televisión en México, fue la disminución en los ingresos debido a una menor inversión publicitaria por parte de los clientes – *sobre lo cual se abundará más adelante* –, asi como el crecimiento intensificado del consumo de los servicios de Streaming "*Over The Top*" – *sobre lo cual también se abundará más adelante* –, como lo son las plataformas de "*Netflix*" "*Disney+*", "*Amazon*", entre otras.

<u>(a) COVID-19 y publicidad en medios de comunicación.</u>

Más allá del crecimiento y centralidad en el acceso a contenidos noticiosos y de entretenimiento durante las distintas etapas del aislamiento y distanciamiento social ocasionados por las medidas y acciones implementadas por nuestros gobiernos Federal y Locales, la economía de los medios de comunicación fue gravemente afectada por la pandemia de COVID-19 de forma definitiva.

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

Según los datos de la empresa PriceWaterhouseCoopers (PWC), en su estudio denominado "*Informe Global de Medios y Entretenimiento 2021*"[1], el año 2020 registró una caída en los ingresos de toda la industria de la Televisión, principalmente, por **la retracción del mercado publicitario**.

Asimismo, según el informe en comento, la crisis del mercado publicitario, principal fuente de ingresos de la mayor parte de la industria de los medios de comunicación fue de gran tamaño en todo el mundo, pero América Latina fue la región que más lo sufrió, siendo que se espera que los ingresos por transmisión no se recuperarán a los niveles previos a la pandemia hasta el año 2025 – *lo que incluso no ha sucedido* –.

Otro de los cambios disruptivos que causó la pandemia en este sector fue que los ingresos de publicidad en Internet superaron a los de publicidad en televisión, mercado que, tradicionalmente, mantenía su liderazgo.

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

Con relación a lo anterior, el sector digital de la publicidad aceleró su crecimiento, por ello a los medios de comunicación tradicionales, como lo es la Televisión, se les hizo más difícil competir en el mercado de publicidad online junto a los gigantes como "*Google*" y "*Facebook*" que concentran alrededor del 68% total de la facturación publicitaria por internet.[2]

(b) Crecimiento de los servicios de *streaming* "*Over The Top*".

---

[1] Consultable en la siguiente dirección de internet:

https://www.pwc.com/gx/en/industries/tmt/media/outlook/segment-findings.html

[2] "*EL IMPACTO DE LA PANDEMIA DEL COVID-19 EN LA SOSTENIBILIDAD DE LOS MEDIOS DE COMUNICACIÓN EN AMÉRICA LATINA" CAMBIOS Y TRANSFORMACIONES EN LOS MODELOS DE PRODUCCIÓN, FUENTES DE INGRESO Y PRODUCTOS DE LOS MEDIOS LATINOAMERICANOS", Organización de las Naciones Unidas para la Educación, la Ciencia y la Cultura y* Oficina Regional de Ciencias de la UNESCO para América Latina y el Caribe, UNESCO Montevideo.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Otra de las consecuencias indirectas de la pandemia de Covid-19, que sigue afectando a la fecha es el crecimiento exponencial del consumo por parte de la audiencia de los servicios de *streaming* "*Over The Top*"[3], entre los cuales se encuentran plataformas como "*Netflix*", "*Amazon Prime Video*", "*Apple TV+*", "*Claro Video*", "*Disney+*"; "*Hulu*", y "*HBO Max*", entre otros.

El crecimiento exponencial de dichas plataformas de video vía *streaming*, a causa de la pandemia de Covid-19, significó su consolidación en el mercado de las audiencias y desde luego la introducción de nuevos competidores para los proveedores tradicionales de televisión como lo es **TV AZTECA.**

Si bien a lo largo de la segunda mitad de la década pasada, plataformas como Netflix se adelantaron en el posicionamiento del mercado audiovisual, la pandemia facilitó la incursión de nuevas competidoras y con ella la explosión de contenidos e ingresos para este revulsivo modelo de entretenimiento en el que se han consolidado nuevos catálogos como los que ofrecen "*Disney+*", "*HBO Max*" y "*Paramount+*".

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

Dichas plataformas de contenido audiovisual, bajo demanda, no solo compiten directamente por la audiencia de los proveedores de televisión tradicional, sino que además lo hacen con relación a la publicidad en televisión, que como ya se ha dicho es uno de los principales generadores de ingresos de los proveedores de televisión tradicional como lo es **TV AZTECA.**

Como refiere el Instituto Federal de Telecomunicaciones, en su "*Estudio de Plataformas Digitales OTT*"[4], los operadores de Plataformas Digitales OTT pueden ofrecer servicios digitales de comunicación, conexión y enlace a diferentes grupos de usuarios, con el

---

[3] Es el término utilizado en la industria del cine y la TV para definir a las plataformas que ofrecen contenidos audiovisuales por internet.

[4] Consultable en la siguiente dirección de internet:

http://www.ift.org.mx/sites/default/files/contenidogeneral/competenciaeconomica/plataformasdigitales-ott.pdf

LUCIA NORIEGA CAMPOS
303030303130303030303732323432323335 30
12/02/30 22:02:18

objeto de que éstos tengan actividades de comunicación y/o intercambien contenidos audiovisuales o de audio, sin cobrarles contraprestaciones monetarias, pero con el objetivo de atraer al mayor número de usuarios de un lado de la plataforma que puedan ser expuestos a publicidad y, con ello, vender tiempo, espacios y "*banners*" para otro grupo en la plataforma (los anunciantes).

Al respecto, la publicidad digital sigue principios similares a la publicidad en plataformas "tradicionales", como TV Abierta, impulsada por la competencia por la atención del consumidor. En términos generales, los anunciantes están dispuestos a pagar tarifas más altas cuando su mensaje puede llegar a una audiencia más grande. Sin embargo, la publicidad en los mercados digitales ha dado lugar a nuevas formas de llegar a públicos específicos, permitiendo mejorar la publicidad dirigida, lo que ha impactado directamente en los ingresos por publicidad de los proveedores de televisión tradicional como lo es **TV AZTECA**.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**(d) IMPACTO DEL DECLIVE PUBLICITARIO EN EL MODELO DE NEGOCIO DE TV AZTECA:** El modelo de negocio de **TV AZTECA** se ha sustentado históricamente en la monetización de audiencias mediante la venta de publicidad televisiva.

A diferencia de otros grupos de medios que han diversificado sus fuentes de ingreso —por ejemplo, mediante suscripciones a servicios de streaming— la empresa mantiene una dependencia significativa de los ingresos publicitarios tradicionales.

Esto implica que cualquier contracción en el mercado publicitario impacta directamente su capacidad de generar flujo operativo.

Dicho ello, la fragmentación de audiencias ha reducido el valor relativo del rating televisivo como indicador comercial.

Durante muchos años la televisión abierta ofrecía a los anunciantes la posibilidad de alcanzar audiencias masivas de forma simultánea. Hoy las campañas digitales permiten llegar a públicos específicos con mayor precisión.

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353530
12/02/30 22:02:18

En consecuencia, los precios efectivos de los espacios publicitarios televisivos han enfrentado presiones a la baja, especialmente en segmentos demográficos más jóvenes.

La industria de la Televisión Abierta a nivel mundial ha tenido una caída anual de 4% (cuatro por ciento) en los últimos años, durante el periodo Covid la industria cayó un 30% (treinta por ciento). La industria en México en términos reales no ha recuperado aún los niveles prepandemia.

**(e) FACTORES OPERATIVOS EXTERNOS QUE AFECTAN LA RENTABILIDAD:** Entre otros factores, el aumento en costos de contenido, la volatilidad del mercado publicitario y la contracción del gasto gubernamental en el mercado publicitario han sido un factor importante en el declive de la situación financiera de **TV AZTECA**, como se explica a continuación:

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

<u>(a) Aumento en los costos de contenido.</u>

El entorno competitivo del sector audiovisual también ha cambiado en términos de costos. Las plataformas digitales globales han incrementado de forma considerable su inversión en contenido original, lo que ha elevado los costos asociados a talento creativo, derechos de transmisión y producción audiovisual.

Para las empresas de televisión abierta – *como lo es TV AZTECA* – competir por audiencias implica mantener niveles relevantes de inversión en contenido, ya sean películas o eventos deportivos relevantes, lo que presiona los márgenes cuando los ingresos publicitarios no crecen al mismo ritmo.

También el costo de producción de contenido propio se ha incrementado en los últimos años por efectos inflacionarios de 2018 a 2025 la inflación aumentó un 38.8% (treinta y ocho punto ocho por ciento) en el periodo.

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233333530
12/02/30 22:02:18

(b) Volatilidad del Mercado Publicitario.

El gasto en publicidad suele reaccionar con rapidez a los ciclos económicos, es una es una de las partidas presupuestarias con mayor sensibilidad cíclica dentro de las estructuras de costos corporativos.

Desde una perspectiva macroeconómica, el *advertising spend* tiende a comportarse como un gasto discrecional procíclico: durante fases de expansión económica, las empresas incrementan sus inversiones en medios para capturar demanda y ganar participación de mercado, mientras que, en periodos de contracción o desaceleración, los presupuestos de publicidad y/o *marketing* suelen ser de los primeros en sufrir recortes, al ser percibidos como costos variables prescindibles en el corto plazo. Esto afecta directamente a los medios cuya principal fuente de ingresos es la publicidad.

Para los medios de comunicación cuyo modelo de negocio depende mayoritariamente de los ingresos por publicidad —televisión abierta, radio, prensa— esta dinámica implica una exposición estructural a la volatilidad del ciclo económico, trasladando directamente las fluctuaciones de la actividad empresarial hacia sus líneas de ingresos.

En el caso particular de **TV AZTECA**, esta vulnerabilidad cíclica se ve amplificada por las transformaciones estructurales profundas que atraviesa la industria televisiva a nivel global y doméstico. La migración acelerada de las audiencias hacia plataformas de *streaming* y contenidos digitales ha fragmentado el *share* de atención, erosionando el poder de fijación de precios en los espacios publicitarios tradicionales.

Simultáneamente, los anunciantes han reorientado crecientes fracciones de sus presupuestos hacia canales digitales de rendimiento medible —*programmatic advertising*, redes sociales, *search*— que ofrecen mayor granularidad en la segmentación y métricas de retorno sobre inversión más precisas. La confluencia de estos factores estructurales con un entorno macroeconómico desfavorable genera un efecto multiplicador sobre la volatilidad de los

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

ingresos comerciales de la compañía, comprometiendo tanto el volumen como el precio promedio de los *spots* contratados.

Este deterioro del entorno de demanda publicitaria se enmarca en un contexto de estancamiento económico sostenido. En términos reales, el PIB de México registró una tasa de crecimiento promedio anual de apenas 0.77% durante el periodo comprendido entre 2018 y 2025, una expansión insuficiente para sostener el dinamismo del mercado publicitario.

En un entorno de baja expansión del ingreso disponible y cautela empresarial generalizada, las decisiones de inversión en publicidad se contraen o se postergan, reduciendo el tamaño efectivo del mercado al que **TV AZTECA** —y los medios tradicionales en general— tienen acceso para monetizar sus audiencias.

(c) Contracción del gasto gubernamental en el mercado publicitario.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

A partir de 2018, el gobierno mexicano implementó una política de austeridad como eje rector de su estrategia de consolidación del gasto público, bajo la premisa de eliminar dispendios considerados superfluos dentro del presupuesto gubernamental.

Dentro de este marco de racionalización del gasto corriente, la inversión publicitaria del Estado fue identificada como una de las partidas de mayor opacidad y menor justificación técnica, lo que derivó en recortes sistemáticos y sostenidos a lo largo del sexenio.

Esta decisión de política pública tuvo implicaciones directas y cuantificables sobre los ingresos de los medios de comunicación tradicionales, dado que históricamente el gobierno mexicano había representado uno de los anunciantes más relevantes del ecosistema mediático nacional, destinando recursos presupuestarios considerables a la contratación de espacios en televisión abierta, radio y prensa como mecanismo de comunicación institucional.

La magnitud del ajuste resulta significativa desde una perspectiva financiera y sectorial: se estima que el gasto gubernamental en publicidad acumuló una caída de

LUCIA NORIEGA CAMPOS
303030303130303030303037323234323233530
12/02/30 22:02:18

aproximadamente 36% en términos reales durante el periodo comprendido entre 2019 y 2024, lo que representa una contracción estructural y no meramente coyuntural de una fuente de ingresos que durante décadas operó como un flujo relativamente estable y predecible para los medios concesionados.

Para empresas como **TV AZTECA**, cuya base de ingresos comerciales ya enfrentaba presiones derivadas de la fragmentación de audiencias y la reorientación del *adspend* corporativo hacia plataformas digitales, la retirada del Estado como anunciante de gran escala actuó como un choque de demanda adicional, reduciendo el volumen total de inversión publicitaria disponible en el mercado de televisión abierta y acentuando la presión sobre sus tarifas y niveles de ocupación de inventario publicitario.

**(f) CONTRACCIÓN DE LA ECONOMÍA MUNDIAL Y NACIONAL:** La economía de México es vulnerable a los ciclos económicos y a las desaceleraciones en la economía de los Estados Unidos y en cualquier parte del mundo.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

La problemática financiera o un aumento en los riesgos relacionados con la inversión en economías emergentes podrían limitar la inversión extranjera en México y afectar adversamente la economía mexicana.

A pesar de que México, Estados Unidos y otros gobiernos han tomado medidas para incrementar liquidez en los mercados financieros, no puede existir ninguna seguridad respecto a que esas medidas lleven al entorno empresarial general en el que **TV AZTECA** opera a un crecimiento sostenido y **TV AZTECA** no puede predecir el impacto que cualquier crisis económica en el futuro pueda tener en los resultados de operación y condición financiera de **TV AZTECA.**

Por ejemplo, la demanda de publicidad puede decrecer, por una parte, porque los consumidores pueden reducir sus gastos en productos que se anuncian en **TV AZTECA** y, por otra parte, porque los anunciantes puedan reducir los gastos de publicidad. Adicionalmente, la demanda de consumidores generalmente decrece durante las crisis económicas.

LUCIA NORIEGA CAMPOS
30303030313030303030303037323234323233533530
12/02/30 22:02:18

**(g) INFLACIÓN Y TASAS DE INTERES:** Las disminuciones en el crecimiento de la economía mexicana, las altas tasas de inflación y las altas tasas de interés en México, en su caso, han tenido un efecto adverso sobre las operaciones de **TV AZTECA**. Entre más lento sea el crecimiento de la economía mexicana, más lento es el crecimiento del gasto en publicidad. Si la inflación en México registra niveles elevados y el crecimiento económico se vuelve lento, los resultados de operación de **TV AZTECA**, su situación financiera y el precio de mercado de sus valores se ven afectados.

Cualquier fluctuación desfavorable en las tasas de interés tiene un efecto adverso sobre **TV AZTECA**, debido a que la cantidad de intereses adeudados puede aumentar con respecto a sus pasivos y adeudos actuales y futuros.

Por su parte, cualquier aumento importante en la tasa de inflación en México podría afectar adversamente la situación financiera y los resultados de operación de **TV AZTECA** ya que la inflación podría dañar el poder adquisitivo del consumidor, que a su vez puede perjudicar la capacidad de los anunciantes de **TV AZTECA** para adquirir tiempo publicitario en sus canales.

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

**(h) CONVERGENCIA DE FACTORES QUE EXPLICAN EL DETERIORO FINANCIERO:** Así, el deterioro financiero de **TV AZTECA** es resultado de la convergencia de varios factores:

- Transformación estructural de la industria de medios y fragmentación de audiencias.
- Migración del gasto publicitario hacia plataformas digitales.
- Dependencia significativa de ingresos provenientes de publicidad televisiva.
- Incremento en costos de producción y adquisición de contenidos.
- Volatilidad del mercado publicitario asociada a ciclos económicos.
- Obligaciones financieras relevantes en moneda extranjera.
- Procesos complejos de negociación con acreedores.

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

En conjunto, estos elementos han afectado la capacidad de la empresa para generar el flujo de efectivo necesario para atender sus compromisos financieros.

En este contexto, el concurso mercantil y una reestructura ordenada de pasivos, bajo supervisión judicial, puede permitir a la empresa ajustar sus obligaciones financieras a las condiciones actuales del mercado y del sector de medios.

El objetivo es restablecer un equilibrio entre la capacidad de generación de flujo de la empresa y sus obligaciones financieras, preservando al mismo tiempo la continuidad de sus operaciones y el valor económico del negocio.

El deterioro financiero de **TV AZTECA** debe entenderse dentro de un contexto más amplio de transformación de la industria de medios y de cambios relevantes en el mercado publicitario.

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

La combinación de estas tendencias sectoriales con presiones financieras específicas ha afectado la estabilidad económica de la empresa.

Ante este escenario, el concurso mercantil aparece como una vía institucional idónea y necesaria para ordenar la reestructura de pasivos y permitir que la empresa se adapte a las nuevas condiciones del mercado.

## (E) SITUACIÓN FINANCIERA DE TV AZTECA.

**51.- TV AZTECA** ha implementado acciones y estrategias para gestionar las consecuencias económicas ocasionadas, por los diversos eventos macroeconómicos que han afectado su situación financiera, sin embargo, dichas medidas no han sido suficientes para lograr una mejoría en las finanzas de la sociedad. Algunas de dichas acciones fueron las siguientes:

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233535 30
12/02/30 22:02:18

**(i)** La adopción de iniciativas de ahorro de costos y gastos incluyen la creación de un Comité de Costos con la finalidad de mejorar los márgenes de utilidad, actualmente todas las producciones y nuevos proyectos pasan por un análisis detallado de rentabilidad antes de autorizar su ejecución.

**(ii)** Aplazamiento de proyectos de capital no esenciales;

**(iii)** Revisión y evaluación del costo-beneficio de los contratos de derechos de exhibición que se mantienen suscritos;

**(iv)** Diseño de incentivos a la fuerza de ventas para llevar a cabo los esfuerzos necesarios para retener clientes e incrementar la demanda de espacios publicitarios, se generó un incremento en las comisiones sobre ventas;

**(v)** Al evaluar los valores razonables de los activos y pasivos, así como su deterioro, la compañía consideró el grado de incertidumbre en el entorno económico al aplicar los datos y supuestos en los modelos seleccionados; y

**(vi)** Renegociación de los contratos de arrendamiento de inmuebles, resultando algunas bajas y diferimiento en los flujos.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**52.-** No obstante las medidas enunciadas con anterioridad, la Situación Financiera de **TV AZTECA** no ha mejorado y le ha sido imposible generar suficiente flujo de efectivo para pagar el monto principal, intereses y otras cantidades adeudadas a diversos de sus acreedores; siendo que no existe garantía de que las condiciones de mercado permitirán a **TV AZTECA** refinanciar sus adeudos vencidos sin un proceso de reestructura judicial.

**53.-** Como se ha anticipado, la transmisión televisiva en México es altamente competitiva y la popularidad de los programas de televisión es un factor importante en las ventas de publicidad *–principal fuente de ingresos de TV AZTECA –*, el cual es fácilmente susceptible a cambios.

**54.- TV AZTECA** ya no solo se enfrenta a la competencia que le importan otros proveedores de televisión tradicionales como lo son "Televisa" o "Imagen TV", sino que también compiten *– por audiencias, publicidad y contenidos –*:

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**(i)** Los Proveedores de televisión por cable, como lo es "*Dish Mexico*"; "*TotalPlay*" o "*Megacable*";

**(ii)** Servicios de Satélite Directo al Hogar (por sus siglas en inglés servicios "DTH"), como lo es "*SKY*"; "*StarTV*" o "*VeTV*";

**(iii)** las ya consolidadas plataformas de streaming "*Over The Top*", como lo son "*Netflix*", "*Amazon Prime Video*" o "*Disney+*", entre otras.

**(iv)** otros medios de comunicación, tales como, radio, espectaculares, periódicos, revistas e Internet.

**55.-** El mayor competidor de **TV AZTECA** en el mercado de la televisión abierta generó la mayor parte de las ventas de publicidad en televisión mexicana en cada uno de los tres últimos años, debido en parte a que cuenta con más antigüedad en la industria de la televisión y con mayores recursos en comparación con **TV AZTECA.**

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**56.- TV AZTECA** no puede asegurar que mantendrá o mejorará su participación en el mercado mexicano de publicidad en televisión en el futuro, ni puede asegurar que sus costos para obtener programación y contratar personal de producción y creativo a través de sus subsidiarias y/o de empresas terceras no relacionadas con **TV AZTECA,** o los precios a los que **TV AZTECA** vende tiempo publicitario, no se vean afectados de manera adversa por la competencia.

**57.-** Los sistemas de distribución de televisión por cable y servicios de satélite directo al hogar ("DTH") representan, hoy en día, una fuerte competencia para las ventas de publicidad, audiencias y derechos de programas de **TV AZTECA.**

**58.- TV AZTECA** no puede asegurar que los servicios de televisión de paga no obtendrán una participación más importante de los televidentes mexicanos y del mercado de publicidad en televisión en el futuro.

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**59.-** El endeudamiento actual de **TV AZTECA,** ha traído consecuencias negativas en cuanto a su operación y viabilidad como negocio, tales como las siguientes:

a) requerir la utilización de una parte sustancial de su flujo de efectivo para pagar su deuda, reduciendo el flujo de efectivo disponible para otros fines, incluyendo inversiones de capital, esfuerzos de comercialización, planes de crecimiento futuro y distribuciones pagaderas a sus accionistas;

b) limitar su capacidad para obtener financiamiento adicional o refinanciar su deuda existente;

c) colocar a **TV AZTECA** en una desventaja relativa a competidores con menores niveles de deuda y competidores con mayor acceso a recursos de capital;

d) aumentar su vulnerabilidad a menor dinamismo en sus operaciones o la economía mexicana en general; y

e) limitar su capacidad para continuar con distribuciones en efectivo a sus accionistas.

**60.-** Todo lo narrado en el presente capítulo, entre otras cosas, ocasionó que **TV AZTECA** no cuente con la capacidad económica para hacer frente a sus obligaciones pecuniarias y afrontar o pagar los pasivos que registra financieramente en los términos y condiciones en que fueron pactados, pues de hacerlo – *sin un proceso judicial de reestructura* – la misma sería inviable, tanto económica, como operativamente. Dichas causas llevaron a **TV AZTECA** al estado de incumplimiento en que se encuentra.

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/20 22:02:18

**61.-** Por todo lo anterior, es que se solicita la declaración de Concurso Mercantil en etapa de conciliación a efecto de que **TV AZTECA** pueda continuar con su operación ordinaria y viabilidad, mientras lleva a cabo una reestructura ordenada bajo la **LCM.**

**62.-** Algunos de los pasivos vencidos más relevantes y significativos de **TV AZTECA** se describen detalladamente a continuación:

(a) BONOS PREFERENTES CON VENCIMIENTO AL 9 DE AGOSTO DE 2024.

**63.-** El día 9 de agosto de 2017, **TV AZTECA** – *en su calidad de Emisora* – sus Subsidiarias – *en su calidad de Garantes Subsidiarios* –, THE BANK OF NEW YORK

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323335 30
12/02/30 22:02:18

MELLON – *en su calidad de Fiduciario* – y THE BANK OF NEW YORK MELLON, LONDON BRANCH – *en su calidad de Agente de Pago Principal* – celebraron un Contrato de Emisión, cuyo objeto principal fue el financiamiento de **TV AZTECA** por la cantidad de USD $400´000,000.00 (Cuatrocientos millones de dólares 00/100 USCy) a través de la emisión de bonos preferentes con vencimiento al día 9 de agosto de 2024 (en lo sucesivo el "Contrato de Emisión").

Dicho Contrato de Emisión fue suscrito además de **TV AZTECA** como emisora de los bonos, por, entre otras, las siguientes empresas como obligadas solidarias: **(I) AZTECA NOVELAS II, S.A.P.I. DE C.V.; (II) EQUIPO DE FÚTBOL MAZATLÁN, S.A. DE C.V.; (III) INMOBILIARIA ROCA DEL PEDREGAL, S.A. DE C.V. (ANTES TELEVISIÓN AZTECA II, S.A. DE C.V.); (IV) LASIMEX, S.A. DE C.V.; (V) OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; (VI) PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; (VII) PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; (VIII) PRODUCCIONES DOPAMINA, S.A. DE C.V.; (IX) PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; (X) SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; (XI) SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; (XII) TELEVISIÓN AZTECA III, S.A. DE C.V.** y **(XIII) TELEVISORA DEL VALLE DE MÉXICO, S.A.P.I. DE C.V.**

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

**64.- TV AZTECA** se obligó, entre otras cosas, a pagar a los Tenedores de los Bonos Preferentes intereses a razón de una tasa anual del 8.250 % (ocho punto doscientos cincuenta por ciento) sobre la suma principal de cada bono, los días 9 de agosto y 9 de febrero de cada año, a partir de la fecha suscripción de cada uno de los bonos emitidos desde la fecha de suscripción del Contrato de Emisión.

**65.-** El día 9 de agosto de 2024, se actualizó el vencimiento natural de la obligación de pago de los bonos al amparo del Contrato de Emisión, sin que **TV AZTECA** y sus subsidiarias firmantes tuvieran la capacidad financiera y económica para hacer frente a las obligaciones asumidas en términos de dicho contrato.

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233333530
12/02/30 22:02:18

**66.-** Así, al 31 de enero de 2026, **TV AZTECA** - *como emisora y obligada principal* - adeuda a los Tenedores de Bonos emitidos al amparo del Contrato de Emisión la cantidad de USD $532,000,000.00 (Quinientos treinta y dos millones de dólares 00/100 USD), cifra que en pesos - *al tipo de cambio 17.2532 para solventar obligaciones denominadas en dólares de los EE.UU.A. publicado por el Banco de México con fecha del 31 de enero 2026* - asciende a la cantidad de $9,178,702,400.00 (Nueve mil ciento setenta y ocho millones setecientos dos mil cuatrocientos pesos 00/100 M.N.).

Dichos pasivos vencidos representan, al menos, el 36.92% (por ciento) del pasivo total de **TV AZTECA**, mismo que tiene mucho más de 30 (treinta) días de haber vencido.

## CAPÍTULO IV

## MANIFESTACIÓN DE INCUMPLIMIENTO GENERALIZADO EN EL PAGO DE OBLIGACIONES

*(Formato LP 2/20/Sección 2)*

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232323333530
12/02/30 22:02:18

**67.- TV AZTECA**, con base en su información financiera, manifiesta que, al día de la presentación de la presente solicitud, se encuentra en incumplimiento generalizado en el pago de sus obligaciones, ubicándose específicamente en el supuesto consignado en el artículo 10 fracción I de la **LCM**.

**68.- TV AZTECA** manifiesta que ha incumplido sus obligaciones de pago frente a dos o más acreedores distintos, cuyas obligaciones tienen por lo menos 30 (treinta) días de haber vencido y representan, al menos, el 35% (treinta y cinco por ciento) de todas las obligaciones a su cargo. A continuación, me permito evidenciar lo anterior:

(a) **TV AZTECA** ha incumplido sus obligaciones de pago a dos o más acreedores distintos;

(b) Las obligaciones a cargo de **TV AZTECA** y/o sus pasivos al 31 de enero de 2026, ascienden a la cantidad total de $24,858´585,289.00 (Veinticuatro mil ochocientos cincuenta y ocho millones quinientos ochenta y cinco mil doscientos ochenta y nueve pesos 00/100 M.N.).

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**(c)** Tiene obligaciones vencidas – *por más de treinta días* – por la cantidad total de $15,034´803,165.00 (Quince mil treinta y cuatro millones ochocientos tres mil ciento sesenta y cinco pesos 00/100 M.N.).

**(d)** Las obligaciones vencidas – *por más de treinta días* – representan más del 35% (treinta y cinco por ciento) de todas las obligaciones a cargo de **TV AZTECA,** de hecho, representan aproximadamente el 60% (sesenta por ciento) de sus obligaciones.

**69.-** No obstante que **TV AZTECA** ya se ubica en los supuestos previstos por el artículo 10 de la Ley de Concursos Mercantiles, al actualizarse el incumplimiento generalizado en el pago de sus obligaciones conforme a los parámetros objetivos establecidos en dicho precepto, resulta relevante señalar, bajo formal protesta de decir verdad, que la situación financiera actual de la Comerciante evidencia, además, un escenario de incumplimiento próximo respecto de obligaciones adicionales.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**70.-** En efecto, de la revisión de los flujos proyectados, posición de liquidez, calendario de vencimientos y estructura de pasivos, se advierte que la Sociedad carece de capacidad real y suficiente para hacer frente oportunamente a diversas obligaciones, lo cual permite anticipar razonablemente un agravamiento del incumplimiento generalizado ya existente.

Particularmente, en el corto plazo vencerán obligaciones como las contraídas con ALTER BANK LTD, cuyo crédito fue indispensable para poder hacer frente a la contingencia fiscal a que se ha referido en párrafos que preceden y cuyas características se identifican en párrafos subsecuentes.

**71.-** Como ya se dijo, con fecha 29 de enero de 2026, ALTER BANK LTD, como agente estructurador ("*arranger*"), acreditante inicial ("*initial lender*"), agente administrativo ("*administrative agent*") y agente de garantías ("*collateral agent*"); y **TV AZTECA**, como acreditado ("*borrower*"), celebraron un Contrato de Apertura de Crédito Simple ("*loan agreement*") por la cantidad de hasta $5,000,000,000.00 (cinco mil millones de pesos 00/100,

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

moneda de curso legal de los Estados Unidos Mexicanos) (en los sucesivo y por economía procesal el "Crédito ALTER").

Dicho Crédito ALTER fue adquirido por la compañía como financiamiento adicional y urgente para atender el pasivo fiscal y mitigar el riesgo de paralización operativa, como se refirió en líneas anteriores.

**72.-** Con fecha 06 de marzo de 2026, ALTER BANK LTD, como agente estructurador ("*arranger*"), acreditante inicial ("*initial lender*"), agente administrativo ("*administrative agent*") y agente de garantías ("*collateral agent*"); y **TV AZTECA**, como acreditado ("*borrower*"), celebraron un convenio modificatorio y de reexpresión al Contrato de Crédito.

**73.-** Dicho pasivo representa, aproximadamente el 16% (dieciséis por ciento) del pasivo total de **TV AZTECA.**

LUCIA NORIEGA CAMPOS
303030303130303030303037323234323233530
12/02/30 22:02:18

**74.-** La falta de liquidez estructural, aunada a la ausencia de fuentes de financiamiento disponibles y a la presión de pasivos exigibles, genera una probabilidad objetiva, real y no meramente hipotética de incumplimiento respecto de dichas obligaciones.

**75.-** Este riesgo inminente no constituye una conjetura, sino una consecuencia directa de: (i) la insuficiencia de flujo operativo; (ii) la restricción en líneas de crédito; (iii) la aceleración o potencial aceleración de obligaciones financieras; y (iv) la imposibilidad material de refinanciar pasivos en condiciones ordinarias de mercado.

**76.-** Así, la promoción del presente procedimiento concursal no sólo responde a la actualización formal de los supuestos del artículo 10 de la Ley de Concursos Mercantiles, sino también a la necesidad urgente de evitar un deterioro mayor del patrimonio social, preservar la empresa como unidad productiva y garantizar un tratamiento ordenado, colectivo y equitativo frente a la totalidad de sus acreedores.

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

**77.-** En este contexto, la inminencia de nuevos incumplimientos refuerza la procedencia y necesidad del concurso mercantil como mecanismo de tutela preventiva del equilibrio entre la Comerciante y sus acreedores, evitando ejecuciones individuales que pudieran agravar la insolvencia.

## CAPÍTULO V

### ESTADOS FINANCIEROS DEL COMERCIANTE
*(Formato LP 2/20/Anexo 1)*

**78.- TV AZTECA** en cumplimiento a lo dispuesto por la fracción I del artículo 20 de la **LCM** exhibe sus Estados Financieros, desde el año 2022 y a la fecha, adjuntando al formato *LP 2/20/Anexo 1,* lo siguiente:

**(a)** Estados Financieros Auditados e Informe de Auditor Independiente (Salles, Sainz – Grant Thornton, S.C.) del ejercicio 2022;

**(b)** Estados Financieros Auditados e Informe de Auditor Independiente (Salles, Sainz – Grant Thornton, S.C.) del ejercicio 2023;

**(c)** Estados Financieros Auditados e Informe de Auditor Independiente (Salles, Sainz – Grant Thornton, S.C.) del ejercicio 2024;

**(d)** Estados Financieros (Estado de Situación Financiera y Estado de Resultados) correspondientes al mes de diciembre de 2025; y

**(e)** Estados Financieros (Estado de Situación Financiera y Estado de Resultados) correspondientes al mes de enero de 2026.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**79.- TV AZTECA** aun no cuenta con los Estados Financieros Auditados correspondientes al ejercicio 2025, ello en virtud de que en términos de lo dispuesto por los artículos 104 fracción I de la Ley de Mercado de Valores y 33, fracción I, inciso a) de las Disposiciones de Carácter General Aplicables a las Emisoras de Valores, estos deben ser entregados a más tardar dentro de los 90 días naturales al cierre del ejercicio 2025 – *31 de marzo de 2026* –, por lo anterior es que se exhiben: **(i)** 3 (tres) estados financieros auditados que correspondan a las tres anualidades inmediatas anteriores al del estado financiero no auditado;

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**(ii)** los estados financieros correspondientes al cierre del ejercicio 2025, siendo estos los del mes de diciembre de 2025; y **(iii)** los estados financieros del año en curso al cierre del mes inmediato anterior al de la fecha de presentación de la solicitud.

## CAPÍTULO VI

## PROPUESTA DE CONVENIO PRELIMINAR DE PAGO A ACREEDORES
*(Formato LP 2/20/Anexo 9)*

En términos de lo dispuesto por la fracción VIII del artículo 20 de la **LCM, TV AZTECA** realiza la siguiente Propuesta Preliminar de Pago a sus Acreedores:

La presente propuesta preliminar de convenio concursal constituye un elemento esencial dentro de la estrategia de reestructura financiera integral de **TV AZTECA**, y tiene como propósito fundamental preservar la continuidad de la empresa como unidad productiva en marcha, maximizar el valor económico de sus activos en beneficio de la masa concursal y establecer las bases jurídicas, financieras y operativas que permitan lograr una reestructura ordenada, viable y sostenible de sus pasivos, conforme a lo previsto en la **LCM.**

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233530
12/02/30 22:02:18

En este sentido, la propuesta preliminar contempla no únicamente la reestructura de los pasivos existentes, sino también la implementación de mecanismos financieros y corporativos indispensables para restablecer la liquidez, estabilizar la operación ordinaria de la empresa y garantizar la viabilidad futura del negocio, incluyendo la contratación de financiamiento contra la masa, la reestructuración de pasivos existentes mediante quitas, esperas, capitalizaciones, subordinaciones y demás mecanismos legalmente permitidos por la **LCM**, todo ello conforme a la capacidad operativa y financiera real de **TV AZTECA**.

Dicho lo anterior, a continuación se formula la propuesta de convenio preliminar de pago en favor de los acreedores de **TV AZTECA**, el cual estará sujeto a las modificaciones que, en su caso, sean necesarias y convenientes para reflejar: **(i)** la situación financiera, contable y operativa de **TV AZTECA**, considerando la valuación y las adecuaciones requeridas para la implementación de su plan de negocios; **(ii)** las operaciones necesarias para dotar de liquidez y viabilidad operativa a la empresa; y **(iii)** las diversas operaciones y financiamientos a realizarse

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353530
12/02/30 22:02:18

durante el trámite del procedimiento concursal, para conservar la viabilidad de **TV AZTECA** como empresa en marcha:

(a) **Créditos contra la Masa**. A la fecha de presentación de la Solicitud de declaración de concurso mercantil, **TV AZTECA** considera no tener créditos contra la masa, en términos de lo dispuesto por los artículos 75 y 224 de la **LCM**; sin embargo, durante el desarrollo del procedimiento concursal se tiene contemplada la contratación de créditos contra la masa en términos de la **LCM**, mismos que se estima serán esenciales e indispensables para el plan de reestructura de **TV AZTECA** y para preservar el negocio en marcha dentro del curso ordinario.

Dichos financiamientos gozarán de la prelación legal correspondiente y serán destinados exclusivamente a garantizar la continuidad operativa de la empresa, incluyendo el pago de gastos indispensables, capital de trabajo, mantenimiento de infraestructura, producción de contenidos, cumplimiento de obligaciones regulatorias y demás erogaciones necesarias para preservar el valor de la empresa como negocio en marcha.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

(b) **Acreedores singularmente privilegiados**. A la fecha de presentación de la Solicitud de declaración de concurso mercantil, **TV AZTECA** considera no tener acreedores singularmente privilegiados, en términos de lo dispuesto por los artículos 217 y 218 de la Ley de Concursos Mercantiles.

(c) **Créditos laborales**. Las contraprestaciones laborales y de seguridad social en favor de los trabajadores continuarán devengándose y siendo pagadas durante la tramitación del concurso mercantil como gastos ordinarios e indispensables para preservar el negocio en marcha.

(e) **Créditos fiscales**. Se manifiesta, como propuesta preliminar de pago de los créditos fiscales, con o sin garantía real, en su caso, que éstos serán pagados en términos de lo previsto en los artículos 153, 219 y 221 de la Ley de Concursos Mercantiles, conforme a la capacidad operativa y financiera de **TV AZTECA** y al convenio concursal que en su momento sea aprobado.

(f) **Acreedores con garantía real o con vehículos especiales de pago**. Se contempla, como premisa general de la reestructura, el respeto a la subsistencia jurídica de dichos créditos y de las garantías que los respaldan, conforme a los términos originalmente pactados y a la naturaleza propia de los derechos preferentes que les corresponden. No obstante, y en atención a la necesidad de

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323335330
12/02/30 22:02:18

alinear el servicio de dichos pasivos con la capacidad real de generación de flujos de la empresa y asegurar la viabilidad financiera de la Comerciante como negocio en marcha, dichos créditos y las garantías asociadas podrán ser objeto de ajustes razonables y necesarios, incluyendo, de manera enunciativa mas no limitativa, la extensión de plazos de vencimiento, la reprogramación de amortizaciones de principal, la modificación de calendarios de pago de intereses y, en su caso, la implementación de mecanismos de monetización ordenada de las garantías, todo ello conforme a los términos que se acuerden con los acreedores respectivos en el convenio concursal definitivo que se someta a la aprobación de la mayoría requerida de los acreedores reconocidos, en términos de lo previsto por la Ley de Concursos Mercantiles.

(g) **Acreedores con privilegio especial**. A la fecha de presentación de la Solicitud de declaración de concurso mercantil, **TV AZTECA** considera no tener acreedores con privilegio especial.

(h) **Acreedores comunes**. Como propuesta preliminar de pago de los acreedores comunes que sean reconocidos en la Sentencia de Reconocimiento, Graduación y Prelación de Créditos, se prevé que la reestructura y pago de tales créditos se realice mediante una quita sustancial, que podrá alcanzar hasta el 90% (noventa por ciento) del monto reconocido de dichos créditos, reflejando la capacidad real de generación de flujos de la empresa, la naturaleza residual de dichos créditos dentro de la prelación concursal y la necesidad imperiosa de restablecer la viabilidad financiera de **TV AZTECA**.

(i) **Acreedores subordinados**. La propuesta contempla que los acreedores subordinados, incluyendo aquellos derivados de operaciones entre partes relacionadas o sociedades pertenecientes al mismo grupo societario, quedarán sujetos a una subordinación absoluta y efectiva respecto del resto de los acreedores reconocidos, de tal forma que dichos créditos únicamente podrán recibir pago una vez que transcurra el plazo necesario después de que hayan sido íntegramente satisfechos los créditos con mayor prelación conforme a la **LCM** y al convenio concursal que en su momento sea aprobado. Lo anterior resulta consistente con la naturaleza jurídica y económica de dichos créditos, así como con el principio concursal de prelación y con la necesidad de priorizar la continuidad operativa de la empresa.

Se hace notar que la propuesta definitiva de convenio concursal será negociada y suscrita con la mayoría requerida de los acreedores reconocidos conforme a lo dispuesto en el artículo 157 de la Ley de Concursos Mercantiles, y reflejará la situación financiera real de la

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/20 22:02:18

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

empresa, su capacidad operativa, su plan de negocios y las condiciones económicas necesarias para garantizar su viabilidad futura.

De igual forma, **TV AZTECA** continuará realizando el pago de los gastos indispensables para la conservación del negocio en marcha, incluyendo, sin limitar, obligaciones laborales corrientes, agencias, obligaciones regulatorias, costos operativos esenciales, honorarios profesionales necesarios para la reestructura y demás gastos necesarios para preservar el valor de la empresa, en términos de lo dispuesto por los artículos 43, fracción VIII, 75, 224 y demás aplicables de la Ley de Concursos Mercantiles.

Resulta relevante enfatizar que la presente propuesta preliminar se formula con el objetivo primordial de preservar a **TV AZTECA** como empresa en marcha, proteger el valor económico de la masa concursal y maximizar la recuperación para los acreedores en términos reales y los miles de empleos y familias que dependen de la Comerciante, toda vez que cualquier escenario alternativo, incluyendo la liquidación desordenada de la empresa, resultaría en una destrucción sustancial de valor y en una recuperación significativamente menor para la generalidad de sus acreedores.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

En consecuencia, la presente propuesta constituye un mecanismo jurídicamente válido, económicamente necesario y financieramente razonable para lograr la reestructura ordenada de los pasivos de **TV AZTECA**, preservar su viabilidad operativa y garantizar la continuidad de sus operaciones en beneficio de la masa concursal, sus acreedores y el interés público asociado a la continuidad de sus actividades.

## CAPÍTULO VII

### PROPUESTA PRELIMINAR DE CONSERVACIÓN DE LA EMPRESA
*(Formato LP 2/20/Anexo 10)*

En términos de lo dispuesto por la fracción IX del artículo 20 de la **LCM, TV AZTECA** realiza la siguiente Propuesta Preliminar de Conservación de la Empresa:

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

Como elemento estructural del proceso de reorganización financiera y operativa, **TV AZTECA** ha definido un plan integral de estabilización cuyo propósito esencial es preservar la continuidad de sus operaciones de radiodifusión y productor de contenidos audiovisuales, manteniendo la integridad funcional de su plataforma de transmisión, la continuidad ininterrumpida de su programación y la conservación de las relaciones contractuales y operativas que resultan indispensables para la generación y difusión de contenidos. Este proceso se sustenta en la implementación simultánea de medidas corporativas, financieras y operativas destinadas a restablecer el equilibrio económico de la empresa, fortalecer su posición de liquidez y asegurar la continuidad de la prestación de sus servicios, los cuales constituyen el núcleo de su actividad económica y la fuente primaria de generación de valor para la masa concursal.

En ejecución de esta estrategia, **TV AZTECA** ha identificado como elemento crítico la preservación de las relaciones con aquellos proveedores de contenido, productores independientes, casas productoras, titulares de derechos audiovisuales, así como talento artístico, conductores, comentaristas, creativos, personal técnico especializado y demás prestadores de servicios independientes —*incluyendo talento freelance*— cuya participación resulta esencial e insustituible para la producción, continuidad y posicionamiento de sus programas y contenidos. La interrupción de dichas relaciones comprometería directamente la capacidad de la empresa para generar y transmitir contenidos, afectando de manera inmediata sus flujos operativos, su posición comercial y, en consecuencia, el valor económico de la masa concursal. Por ello, como parte del proceso de conservación del negocio en marcha, **TV AZTECA** implementará las medidas necesarias para asegurar la continuidad de dichas relaciones, incluyendo, en su caso, el cumplimiento oportuno de obligaciones corrientes y la adopción de esquemas contractuales que permitan garantizar la permanencia de dichos proveedores y talento esencial durante el procedimiento concursal.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

De igual forma, la estrategia de reorganización contempla la adecuación ordenada de la estructura financiera de la empresa a su capacidad real de generación de flujos, el fortalecimiento de los mecanismos de administración de efectivo, la preservación de los activos esenciales para la transmisión, producción y comercialización de contenidos, así como la obtención de financiamiento durante el procedimiento concursal en términos de la **LCM**, el

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/30 22:02:18

cual permitirá garantizar la continuidad de la operación ordinaria del negocio, incluyendo la producción y transmisión de contenidos y el cumplimiento de obligaciones indispensables para la operación. Asimismo, se prevé la implementación de mecanismos para la optimización del uso de activos, incluyendo la desinversión selectiva de activos no estratégicos y la reorganización de ciertas unidades operativas, con el objetivo de concentrar recursos en aquellas áreas que constituyen el núcleo del modelo de negocio de **TV AZTECA**.

Como parte de este proceso, la empresa ha adoptado medidas específicas orientadas a garantizar la continuidad de su operación mediante la revisión y, en su caso, renegociación de acuerdos comerciales relevantes, la priorización de obligaciones indispensables para la continuidad de la transmisión, la optimización de los costos asociados a la producción y adquisición de contenidos, y el fortalecimiento de la eficiencia operativa en sus procesos de programación, producción y distribución. Estas medidas se implementan bajo el principio de preservar la capacidad operativa de la empresa como negocio en marcha y evitar cualquier interrupción que pudiera afectar la continuidad del servicio de radiodifusión.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

De manera paralela, se han implementado acciones orientadas a fortalecer la eficiencia organizacional de la empresa, mediante la simplificación de su estructura operativa, la redefinición de funciones dentro de su estructura directiva y la implementación de controles corporativos orientados a mejorar la toma de decisiones financieras y operativas. Asimismo, se han adoptado medidas encaminadas a racionalizar su estructura de costos, incluyendo la reducción de gastos no esenciales, la revisión de contratos que no resultan indispensables para la continuidad de la operación y la optimización del uso de recursos en aquellas áreas directamente vinculadas con la generación de ingresos.

Las acciones descritas tienen como finalidad primordial preservar la continuidad operativa de **TV AZTECA**, asegurar la generación sostenida de contenidos, mantener la integridad de sus relaciones comerciales esenciales y proteger el valor económico de la empresa como negocio en marcha, en beneficio de la masa concursal y de la generalidad de sus acreedores. En este contexto, la presente Solicitud se formula como parte de un proceso integral orientado a estabilizar la situación financiera de la empresa, preservar su viabilidad operativa y

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

sentar las bases para su recuperación sostenible, sin perjuicio de que los términos definitivos de la reestructura financiera sean objeto de negociación durante la etapa de conciliación y se formalicen en el convenio concursal que, en su oportunidad, será sometido a la aprobación de la mayoría de los acreedores reconocidos, en términos de lo dispuesto por la **LCM.**

## CAPÍTULO VIII

## OFRECIMIENTO DE OTORGAR LA GARANTÍA A QUE SE REFIERE EL ARTÍCULO 24 DE LA LCM.

*(Formato LP 2/20/Anexo 7)*

Con fundamento en lo dispuesto por los artículos 20, fracción VI, 23, fracción II y 24 de la **LCM**, desde ahora mi representada ofrece otorgar irrevocablemente, dentro de los tres días siguientes a la notificación de la admisión de la presente solicitud, la garantía de los honorarios del visitador por un monto equivalente a 1,500 (mil quinientos) días de salario mínimo vigente en el Distrito Federal (hoy Ciudad de México).

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233530
12/02/30 22:02:18

Con independencia de lo anterior, se hace del conocimiento de su Señoría que la Primera Sala de la Suprema Corte de la Justicia de la Nación declaró inconstitucional lo dispuesto por el artículo 24 de la **LCM** al establecer que el auto admisorio de la solicitud o demanda de concurso mercantil dejará de surtir sus efectos si el actor no garantiza los honorarios del visitador, dentro de los tres días siguientes a la fecha en que se le notifique dicho auto, pues ello viola la garantía de acceso a la justicia.

Para mayor prontitud en su consulta me permito transcribir el criterio en comento:

Época: Novena Época
Registro: 170369
Instancia: PRIMERA SALA
Tipo Tesis: Tesis Aislada
Fuente: Semanario Judicial de la Federación y su Gaceta
Localización: Tomo XXVII, Febrero de 2008
Materia(s): Constitucional,Civil
Tesis: 1a. VI/2008
Pág. 481

[TA]; 9a. Época; 1a. Sala; S.J.F. y su Gaceta; Tomo XXVII, Febrero de 2008; Pág. 481

**CONCURSOS MERCANTILES. EL ARTÍCULO 24 DE LA LEY RELATIVA VIOLA LA GARANTÍA DE**

LUCIA NORIEGA CAMPOS
30303030313030303030303732323432323333530
12/02/30 22:02:18

**ACCESO A LA JUSTICIA.** El artículo 17 de la Constitución Política de los Estados Unidos Mexicanos prohíbe, por un lado, que los gobernados sean obligados a retribuir a los servidores públicos encargados de administrar justicia y, por otro, que se imponga algún pago a quienes acuden a solicitar justicia a los órganos jurisdiccionales, como condición para la admisión de su pretensión. Así, la mencionada prohibición constitucional se extiende a los supuestos en los que el derecho de acceso a la justicia se supedite a la realización de cualquier acto que implique una erogación para el gobernado, pues el servicio de administración de justicia debe ser gratuito. Por tanto, el artículo 24 de la Ley de Concursos Mercantiles, al establecer que el auto admisorio de la solicitud o demanda de concurso mercantil dejará de surtir sus efectos si el actor no garantiza los honorarios del visitador, dentro de los tres días siguientes a la fecha en que se le notifique dicho auto, viola la garantía de acceso a la justicia contenida en el citado precepto constitucional, toda vez que la obligación de garantizar los honorarios señalados no debe constituir una condición para desempeñar la función jurisdiccional, sino solamente una carga para quien solicita la declaración de concurso mercantil, conforme al artículo 28 de la Ley indicada.

## PROVIDENCIAS PRECAUTORIAS

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/20 22:02:18

Con fundamento en los artículos 7, 8, 25, 26, 37, 38, 43 y demás relativos y aplicables de la Ley de Concursos Mercantiles, así como en los artículos 1168 y correlativos del Código de Comercio (de aplicación supletoria), y en observancia de los artículos 14 y 16 constitucionales, solicito se decreten las siguientes providencias precautorias, mismas que se deberán mantener vigentes durante todo el procedimiento de concurso mercantil y que son necesarias e idóneas para preservar la Masa y asegurar la eficacia del procedimiento:

**1.-** La suspensión inmediata de todo procedimiento de ejecución, embargo, aseguramiento, intervención y/o providencia precautoria en contra los bienes y derechos de **TV AZTECA**, en aras de preservar la masa concursal y salvaguardar la continuidad de las operaciones de la Comerciante como negocio en marcha y como una unidad productiva.

**2.-** La suspensión de todos los efectos de los embargos actualmente trabados sobre los bienes y derechos de **TV AZTECA,** lo anterior en términos de lo dispuesto por el artículo 37, fracción VIII de la **LCM** y al tratarse de una medida de naturaleza análoga a la solicitada en el párrafo que precede.

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353530
12/02/30 22:02:18

**3.-** La suspensión inmediata de todo procedimiento de ejecución, actual o futuro, de cualquier obligación, garantía y/o gravamen suscrito por **TV AZTECA** y/o cualquier tercero en su favor, lo anterior para garantizar la viabilidad del procedimiento concursal y el negocio de la Comerciante como una unidad productiva, evitando que determinados acreedores obtengan ventajas indebidas en perjuicio de la universalidad de los acreedores.

**4.-** La suspensión inmediata de cualquier Procedimiento Administrativo de Ejecución actual o futuro en contra de **TV AZTECA**, incluyendo, sin limitar, aquellos derivados de créditos fiscales, aseguramientos, embargos administrativos, intervenciones con cargo a caja o cualquier acto de ejecución fiscal.

Lo anterior, con fundamento en el artículo 11 de la Ley de Concursos Mercantiles, a fin de preservar la integridad de la masa concursal y evitar la afectación irreversible de los activos esenciales para la operación ordinaria de la Comerciante.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343233353530
12/02/30 22:02:18

**5.-** La prohibición a **TV AZTECA** de hacer pagos a sus acreedores o de terceros, obligados solidarios, avalistas y garantes, respecto de obligaciones vencidas con anterioridad a la fecha de admisión de la presente solicitud de concurso mercantil o por vencerse, debiendo excluirse aquellos pagos y gastos indispensables para mantener la operación ordinaria de la empresa.

**6.-** La prohibición de suspender, revocar, rescindir, terminar y/o cancelar contratos, preparatorios o definitivos, pendientes de ejecución de los que sea parte **TV AZTECA** o cualquiera de sus entidades afiliadas o subsidiarias con las que se lleva a cabo sus operaciones ordinarias al tratarse de un mismo ente económico, hasta en tanto el Conciliador -*que sea designado* – se oponga o no a su cumplimiento en términos de lo dispuesto por los artículos 25, 26, 91 y 92 de la **LCM**.

**7.-** La orden de tener como no puesta cualquier estipulación contractual en los actos jurídicos en los que **TV AZTECA** sea parte, que, con motivo de la presentación de una solicitud o demanda de concurso mercantil, o de su declaración, establezca modificaciones que

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

agraven para el Comerciante los términos de los contratos, lo anterior en términos de lo dispuesto por el artículo 87 de la **LCM**.

**8.-** La prohibición de suspender, revocar, rescindir, cancelar, modificar, limitar o afectar, total o parcialmente, cualquier concesión, permiso, licencia, autorización, registro, inscripción, título habilitante o cualquier otro derecho otorgado a favor de **TV AZTECA** o cualquiera de sus entidades afiliadas o subsidiarias con las que se lleva a cabo sus operaciones ordinarias al tratarse de un mismo ente económico y que guarde relación con la operación ordinaria de la Comerciante, asegurando su continuidad como negocio en marcha y unidad productiva.

**9.-** La suspensión de cualquier procedimiento, judicial, administrativo, contractual o extracontractual, que tenga por objeto privar a **TV AZTECA**, y sus respectivas subsidiarias, al tratarse de un mismo ente económico, del uso, disfrute o ejercicio de cualquier derecho, bien o activo, de cualquier naturaleza, o restringirle su uso o ejercicio, lo anterior para garantizar la viabilidad del procedimiento concursal y el negocio de la Comerciante como una unidad productiva.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**10.-** La prohibición a todas y cada una de las Instituciones Financieras del país en las que **TV AZTECA** mantenga cuentas aperturadas de transferir, disponer, embargar, detener, descontar, deducir, retener, compensar y/o utilizar los recursos que se encuentren administrados en dichas cuentas o sean parte del patrimonio en dichas cuentas, en aras de preservar la masa concursal y salvaguardar la continuidad de las operaciones de la Comerciante como negocio en marcha y como una unidad productiva.

**11.-** La suspensión de todo procedimiento de ejecución contra los bienes y/o derechos de la Comerciante, en específico cualquier acto tendiente a hacer efectiva la Standby Letter of Credit (SBLC) emitida por el Banco Nacional de Comercio Exterior, S.N.C., Institución de Banca de Desarrollo (BANCOMEXT), por orden y cuenta de TV Azteca, S.A.B. de C.V., en favor de The Bank of New York Mellon, por un monto de USD $13,852,106.00

LUCIA NORIEGA CAMPOS
303030313030303030373232343232333530
12/02/30 22:02:18

(trece millones ochocientos cincuenta y dos mil ciento seis dólares de los Estados Unidos de América 00/100).

Al efecto, desde este momento se solicita respetuosamente que la presente medida sea notificada personalmente a BANCOMEXT, en su carácter de institución emisora de la referida SBLC.

## PROCEDENCIA Y JUSTIFICACIÓN DE LAS PROVIDENCIAS PRECAUTORIAS SOLICITADAS

Las providencias precautorias solicitadas resultan jurídica y materialmente indispensables atendiendo a la naturaleza **TV AZTECA**, su modelo de negocio y la estructura de su pasivo, como se evidencia a continuación:

**(A) Finalidad del Concurso Mercantil y protección del Interés Público:** El artículo 1 de la **LCM** establece que el concurso es de orden público y tiene por objeto conservar la empresa y procurar el mayor pago posible a los acreedores.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

Tratándose de **TV AZTECA**, la preservación de la empresa como unidad productiva no sólo impacta a los acreedores nacionales, sino a mercados financieros, trabajadores, proveedores estratégicos y sectores regulados. Permitir ejecuciones aisladas frustraría la finalidad legal del procedimiento antes incluso de que pueda cumplir con su objetivo primordial; por ello las providencias precautorias son instrumentos necesarios para garantizar la eficacia real del procedimiento concursal.

**(B) Facultad de su Señoría para dictar Providencias Precautorias:** El artículo 11, fracción II, de la **LCM** faculta a su Señoría para dictar las providencias precautorias que estime necesarias para proteger la Masa y los intereses de los acreedores.

En el presente caso, dicha facultad debe ejercerse de manera inmediata y amplia, dado que: **(i)** Existen acreedores financieros con capacidad de iniciar y/o continuar acciones en múltiples jurisdicciones; **(ii)** El riesgo de ejecución acelerada puede detonar cláusulas cruzadas

LUCIA NORIEGA CAMPOS
30303031303030303037323234323233353530
12/02/30 22:02:18

(cross-default); y **(iii)** Existen posibles procedimientos de ejecución que pueden afectar liquidez operativa de la empresa como unidad productiva.

**(C) <u>Apariencia del Buen Derecho o *fumus boni iuris*:</u>** La presente Solicitud de Declaración de Concurso Mercantil se sustenta en la actualización de los supuestos previstos por el artículo 10 de la **LCM**, relativos al incumplimiento generalizado en el pago de obligaciones.

La existencia de pasivos financieros vencidos, presión de aceleración por parte de tenedores de bonos y potencial activación de mecanismos de ejecución constituyen elementos objetivos que dotan de verosimilitud suficiente a la acción intentada, justificando el dictado de providencias precautorias sin prejuzgar sobre la declaración de concurso.

**(D) <u>Peligro en la Demora:</u>** El riesgo no es hipotético, sino real e inminente. En el caso que nos ocupa, tal y como se narró en el capítulo correspondiente, **TV AZTECA** enfrenta un riesgo real de que sus acreedores, entre otras cosas: **(i)** intenten embargos precautorios en México o en el extranjero; y/o **(ii)** ejecuten garantías que constituyen activos estratégicos para la operación ordinaria de la Comerciante.

LUCIA NORIEGA CAMPOS
30303031303030303030373232343232333530
12/02/30 22:02:18

Asimismo, cualquier acto que perjudique flujos financieros de **TV AZTECA** puede provocar una pérdida inmediata de valor, afectando no sólo al Comerciante, sino a todos y cada uno de sus acreedores.

**(E) <u>Proporcionalidad:</u>** Las providencias precautorias solicitadas: **(i)** Son idóneas para evitar la fragmentación de la masa; **(ii)** Son necesarias ante la inminencia de acciones de ejecución múltiple; y **(iii)** Son proporcionales, pues sólo buscan preservar el estado patrimonial de la Comerciante mientras se resuelve la procedencia del concurso.

## DESIGNACIÓN DE VISITADOR

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/30 22:02:18

Con fundamento en lo dispuesto por el artículo 29 y demás relativos y aplicables de la Ley de Concursos Mercantiles solicito a su Señoría remita copia de la presente solicitud al Instituto Federal de Especialistas de Concursos Mercantiles, a efecto de que designe el visitador correspondiente para que se realice la verificación en términos del capítulo IV del Título Primero de la ley de la materia.

## FUNDAMENTOS DE DERECHO

La presente demanda de concurso mercantil se funda en lo dispuesto por los artículos 1°, 9, 10, 11, 17, 20, 23, 24 y demás relativos y aplicables de la **LCM.**

Su Señoría es competente para conocer del presente juicio, de conformidad con lo dispuesto por los artículos 4, fracción III y 17 de la **LCM**, asi como en términos de lo dispuesto por el artículo 48 de la Ley Orgánica del Poder Judicial de la Federación y el Acuerdo General 4/2022 del Pleno del Consejo de la Judicatura Federal, lo anterior en virtud de que **TV AZTECA** tiene su domicilio social en la Ciudad de México, como se refirió en el capítulo correspondiente.

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**Por lo expuesto;**
**A USTED C. JUEZ,** atentamente pido se sirva:

**PRIMERO.-** Tener por reconocida la personalidad con la que se ostenta el suscrito Rafael Rodríguez Sánchez en representación de **TV AZTECA, S.A.B. DE C.V.,** en términos del instrumento notarial exhibido para dicho efecto.

**SEGUNDO.-** Tener a mi representada **TV AZTECA, S.A.B. DE C.V.** presentando la Solicitud de Declaración en Concurso Mercantil en Etapa de Conciliación.

**TERCERO.-** En virtud de que se colman los supuestos y se acompañan al presente escrito todos los documentos requeridos por la Ley de Concursos Mercantiles para tal efecto, admitir a trámite la presente solicitud y conceder las providencias precautorias

LUCIA NORIEGA CAMPOS
30303030313030303030303037323234323233333530
12/02/30 22:02:18

solicitadas, así como dictar la orden de realización de la Visita a que se refiere el artículo 30 de la Ley de Concursos Mercantiles.

**CUARTO.-** Remitir copia de la presente solicitud al Instituto Federal de Especialistas de Concursos Mercantiles a efecto de que designe el visitador correspondiente en términos de lo establecido en el artículo 29 de la Ley de Concursos Mercantiles.

**QUINTO.-** Previos los trámites de rigor y estilo dictar la sentencia mediante la cual se declare y constituya a **TV AZTECA, S.A.B. DE C.V.** en Concurso Mercantil en Etapa de Conciliación.

**PROTESTO LO NECESARIO**
**Ciudad de México a la fecha de su presentación.**

**RAFAEL RODRÍGUEZ SÁNCHEZ.**

LUCIA NORIEGA CAMPOS
3030303031303030303030373232343232333530
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
3030303031303030303037323234323233353 0
12/02/30 22:02:18

LUCIA NORIEGA CAMPOS
30303030313030303030373232343232333530
12/02/30 22:02:18

**Relación de Anexos Demanda Solicitud CM.**

1. Formato LP 2/20 – *Solicitud de Declaración en Concurso Mercantil.*

2. Formato LP 2/20/Sección 2 – *Manifestación de Incumplimiento o Inminencia de Incumplimiento Generalizado en el Pago de Obligaciones.*

3. Formato LP 2/20 Anexo 1 – *Estados Financieros del Comerciante.*

   a) Estados Financieros Auditados 2022 – Original.
   b) Estados Financieros Auditados 2023 – Original.
   c) Estados Financieros Auditados 2024 – Original.
   d) Estados Financieros Individuales 31 de diciembre de 2025 – Original.
   e) Estados Financieros Individuales 31 de enero de 2026 – Original.

4. Formato LP 2/20 Anexo 2 – *Memoria Razonada de las causas que sitúan al Comerciante en Incumplimiento o Inminente Incumplimiento en el Pago de sus Obligaciones.*

5. Formato LP 2/20/Anexo 3 – *Relación de Acreedores.*

6. Formato LP 2/20/Anexo 4 – *Relación de Deudores.*

7. Formato LP 2/20/Anexo 5 – *Inventario de todos los Bienes del Comerciante.*

8. Formato LP 2/20/Anexo 6 – *Relación de Juicios en los cuales el Comerciante sea parte.*

9. Formato LP 2/20/Anexo 7 – *Ofrecimiento de otorgar la garantía a que se refiere el artículo 24 de la LCM.*

10. Formato LP 2/20/Anexo 8 – *Acuerdos de los Actos Corporativos Necesarios para Solicitar la Declaración en Concurso Mercantil.*

    a) Escritura Pública 188,710 - Original.

11. Formato LP 2/20/Anexo 9 – *Propuesta de Convenio Preliminar de pago a Acreedores.*

12. Formato LP 2/20/Anexo 10 – *Propuesta Preliminar de Conservación de la Empresa.*

13. Formato LP 2/20/Anexo 11 – *Documentos con los que se acredita personalidad.*

LUCIA NORIEGA CAMPOS
30303031303030303030373232343232333530
12/02/30 22:02:18

a) Escritura Pública 99,377 - Original.

**14.** Formato LP 2/20/Anexo 12 – *Documentos con los que acredita el carácter de Comerciante.*

a) Escritura Pública 184,840 - Original.

LUCIA NORIEGA CAMPOS
30303030313030303030303037323234323232333530
12/02/30 22:02:18

*[In the upper left margin, partially legible receipt stamp: "COMMON CORRESPONDENCE OFFICE OF THE DISTRICT COURTS FOR COMMERCIAL INSOLVENCY MATTERS OF MEXICO CITY — 2026 MAR 10 PM 11:07". In the upper right margin, handwritten: "– A –".]*

MERCHANT: TV AZTECA, S.A.B. DE C.V.

PETITION FOR COMMERCIAL INSOLVENCY IN THE CONCILIATION STAGE.

*[Handwritten: "4284753"].* CASE FILE NUMBER:

HON. DISTRICT JUDGE FOR COMMERCIAL INSOLVENCY MATTERS, SITTING IN MEXICO CITY AND WITH JURISDICTION THROUGHOUT THE MEXICAN REPUBLIC, ON DUTY.

RAFAEL RODRÍGUEZ SÁNCHEZ, on behalf of TV AZTECA, S.A.B. DE C.V., whose capacity I hereby evidence and request be recognized under the terms of the notarial instrument attached to form *LP 2/20 Annex 11*, which instrument is precisely identified below, designating as my address for service of process, for the purpose of hearing and receiving all types of notices, the one located at Boulevard Manuel Ávila Camacho número 32, piso 11, Torre Esmeralda III, colonia Lomas de Chapultepec, alcaldía Miguel Hidalgo, código postal 11000, Ciudad de México, and authorizing, on the broadest terms established in the third paragraph of Article 1069 of the Commercial Code (Código de Comercio), applied suppletorily to the Commercial Insolvency Law, attorneys Alonso Rivera Gaxiola – *with professional license (cédula profesional) number 2758882* –, Béla Kálloi Romero – *with professional license number 5743541* –, Ramón Fernández Vigil – *with professional license number 7571118* –, Pedro Iván Quevedo Ramos – *with professional license number 6147032* –, Alejandro del Castillo Ramírez – *with professional license number 6024819* –, Rodrigo Lagos Scherer – *with professional license number 9347274* –, Diego Machuca Rojas – *with professional license number 11873770* –, Rafael Eugenio Plancarte Gómez – *with professional license number 9244100* –, Andrea Jiménez Aguilar – *with professional license number 15006300* –, Laura Miroslava Medina Arellano – *with professional license number 14772428* –, Diego Roberto Espinosa Arzani – *with professional license number 14772446* –, Javier Hernández Sierra – *with professional license number 12917838* –, Daniel Ávila Monroy, *with professional license number 14156013* – Fernando Arsenio López Sánchez – *with professional license number 12955959* – and Jose Damian Carvajal Arroyo – *with professional license number 14149587* –, and authorizing, for purposes of hearing and receiving all types of notices and of collecting all types of documents and securities and of examining the record, Messrs. Alfredo Vázquez Meyer, Fernando Dueñes Arias, Juan Pablo Reyes de la Mora, Emilio Díaz Vázquez, Iván Jesús Alatorre García, Krishna Santiago Cisneros Ramos, Christian Carlo Niño Martínez, Alan Said Merchant Granados, Hugo Eduardo Hernández Vázquez, Iker Alonso Vega Dulac, Marco Antonio López Gastelum, Karla Gabriela Tapia Tlapanco, Vicente Ávila Zúñiga, Salvador Montes de Oca Mendoza, Balfré Morales Lozano, Diego Francisco Quiroz Díaz, Lilian Michelle Hernández Guzmán, Lenin Escudero Calderón, Anuar Tanus Chedraui, Laura Elena Lemus Guzmán, Ximena Andrea Becerra Ramos, Pamela Johanni Morán Herrera, Alan Santiago González Arellano, Emiliano Manuel González Ballesteros, Enrique Domínguez Hernández, Lucca Alvar Ruiz, Rodrigo Esquivel Soto and Paulina Mathurin Motta, indistinctly, and requesting that the users with the names *bkalloi* and *avmeyer* be granted the permissions necessary to consult the electronic case file of this proceeding pursuant to Article 93 and other related and applicable provisions of Joint General Agreement 1/2015 of the Supreme Court of Justice of the Nation and of the Federal Judiciary Council, before You I respectfully state:

That by means of this filing, pursuant to the provisions of Articles 1, 2, 3, 7, 8, 9, 10, 17, 20, 22 and other related and applicable provisions of the Commercial Insolvency Law (Ley de Concursos Mercantiles) (hereinafter, and for procedural economy, the "LCM"), I request that Your Honor declare my principal to be in COMMERCIAL INSOLVENCY, in the conciliation stage, in order to achieve its preservation, so

JOSE MARÍA ZAYAS PRADO PERITO TRADUCTOR AUTORIZADO TRANSLATIONS

that neither its viability nor that of the other enterprises with which it maintains a business relationship is jeopardized, all in accordance with the following:

COMPLIANCE WITH THE PROVISIONS OF ARTICLE 20 OF THE LCM

In compliance with the provisions of Article 20, second paragraph, of the LCM, I hereby state that the domicile of my principal is located at Periférico Sur número 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, código postal 14140, Ciudad de México, which is also the domicile of its principal place of administration.

Likewise, attached hereto, separately and in order, are each and every one of the Forms designated by the Federal Institute of Commercial Insolvency Specialists (Instituto Federal de Especialistas de Concursos Mercantiles, "IFECOM") for the Petition for a Declaration of Commercial Insolvency, such forms being those identified below:

- (i) Form LP 2/20 – *Petition for a Declaration of Commercial Insolvency.*
- (ii) Form LP 2/20/Section 2 – *Statement of Default or Imminent Generalized Default in the Payment of Obligations.*
- (iii) Form LP 2/20 Annex 1 – *Financial Statements of the Merchant.*
- (iv) Form LP 2/20 Annex 2 – *Reasoned Statement of the causes placing the Merchant in Default or Imminent Default in the Payment of its Obligations.*
- (v) Form LP 2/20/Annex 3 – *List of Creditors.*
- (vi) Form LP 2/20/Annex 4 – *List of Debtors.*
- (vii) Form LP 2/20/Annex 5 – *Inventory of all Assets of the Merchant.*
- (viii) Form LP 2/20/Annex 6 – *List of Lawsuits to which the Merchant is a party.*
- (ix) Form LP 2/20/Annex 7 – *Offer to provide the security referred to in Article 24 of the LCM.*
- (x) Form LP 2/20/Annex 8 – *Resolutions on the Corporate Acts Necessary to Petition for the Declaration of Commercial Insolvency.*
- (xi) Form LP 2/20/Annex 9 – *Preliminary Proposed Settlement Agreement for Payment to Creditors.*
- (xii) Form LP 2/20/Annex 10 – *Preliminary Proposal for the Preservation of the Enterprise.*
- (xiii) Form LP 2/20/Annex 11 – *Documents evidencing legal capacity.*
- (xiv) Form LP 2/20/Annex 12 – *Documents evidencing the character of Merchant.*

In light of the foregoing, it is submitted that this Petition for a Declaration of Commercial Insolvency meets each and every one of the requirements set forth in Articles 1, 2, 3, 7, 8, 9, 10, 17, 20 and 22 of the LCM for its admission and prosecution.

In order to provide greater clarity and order to this Petition for a Declaration of Commercial Insolvency and pursuant to the provisions of Article 20 of the LCM, I hereby set out in full the content of the most relevant of the forms described in the foregoing list, as follows:

## CHAPTER I
## LEGAL CAPACITY
*(Forms LP 2/20/Annex 11)*

1.- The undersigned, Rafael Rodríguez Sánchez, evidences his capacity as legal representative of TV AZTECA, S.A.B. DE C.V. (hereinafter, and for procedural economy, "TV AZTECA") under the terms of Public Deed number 99,377 dated November 19, 2014, executed before José Eugenio Castañeda Escobedo, holder of Notary Public Office number 211 of Mexico City, which is submitted attached to form *LP 2/20/Annex 11*.

JOSÉ MARÍA ZAYAS PRADO

## CHAPTER II
## CORPORATE RESOLUTIONS NECESSARY TO PETITION FOR THE DECLARATION OF COMMERCIAL INSOLVENCY.
*(Form LP 2/20/Annex 8)*

2.- From this moment, and irrespective of their evidencing by means of the public instruments attached to the respective forms *LP 2/20/Annex 8*, I hereby inform Your Honor that TV AZTECA carried out the corporate acts necessary to petition for its Declaration of Commercial Insolvency, which were adopted in accordance with the terms and conditions established by the respective Bylaws and by the competent corporate bodies, and which unequivocally evidence the intention of the shareholders of TV AZTECA to be declared in Commercial Insolvency under the terms of this petition.

3.- Indeed, by means of an Extraordinary General Shareholders' Meeting of TV AZTECA, held at 9:00 a.m. on February 26, 2026, the shareholders – *with voting rights* – of the company unanimously resolved, among other matters, the following:

> *"[…]*
>
> *"2. It is acknowledged that the adoption of measures aimed at the financial restructuring of TV AZTECA, S.A.B. DE C.V. responds to the interest of preserving its viability and to the fiduciary duty to preserve its operational continuity; and that these resolutions represent the corporate acts necessary to petition for and prosecute a commercial insolvency proceeding in accordance with the Bylaws of the Company, the General Law of Commercial Companies (Ley General de Sociedades Mercantiles), the Commercial Insolvency Law and other applicable legal provisions."*
>
> *"3. TV AZTECA, S.A.B. DE C.V. is expressly authorized, through its legal representatives and/or attorneys-in-fact, to judicially petition for the declaration of commercial insolvency by means of the corresponding voluntary petition, whether individually or jointly with one or more of its subsidiaries and/or affiliates, pursuant to the provisions of Articles 1, 15, 15-Bis, 17, 20 and 20-Bis of the Commercial Insolvency Law, and to carry out all acts that may be necessary and appropriate in order to achieve a settlement with the creditors of the Company and of its subsidiaries and/or affiliates and, as the case may be, to summon them for the execution of an agreement for the payment of their claims."*
>
> *[…]*
>
> *"5. It is resolved that the Company prepare the necessary documentation and carry out all acts that may be necessary and appropriate in order to petition for and obtain the declaration of commercial insolvency, including without limitation the engagement of external advisors and any other consultant, as it may deem necessary."*
>
> *[…]"*
>
> (Emphasis added)

4.- In light of the foregoing, there is no doubt as to the express and unequivocal intention of TV AZTECA to petition for its Declaration of Commercial Insolvency, in the conciliation stage, thereby satisfying the requirement set forth in section VII of Article 20 of the LCM.

JOSÉ MARÍA ZAYAS PRADO TRANSLATIONS

## CHAPTER III
## REASONED STATEMENT OF THE CAUSES THAT LED TV AZTECA TO THE STATE OF DEFAULT IN WHICH IT FINDS ITSELF
*(Form LP 2/20/Annex 2)*

In compliance with section II of Article 20 of the LCM, the facts and reasons that led TV AZTECA to the state of default in which it finds itself, and which underlie this petition, are set forth below:

### (A) RELEVANT CORPORATE BACKGROUND OF TV AZTECA CHARACTER OF MERCHANT
*(Form LP 2/20/Annex 12)*

5.- TV AZTECA was incorporated on June 2, 1993, originally under the corporate name CONTROLADORA MEXICANA DE COMUNICACIONES, S.A. DE C.V. (hereinafter "CMC"), with domicile in Mexico City, a term of ninety-nine years, and variable capital stock with a fixed minimum of $50,000.00 Pesos (fifty thousand pesos 00/100 Mexican Currency) and an unlimited maximum, with a foreigner exclusion clause.

6.- By means of an Extraordinary General Shareholders' Meeting dated July 18, 1996, it was resolved, among other matters, to change the corporate name of the entity CONTROLADORA MEXICANA DE COMUNICACIONES, S.A. DE C.V. to TV AZTECA, S.A. DE C.V., amending for that purpose the First Clause of its Bylaws, which was recorded in public deed number 49,317 dated September 3, 1996, executed before Armando Gálvez Pérez Aragón, Notary Public number 103 of Mexico City.

7.- By means of an Ordinary and Extraordinary General Shareholders' Meeting of TV AZTECA, S.A. DE C.V., held in Mexico City on August 19, 2010, the conversion of TV AZTECA, S.A. de C.V. into the form of SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE was resolved, amending for that purpose the First, Fourth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth, Fourteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Second, Twenty-Fourth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second, Thirty-Third, Thirty-Fourth and Thirty-Sixth Clauses of its Bylaws.

As a consequence of the foregoing, the corporate name of the company remained in its current terms, namely: TV AZTECA, SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE (TV AZTECA, S.A.B. DE C.V.), with BMV ticker symbol: AZTECA CPO and LATIBEX ticker symbol: XTZA, which was recorded in Policy number 8,970, dated August 26, 2010, executed before Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City.

8.- On December 23, 2021, there was recorded the merger of TV AZTECA, S.A.B. DE C.V. – *as the surviving merging company* – with the companies listed below – *as the merged companies that ceased to exist* –: (i) Administradora Grupo TVA, S.A. de C.V.; (ii) Alta Empresa II, S.A. de C.V.; (iii) Azteca Novelas, S.A.P.I. de C.V.; (iv) Azteca Telecasting, S. de R.L. de C.V.; (v) Azteca Web, S.A. de C.V.; (vi) Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.; (vii) Comerciacom, S.A. de C.V.; (viii) Comercializadora de Publicidad Azteca, S.A. de C.V.; (ix) Estudios Azteca, S.A. de C.V.; (x) Finbor México, S.A. de C.V.; (xi) Grupo TV Azteca, S.A. de C.V.; (xii) Inversora Mexicana de Producción, S.A. de C.V.; (xiii) Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; (xiv) Red Azteca Internacional, S.A. de C.V.; (xv) Televisión Azteca, S.A. de C.V.; and (xvi) TV Azteca Comercializadora, S.A. de C.V.

9.- The corporate purpose of TV AZTECA is today the following:

JOSÉ MARÍA ZAYAS PRADO

*"[…]*

*1.- To use, exploit, commercially exploit and operate radioelectric spectrum frequency bands and public or private telecommunications networks, as well as to provide public broadcasting and telecommunications services, through its own concessions or those of third parties; to carry out leases of concessions, authorizations and permits granted by the competent authorities or by means of any other arrangement permitted by law; as well as the sale and/or commercialization of audiovisual content and advertising space in any medium.*

*2.- Acquisition, distribution, assignment, representation, importation, exportation, use, exchange, application or any other form of contracting of all types of audiovisual events or works, including their broadcasting rights by any medium, in its own name or in the name or on behalf of third parties, in Mexico and abroad.*

*3.- To promote, incorporate, organize, exploit and take a participation in the capital and assets of all kinds of commercial and civil companies, associations or industrial, commercial, service or any other kind of enterprises; to dispose of or trade such shares or interests and all types of securities permitted by law, whether domestic or foreign, as well as to participate in their administration or liquidation.*

*4. To receive from other companies and persons all such services as may be necessary for the achievement of its activities, such as legal, tax, administrative, financial, treasury, audit and marketing services, preparation of balance sheets and budgets, preparation of programs and manuals; analysis of results of operations, evaluation of information on productivity and on possible financings, as well as the preparation of studies on the availability of capital, among others.*

*5. To issue, execute, accept, endorse and guarantee negotiable instruments, securities and other documents permitted by Law.*

*6. To acquire, dispose of, lease, sublease and grant the use, enjoyment, disposition or, in general, the exploitation of all classes of movable or immovable property, including their parts or accessories; as well as in rem or personal rights over the same, that are necessary or appropriate for its corporate purpose or for the operations of the commercial or civil companies, associations and institutions in which the company has an interest or participation.*

*7. To obtain and grant all types of loans, as well as to receive, as applicable, guarantees, to issue bonds and promissory notes, to accept, draw, endorse or guarantee all classes of negotiable instruments and other documents evidencing credit rights; to provide sureties or guarantees of any class contracted by the company and with respect to obligations contracted or instruments issued or accepted by third parties.*

*8. To register, purchase, lease, assign, renew, license, verify the use of and dispose of trademarks, patents, invention certificates, trade names, industrial designs, commercial advertisements, model registrations, copyrights, inventions and processes and all other industrial and intellectual property rights.*

*9. In general, to carry out all kinds of acts of commerce and to enter into all types of contracts and agreements, as well as transactions of any nature that may be necessary or appropriate for the accomplishment of the foregoing purposes, on the terms of the Law.*

JOSE MARÍA ZAYAS PRADO

*[…]”*

The facts identified under numbers 5.-, 6.-, 7.-, 8.- and 9.- are evidenced by a certified copy of Public Deed number 184,840 dated July 26, 2025, executed before Eduardo Garduño García Villalobos, holder of Notary Public Office number 135 of Mexico City, which is submitted attached to Form *LP 2/20/Annex 12*.

(B) SHAREHOLDING STRUCTURE OF TV AZTECA.

10.- The shareholding structure of TV AZTECA, as of the date of this petition, is as shown below:

| SHAREHOLDER | SHAREHOLDING PERCENTAGE |
|---|---|
| COMUNICACIONES AVANZADAS, S.A. DE C.V. | 66.54% |
| RICARDO BENJAMÍN SALINAS PLIEGO | 4.14% |
| TECNOIDEAS PARA LA VIVIENDA, S.A. DE C.V. | 5.10% |
| FONDO GLOBAL | 8.06% |
| INVESTING PUBLIC | 16.17% |
| TOTAL | 100.00% |

11.- The shares representing the capital stock of TV AZTECA are divided into four series:

a) Series “A”: There are currently 4,759,228,375 shares. These are the only shares that enjoy full voting rights. Comunicaciones Avanzadas, S.A. de C.V. (hereinafter, and for procedural economy, “CASA”) is currently the direct owner of the majority of the outstanding Series “A” shares.

b) Series “D-A” and Series “D-L”: There are currently 2,289,345,472 shares of each Series. The “D-A” shares and the “D-L” shares have voting rights limited to the following matters: (i) extension of the term of TV AZTECA beyond June 2092; (ii) early dissolution of TV AZTECA; (iii) change of the corporate purpose of TV Azteca; (iv) change of nationality of TV AZTECA; (v) the conversion of TV AZTECA; (vi) merger with another company; and (vii) cancellation of the registration of the “D-A” shares and “D-L” shares in the National Securities Registry and on the stock exchanges where they are listed.

c) Series “L”: These shares are authorized but have not yet been issued. TV AZTECA expects to issue these shares in August 2037, when the D-L shares will be converted into “L” shares.

12.- As of this date, the amount of the authorized capital stock of TV AZTECA amounts to $715,870,000.00 pesos. The total number of shares representing it amounts to 10,545,934,472 shares, of which 9,337,919,319 are issued and 1,207,915,153 are treasury shares. This total number of shares is in turn divided into the series indicated as follows: Series “A” with 4,759,228,375 shares, Series “D-A” with 2,289,345,472 shares and Series “D-L” with 2,289,345,472 shares. The foregoing is composed as follows:

| Type | Shares Issued | Shares Paid | Capital Stock |
|---|---|---|---|
| Series “A” | 4,759,228,375 | 4,632,625,000 | $373,070,000.00 |
| Series “D-A” | 2,289,345,472 | 2,162,742,000 | $171,400,000.00 |
| Series “D-L” | 2,289,345,472 | 2,162,742,000 | $171,400,000.00 |
| Total | 9,337,919,319 | 8,958,109,000 | $715,870,000.00 |

The fixed capital stock of TV AZTECA amounts to the sum of $664’930,375.00 (Six hundred sixty-four million nine hundred thirty thousand three hundred seventy-five pesos 00/100 Mexican Currency), which

JOSÉ MARÍA ZAYAS PRADO
TRANSLATIONS

is fully subscribed and paid and is represented by common, ordinary Series "A" shares and by limited-voting shares of Series "D-A" and "D-L", all without par value.

13.- The shares of TV AZTECA are listed on the following stock exchanges: (i) Ordinary Participation Certificates (CPOs), each representing one A share, one D-A share and one D-L share, under ticker symbol AZTECACPO, on the Mexican Stock Exchange (Bolsa Mexicana de Valores); and (ii) Units of 10 CPOs, ticker symbol XTZA, on the Latin American Securities Market ("LATIBEX").

14.- On February 27, 2026, the National Banking and Securities Commission (Comisión Nacional Bancaria y de Valores), by means of Official Communication No. 153/4640/2026, initiated the procedure for the cancellation of the registration of TV AZTECA's securities in the National Securities Registry (Registro Nacional de Valores) on the grounds indicated in that communication, exempting TV AZTECA from carrying out the public tender offer referred to in section I of Article 108 of the Securities Market Law (Ley del Mercado de Valores), and requiring TV AZTECA, within a maximum period of 180 calendar days counted from the date on which that requirement took effect, to comply with the creation of the trust referred to in Article 108, section I, subsection c) of the Securities Market Law prior to the cancellation of the registration of the securities, and to submit to the National Banking and Securities Commission evidence that the funds necessary to acquire the securities of the investors deemed to be the general investing public have been contributed to that trust. The aforementioned trust must maintain such funds at all times for a minimum period of six months counted from the date of cancellation of the registration of the securities in the National Securities Registry.

15.- On February 27, 2026, and in compliance with the provisions of the official communication referred to in item 14 above, TV AZTECA created the trust referred to in item 14.- above, which on March 6, 2026 was funded in the amount of $322,983,165.42 (three hundred twenty-two million nine hundred eighty-three thousand one hundred sixty-five pesos 42/100, Mexican Currency).

(C) DESCRIPTION OF TV AZTECA'S BUSINESS.

16.- TV AZTECA is one of the two most important producers of Spanish-language television content in the world and the second-largest producer of television content in Mexico based on audience and market share.

TV AZTECA's Mexican Television Channels.

17.- TV AZTECA is currently the majority shareholder of 2 (two) concession-holding companies that directly operate 180 independent digital terrestrial television channels distributed throughout the national territory. These channels are operated independently, and through their signals various content is broadcast according to the coverage that each of those channels has. Those channels are identified, for purposes of commercial identification in their concession titles, as Azteca 7, Azteca Uno and adn Noticias.

The channels are operated from 504 on-air digital television transmitters, comprising 180 main licensed stations and 324 complementary facilities, located throughout Mexico with programming 24 hours a day, seven days a week, including channel 26 for broadcasting the programming content known as adn Noticias in Mexico City. In the case of the adn Noticias programming content, the concession-holding affiliate of TV AZTECA multiprograms it on 70 main stations with their respective complementary facilities located in the interior of Mexico, which was duly authorized at the time by the Federal Telecommunications Institute (Instituto Federal de Telecomunicaciones, "IFT").

Likewise, in 2017 the channel named adn Noticias was launched by means of multiprogramming, and since March 31, 2020 it has been broadcast on 54 main stations with their respective complementary facilities.

JOSÉ MARÍA ZAYAS PRADO

18.- TV AZTECA has 28 (twenty-eight) branches distributed in various parts of Mexico, 7 (seven) of which have the infrastructure to produce and broadcast local content, mainly news and sports for each locality, for the 842 (eight hundred forty-two) licensed free-to-air television transmitters, including commercial advertisements, programs and government and electoral spots on each of them.

Programming.

19.- TV AZTECA's ability to provide a diverse mix of quality content is one of the principal factors in maintaining and increasing the popularity of its programming and, consequently, its economic sustainability.

For that reason, TV AZTECA focuses on producing and acquiring content that appeals to its different audiences, considering that the development of separate identities for its channels has helped it capture a significant portion of the Mexican audience and has offered its advertisers the opportunity to tailor their advertisements to specific demographic groups.

20.- TV AZTECA's business model – *operationally and economically* – is supported by 3 (three) fundamental pillars, namely:

(i) Proprietary Content: this corresponds to original, proprietary content developed and produced by TV AZTECA, which is aimed at addressing the principal needs of its audience. This allows the company to adapt constantly to the trends that appear in a market characterized by dynamism, in order to offer people the best possible offering across different platforms.

(ii) Acquired Programming: with the objective of maximizing its content offering and maintaining a high level of competitiveness against its principal competitors, TV AZTECA pays for and/or purchases content, for example, series, films, sporting events and others. Acquired programming is one of the most significant costs in TV AZTECA's operation and, at the same time, an indispensable one for its profitability as a business.

(iii) Strategic Alliances: seeking to maximize its profitability, TV AZTECA enters into cooperation agreements with partners with whom alliances or combinations are created and, on that basis, it develops content that is relevant to all parties.

Content Produced by TV AZTECA

21.- TV AZTECA, through its affiliates, produces a variety of programs, including series, reality television, newscasts, sports broadcasts, music programs, game shows, "*talk shows*" and variety programs.

22.- TV AZTECA, through its affiliates, produces innovative, high-quality entertainment content in order to reach a greater number of audience members year after year. Among the programs produced, directly or indirectly, by the company are, for example: "*Master Chef*", "*Exatlón*", "*Survivor*", "*La Academia*" and "*La Voz*".

23.- TV AZTECA's news programming, through its affiliates, includes newscasts in the morning, afternoon and prime-time evening slots, aimed at the target audiences of its television channels. The newscast "*Hechos*", which presents a more in-depth analysis of daily national and international news, is one of the most significant newscasts in Mexico. Likewise, each news and analysis program in the adn Noticias lineup broadcasts the news in a different style, led by well-known personalities and opinion leaders. Additionally,

JOSE MARÍA ZAYAS PRADO

news segments are produced for broadcast within local programming, as well as news briefs and special programs.

24.- The sports programming produced by TV AZTECA, through its affiliates, consists principally of broadcasts of the matches of the Mexican Professional Soccer First Division tournament, as well as sports commentary programs and the production of various sporting events. Soccer is the most popular sport in Mexico and broadcasts of First Division matches generate large audiences. TV AZTECA – *directly or indirectly* – holds the broadcasting rights for the home matches of 6 (six) First Division teams, the division being commercially known as "*Liga MX*".

25.- During 2023, the costs incurred by TV AZTECA for the production of proprietary content amounted to approximately the sum of $6,797'000,000 (Six billion seven hundred ninety-seven million pesos Mexican Currency).

26.- During 2024, the costs incurred by TV AZTECA for the production of proprietary content amounted to approximately the sum of $8,008'000,000 (Eight billion eight million pesos Mexican Currency).

27.- During 2025, the costs incurred by TV AZTECA for the production of proprietary content amounted to approximately the sum of $7,976'000,000 (Seven billion nine hundred seventy-six million pesos Mexican Currency).

Acquired Programming

28.- The purchase of content allows TV AZTECA to maximize its content offering and maintain a high level of competitiveness against its principal competitors – *such as "TELEVISA"* –; however, it also entails the generation of high costs, which are indispensable to its profitability as a business.

29.- TV AZTECA purchases programming from approximately 30 (thirty) different distributors in order to respond to the different needs of the audience; a substantial portion of the acquired programming comes from major studios such as: Buena Vista Internacional (Disney), Sony Pictures and Universal, as well as from various independent suppliers, such as Gussi.

30.- TV AZTECA's acquired programming consists principally of internationally recognized films and series. Programs that are not in the Spanish language and are purchased for TV AZTECA's channels are dubbed into Spanish prior to delivery, by paying the distributor an additional fee for that service.

31.- TV AZTECA also enters into agreements to broadcast sports programming, including the matches of the Soccer World Cup, the Olympic Games and the games of the National Football League (NFL, for its acronym in English). Likewise, TV AZTECA enters into agreements for the broadcast of special events such as Miss Universe and the Academy Awards, among others.

32.- Acquired programming in 2023, 2024 and 2025 accounted for approximately 39%, 40% and 38% of the combined weekday prime-time programming hours broadcast on TV AZTECA's channels for each of the years indicated above.

33.- During 2023, the costs incurred by TV AZTECA for the purchase of content amounted to approximately the sum of $2,540'000,000 (Two billion five hundred forty million pesos Mexican Currency).

JOSE MARÍA ZAYAS PRADO

34.- During 2024, the costs incurred by TV AZTECA for the purchase of content amounted to approximately the sum of $2,307’000,000 (Two billion three hundred seven million pesos Mexican Currency).

35.- During 2025, the costs incurred by TV AZTECA for the purchase of content amounted to approximately the sum of $2,485’000,000 (Two billion four hundred eighty-five million pesos Mexican Currency).

Digital Initiatives.

36.- Beginning in 2018, TV AZTECA commenced a stage of review and consolidation of its digital initiatives. The objective was to assess the status of ongoing digital projects —including platforms, technology tools, suppliers and monetization models— and to define a more structured strategy for the company’s digital growth.

As a result of this process, a roadmap was established focused on three principal axes: (i) expanding the distribution of content on digital platforms; (ii) increasing audience reach in digital environments; and (iii) developing new monetization models associated with such audiences.

37.- During the 2018–2024 period, various initiatives were implemented to strengthen the company’s digital ecosystem.

One of the first significant stages was the development of “*second screen*” experiences, designed to complement the television broadcast with additional digital content and real-time interaction with the audience. These initiatives included digital experiences associated with programs such as “La Academia”, as well as the creation of complementary digital shows related to content such as “Venga la Alegría”, “MasterChef” and other entertainment formats.

Within these initiatives, podcasts and digital conversation spaces were also developed, aimed at expanding interaction with the audience on digital platforms while the programs were being broadcast on television.

38.- In parallel, during the digital coverage of the 2018 Russia World Cup, content associated with live events was strengthened and new digital distribution formats were tested. In this same period, exclusive agreements were entered into with Facebook for the distribution of digital content, which made it possible to expand the reach of these experiences to audiences on social platforms.

39.- Subsequently, the digital strategy continued to evolve through the launch of new digital sites, with the objective of expanding the distribution of news and entertainment content in digital environments.

As a result of these initiatives, the company reached first place in Comscore digital audience measurements, while also recording sustained growth on social media.

40.- In order to strengthen digital capabilities, technology tools aimed at the management and analysis of audience data were also implemented. Among these initiatives are the implementation of a Data Lake (centralized data repository) and a Customer Data Platform, or CDP, tools that make it possible to organize audience information and improve advertising segmentation.

Likewise, digital distribution channels were expanded through the development of FAST channels (free ad-supported streaming television channels) and the creation of applications for CTV platforms such as Roku, Google TV and Fire TV, allowing content to be available on new devices and digital platforms.

JOSE MARÍA ZAYAS PRADO

41.- The growth of digital audiences made it possible to strengthen the company's digital commercial model. During this period, a commercial structure focused on digital advertising was developed, which made it possible to increase the commercialization of audiences on digital platforms.

As a result, revenues associated with digital advertising recorded significant growth during the period analyzed, including commercial activations related to high-impact events such as the 2018 Russia World Cup and the 2024 Paris Olympic Games.

42.- The development of these digital initiatives has entailed collaboration with various strategic partners and specialized suppliers, who have contributed to enabling technological, operational and commercial capabilities.

43.- Among these collaborations, agreements for the distribution of content with platforms such as Claro Video during events such as the Paris Olympic Games stand out, as well as commercial agreements with streaming platforms such as Tubi and Pluto.

TV AZTECA's Principal Costs.

44.- TV AZTECA's most significant variable operating costs relate to its programming, whether produced in-house, co-produced or acquired. The cost of content produced in-house varies considerably depending on the type of programming. Additionally, the production of series and live entertainment is more expensive relative to the production of other classes of programs.

TV AZTECA's programming, production and broadcasting costs for 2025 amounted to approximately $10,461'000,000 (Ten billion four hundred sixty-one million pesos Mexican Currency), while in 2024 they amounted to approximately $10,316'000,000 (Ten billion three hundred sixteen million pesos Mexican Currency).

45.- In light of the foregoing, if TV AZTECA does not effectively manage the costs of programming produced in-house or purchased through exhibition rights, it is possible that its programming costs will increase at a greater rate than advertising revenues. If such costs increase substantially, TV AZTECA's results of operations may be adversely affected.

TV AZTECA's Principal Revenues.

46.- TV AZTECA generates revenues from various sources, such as, among others: (i) advertising sales; (ii) the sale of the company's content, inside and outside Mexico; and (iii) the organization of sporting events.

47.- TV AZTECA's principal source of revenue derives from advertising sales to its clients and/or advertisers, which are closely related to programming, whether produced or acquired, since advertising costs depend on the greater and/or better programming broadcast by TV AZTECA.

48.- In 2025, TV AZTECA's most important advertisers were: Procter & Gamble México, Genomma, Lab Internacional, Frabel, Bayer de México, Bimbo, Cervezas Cuauhtemoc Moctezuma, Nueva Elektra del Milenio, Havas Media, Mondelez México and Deremate.Com de México. TV AZTECA's ten most important advertisers, together with their affiliates, accounted for approximately 14% of TV AZTECA's net revenues. The termination of TV AZTECA's relationship with any of its principal advertisers could affect its results of operations.

JOSE MARÍA ZAYAS PRADO

49.- National advertising accounted for approximately 68% (Sixty-eight percent) of TV AZTECA's total net sales in 2024 and 2025, which evidences that this is TV AZTECA's principal source of revenue, year after year.

(D) MACROECONOMIC AND POLITICAL CONTEXT.

50.- The macroeconomic context of recent years – *2018 to 2025* – resulted in TV AZTECA not delivering the results that were expected; indeed, various circumstances caused its results to be negative during 2020 and even in subsequent years, which has affected its financial condition, including over the long term. That context is explained below:

(a) PUBLIC AND POLITICAL PRESSURE: It must be said that there was an increase in public, institutional and media pressure in relation to: (i) the collection of existing tax liabilities payable by TV AZTECA — the tax component ceased to be an abstract contingency and became a certain and imminent risk to the company's operational continuity; and (ii) the liabilities arising from the bonds issued by the Merchant in the United States.

(i) Tax Claims.

Indeed, TV AZTECA faced litigation over debts or claims assessed by the tax authority in the following amounts: (i) $3,902,000,000.00 (Three billion nine hundred two million pesos Mexican Currency) on account of Income Tax for fiscal year 2009 (including fines and surcharges); and (ii) $4,790'000,000.00 (Four billion seven hundred ninety million pesos 00/100 Mexican Currency) corresponding to Income Tax for fiscal year 2013 (including fines and surcharges).

The foregoing became especially risky for TV AZTECA's viability, since the Federal Tax Code (Código Fiscal de la Federación) empowers the tax authority to enforce tax claims by means of the administrative enforcement procedure, as well as mechanisms with an immediate impact on treasury, such as: (i) the freezing of the taxpayer's bank deposits (Article 156-Bis); and (ii) the intervention of the business with charge to cash, with the withdrawal of up to a percentage of the revenues received in cash, and the possibility of converting the intervention into administration (Articles 164 and 165).

In this context, the public and institutional pressure —*by increasing the risk of tax enforcement and of immediate impairment of cash*— compelled the company to prioritize liquidity in order to avoid critical operational disruptions.

Accordingly, faced with the imminence of coercive collection measures and the potential loss/restriction of cash, the company was compelled to obtain and/or use additional and urgent financing in order to address the tax liability and mitigate the risk of operational paralysis.

This directly impacted its viability as a productive unit: the withdrawal or freezing of cash and/or the increase in financial liabilities (interest costs, guarantees, maturities) reduced its ability to meet ordinary operating obligations (salaries, supplies, broadcasting, critical suppliers) and increased the risk of default toward various creditors.

That context drove TV AZTECA to obtain urgent financing – *with the consequences that this entails* – from Alter Bank LTD in an amount of up to $5,000'000,000.00 (Five billion pesos 00/100 Mexican Currency); this as a defensive and indispensable measure aimed at preserving: (i) operational continuity; (ii) labor stability; and (iii) the integrity of assets that are strategic to the operation; however, at the same time it increased the Company's liabilities, impaired its capital structure and reduced its financial room for maneuver, contributing to the aggravation of the state of insolvency.

In conclusion, the tax pressure and the real risk of administrative enforcement constituted determining factors in the aggravation of the generalized default in obligations provided for in Article 10 of the Commercial Insolvency Law, and compelled the Merchant to petition for its declaration of commercial insolvency with the clear objective of: (i) preserving the enterprise as a productive unit; (ii) collectively ordering the treatment of liabilities; (iii) avoiding isolated enforcement actions that compromise the continuity of the business; and (iv) ensuring equitable treatment as among all creditors.

(ii) Liabilities from Bonds issued in the United States.

Irrespective of the fact that the liabilities arising from the bonds issued in the United States constitute commercial obligations payable by the Merchant and are subject to the negotiation and enforcement mechanisms proper to their contractual regime, it is a public and notorious fact that such liabilities transcended the strictly private sphere and escalated to a plane of governmental dialogue and positioning, with material effects on the Company's operational and reputational environment and litigation risk.

In particular, various funds/holders connected with that issuance —*or with the subsequent acquisition of those instruments in the secondary market*— requested direct dialogue with the Government of Mexico for the resolution of debts attributed to TV AZTECA, associating their claims with domestic judicial proceedings and, in addition, promoting or maintaining an international arbitration against the Mexican State concerning the same dispute.

Additionally, as a result of the public pressure exerted by those funds/holders, the Head of the Federal Executive herself made public statements regarding the need for TV AZTECA to comply with its obligations toward the funds/creditors in the United States, and her willingness to meet with those creditors in that country was even reported, in a context in which express reference is made to the litigation over unpaid bonds.

This set of facts evidences that the funds/holders generated not only market pressure and cross-border litigation, but also political and institutional pressure: (i) by the very fact of involving the Mexican State in an international arbitration with potential impact on public resources and on foreign economic policy; (ii) by the incentive to contain defense/arbitration costs and country reputational noise; and (iii) by the public scrutiny arising from statements by the Executive and media coverage. The foregoing increased the risk of acceleration of disputes, the hardening of positions, and the impairment of financing sources and counterparties, affecting the viability of isolated private solutions and reinforcing the need for an orderly and universal process to restructure TV AZTECA's liabilities.

That said, the Merchant's financial situation cannot be analyzed in isolation from the liabilities arising from the bonds issued in the U.S. market, insofar as the dispute relating to those instruments transcended the strictly private and contractual sphere, escalating to a plane of public and institutional dialogue.

This context produced two legally relevant effects:

(I) Institutional and Reputational Pressure: The public statements and media coverage of TV AZTECA's liabilities generated an environment of institutional pressure that impacted: (i) the perception of the company's risk; (ii) the availability of financing; and (iii) the stability of ongoing private negotiations.

(II) Aggravation of the state of Generalized Default in Obligations: The risk of acceleration of obligations increased, refinancing alternatives were reduced, and the potential negotiating position vis-à-vis other creditors deteriorated.

JOSÉ MARÍA ZAYAS PRADO

In summary, a contagion effect was generated on liabilities other than the bonds, and the Merchant faced a scenario in which the private restructuring of its liabilities proved materially unfeasible, not only because of its insufficient liquidity, but also because of the systemic pressure generated around one of its most significant liabilities.

In this case, the commercial insolvency proceeding is a necessary response to a scenario of comprehensive deterioration, in which the public and institutional pressure generated by the bondholder funds/holders accelerated the impossibility of timely complying with all of its due and soon-to-be-due obligations.

In a scenario in which a group of creditors seeks to internationalize the dispute, generate institutional pressure and position itself in a situation of de facto privilege, the principle of insolvency equality can only be preserved by subjecting all creditors to a universal proceeding such as the one requested.

Notwithstanding the foregoing, the company has maintained negotiation processes since 2021 with those creditors with the objective of restructuring its financial obligations, which has not been possible.

Despite: (i) the company's willingness at all times to negotiate a restructuring agreement beneficial to the parties; and (ii) having held meetings with a creditor group, and a formal mediation process, no financial restructuring agreements were reached with the creditors.

The complexity of these negotiations, together with the negative evolution of the adverse market environment, has increased the financial pressure on the company.

(b) STRUCTURAL TRANSFORMATION OF THE MEDIA INDUSTRY. Among the principal factors that have placed pressure on TV AZTECA, a broader phenomenon affecting the media industry in general stands out: the structural decline of the free-to-air television advertising market, a trend observable at the global level that has significantly modified the economics of the sector.

(a) Changes in audiovisual consumption habits

Over the last two decades, the media sector worldwide has undergone a profound transformation. Digitalization, the expansion of broadband internet and the proliferation of mobile devices changed the way audiences consume content.

Today a significant portion of audiovisual consumption takes place through digital video distribution platforms, including streaming services and online platforms such as Netflix, YouTube and Amazon Prime Video.

This change has gradually displaced the traditional linear programming model —proper to free-to-air television— toward schemes of on-demand content, personalized consumption and audiovisual formats distributed through social networks.

As a consequence, audiences worldwide have become fragmented and the number of viewers concentrated on a few channels has decreased significantly.

(b) Migration of Advertising Investment toward Digital Media.

The economic model of free-to-air television – of which TV AZTECA forms part – has historically depended on the sale of advertising space.

JOSE MARÍA ZAYAS PRADO

In recent years worldwide, however, a growing share of advertising spending has shifted toward digital platforms, which offer precise audience segmentation, detailed measurement of campaign performance and the ability to adjust investment immediately.

Technology companies such as Google, Meta Platforms and TikTok have captured an increasingly larger portion of the global advertising market.

As a result, the growth of advertising spending on free-to-air television has slowed in various markets, including the Mexican market. And this migration to digital spaces accelerated in recent years beginning with the COVID-19 Pandemic

(c) COVID-19: The arrival of the COVID-19 pandemic in Mexico prevented TV AZTECA from generating the expected revenues during 2020 and to date. One of the principal adverse consequences brought about by that pandemic, not only for the company but for the entire television industry in Mexico, was the decline in revenues due to lower advertising investment by clients – *which will be elaborated upon below* –, as well as the intensified growth in consumption of "*Over The Top*" Streaming services – *which will also be elaborated upon below* –, such as the platforms "*Netflix*" "*Disney+*", "*Amazon*", among others.

(a) COVID-19 and advertising in the media.

Beyond the growth and centrality in access to news and entertainment content during the various stages of isolation and social distancing brought about by the measures and actions implemented by our Federal and Local governments, the economics of the media were severely and definitively affected by the COVID-19 pandemic.

According to data from the firm PriceWaterhouseCoopers (PWC), in its study titled "*Global Entertainment and Media Outlook 2021*"[1], 2020 recorded a decline in revenues across the entire Television industry, principally due to the contraction of the advertising market.

Likewise, according to the report in question, the crisis in the advertising market, the principal source of revenue for most of the media industry, was of great magnitude worldwide, but Latin America was the region that suffered it most, and broadcasting revenues are not expected to recover to pre-pandemic levels until 2025 – *which has in fact not occurred* –.

Another of the disruptive changes that the pandemic caused in this sector was that Internet advertising revenues surpassed those of television advertising, a market that had traditionally maintained its leadership.

In connection with the foregoing, the digital advertising sector accelerated its growth, and for that reason it became more difficult for traditional media, such as Television, to compete in the online advertising market alongside giants such as "*Google*" and "*Facebook*", which together account for approximately 68% of total internet advertising billings.[2]

(b) Growth of "Over The Top" streaming services.

[1] Available at the following internet address: https://www.pwc.com/gx/en/industries/tmt/media/outlook/segment-findings.html

[2] *"THE IMPACT OF THE COVID-19 PANDEMIC ON THE SUSTAINABILITY OF THE MEDIA IN LATIN AMERICA" CHANGES AND TRANSFORMATIONS IN THE PRODUCTION MODELS, SOURCES OF REVENUE AND PRODUCTS OF LATIN AMERICAN MEDIA", United Nations Educational, Scientific and Cultural Organization and* UNESCO Regional Office of Sciences for Latin America and the Caribbean, UNESCO Montevideo.

JOSE MARÍA ZAYAS PRADO

Another of the indirect consequences of the Covid-19 pandemic, which continues to have an effect to date, is the exponential growth in audience consumption of *streaming* "*Over The Top*"[3] services, among which are platforms such as "*Netflix*", "*Amazon Prime Video*", "*Apple TV+*", "*Claro Video*", "*Disney+*"; "*Hulu*", and "*HBO Max*", among others.

The exponential growth of such video platforms via *streaming*, as a result of the Covid-19 pandemic, meant their consolidation in the audience market and, of course, the introduction of new competitors for traditional television providers such as TV AZTECA.

While throughout the second half of the last decade platforms such as Netflix took the lead in positioning themselves in the audiovisual market, the pandemic facilitated the entry of new competitors and, with it, the explosion of content and revenues for this disruptive entertainment model, in which new catalogs such as those offered by "*Disney+*", "*HBO Max*" and "*Paramount+*" have consolidated.

Such on-demand audiovisual content platforms not only compete directly for the audience of traditional television providers, but also do so in relation to television advertising which, as already stated, is one of the principal generators of revenue for traditional television providers such as TV AZTECA.

As the Federal Telecommunications Institute notes in its "*Study of OTT Digital Platforms*"[4], the operators of OTT Digital Platforms may offer digital communication, connection and linking services to different groups of users, so that the latter may engage in communication activities and/or exchange audiovisual or audio content, without charging them monetary consideration, but with the objective of attracting the greatest number of users on one side of the platform who may be exposed to advertising and, thereby, selling time, space and "banners" to another group on the platform (the advertisers).

In this regard, digital advertising follows principles similar to advertising on "traditional" platforms, such as Free-to-Air TV, driven by competition for consumer attention. In general terms, advertisers are willing to pay higher rates when their message can reach a larger audience. However, advertising in digital markets has given rise to new ways of reaching specific audiences, allowing for improved targeted advertising, which has directly impacted the advertising revenues of traditional television providers such as TV AZTECA.

(d) IMPACT OF THE ADVERTISING DECLINE ON TV AZTECA'S BUSINESS MODEL: TV AZTECA's business model has historically been based on the monetization of audiences through the sale of television advertising.

Unlike other media groups that have diversified their sources of revenue —for example, through subscriptions to streaming services— the company maintains a significant dependence on traditional advertising revenues.

This means that any contraction in the advertising market directly impacts its ability to generate operating cash flow.

That said, the fragmentation of audiences has reduced the relative value of television ratings as a commercial indicator.

---

[3] This is the term used in the film and TV industry to designate the platforms that offer audiovisual content over the internet.

[4] Available at the following internet address: http://www.ift.org.mx/sites/default/files/contenidogeneral/competenciaeconomica/plataformasdigitalesott.pdf

JOSÉ MARÍA ZAYAS PRADO

For many years, free-to-air television offered advertisers the possibility of reaching mass audiences simultaneously. Today, digital campaigns make it possible to reach specific audiences with greater precision.

Consequently, the effective prices of television advertising space have faced downward pressure, especially in younger demographic segments.

The Free-to-Air Television industry worldwide has experienced an annual decline of 4% (four percent) in recent years; during the Covid period the industry fell by 30% (thirty percent). The industry in Mexico has not yet recovered pre-pandemic levels in real terms.

(e) EXTERNAL OPERATIONAL FACTORS AFFECTING PROFITABILITY: Among other factors, the increase in content costs, the volatility of the advertising market and the contraction of government spending in the advertising market have been an important factor in the decline of TV AZTECA's financial condition, as explained below:

(a) Increase in content costs.

The competitive environment of the audiovisual sector has also changed in terms of costs. Global digital platforms have considerably increased their investment in original content, which has raised the costs associated with creative talent, broadcasting rights and audiovisual production.

For free-to-air television companies – *such as TV AZTECA* – competing for audiences entails maintaining significant levels of investment in content, whether films or significant sporting events, which puts pressure on margins when advertising revenues do not grow at the same rate.

The cost of producing proprietary content has also increased in recent years due to inflationary effects: from 2018 to 2025 inflation increased by 38.8% (thirty-eight point eight percent) over the period.

(b) Volatility of the Advertising Market.

Advertising spending tends to react quickly to economic cycles; it is one of the budget line items with the greatest cyclical sensitivity within corporate cost structures.

From a macroeconomic perspective, *advertising spend* tends to behave as a procyclical discretionary expense: during phases of economic expansion, companies increase their investments in media in order to capture demand and gain market share, whereas in periods of contraction or slowdown, advertising and/or *marketing* budgets tend to be among the first to be cut, being perceived as expendable variable costs in the short term. This directly affects media whose principal source of revenue is advertising.

For media whose business model depends predominantly on advertising revenues —free-to-air television, radio, print— this dynamic entails a structural exposure to the volatility of the economic cycle, transmitting fluctuations in business activity directly to their revenue lines.

In the particular case of TV AZTECA, this cyclical vulnerability is amplified by the profound structural transformations that the television industry is undergoing at the global and domestic levels. The accelerated migration of audiences toward *streaming* platforms and digital content has fragmented the *share* of attention, eroding pricing power in traditional advertising space.

Simultaneously, advertisers have redirected growing fractions of their budgets toward digital channels with measurable performance —*programmatic advertising*, social networks, *search*— which offer greater

JOSÉ MARÍA ZAYAS PRADO

granularity in segmentation and more precise return-on-investment metrics. The confluence of these structural factors with an unfavorable macroeconomic environment generates a multiplier effect on the volatility of the company's commercial revenues, compromising both the volume and the average price of the *spots* contracted.

This deterioration in the advertising demand environment takes place in a context of sustained economic stagnation. In real terms, Mexico's GDP recorded an average annual growth rate of barely 0.77% during the period from 2018 to 2025, an expansion insufficient to sustain the dynamism of the advertising market.

In an environment of low expansion of disposable income and generalized business caution, advertising investment decisions contract or are postponed, reducing the effective size of the market to which TV AZTECA —and traditional media in general— have access in order to monetize their audiences.

(c) Contraction of government spending in the advertising market.

Beginning in 2018, the Mexican government implemented an austerity policy as the guiding axis of its public spending consolidation strategy, on the premise of eliminating expenditures considered superfluous within the government budget.

Within this framework of rationalization of current spending, State advertising investment was identified as one of the line items with the greatest opacity and least technical justification, which resulted in systematic and sustained cuts throughout the six-year presidential term.

This public policy decision had direct and quantifiable implications for the revenues of traditional media, given that the Mexican government had historically represented one of the most significant advertisers in the national media ecosystem, allocating considerable budgetary resources to contracting space on free-to-air television, radio and print as a mechanism of institutional communication.

The magnitude of the adjustment is significant from a financial and sectoral perspective: it is estimated that government advertising spending accumulated a decline of approximately 36% in real terms during the period from 2019 to 2024, which represents a structural and not merely cyclical contraction of a source of revenue that for decades operated as a relatively stable and predictable flow for licensed media.

For companies such as TV AZTECA, whose commercial revenue base already faced pressures arising from audience fragmentation and the redirection of corporate *adspend* toward digital platforms, the withdrawal of the State as a large-scale advertiser acted as an additional demand shock, reducing the total volume of advertising investment available in the free-to-air television market and accentuating the pressure on its rates and advertising inventory occupancy levels.

(f) CONTRACTION OF THE GLOBAL AND NATIONAL ECONOMY: Mexico's economy is vulnerable to economic cycles and to slowdowns in the economy of the United States and anywhere in the world.

Financial difficulties or an increase in the risks related to investment in emerging economies could limit foreign investment in Mexico and adversely affect the Mexican economy.

Although Mexico, the United States and other governments have taken measures to increase liquidity in the financial markets, there can be no assurance that those measures will lead the general business environment in which TV AZTECA operates to sustained growth, and TV AZTECA cannot predict the impact that any future economic crisis may have on TV AZTECA's results of operations and financial condition.

JOSÉ MARÍA ZAYAS PRADO

For example, the demand for advertising may decline, on the one hand, because consumers may reduce their spending on products advertised on TV AZTECA and, on the other hand, because advertisers may reduce advertising expenditures. Additionally, consumer demand generally declines during economic crises.

(g) INFLATION AND INTEREST RATES: Decreases in the growth of the Mexican economy, high inflation rates and high interest rates in Mexico have, as applicable, had an adverse effect on TV AZTECA's operations. The slower the growth of the Mexican economy, the slower the growth of advertising spending. If inflation in Mexico records elevated levels and economic growth slows, TV AZTECA's results of operations, its financial condition and the market price of its securities are affected.

Any unfavorable fluctuation in interest rates has an adverse effect on TV AZTECA, because the amount of interest owed may increase with respect to its current and future liabilities and debts.

For its part, any significant increase in the inflation rate in Mexico could adversely affect TV AZTECA's financial condition and results of operations, since inflation could harm consumer purchasing power, which in turn may impair the ability of TV AZTECA's advertisers to purchase advertising time on its channels.

(h) CONVERGENCE OF FACTORS EXPLAINING THE FINANCIAL DETERIORATION: Thus, TV AZTECA's financial deterioration is the result of the convergence of several factors:

- Structural transformation of the media industry and fragmentation of audiences.
- Migration of advertising spending toward digital platforms.
- Significant dependence on revenues from television advertising.
- Increase in content production and acquisition costs.
- Volatility of the advertising market associated with economic cycles.
- Significant financial obligations in foreign currency.
- Complex negotiation processes with creditors.

Taken together, these elements have affected the company's ability to generate the cash flow necessary to meet its financial commitments.

In this context, the commercial insolvency proceeding and an orderly restructuring of liabilities, under judicial supervision, may allow the company to adjust its financial obligations to current market and media sector conditions.

The objective is to restore a balance between the company's cash-flow generation capacity and its financial obligations, while at the same time preserving the continuity of its operations and the economic value of the business.

TV AZTECA's financial deterioration must be understood within a broader context of transformation of the media industry and of significant changes in the advertising market.

The combination of these sectoral trends with specific financial pressures has affected the company's economic stability.

In light of this scenario, the commercial insolvency proceeding appears as a suitable and necessary institutional avenue to order the restructuring of liabilities and to allow the company to adapt to new market conditions.

(E) FINANCIAL CONDITION OF TV AZTECA.

JOSÉ MARÍA ZAYAS PRADO
TRANSLATIONS

51.- TV AZTECA has implemented actions and strategies to manage the economic consequences caused by the various macroeconomic events that have affected its financial condition; however, those measures have not been sufficient to achieve an improvement in the company's finances. Some of those actions were the following:

(i) The adoption of cost and expense savings initiatives, including the creation of a Costs Committee for the purpose of improving profit margins; currently all productions and new projects undergo a detailed profitability analysis before their execution is authorized.

(ii) Deferral of non-essential capital projects;

(iii) Review and assessment of the cost-benefit of the exhibition rights agreements that remain in effect;

(iv) Design of incentives for the sales force to carry out the efforts necessary to retain clients and increase demand for advertising space; an increase in sales commissions was generated;

(v) In assessing the fair values of assets and liabilities, as well as their impairment, the company considered the degree of uncertainty in the economic environment when applying the data and assumptions in the selected models; and

(vi) Renegotiation of real property lease agreements, resulting in certain terminations and deferral of cash flows.

52.- Notwithstanding the measures set forth above, TV AZTECA's Financial Condition has not improved and it has been impossible for it to generate sufficient cash flow to pay the principal amount, interest and other amounts owed to various of its creditors; and there is no assurance that market conditions will allow TV AZTECA to refinance its matured debts without a judicial restructuring process.

53.- As anticipated above, television broadcasting in Mexico is highly competitive and the popularity of television programs is an important factor in advertising sales – *TV AZTECA's principal source of revenue* –, which is readily susceptible to change.

54.- TV AZTECA now faces competition not only from other traditional television providers such as "Televisa" or "Imagen TV", but also competes – *for audiences, advertising and content* – with:

(i) Cable television providers, such as "*Dish Mexico*"; "*TotalPlay*" or "*Megacable*";

(ii) Direct-to-Home Satellite Services ("DTH" services, for their acronym in English), such as "*SKY*"; "*StarTV*" or "*VeTV*";

(iii) the now-consolidated streaming platforms "*Over The Top*", such as "*Netflix*", "*Amazon Prime Video*" or "*Disney+*", among others.

(iv) other media, such as radio, billboards, newspapers, magazines and the Internet.

55.- TV AZTECA's largest competitor in the free-to-air television market generated the majority of Mexican television advertising sales in each of the last three years, due in part to its greater seniority in the television industry and its greater resources compared with TV AZTECA.

JOSE MARÍA ZAYAS PRADO

56.- TV AZTECA cannot assure that it will maintain or improve its share of the Mexican television advertising market in the future, nor can it assure that its costs to obtain programming and to hire production and creative personnel through its subsidiaries and/or through third-party companies unrelated to TV AZTECA, or the prices at which TV AZTECA sells advertising time, will not be adversely affected by competition.

57.- Cable television distribution systems and direct-to-home satellite services ("DTH") today represent strong competition for TV AZTECA's advertising sales, audiences and program rights.

58.- TV AZTECA cannot assure that pay television services will not obtain a greater share of Mexican viewers and of the television advertising market in the future.

59.- TV AZTECA's current indebtedness has brought adverse consequences with respect to its operation and viability as a business, such as the following:

a) requiring the use of a substantial portion of its cash flow to service its debt, reducing the cash flow available for other purposes, including capital investments, marketing efforts, future growth plans and distributions payable to its shareholders;

b) limiting its ability to obtain additional financing or to refinance its existing debt;

c) placing TV AZTECA at a disadvantage relative to competitors with lower levels of debt and competitors with greater access to capital resources;

d) increasing its vulnerability to reduced dynamism in its operations or in the Mexican economy in general; and

e) limiting its ability to continue making cash distributions to its shareholders.

60.- Everything set forth in this chapter has, among other things, caused TV AZTECA to lack the economic capacity to meet its monetary obligations and to face or pay the liabilities it records financially on the terms and conditions on which they were agreed, since to do so – *without a judicial restructuring process* – would render it unviable, both economically and operationally. Those causes led TV AZTECA to the state of default in which it finds itself.

61.- For all of the foregoing, the declaration of Commercial Insolvency in the conciliation stage is requested so that TV AZTECA may continue with its ordinary operation and viability while it carries out an orderly restructuring under the LCM.

62.- Some of the most significant and material matured liabilities of TV AZTECA are described in detail below:

(a) SENIOR NOTES MATURING ON AUGUST 9, 2024.

63.- On August 9, 2017, TV AZTECA – *in its capacity as Issuer* – its Subsidiaries – *in their capacity as Subsidiary Guarantors* –, THE BANK OF NEW YORK MELLON – *in its capacity as Trustee* – and THE BANK OF NEW YORK MELLON, LONDON BRANCH – *in its capacity as Principal Paying Agent* – entered into an Indenture, the principal purpose of which was the financing of TV AZTECA in the amount of USD $400'000,000.00 (Four hundred million dollars 00/100 USCy) through the issuance of senior notes maturing on August 9, 2024 (hereinafter the "Indenture").

JOSE MARÍA ZAYAS PRADO

That Indenture was executed, in addition to TV AZTECA as issuer of the notes, by, among others, the following companies as joint and several obligors: (I) AZTECA NOVELAS II, S.A.P.I. DE C.V.; (II) EQUIPO DE FÚTBOL MAZATLÁN, S.A. DE C.V.; (III) INMOBILIARIA ROCA DEL PEDREGAL, S.A. DE C.V. (FORMERLY TELEVISIÓN AZTECA II, S.A. DE C.V.); (IV) LASIMEX, S.A. DE C.V.; (V) OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.; (VI) PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.; (VII) PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.; (VIII) PRODUCCIONES DOPAMINA, S.A. DE C.V.; (IX) PUBLICIDAD ESPECIALIZADA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA, S.A. DE C.V.; (X) SERVICIOS AÉREOS NOTICIOSOS, S.A. DE C.V.; (XI) SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.; (XII) TELEVISIÓN AZTECA III, S.A. DE C.V. and (XIII) TELEVISORA DEL VALLE DE MÉXICO, S.A.P.I. DE C.V.

64.- TV AZTECA undertook, among other things, to pay the Holders of the Senior Notes interest at an annual rate of 8.250% (eight point two hundred fifty percent) on the principal amount of each note, on August 9 and February 9 of each year, from the date of execution of each of the notes issued as from the date of execution of the Indenture.

65.- On August 9, 2024, the natural maturity of the payment obligation under the notes pursuant to the Indenture occurred, without TV AZTECA and its signatory subsidiaries having the financial and economic capacity to meet the obligations assumed under that agreement.

66.- Thus, as of January 31, 2026, TV AZTECA – *as issuer and principal obligor* – owes the Holders of the Notes issued under the Indenture the amount of USD $532,000,000.00 (Five hundred thirty-two million dollars 00/100 USD), a figure which in pesos – *at the exchange rate of 17.2532 for settling obligations denominated in U.S. dollars published by the Bank of Mexico (Banco de México) on January 31, 2026* – amounts to the sum of $9,178,702,400.00 (Nine billion one hundred seventy-eight million seven hundred two thousand four hundred pesos 00/100 Mexican Currency).

Those matured liabilities represent at least 36.92% (percent) of TV AZTECA's total liabilities, and have been past due for far more than 30 (thirty) days.

## CHAPTER IV
## STATEMENT OF GENERALIZED DEFAULT IN THE PAYMENT OF OBLIGATIONS
*(Form LP 2/20/Section 2)*

67.- TV AZTECA, based on its financial information, states that, as of the date of filing of this petition, it is in generalized default in the payment of its obligations, falling specifically within the circumstance set forth in Article 10, section I of the LCM.

68.- TV AZTECA states that it has defaulted on its payment obligations toward two or more different creditors, whose obligations have been past due for at least 30 (thirty) days and represent at least 35% (thirty-five percent) of all obligations payable by it. This is evidenced below:

(a) TV AZTECA has defaulted on its payment obligations toward two or more different creditors;

(b) The obligations payable by TV AZTECA and/or its liabilities as of January 31, 2026 amount to the total sum of $24,858'585,289.00 (Twenty-four billion eight hundred fifty-eight million five hundred eighty-five thousand two hundred eighty-nine pesos 00/100 Mexican Currency).

FINLEX PERITO TRADUCTOR AUTORIZADO JOSE MARÍA ZAYAS PRADO TRANSLATIONS

(c) It has matured obligations – *for more than thirty days* – in the total amount of $15,034’803,165.00 (Fifteen billion thirty-four million eight hundred three thousand one hundred sixty-five pesos 00/100 Mexican Currency).

(d) The matured obligations – *for more than thirty days* – represent more than 35% (thirty-five percent) of all obligations payable by TV AZTECA; in fact, they represent approximately 60% (sixty percent) of its obligations.

69.- Notwithstanding that TV AZTECA already falls within the circumstances provided for by Article 10 of the Commercial Insolvency Law, the generalized default in the payment of its obligations having occurred in accordance with the objective parameters established in that provision, it is relevant to state, under formal oath to tell the truth, that the Merchant’s current financial situation further evidences a scenario of imminent default with respect to additional obligations.

70.- Indeed, from a review of projected cash flows, liquidity position, maturity schedule and liability structure, it appears that the Company lacks real and sufficient capacity to timely meet various obligations, which makes it possible reasonably to anticipate an aggravation of the already existing generalized default.

In particular, in the short term obligations such as those contracted with ALTER BANK LTD will fall due; that credit facility was indispensable in order to be able to address the tax contingency referred to in the preceding paragraphs, and its characteristics are identified in subsequent paragraphs.

71.- As already stated, on January 29, 2026, ALTER BANK LTD, as arranger (“*arranger*”), initial lender (“*initial lender*”), administrative agent (“*administrative agent*”) and collateral agent (“*collateral agent*”); and TV AZTECA, as borrower (“*borrower*”), entered into a Simple Credit Facility Agreement (“*loan agreement*”) in an amount of up to $5,000,000,000.00 (five billion pesos 00/100, legal tender of the United Mexican States) (hereinafter, and for procedural economy, the “ALTER Facility”).

That ALTER Facility was obtained by the company as additional and urgent financing to address the tax liability and mitigate the risk of operational paralysis, as referred to above.

72.- On March 6, 2026, ALTER BANK LTD, as arranger (“*arranger*”), initial lender (“*initial lender*”), administrative agent (“*administrative agent*”) and collateral agent (“*collateral agent*”); and TV AZTECA, as borrower (“*borrower*”), entered into an amendment and restatement agreement to the Credit Agreement.

73.- That liability represents approximately 16% (sixteen percent) of TV AZTECA’s total liabilities.

74.- The structural lack of liquidity, together with the absence of available financing sources and the pressure of enforceable liabilities, generates an objective, real and not merely hypothetical probability of default with respect to those obligations.

75.- This imminent risk does not constitute conjecture, but rather a direct consequence of: (i) insufficient operating cash flow; (ii) the restriction of credit lines; (iii) the acceleration or potential acceleration of financial obligations; and (iv) the material impossibility of refinancing liabilities under ordinary market conditions.

76.- Thus, the filing of this insolvency proceeding responds not only to the formal occurrence of the circumstances of Article 10 of the Commercial Insolvency Law, but also to the urgent need to prevent further deterioration of the corporate assets, to preserve the enterprise as a productive unit and to ensure orderly, collective and equitable treatment as among all of its creditors.

JOSE MARÍA ZAYAS PRADO

77.- In this context, the imminence of new defaults reinforces the appropriateness and necessity of the commercial insolvency proceeding as a mechanism of preventive protection of the balance between the Merchant and its creditors, avoiding individual enforcement actions that could aggravate the insolvency.

CHAPTER V
FINANCIAL STATEMENTS OF THE MERCHANT
*(Form LP 2/20/Annex 1)*

78.- TV AZTECA, in compliance with the provisions of section I of Article 20 of the LCM, submits its Financial Statements from 2022 to date, attaching to form *LP 2/20/Annex 1,* the following:

(a) Audited Financial Statements and Independent Auditor's Report (Salles, Sainz – Grant Thornton, S.C.) for fiscal year 2022;

(b) Audited Financial Statements and Independent Auditor's Report (Salles, Sainz – Grant Thornton, S.C.) for fiscal year 2023;

(c) Audited Financial Statements and Independent Auditor's Report (Salles, Sainz – Grant Thornton, S.C.) for fiscal year 2024;

(d) Financial Statements (Statement of Financial Position and Statement of Income) for the month of December 2025; and

(e) Financial Statements (Statement of Financial Position and Statement of Income) for the month of January 2026.

79.- TV AZTECA does not yet have the Audited Financial Statements for fiscal year 2025, because, pursuant to the provisions of Articles 104, section I of the Securities Market Law and 33, section I, subsection a) of the General Provisions Applicable to Securities Issuers (Disposiciones de Carácter General Aplicables a las Emisoras de Valores), these must be delivered no later than within 90 calendar days of the close of fiscal year 2025 – *March 31, 2026* –; for that reason, the following are submitted: (i) 3 (three) audited financial statements corresponding to the three years immediately preceding that of the unaudited financial statement; (ii) the financial statements corresponding to the close of fiscal year 2025, being those for the month of December 2025; and (iii) the financial statements for the current year as of the close of the month immediately preceding that of the date of filing of the petition.

CHAPTER VI
PRELIMINARY PROPOSED SETTLEMENT AGREEMENT FOR PAYMENT TO CREDITORS
*(Form LP 2/20/Annex 9)*

Pursuant to the provisions of section VIII of Article 20 of the LCM, TV AZTECA makes the following Preliminary Proposal for Payment to its Creditors:

This preliminary proposed insolvency settlement agreement constitutes an essential element within TV AZTECA's comprehensive financial restructuring strategy, and its fundamental purpose is to preserve the continuity of the enterprise as a going productive unit, to maximize the economic value of its assets for the benefit of the insolvency estate and to establish the legal, financial and operational bases that will make it possible to achieve an orderly, viable and sustainable restructuring of its liabilities, as provided for in the LCM.

JOSE MARÍA ZAYAS PRADO

In this sense, the preliminary proposal contemplates not only the restructuring of existing liabilities, but also the implementation of financial and corporate mechanisms that are indispensable to restoring liquidity, stabilizing the ordinary operation of the enterprise and ensuring the future viability of the business, including the obtaining of financing against the estate, the restructuring of existing liabilities by means of debt reductions, extensions of maturity, capitalizations, subordinations and other mechanisms legally permitted by the LCM, all in accordance with TV AZTECA's real operational and financial capacity.

In light of the foregoing, the preliminary proposed settlement agreement for payment in favor of TV AZTECA's creditors is formulated below, which shall be subject to such modifications as may be necessary and appropriate to reflect: (i) the financial, accounting and operational situation of TV AZTECA, taking into account the valuation and the adjustments required for the implementation of its business plan; (ii) the transactions necessary to provide the enterprise with liquidity and operational viability; and (iii) the various transactions and financings to be carried out during the course of the insolvency proceeding, in order to preserve the viability of TV AZTECA as a going concern:

(a) Claims against the Estate. As of the date of filing of the Petition for a declaration of commercial insolvency, TV AZTECA considers that it has no claims against the estate, pursuant to the provisions of Articles 75 and 224 of the LCM; however, during the course of the insolvency proceeding the obtaining of claims against the estate under the LCM is contemplated, which are estimated to be essential and indispensable to TV AZTECA's restructuring plan and to preserving the going concern in the ordinary course.

Such financings shall enjoy the corresponding statutory priority and shall be allocated exclusively to ensuring the operational continuity of the enterprise, including the payment of indispensable expenses, working capital, infrastructure maintenance, content production, compliance with regulatory obligations and other disbursements necessary to preserve the value of the enterprise as a going concern.

(b) Singularly privileged creditors. As of the date of filing of the Petition for a declaration of commercial insolvency, TV AZTECA considers that it has no singularly privileged creditors, pursuant to the provisions of Articles 217 and 218 of the Commercial Insolvency Law.

(c) Labor claims. Labor and social security consideration in favor of the workers shall continue to accrue and to be paid during the course of the commercial insolvency proceeding as ordinary expenses indispensable to preserving the going concern.

(e) Tax claims. It is stated, as a preliminary proposal for payment of tax claims, whether or not secured by an in rem guarantee, that these shall be paid pursuant to Articles 153, 219 and 221 of the Commercial Insolvency Law, in accordance with TV AZTECA's operational and financial capacity and with the insolvency settlement agreement that is in due course approved.

(f) Creditors with an in rem guarantee or with special payment vehicles. As a general premise of the restructuring, respect for the legal subsistence of such claims and of the guarantees backing them is contemplated, in accordance with the terms originally agreed and with the nature of the preferential rights corresponding to them. Nevertheless, and in view of the need to align the servicing of such liabilities with the enterprise's real cash-flow generation capacity and to ensure the financial viability of the Merchant as a going concern, such claims and the associated guarantees may be subject to reasonable and necessary adjustments, including, by way of illustration and not limitation, the extension of maturity terms, the rescheduling of principal amortizations, the modification of interest payment schedules and, as the case may be, the implementation of mechanisms for the orderly monetization of the guarantees, all in accordance with the terms agreed with the respective creditors

JOSÉ MARÍA ZAYAS PRADO

in the definitive insolvency settlement agreement submitted for the approval of the required majority of recognized creditors, pursuant to the provisions of the Commercial Insolvency Law.

(g) Creditors with a special privilege. As of the date of filing of the Petition for a declaration of commercial insolvency, TV AZTECA considers that it has no creditors with a special privilege.

(h) General unsecured creditors. As a preliminary proposal for payment of the general unsecured creditors recognized in the Judgment of Recognition, Ranking and Priority of Claims, it is contemplated that the restructuring and payment of such claims be effected by means of a substantial debt reduction, which may reach up to 90% (ninety percent) of the recognized amount of such claims, reflecting the enterprise's real cash-flow generation capacity, the residual nature of such claims within the insolvency order of priority and the compelling need to restore TV AZTECA's financial viability.

(i) Subordinated creditors. The proposal contemplates that subordinated creditors, including those arising from transactions between related parties or companies belonging to the same corporate group, shall be subject to absolute and effective subordination with respect to the remaining recognized creditors, such that those claims may only receive payment once the necessary period has elapsed after the claims with higher priority under the LCM and under the insolvency settlement agreement that is in due course approved have been satisfied in full. The foregoing is consistent with the legal and economic nature of such claims, as well as with the insolvency priority principle and with the need to prioritize the operational continuity of the enterprise.

It is noted that the definitive insolvency settlement agreement shall be negotiated and executed with the required majority of recognized creditors pursuant to Article 157 of the Commercial Insolvency Law, and shall reflect the enterprise's real financial situation, its operational capacity, its business plan and the economic conditions necessary to ensure its future viability.

Likewise, TV AZTECA shall continue to make payment of the expenses indispensable to the preservation of the going concern, including, without limitation, current labor obligations, agencies, regulatory obligations, essential operating costs, professional fees necessary for the restructuring and other expenses necessary to preserve the value of the enterprise, pursuant to the provisions of Articles 43, section VIII, 75, 224 and other applicable provisions of the Commercial Insolvency Law.

It is relevant to emphasize that this preliminary proposal is formulated with the primary objective of preserving TV AZTECA as a going concern, protecting the economic value of the insolvency estate and maximizing recovery for creditors in real terms, as well as the thousands of jobs and families that depend on the Merchant, since any alternative scenario, including the disorderly liquidation of the enterprise, would result in a substantial destruction of value and in a significantly lower recovery for its creditors as a whole.

Consequently, this proposal constitutes a legally valid, economically necessary and financially reasonable mechanism to achieve the orderly restructuring of TV AZTECA's liabilities, preserve its operational viability and ensure the continuity of its operations for the benefit of the insolvency estate, its creditors and the public interest associated with the continuity of its activities.

## CHAPTER VII
## PRELIMINARY PROPOSAL FOR THE PRESERVATION OF THE ENTERPRISE
*(Form LP 2/20/Annex 10)*

Pursuant to the provisions of section IX of Article 20 of the LCM, TV AZTECA makes the following Preliminary Proposal for the Preservation of the Enterprise:

As a structural element of the financial and operational reorganization process, TV AZTECA has defined a comprehensive stabilization plan whose essential purpose is to preserve the continuity of its broadcasting operations and of its activity as a producer of audiovisual content, maintaining the functional integrity of its transmission platform, the uninterrupted continuity of its programming and the preservation of the contractual and operational relationships that are indispensable to the generation and dissemination of content. This process is supported by the simultaneous implementation of corporate, financial and operational measures intended to restore the economic balance of the enterprise, strengthen its liquidity position and ensure the continuity of the provision of its services, which constitute the core of its economic activity and the primary source of value generation for the insolvency estate.

In implementing this strategy, TV AZTECA has identified as a critical element the preservation of relationships with those content suppliers, independent producers, production houses, holders of audiovisual rights, as well as artistic talent, hosts, commentators, creatives, specialized technical personnel and other independent service providers —*including freelance talent*— whose participation is essential and irreplaceable for the production, continuity and positioning of its programs and content. The interruption of such relationships would directly compromise the enterprise's ability to generate and broadcast content, immediately affecting its operating cash flows, its commercial position and, consequently, the economic value of the insolvency estate. For that reason, as part of the process of preserving the going concern, TV AZTECA will implement the measures necessary to ensure the continuity of such relationships, including, as the case may be, the timely performance of current obligations and the adoption of contractual arrangements that make it possible to secure the retention of such essential suppliers and talent during the insolvency proceeding.

Likewise, the reorganization strategy contemplates the orderly adaptation of the enterprise's financial structure to its real cash-flow generation capacity, the strengthening of cash management mechanisms, the preservation of the assets essential to the transmission, production and commercialization of content, as well as the obtaining of financing during the insolvency proceeding pursuant to the LCM, which will make it possible to ensure the continuity of the ordinary operation of the business, including the production and transmission of content and compliance with the obligations indispensable to the operation. Likewise, the implementation of mechanisms for the optimization of asset use is contemplated, including the selective divestment of non-strategic assets and the reorganization of certain operating units, with the objective of concentrating resources in those areas that constitute the core of TV AZTECA's business model.

As part of this process, the enterprise has adopted specific measures aimed at ensuring the continuity of its operation through the review and, as the case may be, renegotiation of significant commercial agreements, the prioritization of obligations indispensable to the continuity of transmission, the optimization of the costs associated with the production and acquisition of content, and the strengthening of operational efficiency in its programming, production and distribution processes. These measures are implemented under the principle of preserving the enterprise's operational capacity as a going concern and of avoiding any interruption that could affect the continuity of the broadcasting service.

In parallel, actions have been implemented aimed at strengthening the enterprise's organizational efficiency, through the simplification of its operating structure, the redefinition of functions within its management structure and the implementation of corporate controls aimed at improving financial and operational decision-making. Likewise, measures have been adopted intended to rationalize its cost structure, including the reduction of non-essential expenses, the review of contracts that are not indispensable to the continuity of the operation, and the optimization of the use of resources in those areas directly linked to the generation of revenues.

The actions described have as their primary purpose the preservation of TV AZTECA's operational continuity, ensuring the sustained generation of content, maintaining the integrity of its essential

JOSÉ MARÍA ZAYAS PRADO

commercial relationships and protecting the economic value of the enterprise as a going concern, for the benefit of the insolvency estate and of its creditors as a whole. In this context, this Petition is filed as part of a comprehensive process aimed at stabilizing the enterprise's financial situation, preserving its operational viability and laying the foundations for its sustainable recovery, without prejudice to the definitive terms of the financial restructuring being the subject of negotiation during the conciliation stage and being formalized in the insolvency settlement agreement that will, in due course, be submitted for the approval of the majority of recognized creditors, pursuant to the provisions of the LCM.

## CHAPTER VIII
## OFFER TO PROVIDE THE SECURITY REFERRED TO IN ARTICLE 24 OF THE LCM.
*(Form LP 2/20/Annex 7)*

Pursuant to the provisions of Articles 20, section VI, 23, section II and 24 of the LCM, my principal hereby offers to provide irrevocably, within the three days following notice of the admission of this petition, the security for the examiner's fees in an amount equivalent to 1,500 (one thousand five hundred) days of minimum wage in force in the Federal District (today Mexico City).

Irrespective of the foregoing, Your Honor is hereby informed that the First Chamber of the Supreme Court of Justice of the Nation declared unconstitutional the provisions of Article 24 of the LCM in establishing that the order admitting the petition or complaint for commercial insolvency shall cease to have effect if the plaintiff does not secure the examiner's fees within the three days following the date on which it is served with that order, since this violates the guarantee of access to justice.

For ease of reference, I hereby transcribe the precedent in question:

> Epoch: Ninth Epoch
> Registry: 170369
> Court: FIRST CHAMBER
> Precedent Type: Isolated Precedent
> Source: Federal Judicial Weekly and its Gazette
> Location: Volume XXVII, February 2008
> Subject Matter(s): Constitutional, Civil
> Precedent: 1a. VI/2008
> P. 481
>
> [TA]; 9th Epoch; 1st Chamber; S.J.F. and its Gazette; Volume XXVII, February 2008; P. 481
>
> COMMERCIAL INSOLVENCY PROCEEDINGS. ARTICLE 24 OF THE RELEVANT LAW VIOLATES THE GUARANTEE OF ACCESS TO JUSTICE. Article 17 of the Political Constitution of the United Mexican States prohibits, on the one hand, that persons be required to compensate the public servants charged with administering justice and, on the other, that any payment be imposed on those who come before judicial bodies to seek justice, as a condition for the admission of their claim. Thus, the aforementioned constitutional prohibition extends to cases in which the right of access to justice is made contingent on the performance of any act entailing a disbursement by the person, since the service of administration of justice must be free of charge. Therefore, Article 24 of the Commercial Insolvency Law, in establishing that the order admitting the petition or complaint for commercial insolvency shall cease to have effect if the plaintiff does not secure the examiner's fees within the three days following the date on which it is served with that order, violates the guarantee of access to justice contained in the cited constitutional provision, since the obligation to secure those fees must not constitute a condition for the performance

FINLEX PERITO TRADUCTOR AUTORIZADO JOSE MARÍA ZAYAS PRADO TRANSLATIONS

of the judicial function, but rather only a burden on the party petitioning for the declaration of commercial insolvency, pursuant to Article 28 of the aforementioned Law.

PRECAUTIONARY MEASURES

Pursuant to Articles 7, 8, 25, 26, 37, 38, 43 and other related and applicable provisions of the Commercial Insolvency Law, as well as Articles 1168 and related provisions of the Commercial Code (applied suppletorily), and in observance of Articles 14 and 16 of the Constitution, I request that the following precautionary measures be ordered, which must remain in force throughout the commercial insolvency proceeding and which are necessary and suitable to preserve the Estate and to ensure the effectiveness of the proceeding:

1.- The immediate stay of any enforcement, attachment, seizure, intervention and/or precautionary measure proceeding against the assets and rights of TV AZTECA, in order to preserve the insolvency estate and safeguard the continuity of the Merchant's operations as a going concern and as a productive unit.

2.- The stay of all effects of the attachments currently levied on the assets and rights of TV AZTECA, pursuant to the provisions of Article 37, section VIII of the LCM and given that this is a measure analogous in nature to the one requested in the preceding paragraph.

3.- The immediate stay of any enforcement proceeding, whether current or future, of any obligation, guarantee and/or encumbrance executed by TV AZTECA and/or by any third party in its favor, in order to ensure the viability of the insolvency proceeding and of the Merchant's business as a productive unit, preventing certain creditors from obtaining undue advantages to the detriment of the universality of creditors.

4.- The immediate stay of any current or future Administrative Enforcement Procedure against TV AZTECA, including, without limitation, those arising from tax claims, seizures, administrative attachments, interventions with charge to cash, or any act of tax enforcement.

The foregoing, pursuant to Article 11 of the Commercial Insolvency Law, in order to preserve the integrity of the insolvency estate and to prevent irreversible impairment of the assets essential to the ordinary operation of the Merchant.

5.- The prohibition on TV AZTECA from making payments to its creditors or to third parties, joint and several obligors, guarantors and sureties, with respect to obligations that became due prior to the date of admission of this petition for commercial insolvency or that are to become due, excluding those payments and expenses that are indispensable to maintaining the ordinary operation of the enterprise.

6.- The prohibition on suspending, revoking, rescinding, terminating and/or canceling contracts, whether preparatory or definitive, pending performance, to which TV AZTECA or any of its affiliated entities or subsidiaries with which it conducts its ordinary operations is a party, given that they constitute a single economic entity, until such time as the Conciliator – *once appointed* – states whether or not he objects to their performance, pursuant to the provisions of Articles 25, 26, 91 and 92 of the LCM.

7.- The order to deem as not written any contractual stipulation in the legal acts to which TV AZTECA is a party which, by reason of the filing of a petition or complaint for commercial insolvency, or of its declaration, establishes modifications that aggravate for the Merchant the terms of the contracts, pursuant to the provisions of Article 87 of the LCM.

JOSÉ MARÍA ZAYAS PRADO

8.- The prohibition on suspending, revoking, rescinding, canceling, modifying, limiting or affecting, in whole or in part, any concession, permit, license, authorization, registration, enrollment, enabling title or any other right granted in favor of TV AZTECA or any of its affiliated entities or subsidiaries with which it conducts its ordinary operations, given that they constitute a single economic entity, and which bears a relationship to the ordinary operation of the Merchant, thereby ensuring its continuity as a going concern and productive unit.

9.- The stay of any judicial, administrative, contractual or extracontractual proceeding the purpose of which is to deprive TV AZTECA, and its respective subsidiaries, given that they constitute a single economic entity, of the use, enjoyment or exercise of any right, asset or property of any nature, or to restrict its use or exercise, in order to ensure the viability of the insolvency proceeding and of the Merchant's business as a productive unit.

10.- The prohibition on each and every one of the Financial Institutions in the country in which TV AZTECA maintains open accounts from transferring, disposing of, attaching, holding, discounting, deducting, withholding, setting off and/or using the funds administered in such accounts or forming part of the assets held in such accounts, in order to preserve the insolvency estate and safeguard the continuity of the Merchant's operations as a going concern and as a productive unit.

11.- The stay of any enforcement proceeding against the assets and/or rights of the Merchant, specifically any act tending to draw on the Standby Letter of Credit (SBLC) issued by Banco Nacional de Comercio Exterior, S.N.C., Institución de Banca de Desarrollo (BANCOMEXT), for the account and on the instructions of TV Azteca, S.A.B. de C.V., in favor of The Bank of New York Mellon, in an amount of USD $13,852,106.00 (thirteen million eight hundred fifty-two thousand one hundred six United States dollars 00/100).

To that end, it is hereby respectfully requested that this measure be served personally upon BANCOMEXT, in its capacity as the issuing institution of the referenced SBLC.

APPROPRIATENESS AND JUSTIFICATION OF THE PRECAUTIONARY MEASURES REQUESTED

The precautionary measures requested are legally and materially indispensable in view of the nature of TV AZTECA, its business model and the structure of its liabilities, as evidenced below:

(A) Purpose of the Commercial Insolvency Proceeding and protection of the Public Interest: Article 1 of the LCM establishes that the insolvency proceeding is a matter of public order and that its purpose is to preserve the enterprise and to procure the greatest possible payment to creditors.

In the case of TV AZTECA, the preservation of the enterprise as a productive unit impacts not only domestic creditors, but also financial markets, workers, strategic suppliers and regulated sectors. Permitting isolated enforcement actions would frustrate the statutory purpose of the proceeding even before it can fulfill its primary objective; for that reason the precautionary measures are instruments necessary to ensure the real effectiveness of the insolvency proceeding.

(B) Your Honor's Power to Order Precautionary Measures: Article 11, section II, of the LCM empowers Your Honor to order such precautionary measures as You may deem necessary to protect the Estate and the interests of the creditors.

In the present case, that power must be exercised immediately and broadly, given that: (i) There are financial creditors with the ability to commence and/or continue actions in multiple jurisdictions; (ii) The risk of

JOSE MARÍA ZAYAS PRADO

accelerated enforcement may trigger cross-default clauses; and (iii) There are possible enforcement proceedings that may affect the operating liquidity of the enterprise as a productive unit.

(C) Appearance of a Valid Right, or *fumus boni iuris*: This Petition for a Declaration of Commercial Insolvency is based on the occurrence of the circumstances provided for by Article 10 of the LCM, relating to the generalized default in the payment of obligations.

The existence of matured financial liabilities, acceleration pressure from bondholders and the potential activation of enforcement mechanisms constitute objective elements that lend sufficient plausibility to the action brought, justifying the ordering of precautionary measures without prejudging the declaration of insolvency.

(D) Danger in Delay: The risk is not hypothetical, but real and imminent. In the case at hand, as set forth in the corresponding chapter, TV AZTECA faces a real risk that its creditors will, among other things: (i) seek precautionary attachments in Mexico or abroad; and/or (ii) enforce guarantees that constitute strategic assets for the Merchant's ordinary operation.

Likewise, any act that impairs TV AZTECA's financial flows may cause an immediate loss of value, affecting not only the Merchant, but each and every one of its creditors.

(E) Proportionality: The precautionary measures requested: (i) Are suitable to prevent the fragmentation of the estate; (ii) Are necessary in view of the imminence of multiple enforcement actions; and (iii) Are proportionate, since they seek only to preserve the Merchant's patrimonial position while the appropriateness of the insolvency proceeding is resolved.

APPOINTMENT OF EXAMINER

Pursuant to the provisions of Article 29 and other related and applicable provisions of the Commercial Insolvency Law, I request that Your Honor forward a copy of this petition to the Federal Institute of Commercial Insolvency Specialists, so that it may appoint the corresponding examiner to carry out the verification pursuant to Chapter IV of Title One of the applicable law.

LEGAL GROUNDS

This complaint for commercial insolvency is founded on the provisions of Articles 1, 9, 10, 11, 17, 20, 23, 24 and other related and applicable provisions of the LCM.

Your Honor has jurisdiction to hear this proceeding pursuant to the provisions of Articles 4, section III and 17 of the LCM, as well as Article 48 of the Organic Law of the Federal Judiciary and General Agreement 4/2022 of the Plenary of the Federal Judiciary Council, given that TV AZTECA has its corporate domicile in Mexico City, as stated in the corresponding chapter.

For the foregoing reasons;
TO YOUR HONOR, I respectfully request:

FIRST.- To recognize the capacity in which the undersigned, Rafael Rodríguez Sánchez, appears on behalf of TV AZTECA, S.A.B. DE C.V., under the terms of the notarial instrument submitted for that purpose.

SECOND.- To deem my principal, TV AZTECA, S.A.B. DE C.V., to have filed the Petition for a Declaration of Commercial Insolvency in the Conciliation Stage.

JOSÉ MARÍA ZAYAS PRADO

THIRD.- Given that the applicable requirements are met and that all documents required by the Commercial Insolvency Law for that purpose accompany this filing, to admit this petition for processing and to grant the precautionary measures requested, as well as to issue the order for the conduct of the Visit referred to in Article 30 of the Commercial Insolvency Law.

FOURTH.- To forward a copy of this petition to the Federal Institute of Commercial Insolvency Specialists so that it may appoint the corresponding examiner pursuant to Article 29 of the Commercial Insolvency Law.

FIFTH.- Following the customary and formal proceedings, to render the judgment declaring and constituting TV AZTECA, S.A.B. DE C.V. in Commercial Insolvency in the Conciliation Stage.

I ATTEST AS REQUIRED BY LAW
Mexico City, as of the date of its filing.

[*Signature illegible*]
RAFAEL RODRÍGUEZ SÁNCHEZ.

JOSÉ MARÍA ZAYAS PRADO

**THE UNDERSIGNED, CERTIFIED TRANSLATOR IN ENGLISH AND SPANISH AUTHORIZED BY THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY, ACCORDING TO DECREE 42-04/2024, ISSUED BY THE JUDICIARY COUNCIL OF MEXICO CITY IN SESSION OF FEBRUARY 13, 2024 AND PUBLISHED IN THE JUDICIAL GAZETTE OF FEBRUARY 23, 2024, HEREBY CERTIFY THAT THIS IS A TRUTHFUL AND ACCURATE TRANSLATION TO ENGLISH FROM ITS ORIGINAL IN SPANISH, WHICH IS FORMED BY 32 PAGES ON THE OBVERSE.**

**MEXICO CITY, JULY 28, 2026**

FINLEX
PERITO TRADUCTOR AUTORIZADO
JOSÉ MARÍA ZAYAS PRADO
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
TRANSLATIONS

**JOSÉ MARÍA ZAYAS PRADO**

**Ciudad de México, seis de julio de dos mil veintiséis.**

**V I S T O S** los autos, para resolver la **declaración de concurso mercantil** en el expediente **22/2026-II**, de la **comerciante TV Azteca, sociedad anónima bursátil de capital variable**; y,

**R E S U L T A N D O S**

**PRIMERO. Solicitud de concurso mercantil.** Mediante escrito presentado el **diez de marzo de dos mil veintiséis**, por **TV Azteca, sociedad anónima bursátil de capital variable,** en la Oficina de Correspondencia Común de los Juzgados de Distrito en Materia de Concursos Mercantiles y turnado a este órgano jurisdiccional el día siguiente hábil, solicitó su declaración en estado de concurso mercantil en la **etapa de conciliación**; fundando su petición en los hechos y consideraciones de derecho contenidos en la referida solicitud.

**SEGUNDO. Radicación, admisión y trámite del concurso mercantil.** Por auto de **trece de marzo de dos mil veintiséis**, se radicó el asunto bajo el número de expediente **22/2026-II**.

Posteriormente, el **veinte de marzo de dos mil veintiséis**, previo desahogo de prevención, se admitió a trámite la solicitud planteada; asimismo, se giró oficio al **Instituto Federal de Especialistas de Concursos Mercantiles**, para que designara **visitador**, y se otorgaron como providencias precautorias:

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

***"1)** Con fundamento en la fracción I, del artículo 37 de la ley concursal, se prohíbe a la **comerciante** **TV Azteca, sociedad anónima bursátil de capital variable**, hacer pagos **que tengan como origen obligaciones vencidas con anterioridad a la admisión** de la solicitud de concurso mercantil.*

***2)** La suspensión de todo procedimiento de ejecución (judicial, administrativo, contractual o extracontractual) o trabe de embargo en contra de los bienes y derechos de la **comerciante**, **que tengan como origen obligaciones vencidas con anterioridad a la admisión,** con fundamento en lo establecido en la fracción II, del artículo 37 de la Ley de Concursos Mercantiles.*

*Sin que dicha medida implique la paralización de la substanciación de los procesos seguidos en contra de la **comerciante**, sino que significa la suspensión de la ejecución material sobre sus bienes y derechos, es decir, se refiere a la suspensión del procedimiento de remate, de adjudicación, entre otros similares, tendentes a desintegrar la masa concursal.*

*Respecto a esta medida cautelar, con fundamento en lo dispuesto por el artículo 65, segundo párrafo de la ley de la materia, se precisa que cuando el mandato de embargo o ejecución sea de carácter laboral, la suspensión no surtirá efectos respecto de lo dispuesto en la fracción XXIII, del apartado A, del artículo 123 constitucional y sus disposiciones reglamentarias, considerando los salarios de los dos años anteriores al concurso mercantil.*

*Asimismo, con fundamento en lo dispuesto por el artículo 69 de la ley de la materia, dicha medida implica la suspensión de los procedimientos administrativos de ejecución de los créditos fiscales en contra de la **comerciante**, ello hasta en tanto se dicte sentencia que niegue el estado de concurso mercantil o bien, en su caso, fenezca el plazo para la etapa de conciliación.*

*En el entendido que las autoridades fiscales competentes podrán continuar con los actos necesarios para la determinación y aseguramiento de los créditos fiscales a cargo de la **comerciant**e.*

*Se precisa que el presunto estado de concurso mercantil de la **comerciante**, no es causa para interrumpir el pago de las contribuciones fiscales o de seguridad social ordinarias a su cargo, por ser indispensables para la operación de la empresa.*

***3)** Con fundamento en la fracción III, del artículo 37 de la ley de la materia, se prohíbe a la **comerciante**, realizar operaciones de enajenación o gravamen de los bienes principales de su empresa.*

***4)** Se prohíbe el aseguramiento sobre bienes propiedad de la **comerciante**, que resulten indispensables para la operación ordinaria de ésta; incluyendo, sin limitación, aseguramientos ordenados por autoridades locales o federales, con fundamento en la fracción IV, del artículo 37 de la ley de la materia.*

***5)** Se prohíbe realizar transferencias de recursos o valores a favor de terceros, en términos de la fracción VI, del artículo 37 de la ley de la materia.*

*(…)*

***A)** Se prohíbe suspender, revocar, rescindir, terminar y/o cancelar contratos, preparatorios o definitivos, pendientes de ejecución de los que sea parte **TV Azteca, sociedad anónima bursátil de capital variable**, ello hasta en tanto se emita sentencia que niegue la declaración de concurso*

ROBERTO ABIHUD VICTORIA VILLELA
3030303031303030303030353135343238363833
04/10/26 10:17:13

*mercantil o bien, cuando sea declarado dicho estado, el* ***conciliador*** *que en su caso sea designado, manifieste si se opone o no a su cumplimiento, en términos de lo previsto por el artículo 92 de la ley de la materia.*

***B)*** *Se ordena tener por no puesta, salvo las excepciones expresamente establecidas en la Ley de Concursos Mercantiles, cualquier estipulación contractual que con motivo de la presentación de la solicitud de concurso mercantil, o de su declaración, establezca modificaciones que agraven para la* ***comerciante*** *los términos de los contratos en los que forme parte.*

***C)*** *Se prohíbe suspender, revocar, rescindir, cancelar, modificar, limitar o afectar, total o parcialmente, cualquier concesión, permiso, licencia, autorización, registro, inscripción, título habilitante o cualquier otro derecho otorgado a favor de la* ***comerciante*** *que le permita operar.*

*En el entendido que dicha medida no es motivo ni justificación para que la* ***comerciante*** *deje de cumplir con el pago de los derechos generados con motivo del uso de las concesiones públicas que explota.*

*Asimismo, la medida otorgada no constituye ningún impedimento para que la autoridad reguladora competente en la materia de telecomunicaciones, ejerza sus facultades de regulación, supervisión, vigilancia o sanción a la* ***comerciante*** *con motivo del uso que ejerce del espectro radioeléctrico.*

***D)*** *Se prohíbe a las instituciones del sistema financiero mexicano en las que la* ***comerciante TV Azteca, sociedad anónima bursátil de capital variable****, mantenga cuentas aperturadas de transferir, disponer, embargar, detener, descontar, deducir, retener, compensar y/o utilizar los recursos que se encuentren administrados en dichas cuentas o sean parte del patrimonio de aquéllas, salvo las excepciones previstas para los casos de embargos antes señaladas.*

*Sin que las medidas decretadas beneficien a las empresas afiliadas o subsidiarias de la* ***comerciante****; puesto que, como ya se refirió, el artículo 37, fracción II de la ley de la materia, prevé expresamente que las providencias precautorias únicamente están dirigidas a proteger los bienes y derechos de la empresa sujeta al proceso.”*

**TERCERO. Designación de visitador y orden de visita**. Por oficio **IFECOM/DG/0810/2026** el **Instituto Federal de Especialistas de Concursos Mercantiles**, hizo del conocimiento que designó como **visitador** a **Samuel Ricardo Egure Lascano**, a quien por auto de **diez de abril de dos mil veintiséis**, se tuvo por aceptado y protestado el cargo conferido.

Asimismo, en dicho proveído se ordenó practicar a la **comerciante** la visita de verificación a que se refieren los

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633833
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

artículos 30 y 31 de la Ley de Concursos Mercantiles.

La cual inició el **veinte de abril de dos mil veintiséis**, donde el **visitador** oportunamente levantó acta en la que hizo constar los hechos relativos al objeto de la visita, de los que tuvieron conocimiento él y sus auxiliares.

**CUARTO. Presentación de Dictamen.** En proveído de **veinte de mayo de dos mil veintiséis,** se tuvo al **visitador** exhibiendo dictamen razonado y circunstanciado, por lo que se ordenó ponerlo a la vista de la **comerciante** por **cinco días** para que alegara lo que a su derecho conviniera.

Asimismo, por auto de **uno de junio de dos mil veintiséis**, se ordenó poner los autos a la vista de la suscrita juzgadora para pronunciar la sentencia que hoy se dicta al tenor de los siguientes:

ROBERTO ABIHUD VICTORIA VILLELA
303030303130303030303030303531353432383636833
04/10/26 10:17:13

## C O N S I D E R A N D O S

**PRIMERO. Competencia.** Este Juzgado Primero de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana, **es competente para resolver lo concerniente a la declaración de concurso mercantil**, de conformidad con el artículo 104, fracción II de la Constitución Política de los Estados Unidos Mexicanos; Acuerdo General 4/2022[1] del extinto Pleno del Consejo de la Judicatura Federal, relativo al inicio de funciones de este órgano jurisdiccional; 56, fracción II de la Ley Orgánica del Poder Judicial de la Federación, y los numerales 9o, 10, 11, 20, 41, 42 y 43 de la Ley de

---

[1] **Artículo 3.** Los Juzgados Primero y Segundo de Distrito en Materia de Concursos Mercantiles tendrán su residencia en la Ciudad de México y jurisdicción en la República Mexicana para conocer de todas las controversias en materia concursal a que se refieren el artículo 59, fracción II, de la Ley Orgánica del Poder Judicial de la Federación y la Ley de Concursos Mercantiles; así como de los juicios de amparo indirecto relacionados con esta materia.

Concursos Mercantiles.

**SEGUNDO. Legitimación**. La legitimación de la **solicitante** del concurso para promover se encuentra acreditada en términos de los artículos 4o, fracción II, 9o, fracción I y 20 de la Ley de Concursos Mercantiles, que prevén que el concurso mercantil puede ser presentado por personas morales que tengan el carácter de **comerciante** y, en el caso **TV Azteca, sociedad anónima bursátil de capital variable**, acredita tenerlo con los documentos exhibidos con el escrito de solicitud, en específico con:

- Copia certificada del instrumento notarial **ciento ochenta y cuatro mil ochocientos cuarenta** de **veintitrés de julio de dos mil veinticinco**, pasada ante la fe del notario público **ciento treinta y cinco** de la Ciudad de México.

Elemento de convicción al que se concede pleno valor probatorio, con fundamento en el artículo 1292 del Código de Comercio, de aplicación supletoria a la Ley de Concursos Mercantiles.

Al respecto, la especie y forma de constitución de la **solicitante** implica su carácter de **comerciante** en términos de lo dispuesto por el artículo 3o, fracción II del Código de Comercio, en el que se establece que se reputan **comerciantes** a las sociedades constituidas con arreglo a las leyes mercantiles, y a su vez, la fracción IV del artículo 1o de la Ley General de Sociedades Mercantiles, entre las especies de sociedades mercantiles reconocen a la sociedad anónima, en tanto que el numeral 4º de esa ley, expresa que se reputan mercantiles las sociedades que se constituyan en alguna de las formas reconocidas en el mencionado artículo

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

1o de la propia ley.

De lo que se sigue que la **solicitante** acreditó su calidad de **comerciante**.

Además, el artículo 20 de la Ley de Concursos Mercantiles prevé que el **comerciante** que considere que ha incurrido en el incumplimiento generalizado de sus obligaciones, en términos de cualquiera de los supuestos establecidos en el artículo 10 de ese ordenamiento, podrá solicitar que se declare en concurso mercantil, como se hizo en el presente caso.

**TERCERO. Estudio de la acción concursal**. Tomando en consideración que en forma primordial se debe concluir si la **solicitante** del concurso **TV Azteca, sociedad anónima bursátil de capital variable**, incumplió generalizadamente en el pago de sus obligaciones, como requisito indispensable para ser declarada en concurso mercantil, es necesario señalar que los artículos 9 y 10 de la Ley de Concursos Mercantiles, disponen que procede la declaración de concurso mercantil de un **comerciante** cuando así lo solicite y se demuestre el incumplimiento generalizado de sus obligaciones de pago, con dos o más **acreedores** distintos, que tengan por lo menos **treinta días** de haber vencido, representen el **treinta y cinco por ciento** o más de todas las obligaciones a cargo de la **comerciante**, o bien, no tenga activos para hacer frente a por lo menos el **ochenta por ciento** de sus obligaciones vencidas a la fecha de presentación de la solicitud.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313535343238363833
04/10/26 10:17:13

Por su parte, el artículo 42 de la ley de la materia, dispone que la sentencia que se dicte debe considerar lo manifestado, probado y alegado por las partes; así como, razonar las pruebas aportadas, incluyendo el dictamen del **visitador**.

Expuesto lo anterior, y toda vez que en principio en el **considerando segundo** de la presente resolución, quedó acreditada la calidad de **comerciante** de la **solicitante** de concurso, se analiza si incumplió generalizadamente en el pago de sus obligaciones.

La comerciante en la solicitud de concurso mercantil presentada, y en especial de la memoria razonada de las causas que la sitúan en incumplimiento en el pago de sus obligaciones, se desprende que esencialmente indicó:

**1. Presión Fiscal Inminente.**

Enfrenta créditos fiscales determinados por el Servicio de Administración Tributaria, por aproximadamente **$8,692,000,000.00 (ocho mil seiscientos noventa y dos millones de pesos 00/100 moneda nacional)**, por concepto de Impuesto Sobre la Renta de los ejercicios fiscales de dos mil nueve y dos mil trece, con multas y recargos; por lo cual, el riesgo de ejecución administrativa —incluyendo inmovilización de cuentas bancarias e intervención de la empresa— la obligó a contratar financiamiento urgente por hasta $**5,000,000,000.00 (cinco mil millones de pesos 00/100 moneda nacional)**, lo que incrementó su pasivo y deterioró aún más su capital.

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

**2. Pasivos por Bonos en Estados Unidos.**

En dos mil diecisiete, emitió bonos en Estados Unidos de América, por **USD $400,000,000 (cuatrocientos millones de dólares 00/100 moneda de curso legal en los Estados Unidos de América)** con vencimiento en agosto de dos mil veinticuatro, al no poder pagar, la deuda creció a **USD**

**$532,000,000.00 (quinientos treinta y dos millones de dólares 00/100 moneda de curso legal en los Estados Unidos de América).**

Los fondos tenedores de esos bonos escalaron el conflicto a nivel político-institucional, involucrando al gobierno Mexicano en un arbitraje internacional y generando presión pública que deterioró el entorno crediticio y reputacional de la empresa, desde dos mil veintiuno se intentaron negociaciones y mediación formal sin llegar a acuerdo.

**3. Transformación Estructural de la Industria de Medios.**

Su modelo de negocio depende casi exclusivamente de la publicidad en televisión abierta; sin embargo, dicha industria ha sufrido una caída estructural global derivada de:

- La migración de audiencias hacia plataformas de *streaming* (**Netflix**, **Amazon, Disney+**, **YouTube**).
- La fragmentación de audiencias y la pérdida del *rating* como indicador comercial relevante.
- La captación del gasto publicitario por parte de **Google**, **Meta** y **TikTok**, que concentran cerca del 68% (sesenta y ocho por ciento) de la publicidad en internet.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

**4. Impacto del COVID-19.**

La pandemia aceleró el declive ya en marcha, puesto que la inversión publicitaria colapsó en dos mil veinte y la industria televisiva cayó 30% (treinta por ciento) durante ese periodo, y América Latina fue la región más afectada, sin que los ingresos del sector hayan recuperado los niveles prepandemia, incluso al momento de la presentación del concurso.

**5. Contracción del Gasto Publicitario Gubernamental.**

A partir de dos mil dieciocho, la política de austeridad del gobierno federal redujo de manera sistemática y sostenida su inversión publicitaria en medios tradicionales, y se estima una caída acumulada de aproximadamente **36%** (treinta y seis por ciento) en términos reales entre dos mil diecinueve y dos mil veinticuatro, eliminando lo que había sido una fuente de ingreso estable y predecible.

**6. Entorno Macroeconómico Adverso.**

El Producto Interior Bruto de México creció en promedio apenas 0.77% (cero punto setenta y siete por ciento) anual entre dos mil dieciocho y dos mil veinticinco; asimismo, la inflación acumulada del período fue de 38.8% (treinta y ocho punto ocho por ciento), encareciendo los costos de producción.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383
04/10/26 10:17:13

De igual forma, las altas tasas de interés agravaron el costo del endeudamiento, y la incertidumbre económica general contrajo la inversión publicitaria del sector privado.

**7. Intensificación de la Competencia.**

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

Que ya no compite solo con **Televisa** e **Imagen TV**, sino también con sistemas de cable, plataformas satelitales, y operadores de Plataformas Digitales, todos disputando simultáneamente audiencias, publicidad y contenidos.

Motivos que refiere han detonado su incumplimiento generalizado de obligaciones.

Para acreditar lo anterior, la **comerciante** exhibió junto con el escrito de solicitud de declaración de concurso mercantil, en los formatos del **Instituto Federal de Especialistas de Concursos Mercantiles**, los documentos siguientes:

**1.** Estados financieros auditados de los ejercicios fiscales correspondientes a:

- **Dos mil veintidós.**
- **Dos mil veintitrés.**
- **Dos mil veinticuatro.**
- **Dos mil veinticinco, sin auditar.**
- **De enero de dos mil veintiséis.**

**2.** Memoria razonada de las causas que sitúan a la comerciante en incumplimiento en el pago de sus obligaciones.

**3.** Relación de Acreedores.

**4.** Relación de Deudores.

**5.** Inventario de todos los bienes del comerciante.

**6.** Relación de juicios en los cuales el comerciante es parte.

**7.** Acuerdos de los actos corporativos necesarios para solicitar la declaración en concurso mercantil, en específico, la copia certificada del instrumento notarial **ciento ochenta y ocho mil setecientos diez** de **veintiséis de febrero de dos mil veintiséis**, pasada ante la fe del notario público **ciento treinta y cinco** en la Ciudad de México.

**8.** Propuesta de convenio preliminar de pago a acreedores.

**9.** Propuesta preliminar de conservación de la empresa.

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

Documentales a las que, estimadas en conjunto, se concede pleno valor probatorio, en términos de los artículos 1292 y 1296 del Código de Comercio, de aplicación supletoria a la Ley de Concursos Mercantiles.

De las cuales se advierte que, la **comerciante** ha incumplido generalizadamente en el pago de sus obligaciones, como se aprecia de la **relación de los presuntos acreedores**, **estados financieros de la empresa**

**concursada descritos** e **inventario de sus diversos bienes**.

Lo cual se corrobora con el **dictamen exhibido por el visitador**, al que se concede pleno valor probatorio, de acuerdo con lo dispuesto por el artículo 1301 del Código de Comercio, de aplicación supletoria a la Ley de Concursos Mercantiles, del cual se desprende que siguió los lineamientos establecidos por la legislación mencionada; señaló que revisó información y documentación que fue proporcionada por la **comerciante** en cumplimiento a la orden de visita; indicó el periodo marcado en ésta; tomó en consideración los hechos planteados en la solicitud; además, mencionó los datos por los que llegó al resultado y satisfizo los requisitos que se establecen en el numeral 40 de la ley de la materia.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633
04/10/26 10:17:13

Asimismo, se observa que el **especialista** refirió que el importe de las obligaciones de pago que tienen por lo menos **treinta días de vencidas**, constituyen el **64.73% (sesenta y cuatro punto setenta y tres por ciento)** del importe total de obligaciones de pago de la **comerciante**, vencidas y no vencidas; en tanto que, el porcentaje del total de activos para hacer frente a las obligaciones de pago vencidas a la fecha de presentación de la solicitud de concurso mercantil, es del **7.07% (siete punto cero siete por ciento)**, como se observa de la tabla siguiente:

PODER JUDICIAL DE LA FEDERACIÓN
SENTENCIA

| | | Cuantía en moneda nacional |
|---|---|---|
| 1 | Obligaciones de pago que tienen por lo menos 30 días de vencidas a la fecha de presentación de la solicitud y que corresponden a 228 acreedores distintos (total de la sección 1). | **$15,511,251,120.35** |
| 2 | Obligaciones de pago con menos de 30 días de vencidas a la fecha de presentación de la solicitud (total de la sección 2). | **$410,742,626.23** |

| | | |
|---|---|---|
| **A=1+2** | Total de obligaciones de pago vencidas a la fecha de presentación de la solicitud. | **$15,921,993,746.58** |
| **3** | Obligaciones de pago no vencidas a la fecha de presentación de la solicitud (total de la sección 3). | **$8,039,379,471.78** |
| **B=A+3** | Total de obligaciones a cargo de comerciante, vencidas y no vencidas. | **$23,961,373,218.36** |
| **4** | Total de activos líquidos concursales para hacer frente a por lo menos el ochenta por ciento de las obligaciones de pago vencidas a la fecha de presentación de la solicitud (total de la sección 5). | **$1,125,918,631.90** |
| **1 ÷ B** | Porcentaje de: Obligaciones de pago que tienen por lo menos 30 días de vencidas / Total de obligaciones de pago a cargo del comerciante, vencidas y no vencidas. | **64.73%** |
| **4 ÷ A** | Porcentaje de: Total de activos para hacer frente / Total de obligaciones de pago vencidas a la fecha de presentación de la solicitud. | **7.07%** |

Acorde con lo expuesto, una vez adminiculadas las pruebas rendidas por la **comerciante**, sus manifestaciones y el referido dictamen, este órgano jurisdiccional considera que la **concursada incurrió en incumplimiento generalizado de sus obligaciones de pago a más de dos acreedores distintos**, aunado a que se actualizan los supuestos previstos en las fracciones I y II del artículo 10 de la Ley de Concursos Mercantiles.

ROBERTO ABIHUD VICTORIA VILLELA
303030313030303030303535313534323836383 3
04/10/26 10:17:13

Puesto que, del dictamen rendido por el **visitador** se advierte que las obligaciones que tienen por lo menos treinta días de haber vencido a la fecha de presentación de la solicitud, representan más del 35% (treinta y cinco por ciento) de todas las obligaciones de pago a cargo de la comerciante a esa fecha, lo que resulta suficiente para tener por demostrado el supuesto de concurso mercantil, previsto en la fracción I del precepto legal en cita.

Asimismo, porque se aprecia que el porcentaje del total de activos de la **comerciante** para hacer frente a las obligaciones de pago vencidas a la fecha de presentación de la solicitud de concurso mercantil es inferior a 80% (ochenta por ciento), lo que resulta suficiente para tener por demostrado el supuesto de concurso mercantil, previsto en la fracción II del precepto legal en cita.

En esa tesitura, **SE DECLARA PROCEDENTE LA SOLICITUD DE DECLARACIÓN DE CONCURSO MERCANTIL** con apertura en la **ETAPA DE CONCILIACIÓN** de la **comerciante TV Azteca, sociedad anónima bursátil de capital variable**, con las consecuencias que se describen en los puntos resolutivos de la presente resolución, en términos de los artículos 43 al 45, 47, 65, 66, 69, 89, 112, 149, 278, fracción IV y 291 de la Ley de Concursos Mercantiles.

**CUARTO. Medidas precautorias.** Siendo esta juzgadora rectora del procedimiento de concurso mercantil y teniendo todas las facultades necesarias para cumplir lo que prevé la Ley de Concursos Mercantiles, **SE DEJAN SUBSISTENTES** únicamente las medidas cautelares consistentes en:

*"**1)** Con fundamento en la fracción I, del artículo 37 de la ley concursal, se prohíbe a la **comerciante TV Azteca, sociedad anónima bursátil de capital variable**, hacer pagos **que tengan como origen obligaciones vencidas con anterioridad a la admisión** de la solicitud de concurso mercantil.*

***2)** La suspensión de todo procedimiento de ejecución (judicial, administrativo, contractual o extracontractual) o trabe de embargo en contra de los bienes y derechos de la **comerciante**, **que tengan como origen obligaciones vencidas con anterioridad a la admisión,** con fundamento en lo establecido en la fracción II, del artículo 37 de la Ley de Concursos Mercantiles.*

*Sin que dicha medida implique la paralización de la substanciación de los procesos seguidos en contra de la **comerciante**, sino que significa la suspensión de la ejecución material sobre sus bienes y derechos, es decir, se refiere a la suspensión del procedimiento de remate, de adjudicación, entre otros similares, tendentes a desintegrar la masa concursal.*

*Respecto a esta medida cautelar, con fundamento en lo dispuesto por el artículo 65, segundo párrafo de la ley de la materia, se precisa que cuando el mandato de embargo o ejecución sea de carácter laboral, la suspensión no surtirá efectos respecto de lo dispuesto en la fracción XXIII, del apartado A, del artículo 123 constitucional y sus disposiciones reglamentarias, considerando los salarios de los dos años*

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13
PODER JUDICIAL DE LA FEDERACIÓN
SENTENCIA

*anteriores al concurso mercantil.*

*Asimismo, con fundamento en lo dispuesto por el artículo 69 de la ley de la materia, dicha medida implica la suspensión de los procedimientos administrativos de ejecución de los créditos fiscales en contra de la* ***comerciante****, ello hasta en tanto se dicte sentencia que niegue el estado de concurso mercantil o bien, en su caso, fenezca el plazo para la etapa de conciliación.*

*En el entendido que las autoridades fiscales competentes podrán continuar con los actos necesarios para la determinación y aseguramiento de los créditos fiscales a cargo de la* ***comerciant****e.*

*Se precisa que el presunto estado de concurso mercantil de la* ***comerciante****, no es causa para interrumpir el pago de las contribuciones fiscales o de seguridad social ordinarias a su cargo, por ser indispensables para la operación de la empresa.*

***3)*** *Con fundamento en la fracción III, del artículo 37 de la ley de la materia, se prohíbe a la* ***comerciante****, realizar operaciones de enajenación o gravamen de los bienes principales de su empresa.*

***4)*** *Se prohíbe el aseguramiento sobre bienes propiedad de la* ***comerciante****, que resulten indispensables para la operación ordinaria de ésta; incluyendo, sin limitación, aseguramientos ordenados por autoridades locales o federales, con fundamento en la fracción IV, del artículo 37 de la ley de la materia.*

***5)*** *Se prohíbe realizar transferencias de recursos o valores a favor de terceros, en términos de la fracción VI, del artículo 37 de la ley de la materia.*

*(…)*

***A)*** *Se prohíbe suspender, revocar, rescindir, terminar y/o cancelar contratos, preparatorios o definitivos, pendientes de ejecución de los que sea parte* ***TV Azteca, sociedad anónima bursátil de capital variable****, ello hasta en tanto se emita sentencia que niegue la declaración de concurso mercantil o bien, cuando sea declarado dicho estado, el* ***conciliador*** *que en su caso sea designado, manifieste si se opone o no a su cumplimiento, en términos de lo previsto por el artículo 92 de la ley de la materia.*

***B)*** *Se ordena tener por no puesta, salvo las excepciones expresamente establecidas en la Ley de Concursos Mercantiles, cualquier estipulación contractual que con motivo de la presentación de la solicitud de concurso mercantil, o de su declaración, establezca modificaciones que agraven para la* ***comerciante*** *los términos de los contratos en los que forme parte.*

*(…)*

***D)*** *Se prohíbe a las instituciones del sistema financiero mexicano en las que la* ***comerciante TV Azteca, sociedad anónima bursátil de capital variable****, mantenga cuentas aperturadas de transferir, disponer, embargar, detener, descontar, deducir, retener, compensar y/o utilizar los recursos que se encuentren administrados en dichas cuentas o sean parte del patrimonio de aquéllas, salvo las excepciones previstas para los casos de embargos antes señaladas.*

*Sin que las medidas decretadas beneficien a las empresas afiliadas o subsidiarias de la* ***comerciante****; puesto que, como ya se refirió, el artículo 37, fracción II de la ley de la materia, prevé expresamente que las*

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

> *providencias precautorias únicamente están dirigidas a proteger los bienes y derechos de la empresa sujeta al proceso.”.*

Sin que, con fundamento en lo dispuesto por el artículo 38 de la Ley de Concursos Mercantiles, continúe vigente la medida precautoria decretada en auto de **veinte de marzo de dos mil veintiséis**, consistente en:

> *“**C)** Se prohíbe suspender, revocar, rescindir, cancelar, modificar, limitar o afectar, total o parcialmente, cualquier concesión, permiso, licencia, autorización, registro, inscripción, título habilitante o cualquier otro derecho otorgado a favor de la **comerciante** que le permita operar.*
> *En el entendido que dicha medida no es motivo ni justificación para que la **comerciante** deje de cumplir con el pago de los derechos generados con motivo del uso de las concesiones públicas que explota.*
> *Asimismo, la medida otorgada no constituye ningún impedimento para que la autoridad reguladora competente en la materia de telecomunicaciones, ejerza sus facultades de regulación, supervisión, vigilancia o sanción a la **comerciante** con motivo del uso que ejerce del espectro radioeléctrico.”*

ROBERTO ABIHUD VICTORIA VILLELA
303030303130303030303035353135343238363833
04/10/26 10:17:13

Puesto que, como se verá más adelante en esta sentencia, la comerciante no es titular de alguna concesión; por lo cual, se decreta el levantamiento de dicha medida, aunado a que, como se ha señalado en autos, las providencias precautorias en términos de lo previsto por el artículo 37, fracción II de la Ley de Concursos Mercantiles, únicamente benefician a los bienes y derechos de la concursada.

SENTENCIA
ESTADOS UNIDOS MEXICANOS
PODER JUDICIAL DE LA FEDERACIÓN

Ahora bien, las que se dejan subsistentes se estiman necesarias para mantener el curso ordinario del negocio, proteger la masa concursal de la **comerciante**, y no crear mayores contingencias a la parte **concursada** agravando su situación actual.

Además, en protección de los derechos de los

**acreedores**, evitando que el incumplimiento generalizado de las obligaciones de la **solicitante** ponga en riesgo a los **comerciantes** con las que mantienen relaciones de negocio, así como, a efecto de evitar cualquier menoscabo a la masa concursal con motivo de la declaración de concurso mercantil.

**QUINTO. Fecha de retroacción.** Con apoyo en los artículos 43, fracción X, y 112 de la Ley de Concursos Mercantiles, se señala como fecha de retroacción del concurso el **nueve de octubre de dos mil veinticinco**.

Por lo expuesto y fundado, se

**R E S U E L V E**

**PRIMERO. Declaración de concurso mercantil**. Es procedente la solicitud de concurso mercantil presentada por **TV Azteca, sociedad anónima bursátil de capital variable**, al haberse acreditado que dicha **comerciante**, de acuerdo con lo dispuesto por el artículo 10 de la Ley de Concursos Mercantiles, incurrió en incumplimiento generalizado en el pago de sus obligaciones; por lo que, con esta fecha **SEIS DE JULIO DE DOS MIL VEINTISÉIS**, **SE DECLARA EN CONCURSO MERCANTIL A LA CITADA COMERCIANTE**, quien tiene su domicilio en **Periférico Sur, número 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, código postal 14140, Ciudad de México**.

ROBERTO ABIHUD VICTORIA VILLELA
303030313030303030353135343238363833
04/10/26 10:17:13

**SEGUNDO. Etapa de Conciliación**. Se declara abierta la **ETAPA DE CONCILIACIÓN** por **ciento ochenta y cinco días naturales**, contados a partir del día en que se haga la publicación en el Diario Oficial de la Federación de la presente resolución, con fundamento en lo dispuesto por el artículo 145 de la Ley de Concursos Mercantiles.

**TERCERO. Se pide al IFECOM señalamiento de Conciliador**. Con fundamento en lo dispuesto por el artículo 43, fracción IV, de la Ley de Concursos Mercantiles, se ordena al **Instituto Federal de Especialistas de Concursos Mercantiles** que dentro del término de **CINCO DÍAS** y a través del procedimiento aleatorio previamente establecido, designe **conciliador para fungir en este asunto**, quien dentro de los **TRES DÍAS** siguientes a su designación deberá hacer del conocimiento de los acreedores su nombramiento y señalar un domicilio dentro de la jurisdicción de este juzgado para el cumplimiento de las obligaciones que impone la Ley de Concursos Mercantiles.

En tanto se efectúa designación de **conciliador**, el **comerciante**, sus administradores, gerentes y dependientes tendrán las obligaciones que la ley atribuye a los depositarios.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

Ahora bien, se precisa que dicho organismo es el competente para designar a la persona que fungirá como conciliadora en el presente proceso concursal, toda vez que al realizar una consulta en el Registro Público de Concesiones[2], se desprende que las diversas sociedades **TV Azteca III, sociedad anónima de capital variable** y **Televisora del Valle de México, sociedad anónima promotora de inversión de capital variable**, son las titulares de las concesiones para explotar los canales de televisión, ligados a la aquí concursada; por lo cual, al ser sociedades no sujetas al presente proceso, no es aplicable lo dispuesto por los artículos 237 y 238 de la Ley de

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

[2] Consultables en https://rpc.ift.org.mx/vrpc/RpcSearchController/showConcesionInfo?idConcesion=FER040432CO-105174 y https://rpc.ift.org.mx/vrpc/pdfs/190815-TECNICA-010709.pdf

Concursos Mercantiles.

**CUARTO. Lista de acreedores en dictamen visitador**. Sin que la siguiente relación agote el procedimiento de reconocimiento, graduación y prelación de créditos, se hace del conocimiento de los interesados que, del contenido del dictamen emitido por el **visitador**, se desprende que son presuntivamente **acreedores** de la **comerciante**:

| NO. | NOMBRE Y DOMICILIO DE LOS PRESUNTOS ACREEDORES | TOTAL EN MONEDA NACIONAL |
|---|---|---|
| 1 | 27 MICRAS INTERNACIONAL SA DE CV<br><br>NORTE 35 695 COLONIA COLTONGO AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02630 MÉXICO | $1,249,689.68 |
| 2 | 5M2 ANDENES SAPI DE CV<br><br>CONSTITUYENTES 956 COLONIA LOMAS ALTAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11950 MÉXICO | $7,825,563.54 |
| 3 | 929 MARKETING INC<br><br>RUE CARTIER 3529 PLATEAU-MONT-ROYAL MONTREAL QUEBEC H2K 4G1 CANADÁ | $35,645.61 |
| 4 | 99 DEGREES & CO SC<br><br>PASEO DE LA REFORMA 222 T3 1908 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO<br><br>C. P. 06600 MÉXICO | $1,270.20 |
| 5 | ABARCA TRADUCCIÓN E INTERPRETACIÓN SC<br><br>SIRACUSA 59-A COLONIA LOMAS ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09890 MÉXICO | $15,776.00 |
| 6 | ABASTO BÁSICO SA DE CV<br><br>BODEGA F 8A SN COLONIA CENTRAL DE ABASTO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09040 MÉXICO | $22,006.00 |
| 7 | ADA JOSEFINA MENDOZA ARTEAGA<br><br>PRIV EMILIANO ZAPATA 109 COLONIA SANTA ANITA IZTAPALAPA CIUDAD DE MÉXICO C. P. 08300 MÉXICO | $93,500.00 |
| 8 | ADDALLY SOLUTIONS BV<br><br>ÁMSTERDAM SESTRAATWEG 18 BAARN BAARN ULTRECHT 3743 PAÍSES BAJOS | $39,548,040.75 |
| 9 | ADJ PRODUCTS GROUP MÉXICO S DE RL DE CV<br><br>AVENIDA SANTA ANA 30 COLONIA LERMA DE VILLADA LERMA ESTADO DE MÉXICO C. P. 52000 MÉXICO | $7,187.17 |

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303035313534323836383 3
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA**

**SENTENCIA DECLARACIÓN DE CONCURSO MERCANTIL**

**CONCURSO MERCANTIL 22/2026-II.**

| | | |
|---|---|---|
| 10 | ADMINISTRACIÓN PATRIMONIAL PARA PROFESIONISTAS SA DE CV<br><br>AHUEHUETES NORTE 861 COLONIA BOSQUES DE LAS LOMAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11700 MÉXICO | $160,080.00 |
| 11 | ADRIANA AGREDANO RUBALCABA<br><br>RUBÉN DARÍO 271 COLONIA CIRCUNVALACIÓN VALLARTA GUADALAJARA JALISCO C. P. 44680 MÉXICO | $5,799.99 |
| 12 | ADVANSEC SC<br><br>MORELOS 2 COLONIA SAN LUCAS TEPETLACALCO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54055 MÉXICO | $98,638.92 |
| 13 | ADVERTISING RESEARCH FOUNDATION INC<br><br>PARK AVENUE SOUTH 432 NEW YORK NEW YORK 10016 ESTADOS UNIDOS DE AMÉRICA | $273,600.56 |
| 14 | AGUILAR BAYONA JESÚS<br><br>CARR.LIBRE DURANGO TORREÓN KM. 50 COLONIA EJIDO ENRIQUE CALDERÓN RODRÍGUEZ PANUCO DE COLORADO DURANGO C. P. 34775 MÉXICO | $93,080.37 |
| 15 | AGZA TRADUCTORES SA DE CV<br><br>PASEO DE LA REFORMA 300 PISO 9 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO<br><br>C. P. 06600 MÉXICO | $700.00 |
| 16 | AIM SPORTS LLC<br><br>BROADWAY 29 NUEVA YORK NEW YORK NEW YORK 10019 ESTADOS UNIDOS DE AMÉRICA | $222,452.50 |
| 17 | AKAM MÉXICO TECHNOLOGIES S DE RL DE CV<br><br>PASEO DE LA REFORMA 404 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $299,500.00 |
| 18 | ALDABA ARTE SA DE CV<br><br>SÓCRATES 136 COLONIA PALMAS POLANCO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $59,090.00 |
| 19 | ALDEA SOLUTIONS INC<br><br>COTE DE LIESSE 8550 SUITE 200 SAINT-LAURENT MONTREAL QUEBEC H4T 1H2 CANADÁ | $355,034.19 |
| 20 | ALEJANDRO LEAL MORA<br><br>BAHÍA DE GUANTÁNAMO 64 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO MORELOS C.P. 11300 MÉXICO | $3,729.40 |
| 21 | ALFREDO RIVERON CALZADA<br><br>CUMBRES DE ACULTZING 26 COLONIA NARVARTE PONIENTE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03020 MÉXICO | $364,273.32 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

SENTENCIA

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 22 | **ALICIA HERNÁNDEZ VALENCIA**<br><br>**LÁZARO CADENAS 168 COLONIA VILLA ARTESANAL PARACHO MICHOACÁN C. P. 60257 MÉXICO** | **$1,000.00** |
| 23 | **ALL WHEEL MOTORSPORTS SA DE CV**<br><br>**LAGO WENNER 16 16 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11490 MÉXICO** | **$43,276.12** |
| 24 | **AM TECNOLOGÍA SA DE CV**<br><br>**CALLE DIAGONAL SAN ANTONIO 934 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO** | **$79,056.63** |
| 25 | **AMAIRANI BECERRIL SANTIAGO**<br><br>**CERRADA 1RA DE AQUILES SERDÁN 5 COLONIA SANTIAGO TEPALCATLALPAN XOCHIMILCO CIUDAD DE MÉXICO C. P. 16200 MÉXICO** | **$106,232.00** |
| 26 | **AMBIENTE KREATIVO EMPRESARIAL SA DE CV**<br><br>**PLAYA AZUL 319 COLONIA AGRÍCOLA PANTALÁN IZTACALCO CIUDAD DE MÉXICO C. P. 08810 MÉXICO** | **$15,457.26** |
| 27 | **AMX CONTENIDO SA DE CV**<br><br>**LAGO ZÚRICH 245 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11529 MÉXICO** | **$39,712,864.72** |
| 28 | **ANDREA EHRLICH TORRES TRUEBA**<br><br>**MERCED GÓMEZ, LOCAL 1 7 COLONIA MERCED GÓMEZ BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03930 MÉXICO** | **$31,635.75** |
| 29 | **ANÚNCIATE EN EL ORIENTE SA DE CV**<br><br>**NEZAHUALCÓYOTL 180 COLONIA RAÚL ROMERO NEZAHUALCÓYOTL ESTADO DE MÉXICO C. P. 57630 MÉXICO** | **$158,338.13** |
| 30 | **ARACELI SÁNCHEZ RIVERA**<br><br>**SAN FELIPE 85 TB 107 COLONIA XOCO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03330 MÉXICO** | **$9,625.00** |
| 31 | **ARGOIT MÉXICO SAPI DE CV**<br><br>**PASEO DE LA REFORMA 180 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO** | **$373,932.73** |
| 32 | **ARMENDÁRIZ FLORES CARLOS ABIUD**<br><br>**MINA 5 COLONIA CIUDAD CAMARGO CENTRO CHIHUAHUA CHIHUAHUA C. P. 33700 MÉXICO** | **$93,796.70** |
| 33 | **AROCHI & LINDNER SC**<br><br>**AVENIDA INSURGENTES SUR 1605 PISO 20 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MÉXICO** | **$94,030.41** |
| 34 | **ARRENDADORA INTERNACIONAL AZTECA SA DE CV**<br><br>**AVENIDA TEOPANZOLCO 669 COLONIA REFORMA CUERNAVACA MORELOS C. P. 62260 MÉXICO** | **$1,182,098.52** |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383
04/10/26 10:17:13

| | | |
|---|---|---|
| 35 | ARREZ HERNÁNDEZ JOSÉ GUADALUPE<br><br>SUR 101B COLONIA SECTOR POPULAR IZTAPALAPA CIUDAD DE MÉXICO C. P. 09060 MÉXICO | $2,400.00 |
| 36 | ARTURO RAMOS SOBARZO<br><br>MANZANA G LOTE 1 ED F DEP 301 COLONIA LLANO DE LOS BÁEZ ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P. 55055 MÉXICO | $104,887.77 |
| 37 | ASESORES PUBLICITARIOS DE TIJUANA S DE RL DE CV<br><br>AGUA CALIENTE 8582 COLONIA ZONA CENTRO TIJUANA BAJA CALIFORNIA C. P. 22000 MÉXICO | $140,924.81 |
| 38 | ASOCIACIÓN DE CONDÓMINOS DE CAMPECHE HILLS AC<br><br>CEIBA MANZANA 4 SN COLONIA LERMA CAMPECHE CAMPECHE C. P. 24500 MÉXICO | $18,000.00 |
| 39 | ASOCIACIÓN INTERNACIONAL DE RADIODIFUSIÓN - AIR CARLOS QUIJANO 1264 MONTEVIDEO 11100 URUGUAY | $331,774.56 |
| 40 | AUTOMECANICA TAPATÍA SA DE CV<br><br>AV PATRIA 1213 884 COLONIA JARDINES TEPEYAC ZAPOPAN JALISCO C. P. 45034 MÉXICO | $2,793.94 |
| 41 | AUTOUNO MOTORS SA DE CV<br><br>INSURGENTES SUR 1572 COLONIA CRÉDITO CONSTRUCTOR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MÉXICO | $29,972.41 |
| 42 | AXTEL SAB DE CV<br><br>BLVD DÍAZ ORDAZ KM. 3.33 L-1 COLONIA COLONIA UNIDAD SAN PEDRO MUNICIPIO SAN PEDRO GARZA NUEVO LEÓN C. P. 66215 MÉXICO | $306,240.73 |
| 43 | AYALA NEIRA JOSÉ LUIS<br><br>HACIENDA LOS FRESNO 165 COLONIA LÁZARO CÁRDENAS CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54800 MÉXICO | $118,088.00 |
| 44 | AYSEL SERVICIOS SA DE CV<br><br>ESTÍO 4 COLONIA ÁNGEL ZIMBRON AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02099 MÉXICO | $348,000.00 |
| 45 | BA INNOVATION MÉXICO<br><br>IGLESIA 2 TORRE E 103 COLONIA TIZAPAN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01090 MÉXICO | $47,935.39 |
| 46 | BAKU PUBLICIDAD Y MARKETING SA DE CV<br><br>MARIANO ESCOBEDO 476 PISO 12 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $345,680.00 |
| 47 | BALTAZAR LÓPEZ JIMÉNEZ<br><br>5 DE MAYO 19 COLONIA SAN ANDRÉS TOLTEPEC TLALPAN CIUDAD DE MÉXICO C. P. 14400 MÉXICO | $20,706.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 48 | BAWARE SA DE CV<br><br>PIRULES 5 5 COLONIA SAN VICENTE CHICOLOAPAN DE JUÁREZ CHICOLOAPAN ESTADO DE MÉXICO C. P. 56370 MÉXICO | $63,176.51 |
| 49 | BAXAL EXECUTIVE SEARCH SAS DE CV<br><br>HIPÓLITO TAINE 244 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $13,650.00 |
| 50 | BEKER 5.0 SAPI DE CV<br><br>AV SANTA FE 505 1501 COLONIA CUAJIMALPA DE MORELOS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05349 MÉXICO | $3,298,150.45 |
| 51 | BENITA GUERRERO VELÁZQUEZ<br><br>MEDIA LUNA SN SN COLONIA CERRO DE QUIMIXTEPEC METZTITLÁN HIDALGO C. P. 43350 MÉXICO | $30,000.00 |
| 52 | BH TRADE MARKET SA DE CV<br><br>SAN ANDRÉS ATOTO 155 COLONIA UNIDAD SAN ESTEBAN NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53550 MÉXICO | $26,920.78 |
| 53 | BITÁCORA SOCIAL MÉXICO S DE RL DE CV<br><br>MINERVA 87 COLONIA CRÉDITO CONSTRUCTOR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MÉXICO | $100,000.00 |
| 54 | BLOOMBERG LP<br><br>LEXINGTON AVENUE 731 NUEVA YORK MIDTOWN MANHATTAN NEW YORK 10022 ESTADOS UNIDOS DE AMÉRICA | $794,728.82 |
| 55 | BOTELLO Y BENAVIDES SC<br><br>GUSTAVO BAZ PRADA 309 COLONIA LA FLORIDA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54060 MÉXICO | $114,700.84 |
| 56 | BRENDA GARCÍA NÁPOLES<br><br>DURANGO 245 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $2,785.28 |
| 57 | BRUM RAMÍREZ ASESORES EN NEGOCIOS SC<br><br>AV INSURGENTES SUR 1605 COLONIA SAN JOSÉ INSURGENTES DELEGACIÓN BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 3900 MÉXICO | $57,721.50 |
| 58 | BRYAN OSVALDO ACOSTA SÁNCHEZ<br><br>SIMÓN BOLÍVAR 9 COLONIA LAS AMÉRICAS ECATEPEC DE MORELOS ESTADO DE MÉXICO<br><br>C. P. 55076 MÉXICO | $50,000.00 |
| 59 | BUILD YOUR DREAMS BUSSES MÉXICO S DE RL DE CV<br><br>RIO DE SAN JOAQUÍN 436 PISO 12 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11529 MÉXICO | $45,951,593.99 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

| | | |
|---|---|---|
| 60 | BUSTOS JAIMEZ SALOMÓN<br><br>CASAHUATES 14 COLONIA TAXCO DE ALARCÓN TAXCO DE ALARCÓN GUERRERO C. P. 40253 MÉXICO | $4,698.00 |
| 61 | BYASO MANTENIMIENTO INTEGRAL S DE RL DE CV<br><br>ISLA MONTAGUE 976 COLONIA SAN FELIPE TORREÓN COAHUILA C. P. 27085 MÉXICO | $35,536.03 |
| 62 | CADENA RADIODIFUSORA MEXICANA SA DE CV<br><br>CALZADA DE TLALPAN 3000 COLONIA ESPARTACO COYOACÁN CIUDAD DE MÉXICO C. P. 04870 MÉXICO | $17,218,234.88 |
| 63 | CADGRAFICS SA DE CV<br><br>NORTE 56-A 5204 COLONIA TABLAS DE SAN AGUSTÍN GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07860 MÉXICO | $43,622.00 |
| 64 | CAHNOS SA DE CV<br><br>IRAPUATO 188 COLONIA PEÑÓN DE LOS BAÑOS VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15520 MÉXICO | $311,905.63 |
| 65 | CAJAS FUERTES BULL SAFE SA DE CV<br><br>ALTADENA 44, C 44 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MÉXICO | $22,500.00 |
| 66 | CALLI YUU S DE RL DE CV<br><br>PRIVADA DE LA 19 PONIENTE 4512 3 COLONIA BELISARIO DOMÍNGUEZ HEROICA PUEBLA DE ZARAGOZA PUEBLA C. P. 72180 MÉXICO | $9,016.54 |
| 67 | CALZADO VAN VIEN SA DE CV<br><br>CALLE HÉROES DE NACOZARI 205 COLONIA REFORMA Y FERROCARRILES NACIONALES TOLUCA ESTADO DE MÉXICO C. P. 50070 MÉXICO | $1,795.00 |
| 68 | CAMACHO PÉREZ JOSÉ EDUARDO<br><br>MIGUEL HIDALGO 50 50 COLONIA SOTO LA MARINA TAMPICO TAMAULIPAS C. P. 87670 MÉXICO | $126,879.44 |
| 69 | CANON MEXICANA S DE RL DE CV<br><br>BLVD MANUEL ÁVILA CAMACHO 138 COLONIA LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $8,047.57 |
| 70 | CARLOS JAIME ESTRADA PÉREZ<br><br>20 DE NOV SUR 411 COLONIA CENTRO LINARES NUEVO LEÓN C. P. 67700 MÉXICO | $144,085.92 |
| 71 | CAROLINA CALDERÓN BADILLO<br><br>MINA LA GALLEGA 1 COLONIA FRACC LOMAS DE BERNÁRDEZ GUADALUPE ZACATECAS C.<br><br>P. 98610 MÉXICO | $35,382.59 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 72 | CASTRO ZAVALA JESÚS ANTONIO<br><br>BLVD FRANCISCO LABASTIDA OCHOA 164 COLONIA LAGO TRES RÍOS CULIACÁN SINALOA<br><br>C. P. 80027 MÉXICO | $117,083.06 |
| 73 | CBRE MÉXICO GWS S DE RL DE CV<br><br>PEDREGAL 24 COLONIA MOLINO DEL REY MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11040 MÉXICO | $16,773.78 |
| 74 | CCT MÉXICO SA DE CV<br><br>ABRAHAM LINCOLN 6217 6217 COLONIA PASEO DE LAS MITRAS MONTERREY NUEVO LEÓN C. P. 64118 MÉXICO | $18,570.32 |
| 75 | CERTSUPERIOR S DE RL DE CV<br><br>JAVIER BARROS SIERRA 540 TORRE 1 P 5025 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $17,297.91 |
| 76 | CESAR ARGEL LÓPEZ LUNA<br><br>CALLE CAYETANO ANDRADE, CASA 74 50 COLONIA SANTA MARTHA ACATITLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09510 MÉXICO | $27,952.39 |
| 77 | CESARFER SA DE CV<br><br>AVENIDA GAVILÁN 151 COLONIA GUADALUPE DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO<br><br>C. P. 09300 MÉXICO | $522,240.00 |
| 78 | CFE SUMINISTRADOR DE SERVICIOS BÁSICOS<br><br>PASEO DE LA REFORMA 164 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $6,691,498.34 |
| 79 | CHANTIRI ESPINOSA AVELINO ANDRÉS<br><br>1A ORIENTE NORTE 52 COLONIA CINTALAPA CINTALAPA CHIAPAS C. P. 30400 MÉXICO | $87,741.26 |
| 80 | CHRISTIAN RUBÉN CABRERA<br><br>CALLE F LUIS M PONCE 106 COLONIA CENTRO TULANCINGO DE BRAVO HIDALGO C. P. 43626 MÉXICO | $1,740.00 |
| 81 | CICOVISA SA DE CV<br><br>AMORES 134 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $10,294.14 |
| 82 | CIH TELECOMUNICACIONES DE MÉXICO SA DE CV<br><br>RENATO LEDUC 321 COLONIA TORIELLO GUERRA TLALPAN CIUDAD DE MÉXICO C. P. 14050 MÉXICO | $51,152.00 |
| 83 | CINTAS COVE SA DE CV<br><br>CALLE JACARANDAS 13 COLONIA SAN ISIDRO CUAUTITLÁN IZCALLI ESTADO DE MÉXICO<br><br>C. P. 54730 MÉXICO | $19,843.45 |
| 84 | CIPRÉS BRIBIESCA JUAN CARLOS<br><br>CORREGIDORA 167 COLONIA MIGUEL HIDALGO TLALPAN | $18,580.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| | CIUDAD DE MÉXICO C. P. 14260 MÉXICO | |
| 85 | CÍRCULO LABORAL SA DE CV<br><br>MIGUEL DE CERVANTES 301 TORRE NTE PISO 10 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | $15,299.28 |
| 86 | CIRION TECHNOLOGIES MÉXICO S DE RL<br><br>LAGO ZÚRICH 96 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO. C. P. 11529 MÉXICO | $31,320.00 |
| 87 | CLES DE MÉXICO SA DE CV<br><br>PROGRESO 803 COLONIA CHIHUAHUA CENTRO CHIHUAHUA CHIHUAHUA C. P. 31000 MÉXICO | $1,685.72 |
| 88 | COLONIA VERANIEGA EL MIRADOR SA DE CV<br><br>AL MIRADOR KM. 3.5 COLONIA VALLE DEL MIRADOR MONTERREY NUEVO LEÓN C. P. 64750 MÉXICO | $13,247,621.76 |
| 89 | COMERCIALIZADORA IMU SA DE CV<br><br>BLVD MANUEL ÁVILA CAMACHO 32 OFIC 401 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $1,434,340.63 |
| 90 | COMERCIO INTELIGENTE SA DE CV<br><br>SAN FRANCISCO 1902 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $296,214.89 |
| 91 | COMPAÑÍA LATINOAMÉRICA DE MARKETING Y COMUNICACIÓN SA DE CV<br><br>HORACIO 1501 COLONIA CHAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE MÉXICO<br><br>C. P. 11570 MÉXICO | $192,757.50 |
| 92 | COMPLANT LEGAL SC<br><br>LAFONTAINE 35 COLONIA POLANCO CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO<br><br>C. P. 11560 MÉXICO | $217,500.00 |
| 93 | COMSERTEL ELECTRONICS SA DE CV<br><br>MIGUEL RAMOS ARIZPE 7 COLONIA GUERRERO CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06300 MÉXICO | $8,450.00 |
| 94 | COMUNEROS RECONOCIDOS DE HUITZILAC MORELOS SC<br><br>BENITO JUÁREZ SN COLONIA CENTRO HUITZILAC MORELOS C. P. 62510 MÉXICO | $66,878.48 |
| 95 | COMUNIDAD AGRARIA COLIBRÍ HUITZILAC MORELOS SC<br><br>CORREGIDORA 2 COLONIA HUITZILAC HUITZILAC MORELOS C. P. 62510 MÉXICO | $208,800.00 |
| 96 | COMUNIDAD SAN MIGUEL DEL CARRIZAL STDS<br><br>DOMICILIO CONOCIDO SN COLONIA SANTA LUCIA | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | CONCORDIA SINALOA C. P. 82660 MÉXICO | $62,180.43 |
| 97 | CONDISTA INTERNATIONAL LLC<br><br>NW 102 AVE 2105 3RD. FLOOR MIAMI MIAMI FLORIDA 33172 ESTADOS UNIDOS DE AMÉRICA | $101,239.02 |
| 98 | CONSORCIO INTEGRAL JALIX INGENIUS SA DE CV<br><br>PARQUE DE ORIZABA 2, SIN NUMERO 2 SN COLONIA EL PARQUE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53398 MÉXICO | $1,195,540.43 |
| 99 | CONSTRUCCIONES FRACTALES OTOCH SA DE CV<br><br>PASEOS DE ECHEGARAY SUR 221 COLONIA HACIENDA DE ECHEGARAY NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53300 MÉXICO | $108,152.62 |
| 100 | CONSTRUCCIONES PARA LA INDUSTRIA Y TELECOMUNICACIÓN SA DE CV<br><br>AV ORIENTE 5 COLONIA ZONA INDUSTRIAL TIZAYUCA CIUDAD DE MÉXICO C. P. 43804 MÉXICO | $9,756.60 |
| 101 | CONSTRUCCIONES Y PROMOCIONES GUERRERO SA DE CV<br><br>PASEO SAN ISIDRO 400 COLONIA SANTA CRUZ METEPEC ESTADO DE MÉXICO C. P. 52140 MÉXICO | $203,234.95 |
| 102 | CONTENIDOS DIGITALES SPA<br><br>BARROS ARANA 492 OFI 78 CONCEPCIÓN CONCEPCIÓN CONCEPCIÓN 4030000 CHILE | $25,519.75 |
| 103 | CONTINENTAL PLLC<br><br>ALCÁZAR AVENUE CORAL 245 SUITE 640 FLORIDA FLORIDA FLORIDA 33134 ESTADOS UNIDOS DE AMÉRICA | $277,620.72 |
| 104 | COORDINADORA DE CARRIERS SA DE CV<br><br>AV SAN JERÓNIMO 210 COLONIA SAN JERÓNIMO MONTERREY NUEVO LEÓN C. P. 64640 MÉXICO | $562,276.00 |
| 105 | COPIADORAS OCCIDENTALES Y SERVICIOS SA DE CV<br><br>AV. VENUSTIANO CARRANZA 118 COLONIA JARDINES DEL VALLE MEXICALI BAJA CALIFORNIA C. P. 21270 MÉXICO | $2,851.20 |
| 106 | CORPORACIÓN INTERNACIONAL DE EQUIPOS Y COCINAS SA DE CV<br><br>RIO SENA 12 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $545,775.00 |
| 107 | CORPORACIÓN NOVAVISION S DE RL DE CV<br><br>INSURGENTES SUR 694 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $3,226.61 |
| 108 | CORPORATIVO ENCISO SC<br><br>AVENIDA 5 DE MAYO 933 COLONIA CENTRO VERACRUZ VERACRUZ C. P. 91700 MÉXICO | $394,071.00 |
| 109 | CORPORATIVO MENFIS SC<br><br>AZCAPOTZALCO LA VILLA 308 204 D COLONIA SANTA CATARINA AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02250 | $120,640.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA
SENTENCIA DECLARACIÓN DE CONCURSO MERCANTIL
CONCURSO MERCANTIL 22/2026-II.

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | MÉXICO | |
| 110 | COWORKING BANDERAS SA DE CV<br><br>FCO MEDINA ASCENCIO 3987 406 COLONIA PUERTO VALLARTA FRACC. MARINA VALLARTA JALISCO C. P. 48335 MÉXICO | $30,154.25 |
| 111 | CPS DIGITAL SA DE CV<br><br>VIA DR. GUSTAVO BAZ PRADA 100 COLONIA INDUSTRIAL ALCE BLANCO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53370 MÉXICO | $18,065.11 |
| 112 | CRATIVO PRODUCTION SA DE CV<br><br>BELISARIO DOMÍNGUEZ 3500, 1304 3500 COLONIA MARGARITA MAZA DE JUÁREZ GUADALAJARA JALISCO C. P. 44300 MÉXICO | $184,993.44 |
| 113 | CREEL RODRÍGUEZ Y ABOGADOS SC<br><br>BOSQUE DE CIRUELOS 304 P1 DEPTO. 102 COLONIA BOSQUE DE LAS LOMAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11700 MÉXICO | $290,000.00 |
| 114 | CRISÓSTOMO MARCELO MARÍA DE LOS ÁNGELES<br><br>DOMICILIO CONOCIDO SN COLONIA TEPEACA PUEBLA PUEBLA C. P. 75200 MÉXICO | $91,299.08 |
| 115 | CTUX SA DE CV<br><br>ENRIQUE SERRANO MZ 329 LT. 54 4 COLONIA LA PRESITA CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54763 MÉXICO | $7,087.60 |
| 116 | CULLIGAN WATER MÉXICO SA DE CV<br><br>CAMPOS ELÍSEOS, PISO 5 385B COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $32,498.00 |
| 117 | DADMEX S DE RL DE CV<br><br>NICOLÁS COPÉRNICO 102 COLONIA SAN MATEO OTZACATIPAN TOLUCA ESTADO DE MÉXICO C. P. 50200 MÉXICO | $18,748.21 |
| 118 | DALET DIGITAL MEDIA SYSTEMS USA INC<br><br>88 PINE STREET 88 8TH FLOOR NUEVA YORK NEW YORK NUEVA YORK 10005 ESTADOS UNIDOS DE AMÉRICA | $698,162.72 |
| 119 | DATAFACTORY MX S DE RL DE CV<br><br>BAHÍA GUANTÁNAMO 70 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11300 MÉXICO | $79,650.00 |
| 120 | DATAXIS<br><br>10 RUE PERGOLESE 10 PARIS PARIS PARIS 75116 FRANCIA | $96,099.48 |
| 121 | DAVID ALEJANDRO TALAMANTES OLIVAS<br><br>CALLE ALFREDO CHÁVEZ 9807 COLONIA LAS MALVINAS | $9,087.86 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303030353135343238363833
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | CHIHUAHUA CHIHUAHUA C. P. 31456 MÉXICO | |
| 122 | DC-ALTERNA SA DE CV<br><br>CALLE 19 96 COLONIA GENERAL IGNACIO ZARAGOZA VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15000 MÉXICO | $703,804.43 |
| 123 | DECOFRIS I SAPI DE CV<br><br>INGENIEROS MILITARES 105 COLONIA LOMAS DE SOTELO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11200 MÉXICO | $1,000,159.64 |
| 124 | DELI ROCKS SA DE CV<br><br>CORREGIDORA 840 COLONIA MIGUEL HIDALGO 2DA SECCIÓN TLALPAN CIUDAD DE MÉXICO C. P. 14250 MÉXICO | $626.40 |
| 125 | DELIO RENAN PACHO NOVELO<br><br>11 PONIENTE 203 COLONIA UNIDAD MORELOS MÉRIDA YUCATÁN C. P. 97190 MÉXICO | $176,927.00 |
| 126 | DESARROLLO INMOBILIARIO DE MONCLOVA SA DE CV<br><br>ALLENDE 401 COLONIA MONCLOVA CENTRO COAHUILA COAHUILA C. P. 25700 MÉXICO | $36,074.12 |
| 127 | DESPACHO DÍAZ MIRON SC<br><br>RINCÓN GRAL 107 COLONIA GENERAL PEDRO MARÍA ANAYA BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03340 MÉXICO | $58,000.00 |
| 128 | DHL EXPRESS MÉXICO SA DE CV<br><br>FUERZA AÉREA MEXICANA 540 COLONIA FEDERAL VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15700 MÉXICO | $256,775.19 |
| 129 | DIDOMI SAS<br><br>BOULEVARD DE SEBASTOPOL 137 PARIS PARIS 75002 FRANCIA | $272,753.82 |
| 130 | DIGOSOFT S DEE RL DE CV<br><br>GOLDSMITH 40 COLONIA POLANCO III SECCIÓN MIGUEL HIDALGO HIDALGO C. P. 11550 MÉXICO | $59,585.20 |
| 131 | DIKEN INTERNATIONAL S DE RL DE CV<br><br>INDUSTRIA AEROESPACIAL 2900 2900 COLONIA PARQUE INDUSTRIAL SALTILLO RAMOS AR RAMOS ARIZPE COAHUILA C. P. 25900 MÉXICO | $6,085.94 |
| 132 | DILIMPIO SA DE CV<br><br>CUAUHTÉMOC 508 COLONIA DEL EMPLEADO CUERNAVACA MORELOS C. P. 62250 MÉXICO | $4,851.28 |
| 133 | DISPOSITIVOS ELECTRÓNICOS Y DE CONTROL SA DE CV<br><br>CEDRO 512 COLONIA ATLAMPA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06450 MÉXICO | $25,909.00 |
| 134 | DISTRIBUIDORA ARCA CONTINENTAL<br><br>AVE. SAN JERÓNIMO PTE. 813 COLONIA SAN JERÓNIMO MONTERREY NUEVO LEÓN C. P. 64640 MÉXICO | $14,100.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633
04/10/26 10:17:13

| | | |
|---|---|---|
| 135 | DISTRIBUIDORA DE ENLACES ELECTRÓNICOS SA DE CV<br><br>OSCAR WILDE 143 COLONIA COLINAS DE SAN JERÓNIMO MONTERREY NUEVO LEÓN C. P. 64630 MÉXICO | $245,190.35 |
| 136 | DRIVE CINEMA SA DE CV<br><br>SPENCER 411 101 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO. C. P. 11560 MÉXICO | $1,500,000.02 |
| 137 | ECODELI COMERCIAL SA DE CV<br><br>AV. RESTAURADORES ORIENTE 1001 COLONIA LOS ARCOS LEÓN GUANAJUATO C. P. 37490 MÉXICO | $413.34 |
| 138 | EDICIONES EL PAÍS SL<br><br>MIGUEL YUSTE 40 MADRID MADRID 28037 ESPAÑA | $2,162,470.14 |
| 139 | EDITEL NEGOCIOS COMERCIALES SA DE CV<br><br>FCO ROJAS GLEZ 541 COLONIA LADRÓN DE GUEVARA GUADALAJARA JALISCO C. P. 44650 MÉXICO | $110,752.37 |
| 140 | EDITORIAL PRENSARIO SRL<br><br>LAS CASAS 3535 BOEDO CIUDAD AUTÓNOMA DE BUENOS AIRES BUENOS AIRES 1238 ARGENTINA | $81,862.34 |
| 141 | EEG ENTERPRISES INC<br><br>MAIN ST 586 FARMINGDALE BAVIERA 11735 ALEMANIA | $1,000,146.44 |
| 142 | EGEO ESTRATEGIAS Y PROYECTOS ADMINISTRATIVOS SC<br><br>SANTA FE 440 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $417,500.67 |
| 143 | EJIDO BOMINTZHA<br><br>PLAZA DE LA CONSTITUCIÓN SN COLONIA TULA DE ALLENDE TULA DE ALLENDE HIDALGO<br><br>C. P. 42832 MÉXICO | $26,349.86 |
| 144 | EJIDO FRESNILLO<br><br>CONOCIDO SN COLONIA CENTRO FRESNILLO ZACATECAS C. P. 99010 MÉXICO | $98,624.89 |
| 145 | EJIDO LA CUCHILLA<br><br>BENITO JUÁREZ SN COLONIA CENTRO MUZQUIZ COAHUILA C. P. 26350 MÉXICO | $154,532.73 |
| 146 | ELECTRICIDAD Y TECNOLOGÍA SA DE CV<br><br>PLAZA NECAXA 2 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $45,766.83 |
| 147 | ELEVADORES SCHINDLER SA DE CV<br><br>CAMINO A SAN MATEO 2 COLONIA FRACC ANEXO JARDINES DE SAN MATEO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53240 MÉXICO | $496,489.66 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 148 | EMPACK DE MÉXICO SA DE CV<br><br>LEBRIJA 58 58 COLONIA CERRO DE LA ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09860 MÉXICO | $28,353.33 |
| 149 | EMPRESAS DE TELECOMUNICACIÓN DEL CERRO CHIQUIHUITE AC<br><br>LA BRECHA SN COLONIA TLALPEXCO GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07188 MÉXICO | $126,201.73 |
| 150 | EMPRESAS ISAL S DE RL CV<br><br>GUYANA HOLANDESA 207 COLONIA VISTA HERMOSA MONTERREY NUEVO LEÓN C. P. 64620 MÉXICO | $691,686.92 |
| 151 | ENFORCER UNITS FIRE SERVICE PLUSE MÉXICO SA DE CV<br><br>INSTITUTO TÉCNICO INDUSTRIAL 11 COLONIA SANTA MARÍA LA RIBERA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06400 MÉXICO | $209,514.21 |
| 152 | ENRIQUE ALEJANDRO ALVIZO<br><br>CALLE ENVASE 402 COLONIA EL MANTE EL MANTE TAMAULIPAS C. P. 89840 MÉXICO | $58,505.55 |
| 153 | ENRIQUE CASTILLO DÍAZ<br><br>EJIDO 76 COLONIA SAN FRANCISCO CULHUACAN COYOACÁN CIUDAD DE MÉXICO C. P. 04260 MÉXICO | $146,160.00 |
| 154 | ENRIQUE MORALES MANRIQUE<br><br>NORTE 80 4705 COLONIA NUEVA TENOCHTITLAN GUSTAVO A MADERO GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07890 MÉXICO | $704,734.17 |
| 155 | ENRIQUE ZAMORA NAVA<br><br>MIGUEL ÁNGEL 87 COLONIA MODERNA BENITO JUÁREZ ESTADO DE MÉXICO C. P. 03510 MÉXICO | $65,707.04 |
| 156 | ENVATO ELEMENTS PTY LDT<br><br>PO BOX COLLINS STREET WEST 16122 MELBOURNE VICTORIA 8007 AUSTRALIA | $42,497.33 |
| 157 | EÓLICA DE LOS ALTOS SAPI DE CV<br><br>EMILIO CASTELAR 75 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MÉXICO | $14,267.63 |
| 158 | EPISODIO ESENCIAL SA DE CV<br><br>BOLÍVAR 31 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $174.00 |
| 159 | EQUIPOS TÉCNICOS CINEMATOGRÁFICOS SA DE CV<br><br>EULALIO GUTIÉRREZ 7 COLONIA SAN JUAN JOYA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09839 MÉXICO | $14,600.00 |
| 160 | ESPINO Y ASOCIADOS SC<br><br>PASEO DE LAS PALMAS 731 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $46,400.00 |
| | ESPINOSA DE LOS MONTEROS JORGE | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633
04/10/26 10:17:13

| | | |
|---|---|---|
| 161 | 26 PONIENTE 3116 COLONIA VALLE DORADO PUEBLA PUEBLA C. P. 72070 MÉXICO | $216,943.50 |
| 162 | ESTRATEGIA EN SUMINISTROS INTERNACIONALES SA DE CV<br><br>ANTONIO MACEO 67 COLONIA ESCANDÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11800 MÉXICO | $5,196.02 |
| 163 | ESTUDIOS CLÍNICOS DR T J ORIARD SA DE CV<br><br>ADOLFO LÓPEZ MATEOS 313 COLONIA NEZAHUALCÓYOTL EVOLUCIÓN PONIENTE ESTADO DE MÉXICO C. P. 57708 MÉXICO | $31,100.00 |
| 164 | EUROELECTRICA SA DE CV<br><br>AÑO DE JUÁREZ 253 COLONIA GRANJAS DE SAN ANTONIO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09070 MÉXICO | $50,638.64 |
| 165 | EXCELENCIA EN INNOVACIONES TECNOLÓGICAS EXCINTEC SC DE RL DE CV<br><br>AV CHAPULTEPEC 70 COLONIA SAN GREGORIO ATLAPULCO XOCHIMILCO CIUDAD DE MÉXICO C. P. 16600 MÉXICO | $27,000.00 |
| 166 | EXPERTOS EN INFRAESTRUCTURA Y TELECOMUNICACIONES EXIT SA DE CV<br><br>VENECIA 135 COLONIA VALLE DORADO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54020 MÉXICO | $12,098.80 |
| 167 | F6 PROCUREMENT PARTNERS SC<br><br>MANUEL ÁVILA CAMACHO 5 COLONIA LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53390 MÉXICO | $149,488.53 |
| 168 | FÁBRICA DE MARAVILLAS SAS DE CV<br><br>OBRERO MUNDIAL 156 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO<br><br>C. P. 03100 MÉXICO | $6,375.98 |
| 169 | FACTUMEX SA DE CV<br><br>DARWIN 74, 301 74 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $1,606,455.00 |
| 170 | FARLUX INTERNATIONAL SA<br><br>PARAGUAY 2141 OF 401 2141 2141 MONTEVIDEO MONTEVIDEO 11800 URUGUAY | $26,694.30 |
| 171 | FELIPE FERNANDO RAMÍREZ JIMÉNEZ<br><br>MORELOS 14 COLONIA BARRIO EL CALVARIO ASUNCIÓN NOCHIXTLAN OAXACA C. P. 69600 MÉXICO | $134,130.60 |
| 172 | FENRIR Y SKOLLSA DE CV | |

ROBERTO ABIHUD VICTORIA VILLELA
303030313030303030303035313534323836383
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | CHICHEN ITZA MZ 29 LT 14 COLONIA SUPERMANZANA 59 BENITO JUÁREZ QUINTANA ROO<br><br>C. P. 77515 MÉXICO | $5,200.00 |
| 173 | FERNANDO ESTRADA GARCÍA<br><br>PLAZA POPOCATÉPETL 45 2 COLONIA HIPÓDROMO CUAUHTÉMOC CIUDAD DE MÉXICO C.<br><br>P. 06100 MÉXICO | $9,371.80 |
| 174 | FIBRA HOTELERA SC<br><br>SANTA FE 481 PISO 7 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $3,145.30 |
| 175 | FIDEICOMISO F1596<br><br>SANTA FE 481 PISO 7 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $872,120.10 |
| 176 | FIDEICOMISO OPSIMEX 4594 SA DE CV<br><br>AV DE LAS PALMAS 781 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $446,642.83 |
| 177 | FIVE BITS INC<br><br>GONZALO CRANCE 181 CIUDAD DEL SABER BALBOA BALBOA 0801 PANAMÁ | $1,067,772.00 |
| 178 | FONDO NACIONAL DE FOMENTO AL TURISMO<br><br>TECOYOTITLA 100 COLONIA FLORIDA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 1030 MÉXICO | $338,772.93 |
| 179 | FORMAS EFICIENTES SA DE CV<br><br>AVENIDA LOS ÁNGELES 303 1 B COLONIA SAN MARTIN XOCHINAHUAC AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02120 MÉXICO | $51,478.63 |
| 180 | FRANCISCO CASTILLO LARA<br><br>PROL MAXIMINO SERDÁN SN COLONIA AQUILES SERDÁN NOGALES VERACRUZ C. P. 94720 MÉXICO | $6,149.45 |
| 181 | FRUGAR DE CALVILLO SA DE CV<br><br>CARR CALVILLO JALPA KM. 3.5 COLONIA POPULAR CALVILLO AGUASCALIENTES C. P. 20800 MÉXICO | $324,757.08 |
| 182 | FUMI DIP CONTROL DE PLAGAS SA DE CV<br><br>RUBÉN DARIO 127 A COLONIA MODERNA BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03510 MÉXICO | $24,215.00 |
| 183 | GAPO TELECOMUNICACIONES SA DE CV<br><br>RAFAEL ÁNGEL DE LA PEÑA 69 COLONIA OBRERA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06800 MÉXICO | $2,300.00 |
| 184 | GARCÍA GARCÍA MARIO<br><br>MIGUEL HIDALGO 37 COLONIA ZITÁCUARO CENTRO ZITÁCUARO MICHOACÁN C. P. 61500 MÉXICO | $13,446.00 |

ROBERTO ABIHUD VICTORIA VILLELA
303030303130303030303035353135343238363833
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA**

**SENTENCIA DECLARACIÓN DE CONCURSO MERCANTIL**

**CONCURSO MERCANTIL 22/2026-II.**

| | | |
|---|---|---|
| 185 | GARCÍA TREVIÑO SIMÓN<br><br>MANUEL M PONCE 214 COLONIA COLINAS DE SAN JERÓNIMO MONTERREY NUEVO LEÓN<br><br>C. P. 64630 MÉXICO | $66,727.63 |
| 186 | GARPABA SA DE CV<br><br>CALLE PASEO DE LOS SICOMOROS 238 COLONIA ARBOLEDAS DE SAN JAVIER 3A SECCIÓN PACHUCA DE SOTO HIDALGO C. P. 42084 MÉXICO | $1,186.68 |
| 187 | GAS URIBE SA DE CV<br><br>RECURSOS DEL GAS SN COLONIA LA LOMA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO<br><br>C. P. 54060 MÉXICO | $46,801.60 |
| 188 | GASTELUM MIRANDA ABOGADOS SA DE CV<br><br>BOSQUES DE ALISOS 45B COLONIA BOSQUES DE LAS LOMAS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05120 MÉXICO | $14,127,715.30 |
| 189 | GATESAIR LLC<br><br>WISMAN LANE 3200 QUINCY ILLINOIS 62301-1252 ESTADOS UNIDOS DE AMÉRICA | $200,296.23 |
| 190 | GBT TRAVEL SERVICES MÉXICO S DE RL DE CV<br><br>MONTES URALES 505 COLONIA LOMAS DE CHAPULTEPEC II SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $76,544.87 |
| 191 | GC MEXICANA DE VALUACIÓN SA DE CV<br><br>PLAYA CORTES 554 COLONIA REFORMA IZTACCIHUATL SUR IZTACALCO CIUDAD DE MÉXICO C. P. 08840 MÉXICO | $60,610.00 |
| 192 | GEOTÉRMICA PARA EL DESARROLLO SAPI DE CV<br><br>MONTES URALES 460 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $14,267.63 |
| 193 | GERARDO AGUILAR MORFIN<br><br>INVERNADERO 335 COLONIA FRACCIONAMIENTO COSTA VERDE BOCA DEL RIO VERACRUZ C. P. 94294 MÉXICO | $16,414.00 |
| 194 | GIVIG SA DE CV<br><br>CALLE CICERÓN 605 COLONIA LOS MORALES POLANCO EN MÉXICO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11010 MÉXICO | $4,432,300.15 |
| 195 | GLOBAL SPONSORSHIP GROUP SA DE CV<br><br>MARÍA ESTHER ZUNO 153 COLONIA REVOLUCIÓN BOCA DEL RIO VERACRUZ C. P. 94296 MÉXICO | $130,000.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535135343238363833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 196 | GLORIA JACQUELINE MACÍAS GUZMÁN<br><br>MARIO TALAVERA 30 COLONIA TEQUILA CENTRO TEQUILA JALISCO C. P. 46400 MÉXICO | $24,849.17 |
| 197 | GOBIERNO DE LA CUIDAD DE MÉXICO<br><br>PLAZA DE LA CONSTITUCIÓN SN COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $1,820,650.78 |
| 198 | GOBIERNO DEL ESTADO DE VERACRUZ DE IGNACIO DE LA LLAVE<br><br>AVENIDA XALAPA 301 COLONIA UNIDAD DEL BOSQUE XALAPA VERACRUZ C. P. 91010 MÉXICO | $6,000.00 |
| 199 | GÓMEZ HUERTA CESAR<br><br>IGNACIO ALLENDE 71 COLONIA CENTRO PARRAS COAHUILA C. P. 27980 MÉXICO | $4,350.00 |
| 200 | GONZÁLEZ GALLARDO MANUEL<br><br>TIGRE 25 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $798,557.04 |
| 201 | GONZÁLEZ RODRÍGUEZ JIMMY<br><br>CORREGIDORA 224 COLONIA FERROCARRIL APATZINGÁN MICHOACÁN C. P. 60690 MÉXICO | $4,698.00 |
| 202 | GOOGLE LLC<br><br>AMPHITHEATRE PARKWAY 1600 MOUNTAIN VIEW CALIFORNIA MOUNTAIN VIEW CALIFORNIA CALIFORNIA 94043 ESTADOS UNIDOS DE AMÉRICA | $906,207.60 |
| 203 | GP-SERVICIOS E INSTALACIONES SA DE CV<br><br>TEZOQUIPA 127 127 COLONIA LA JOYA TLALPAN CIUDAD DE MÉXICO C. P. 14090 MÉXICO | $330,400.69 |
| 204 | GRANAU SA DE CV<br><br>AV. JOSÉ PARRES ARIAS 495 COLONIA EL VIGIA ZAPOPAN JALISCO C. P. 45140 MÉXICO | $41,578.83 |
| 205 | GRAPHOS OFFICE SA DE CV<br><br>BLVD ADOLFO RUIZ CORTINES 5243 3ER PISO B COLONIA ISIDRO FABELA TLALPAN CIUDAD DE MÉXICO C. P. 14030 MÉXICO | $158,245.38 |
| 206 | GREENBERG TRAURIG LLP<br><br>DORAL 8400 400 MIAMI MIAMI FLORIDA 33116 ESTADOS UNIDOS DE AMÉRICA | $6,455,296.42 |
| 207 | GRUPO ANAMAURIS S DE RL DE CV<br><br>LÁZARO CÁRDENAS 16 COLONIA SAN LUCAS TEPETLACALCO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54055 MÉXICO | $1,160,448.32 |
| 208 | GRUPO AUDIO DISENO SA DE CV<br><br>MITLA 146 COLONIA NARVARTE PONIENTE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03020 MÉXICO | $118,956.84 |
| 209 | GRUPO CALQUE SA DE CV<br><br>AVENIDA BONAMPAK 2 COLONIA SUPERMANZANA 8 | $12,949.46 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323833636833
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN



| | | |
|---|---|---|
| | BENITO JUÁREZ QUINTANA ROO C. P. 77504 MÉXICO | |
| 210 | GRUPO DE MULTIMEDIA MOVIBLE SA DE CV<br><br>FILADELFIA 119 601 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MÉXICO | $645,300.00 |
| 211 | GRUPO DE SERVICIOS PARA FLOTILLAS SA DE CV<br><br>CARRETERA FEDERAL MÉXICO TEXCOCO KM 29.5 COLONIA SAN VICENTE CHICOLOAPAN DE JUÁREZ CHICOLOAPAN ESTADO DE MÉXICO C. P. 56370 MÉXICO | $28,499.14 |
| 212 | GRUPO EMPRESARIAL ANCAR SA DE CV<br><br>PUERTO CORTES 50 COLONIA JARDINES DE SANTA CLARA ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P. 55450 MÉXICO | $366,148.20 |
| 213 | GRUPO ETERCOM SA DE CV<br><br>VÍCTOR HUGO 91 COLONIA PORTALES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03300 MÉXICO | $13,847.08 |
| 214 | GRUPO INDUSTRIAL ARMADA DEL BAJÍO S DE RL DE CV<br><br>ZETA 310 COLONIA INDUSTRIAL DELTA LEÓN GUANAJUATO C. P. 37545 MÉXICO | $31,140.20 |
| 215 | GRUPO INSME SA DE CV<br><br>GRANJAS PARCELA 33 COLONIA SANTA CATARINA YECAHUIZOTL VALLE DE CHALCO SOLIDARIDAD ESTADO DE MÉXICO C. P. 56619 MÉXICO | $34,000.00 |
| 216 | GRUPO KLIMANJARO SA DE CV<br><br>BAHÍA DE SANTA BÁRBARA 38 302 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11300 MÉXICO | $354,775.56 |
| 217 | GRUPO MULTIMEDIA LAUMAN SAPI DE CV<br><br>GUILLERMO GONZÁLEZ 600 PLANTA BA COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $120,000.00 |
| 218 | GRUPO RADIO CENTRO SAB DE CV<br><br>AV. CONSTITUYENTES 1154 COLONIA LOMAS ALTAS MIGUEL HIDALGO CIUDAD DE MÉXICO<br><br>C. P. 11950 MÉXICO | $10,492,555.12 |
| 219 | GRUPO UNIBRAND SA DE CV<br><br>LATERAL RECTA A CHOLULA 2812 COLONIA BERTHA SAN ANDRÉS CHOLULA PUEBLA C. P. 72810 MÉXICO | $598.56 |
| 220 | GRUPO ZAP COM SA DE CV<br><br>ZAPOTECAS 16 COLONIA DEGOLLADO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09704 MÉXICO | $193,471.56 |
| 221 | GSTA PRODUCTOS SA DE CV<br><br>XICHU 208 COLONIA MODERNA LEÓN GUANAJUATO C. P. | $4,356.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303030353135343238363833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | 37328 MÉXICO | |
| 222 | GUILLERMO GARZA CASTILLO<br><br>JUSTO SIERRA SUR 382 COLONIA ZONA CENTRO ACUÑA COAHUILA C. P. 26200 MÉXICO | $207,726.69 |
| 223 | GUILLERMO ISMAEL RODRÍGUEZ<br><br>MORELOS NORTE 4444 COLONIA NUEVO REFUGIO GÓMEZ PALACIO DURANGO C. P. 35029 MÉXICO | $126,672.00 |
| 224 | GURMILAN & ASOCIADOS SC<br><br>VIVEROS DE COYOACÁN 210 COLONIA VIVEROS DE LA LOMA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54080 MÉXICO | $25,000.00 |
| 225 | GUTIÉRREZ & PINEDA INTERNACIONAL SA DE CV<br><br>AVENIDA TAXQUEÑA 1231 COLONIA CAMPESTRE CHURUBUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04200 MÉXICO | $12,460.72 |
| 226 | GUZDAN SERVICES SA DE CV<br><br>LAGO ALBERTO 442 TORRE A COLONIA ANÁHUAC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11320 MÉXICO | $299,230.78 |
| 227 | HAR HUMAN BRAIN SC<br><br>XOCHICALCO 674 COLONIA LETRÁN VALLE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03650 MÉXICO | $7,833.91 |
| 228 | HAVAS MEDIA SA DE CV<br><br>PASEO DE LA REFORMA 296 PISO 44 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO<br><br>C. P. 06600 MÉXICO | $18,366,666.66 |
| 229 | HELPDESK SA DE CV<br><br>CARRETERA MÉXICO-TOLUCA 1725 COLONIA COOPERATIVA PALO ALTO CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05110 MÉXICO | $84,253.94 |
| 230 | HERMES MUSIC SA DE CV<br><br>NARANJO 76 76 COLONIA SANTA MARÍA LA RIBERA CUAUHTÉMOC CIUDAD DE MÉXICO C.<br><br>P. 06400 MÉXICO | $29,950.20 |
| 231 | HERNÁNDEZ ZARAZÚA MARÍA GRACIELA<br><br>JOSÉ MARÍA MORELOS SN COLONIA CAPILLA CHIAPA DE CORZO CHIAPAS C. P. 29160 MÉXICO | $247,184.05 |
| 232 | HISPASAT MÉXICO SA DE CV<br><br>SANTA FE 428 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $255,760.00 |
| 233 | HPH MÉXICO SA DE CV<br><br>AV. EJERCITO NACIONAL 418 1201 1202 COLONIA CHAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE | $36,733,333.32 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

| | | |
|---|---|---|
| | MÉXICO C. P. 11570 MÉXICO | |
| 234 | HUERTA VÁZQUEZ RODOLFO<br><br>18 DE MARZO 729 COLONIA TEPATITLÁN TEPATITLÁN DE MORELOS JALISCO C. P. 47600 MÉXICO | $226,696.79 |
| 235 | HUGO RAMÍREZ BARRIO<br><br>MARGARITAS 26, SN SN COLONIA VISTA HERMOSA RIO GRANDE ZACATECAS C. P. 98424 MÉXICO | $31,497.00 |
| 236 | HUMITECH DE MÉXICO S DE RL DE CV<br><br>MANUEL MÁRQUEZ STERLING 34 COLONIA CENTRO (ÁREA 7) CUAUHTÉMOC AGUASCALIENTES C. P. 06070 MÉXICO | $1,951.44 |
| 237 | HUSA PROVEEDORA DE CALIDAD SA DE CV<br><br>JOSÉ MARÍA DE JOARISTI 218 COLONIA PARAJE SAN JUAN IZTAPALAPA CIUDAD DE MÉXICO C. P. 09830 MÉXICO | $3,930.08 |
| 238 | HUZIEL ALFONSO MÁRQUEZ VIDANA<br><br>SAN IGNACIO 15609 COLONIA TIJUANA TIJUANA BAJA CALIFORNIA C. P. 22465 MÉXICO | $13,467.60 |
| 239 | IA SOLUCIONES CONSTRUCTIVAS SA DE CV<br><br>ANDADOR 14 110 COLONIA EL CHAMIZAL TECOMAN COLIMA C. P. 28140 MÉXICO | $9,918.00 |
| 240 | IAFH GLOBANT IT MÉXICO S DE RL DE CV<br><br>INSURGENTES SUR 1271 PISO 13 COLONIA EXTREMADURA INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03740 MÉXICO | $3,875,809.84 |
| 241 | IAMISA ENERGÍA SA DE CV<br><br>AV REVOLUCIÓN 3048 COLONIA LA PRIMAVERA MONTERREY NUEVO LEÓN C. P. 64830 MÉXICO | $196,276.25 |
| 242 | ICC IMAGINE COMMUNICATIONS CANADÁ LTD<br><br>RIDGETOP ROAD 40 SCARBOROUGH ONTARIO ONTARIO M1R 4G3 CANADÁ | $273,091.23 |
| 243 | ICE MART SA DE CV<br><br>PROLONGACIÓN DE LA PARROQUIA 7 COLONIA BARRIO NORTE ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52960 MÉXICO | $17,025.32 |
| 244 | ICKROM SA DE CV<br><br>NORTE 81-A 413 COLONIA SINDICATO MEXICANO DE ELECTRICISTAS AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02060 MÉXICO | $303,703.33 |
| 245 | IGNACIO ACEVES RIVERA<br><br>SAN PEDRO 1 COLONIA BARRA DE NAVIDAD CIHUATLAN JALISCO C. P. 48987 MÉXICO | $28,895.14 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383 3
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 246 | IGSA SA DE CV<br><br>PROL. PASEO DE LA REFORMA 2977 COLONIA CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05000 MÉXICO | $19,371.40 |
| 247 | ILIANA MARTÍNEZ SÁNCHEZ<br><br>GRAL BRAVO 233 COLONIA CHAPULTEPEC NORTE MORELIA MICHOACÁN C. P. 58260 MÉXICO | $73,417.14 |
| 248 | IMPERMEABILIZACIONES IMPERTAPA SA DE CV<br><br>AV INSURGENTES SUR 2342 ACC A COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MÉXICO | $45,520.26 |
| 249 | INACOM DE MÉXICO SA DE CV<br><br>MIGUEL ÁNGEL DE QUEVEDO 91 COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MÉXICO | $17,404,259.27 |
| 250 | INCONO M2 SA DE CV<br><br>CTO PLAZA ESMERALDA 6 COLONIA LOMAS DE VALLE ESCONDIDO ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52930 MÉXICO | $169,280.67 |
| 251 | INECON PRODUCTORA Y CONSERVADORA SA DE CV<br><br>REVOLUCIÓN 1877 OFICINA 1 COLONIA SAN ÁNGEL ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01000 MÉXICO | $6,400,000.00 |
| 252 | INFIELD ESTRATEGIA DEPORTIVA S DE RL DE CV<br><br>CALLE DE LAS ARBOLEDAS 23 COLONIA INSURGENTES CUICUILCO COYOACÁN CIUDAD DE MÉXICO C. P. 04530 MÉXICO | $1,279,828.58 |
| 253 | INGENIERÍA ELÉCTRICA ELECTRÓNICA Y ELECTROMECÁNICA SA DE CV<br><br>AV NUEVO LEÓN 209 COLONIA HIPÓDROMO CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06170 MÉXICO | $262,768.84 |
| 254 | INGENIERÍA EN ELEVADORES SA DE CV<br><br>CEYLAN 715 COLONIA LAS SALINAS AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02360 MÉXICO | $155,324.00 |
| 255 | INGENIERÍA EN NEGOCIOS DE SANEAMIENTO Y CONSTRUCCIÓN S DE RL DE CV<br><br>AV HOMERO 538 INT 303 A COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $212,245.00 |
| 256 | INGREDIENTA GOURMET SAPI<br><br>PRADO NORTE 565 COLONIA LOMAS DE CHAPULTEPEC V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $2,114.97 |
| 257 | INMOBILIARIA COLINA DE LAS ÁGUILAS SA DE CV<br><br>BUENOS AIRES 2770, 1 PISO B 2770 COLONIA PROVIDENCIA 4TA SECCIÓN GUADALAJARA JALISCO C. P. 44639 MÉXICO | $45,203.45 |
| 258 | INMOBILIARIA SIOR S DE RL DE CV<br><br>ADOLFO RUIZ CORTINES SN COLONIA CENTRO | $107,251.77 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN

**JUZGADO PRIMERO DE DISTRITO EN MATERIA DE CONCURSOS MERCANTILES, CON RESIDENCIA EN LA CIUDAD DE MÉXICO Y JURISDICCIÓN EN TODA LA REPÚBLICA MEXICANA**
**SENTENCIA DECLARACIÓN DE CONCURSO MERCANTIL**
**CONCURSO MERCANTIL 22/2026-II.**

| | | |
|---|---|---|
| | VILLAHERMOSA TABASCO C. P. 86030 MÉXICO | |
| 259 | INNOVACIÓN ECOLÓGICA VERT S DE RL DE CV<br><br>AV BUENAVISTA 45 COLONIA BUENAVISTA TULTITLÁN ESTADO DE MÉXICO C. P. 54955 MÉXICO | $12,700.00 |
| 260 | INSTALACIONES TORRES SANTANA SA DE CV<br><br>AVENIDA DE LAS TORRES MANZANA 26 33 COLONIA SANTIAGO ACAHUALTEPEC IZTAPALAPA CIUDAD DE MÉXICO C. P. 09600 MÉXICO | $59,161.25 |
| 261 | INTEGRACIÓN DE ESPACIOS CORPORATIVO SA DE CV<br><br>AVENIDA NUEVO LEÓN 253 503 COLONIA ESCANDÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11800 MÉXICO | $43,445.26 |
| 262 | INTEGRADORES CREATIVOS FÉNIX SA DE CV<br><br>AVENIDA SAN BERNABÉ 123 COLONIA GUADALUPE INN MAGDALENA CONTRERAS CIUDAD DE MÉXICO C. P. 10200 MÉXICO | $411,667.30 |
| 263 | INTELIGLOBE SA DE CV<br><br>AVENIDA PASEO DE LA REFORMA 180 PISO 14 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $731,929.26 |
| 264 | INTERFACTURA SAPI DE CV<br><br>SAN FRANCISCO 170A COLONIA LA FAMA SANTA CATARINA NUEVO LEÓN C. P. 66100 MÉXICO | $16,293.36 |
| 265 | INTERIORES Y FACHADAS ARQUITECTÓNICAS SA DE CV<br><br>DESCARTES 89 COLONIA LOMAS DE TEPALCAPA ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52928 MÉXICO | $13,800.00 |
| 266 | INTERNATIONAL MEDIA SERVICES INC<br><br>SANTA MÓNICA BLVD 3017 SUITE 201C SANTA MÓNICA CALIFORNIA CALIFORNIA 90404 ESTADOS UNIDOS DE AMÉRICA | $1,644,279.90 |
| 267 | INVERSIONES E INMUEBLES IMPERIAL SA DE CV<br><br>JUAN JOSÉ TORRES LANDA 3005 COLONIA SAN ISIDRO LEÓN GUANAJUATO C. P. 37530 MÉXICO | $203,856.10 |
| 268 | IPG MEDIA BRANDS COMMUNICATIONS SA<br><br>AVENIDA MIGUEL DE CERVANTES SAAVEDRA 193 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | $19,996,606.85 |
| 269 | IPSO MARKETING SC<br><br>JESÚS DEL MONTE 41 COLONIA HACIENDA DE LAS PALMAS HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52763 MÉXICO | $1,266,403.17 |
| 270 | IRMA SALAZAR MONCAYO<br><br>AV. LÁZARO CÁRDENAS SUR 506 COLONIA VICTORIA DE DURANGO CENTRO DURANGO DURANGO C. P. 34000 | $76,329.69 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836333833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | MÉXICO | |
| 271 | ISA MULTIMEDIA SA DE CV<br><br>CULTURAS PREHISPÁNICAS 172 COLONIA GRANJAS DE SAN ANTONIO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09070 MÉXICO | $6,555,335.97 |
| 272 | ISABEL VICTORIA GÓMEZ CHAVIRA<br><br>MORAS 506 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $108,607.96 |
| 273 | IVÁN VACA MARTÍNEZ<br><br>AVE LA LAGUNA 131 COLONIA MELCHOR OCAMPO ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P. 55338 MÉXICO | $49,194.00 |
| 274 | JA DEL RIO SC<br><br>SAO PAULO 2373 COLONIA PROVIDENCIA GUADALAJARA JALISCO C. P. 44630 MÉXICO | $150,000.00 |
| 275 | JACKSON WALKER LLP<br><br>ROSS AVE. 2323 SUITE 600 DALLAS, TEXAS DALLAS TEXAS 30989 ESTADOS UNIDOS DE AMÉRICA | $247,804.97 |
| 276 | JAR ELECTRÓNICA APLICADA SA DE CV<br><br>LÁZARO CÁRDENAS 1007 COLONIA VALLE DE SAN AGUSTÍN SAN PEDRO GARZA GARCÍA NUEVO LEÓN C. P. 66278 MÉXICO | $40,897.44 |
| 277 | JERÓNIMO ALVARADO CONSTRUCCIONES Y MONTAJES SA DE CV<br><br>LAGO CHAPALA 2 COLONIA SANTO DOMINGO SANTA MARÍA AJOLOAPAN ESTADO DE MÉXICO C. P. 55754 MÉXICO | $112,198.64 |
| 278 | JESÚS BOCANEGRA SÁNCHEZ<br><br>VENUSTIANO CARRANZA 514 COLONIA EJIDO LA CUCHILLA MUZQUIZ COAHUILA C. P. 26350 MÉXICO | $14,094.00 |
| 279 | JORGE LIRA SÁNCHEZ<br><br>CARLOS HANK GONZÁLEZ 35 COLONIA AMPLIACIÓN COCEM TULTITLAN ESTADO DE MÉXICO C. P. 54913 MÉXICO | $672.80 |
| 280 | JORGE LUIS ALCOCER BERNÉS<br><br>CERRADA DE ILÍADA 56 COLONIA LOMAS DE AXOMIATLA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01820 MÉXICO | $22,471.52 |
| 281 | JORGE LUIS PAPAQUI ELIZALDE<br><br>CIRCUITO JUAN PABLO II 429 COLONIA SAN BALTAZAR CAMPECHE PUEBLA PUEBLA C. P. 72550 MÉXICO | $3,193.48 |
| 282 | JORGE RICARDO MÁRQUEZ ORTIZ<br><br>JOHN F KENNEDY 110 COLONIA ISIDRO FABELA TLALPAN CIUDAD DE MÉXICO C. P. 14030 MÉXICO | $3,000.00 |
| 283 | JOSÉ DE JESÚS VILLASEÑOR GUTIÉRREZ<br><br>BOULEVARD ANACLETO GONZÁLEZ FLORES 404 COLONIA COMERCIAL DEL SUR TEPATITLÁN DE MORELOS JALISCO | $324,788.59 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303353135343238363833
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN



| | | |
|---|---|---|
| | C. P. 47600 MÉXICO | |
| 284 | JOSÉ DOMÍNGUEZ XALATE<br><br>JUAN DE LA LUZ ENRÍQUEZ SN SN COLONIA EL COCAL SANTIAGO TUXTLA VERACRUZ C. P. 95835 MÉXICO | $37,213.90 |
| 285 | JOSÉ LUIS FERNÁNDEZ LÓPEZ<br><br>CALZADA VENTURA PUEN 999 COLONIA DEL EMPLEADO MORELIA MICHOACÁN C. P. 58280 MÉXICO | $73,336.85 |
| 286 | JUAN CARLOS HERRERA BALDERAS<br><br>CALLE NORTE 74 5223 COLONIA BONDOJITO GUSTAVO A MADERO CIUDAD DE MÉXICO C.P. 07850 MÉXICO | $138,762.50 |
| 287 | JUAN JOSÉ GONZÁLEZ GASPAR<br><br>PORFIRIO DÍAZ 15 COLONIA JARDINES DE ATIZAPÁN ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52978 MÉXICO | $77,395.20 |
| 288 | JUAN MANUEL AHUED SODA<br><br>CRUZ DEL SUR 157 COLONIA PRADO CHURUBUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04230 MÉXICO | $3,798.77 |
| 289 | JUAN MANUEL NARVÁEZ SANTOS<br><br>ART 27 30 COLONIA ADALBERTO TEJEDA BOCA DEL RIO VERACRUZ C. P. 94298 MÉXICO | $290.00 |
| 290 | JUDITH JIMÉNEZ RAMÍREZ<br><br>VICENTE GUERRERO 401 COLONIA TEZONTEPEC CUERNAVACA MORELOS C. P. 62250 MÉXICO | $12,568.60 |
| 291 | JULIÁN VENTOSA TANUS<br><br>AVENIDA JUÁREZ 2925 COLONIA LA PAZ PUEBLA PUEBLA C. P. 72160 MÉXICO | $304,143.46 |
| 292 | JUNTA GENERAL DE ASISTENCIA<br><br>HIDALGO 500 COLONIA PACHUCA DE SOTO CENTRO PACHUCA HIDALGO HIDALGO C. P. 42000 MÉXICO | $157,826.75 |
| 293 | JUSTONE SOLUTIONS SAPI DE CV<br><br>RIO DE LA MAGDALENA 326 208 COLONIA LA OTRA BANDA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01090 MÉXICO | $2,042,360.96 |
| 294 | KAMIPET SA DE CV<br><br>GUILLERMO GONZÁLEZ 600 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C.P. 01210 MÉXICO | $10,646,082.61 |
| 295 | KAREN HARFUCH YAPUR<br><br>PINO 96 COLONIA COLONIA FLORIDA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01030 MÉXICO | $4,455.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633833
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 296 | KARET SA DE CV<br><br>TACUBA 40 205 COLONIA CENTRO DE LA CIUDAD DE MÉXICO ÁREA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06010 MÉXICO | $57,722.50 |
| 297 | KARLA ROCÍO GARCÍA<br><br>PUERTO DE MANZANILLO 2213 COLONIA VALLADO NUEVO CULIACÁN SINALOA C. P. 80110 MÉXICO | $579,442.62 |
| 298 | KELLOGG COMPANY MÉXICO S DE RL DE CV<br><br>CARR CAMPO MILITAR KM 1 COLONIA SAN ANTONIO DE LA PUNTA QUERÉTARO QUERÉTARO C. P. 76135 MÉXICO | $1,757,969.56 |
| 299 | KITCHEN BOX 18 SA DE CV<br><br>AV. STIM 82 COLONIA LOMAS DEL CHAMIZAL CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05129 MÉXICO | $13,600.60 |
| 300 | KRATS IND<br><br>CALLE CHOPO 102 4A COLONIA TLALNEMEX TLALNEPANTLA DE BAZ CIUDAD DE MÉXICO<br><br>C. P. 54070 MÉXICO | $2,838,551.57 |
| 301 | KROMA TELECOM DE MÉXICO SA DE CV<br><br>DARWIN 74 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $14,405.71 |
| 302 | KT SERVICIO ANAYA SA DE CV<br><br>ALCANFORES 6 COLONIA SAN PEDRO CUAUTLALPAN TEXCOCO ESTADO DE MÉXICO C. P. 56255 MÉXICO | $644,496.00 |
| 303 | LA MEJOR AGENCIA DE MEDIOS DEL MUNDO SA DE CV<br><br>DUBLÍN SN COLONIA PUERTA DE HIERRO MONTERREY NUEVO LEÓN C. P. 64349 MÉXICO | $106,256.00 |
| 304 | LA PANADERÍA LICENSING & MARKETING SA DE CV<br><br>MATAMOROS 9 COLONIA DEL CARMEN COYOACÁN CIUDAD DE MÉXICO C. P. 04100 MÉXICO | $258,076.80 |
| 305 | LATAM DIGITAL MÉXICO S DE RL DE CV<br><br>ANDRÉS MOLINA ENRÍQUEZ 501 COLONIA REFORMA IZTACCIHUATL NORTE IZTACALCO CIUDAD DE MÉXICO C. P. 08810 MÉXICO | $1,048,974.08 |
| 306 | LESMART CONSTRUCTORA SA DE CV<br><br>MANUEL ÁVILA CAMACHO 2610 PISO 10 COLONIA VALLE DE LOS PINOS TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54040 MÉXICO | $202,616.70 |
| 307 | LIBERTY FIANZAS SA DE CV<br><br>PASEO DE LA REFORMA 350 PISO 7-A COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $15,844.90 |
| 308 | LIMPIEZA PARA OBRA Y PERSONAL FIJO DEL SURESTE SA DE CV<br><br>SUPERMANZANA 53 COLONIA SUPERMANZANA 62 BENITO JUÁREZ QUINTANA ROO C. P. 77513 MÉXICO | $134,776.36 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

| | | |
|---|---|---|
| 309 | LIMPIEZA VAL SA DE CV<br><br>RIO TIBER 38 201 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $522,240.02 |
| 310 | LIMPIFEX SA DE CV<br><br>LÁZARO GARZA AYALA 110 COLONIA BARRIO TAMPIQUITO SAN PEDRO NUEVO LEÓN C. P. 66240 MÉXICO | $1,914.00 |
| 311 | LIV GOLF EVENTS LTD<br><br>SOUTH BANK CENTRAL 30 LONDRES GREATER LONDON SE1 REINO UNIDO | $80,082,900.00 |
| 312 | LIZBETH GARCÍA ESPINOSA<br><br>DR BALMIS 472 COLONIA DOCTORES CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06720 MÉXICO | $11,955.00 |
| 313 | LOGICALIS MÉXICO S DE RL DE CV<br><br>AV EJERCITO NACIONAL 678 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MÉXICO | $14,490,686.12 |
| 314 | LOSADA DOMÍNGUEZ LEONARDO RAMIRO<br><br>LIBERTAD 612 COLONIA MANTE CENTRO TAMPICO TAMAULIPAS C. P. 89800 MÉXICO | $164,213.68 |
| 315 | MA REMEDIOS GONZÁLEZ MORENO<br><br>AV DE LOS TANQUES SN COLONIA TORRES DE POTRERO ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01840 MÉXICO | $32,930.00 |
| 316 | LOYA CHAVIRA DIANA SOLEDAD<br><br>CUAUHTÉMOC 1 COLONIA HIDALGO DEL PARRAL CENTRO HIDALGO DEL PARRAL CHIHUAHUA C. P. 33800 MÉXICO | $297,049.47 |
| 317 | LUCERO CRISTÓBAL RUIZ<br><br>FRONTERA SN COLONIA CAMPO MAGALLANES CÁRDENAS TABASCO C. P. 86480 MÉXICO | $10,000.00 |
| 318 | LUIS REY GARCÍA PONCE<br><br>NIÑOS HÉROES 7 COLONIA SAN BERNARDINO CHALCHIHUAPAN OCOYUCAN PUEBLA C. P. 72850 MÉXICO | $174,978.84 |
| 319 | LUMAIRE SA DE CV<br><br>CENTRO ESCOLAR MANZANA, LOTE 41 33 COLONIA ZONA ESCOLAR GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07230 MÉXICO | $257,767.18 |
| 320 | LUZ MEDICA FARMACÉUTICA Y HOSPITALARIA SA DE CV<br><br>ÁLVARO OBREGÓN 121 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $40,145.04 |
| 321 | M AND G HAPPY PEOPLE SA DE CV<br><br>AVENIDA EL IMÁN 580 COLONIA PEDREGAL DE CARRASCO COYOACÁN CIUDAD DE MÉXICO C. P. 04700 | $3,499.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | MÉXICO | |
| 322 | MACROINVERSIONES DE MÉXICO SA DE CV<br><br>CALLE 70 422 COLONIA CENTRO MÉRIDA YUCATÁN C. P. 97000 MÉXICO | $92,800.00 |
| 323 | MAGNITE INC<br><br>BROADWAY 1250 15TH FLOOR NUEVA YORK NEW YORK NUEVA YORK 10001 ESTADOS UNIDOS DE AMÉRICA | $227,353.93 |
| 324 | MAQUINAS DIESEL SA DE CV<br><br>AV. INDUSTRIALES DEL PONIENTE 2300 2300 COLONIA CENTRO SANTA CATARINA NUEVO LEÓN C. P. 66350 MÉXICO | $4,449.05 |
| 325 | MARCOZER SA DE CV<br><br>CIRCUITO MOISÉS SOLANA 790 COLONIA PRADOS DEL MIRADOR QUERÉTARO QUERÉTARO C. P. 76070 MÉXICO | $4,640.00 |
| 326 | MARÍA ALEJANDRA MIGUEL ORTIZ<br><br>CALLE TOTONACAS 347 COLONIA AJUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04300 MÉXICO | $1,044.23 |
| 327 | MARÍA DEL CARMEN CASTAÑEDA ESPINOSA<br><br>CALLE 2 7 COLONIA EL RODEO TEPIC NAYARIT C. P. 63060 MÉXICO | $93,031.10 |
| 328 | MARÍA EUGENIA MENDOZA HERRERA<br><br>JUÁREZ SUR 216 LOCAL 1 COLONIA TEXCOCO DE MORA CENTRO TEXCOCO ESTADO DE MÉXICO C. P. 56100 MÉXICO | $27,574.36 |
| 329 | MARÍA GUADALUPE LIZARDI RAMONES<br><br>PLAZA DE LA CONSTITUCIÓN 141 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $8,000.00 |
| 330 | MARÍA HUERTA PÉREZ<br><br>CALLE 3 109 COLONIA BOULEVARES ZACATECAS ZACATECAS C. P. 98065 MÉXICO | $78,775.25 |
| 331 | MARKTUBE SA DE CV<br><br>PRADO NORTE 612 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $541,176.85 |
| 332 | MARTIN ALMANZA OVIEDO<br><br>GUERRERO SN COLONIA SÓCRATES RIZO GALEANA NUEVO LEÓN C. P. 67850 MÉXICO | $204,134.12 |
| 333 | MARTÍNEZ ORNELAS JUAN MANUEL<br><br>CALLE B 40 INT 2 COLONIA FORTÍN DE LAS FLORES TIJUANA BAJA CALIFORNIA C. P. 22114 MÉXICO | $311,547.83 |
| 334 | MARTÍNEZ ZAVALA JESÚS SALVADOR<br><br>PROFESORA MARÍA MARTÍNEZ 150 COLONIA FRACCIONAMIENTO QUINTA MAGISTERIAL SANTIAGO PAPASQUIARO DURANGO C. P. 34649 MÉXICO | $102,717.56 |
| | MAS MARKETING CONSULTORES SC | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633833
04/10/26 10:17:13

| | | |
|---|---|---|
| 335 | PROLONGACIÓN CARLOS SALAZAR PONIENTE 2840 COLONIA CHEPEVERA MONTERREY NUEVO LEÓN C. P. 64030 MÉXICO | $794,347.83 |
| 336 | MASTER CHOICE SA DE CV<br><br>AV. MAGALLANES 1155 COLONIA SANTA ANITA GUADALAJARA JALISCO C. P. 45600 MÉXICO | $33,667.00 |
| 337 | MATC DIGITAL S DE RL DE CV<br><br>BOULEVARD MANUEL ÁVILA CAMACHO 32 COLONIA LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $168,109.75 |
| 338 | MÁXIMO SEGUNDO ARRIAGA<br><br>SUR 109-A 652 COLONIA SECTOR POPULAR IZTAPALAPA CIUDAD DE MÉXICO C. P. 09060 MÉXICO | $6,088.70 |
| 339 | MAYA ESQUIVEL JOSÉ LUIS<br><br>ÁLVARO OBREGÓN 293 COLONIA CENTRO PUREPERO MICHOACÁN C. P. 58760 MÉXICO | $17,113.70 |
| 340 | MBCS-MAGNA S DE RL DE CV<br><br>MIGUEL DE CERVANTES SAAVED 193 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | $1,508,000.00 |
| 341 | MEDIA DEPORTES MÉXICO S DE RL DE CV<br><br>PERIFÉRICO SUR 4355 COLONIA JARDINES EN LA MONTAÑA TLALPAN CIUDAD DE MÉXICO<br><br>C. P. 14210 MÉXICO | $10,220,800.22 |
| 342 | MEDIA PARTNER ADVERTISING SL<br><br>CALLE TINTE 11 D ALCALÁ DE HENARES MADRID MADRID 28801 ESPAÑA | $10,479,274.52 |
| 343 | MEDIARITHMICS<br><br>AVENUE DE L'OPÉRA 14 PARIS PARIS 75001 FRANCIA | $1,487,762.32 |
| 344 | MEDIASTREAM SPA<br><br>AV PEDRO DE VALDIVIA 1215 OF 201 REGIÓN METROPOLITANA PROVIDENCIA SANTIAGO PROVIDENCIA 7500917 CHILE | $1,533,330.20 |
| 345 | MEDINA TOBIAS AMPARO<br><br>MANUEL JOSÉ OTHÓN SN COLONIA CEDRAL CENTRO CEDRAL SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78520 MÉXICO | $68,400.80 |
| 346 | MEDIO TURNO SA DE CV<br><br>CERES 19 DEPTO. 101 COLONIA CRÉDITO CONSTRUCTOR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MÉXICO | $2,015,691.81 |
| 347 | MELÉNDEZ LÓPEZ SANTOYO Y BARREDA SC<br><br>TABASCO 117 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $154,806.80 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 348 | MERK-COM SA DE CV<br><br>AMORES 1618 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $2,320,000.00 |
| 349 | MESINO FIGUEROA REYNA INÉS<br><br>GÉMINIS MANZANA 13 COLONIA CENTRO ZIHUATANEJO DE AZUETA GUERRERO C. P. 4089 MÉXICO | $13,446.00 |
| 350 | META PLATFORMS IRELAND LL<br><br>MERRION ROAD 4 DUBLÍN 2 IRLANDA | $7,480.81 |
| 351 | METLIFE MÉXICO SA<br><br>INSURGENTES SUR 1457 COLONIA INSURGENTES MIXCOAC. BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03920 MÉXICO | $2,567.10 |
| 352 | MIGUEL ÁNGEL ROSAS ZARATE<br><br>AVENIDA SALVADOR NAVA MARTÍNEZ 1333 COLONIA SANTA FE SUR SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78350 MÉXICO | $11,959.60 |
| 353 | MIJARES ANGOITIA CORTES Y FUENTES SC<br><br>JAVIER BARRO 540 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $139,200.00 |
| 354 | MILES MÉXICO AMÉRICA VIAJES SA DE CV<br><br>MINNESOTA 3 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MÉXICO | $41,688.00 |
| 355 | MM ESPACIOS PUBLICITARIOS SA DE CV<br><br>JUAN VÁZQUEZ DE MELLA 481 205 COLONIA POLANCO II SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11530 MÉXICO | $2,726,298.55 |
| 356 | MÓNICA GUADALUPE RUIZ MORALES<br><br>7A. SUR PONIENTE 22 COLONIA CENTRO LAS MARGARITAS CHIAPAS C. P. 30187 MÉXICO | $65,708.59 |
| 357 | MONROY GÓMEZ MARÍA DEL ROCÍO<br><br>TEXCOCO 257 COLONIA CLAVERÍA AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02080 MÉXICO | $63,374.00 |
| 358 | MONTERO GUERRA MARÍA LUISA<br><br>CIRCUITO EL CAMPEADOR 327 COLONIA FRACC. EL CID MAZATLÁN SINALOA CULIACÁN SINALOA C. P. 82110 MÉXICO | $22,439.67 |
| 359 | MORENO VILLANUEVA ARTURO<br><br>BRADLEY 44 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $170,349.65 |
| 360 | MOST PUBLICIDAD SA DE CV<br><br>PASEO DE LOS TAMARINDOS 384 COLONIA COOPERATIVA PALO ALTO CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05110 MÉXICO | $10,104,422.64 |
| 361 | MUEVE ARQUITECTURA SA DE CV<br><br>EJERCITO NACIONAL 505 COLONIA GRANADA MIGUEL | $375,705.03 |

ROBERTO ABIHUD VICTORIA VILLELA
3030303031303030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| | HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | |
| 362 | MUNICIPIO DE CHINA STDS<br><br>PALACIO MUNICIPAL SN SN COLONIA CENTRO CHINA NUEVO LEÓN C. P. 67050 MÉXICO | $50,000.00 |
| 363 | MUNICIPIO DE HUEHUETAN CHIAPAS<br><br>PALACIO MUNICIPAL SN COLONIA HUEHUETAN HUEHUETAN. CHIAPAS C. P. 30660 MÉXICO | $139,200.00 |
| 364 | MUNICIPIO DE TECOMAN COLIMA STDS<br><br>MEDELLÍN 280 COLONIA TECOMAN CENTRO TECOMAN COLIMA C. P. 28100 MÉXICO | $15,000.00 |
| 365 | MURGUÍA Y ASOCIADOS SC<br><br>BUENOS AIRES 27701 COLONIA PROVIDENCIA GUADALAJARA JALISCO C. P. 44630 MÉXICO | $740,723.51 |
| 366 | MURIS SALINAS CONSULTORES SC<br><br>LINCOLN 4343 COLONIA NUEVO LAREDO SAN RAFAEL TAMAULIPAS C. P. 88200 MÉXICO | $193,758.00 |
| 367 | NADER HAYAUX Y GOEBEL SC<br><br>PASEO DE LOS TAMARINDOS 400 PISO 7 COLONIA BOSQUES DE LAS LOMAS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05120 MÉXICO | $409,465.65 |
| 368 | NATIVE ADS DE MÉXICO SA DE CV<br><br>BAJA CALIFORNIA 274 PISO 2 COLONIA HIPÓDROMO CUAUHTÉMOC CIUDAD DE MÉXICO C.<br><br>P. 06100 MÉXICO | $2,018,400.00 |
| 369 | NAZIFH DIGITAL ROOM SA DE CV<br><br>ADOLFO PRIETO 1415 COLONIA TLACOQUEMECATL BENITO JUÁREZ CIUDAD DE MÉXICO<br><br>C. P. 03200 MÉXICO | $397,211.84 |
| 370 | NEW MEDICAL HEALTH SERVICES SA DE CV<br><br>FELIPE VILLANUEVA 88 4 COLONIA GUADALUPE INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01020 MÉXICO | $52,666.25 |
| 371 | NEXT TELEKOM SAPI DE CV<br><br>DAVID ALFARO SIQUEIROS 104 COLONIA DEL VALLE SECTOR ORIENTE SAN PEDRO GARZA GARCÍA NUEVO LEÓN C. P. 66269 MÉXICO | $54,720.00 |
| 372 | NIMIROVSKI SHARON ISRAEL 758 TELAVIT ISRAEL | $373,755.79 |
| 373 | NOMAD AGENCY INC<br><br>COASTAL 6192 LEWES DELAWARE DELAWARE 19958 INGLATERRA | $176,182.38 |
| | NOTARIA 185 CDMX SC | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

SENTENCIA

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 374 | ALBORADA 124 COLONIA PARQUE DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14010 MÉXICO | $4,231.21 |
| 375 | NOTARIAS 211 Y 135 DE LA CDMX SC<br><br>PROVIDENCIA 1000 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C.P. 03100 MÉXICO | $115,000.00 |
| 376 | NOTICIAS AS MÉXICO SA DE CV<br><br>PASEO DE LA REFORMA, PISO 6 231 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $5,365,833.39 |
| 377 | NOVELO DZIB MIGUEL ÁNGEL<br><br>16 119 COLONIA VALLADOLID CENTRO VALLADOLID YUCATÁN C. P. 97780 MÉXICO | $4,050.00 |
| 378 | NVG NETWORK, SA DE CV<br><br>INSURGENTES SUR 1458 COLONIA ACTIPAN BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03230 MÉXICO | $50,000.00 |
| 379 | OF LIMPIEZA PROFESIONAL SA DE CV<br><br>PROVIDENCIA 400 DEPTO. 403 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $177,244.15 |
| 380 | OFFICE TIENDA DIGITAL SA DE CV<br><br>DIVISIÓN DEL NORTE 500 COLONIA CHIHUAHUA CHIHUAHUA CHIHUAHUA C. P. 31203 MÉXICO | $4,195.56 |
| 381 | OMG DIVERSIFIED SERVICES GROUP SA DE CV<br><br>GUILLERMO GONZÁLEZ CAMA 800 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $10,672,000.00 |
| 382 | OMNI PRINTER SA DE CV<br><br>MONZON 173 COLONIA CERRO DE LA ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09860 MÉXICO | $139,383.58 |
| 383 | OMORFI 20I SA DE CV<br><br>MONTECITO 38 P-24 OF-28 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MÉXICO | $1,500.01 |
| 384 | OPERADORA DE CINEMAS SA DE CV<br><br>JAVIER BARROS SIERRA 540 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C. P. 01210 MÉXICO | $2,838,493.09 |
| 385 | OPERADORA DE SERVICIOS RITZEN SA DE CV<br><br>CIRCUITO CIRCUNVALACIÓN PONIENTE 8 COLONIA CIUDAD SATÉLITE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53100 MÉXICO | $942,183.36 |
| 386 | OPTIMUM MEDIA DIRECTION DE MÉXICO SA DE CV<br><br>GUILLERMO GONZÁLEZ CAMARENA 800 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $32,334,712.45 |
| 387 | OSCAR ALEJANDRO TURRUBIATES ROSAS<br><br>PRIMERO DE MAYO 110 COLONIA GUADALUPE VICTORIA | $497,859.62 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| | TAMPICO TAMAULIPAS C. P. 8908 MÉXICO | |
| 388 | OSCAR ARIEL ARÉVALO MOTA<br><br>SANTANA 62 5 COLONIA SAN MIGUEL TECAMACHALCO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53970 MÉXICO | $45,000.00 |
| 389 | OTELO ADMINISTRACIÓN DE NEGOCIOS SC<br><br>RIO ELBA 10 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $67,409.46 |
| 390 | OUT OF HOME DIGITAL SAPI DE CV<br><br>REFORMA 36 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $14,100.00 |
| 391 | PABLO ZEHLE GONZÁLEZ<br><br>CIRCUITO DE LAS HACIENDAS NORTE 4 COLONIA TEQUISQUIAPAN TEQUISQUIAPAN QUERÉTARO C. P. 76795 MÉXICO | $25,770.01 |
| 392 | PADILLA GONZÁLEZ JOSÉ PRAXEDIS<br><br>SÁNCHEZ TABOADA 1600 COLONIA ZONA RIO TIJUANA BAJA CALIFORNIA C. P. 22000 MÉXICO | $337,834.70 |
| 393 | PADUA SOPORTE SC<br><br>XOCHICALCO 674 COLONIA LETRÁN VALLE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03650 MÉXICO | $15,003.75 |
| 394 | PANAMSAT DE MÉXICO S DE RL DE CV<br><br>JORGE JIMÉNEZ CANTÚ MZ 14 LT 14 COLONIA LOMAS DE VALLE ESCONDIDO ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52930 MÉXICO | $2,828,127.61 |
| 395 | PAPELERA PRINCIPADO SA DE CV<br><br>TLÁHUAC 84 COLONIA SANTA ISABEL INDUSTRIAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09820 MÉXICO | $343.48 |
| 396 | PAULINA CONDE LUGO<br><br>DEL MEZQUITAL MZ 6 LOTE 27 COLONIA VALLE DE SAN JAVIER 6A SECCIÓN PACHUCA DE SOTO HIDALGO C. P. 42086 MÉXICO | $62,103.13 |
| 397 | PAVILION DISEÑO Y ARQUITECTURA SA DE CV<br><br>INSURGENTES SUR 303 COLONIA HIPÓDROMO CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06100 MÉXICO | $75,337.29 |
| 398 | PÉREZ FRANCO JUAN MANUEL<br><br>ALMERÍA 239 COLONIA EL DORADO 1RA SECC AGUASCALIENTES AGUASCALIENTES C. P. 20235 MÉXICO | $41,210.76 |
| 399 | PINTO Y SHEHOAH SC<br><br>DURANGO 245 11 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $174,000.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 400 | PLANNING SOLUTIONS SC<br><br>CALLE DE LOS MONTES ALTOS 6913 COLONIA RESIDENCIAL CUMBRES III CHIHUAHUA CHIHUAHUA C. P. 31216 MÉXICO | $141,538.49 |
| 401 | PLATÓN ADMINISTRACIÓN Y DIRECCIÓN EMPRESARIAL SC<br><br>MIGUEL ÁNGEL DE QUEVEDO 24 COLONIA EXHACIENDA DE GUADALUPE CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01050 MÉXICO | $344,132.34 |
| 402 | PPLACE TECHNOLOGIES S DE RL DE CV<br><br>AV. PASEO DE LA REFORMA 296 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P 06600 MÉXICO | $3,936,550.00 |
| 403 | PRACTICAL HOME AND INDUSTRY SANITARY SA DE CV<br><br>EMILIANO ZAPATA 1012 COLONIA AMPLIACIÓN MOMOXPAN SAN PEDRO CHOLULA PUEBLA<br><br>C. P. 72760 MÉXICO | $35,087.50 |
| 404 | PRAKE CONSULTORES Y ASESORES SA DE CV<br><br>RUBÉN DARÍO 1109 COLONIA PROVIDENCIA GUADALAJARA CIUDAD DE MÉXICO C. P. 44630 MÉXICO | $1,276,000.00 |
| 405 | PRODUCCIÓN AND DISTRIBUCIÓN CORP<br><br>12480 NW 25TH STREET 12480 SUITE 115 DORAL FLORIDA MIAMI 33178 ESTADOS UNIDOS DE AMÉRICA | $26,694.30 |
| 406 | PRODUCCIÓN BTL SA DE CV<br><br>PERIFÉRICO SUR 4349 LOC 13 COLONIA JARDINES EN LA MONTAÑA TLALPAN CIUDAD DE MÉXICO C. P. 14210 MÉXICO | $11,612.70 |
| 407 | PRODUCTOS METÁLICOS STEELE SA DE CV<br><br>BLVD MIGUEL DE CERVANTES SAAVEDRA 183 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | $123,739.30 |
| 408 | PROEPTA SA DE CV<br><br>GALILEO 11 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $2,252.49 |
| 409 | PROMOTORA DE BIENES Y SERVICIOS DELTA SA DE CV<br><br>AGUIRRE LAREDO 6715 COLONIA PARTIDO LA FUENTE B JUÁREZ CHIHUAHUA C. P. 32370 MÉXICO | $60,138.20 |
| 410 | PROTELECOM, SA DE CV<br><br>PARQUE DE MARBELLA 17 COLONIA PARQUES DE LA HERRADURA HUIXQUILUCAN CIUDAD DE MÉXICO C. P. 52786 MÉXICO | $47,480.26 |
| 411 | PROTESA SERVICIOS ESPECIALIZADOS EN EQUIPO GASTRONÓMICO S DE RL DE CV ABELARDO RODRÍGUEZ 286 COLONIA VICENTE VILLADA NEZAHUALCÓYOTL ESTADO DE MÉXICO C. P. 57710 MÉXICO | $37,393.76 |
| 412 | PUBLICA ADVERTISING SA DE CV<br><br>PASEO DE LA REFORMA 115 1703 COLONIA LOMAS DE | $30,372,962.61 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

| | | |
|---|---|---|
| | CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | |
| 413 | PUBLICIDAD VIRTUAL SA DE CV<br><br>PROLONGACIÓN BOSQUES DE LA REFORMA 1813 COLONIA LOMAS DE VISTA HERMOSA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05100 MÉXICO | $14,987,563.89 |
| 414 | PUBLIMAX SA DE CV<br><br>RIO TAMESÍ 300 COLONIA COL. MÉXICO MONTERREY NUEVO LEÓN C. P. 64740 MÉXICO | $7,740,796.90 |
| 415 | PURPOSE FINANCIAL INC<br><br>N CHURCH STREET SPARTANBURG 135 CAROLINA DEL SUR CAROLINA DEL SUR CAROLINA DEL SUR 29304 ESTADOS UNIDOS DE AMÉRICA | $1,086,674.41 |
| 416 | PYM EN SISTEMAS ELÉCTRICOS Y DE POTENCIA SA DE CV<br><br>DIECISÉIS 73 COLONIA AMPLIACIÓN PROGRESO NACIONAL GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07650 MÉXICO | $658,776.27 |
| 417 | QM-ADJUSTERS<br><br>MELCHOR OCAMPO 430 COLONIA ROMERO DE TERREROS COYOACÁN CIUDAD DE MÉXICO C. P. 04310 MÉXICO | $19,984.48 |
| 418 | QUÍMICA MEXICANA INDUSTRIAL SA DE CV<br><br>CARRETERA CUAUTITLÁN TEOLOYUCAN 4 COLONIA FRACC IND XHALA CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54750 MÉXICO | $19,387.64 |
| 419 | RÍOS ABOGADOS SC<br><br>HALLEY 21 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $121,800.00 |
| 420 | RACKSPACE INTERNATIONAL GMBH<br><br>PFINGSTWEIDSTRASSE 60 ZÜRICH ZÜRICH SCHYZ 8005 SUIZA | $4,310,700.92 |
| 421 | RADIO PUBLICIDAD XH MÉXICO SA DE CV<br><br>CONSTITUYENTES 1154 PISO 10 COLONIA LOMAS ALTAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11950 MÉXICO | $465,049.96 |
| 422 | RAEC LOGÍSTICA EN EVENTOS S DE RL DE CV<br><br>CALLE DURANGO 84 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $4,717,333.40 |
| 423 | RAK SA DE CV<br><br>ING. MILITARES 70 COLONIA ARGENTINA PONIENTE MIGUEL HIDALGO CIUDAD DE MÉXICO<br><br>C. P. 11230 MÉXICO | $348,112.16 |
| 424 | RED POINT MED SA DE CV | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13
SIN TEXTO
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | JUAN RUIZ DE ALARCÓN 1817 COLONIA SATÉLITE PUEBLA PUEBLA C. P. 72320 MÉXICO | $28,307,550.75 |
| 425 | REDS COMM SA DE CV<br><br>ÓPALO 1736 COLONIA JUÁREZ BONANZA CHIHUAHUA C. P. 32472 MÉXICO | $21,000.00 |
| 426 | RENTAS DEL PEDREGAL SA DE CV<br><br>BOULEVARD ROCHA CORDE 305 COLONIA PRIVADAS DEL PEDREGAL SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78295 MÉXICO | $54,972.21 |
| 427 | RHCORP SA DE CV<br><br>PAPAGAYO 607 COLONIA MAZATLÁN FERROCARRILERA SINALOA C. P. 82013 MÉXICO | $28,842.24 |
| 428 | RIBESA CORPORATION<br><br>INDUSTRY AV 14408 TEXAS CALIFORNIA 78045 ESTADOS UNIDOS DE AMÉRICA | $192,198.96 |
| 429 | RICARDO ALEJANDRO SALAZAR VALDEZ<br><br>13 73 COLONIA JARDINES DE SANTA CLARA ECATEPEC DE MORELOS ESTADO DE MÉXICO. C. P. 55450 MÉXICO | $37,905.91 |
| 430 | RIVERA GAXIOLA ABOGADOS SC<br><br>BOULEVARD MANUEL ÁVILA 32 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $7,844,564.96 |
| 431 | RNR OPERACIONES SA DE CV<br><br>SÓCRATES 378 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11560 MÉXICO | $2,660,271.50 |
| 432 | RODRIGO UWALDO QUINTANA YÁNEZ<br><br>AVENIDA 20 DE NOVIEMBRE 3112 COLONIA JARAMILLO NUEVO CASAS GRANDES CHIHUAHUA C. P. 31758 MÉXICO | $13,446.00 |
| 433 | ROGELIO MÁRQUEZ GUZMÁN<br><br>SAN BENJAMÍN MZ 629 LT 9 COLONIA PEDREGAL DE SANTA ÚRSULA COYOACÁN CIUDAD DE MÉXICO C. P. 04600 MÉXICO | $13,456.00 |
| 434 | ROHDE AND SCHWARZ DE MÉXICO S DE RL DE CV<br><br>JAVIER BARROS 540 PISO 8 OFNA 804 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $162,059.32 |
| 435 | ROTOPLAS SA DE CV<br><br>CALLE ANÁHUAC 91 COLONIA EL MIRADOR COYOACÁN CIUDAD DE MÉXICO C. P. 04950 MÉXICO | $120,927.68 |
| 436 | RUBRICA MEDIA MARKET SA DE CV<br><br>JESÚS DEL MONTE 39 PISO 2B COLONIA JESÚS DEL MONTE HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52764 MÉXICO | $155,531.65 |
| 437 | RUY ALONSO REBOLLEDO<br><br>VERACRUZ, DEPTO 304 7 COLONIA CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06140 MÉXICO | $69,600.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

| | | |
|---|---|---|
| 438 | SAGA DEL CUPATITZIO SA DE CV<br><br>MACARENA 32 COLONIA EL INGUAMBO URUAPAN MICHOACÁN C. P. 60130 MÉXICO | $84,000.00 |
| 439 | SALESFORCE COM INC<br><br>MISSION STREET 415 3RD. FLOOR SAN FRANCISCO SAN FRANCISCO SAN FRANCISCO, CA 94105 ESTADOS UNIDOS DE AMÉRICA | $3,589,998.42 |
| 440 | SALVADOR ÁNGELES IRIGOYEN<br><br>RIO SAN ÁNGEL 86 B COLONIA GUADALUPE INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C.<br><br>P. 01020 MÉXICO | $161,058.00 |
| 441 | SAN PANCHO LAB SA DE CV<br><br>PI. VILLA DE MADRID 1 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $178,751.74 |
| 442 | SÁNCHEZ QUIJANO MIGUEL ÁNGEL<br><br>EMILIANO ZAPATA 188 COLONIA CUAUTEPEC DE HINOJOSA LA ESPERANZA HIDALGO C. P. 43740 MÉXICO | $12,450.00 |
| 443 | SANDRA ANDREA ELIZABETH ORTIZ LÓPEZ<br><br>CALLE TEMASCALILLO MZ 14 COLONIA CRUZ DEL FAROL TLALPAN CIUDAD DE MÉXICO C.P. 14248 MÉXICO | $17,247.40 |
| 444 | SATÉLITES MEXICANOS SA DE CV<br><br>AV. PASEO DE LA REFORMA 222 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P 06600 MÉXICO | $1,015,771.50 |
| 445 | SD ORIENTE SA DE CV<br><br>SAN JERÓNIMO 538 PISO 1 COLONIA JARDINES DEL PEDREGAL ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01900 MÉXICO | $145,572.27 |
| 446 | SECRETARIA DE FINANZAS DE LA CIUDAD DE MÉXICO<br><br>PLAZA DE LA CONSTITUCIÓN 1 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $4,213.01 |
| 447 | SEGUIMIENTO TEMÁTICO SA DE CV<br><br>SANTA CATALINA 328 COLONIA INSURGENTES SAN BORJA BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $39,107.19 |
| 448 | SEGURIDAD CORPORATIVA ALERTA SA DE CV<br><br>PADRE MIER PONIENTE 866 COLONIA CENTRO MONTERREY NUEVO LEÓN C. P. 64000 MÉXICO | $162,237.35 |
| 449 | SELLCOM SOLUTIONS MÉXICO SA DE CV<br><br>JESÚS DEL MONTE 7 COLONIA FRACC HACIENDA DE LAS PALMAS HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52763 MÉXICO | $33,292.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 450 | SERTRES DEL NORTE SA DE CV<br><br>CALLE 18 67 COLONIA SAN PEDRO DE LOS PINOS BENITO JUÁREZ CIUDAD DE MÉXICO C.<br><br>P. 03800 MÉXICO | $617,111.62 |
| 451 | SERVICIO PROFESIONAL VLH DE MÉXICO SA DE CV<br><br>LAGO ZÚRICH 219 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO<br><br>C. P. 11529 MÉXICO | $14,026,642.94 |
| 452 | SERVICIO Y MANTENIMIENTO DE MOTOS SA DE CV<br><br>CHIHUAHUA 200 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $8,480.00 |
| 453 | SERVICIOS BROXEL SAPI DE CV<br><br>AV MARIO PANI 400 PISO 1 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $205,619.60 |
| 454 | SERVICIOS ESPECIALIZADOS DE INGENIERÍA Y SUPERVISIÓN SA DE CV<br><br>AV. CHAPULTEPEC 153 107 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $47,067.89 |
| 455 | SERVICIOS INTEGRALES DE INFORMACIÓN ESTRATÉGICA DE NEGOCIOS ALC SC BOULEVARD DE LOS REYES 6206 COLONIA SAN MARTINITO SAN ANDRÉS CHOLULA PUEBLA C. P. 72825 MÉXICO | $131,078.75 |
| 456 | SERVICIOS PHILLY SA DE CV<br><br>COYOACÁN 1704 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $258,446.13 |
| 457 | SERVICIOS PROFESIONALES AH KIM PECH SA DE CV<br><br>AV CENTRAL 168-A COLONIA SAN JOSÉ CAMPECHE CAMPECHE C. P. 24040 MÉXICO | $6,920.34 |
| 458 | SI VALE MÉXICO SA DE CV<br><br>PASEO DE LA REFORMA 284 PISO 23 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06600 MÉXICO | $7,412.04 |
| 459 | SIMILARWEB LTD<br><br>MENACHEM BEGI FLOOR 41 121 TEL AVIV 6701203 ISRAEL | $226,599.01 |
| 460 | SISTEMAS CONTINO DEL PACÍFICO SA DE CV<br><br>PASEO RIO SONORA SUR 170 COLONIA PROYECTO RIO SONORA HERMOSILLO SONORA C.P. 83270 MÉXICO | $4,093.77 |
| 461 | SISTEMAS DIGITALES EN AUDIO Y VIDEO SA DE CV<br><br>PESTALOZZI 245 COLONIA NARVARTE PONIENTE BENITO JUÁREZ CIUDAD DE MÉXICO C.P. 03020 MÉXICO | $257,511.12 |
| 462 | SITEC-LJI Y ASOCIADOS SC<br><br>INSURGENTES SUR 1855 COLONIA GUADALUPE INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01020 MÉXICO | $14,808,189.55 |

ROBERTO ABIHUD VICTORIA VILLELA
3030303031303030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| 463 | SKAXI SA DE CV<br><br>MELCHOR OCAMPO 228 202 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06500 MÉXICO | $314,991.28 |
| 464 | SNOWFLAKE INC<br><br>450 CONCAR DRIVE 450 SAN MATEO CALIFORNIA 94402 ESTADOS UNIDOS DE AMÉRICA | $213,554.40 |
| 465 | SOCIEDAD OPERADORA DE LA TORRE DE CHIAPAS SA DE CV<br><br>BOULEVARD ANDRÉS SERRA ROJAS 1090 COLONIA COL. PASO LIMÓN TUXTLA GUTIÉRREZ CHIAPAS C. P. 29045 MÉXICO | $116,863.45 |
| 466 | SOLUCIONES CARROT S DE RL DE CV<br><br>CAMINO A SAN PEDRO MÁRTIR 184 COLONIA CHIMALCOYOC TLALPAN CIUDAD DE MÉXICO. C. P. 14630 MÉXICO | $234,330.71 |
| 467 | SOLUCIONES CREATIVAS MALAK S DE RL<br><br>EDUARDO PALLARES Y P 207 COLONIA SAN LUCAS COYOACÁN CIUDAD DE MÉXICO C. P. 04030 MÉXICO | $920,641.64 |
| 468 | SOLUCIONES DE IMAGEN APLIK SA DE CV<br><br>DE LA NARANJA 1 BODEGA E COLONIA INDUSTRIAL ALCE BLANCO NAUCALPAN DE JUÁREZ CIUDAD DE MÉXICO C. P. 53370 MÉXICO | $24,313.03 |
| 469 | SOLUCIONES EN MEDIOS MASIVOS SA DE CV<br><br>AVENIDA LÓPEZ MATEOS NORTE 530 COLONIA LADRÓN DE GUEVARA GUADALAJARA JALISCO C. P. 44600 MÉXICO | $150,983.99 |
| 470 | SOLUCIONES INTEGRALES ELYM S DE RL DE CV<br><br>CAMINO DEL ÉXITO 19 COLONIA CAMPESTRE ARAGÓN GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07530 MÉXICO | $44,568.75 |
| 471 | SONY DE MÉXICO SA DE CV<br><br>AVENIDA LA FE 50 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $146,646.59 |
| 472 | SRI LEGAL SC<br><br>TONALÁ 177 177 202 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $85,260.00 |
| 473 | STATIONFY INC<br><br>2443 FILLMORE STREET 2443 SAN FRANCISCO CALIFORNIA 94115 ESTADOS UNIDOS DE AMÉRICA | $282,514.68 |
| 474 | STOICME SA DE CV<br><br>BAHÍA DE GUANTÁNAMO 79 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11300 MÉXICO | $233,530.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303035313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 475 | STULZ MÉXICO SA DE CV<br><br>INSURGENTES SUR 64 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $45,380.31 |
| 476 | STYPE NORWAY AS<br><br>TOLLBUGATA 27 SENTRUM OSLO OSLO 0157 NORUEGA | $1,972,120.78 |
| 477 | SUPORTIKA DE MÉXICO SA DE CV<br><br>BRADLEY 66 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $3,693.12 |
| 478 | TABACOS DE SANTA FE SA DE CV<br><br>PINO 343 COLONIA SANTA MARÍA LA RIBERA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06400 MÉXICO | $5,160.00 |
| 479 | TANIA CARINA DURAN CABRERA<br><br>VOLCÁN PARICUTIN 8 COLONIA LOS VOLCANES TLALPAN CIUDAD DE MÉXICO C. P. 14440 MÉXICO | $15,433.60 |
| 480 | TECNOLOGÍA EN COMUNICACIONES Y REDES SA DE CV<br><br>CALLE 7 375 COLONIA RESIDENCIAL PENSIONES MÉRIDA YUCATÁN C. P. 97217 MÉXICO | $22,880.00 |
| 481 | TECNORAMPA SA DE CV<br><br>CARRETERA FEDERAL MÉXICO-QUERÉTARO 175+494 COLONIA LA ESTANCIA QUERÉTARO QUERÉTARO C. P. 76729 MÉXICO | $10,210.00 |
| 482 | TELEFONÍA POR CABLE SA DE CV<br><br>LÁZARO CÁRDENAS 1694 COLONIA DEL FRESNO 1RA SECCIÓN GUADALAJARA JALISCO C.P. 44900 MÉXICO | $154,518.00 |
| 483 | TELÉFONOS DE MÉXICO SA DE CV<br><br>PARQUE VÍA 198 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06599 MÉXICO | $264,932.02 |
| 484 | TELÉFONOS DEL NOROESTE SA DE CV<br><br>AV PIO PICO 1525 COLONIA ZONA CENTRO TIJUANA BAJA CALIFORNIA C. P. 22000 MÉXICO | $10,732.01 |
| 485 | TELEVERA RED SAPI DE CV<br><br>GALILEO 50 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MÉXICO | $1,556,834.66 |
| 486 | TELEXTANTE SA DE CV<br><br>EJE 3 SUR FERROCARRIL DE RIO FRIO 419 COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MÉXICO | $37,862.40 |
| 487 | TEODORO LOREDO SUAREZ<br><br>RIO GRANDE 5 COLONIA ARROYO HONDO ZARAGOZA SAN LUIS POTOSÍ C. P. 79540 MÉXICO | $278,857.58 |
| 488 | TERI AND MON SC<br><br>RIO TIGRIS 32 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MÉXICO | $290,000.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303533135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| 489 | TESORERÍA DE LA FEDERACIÓN<br><br>AVENIDA CONSTITUYENTES 1001 COLONIA COLONIA BELÉN DE LAS FLORES ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 1000 MÉXICO | $310,845.02 |
| 490 | TESORERÍA DEL GOBIERNO DE LA CIUDAD DE MÉXICO<br><br>AV FRAY SERVANDO TESERA DE MIER 77 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $249,228.00 |
| 491 | TETRA 40 SA DE CV<br><br>CALACOAYA 17 COLONIA NUEVA IXTACALA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C.P. 54160 MÉXICO | $186,388.72 |
| 492 | THAPLOT SA DE CV<br><br>RIO DE LA PLATA 202 COLONIA DEL VALLE SAN PEDRO GARZA GARCÍA NUEVO LEÓN C. P. 66220 MÉXICO | $116,000.00 |
| 493 | THE GROUP BROADCAST TELCO AND POST SOLUTIONS S DE RL DE CV<br><br>PEDREGAL 24 PISO 3 COLONIA MOLINO DEL REY MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11040 MÉXICO | $4,440,580.25 |
| 494 | TODO SOBRE ELECTRÓNICOS Y MEDIOS SA DE CV<br><br>SANTA FE 428 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $2,320,000.00 |
| 495 | TRANSPORTADORA GERMAN SA DE CV<br><br>ISABEL LA CATÓLICA 714 INTERIOR 1 COLONIA ÁLAMOS BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03400 MÉXICO | $21,240.00 |
| 496 | TRES PUNTO CERO DIGITAL SA DE CV<br><br>COLIMA 395 A COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO | $620,762.40 |
| 497 | TROOP Y COMPAÑÍA SA DE CV<br><br>GOLFO DE TEHUANTEPEC 10 COLONIA TACUBA MIGUEL HIDALGO CIUDAD DE MÉXICO C.<br><br>P. 11410 MÉXICO | $78,474.00 |
| 498 | TRUSTNET DE MÉXICO SA DE CV<br><br>PARRAL 6 COLONIA CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO C.P. 06140 MÉXICO | $2,136,407.85 |
| 499 | TUBI INC<br><br>MONTGOMERY STREET 315 FLOOR 16 SAN FRANCISCO SAN FRANCISCO CALIFORNIA 94104 ESTADOS UNIDOS DE AMÉRICA | $64,154,513.70 |
| 500 | TV CORPORATIVO DE SONORA SA DE CV<br><br>GARMENDIA 200 COLONIA CENTRO HERMOSILLO SONORA | $17,810.86 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | C. P. 83000 MÉXICO | |
| 501 | TV CORPORATIVO DEL VALLE YAQUI SA DE CV<br><br>AV. MIGUEL ALEMÁN 225 COLONIA CENTRO OBREGÓN SONORA C. P. 85000 MÉXICO | $6,751.01 |
| 502 | UBER MÉXICO TECHNOLOGY & SOFTWARE SA DE CV<br><br>BLVD MANUEL ÁVILA CAMACHO 137 PISO 8 COLONIA POLANCO I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11510 MÉXICO | $247,789.75 |
| 503 | UNIÓN EDITORIALISTA SA DE CV<br><br>INDEPENDENCIA 300 COLONIA GUADALAJARA CENTRO GUADALAJARA JALISCO C. P. 44100 MÉXICO | $696,023.20 |
| 504 | UNIÓN SAN JOSÉ YAJONI S DE RL DE CV<br><br>VIOLETAS 401 COLONIA REFORMA OAXACA DE JUÁREZ OAXACA C. P. 68050 MÉXICO | $98,437.09 |
| 505 | UNIVERSIDAD NACIONAL AUTÓNOMA DE MÉXICO<br><br>AVENIDA UNIVERSIDAD 3000 COLONIA UNIVERSIDAD NACIONAL AUTÓNOMA DE MÉXICO COYOACÁN CIUDAD DE MÉXICO C. P. 04510 MÉXICO | $31,856.38 |
| 506 | UNO Y MEDIO PUBLICIDAD MÉXICO SA DE CV<br><br>SANTA FE 505 PISO 16 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MÉXICO | $2,382,786.54 |
| 507 | VALET PARKING BPS S DE RL DE CV<br><br>SAN JERÓNIMO 819 112-B COLONIA SAN JERÓNIMO LIDICE MAGDALENA CONTRERAS CIUDAD DE MÉXICO C. P. 10200 MÉXICO | $618,304.75 |
| 508 | VALSAT LIFESTYLE TECHNOLOGY GROUP SA DE CV<br><br>REY HUEMAN MZ 37 LT1 COLONIA AJUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04300 MÉXICO | $148,983.08 |
| 509 | VEHÍCULOS Y SOLUCIONES AUTOMOTRICES SA DE CV<br><br>UNIVERSIDAD 502 COLONIA UNIDAD GANADERA AGUASCALIENTES AGUASCALIENTES C.P. 20130 MÉXICO | $4,611.01 |
| 510 | VERNE Y POLTER SAS DE CV<br><br>TAPACHULA 29 COLONIA ROMA SUR CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06760 MÉXICO | $25,000.00 |
| 511 | VIDA TEA MÉXICO SA DE CV<br><br>ADOLFO RUIZ CORTINEZ 5440 COLONIA OLÍMPICA COYOACÁN CIUDAD DE MÉXICO C. P. 04710 MÉXICO | $48,834.55 |
| 512 | VIDONNY COMERCIALIZADORA SAS<br><br>SAN HIPÓLITO 6 A COLONIA TECÁMAC DE FELIPE VILLANUEVA CENTRO TECÁMAC ESTADO DE MÉXICO C. P. 55740 MÉXICO | $4,524.00 |
| 513 | VIEWPOINT MEDIA & AUDIO SOLUTIONS TECHNOLOGY SA DE CV<br><br>IPN 2126 COLONIA SAN JOSÉ TICOMAN GUSTAVO A | $68,265.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| | MADERO CIUDAD DE MÉXICO C. P. 07340 MÉXICO | |
| 514 | VIGI KLEAN DEL SURESTE SA DE CV<br><br>INSURGENTES NORTE 1655 INT 1 COLONIA GUADALUPE INSURGENTES GUSTAVO A MADERO ESTADO DE MÉXICO C. P. 07870 MÉXICO | $39,609.60 |
| 515 | VIGSLA TECNOLOGÍA Y SERVICIOS SA DE CV<br><br>CASAS GRANDES 341 COLONIA NARVARTE ORIENTE BENITO JUÁREZ CIUDAD DE MÉXICO<br><br>C. P. 03023 MÉXICO | $21,506.25 |
| 516 | VILLA SAN JACINTO MALINALCO SA DE CV<br><br>AV. FFCC DE RÍO FRÍO 419 B51 COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MÉXICO | $24,466.98 |
| 517 | VILLASANTE Y FREYMAN SC<br><br>ALEJANDRO DUMAS 148 COLONIA POLANCO III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11540 MÉXICO | $92,800.00 |
| 518 | VINOTECA DE MÉXICO SA DE CV<br><br>CONSTITUCIÓN 411 COLONIA CENTRO MONTERREY NUEVO LEÓN C. P. 64000 MÉXICO | $672,680.71 |
| 519 | VISIÓN Y DESARROLLO SEIS SA DE CV<br><br>CALZADA ZAVALETA 1108 COLONIA SANTA CRUZ BUENAVISTA PUEBLA PUEBLA C. P. 72150 MÉXICO | $215,351.97 |
| 520 | VIVENDEX BIENES Y PROMOCIONES INMOBILIARIAS SA DE CV<br><br>HIDALGO 243 COLONIA NIÑOS HÉROES QUERÉTARO QUERÉTARO C. P. 76010 MÉXICO | $127,096.05 |
| 521 | WAGORU S DE RL DE CV<br><br>HAMBURGO 159 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MÉXICO | $964,503.00 |
| 522 | WDC MÉXICO S DE RL DE CV<br><br>PERIFÉRICO SUR 3299 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO<br><br>C. P. 14140 MÉXICO | $53,009,100.00 |
| 523 | WINSTEAD PC<br><br>REINAISSANCE TOWER 1201 ELM ST 1201 DALLAS, TX TEXAS TEXAS 05400 ESTADOS UNIDOS DE AMÉRICA | $28,473.92 |
| 524 | WINTERHALTER LAVALOZAS Y SISTEMAS DE LAVADO INDUSTRIAL DE MÉXICO S DE RL DE CV<br><br>DR LICEAGA, PISO 7 7 COLONIA DOCTORES CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06720 MÉXICO | $1,914.00 |
| | WIVBOOST S DE RL DE CV<br><br>SIERRA NEVADA 130 PLANTA BAJA COLONIA LOMAS DE | |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 525 | CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MÉXICO | $9,512,713.49 |
| 526 | WOW GAMES SAPI DE CV<br><br>HIDALGO 241 COLONIA BARRIO SAN MIGUEL. IZTAPALAPA CIUDAD DE MÉXICO C. P. 09360 MÉXICO | $1,120.00 |
| 527 | WPP MEDIA MANAGEMENT<br><br>LAGO ALBERTO 319 P3 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MÉXICO | $48,742,186.05 |
| 528 | YAMAHA DE MÉXICO SA DE CV<br><br>AVENIDA INSURGENTES SUR 1647 PISO 9 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MÉXICO | $1,500.00 |
| 529 | ZAPATA VELASCO GÓMEZ MONT ABOGADOS SC<br><br>ALEJANDRO DUMAS 53 COLONIA POLANCO CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MÉXICO | $75,000.00 |
| 530 | ZEMSANIA MÉXICO SA DE CV<br><br>DARWIN 74 301 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MÉXICO | $133,400.00 |
| 531 | ZETRAK SA DE CV<br><br>CARRETERA MÉXICO 623 COLONIA SAN ANTONIO POLOTITLAN DE LA ILUSTRACIÓN ESTADO DE MÉXICO C. P. 54235 MÉXICO | $67,000.00 |
| 532 | BUENA VISTA INTERNATIONAL, INC.<br><br>SOUTH BUENAVISTA STREET 500 BURBANK CALIFORNIA 91521 ESTADOS UNIDOS | $368,755,825.44 |
| 533 | RCN TELEVISIÓN, S.A.<br><br>AV LAS AMÉRICAS 65 82 PUENTE ARANDA BOGOTÁ 111311 COLOMBIA | $1,879,723.63 |
| 534 | UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br><br>UNIVERSAL CITY PLAZA, BUILDING 100 1440 - 11TH FLOOR CALIFORNIA 91608 ESTADOS UNIDOS | $129,221,470.78 |
| 535 | WARNER BROS INTERNATIONAL TELEVISIÓN DISTRIBUTION, INC.<br><br>WARNER BLVD BUILDING 4000 156S - 4TH FLOOR BURBANK CALIFORNIA 91522 ESTADOS UNIDOS | $104,716,461.97 |
| 536 | CPT HOLDINGS, INC.<br><br>WEST WASHINGTON BLVD 10202 CULVER CITY CALIFORNIA 90232 ESTADOS UNIDOS | $27,238,614.57 |
| 537 | DIAMOND FILMS NETHERLAND COORPORATIEF UA<br><br>PRINS BERHARDPLEIN 200 ÁMSTERDAM 1097JB REINO DE LOS PAÍSES BAJOS | $403,009,909.20 |
| 538 | PROMOCIONES ZANFER, S.A. DE C.V.<br><br>DIEGO RIVERA 2311 COLONIA ZONA URBANA RIO TIJUANA TIJUANA C. P. 22010 MÉXICO | $16,820,000.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633
04/10/26 10:17:13

| | | |
|---|---|---|
| 539 | OPERADORA DE ESCENARIOS DEPORTIVOS, S.A. DE C.V. (PUEBLA AP'24 CL'25)<br><br>BOULEVARD DE LOS REYES 6206 401 COLONIA SAN MARTINITO SAN ANDRÉS CHOLULA PUEBLA C. P. 72825 MÉXICO | $9,280,000.00 |
| 540 | ASOCIACIÓN DE EQUIPOS PROFESIONALES DE BEISBOL DE LA LIGA MEXICANA, A.C.<br><br>INSURGENTES SUR 797 3 Y 4 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C.P. 03810 MÉXICO | $2,255,968.00 |
| 541 | MTV NETWORKS LATIN AMÉRICA, INC.<br><br>N.W. 6TH STREET 161 MIAMI FLORIDA 33136 ESTADOS UNIDOS | $45,567,935.16 |
| 542 | FREMANTLEMEDIA MÉXICO, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4249 COLONIA JARDINES DE LA MONTAÑA TLALPAN CIUDAD DE MÉXICO. C. P. 14210 MÉXICO | $6,519,246.53 |
| 543 | TELEVISA, S.A. DE C.V.<br><br>AV VASCO DE QUIROGA 2000 COLONIA PUEBLO SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $185,756,258.96 |
| 544 | NO BOXING NO LIFE SQUAD, S.A. DE C.V.<br><br>ZALATITAN 534 JARDINES DE LA PAZ NORTE GUADALAJARA JALISCO 44860 MÉXICO | $2,477,231.04 |
| 545 | BBC STUDIOS DISTRIBUTION LIMITED<br><br>WOOD LANE 101 0 W12 7FW REINO UNIDO | $83,642.14 |
| 546 | ACUN MEDYA LIMITED<br><br>TOWER ROAD 243/A SLIEMA SLM 1604 MALTA | $556,442,137.23 |
| 547 | SINERGIA DEPORTIVA, S.A. DE C.V.<br><br>ESTADIO UNIVERSITARIO SAN NICOLÁS DE LOS GARZA PUERTA 13 COLONIA SAN NICOLÁS DE LA GARZA SAN NICOLÁS DE LA GARZA NUEVO LEÓN C. P. 66455 MÉXICO | $143,705,472.48 |
| 548 | FC JUÁREZ, S. DE R.L. DE C.V.<br><br>AV. CAMPOS ELÍSEOS 5TO PISO 9050 5 COLONIA N/A CIUDAD JUÁREZ CHIHUAHUA C. P. 32470 MÉXICO | $41,287,184.00 |
| 549 | 3 AMIGOS PROMOTIONS, S.A. DE C.V.<br><br>JOSÉ MARÍA VELASCO 2632 INT.1-D2A COLONIA ZONA URBANA RIO TIJUANA TIJUANA BAJA CALIFORNIA C. P. 22010 MÉXICO | $372,991.85 |
| 550 | ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.<br><br>CALLE 5 HANGAR 45 OFICINA 19 B COLONIA SAN PEDRO TOTOLTEPEC TOLUCA ESTADO DE MÉXICO C. P. 50226 MÉXICO | $5,804,860.75 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13

SENTENCIA

PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 551 | AZNETWORK, S.C.<br><br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $15,097,629.57 |
| 552 | AZTECA INTERNACIONAL CORPORATION<br><br>NORTH BRAND BOULEVARD 611 SUITE 1300 GLENDALE CALIFORNIA 91203 ESTADOS UNIDOS DE AMÉRICA | $22,952,781.89 |
| 553 | AZTECA NOVELAS II, S.A. DE C.V.<br><br>CALZADA DE TLALPAN 2818 COLONIA EX EJIDO SAN PABLO TEPETLAPA COYOACÁN CIUDAD DE MÉXICO C. P. 04840 MÉXICO | $22,304,635.94 |
| 554 | AZTECA RECORDS, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $324,181,783.31 |
| 555 | EQUIPO DE FUTBOL MAZATLÁN, S.A. DE C.V.<br><br>AVENIDA MÚNICH S/N S/N COLONIA PRADERA DORADA MAZATLÁN SINALOA C. P. 82139 MÉXICO | $10,171,350.65 |
| 556 | EQUIPOS DUO, S.C.<br><br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MÉXICO | $50,449.11 |
| 557 | GANADOR AZTECA, S.A.P.I. DE C.V.<br><br>AVENIDA AGUIRRE LAREDO 6727 11CD COLONIA LA FUENTE JUÁREZ CHIHUAHUA C. P. 32370 MÉXICO | $17,004,573.22 |
| 558 | INMOBILIARIA ROCA DEL PEDREGAL, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $1,781,186.24 |
| 559 | LASIMEX, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4119 TORRE B PISO 2 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MÉXICO | $90,708,683.11 |
| 560 | MERCADOTECNIA TVA, S.C.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $244,489,802.81 |
| 561 | MULTIMEDIA ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MÉXICO | $237,407,385.85 |
| 562 | OPERADORA GANADOR TV AZTECA, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $257,507.89 |
| 563 | OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MÉXICO | $763,328,904.50 |
| 564 | PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL | $93,700,037.11 |

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

| | | |
|---|---|---|
| | TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MÉXICO | |
| 565 | PRODUCCIONES DOPAMINA, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $258,025,960.41 |
| 566 | PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.<br><br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C.P. 06000 MÉXICO | $133,756,897.46 |
| 567 | PROMOTORA DE TORNEOS Y ESPECTÁCULOS PÚBLICOS, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $517,418,299.54 |
| 568 | SCI DE MÉXICO, S.A. DE C.V.<br><br>AVENIDA INSURGENTES SUR 2376 2DO PISO / 201 D COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MÉXICO | $363,989.66 |
| 569 | SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4119 TORRE B PISO 1 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MÉXICO | $100,802,665.37 |
| 570 | SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 TORRE PRODUCCIÓN PLANTA BAJA COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MÉXICO | $28,603,165.32 |
| 571 | SINOT, S.C.<br><br>AVENIDA INSURGENTES SUR 1605 PISO 15 MÓDULO 4 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MÉXICO | $19,125,947.91 |
| 572 | STATIONS GRUOP, LLC<br><br>BRICKELL AVENUE 1221 SUITE 2520 MIAMI FLORIDA ESTADOS UNIDOS DE AMÉRICA | $3,419.54 |
| 573 | TELEVISIÓN AZTECA III, S.A. DE C.V.<br><br>AVENIDA INSURGENTES SUR 2376 PISO 1 OFICINA 102 COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MÉXICO | $1,400,792,254.36 |
| 574 | TRIENIO, S.C.<br><br>AVENIDA INSURGENTES SUR 1605 PISO 15 MÓDULO 4 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MÉXICO | $35,811,846.71 |
| 575 | ADAMANTIUM PRIVATE SECURITY SERVICES, S. DE R.L DE C.V.<br><br>MATÍAS ROMERO 1221 PISO 1 Y 2 COLONIA DEL VALLE SUR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MÉXICO | $1,533,548.53 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323838363833
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| 576 | COMPAÑÍA OPERADORA DE TEATROS, S.A. DE C.V.<br><br>AV FF CC DE RIO FRIO 419 A 14 COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09310 MÉXICO | $165,799.19 |
| 577 | DIALOGUS PROCESOS, S.A.P.I. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MÉXICO | $504,209.46 |
| 578 | FUNDACIÓN TV AZTECA, A.C.<br><br>AVENIDA MONTES URALES 460 PISO 2 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11000 MÉXICO | $68,000.00 |
| 579 | GRUPO SALINAS TELECOM, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MÉXICO | $11,000,000.00 |
| 580 | NUEVA ELEKTRA DEL MILENIO, S.A. DE C.V.<br><br>AVENIDA FFCC DE RIO FRIO 419 BW COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MÉXICO | $10,420,385.59 |
| 581 | PARADIN DE MÉXICO, S.A. DE C.V.<br><br>PRIVADA MIGUEL NOREÑA 27 PISO 2 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MÉXICO | $18,808,240.00 |
| 582 | SERVICIOS DE ASESORÍA EN MEDIOS DE COMUNICACIÓN GS, S.A. DE C.V. PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $40,958,240.98 |
| 583 | TIENDAS SÚPER PRECIO, S.A.P.I. DE C.V.<br><br>AVENIDA JAVIER BARROS SIERRA 540 TORRE 1 PISO 5 OFICINA 5071 COLONIA LOMAS DE SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MÉXICO | $1,295,017.15 |
| 584 | TOTAL BOX, S.A DE C.V.<br><br>AV. SAN JERÓNIMO 252 PISO 6 COLONIA LA OTRA BANDA COYOACÁN CIUDAD DE MÉXICO. C. P. 04519 MÉXICO | $6,023.44 |
| 585 | TOTAL PLAY TELECOMUNICACIONES, S.A.P.I. DE C.V.<br><br>AV. SAN JERÓNIMO 252 PISO 6 COLONIA LA OTRA BANDA COYOACÁN CIUDAD DE MÉXICO. C. P. 04519 MÉXICO | $7,026,559.20 |
| 586 | TOTALSEC, S.A. DE C.V.<br><br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MÉXICO | $7,595,444.47 |
| 587 | INSTITUTO MEXICANO DEL SEGURO SOCIAL<br><br>AV. PASEOS DE LA REFORMA 476 COLONIA JUÁREZ CUAUHTÉMOC, CUAUHTÉMOC C. P. 06600 MÉXICO | $1,051,962.00 |
| 588 | INSTITUTO DEL FONDO NACIONAL DE LA VIVIENDA PARA LOS TRABAJADORES<br><br>AV. BARRANCA DEL MUERTO 280 COLONIA GUADALUPE INN ÁLVARO OBREGÓN ÁLVARO OBREGÓN C. P. 01029 | $431,899.00 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303030353135343232383633833
04/10/26 10:17:13

| | | |
|---|---|---|
| | MÉXICO | |
| 589 | SECRETARIA DE FINANZAS AGUASCALIENTES<br><br>AV. DE LA CONVENCIÓN 102 COLONIA DEL TRABAJO AGUASCALIENTES AGUASCALIENTES C. P. 20180 MÉXICO | $1,980.00 |
| 590 | SECRETARIA DE FINANZAS DE LA CIUDAD DE MÉXICO<br><br>PLAZA DE LA CONSTITUCIÓN 1 COLONIA CENTRO CUAUHTÉMOC CUAUHTÉMOC C. P. 06600 MÉXICO | $95,326.00 |
| 591 | GOBIERNO DEL ESTADO DE MICHOACÁN<br><br>CALZADA VENTURA PUENTE 112 COLONIA CHAPULTEPEC NORTE MORELIA MORELIA C. P. 58260 MÉXICO | $896.00 |
| 592 | SECRETARIA DE FINANZAS DE CHIHUAHUA<br><br>VENUSTIANO CARRANZA Y ALDAMA 1100 COLONIA CENTRO CHIHUAHUA CHIHUAHUA C. P. 31000 MÉXICO | $2,343.00 |
| 593 | SECRETARIA DE FINANZAS Y TESORERÍA DE PUEBLA<br><br>VÍA ATLIXCÁYOTL 1101 1ER PISO COLONIA CONCEPCIÓN LAS LAJAS ATLIXCÁYOTL ATLIXCÁYOTL C. P. 72190 MÉXICO | $5,058.00 |
| 594 | GOBIERNO DEL ESTADO DE GUANAJUATO<br><br>PASE DE LA PRESA 172 COLONIA CENTRO GUANAJUATO GUANAJUATO C. P. 36094 MÉXICO | $5,348.00 |
| 595 | GOBIERNO DEL ESTADO DE MÉXICO<br><br>AV. SEBASTIÁN LERDO DE TEJADA 300 COLONIA CENTRO TOLUCA TOLUCA C. P. 50000 MÉXICO | $759.00 |
| 596 | SECRETARIA DE ADMINISTRACIÓN Y FINANZAS DE YUCATÁN<br><br>CALLE 59 X AV. ITZÁES Y CALLE 90 NA COLONIA CENTRO MÉRIDA MÉRIDA C. P. 97000 MÉXICO | $886.00 |
| 597 | SERVICIO DE ADMINISTRACIÓN TRIBUTARIA<br><br>AV. HIDALGO 77 COLONIA GUERRERO CUAUHTÉMOC CUAUHTÉMOC C. P. 06600 MÉXICO | $83,454,311.00 |
| 598 | MEDIUM TERM NOTE / THE BANK OF NEW YORK MELLON<br><br>GREENWICH STREET 240 NEW YORK NEW YORK NEW YORK 10286 EE.UU. | $10,399,061,168.39 |
| 599 | ALTERBANK, LTD<br><br>RODNEY BAY COMMERCIAL BOULEVARD SUITE 3 RODNEY BAY RODNEY BAY GROS-ISLET LC01 401 SANTA LUCÍA | $4,237,903,819.44 |
| 600 | NUMCHI SERVICIOS, S.A.P.I. DE C.V. | $1,807,942,212.62 |

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383
04/10/26 10:17:13
SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

| | | |
|---|---|---|
| | **HAMBURGO 206 503 COLONIA JUÁREZ CUAHUTÉMOC CIUDAD DE MÉXICO C. P. 06700 MÉXICO** | |

**QUINTO. Fecha de retroacción**. Con apoyo en el artículo 43, fracción X y 112 de la Ley de Concursos Mercantiles, se señala como **fecha de retroacción** del concurso el día **nueve de octubre de dos mil veinticinco.**

**SEXTO. Arraigo**. Esta sentencia produce efectos de **ARRAIGO** de los integrantes del Consejo de Administración de la empresa **TV Azteca, sociedad anónima bursátil de capital variable**, o en su caso, de quienes sean responsables de la administración, para el sólo efecto de que no puedan separarse del lugar de su domicilio sin dejar mandato o apoderado debidamente instruido y expensado, en términos del artículo 47 de la Ley de Concursos Mercantiles.

**SÉPTIMO. Procedimiento de reconocimiento de créditos.** Se ordena al conciliador inicie el procedimiento de reconocimiento de créditos, efectuando de oficio en los términos establecidos por los artículos 121 y 123 de la Ley de Concursos Mercantiles su determinación; deberá elaborar la lista de créditos a cargo de la **comerciante** que propone reconocer, con base entre otras fuentes, en la contabilidad, con los demás documentos que permitan determinar su pasivo, con la información que la propia **concursada** y su personal están obligados a proporcionar, la información que se desprenda del dictamen del **visitador** y de las solicitudes de reconocimiento que se le presenten.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303531353432383633
04/10/26 10:17:13

**OCTAVO. Se hace del conocimiento acreedores residentes dentro de la República y en el extranjero que pueden presentar solicitudes de reconocimiento de crédito.** Se hace del conocimiento de los **acreedores** residentes en la República Mexicana que aquellos que así lo

deseen, presenten al **conciliador** en el domicilio que éste señale para el cumplimiento de sus obligaciones, sus solicitudes de reconocimiento de crédito conforme a lo dispuesto por el artículo 125 de la Ley de Concursos Mercantiles, sin perjuicio de lo ordenado en el resolutivo que antecede. Los acreedores residentes en el extranjero podrán presentar dichas solicitudes, si a sus intereses conviene, ante la persona y lugar indicados, dentro de un plazo de cuarenta y cinco días naturales conforme el artículo 291 de la Ley de Concursos Mercantiles.

**NOVENO. Orden de poner en posesión del conciliador documentos**. De acuerdo con lo dispuesto en el artículo 43, fracción VI de la Ley de Concursos Mercantiles **se ordena poner a disposición del conciliador**, de inmediato, los libros, registros y demás documentos de la empresa **concursada**, así como, los recursos necesarios para sufragar los gastos de registro y las publicaciones previstas en la ley de la materia.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313534323836383 3
04/10/26 10:17:13

**DÉCIMO. Orden de permitir las labores del conciliador.** Se ordena a la **comerciante** permita al **conciliador** y a los **interventores**, en su caso, la realización de las actividades propias de sus cargos.

**DÉCIMO PRIMERO. Suspensión de pagos**. Se ordena a la **comerciante** suspender el pago de los adeudos contraídos con anterioridad a la fecha en que surta efectos esta sentencia; salvo los que sean indispensables para la operación ordinaria de la empresa, incluido cualquier crédito indispensable para mantener la operación ordinaria de la empresa y la liquidez necesaria durante la tramitación del concurso mercantil, respecto de los cuales deberá informar

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

dentro de las setenta y dos horas siguientes de efectuados, en un principio a la suscrita juzgadora y, una vez que sea dado a conocer el nombre del **conciliador**, deberá reportarlos directamente a dicho especialista, por ser el encargado de vigilar la contabilidad y todas las operaciones que realice la comerciante, en términos del artículo 75 de la Ley de Concursos Mercantiles.

En el entendido de que, la presente sentencia no será causa para interrumpir las obligaciones laborales ordinarias de la **comerciante**, así como, el pago de contribuciones fiscales o de seguridad social ordinarias de la **concursada** por ser indispensables para la operación ordinaria de la empresa, tal y como lo establecen los artículos 66 y 69 de la Ley de Concursos Mercantiles.

**DÉCIMO SEGUNDO. Suspensión mandamientos de ejecución**. Se ordena que durante la etapa de conciliación sea suspendido todo mandamiento de embargo o ejecución contra los bienes y derechos de la **comerciante**, con las excepciones a que se refiere el artículo 65 de la Ley de Concursos Mercantiles, es decir, el mandamiento de embargo o ejecución de carácter laboral, en términos de lo dispuesto en la fracción XXIII, del apartado A, del artículo 123 constitucional y sus disposiciones reglamentarias, considerando los salarios de los **dos años** anteriores al concurso mercantil.

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

**DÉCIMO TERCERO. Publicación en el Diario Oficial de la Federación y en el diario de mayor circulación**. Se ordena al conciliador que, dentro de los **CINCO DÍAS** siguientes a su designación, tramite la publicación por una vez de un extracto de esta sentencia, en el Diario Oficial de la Federación y en uno de los periódicos de mayor circulación en la República Mexicana.

Para lo cual se ordena desde ahora elaborar los edictos conteniendo dicho extracto, así como, los oficios correspondientes y ponerlos a disposición del **conciliador**.

**DÉCIMO CUARTO. Inscripción de sentencia en los Registros Públicos correspondientes**. Se ordena al conciliador que, dentro de los **CINCO DÍAS** siguientes a su designación, solicite la inscripción de esta sentencia en el registro público de comercio que corresponda al domicilio de la **comerciante** y en todos aquellos lugares en donde tenga una agencia, sucursal o bienes sujetos a inscripción en algún registro público.

Para tal efecto se ordena desde ahora expedir copias certificadas, así como, elaborar el oficio necesario y ponerlo a disposición del **conciliador**.

ROBERTO ABIHUD VICTORIA VILLELA
30303031303030303030353135343238363833
04/10/26 10:17:13

**DÉCIMO QUINTO. Diversos Juicios**. Las acciones promovidas y los juicios seguidos por la comerciante y las promovidas y los seguidos contra ella, que se encuentren en trámite al dictarse esta sentencia, que tengan un contenido patrimonial, no se acumularán al juicio concursal, **sino que se seguirán por la comerciante bajo la vigilancia del conciliador**.

En ese sentido, la **concursada** deberá informar al **especialista** de la existencia de dichos procedimientos, al día siguiente que sea de su conocimiento su designación, como establece el artículo 84 de la Ley de Concursos Mercantiles.

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

**DÉCIMO SEXTO Precisión sobre intereses de créditos y conversión a UDI´s.** En términos del artículo 89 de la Ley de Concursos Mercantiles, con independencia del

lugar originalmente pactado para pago, los créditos a cargo de la concursada que carezcan de garantía real dejarán de causar intereses a la fecha de esta sentencia; si no hubieren sido denominados originalmente en UDI´s, se convertirán a dicha unidad previa conversión a moneda nacional de los que en su caso estuvieren denominados en moneda extranjera; el tipo de cambio y la equivalencia de las citadas unidades serán los determinados por el Banco de México para la fecha de esta sentencia.

Así también, con independencia del lugar originalmente pactado para pago, los créditos con garantía real, a partir de la fecha de esta sentencia, sólo causarán intereses ordinarios y hasta por el valor de la garantía; se mantendrán en la moneda o unidad en que originalmente se denominaron, pero también se convertirán a UDI´s sólo para cuantificar el alcance de su participación en las decisiones en que así se requiera, caso en el cual, se empleará la equivalencia antes mencionada.

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

**DÉCIMO SÉPTIMO. Medidas precautorias**. Siendo esta juzgadora rectora del procedimiento de concurso mercantil y teniendo todas las facultades necesarias para cumplir lo que prevé la Ley de Concursos Mercantiles, **SE DEJAN SUBSISTENTES** únicamente las providencias precautorias señaladas en el considerando **CUARTO** de esta sentencia.

**DÉCIMO OCTAVO. Expedición de copias**. Expídase a costa de quien teniendo interés jurídico lo solicite, copia simple o certificada de esta sentencia.

**Notifíquese; vía electrónica a la comerciante y al visitador; por oficio al Instituto Federal de Especialistas de Concursos Mercantiles; Secretaría de Hacienda y Crédito Público; Servicio de Administración Tributaria;**

**Secretaría de Administración y Finanzas de la Ciudad de México; Instituto Mexicano del Seguro Social; Comisión Reguladora de Telecomunicaciones; Instituto del Fondo Nacional de la Vivienda para los Trabajadores y al Centro Federal de Conciliación y Registro Laboral; a los posibles acreedores y demás partes se entenderán notificadas una vez que se publique la sentencia en el Diario Oficial de la Federación, de conformidad con lo dispuesto por el artículo 44 de la Ley de Concursos Mercantiles, de ser el caso, a los acreedores residentes en el extranjero, también conforme a lo establecido en las leyes aplicables.**

Así lo resolvió y firma electrónicamente **Tessy del Rocío Covarrubias Torres**, Jueza Primero de Distrito en Materia de Concursos Mercantiles, con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana, quien actúa en unión de **Roberto Abihud Victoria Villela**, secretario, que autoriza y da fe.

Ravv

En esta fecha, se ordenó girar los oficios **3910, 3911, 3912, 3913, 3914, 3915, 3916 y 3917/2026. Conste.**

Se da fe que la presente sentencia se incorporó al expediente electrónico que obra en el SISE; asimismo, se certifica que el archivo electrónico correspondiente coincide en su totalidad con las constancias físicas. **Conste.**

La persona actuaria hace constar que las notificaciones correspondientes a esta resolución, fueron debidamente digitalizadas y vinculadas al expediente electrónico. **Doy fe.**

El que suscribe, licenciado **Roberto Abihud Victoria Villela**, Secretario del Juzgado Primero de Distrito en Materia de Concursos Mercantiles con residencia en la Ciudad de México y jurisdicción en toda la República Mexicana, **certifico**: que en la presente resolución marqué con fuente color rojo (modelo RGB 255,0,0) todos los datos personales y sensibles de las partes intervinientes, a efecto de que una vez consultable, aparezcan asteriscos en lugar de aquellos; asimismo, que realicé el procedimiento necesario para que la presente resolución sea consultable en el Sistema Integral de Seguimiento de Expedientes y en versión pública en las páginas https://www.serviciosenlinea.pjf.gob.mx/juicioenlinea/SentenciaVersionPublica/MenuSentencia y https://ejusticia.cjf.gob.mx/BuscadorSISE/#/BusqExp, y cumplí con las condiciones que se indican en la Circular DGGJ/STG/17/2020,

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030353135343238363833
04/10/26 10:17:13

SENTENCIA
PODER JUDICIAL DE LA FEDERACIÓN

publicada en la sección de avisos del SISE el dieciséis de octubre de dos mil veinte. **Doy Fe.**

ROBERTO ABIHUD VICTORIA VILLELA
30303030313030303030303535313535343232383636383333
04/10/26 10:17:13

PODER JUDICIAL DE LA FEDERACIÓN

## EVIDENCIA CRIPTOGRÁFICA - TRANSACCIÓN

**Archivo Firmado:**
**159732617_4157000041293660034.p7m**
**Autoridad Certificadora:**
**AUTORIDAD CERTIFICADORA**
**Firmante(s): 2**

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | ROBERTO ABIHUD VICTORIA VILLELA | **Validez:** | BIEN | Vigente |
| FIRMA | | | | |
| **No Serie:** | 30.30.30.30.31.30.30.30.30.30.30.35.31.35.34.32.38.36.38.33 | **Revocación:** | Bien | No revocado |
| **Fecha (UTC/ CDMX)** | 07/07/26 02:01:25 - 06/07/26 20:01:25 | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA-SHA256 | | | |
| **Cadena de firma:** | 61 ea 10 78 1b f8 66 24 6d 67 fe 22 07 55 dc 74 d6 b7 8b be 47 3b 9f 2f f2 a4 95 25 58 9d 41 dd 63 c8 8e 8e b4 5e b1 08 db 84 1f 43 e2 a7 51 96 72 6f 59 ea 11 dd 9f 67 fb aa 9d 3f 44 71 ed b4 08 2c 8f 7c 4e 4d b6 e2 0c 10 d4 67 f8 21 4a 75 85 b6 b9 f6 59 a0 00 be 13 53 a4 eb f6 e4 1e 1f 76 d7 bc 35 72 e1 93 01 34 df ec ed 74 ec 0c 71 c9 cf 0b 59 41 4f 1c b6 25 0e bd 95 7a 27 92 ee 08 59 d0 69 db f1 00 5d 50 77 b2 91 e7 1b 86 06 b8 c3 79 09 26 a2 ab 41 9a 59 09 df ea 6f f2 f7 67 aa 04 fb 90 56 34 0b f2 76 05 6d ea f5 07 5d 15 09 fa fc df d1 24 4b 7f 34 4a 80 27 00 d3 33 f7 93 bb 52 c3 45 fb d5 b9 32 fa a5 67 38 1b 44 4e 36 62 6f 6c 8b 87 66 e8 e3 71 ca 4d cf b4 9b 0a a7 45 57 aa 09 cc 0d be f2 46 a2 43 e9 5e 45 49 9a f6 6f a9 48 c6 a1 c5 6c d2 75 db 49 d1 ba | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC/ CDMX)** | 07/07/26 02:01:26 - 06/07/26 20:01:26 |
| **Nombre del respondedor:** | Servicio OCSP SAT |
| **Emisor del respondedor:** | AUTORIDAD CERTIFICADORA |
| **Número de serie:** | 30.30.30.30.31.30.30.30.30.30.30.35.31.35.34.32.38.36.38.33 |

| TSP | |
|---|---|
| **Fecha : (UTC/ CDMX)** | 07/07/26 02:01:26 - 06/07/26 20:01:26 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 177766530 |
| **Datos estampillados:** | uh7IWA0S97K92QQJ2C5Q2kn9Cas= |

PODER JUDICIAL DE LA FEDERACIÓN

| FIRMANTE | | | | |
|---|---|---|---|---|
| **Nombre:** | TESSY DEL ROCIO COVARRUBIAS TORRES | **Validez:** | BIEN | Vigente |
| FIRMA | | | | |
| **No Serie:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.00.01.38.28 | **Revocación:** | Bien | No revocado |
| **Fecha (UTC/ CDMX)** | 07/07/26 02:09:58 - 06/07/26 20:09:58 | **Status:** | Bien | Valida |
| **Algoritmo:** | RSA-SHA256 | | | |
| **Cadena de firma:** | 3c 4f a1 38 3b 99 a9 4a a7 af 83 3c d4 de d6 13 18 68 5d bc d4 45 87 8d 8b c0 9a a2 f8 92 84 38 df 3c f6 9b 66 e3 2a a9 d0 8b bb 3d c7 34 e2 14 20 8a d3 e9 8d 7e b2 44 8a ea 0c c3 74 e7 65 87 f6 85 8c 43 11 51 ad cf 86 d9 1d 96 32 df 57 f2 23 45 42 25 38 a5 3c ec 9b 9b 1d 06 2a b3 f7 6c 90 b5 24 02 81 be 2a a5 b7 6e bf fe 68 02 d7 ee 74 82 82 75 91 54 fa 7b e0 b8 a9 d1 1d 7b 74 5f e9 51 5c a9 3e a1 30 b6 9d 62 42 22 0f a1 37 99 7f 1e 95 40 2b 44 06 6e 6b a2 1b cb d6 18 a7 4a 0d 08 a0 c9 f8 5c e0 6c a7 00 15 7d 90 62 7e 02 a1 8f 0a f6 58 18 92 30 48 3c 77 1e 7d 5c 58 da 55 55 8e a8 c9 5a 44 19 77 c8 82 59 b4 05 a7 94 11 9c 37 33 47 37 d5 c4 71 65 a0 11 93 24 94 cd ab b8 dd b5 6c c6 28 76 ad 6e 6e a6 31 07 31 22 dc cc 26 42 63 c0 b8 7b bb 18 c0 12 bf a7 41 bf 9f 4a 18 22 80 12 96 a9 08 c7 9a 19 91 d9 da 37 68 be c3 fd 92 cf 80 d2 9c 2b de c6 85 16 49 bd 53 71 a3 e1 ae a5 1a 3e e3 a2 c6 e8 af b8 52 6d cb 98 f2 bb 9a 03 62 3d 15 99 c8 34 f6 15 e9 6a 58 92 1d 46 20 d5 78 09 58 b8 7a 16 00 f1 bb 63 27 90 7f 5a bd 31 9c 98 8c 08 53 9f de f1 55 4d 64 37 36 d0 35 15 8d ca 80 8c aa e6 a8 c6 52 72 6d 62 b3 2d 7b 4b e2 c2 72 55 04 3f 0b 41 85 50 | | | |

| OCSP | |
|---|---|
| **Fecha: (UTC/ CDMX)** | 07/07/26 02:09:58 - 06/07/26 20:09:58 |
| **Nombre del respondedor:** | Servicio OCSP ACI del Consejo de la Judicatura Federal |
| **Emisor del respondedor:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Número de serie:** | 70.6a.66.20.63.6a.66.33.00.00.00.00.00.00.00.00.00.00.01.38.28 |

| TSP | |
|---|---|
| **Fecha : (UTC/ CDMX)** | 07/07/26 02:09:59 - 06/07/26 20:09:59 |
| **Nombre del emisor de la respuesta TSP:** | Autoridad Emisora de Sellos de Tiempo del Consejo de la Judicatura Federal |
| **Emisor del certificado TSP:** | Autoridad Certificadora Intermedia del Consejo de la Judicatura Federal |
| **Identificador de la respuesta TSP:** | 177768751 |
| **Datos estampillados:** | Vq1Y2on5cuD2RdEpq1zMjLqYkg8= |

**FIRST DISTRICT COURT FOR COMMERCIAL INSOLVENCY MATTERS, SITTING IN MEXICO CITY AND WITH JURISDICTION THROUGHOUT THE MEXICAN REPUBLIC**

**JUDGMENT DECLARING COMMERCIAL INSOLVENCY**

**COMMERCIAL INSOLVENCY 22/2026-II.**

Mexico City, July 6, 2026.

HAVING SEEN the record, in order to resolve the declaration of commercial insolvency in case file 22/2026-II, of the Merchant TV Azteca, sociedad anónima bursátil de capital variable; and,

## PROCEDURAL BACKGROUND

FIRST. Petition for commercial insolvency. By means of a filing submitted on March 10, 2026 by TV Azteca, sociedad anónima bursátil de capital variable, with the Common Correspondence Office of the District Courts for Commercial Insolvency Matters, and assigned to this judicial body on the following business day, it petitioned for its declaration in a state of commercial insolvency in the conciliation stage, basing its petition on the facts and legal considerations contained in that petition.

SECOND. Docketing, admission and processing of the commercial insolvency proceeding. By order of March 13, 2026, the matter was docketed under case file number 22/2026-II.

Subsequently, on March 20, 2026, following the curing of the deficiency, the petition filed was admitted for processing; likewise, an official communication was issued to the Federal Institute of Commercial Insolvency Specialists so that it would appoint an examiner, and the following were granted as precautionary measures:

*"1) Pursuant to section I of Article 37 of the insolvency statute, the Merchant TV Azteca, sociedad anónima bursátil de capital variable, is prohibited from making payments arising from obligations that became due prior to the admission of the petition for commercial insolvency.*

*2) The stay of any enforcement proceeding (judicial, administrative, contractual or extracontractual) or levy of attachment against the assets and rights of the Merchant arising from obligations that became due prior to the admission, pursuant to the provisions of section II of Article 37 of the Commercial Insolvency Law.*

*This measure does not entail the halting of the prosecution of the proceedings brought against the Merchant, but rather means the stay of material enforcement against its assets and rights; that is, it refers to the stay of foreclosure sale, adjudication and other similar procedures tending to dismantle the insolvency estate.*

*With respect to this interim measure, pursuant to the provisions of Article 65, second paragraph, of the applicable law, it is specified that where the attachment or enforcement order is of a labor nature, the stay shall not take effect with respect to the provisions of section XXIII of part A of Article 123 of the Constitution and its implementing provisions, taking into account wages for the two years preceding the commercial insolvency proceeding.*

*Likewise, pursuant to the provisions of Article 69 of the applicable law, this measure entails the stay of the administrative enforcement procedures for tax claims against the Merchant, until such time as a judgment*

JOSE MARÍA ZAYAS PRADO

*denying the state of commercial insolvency is rendered or, as the case may be, the term for the conciliation stage expires.*

*It being understood that the competent tax authorities may continue with the acts necessary for the assessment and securing of the tax claims payable by the Merchant.*

*It is specified that the presumed state of commercial insolvency of the Merchant is not grounds for interrupting the payment of the ordinary tax or social security contributions payable by it, as these are indispensable to the operation of the enterprise.*

*3) Pursuant to section III of Article 37 of the applicable law, the Merchant is prohibited from carrying out transactions involving the disposal or encumbrance of the principal assets of its enterprise.*

*4) The seizure of assets owned by the Merchant that are indispensable to its ordinary operation is prohibited, including, without limitation, seizures ordered by local or federal authorities, pursuant to section IV of Article 37 of the applicable law.*

*5) Transfers of funds or securities in favor of third parties are prohibited, pursuant to section VI of Article 37 of the applicable law.*

*(…)*

*A) It is prohibited to suspend, revoke, rescind, terminate and/or cancel contracts, whether preparatory or definitive, pending performance, to which TV Azteca, sociedad anónima bursátil de capital variable, is a party, until such time as a judgment denying the declaration of commercial insolvency is rendered or, where such state is declared, the conciliator who may be appointed states whether or not he objects to their performance, pursuant to the provisions of Article 92 of the applicable law.*

*B) It is ordered that, save for the exceptions expressly established in the Commercial Insolvency Law, any contractual stipulation which, by reason of the filing of the petition for commercial insolvency, or of its declaration, establishes modifications that aggravate for the Merchant the terms of the contracts to which it is a party, be deemed as not written.*

*C) It is prohibited to suspend, revoke, rescind, cancel, modify, limit or affect, in whole or in part, any concession, permit, license, authorization, registration, enrollment, enabling title or any other right granted in favor of the Merchant that allows it to operate.*

*It being understood that this measure is not grounds or justification for the Merchant to cease complying with the payment of the fees generated by the use of the public concessions it exploits.*

*Likewise, the measure granted does not constitute any impediment for the competent regulatory authority in telecommunications matters to exercise its powers of regulation, supervision, oversight or sanction over the Merchant by reason of its use of the radioelectric spectrum.*

*D) The institutions of the Mexican financial system in which the Merchant TV Azteca, sociedad anónima bursátil de capital variable, maintains open accounts are prohibited from transferring, disposing of, attaching, holding, discounting, deducting, withholding, setting off and/or using the funds administered in such accounts or forming part of the assets thereof, save for the exceptions provided for attachments indicated above.*

JOSÉ MARÍA ZAYAS PRADO

*The measures ordered shall not benefit the affiliated companies or subsidiaries of the Merchant; because, as already noted, Article 37, section II of the applicable law expressly provides that precautionary measures are directed solely at protecting the assets and rights of the enterprise subject to the proceeding."*

THIRD. Appointment of examiner and visit order. By official communication IFECOM/DG/0810/2026, the Federal Institute of Commercial Insolvency Specialists gave notice that it had appointed Samuel Ricardo Egure Lascano as examiner, whose acceptance of and oath to the office conferred were acknowledged by order of April 10, 2026.

Likewise, that order directed that the verification visit referred to in Articles 30 and 31 of the Commercial Insolvency Law be conducted at the Merchant.

The visit commenced on April 20, 2026, and the examiner timely drew up a record setting forth the facts relating to the purpose of the visit of which he and his assistants became aware.

FOURTH. Submission of the Report. By order of May 20, 2026, the examiner was acknowledged to have submitted a reasoned and detailed report, and it was therefore ordered that it be made available to the Merchant for five days so that it might argue whatever was in its interest.

Likewise, by order of June 1, 2026, it was ordered that the record be placed before the undersigned judge in order to render the judgment issued today, on the following terms:

**C O N S I D E R A T I O N S**

FIRST. Jurisdiction. This First District Court for Commercial Insolvency Matters, sitting in Mexico City and with jurisdiction throughout the Mexican Republic, has jurisdiction to resolve matters concerning the declaration of commercial insolvency, in accordance with Article 104, section II of the Political Constitution of the United Mexican States; General Agreement 4/2022[1] of the former Plenary of the Federal Judiciary Council, concerning the commencement of operations of this judicial body; 56, section II of the Organic Law of the Federal Judiciary; and Articles 9, 10, 11, 20, 41, 42 and 43 of the Commercial Insolvency Law.

SECOND. Standing. The standing of the petitioner in the insolvency proceeding to bring the action is established under Articles 4, section II, 9, section I and 20 of the Commercial Insolvency Law, which provide that a commercial insolvency proceeding may be filed by legal entities having the character of a merchant and, in this case, TV Azteca, sociedad anónima bursátil de capital variable, evidences that it has such character by means of the documents submitted with its petition, specifically:

- Certified copy of notarial instrument number one hundred eighty-four thousand eight hundred forty, dated July 23, 2025, executed before notary public number one hundred thirty-five of Mexico City.

Evidence to which full probative value is accorded, pursuant to Article 1292 of the Commercial Code, applied suppletorily to the Commercial Insolvency Law.

In this regard, the type and form of incorporation of the petitioner entails its character as a merchant under Article 3, section II of the Commercial Code, which provides that companies incorporated in accordance

[1] Article 3. The First and Second District Courts for Commercial Insolvency Matters shall sit in Mexico City and shall have jurisdiction in the Mexican Republic to hear all controversies in insolvency matters referred to in Article 59, section II, of the Organic Law of the Federal Judiciary and the Commercial Insolvency Law; as well as indirect amparo proceedings related to this matter.

FINLEX PERITO TRADUCTOR AUTORIZADO JOSE MARÍA ZAYAS PRADO TRANSLATIONS

with commercial laws are deemed to be merchants; and, in turn, section IV of Article 1 of the General Law of Commercial Companies recognizes the sociedad anónima among the types of commercial companies, while Article 4 of that law provides that companies incorporated in any of the forms recognized in the aforementioned Article 1 of that law are deemed to be commercial.

From which it follows that the petitioner evidenced its status as a merchant.

In addition, Article 20 of the Commercial Insolvency Law provides that a merchant that considers that it has incurred in a generalized default in its obligations, under any of the circumstances established in Article 10 of that statute, may petition to be declared in commercial insolvency, as was done in the present case.

THIRD. Analysis of the insolvency action. Taking into account that it must first be determined whether the petitioner in the insolvency proceeding, TV Azteca, sociedad anónima bursátil de capital variable, generally defaulted in the payment of its obligations, as an indispensable requirement to be declared in commercial insolvency, it is necessary to note that Articles 9 and 10 of the Commercial Insolvency Law provide that the declaration of commercial insolvency of a merchant is appropriate where the merchant so petitions and a generalized default in its payment obligations is demonstrated, toward two or more different creditors, which have been past due for at least thirty days and represent thirty-five percent or more of all obligations payable by the merchant, or else where it does not have assets to meet at least eighty percent of its obligations that were past due as of the date of filing of the petition.

For its part, Article 42 of the applicable law provides that the judgment rendered must take into account what has been stated, proven and argued by the parties, and must reason through the evidence submitted, including the examiner’s report.

Having set forth the foregoing, and since the status of the insolvency petitioner as a merchant was established at the outset, in the second consideration of this decision, it is analyzed whether it generally defaulted in the payment of its obligations.

From the petition for commercial insolvency filed by the Merchant, and in particular from the reasoned statement of the causes placing it in default in the payment of its obligations, it appears that it essentially indicated:

1. Imminent Tax Pressure.

It faces tax claims assessed by the Tax Administration Service in the approximate amount of $8,692,000,000.00 (eight billion six hundred ninety-two million pesos 00/100 Mexican Currency), on account of Income Tax for fiscal years 2009 and 2013, with fines and surcharges; as a result of which the risk of administrative enforcement —including the freezing of bank accounts and intervention of the enterprise— compelled it to obtain urgent financing of up to $5,000,000,000.00 (five billion pesos 00/100 Mexican Currency), which increased its liabilities and further impaired its capital.

2. Liabilities from Bonds in the United States.

In 2017 it issued bonds in the United States of America in the amount of USD $400,000,000 (four hundred million dollars 00/100 legal tender of the United States of America), maturing in August 2024; upon being unable to pay, the debt grew to USD $532,000,000.00 (five hundred thirty-two million dollars 00/100 legal tender of the United States of America).

The funds holding those bonds escalated the dispute to the political and institutional level, involving the Mexican government in an international arbitration and generating public pressure that impaired the

JOSÉ MARÍA ZAYAS PRADO TRANSLATIONS

company's credit and reputational environment; since 2021, negotiations and formal mediation were attempted without reaching an agreement.

3. Structural Transformation of the Media Industry.

Its business model depends almost exclusively on free-to-air television advertising; however, that industry has suffered a global structural decline arising from:

- The migration of audiences toward streaming platforms (Netflix, Amazon, Disney+, YouTube).
- The fragmentation of audiences and the loss of ratings as a relevant commercial indicator.
- The capture of advertising spending by Google, Meta and TikTok, which account for approximately 68% (sixty-eight percent) of internet advertising.

4. Impact of COVID-19.

The pandemic accelerated the decline already underway, since advertising investment collapsed in 2020 and the television industry fell 30% (thirty percent) during that period, and Latin America was the most affected region, the sector's revenues not having recovered pre-pandemic levels even as of the time of the filing of the insolvency petition.

5. Contraction of Government Advertising Spending.

Beginning in 2018, the federal government's austerity policy systematically and sustainedly reduced its advertising investment in traditional media, and an accumulated decline of approximately 36% (thirty-six percent) in real terms is estimated between 2019 and 2024, eliminating what had been a stable and predictable source of revenue.

6. Adverse Macroeconomic Environment.

Mexico's Gross Domestic Product grew on average by barely 0.77% (zero point seventy-seven percent) per year between 2018 and 2025; likewise, accumulated inflation for the period was 38.8% (thirty-eight point eight percent), raising production costs.

Likewise, high interest rates aggravated the cost of indebtedness, and general economic uncertainty contracted private-sector advertising investment.

7. Intensification of Competition.

That it no longer competes only with Televisa and Imagen TV, but also with cable systems, satellite platforms and Digital Platform operators, all simultaneously contesting audiences, advertising and content.

Reasons which it states have triggered its generalized default in obligations.

In order to evidence the foregoing, the Merchant submitted, together with its petition for a declaration of commercial insolvency, on the forms of the Federal Institute of Commercial Insolvency Specialists, the following documents:

1. Audited financial statements for the fiscal years corresponding to:

JOSÉ MARÍA ZAYAS PRADO

- 2022.
- 2023.
- 2024.
- 2025, unaudited.
- January 2026.

2. Reasoned statement of the causes placing the Merchant in default in the payment of its obligations.

3. List of Creditors.

4. List of Debtors.

5. Inventory of all of the merchant's assets.

6. List of lawsuits to which the merchant is a party.

7. Resolutions on the corporate acts necessary to petition for the declaration of commercial insolvency, specifically, the certified copy of notarial instrument number one hundred eighty-eight thousand seven hundred ten, dated February 26, 2026, executed before notary public number one hundred thirty-five in Mexico City.

8. Preliminary proposed settlement agreement for payment to creditors.

9. Preliminary proposal for the preservation of the enterprise.

Documentary evidence to which, assessed as a whole, full probative value is accorded, pursuant to Articles 1292 and 1296 of the Commercial Code, applied suppletorily to the Commercial Insolvency Law.

From which it appears that the Merchant has generally defaulted in the payment of its obligations, as is evident from the list of presumed creditors, the described financial statements of the insolvent enterprise and the inventory of its various assets.

This is corroborated by the report submitted by the examiner, to which full probative value is accorded pursuant to Article 1301 of the Commercial Code, applied suppletorily to the Commercial Insolvency Law, from which it appears that he followed the guidelines established by the aforementioned legislation; he stated that he reviewed information and documentation provided by the Merchant in compliance with the visit order; he indicated the period specified therein; he took into account the facts set forth in the petition; and, in addition, he stated the data on the basis of which he reached his result and satisfied the requirements established in Article 40 of the applicable law.

Likewise, it is observed that the specialist stated that the amount of the payment obligations that have been past due for at least thirty days constitutes 64.73% (sixty-four point seventy-three percent) of the total amount of the Merchant's payment obligations, whether or not past due; while the percentage of total assets available to meet the payment obligations that were past due as of the date of filing of the petition for commercial insolvency is 7.07% (seven point zero seven percent), as shown in the following table:

| | | **Amount in Mexican Currency** |
|---|---|---|
| 1 | Payment obligations that have been past due for at least 30 days as of the date of filing of the petition and that correspond to 228 different creditors (total of section 1). | $15,511,251,120.35 |

JOSE MARÍA ZAYAS PRADO
PERITO TRADUCTOR AUTORIZADO
TRANSLATIONS

| | | |
|---|---|---|
| 2 | Payment obligations past due for less than 30 days as of the date of filing of the petition (total of section 2). | $410,742,626.23 |
| A=1+2 | Total payment obligations past due as of the date of filing of the petition. | $15,921,993,746.58 |
| 3 | Payment obligations not past due as of the date of filing of the petition (total of section 3). | $8,039,379,471.78 |
| B=A+3 | Total obligations payable by the merchant, whether or not past due. | $23,961,373,218.36 |
| 4 | Total liquid insolvency assets available to meet at least eighty percent of the payment obligations past due as of the date of filing of the petition (total of section 5). | $1,125,918,631.90 |
| 1 ÷ B | Percentage of: Payment obligations that have been past due for at least 30 days / Total payment obligations payable by the merchant, whether or not past due. | 64.73% |
| 4 ÷ A | Percentage of: Total assets available to meet / Total payment obligations past due as of the date of filing of the petition. | 7.07% |

In accordance with the foregoing, once the evidence submitted by the Merchant, its statements and the aforementioned report have been weighed together, this judicial body considers that the insolvent company incurred in a generalized default in its payment obligations toward more than two different creditors, in addition to which the circumstances provided for in sections I and II of Article 10 of the Commercial Insolvency Law have occurred.

Because, from the report submitted by the examiner, it appears that the obligations that have been past due for at least thirty days as of the date of filing of the petition represent more than 35% (thirty-five percent) of all payment obligations payable by the Merchant as of that date, which is sufficient to establish the circumstance of commercial insolvency provided for in section I of the cited legal provision.

Likewise, because it is apparent that the percentage of the Merchant's total assets available to meet the payment obligations past due as of the date of filing of the petition for commercial insolvency is less than 80% (eighty percent), which is sufficient to establish the circumstance of commercial insolvency provided for in section II of the cited legal provision.

On that basis, THE PETITION FOR A DECLARATION OF COMMERCIAL INSOLVENCY IS DECLARED WELL FOUNDED, with the opening of the CONCILIATION STAGE for the Merchant TV Azteca, sociedad anónima bursátil de capital variable, with the consequences described in the operative provisions of this decision, pursuant to Articles 43 through 45, 47, 65, 66, 69, 89, 112, 149, 278, section IV and 291 of the Commercial Insolvency Law.

FOURTH. Precautionary measures. This judge being the director of the commercial insolvency proceeding and having all powers necessary to comply with the provisions of the Commercial Insolvency Law, ONLY the interim measures consisting of the following ARE LEFT IN FORCE:

*"1) Pursuant to section I of Article 37 of the insolvency statute, the Merchant TV Azteca, sociedad anónima bursátil de capital variable, is prohibited from making payments arising from obligations that became due prior to the admission of the petition for commercial insolvency.*

*2) The stay of any enforcement proceeding (judicial, administrative, contractual or extracontractual) or levy of attachment against the assets and rights of the Merchant arising from obligations that became due prior to the admission, pursuant to the provisions of section II of Article 37 of the Commercial Insolvency Law.*

*This measure does not entail the halting of the prosecution of the proceedings brought against the Merchant, but rather means the stay of material enforcement against its assets and rights; that is, it refers to the stay of foreclosure sale, adjudication and other similar procedures tending to dismantle the insolvency estate.*

JOSÉ MARÍA ZAYAS PRADO

*With respect to this interim measure, pursuant to the provisions of Article 65, second paragraph, of the applicable law, it is specified that where the attachment or enforcement order is of a labor nature, the stay shall not take effect with respect to the provisions of section XXIII of part A of Article 123 of the Constitution and its implementing provisions, taking into account wages for the two years preceding the commercial insolvency proceeding.*

*Likewise, pursuant to the provisions of Article 69 of the applicable law, this measure entails the stay of the administrative enforcement procedures for tax claims against the Merchant, until such time as a judgment denying the state of commercial insolvency is rendered or, as the case may be, the term for the conciliation stage expires.*

*It being understood that the competent tax authorities may continue with the acts necessary for the assessment and securing of the tax claims payable by the Merchant.*

*It is specified that the presumed state of commercial insolvency of the Merchant is not grounds for interrupting the payment of the ordinary tax or social security contributions payable by it, as these are indispensable to the operation of the enterprise.*

*3) Pursuant to section III of Article 37 of the applicable law, the Merchant is prohibited from carrying out transactions involving the disposal or encumbrance of the principal assets of its enterprise.*

*4) The seizure of assets owned by the Merchant that are indispensable to its ordinary operation is prohibited, including, without limitation, seizures ordered by local or federal authorities, pursuant to section IV of Article 37 of the applicable law.*

*5) Transfers of funds or securities in favor of third parties are prohibited, pursuant to section VI of Article 37 of the applicable law.*

*(…)*

*A) It is prohibited to suspend, revoke, rescind, terminate and/or cancel contracts, whether preparatory or definitive, pending performance, to which TV Azteca, sociedad anónima bursátil de capital variable, is a party, until such time as a judgment denying the declaration of commercial insolvency is rendered or, where such state is declared, the conciliator who may be appointed states whether or not he objects to their performance, pursuant to the provisions of Article 92 of the applicable law.*

*B) It is ordered that, save for the exceptions expressly established in the Commercial Insolvency Law, any contractual stipulation which, by reason of the filing of the petition for commercial insolvency, or of its declaration, establishes modifications that aggravate for the Merchant the terms of the contracts to which it is a party, be deemed as not written.*

*(…)*

*D) The institutions of the Mexican financial system in which the Merchant TV Azteca, sociedad anónima bursátil de capital variable, maintains open accounts are prohibited from transferring, disposing of, attaching, holding, discounting, deducting, withholding, setting off and/or using the funds administered in such accounts or forming part of the assets thereof, save for the exceptions provided for attachments indicated above.*

JOSÉ MARÍA ZAYAS PRADO

*The measures ordered shall not benefit the affiliated companies or subsidiaries of the Merchant; because, as already noted, Article 37, section II of the applicable law expressly provides that precautionary measures are directed solely at protecting the assets and rights of the enterprise subject to the proceeding.”.*

Pursuant to the provisions of Article 38 of the Commercial Insolvency Law, the precautionary measure ordered in the order of March 20, 2026, consisting of the following, shall NOT remain in force:

*“C) It is prohibited to suspend, revoke, rescind, cancel, modify, limit or affect, in whole or in part, any concession, permit, license, authorization, registration, enrollment, enabling title or any other right granted in favor of the Merchant that allows it to operate.*

*It being understood that this measure is not grounds or justification for the Merchant to cease complying with the payment of the fees generated by the use of the public concessions it exploits.*

*Likewise, the measure granted does not constitute any impediment for the competent regulatory authority in telecommunications matters to exercise its powers of regulation, supervision, oversight or sanction over the Merchant by reason of its use of the radioelectric spectrum.”*

Because, as will be seen later in this judgment, the Merchant does not hold any concession; therefore, the lifting of that measure is ordered, in addition to the fact that, as has been stated in the record, precautionary measures under Article 37, section II of the Commercial Insolvency Law benefit only the assets and rights of the insolvent company.

Now then, those that are left in force are deemed necessary in order to maintain the ordinary course of business, protect the Merchant’s insolvency estate, and avoid creating further contingencies for the insolvent party that would aggravate its current situation.

In addition, in protection of the rights of the creditors, preventing the petitioner’s generalized default in its obligations from placing at risk the merchants with which they maintain business relationships, as well as for the purpose of avoiding any impairment of the insolvency estate by reason of the declaration of commercial insolvency.

FIFTH. Retroaction date. On the basis of Articles 43, section X, and 112 of the Commercial Insolvency Law, October 9, 2025 is designated as the retroaction date of the insolvency proceeding.

For the reasons and on the grounds set forth, it

**RESOLVES**

FIRST. Declaration of commercial insolvency. The petition for commercial insolvency filed by TV Azteca, sociedad anónima bursátil de capital variable, is well founded, it having been established that such Merchant, in accordance with Article 10 of the Commercial Insolvency Law, incurred in a generalized default in the payment of its obligations; therefore, on this date, JULY 6, 2026, THE AFOREMENTIONED MERCHANT IS DECLARED IN COMMERCIAL INSOLVENCY, having its domicile at Periférico Sur, número 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, código postal 14140, Ciudad de México.

SECOND. Conciliation Stage. The CONCILIATION STAGE is declared open for one hundred eighty-five calendar days, counted from the day on which this decision is published in the Official Gazette of the Federation, pursuant to the provisions of Article 145 of the Commercial Insolvency Law.

JOSE MARÍA ZAYAS PRADO

THIRD. The IFECOM is requested to designate a Conciliator. Pursuant to the provisions of Article 43, section IV, of the Commercial Insolvency Law, the Federal Institute of Commercial Insolvency Specialists is ordered, within a term of FIVE DAYS and through the previously established random procedure, to appoint a conciliator to act in this matter, who, within the THREE DAYS following his appointment, must give notice of his appointment to the creditors and designate an address within the jurisdiction of this court for the performance of the obligations imposed by the Commercial Insolvency Law.

Until the conciliator is appointed, the merchant, its directors, managers and employees shall have the obligations that the law attributes to depositaries.

Now then, it is noted that such body is competent to appoint the person who will act as conciliator in the present insolvency proceeding, since, upon conducting a search of the Public Registry of Concessions2, it appears that the separate companies TV Azteca III, sociedad anónima de capital variable, and Televisora del Valle de México, sociedad anónima promotora de inversión de capital variable, are the holders of the concessions to operate the television channels linked to the insolvent company herein; therefore, as those companies are not subject to the present proceeding, the provisions of Articles 237 and 238 of the Commercial Insolvency Law are not applicable.

FOURTH. List of creditors in the examiner's report. Without the following list exhausting the procedure for the recognition, ranking and priority of claims, the interested parties are hereby informed that, from the content of the report issued by the examiner, it appears that the following are presumptively creditors of the Merchant:

| **No.** | **Name and domicile of the presumed creditors** | **Total in Mexican Currency** |
|---|---|---|
| 1 | 27 MICRAS INTERNACIONAL SA DE CV<br>NORTE 35 695 COLONIA COLTONGO AZCAPOTZALCO<br>CIUDAD DE MÉXICO C. P. 02630 MEXICO | $1,249,689.68 |
| 2 | 5M2 ANDENES SAPI DE CV<br>CONSTITUYENTES 956 COLONIA LOMAS ALTAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11950 MEXICO | $7,825,563.54 |
| 3 | 929 MARKETING INC<br>RUE CARTIER 3529 PLATEAU-MONT-ROYAL MONTREAL QUEBEC H2K 4G1 CANADA | $35,645.61 |
| 4 | 99 DEGREES & CO SC<br>PASEO DE LA REFORMA 222 T3 1908 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO<br>C. P. 06600 MEXICO | $1,270.20 |
| 5 | ABARCA TRADUCCIÓN E INTERPRETACIÓN SC<br>SIRACUSA 59-A COLONIA LOMAS ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09890 MEXICO | $15,776.00 |
| 6 | ABASTO BÁSICO SA DE CV<br>BODEGA F 8A SN COLONIA CENTRAL DE ABASTO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09040 MEXICO | $22,006.00 |
| 7 | ADA JOSEFINA MENDOZA ARTEAGA<br>PRIV EMILIANO ZAPATA 109 COLONIA SANTA ANITA IZTAPALAPA CIUDAD DE MÉXICO C. P. 08300 MEXICO | $93,500.00 |
| 8 | ADDALLY SOLUTIONS BV<br>ÁMSTERDAM SESTRAATWEG 18 BAARN BAARN ULTRECHT 3743 NETHERLANDS | $39,548,040.75 |
| 9 | ADJ PRODUCTS GROUP MÉXICO S DE RL DE CV<br>AVENIDA SANTA ANA 30 COLONIA LERMA DE VILLADA LERMA ESTADO DE MÉXICO C. P. 52000 MEXICO | $7,187.17 |
| 10 | ADMINISTRACIÓN PATRIMONIAL PARA PROFESIONISTAS SA DE CV<br>AHUEHUETES NORTE 861 COLONIA BOSQUES DE LAS | $160,080.00 |

JOSE MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | LOMAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11700 MEXICO | |
| 11 | ADRIANA AGREDANO RUBALCABA<br>RUBÉN DARÍO 271 COLONIA CIRCUNVALACIÓN VALLARTA GUADALAJARA JALISCO C. P. 44680 MEXICO | $5,799.99 |
| 12 | ADVANSEC SC<br>MORELOS 2 COLONIA SAN LUCAS TEPETLACALCO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54055 MEXICO | $98,638.92 |
| 13 | ADVERTISING RESEARCH FOUNDATION INC<br>PARK AVENUE SOUTH 432 NEW YORK NEW YORK 10016 UNITED STATES OF AMERICA | $273,600.56 |
| 14 | AGUILAR BAYONA JESÚS<br>CARR.LIBRE DURANGO TORREÓN KM. 50 COLONIA EJIDO ENRIQUE CALDERÓN RODRÍGUEZ PANUCO DE COLORADO DURANGO C. P. 34775 MEXICO | $93,080.37 |
| 15 | AGZA TRADUCTORES SA DE CV<br>PASEO DE LA REFORMA 300 PISO 9 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO<br>C. P. 06600 MEXICO | $700.00 |
| 16 | AIM SPORTS LLC<br>BROADWAY 29 NUEVA YORK NEW YORK NEW YORK 10019 UNITED STATES OF AMERICA | $222,452.50 |
| 17 | AKAM MÉXICO TECHNOLOGIES S DE RL DE CV<br>PASEO DE LA REFORMA 404 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $299,500.00 |
| 18 | ALDABA ARTE SA DE CV<br>SÓCRATES 136 COLONIA PALMAS POLANCO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MEXICO | $59,090.00 |
| 19 | ALDEA SOLUTIONS INC<br>COTE DE LIESSE 8550 SUITE 200 SAINT-LAURENT MONTREAL QUEBEC H4T 1H2 CANADA | $355,034.19 |
| 20 | ALEJANDRO LEAL MORA<br>BAHÍA DE GUANTÁNAMO 64 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO MORELOS C.P. 11300 MEXICO | $3,729.40 |
| 21 | ALFREDO RIVERON CALZADA<br>CUMBRES DE ACULTZING 26 COLONIA NARVARTE PONIENTE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03020 MEXICO | $364,273.32 |
| 22 | ALICIA HERNÁNDEZ VALENCIA<br>LÁZARO CADENAS 168 COLONIA VILLA ARTESANAL PARACHO MICHOACÁN C. P. 60257 MEXICO | $1,000.00 |
| 23 | ALL WHEEL MOTORSPORTS SA DE CV<br>LAGO WENNER 16 16 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11490 MEXICO | $43,276.12 |
| 24 | AM TECNOLOGÍA SA DE CV<br>CALLE DIAGONAL SAN ANTONIO 934 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $79,056.63 |
| 25 | AMAIRANI BECERRIL SANTIAGO<br>CERRADA 1RA DE AQUILES SERDÁN 5 COLONIA SANTIAGO TEPALCATLALPAN XOCHIMILCO CIUDAD DE MÉXICO C. P. 16200 MEXICO | $106,232.00 |
| 26 | AMBIENTE KREATIVO EMPRESARIAL SA DE CV<br>PLAYA AZUL 319 COLONIA AGRÍCOLA PANTALÁN IZTACALCO CIUDAD DE MÉXICO C. P. 08810 MEXICO | $15,457.26 |
| 27 | AMX CONTENIDO SA DE CV<br>LAGO ZÚRICH 245 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11529 MEXICO | $39,712,864.72 |
| 28 | ANDREA EHRLICH TORRES TRUEBA<br>MERCED GÓMEZ, LOCAL 1 7 COLONIA MERCED GÓMEZ | $31,635.75 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03930 MEXICO | |
| 29 | ANÚNCIATE EN EL ORIENTE SA DE CV<br>NEZAHUALCÓYOTL 180 COLONIA RAÚL ROMERO<br>NEZAHUALCÓYOTL ESTADO DE MÉXICO C. P. 57630 MEXICO | $158,338.13 |
| 30 | ARACELI SÁNCHEZ RIVERA<br>SAN FELIPE 85 TB 107 COLONIA XOCO BENITO JUÁREZ<br>CIUDAD DE MÉXICO C. P. 03330 MEXICO | $9,625.00 |
| 31 | ARGOIT MÉXICO SAPI DE CV<br>PASEO DE LA REFORMA 180 COLONIA JUÁREZ<br>CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $373,932.73 |
| 32 | ARMENDÁRIZ FLORES CARLOS ABIUD<br>MINA 5 COLONIA CIUDAD CAMARGO CENTRO CHIHUAHUA<br>CHIHUAHUA C. P. 33700 MEXICO | $93,796.70 |
| 33 | AROCHI & LINDNER SC<br>AVENIDA INSURGENTES SUR 1605 PISO 20 COLONIA SAN<br>JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO<br>C. P. 03900 MEXICO | $94,030.41 |
| 34 | ARRENDADORA INTERNACIONAL AZTECA SA DE CV<br>AVENIDA TEOPANZOLCO 669 COLONIA REFORMA<br>CUERNAVACA MORELOS C. P. 62260 MEXICO | $1,182,098.52 |
| 35 | ARREZ HERNÁNDEZ JOSÉ GUADALUPE<br>SUR 101B COLONIA SECTOR POPULAR IZTAPALAPA<br>CIUDAD DE MÉXICO C. P. 09060 MEXICO | $2,400.00 |
| 36 | ARTURO RAMOS SOBARZO<br>MANZANA G LOTE 1 ED F DEP 301 COLONIA LLANO DE LOS<br>BÁEZ ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P.<br>55055 MEXICO | $104,887.77 |
| 37 | ASESORES PUBLICITARIOS DE TIJUANA S DE RL DE CV<br>AGUA CALIENTE 8582 COLONIA ZONA CENTRO TIJUANA<br>BAJA CALIFORNIA C. P. 22000 MEXICO | $140,924.81 |
| 38 | ASOCIACIÓN DE CONDÓMINOS DE CAMPECHE HILLS AC<br>CEIBA MANZANA 4 SN COLONIA LERMA CAMPECHE<br>CAMPECHE C. P. 24500 MEXICO | $18,000.00 |
| 39 | ASOCIACIÓN INTERNACIONAL DE RADIODIFUSIÓN - AIR<br>CARLOS QUIJANO 1264 MONTEVIDEO 11100 URUGUAY | $331,774.56 |
| 40 | AUTOMECANICA TAPATÍA SA DE CV<br>AV PATRIA 1213 884 COLONIA JARDINES TEPEYAC<br>ZAPOPAN JALISCO C. P. 45034 MEXICO | $2,793.94 |
| 41 | AUTOUNO MOTORS SA DE CV<br>INSURGENTES SUR 1572 COLONIA CRÉDITO CONSTRUCTOR<br>BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MEXICO | $29,972.41 |
| 42 | AXTEL SAB DE CV<br>BLVD DÍAZ ORDAZ KM. 3.33 L-1 COLONIA COLONIA UNIDAD<br>SAN PEDRO MUNICIPIO SAN PEDRO GARZA NUEVO LEÓN C.<br>P. 66215 MEXICO | $306,240.73 |
| 43 | AYALA NEIRA JOSÉ LUIS<br>HACIENDA LOS FRESNO 165 COLONIA LÁZARO CÁRDENAS<br>CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54800<br>MEXICO | $118,088.00 |
| 44 | AYSEL SERVICIOS SA DE CV<br>ESTÍO 4 COLONIA ÁNGEL ZIMBRON AZCAPOTZALCO<br>CIUDAD DE MÉXICO C. P. 02099 MEXICO | $348,000.00 |
| 45 | BA INNOVATION MÉXICO<br>IGLESIA 2 TORRE E 103 COLONIA TIZAPAN ÁLVARO<br>OBREGÓN CIUDAD DE MÉXICO C. P. 01090 MEXICO | $47,935.39 |
| 46 | BAKU PUBLICIDAD Y MARKETING SA DE CV<br>MARIANO ESCOBEDO 476 PISO 12 COLONIA ANZURES<br>MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $345,680.00 |
| 47 | BALTAZAR LÓPEZ JIMÉNEZ<br>5 DE MAYO 19 COLONIA SAN ANDRÉS TOLTEPEC TLALPAN<br>CIUDAD DE MÉXICO C. P. 14400 MEXICO | $20,706.00 |

| | | |
|---|---|---|
| 48 | BAWARE SA DE CV<br>PIRULES 5 5 COLONIA SAN VICENTE CHICOLOAPAN DE JUÁREZ CHICOLOAPAN ESTADO DE MÉXICO C. P. 56370 MEXICO | $63,176.51 |
| 49 | BAXAL EXECUTIVE SEARCH SAS DE CV<br>HIPÓLITO TAINE 244 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MEXICO | $13,650.00 |
| 50 | BEKER 5.0 SAPI DE CV<br>AV SANTA FE 505 1501 COLONIA CUAJIMALPA DE MORELOS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05349 MEXICO | $3,298,150.45 |
| 51 | BENITA GUERRERO VELÁZQUEZ<br>MEDIA LUNA SN SN COLONIA CERRO DE QUIMIXTEPEC METZTITLÁN HIDALGO C. P. 43350 MEXICO | $30,000.00 |
| 52 | BH TRADE MARKET SA DE CV<br>SAN ANDRÉS ATOTO 155 COLONIA UNIDAD SAN ESTEBAN NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53550 MEXICO | $26,920.78 |
| 53 | BITÁCORA SOCIAL MÉXICO S DE RL DE CV<br>MINERVA 87 COLONIA CRÉDITO CONSTRUCTOR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MEXICO | $100,000.00 |
| 54 | BLOOMBERG LP<br>LEXINGTON AVENUE 731 NUEVA YORK MIDTOWN MANHATTAN NEW YORK 10022 ESTADOS UNIDOS DE AMÉRICA | $794,728.82 |
| 55 | BOTELLO Y BENAVIDES SC<br>GUSTAVO BAZ PRADA 309 COLONIA LA FLORIDA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54060 MEXICO | $114,700.84 |
| 56 | BRENDA GARCÍA NÁPOLES<br>DURANGO 245 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $2,785.28 |
| 57 | BRUM RAMÍREZ ASESORES EN NEGOCIOS SC<br>AV INSURGENTES SUR 1605 COLONIA SAN JOSÉ INSURGENTES DELEGACIÓN BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 3900 MEXICO | $57,721.50 |
| 58 | BRYAN OSVALDO ACOSTA SÁNCHEZ<br>SIMÓN BOLÍVAR 9 COLONIA LAS AMÉRICAS ECATEPEC DE MORELOS ESTADO DE MÉXICO | $50,000.00 |
| 59 | C. P. 55076 MEXICO<br>BUILD YOUR DREAMS BUSSES MÉXICO S DE RL DE CV<br>RIO DE SAN JOAQUÍN 436 PISO 12 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11529 MEXICO | $45,951,593.99 |
| 60 | BUSTOS JAIMEZ SALOMÓN<br>CASAHUATES 14 COLONIA TAXCO DE ALARCÓN TAXCO DE ALARCÓN GUERRERO C. P. 40253 MEXICO | $4,698.00 |
| 61 | BYASO MANTENIMIENTO INTEGRAL S DE RL DE CV<br>ISLA MONTAGUE 976 COLONIA SAN FELIPE TORREÓN COAHUILA C. P. 27085 MEXICO | $35,536.03 |
| 62 | CADENA RADIODIFUSORA MEXICANA SA DE CV<br>CALZADA DE TLALPAN 3000 COLONIA ESPARTACO COYOACÁN CIUDAD DE MÉXICO C. P. 04870 MEXICO | $17,218,234.88 |
| 63 | CADGRAFICS SA DE CV<br>NORTE 56-A 5204 COLONIA TABLAS DE SAN AGUSTÍN GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07860 MEXICO | $43,622.00 |
| 64 | CAHNOS SA DE CV<br>IRAPUATO 188 COLONIA PEÑÓN DE LOS BAÑOS VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15520 MEXICO | $311,905.63 |

| | | |
|---|---|---|
| 65 | CAJAS FUERTES BULL SAFE SA DE CV<br>ALTADENA 44, C 44 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MEXICO | $22,500.00 |
| 66 | CALLI YUU S DE RL DE CV<br>PRIVADA DE LA 19 PONIENTE 4512 3 COLONIA BELISARIO DOMÍNGUEZ HEROICA PUEBLA DE ZARAGOZA PUEBLA C. P. 72180 MEXICO | $9,016.54 |
| 67 | CALZADO VAN VIEN SA DE CV<br>CALLE HÉROES DE NACOZARI 205 COLONIA REFORMA Y FERROCARRILES NACIONALES TOLUCA ESTADO DE MÉXICO C. P. 50070 MEXICO | $1,795.00 |
| 68 | CAMACHO PÉREZ JOSÉ EDUARDO<br>MIGUEL HIDALGO 50 50 COLONIA SOTO LA MARINA TAMPICO TAMAULIPAS C. P. 87670 MEXICO | $126,879.44 |
| 69 | CANON MEXICANA S DE RL DE CV<br>BLVD MANUEL ÁVILA CAMACHO 138 COLONIA LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $8,047.57 |
| 70 | CARLOS JAIME ESTRADA PÉREZ<br>20 DE NOV SUR 411 COLONIA CENTRO LINARES NUEVO LEÓN C. P. 67700 MEXICO | $144,085.92 |
| 71 | CAROLINA CALDERÓN BADILLO<br>MINA LA GALLEGA 1 COLONIA FRACC LOMAS DE BERNÁRDEZ GUADALUPE ZACATECAS C. P. 98610 MEXICO | $35,382.59 |
| 72 | CASTRO ZAVALA JESÚS ANTONIO<br>BLVD FRANCISCO LABASTIDA OCHOA 164 COLONIA LAGO TRES RÍOS CULIACÁN SINALOA C. P. 80027 MEXICO | $117,083.06 |
| 73 | CBRE MÉXICO GWS S DE RL DE CV<br>PEDREGAL 24 COLONIA MOLINO DEL REY MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11040 MEXICO | $16,773.78 |
| 74 | CCT MÉXICO SA DE CV<br>ABRAHAM LINCOLN 6217 6217 COLONIA PASEO DE LAS MITRAS MONTERREY NUEVO LEÓN C. P. 64118 MEXICO | $18,570.32 |
| 75 | CERTSUPERIOR S DE RL DE CV<br>JAVIER BARROS SIERRA 540 TORRE 1 P 5025 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $17,297.91 |
| 76 | CESAR ARGEL LÓPEZ LUNA<br>CALLE CAYETANO ANDRADE, CASA 74 50 COLONIA SANTA MARTHA ACATITLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09510 MEXICO | $27,952.39 |
| 77 | CESARFER SA DE CV<br>AVENIDA GAVILÁN 151 COLONIA GUADALUPE DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO | $522,240.00 |
| 78 | C. P. 09300 MEXICO<br>CFE SUMINISTRADOR DE SERVICIOS BÁSICOS<br>PASEO DE LA REFORMA 164 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $6,691,498.34 |
| 79 | CHANTIRI ESPINOSA AVELINO ANDRÉS<br>1A ORIENTE NORTE 52 COLONIA CINTALAPA CINTALAPA CHIAPAS C. P. 30400 MEXICO | $87,741.26 |
| 80 | CHRISTIAN RUBÉN CABRERA<br>CALLE F LUIS M PONCE 106 COLONIA CENTRO TULANCINGO DE BRAVO HIDALGO C. P. 43626 MEXICO | $1,740.00 |
| 81 | CICOVISA SA DE CV<br>AMORES 134 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $10,294.14 |
| 82 | CIH TELECOMUNICACIONES DE MÉXICO SA DE CV<br>RENATO LEDUC 321 COLONIA TORIELLO GUERRA TLALPAN | $51,152.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | CIUDAD DE MÉXICO C. P. 14050 MEXICO | |
| 83 | CINTAS COVE SA DE CV<br>CALLE JACARANDAS 13 COLONIA SAN ISIDRO CUAUTITLÁN IZCALLI ESTADO DE MÉXICO<br>C. P. 54730 MEXICO | $19,843.45 |
| 84 | CIPRÉS BRIBIESCA JUAN CARLOS<br>CORREGIDORA 167 COLONIA MIGUEL HIDALGO TLALPAN | $18,580.00 |
| 85 | CIUDAD DE MÉXICO C. P. 14260 MEXICO<br>CÍRCULO LABORAL SA DE CV<br>MIGUEL DE CERVANTES 301 TORRE NTE PISO 10 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO | $15,299.28 |
| 86 | CIRION TECHNOLOGIES MÉXICO S DE RL<br>LAGO ZÚRICH 96 COLONIA AMPLIACIÓN GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO. C. P. 11529 MEXICO | $31,320.00 |
| 87 | CLES DE MÉXICO SA DE CV<br>PROGRESO 803 COLONIA CHIHUAHUA CENTRO CHIHUAHUA CHIHUAHUA C. P. 31000 MEXICO | $1,685.72 |
| 88 | COLONIA VERANIEGA EL MIRADOR SA DE CV<br>AL MIRADOR KM. 3.5 COLONIA VALLE DEL MIRADOR MONTERREY NUEVO LEÓN C. P. 64750 MEXICO | $13,247,621.76 |
| 89 | COMERCIALIZADORA IMU SA DE CV<br>BLVD MANUEL ÁVILA CAMACHO 32 OFIC 401 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $1,434,340.63 |
| 90 | COMERCIO INTELIGENTE SA DE CV<br>SAN FRANCISCO 1902 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $296,214.89 |
| 91 | COMPAÑÍA LATINOAMÉRICA DE MARKETING Y COMUNICACIÓN SA DE CV<br>HORACIO 1501 COLONIA CHAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE MÉXICO | $192,757.50 |
| 92 | C. P. 11570 MEXICO<br>COMPLANT LEGAL SC<br>LAFONTAINE 35 COLONIA POLANCO CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO<br>C. P. 11560 MEXICO | $217,500.00 |
| 93 | COMSERTEL ELECTRONICS SA DE CV<br>MIGUEL RAMOS ARIZPE 7 COLONIA GUERRERO CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06300 MEXICO | $8,450.00 |
| 94 | COMUNEROS RECONOCIDOS DE HUITZILAC MORELOS SC<br>BENITO JUÁREZ SN COLONIA CENTRO HUITZILAC MORELOS C. P. 62510 MEXICO | $66,878.48 |
| 95 | COMUNIDAD AGRARIA COLIBRÍ HUITZILAC MORELOS SC<br>CORREGIDORA 2 COLONIA HUITZILAC HUITZILAC MORELOS C. P. 62510 MEXICO | $208,800.00 |
| 96 | COMUNIDAD SAN MIGUEL DEL CARRIZAL STDS<br>DOMICILIO CONOCIDO SN COLONIA SANTA LUCIA | |
| 97 | CONCORDIA SINALOA C. P. 82660 MEXICO<br>CONDISTA INTERNATIONAL LLC<br>NW 102 AVE 2105 3RD. FLOOR MIAMI MIAMI FLORIDA 33172 UNITED STATES OF AMERICA | $62,180.43 $101,239.02 |
| 98 | CONSORCIO INTEGRAL JALIX INGENIUS SA DE CV<br>PARQUE DE ORIZABA 2, SIN NUMERO 2 SN COLONIA EL PARQUE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53398 MEXICO | $1,195,540.43 |
| 99 | CONSTRUCCIONES FRACTALES OTOCH SA DE CV<br>PASEOS DE ECHEGARAY SUR 221 COLONIA HACIENDA DE ECHEGARAY NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO<br>C. P. 53300 MEXICO | $108,152.62 |
| 100 | CONSTRUCCIONES PARA LA INDUSTRIA Y | $9,756.60 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | TELECOMUNICACIÓN SA DE CV<br>AV ORIENTE 5 COLONIA ZONA INDUSTRIAL TIZAYUCA<br>CIUDAD DE MÉXICO C. P. 43804 MEXICO | |
| 101 | CONSTRUCCIONES Y PROMOCIONES GUERRERO SA DE CV<br>PASEO SAN ISIDRO 400 COLONIA SANTA CRUZ METEPEC<br>ESTADO DE MÉXICO C. P. 52140 MEXICO | $203,234.95 |
| 102 | CONTENIDOS DIGITALES SPA<br>BARROS ARANA 492 OFI 78 CONCEPCIÓN CONCEPCIÓN<br>CONCEPCIÓN 4030000 CHILE | $25,519.75 |
| 103 | CONTINENTAL PLLC<br>ALCÁZAR AVENUE CORAL 245 SUITE 640 FLORIDA FLORIDA<br>FLORIDA 33134 UNITED STATES OF AMERICA | $277,620.72 |
| 104 | COORDINADORA DE CARRIERS SA DE CV<br>AV SAN JERÓNIMO 210 COLONIA SAN JERÓNIMO<br>MONTERREY NUEVO LEÓN C. P. 64640 MEXICO | $562,276.00 |
| 105 | COPIADORAS OCCIDENTALES Y SERVICIOS SA DE CV<br>AV. VENUSTIANO CARRANZA 118 COLONIA JARDINES DEL<br>VALLE MEXICALI BAJA CALIFORNIA C. P. 21270 MEXICO | $2,851.20 |
| 106 | CORPORACIÓN INTERNACIONAL DE EQUIPOS Y COCINAS<br>SA DE CV<br>RIO SENA 12 COLONIA CUAUHTÉMOC CUAUHTÉMOC<br>CIUDAD DE MÉXICO C. P. 06500 MEXICO | $545,775.00 |
| 107 | CORPORACIÓN NOVAVISION S DE RL DE CV<br>INSURGENTES SUR 694 COLONIA DEL VALLE CENTRO<br>BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $3,226.61 |
| 108 | CORPORATIVO ENCISO SC<br>AVENIDA 5 DE MAYO 933 COLONIA CENTRO VERACRUZ<br>VERACRUZ C. P. 91700 MEXICO | $394,071.00 |
| 109 | CORPORATIVO MENFIS SC<br>AZCAPOTZALCO LA VILLA 308 204 D COLONIA SANTA<br>CATARINA AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02250 | $120,640.00 |
| 110 | MEXICO<br>COWORKING BANDERAS SA DE CV<br>FCO MEDINA ASCENCIO 3987 406 COLONIA PUERTO<br>VALLARTA FRACC. MARINA VALLARTA JALISCO C. P. 48335<br>MEXICO | $30,154.25 |
| 111 | CPS DIGITAL SA DE CV<br>VIA DR. GUSTAVO BAZ PRADA 100 COLONIA INDUSTRIAL<br>ALCE BLANCO NAUCALPAN DE JUÁREZ ESTADO DE<br>MÉXICO C. P. 53370 MEXICO | $18,065.11 |
| 112 | CRATIVO PRODUCTION SA DE CV<br>BELISARIO DOMÍNGUEZ 3500, 1304 3500 COLONIA<br>MARGARITA MAZA DE JUÁREZ GUADALAJARA JALISCO C.<br>P. 44300 MEXICO | $184,993.44 |
| 113 | CREEL RODRÍGUEZ Y ABOGADOS SC<br>BOSQUE DE CIRUELOS 304 P1 DEPTO. 102 COLONIA<br>BOSQUE DE LAS LOMAS MIGUEL HIDALGO CIUDAD DE<br>MÉXICO C. P. 11700 MEXICO | $290,000.00 |
| 114 | CRISÓSTOMO MARCELO MARÍA DE LOS ÁNGELES<br>DOMICILIO CONOCIDO SN COLONIA TEPEACA PUEBLA<br>PUEBLA C. P. 75200 MEXICO | $91,299.08 |
| 115 | CTUX SA DE CV<br>ENRIQUE SERRANO MZ 329 LT. 54 4 COLONIA LA PRESITA<br>CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54763<br>MEXICO | $7,087.60 |
| 116 | CULLIGAN WATER MÉXICO SA DE CV<br>CAMPOS ELÍSEOS, PISO 5 385B COLONIA POLANCO V<br>SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560<br>MEXICO | $32,498.00 |
| 117 | DADMEX S DE RL DE CV<br>NICOLÁS COPÉRNICO 102 COLONIA SAN MATEO | $18,748.21 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | OTZACATIPAN TOLUCA ESTADO DE MÉXICO C. P. 50200 MEXICO | |
| 118 | DALET DIGITAL MEDIA SYSTEMS USA INC<br>88 PINE STREET 88 8TH FLOOR NUEVA YORK NEW YORK NUEVA YORK 10005 UNITED STATES OF AMERICA | $698,162.72 |
| 119 | DATAFACTORY MX S DE RL DE CV<br>BAHÍA GUANTÁNAMO 70 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11300 MEXICO | $79,650.00 |
| 120 | DATAXIS<br>10 RUE PERGOLESE 10 PARIS PARIS PARIS 75116 FRANCE | $96,099.48 |
| 121 | DAVID ALEJANDRO TALAMANTES OLIVAS<br>CALLE ALFREDO CHÁVEZ 9807 COLONIA LAS MALVINAS | $9,087.86 |
| 122 | CHIHUAHUA CHIHUAHUA C. P. 31456 MEXICO<br>DC-ALTERNA SA DE CV<br>CALLE 19 96 COLONIA GENERAL IGNACIO ZARAGOZA VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15000 MEXICO | $703,804.43 |
| 123 | DECOFRIS I SAPI DE CV<br>INGENIEROS MILITARES 105 COLONIA LOMAS DE SOTELO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11200 MEXICO | $1,000,159.64 |
| 124 | DELI ROCKS SA DE CV<br>CORREGIDORA 840 COLONIA MIGUEL HIDALGO 2DA SECCIÓN TLALPAN CIUDAD DE MÉXICO C. P. 14250 MEXICO | $626.40 |
| 125 | DELIO RENAN PACHO NOVELO<br>11 PONIENTE 203 COLONIA UNIDAD MORELOS MÉRIDA YUCATÁN C. P. 97190 MEXICO | $176,927.00 |
| 126 | DESARROLLO INMOBILIARIO DE MONCLOVA SA DE CV<br>ALLENDE 401 COLONIA MONCLOVA CENTRO COAHUILA COAHUILA C. P. 25700 MEXICO | $36,074.12 |
| 127 | DESPACHO DÍAZ MIRON SC<br>RINCÓN GRAL 107 COLONIA GENERAL PEDRO MARÍA ANAYA BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03340 MEXICO | $58,000.00 |
| 128 | DHL EXPRESS MÉXICO SA DE CV<br>FUERZA AÉREA MEXICANA 540 COLONIA FEDERAL VENUSTIANO CARRANZA CIUDAD DE MÉXICO C. P. 15700 MEXICO | $256,775.19 |
| 129 | DIDOMI SAS<br>BOULEVARD DE SEBASTOPOL 137 PARIS PARIS 75002 FRANCE | $272,753.82 |
| 130 | DIGOSOFT S DEE RL DE CV<br>GOLDSMITH 40 COLONIA POLANCO III SECCIÓN MIGUEL HIDALGO HIDALGO C. P. 11550 MEXICO | $59,585.20 |
| 131 | DIKEN INTERNATIONAL S DE RL DE CV<br>INDUSTRIA AEROESPACIAL 2900 2900 COLONIA PARQUE INDUSTRIAL SALTILLO RAMOS AR RAMOS ARIZPE COAHUILA C. P. 25900 MEXICO | $6,085.94 |
| 132 | DILIMPIO SA DE CV<br>CUAUHTÉMOC 508 COLONIA DEL EMPLEADO CUERNAVACA MORELOS C. P. 62250 MEXICO | $4,851.28 |
| 133 | DISPOSITIVOS ELECTRÓNICOS Y DE CONTROL SA DE CV<br>CEDRO 512 COLONIA ATLAMPA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06450 MEXICO | $25,909.00 |
| 134 | DISTRIBUIDORA ARCA CONTINENTAL<br>AVE. SAN JERÓNIMO PTE. 813 COLONIA SAN JERÓNIMO MONTERREY NUEVO LEÓN C. P. 64640 MEXICO | $14,100.00 |
| 135 | DISTRIBUIDORA DE ENLACES ELECTRÓNICOS SA DE CV<br>OSCAR WILDE 143 COLONIA COLINAS DE SAN JERÓNIMO MONTERREY NUEVO LEÓN C. P. 64630 MEXICO | $245,190.35 |
| 136 | DRIVE CINEMA SA DE CV | $1,500,000.02 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | SPENCER 411 101 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO. C. P. 11560 MEXICO | |
| 137 | ECODELI COMERCIAL SA DE CV<br>AV. RESTAURADORES ORIENTE 1001 COLONIA LOS ARCOS LEÓN GUANAJUATO C. P. 37490 MEXICO | $413.34 |
| 138 | EDICIONES EL PAÍS SL<br>MIGUEL YUSTE 40 MADRID MADRID 28037 SPAIN | $2,162,470.14 |
| 139 | EDITEL NEGOCIOS COMERCIALES SA DE CV<br>FCO ROJAS GLEZ 541 COLONIA LADRÓN DE GUEVARA GUADALAJARA JALISCO C. P. 44650 MEXICO | $110,752.37 |
| 140 | EDITORIAL PRENSARIO SRL<br>LAS CASAS 3535 BOEDO CIUDAD AUTÓNOMA DE BUENOS AIRES BUENOS AIRES 1238 ARGENTINA | $81,862.34 |
| 141 | EEG ENTERPRISES INC<br>MAIN ST 586 FARMINGDALE BAVIERA 11735 GERMANY | $1,000,146.44 |
| 142 | EGEO ESTRATEGIAS Y PROYECTOS ADMINISTRATIVOS SC<br>SANTA FE 440 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MEXICO | $417,500.67 |
| 143 | EJIDO BOMINTZHA<br>PLAZA DE LA CONSTITUCIÓN SN COLONIA TULA DE ALLENDE TULA DE ALLENDE HIDALGO<br>C. P. 42832 MEXICO | $26,349.86 |
| 144 | EJIDO FRESNILLO<br>CONOCIDO SN COLONIA CENTRO FRESNILLO ZACATECAS<br>C. P. 99010 MEXICO | $98,624.89 |
| 145 | EJIDO LA CUCHILLA<br>BENITO JUÁREZ SN COLONIA CENTRO MUZQUIZ COAHUILA<br>C. P. 26350 MEXICO | $154,532.73 |
| 146 | ELECTRICIDAD Y TECNOLOGÍA SA DE CV<br>PLAZA NECAXA 2 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MEXICO | $45,766.83 |
| 147 | ELEVADORES SCHINDLER SA DE CV<br>CAMINO A SAN MATEO 2 COLONIA FRACC ANEXO JARDINES DE SAN MATEO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53240 MEXICO | $496,489.66 |
| 148 | EMPACK DE MÉXICO SA DE CV<br>LEBRIJA 58 58 COLONIA CERRO DE LA ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09860 MEXICO | $28,353.33 |
| 149 | EMPRESAS DE TELECOMUNICACIÓN DEL CERRO CHIQUIHUITE AC<br>LA BRECHA SN COLONIA TLALPEXCO GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07188 MEXICO | $126,201.73 |
| 150 | EMPRESAS ISAL S DE RL CV<br>GUYANA HOLANDESA 207 COLONIA VISTA HERMOSA MONTERREY NUEVO LEÓN C. P. 64620 MEXICO | $691,686.92 |
| 151 | ENFORCER UNITS FIRE SERVICE PLUSE MÉXICO SA DE CV<br>INSTITUTO TÉCNICO INDUSTRIAL 11 COLONIA SANTA MARÍA LA RIBERA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06400 MEXICO | $209,514.21 |
| 152 | ENRIQUE ALEJANDRO ALVIZO<br>CALLE ENVASE 402 COLONIA EL MANTE EL MANTE TAMAULIPAS C. P. 89840 MEXICO | $58,505.55 |
| 153 | ENRIQUE CASTILLO DÍAZ<br>EJIDO 76 COLONIA SAN FRANCISCO CULHUACAN COYOACÁN CIUDAD DE MÉXICO C. P. 04260 MEXICO | $146,160.00 |
| 154 | ENRIQUE MORALES MANRIQUE<br>NORTE 80 4705 COLONIA NUEVA TENOCHTITLAN GUSTAVO A MADERO GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07890 MEXICO | $704,734.17 |
| 155 | ENRIQUE ZAMORA NAVA | $65,707.04 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | MIGUEL ÁNGEL 87 COLONIA MODERNA BENITO JUÁREZ ESTADO DE MÉXICO C. P. 03510 MEXICO | |
| 156 | ENVATO ELEMENTS PTY LDT<br>PO BOX COLLINS STREET WEST 16122 MELBOURNE VICTORIA 8007 AUSTRALIA | $42,497.33 |
| 157 | EÓLICA DE LOS ALTOS SAPI DE CV<br>EMILIO CASTELAR 75 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MEXICO | $14,267.63 |
| 158 | EPISODIO ESENCIAL SA DE CV<br>BOLÍVAR 31 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $174.00 |
| 159 | EQUIPOS TÉCNICOS CINEMATOGRÁFICOS SA DE CV<br>EULALIO GUTIÉRREZ 7 COLONIA SAN JUAN JOYA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09839 MEXICO | $14,600.00 |
| 160 | ESPINO Y ASOCIADOS SC<br>PASEO DE LAS PALMAS 731 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO<br>ESPINOSA DE LOS MONTEROS JORGE | $46,400.00 |
| 161 | 26 PONIENTE 3116 COLONIA VALLE DORADO PUEBLA PUEBLA C. P. 72070 MEXICO | $216,943.50 |
| 162 | ESTRATEGIA EN SUMINISTROS INTERNACIONALES SA DE CV<br>ANTONIO MACEO 67 COLONIA ESCANDÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11800 MEXICO | $5,196.02 |
| 163 | ESTUDIOS CLÍNICOS DR T J ORIARD SA DE CV<br>ADOLFO LÓPEZ MATEOS 313 COLONIA NEZAHUALCÓYOTL EVOLUCIÓN PONIENTE ESTADO DE MÉXICO C. P. 57708 MEXICO | $31,100.00 |
| 164 | EUROELECTRICA SA DE CV<br>AÑO DE JUÁREZ 253 COLONIA GRANJAS DE SAN ANTONIO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09070 MEXICO | $50,638.64 |
| 165 | EXCELENCIA EN INNOVACIONES TECNOLÓGICAS EXCINTEC SC DE RL DE CV<br>AV CHAPULTEPEC 70 COLONIA SAN GREGORIO ATLAPULCO XOCHIMILCO CIUDAD DE MÉXICO C. P. 16600 MEXICO | $27,000.00 |
| 166 | EXPERTOS EN INFRAESTRUCTURA Y TELECOMUNICACIONES EXIT SA DE CV<br>VENECIA 135 COLONIA VALLE DORADO TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54020 MEXICO | $12,098.80 |
| 167 | F6 PROCUREMENT PARTNERS SC<br>MANUEL ÁVILA CAMACHO 5 COLONIA LOMAS DE SOTELO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53390 MEXICO | $149,488.53 |
| 168 | FÁBRICA DE MARAVILLAS SAS DE CV<br>OBRERO MUNDIAL 156 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO<br>C. P. 03100 MEXICO | $6,375.98 |
| 169 | FACTUMEX SA DE CV<br>DARWIN 74, 301 74 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $1,606,455.00 |
| 170 | FARLUX INTERNATIONAL SA<br>PARAGUAY 2141 OF 401 2141 2141 MONTEVIDEO MONTEVIDEO 11800 URUGUAY | $26,694.30 |
| 171 | FELIPE FERNANDO RAMÍREZ JIMÉNEZ<br>MORELOS 14 COLONIA BARRIO EL CALVARIO ASUNCIÓN NOCHIXTLAN OAXACA C. P. 69600 MEXICO | $134,130.60 |
| 172 | FENRIR Y SKOLLSA DE CV | |
| 173 | CHICHEN ITZA MZ 29 LT 14 COLONIA SUPERMANZANA 59 | $5,200.00 $9,371.80 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | BENITO JUÁREZ QUINTANA ROO<br>C. P. 77515 MEXICO<br>FERNANDO ESTRADA GARCÍA<br>PLAZA POPOCATÉPETL 45 2 COLONIA HIPÓDROMO<br>CUAUHTÉMOC CIUDAD DE MÉXICO C.<br>P. 06100 MEXICO | |
| 174 | FIBRA HOTELERA SC<br>SANTA FE 481 PISO 7 COLONIA SANTA FE CUAJIMALPA<br>CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348<br>MEXICO | $3,145.30 |
| 175 | FIDEICOMISO F1596<br>SANTA FE 481 PISO 7 COLONIA SANTA FE CUAJIMALPA<br>CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348<br>MEXICO | $872,120.10 |
| 176 | FIDEICOMISO OPSIMEX 4594 SA DE CV<br>AV DE LAS PALMAS 781 COLONIA LOMAS DE<br>CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE<br>MÉXICO C. P. 11000 MEXICO | $446,642.83 |
| 177 | FIVE BITS INC<br>GONZALO CRANCE 181 CIUDAD DEL SABER BALBOA<br>BALBOA 0801 PANAMA | $1,067,772.00 |
| 178 | FONDO NACIONAL DE FOMENTO AL TURISMO<br>TECOYOTITLA 100 COLONIA FLORIDA ÁLVARO OBREGÓN<br>CIUDAD DE MÉXICO C. P. 1030 MEXICO | $338,772.93 |
| 179 | FORMAS EFICIENTES SA DE CV<br>AVENIDA LOS ÁNGELES 303 1 B COLONIA SAN MARTIN<br>XOCHINAHUAC AZCAPOTZALCO CIUDAD DE MÉXICO C. P.<br>02120 MEXICO | $51,478.63 |
| 180 | FRANCISCO CASTILLO LARA<br>PROL MAXIMINO SERDÁN SN COLONIA AQUILES SERDÁN<br>NOGALES VERACRUZ C. P. 94720 MEXICO | $6,149.45 |
| 181 | FRUGAR DE CALVILLO SA DE CV<br>CARR CALVILLO JALPA KM. 3.5 COLONIA POPULAR<br>CALVILLO AGUASCALIENTES C. P. 20800 MEXICO | $324,757.08 |
| 182 | FUMI DIP CONTROL DE PLAGAS SA DE CV<br>RUBÉN DARIO 127 A COLONIA MODERNA BENITO JUÁREZ<br>CIUDAD DE MÉXICO C. P. 03510 MEXICO | $24,215.00 |
| 183 | GAPO TELECOMUNICACIONES SA DE CV<br>RAFAEL ÁNGEL DE LA PEÑA 69 COLONIA OBRERA<br>CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06800 MEXICO | $2,300.00 |
| 184 | GARCÍA GARCÍA MARIO<br>MIGUEL HIDALGO 37 COLONIA ZITÁCUARO CENTRO<br>ZITÁCUARO MICHOACÁN C. P. 61500 MEXICO | $13,446.00 |
| 185 | GARCÍA TREVIÑO SIMÓN<br>MANUEL M PONCE 214 COLONIA COLINAS DE SAN<br>JERÓNIMO MONTERREY NUEVO LEÓN<br>C. P. 64630 MEXICO | $66,727.63 |
| 186 | GARPABA SA DE CV<br>CALLE PASEO DE LOS SICOMOROS 238 COLONIA<br>ARBOLEDAS DE SAN JAVIER 3A SECCIÓN PACHUCA DE<br>SOTO HIDALGO C. P. 42084 MEXICO | $1,186.68 |
| 187 | GAS URIBE SA DE CV<br>RECURSOS DEL GAS SN COLONIA LA LOMA<br>TLALNEPANTLA DE BAZ ESTADO DE MÉXICO<br>C. P. 54060 MEXICO | $46,801.60 |
| 188 | GASTELUM MIRANDA ABOGADOS SA DE CV<br>BOSQUES DE ALISOS 45B COLONIA BOSQUES DE LAS<br>LOMAS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C.<br>P. 05120 MEXICO | $14,127,715.30 |
| 189 | GATESAIR LLC<br>WISMAN LANE 3200 QUINCY ILLINOIS 62301-1252 ESTADOS | $200,296.23 |

JOSE MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | UNIDOS DE AMÉRICA | |
| 190 | GBT TRAVEL SERVICES MÉXICO S DE RL DE CV<br>MONTES URALES 505 COLONIA LOMAS DE CHAPULTEPEC II SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $76,544.87 |
| 191 | GC MEXICANA DE VALUACIÓN SA DE CV<br>PLAYA CORTES 554 COLONIA REFORMA IZTACCIHUATL SUR IZTACALCO CIUDAD DE MÉXICO C. P. 08840 MEXICO | $60,610.00 |
| 192 | GEOTÉRMICA PARA EL DESARROLLO SAPI DE CV<br>MONTES URALES 460 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $14,267.63 |
| 193 | GERARDO AGUILAR MORFIN<br>INVERNADERO 335 COLONIA FRACCIONAMIENTO COSTA VERDE BOCA DEL RIO VERACRUZ C. P. 94294 MEXICO | $16,414.00 |
| 194 | GIVIG SA DE CV<br>CALLE CICERÓN 605 COLONIA LOS MORALES POLANCO EN MÉXICO MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11010 MEXICO | $4,432,300.15 |
| 195 | GLOBAL SPONSORSHIP GROUP SA DE CV<br>MARÍA ESTHER ZUNO 153 COLONIA REVOLUCIÓN BOCA DEL RIO VERACRUZ C. P. 94296 MEXICO | $130,000.00 |
| 196 | GLORIA JACQUELINE MACÍAS GUZMÁN<br>MARIO TALAVERA 30 COLONIA TEQUILA CENTRO TEQUILA JALISCO C. P. 46400 MEXICO | $24,849.17 |
| 197 | GOBIERNO DE LA CUIDAD DE MÉXICO<br>PLAZA DE LA CONSTITUCIÓN SN COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $1,820,650.78 |
| 198 | GOBIERNO DEL ESTADO DE VERACRUZ DE IGNACIO DE LA LLAVE<br>AVENIDA XALAPA 301 COLONIA UNIDAD DEL BOSQUE XALAPA VERACRUZ C. P. 91010 MEXICO | $6,000.00 |
| 199 | GÓMEZ HUERTA CESAR<br>IGNACIO ALLENDE 71 COLONIA CENTRO PARRAS COAHUILA C. P. 27980 MEXICO | $4,350.00 |
| 200 | GONZÁLEZ GALLARDO MANUEL<br>TIGRE 25 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $798,557.04 |
| 201 | GONZÁLEZ RODRÍGUEZ JIMMY<br>CORREGIDORA 224 COLONIA FERROCARRIL APATZINGÁN MICHOACÁN C. P. 60690 MEXICO | $4,698.00 |
| 202 | GOOGLE LLC<br>AMPHITHEATRE PARKWAY 1600 MOUNTAIN VIEW CALIFORNIA MOUNTAIN VIEW CALIFORNIA CALIFORNIA 94043 UNITED STATES OF AMERICA | $906,207.60 |
| 203 | GP-SERVICIOS E INSTALACIONES SA DE CV<br>TEZOQUIPA 127 127 COLONIA LA JOYA TLALPAN CIUDAD DE MÉXICO C. P. 14090 MEXICO | $330,400.69 |
| 204 | GRANAU SA DE CV<br>AV. JOSÉ PARRES ARIAS 495 COLONIA EL VIGIA ZAPOPAN JALISCO C. P. 45140 MEXICO | $41,578.83 |
| 205 | GRAPHOS OFFICE SA DE CV<br>BLVD ADOLFO RUIZ CORTINES 5243 3ER PISO B COLONIA ISIDRO FABELA TLALPAN CIUDAD DE MÉXICO C. P. 14030 MEXICO | $158,245.38 |
| 206 | GREENBERG TRAURIG LLP<br>DORAL 8400 400 MIAMI MIAMI FLORIDA 33116 ESTADOS UNIDOS DE AMÉRICA | $6,455,296.42 |
| 207 | GRUPO ANAMAURIS S DE RL DE CV<br>LÁZARO CÁRDENAS 16 COLONIA SAN LUCAS TEPETLACALCO TLALNEPANTLA DE BAZ ESTADO DE | $1,160,448.32 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | MÉXICO C. P. 54055 MEXICO | |
| 208 | GRUPO AUDIO DISENO SA DE CV<br>MITLA 146 COLONIA NARVARTE PONIENTE BENITO JUÁREZ<br>CIUDAD DE MÉXICO C. P. 03020 MEXICO | $118,956.84 |
| 209 | GRUPO CALQUE SA DE CV<br>AVENIDA BONAMPAK 2 COLONIA SUPERMANZANA 8 | $12,949.46 |
| 210 | BENITO JUÁREZ QUINTANA ROO C. P. 77504 MEXICO<br>GRUPO DE MULTIMEDIA MOVIBLE SA DE CV<br>FILADELFIA 119 601 COLONIA NÁPOLES BENITO JUÁREZ<br>CIUDAD DE MÉXICO C. P. 03810 MEXICO | $645,300.00 |
| 211 | GRUPO DE SERVICIOS PARA FLOTILLAS SA DE CV<br>CARRETERA FEDERAL MÉXICO TEXCOCO KM 29.5 COLONIA<br>SAN VICENTE CHICOLOAPAN DE JUÁREZ CHICOLOAPAN<br>ESTADO DE MÉXICO C. P. 56370 MEXICO | $28,499.14 |
| 212 | GRUPO EMPRESARIAL ANCAR SA DE CV<br>PUERTO CORTES 50 COLONIA JARDINES DE SANTA CLARA<br>ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P. 55450<br>MEXICO | $366,148.20 |
| 213 | GRUPO ETERCOM SA DE CV<br>VÍCTOR HUGO 91 COLONIA PORTALES BENITO JUÁREZ<br>CIUDAD DE MÉXICO C. P. 03300 MEXICO | $13,847.08 |
| 214 | GRUPO INDUSTRIAL ARMADA DEL BAJÍO S DE RL DE CV<br>ZETA 310 COLONIA INDUSTRIAL DELTA LEÓN GUANAJUATO<br>C. P. 37545 MEXICO | $31,140.20 |
| 215 | GRUPO INSME SA DE CV<br>GRANJAS PARCELA 33 COLONIA SANTA CATARINA<br>YECAHUIZOTL VALLE DE CHALCO SOLIDARIDAD ESTADO<br>DE MÉXICO C. P. 56619 MEXICO | $34,000.00 |
| 216 | GRUPO KLIMANJARO SA DE CV<br>BAHÍA DE SANTA BÁRBARA 38 302 COLONIA VERÓNICA<br>ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P.<br>11300 MEXICO | $354,775.56 |
| 217 | GRUPO MULTIMEDIA LAUMAN SAPI DE CV<br>GUILLERMO GONZÁLEZ 600 PLANTA BA COLONIA SANTA FE<br>ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $120,000.00 |
| 218 | GRUPO RADIO CENTRO SAB DE CV<br>AV. CONSTITUYENTES 1154 COLONIA LOMAS ALTAS<br>MIGUEL HIDALGO CIUDAD DE MÉXICO<br>C. P. 11950 MEXICO | $10,492,555.12 |
| 219 | GRUPO UNIBRAND SA DE CV<br>LATERAL RECTA A CHOLULA 2812 COLONIA BERTHA SAN<br>ANDRÉS CHOLULA PUEBLA C. P. 72810 MEXICO | $598.56 |
| 220 | GRUPO ZAP COM SA DE CV<br>ZAPOTECAS 16 COLONIA DEGOLLADO IZTAPALAPA<br>CIUDAD DE MÉXICO C. P. 09704 MEXICO | $193,471.56 |
| 221 | GSTA PRODUCTOS SA DE CV<br>XICHU 208 COLONIA MODERNA LEÓN GUANAJUATO C. P. | $4,356.00 |
| 222 | 37328 MEXICO<br>GUILLERMO GARZA CASTILLO<br>JUSTO SIERRA SUR 382 COLONIA ZONA CENTRO ACUÑA<br>COAHUILA C. P. 26200 MEXICO | $207,726.69 |
| 223 | GUILLERMO ISMAEL RODRÍGUEZ<br>MORELOS NORTE 4444 COLONIA NUEVO REFUGIO GÓMEZ<br>PALACIO DURANGO C. P. 35029 MEXICO | $126,672.00 |
| 224 | GURMILAN & ASOCIADOS SC<br>VIVEROS DE COYOACÁN 210 COLONIA VIVEROS DE LA<br>LOMA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P.<br>54080 MEXICO | $25,000.00 |
| 225 | GUTIÉRREZ & PINEDA INTERNACIONAL SA DE CV<br>AVENIDA TAXQUEÑA 1231 COLONIA CAMPESTRE<br>CHURUBUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04200 | $12,460.72 |

| | | |
|---|---|---|
| | MEXICO | |
| 226 | GUZDAN SERVICES SA DE CV<br>LAGO ALBERTO 442 TORRE A COLONIA ANÁHUAC I<br>SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11320<br>MEXICO | $299,230.78 |
| 227 | HAR HUMAN BRAIN SC<br>XOCHICALCO 674 COLONIA LETRÁN VALLE BENITO<br>JUÁREZ CIUDAD DE MÉXICO C. P. 03650 MEXICO | $7,833.91 |
| 228 | HAVAS MEDIA SA DE CV<br>PASEO DE LA REFORMA 296 PISO 44 COLONIA JUÁREZ<br>CUAUHTÉMOC CIUDAD DE MÉXICO | $18,366,666.66 |
| 229 | C. P. 06600 MEXICO<br>HELPDESK SA DE CV<br>CARRETERA MÉXICO-TOLUCA 1725 COLONIA<br>COOPERATIVA PALO ALTO CUAJIMALPA DE MORELOS<br>CIUDAD DE MÉXICO C. P. 05110 MEXICO | $84,253.94 |
| 230 | HERMES MUSIC SA DE CV<br>NARANJO 76 76 COLONIA SANTA MARÍA LA RIBERA<br>CUAUHTÉMOC CIUDAD DE MÉXICO C.<br>P. 06400 MEXICO | $29,950.20 |
| 231 | HERNÁNDEZ ZARAZÚA MARÍA GRACIELA<br>JOSÉ MARÍA MORELOS SN COLONIA CAPILLA CHIAPA DE<br>CORZO CHIAPAS C. P. 29160 MEXICO | $247,184.05 |
| 232 | HISPASAT MÉXICO SA DE CV<br>SANTA FE 428 COLONIA SANTA FE CUAJIMALPA<br>CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348<br>MEXICO | $255,760.00 |
| 233 | HPH MÉXICO SA DE CV<br>AV. EJERCITO NACIONAL 418 1201 1202 COLONIA<br>CHAPULTEPEC MORALES MIGUEL HIDALGO CIUDAD DE | $36,733,333.32 |
| 234 | MÉXICO C. P. 11570 MEXICO<br>HUERTA VÁZQUEZ RODOLFO<br>18 DE MARZO 729 COLONIA TEPATITLÁN TEPATITLÁN DE<br>MORELOS JALISCO C. P. 47600 MEXICO | $226,696.79 |
| 235 | HUGO RAMÍREZ BARRIO<br>MARGARITAS 26, SN SN COLONIA VISTA HERMOSA RIO<br>GRANDE ZACATECAS C. P. 98424 MEXICO | $31,497.00 |
| 236 | HUMITECH DE MÉXICO S DE RL DE CV<br>MANUEL MÁRQUEZ STERLING 34 COLONIA CENTRO (ÁREA<br>7) CUAUHTÉMOC AGUASCALIENTES C. P. 06070 MEXICO | $1,951.44 |
| 237 | HUSA PROVEEDORA DE CALIDAD SA DE CV<br>JOSÉ MARÍA DE JOARISTI 218 COLONIA PARAJE SAN<br>JUAN IZTAPALAPA CIUDAD DE MÉXICO C. P. 09830<br>MEXICO | $3,930.08 |
| 238 | HUZIEL ALFONSO MÁRQUEZ VIDANA<br>SAN IGNACIO 15609 COLONIA TIJUANA TIJUANA BAJA<br>CALIFORNIA C. P. 22465 MEXICO | $13,467.60 |
| 239 | IA SOLUCIONES CONSTRUCTIVAS SA DE CV<br>ANDADOR 14 110 COLONIA EL CHAMIZAL TECOMAN<br>COLIMA C. P. 28140 MEXICO | $9,918.00 |
| 240 | IAFH GLOBANT IT MÉXICO S DE RL DE CV<br>INSURGENTES SUR 1271 PISO 13 COLONIA<br>EXTREMADURA INSURGENTES BENITO JUÁREZ CIUDAD<br>DE MÉXICO C. P. 03740 MEXICO | $3,875,809.84 |
| 241 | IAMISA ENERGÍA SA DE CV<br>AV REVOLUCIÓN 3048 COLONIA LA PRIMAVERA<br>MONTERREY NUEVO LEÓN C. P. 64830 MEXICO | $196,276.25 |
| 242 | ICC IMAGINE COMMUNICATIONS CANADÁ LTD<br>RIDGETOP ROAD 40 SCARBOROUGH ONTARIO ONTARIO<br>M1R 4G3 CANADA | $273,091.23 |
| 243 | ICE MART SA DE CV | $17,025.32 |

| | | |
|---|---|---|
| | PROLONGACIÓN DE LA PARROQUIA 7 COLONIA BARRIO NORTE ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52960 MEXICO | |
| 244 | ICKROM SA DE CV<br>NORTE 81-A 413 COLONIA SINDICATO MEXICANO DE ELECTRICISTAS AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02060 MEXICO | $303,703.33 |
| 245 | IGNACIO ACEVES RIVERA<br>SAN PEDRO 1 COLONIA BARRA DE NAVIDAD CIHUATLAN JALISCO C. P. 48987 MEXICO | $28,895.14 |
| 246 | IGSA SA DE CV<br>PROL. PASEO DE LA REFORMA 2977 COLONIA CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05000 MEXICO | $19,371.40 |
| 247 | ILIANA MARTÍNEZ SÁNCHEZ<br>GRAL BRAVO 233 COLONIA CHAPULTEPEC NORTE MORELIA MICHOACÁN C. P. 58260 MEXICO | $73,417.14 |
| 248 | IMPERMEABILIZACIONES IMPERTAPA SA DE CV<br>AV INSURGENTES SUR 2342 ACC A COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MEXICO | $45,520.26 |
| 249 | INACOM DE MÉXICO SA DE CV<br>MIGUEL ÁNGEL DE QUEVEDO 91 COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MEXICO | $17,404,259.27 |
| 250 | INCONO M2 SA DE CV<br>CTO PLAZA ESMERALDA 6 COLONIA LOMAS DE VALLE ESCONDIDO ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52930 MEXICO | $169,280.67 |
| 251 | INECON PRODUCTORA Y CONSERVADORA SA DE CV<br>REVOLUCIÓN 1877 OFICINA 1 COLONIA SAN ÁNGEL ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01000 MEXICO | $6,400,000.00 |
| 252 | INFIELD ESTRATEGIA DEPORTIVA S DE RL DE CV<br>CALLE DE LAS ARBOLEDAS 23 COLONIA INSURGENTES CUICUILCO COYOACÁN CIUDAD DE MÉXICO C. P. 04530 MEXICO | $1,279,828.58 |
| 253 | INGENIERÍA ELÉCTRICA ELECTRÓNICA Y ELECTROMECÁNICA SA DE CV<br>AV NUEVO LEÓN 209 COLONIA HIPÓDROMO CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06170 MEXICO | $262,768.84 |
| 254 | INGENIERÍA EN ELEVADORES SA DE CV<br>CEYLAN 715 COLONIA LAS SALINAS AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02360 MEXICO | $155,324.00 |
| 255 | INGENIERÍA EN NEGOCIOS DE SANEAMIENTO Y CONSTRUCCIÓN S DE RL DE CV<br>AV HOMERO 538 INT 303 A COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MEXICO | $212,245.00 |
| 256 | INGREDIENTA GOURMET SAPI<br>PRADO NORTE 565 COLONIA LOMAS DE CHAPULTEPEC V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $2,114.97 |
| 257 | INMOBILIARIA COLINA DE LAS ÁGUILAS SA DE CV<br>BUENOS AIRES 2770, 1 PISO B 2770 COLONIA PROVIDENCIA 4TA SECCIÓN GUADALAJARA JALISCO C. P. 44639 MEXICO | $45,203.45 |
| 258 | INMOBILIARIA SIOR S DE RL DE CV<br>ADOLFO RUIZ CORTINES SN COLONIA CENTRO | $107,251.77 |
| 259 | VILLAHERMOSA TABASCO C. P. 86030 MEXICO<br>INNOVACIÓN ECOLÓGICA VERT S DE RL DE CV<br>AV BUENAVISTA 45 COLONIA BUENAVISTA TULTITLÁN ESTADO DE MÉXICO C. P. 54955 MEXICO | $12,700.00 |
| 260 | INSTALACIONES TORRES SANTANA SA DE CV<br>AVENIDA DE LAS TORRES MANZANA 26 33 COLONIA | $59,161.25 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | SANTIAGO ACAHUALTEPEC IZTAPALAPA CIUDAD DE MÉXICO C. P. 09600 MEXICO | |
| 261 | INTEGRACIÓN DE ESPACIOS CORPORATIVO SA DE CV<br>AVENIDA NUEVO LEÓN 253 503 COLONIA ESCANDÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11800 MEXICO | $43,445.26 |
| 262 | INTEGRADORES CREATIVOS FÉNIX SA DE CV<br>AVENIDA SAN BERNABÉ 123 COLONIA GUADALUPE INN MAGDALENA CONTRERAS CIUDAD DE MÉXICO C. P. 10200 MEXICO | $411,667.30 |
| 263 | INTELIGLOBE SA DE CV<br>AVENIDA PASEO DE LA REFORMA 180 PISO 14 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $731,929.26 |
| 264 | INTERFACTURA SAPI DE CV<br>SAN FRANCISCO 170A COLONIA LA FAMA SANTA CATARINA NUEVO LEÓN C. P. 66100 MEXICO | $16,293.36 |
| 265 | INTERIORES Y FACHADAS ARQUITECTÓNICAS SA DE CV<br>DESCARTES 89 COLONIA LOMAS DE TEPALCAPA ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52928 MEXICO | $13,800.00 |
| 266 | INTERNATIONAL MEDIA SERVICES INC<br>SANTA MÓNICA BLVD 3017 SUITE 201C SANTA MÓNICA CALIFORNIA CALIFORNIA 90404 ESTADOS UNIDOS DE AMÉRICA | $1,644,279.90 |
| 267 | INVERSIONES E INMUEBLES IMPERIAL SA DE CV<br>JUAN JOSÉ TORRES LANDA 3005 COLONIA SAN ISIDRO LEÓN GUANAJUATO C. P. 37530 MEXICO | $203,856.10 |
| 268 | IPG MEDIA BRANDS COMMUNICATIONS SA<br>AVENIDA MIGUEL DE CERVANTES SAAVEDRA 193 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO | $19,996,606.85 |
| 269 | IPSO MARKETING SC<br>JESÚS DEL MONTE 41 COLONIA HACIENDA DE LAS PALMAS HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52763 MEXICO | $1,266,403.17 |
| 270 | IRMA SALAZAR MONCAYO<br>AV. LÁZARO CÁRDENAS SUR 506 COLONIA VICTORIA DE DURANGO CENTRO DURANGO DURANGO C. P. 34000 | $76,329.69 |
| 271 | MEXICO<br>ISA MULTIMEDIA SA DE CV<br>CULTURAS PREHISPÁNICAS 172 COLONIA GRANJAS DE SAN ANTONIO IZTAPALAPA CIUDAD DE MÉXICO C. P. 09070 MEXICO | $6,555,335.97 |
| 272 | ISABEL VICTORIA GÓMEZ CHAVIRA<br>MORAS 506 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $108,607.96 |
| 273 | IVÁN VACA MARTÍNEZ<br>AVE LA LAGUNA 131 COLONIA MELCHOR OCAMPO ECATEPEC DE MORELOS ESTADO DE MÉXICO C. P. 55338 MEXICO | $49,194.00 |
| 274 | JA DEL RIO SC<br>SAO PAULO 2373 COLONIA PROVIDENCIA GUADALAJARA JALISCO C. P. 44630 MEXICO | $150,000.00 |
| 275 | JACKSON WALKER LLP<br>ROSS AVE. 2323 SUITE 600 DALLAS, TEXAS DALLAS TEXAS 30989 UNITED STATES OF AMERICA | $247,804.97 |
| 276 | JAR ELECTRÓNICA APLICADA SA DE CV<br>LÁZARO CÁRDENAS 1007 COLONIA VALLE DE SAN AGUSTÍN SAN PEDRO GARZA GARCÍA NUEVO LEÓN C. P. 66278 MEXICO | $40,897.44 |
| 277 | JERÓNIMO ALVARADO CONSTRUCCIONES Y MONTAJES SA DE CV<br>LAGO CHAPALA 2 COLONIA SANTO DOMINGO SANTA | $112,198.64 |

| | | |
|---|---|---|
| | MARÍA AJOLOAPAN ESTADO DE MÉXICO C. P. 55754 MEXICO | |
| 278 | JESÚS BOCANEGRA SÁNCHEZ VENUSTIANO CARRANZA 514 COLONIA EJIDO LA CUCHILLA MUZQUIZ COAHUILA C. P. 26350 MEXICO | $14,094.00 |
| 279 | JORGE LIRA SÁNCHEZ CARLOS HANK GONZÁLEZ 35 COLONIA AMPLIACIÓN COCEM TULTITLAN ESTADO DE MÉXICO C. P. 54913 MEXICO | $672.80 |
| 280 | JORGE LUIS ALCOCER BERNÉS CERRADA DE ILÍADA 56 COLONIA LOMAS DE AXOMIATLA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01820 MEXICO | $22,471.52 |
| 281 | JORGE LUIS PAPAQUI ELIZALDE CIRCUITO JUAN PABLO II 429 COLONIA SAN BALTAZAR CAMPECHE PUEBLA PUEBLA C. P. 72550 MEXICO | $3,193.48 |
| 282 | JORGE RICARDO MÁRQUEZ ORTIZ JOHN F KENNEDY 110 COLONIA ISIDRO FABELA TLALPAN CIUDAD DE MÉXICO C. P. 14030 MEXICO | $3,000.00 |
| 283 | JOSÉ DE JESÚS VILLASEÑOR GUTIÉRREZ BOULEVARD ANACLETO GONZÁLEZ FLORES 404 COLONIA COMERCIAL DEL SUR TEPATITLÁN DE MORELOS JALISCO | $324,788.59 |
| 284 | C. P. 47600 MEXICO JOSÉ DOMÍNGUEZ XALATE JUAN DE LA LUZ ENRÍQUEZ SN SN COLONIA EL COCAL SANTIAGO TUXTLA VERACRUZ C. P. 95835 MEXICO | $37,213.90 |
| 285 | JOSÉ LUIS FERNÁNDEZ LÓPEZ CALZADA VENTURA PUEN 999 COLONIA DEL EMPLEADO MORELIA MICHOACÁN C. P. 58280 MEXICO | $73,336.85 |
| 286 | JUAN CARLOS HERRERA BALDERAS CALLE NORTE 74 5223 COLONIA BONDOJITO GUSTAVO A MADERO CIUDAD DE MÉXICO C.P. 07850 MEXICO | $138,762.50 |
| 287 | JUAN JOSÉ GONZÁLEZ GASPAR PORFIRIO DÍAZ 15 COLONIA JARDINES DE ATIZAPÁN ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52978 MEXICO | $77,395.20 |
| 288 | JUAN MANUEL AHUED SODA CRUZ DEL SUR 157 COLONIA PRADO CHURUBUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04230 MEXICO | $3,798.77 |
| 289 | JUAN MANUEL NARVÁEZ SANTOS ART 27 30 COLONIA ADALBERTO TEJEDA BOCA DEL RIO VERACRUZ C. P. 94298 MEXICO | $290.00 |
| 290 | JUDITH JIMÉNEZ RAMÍREZ VICENTE GUERRERO 401 COLONIA TEZONTEPEC CUERNAVACA MORELOS C. P. 62250 MEXICO | $12,568.60 |
| 291 | JULIÁN VENTOSA TANUS AVENIDA JUÁREZ 2925 COLONIA LA PAZ PUEBLA PUEBLA C. P. 72160 MEXICO | $304,143.46 |
| 292 | JUNTA GENERAL DE ASISTENCIA HIDALGO 500 COLONIA PACHUCA DE SOTO CENTRO PACHUCA HIDALGO HIDALGO C. P. 42000 MEXICO | $157,826.75 |
| 293 | JUSTONE SOLUTIONS SAPI DE CV RIO DE LA MAGDALENA 326 208 COLONIA LA OTRA BANDA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01090 MEXICO | $2,042,360.96 |
| 294 | KAMIPET SA DE CV GUILLERMO GONZÁLEZ 600 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C.P. 01210 MEXICO | $10,646,082.61 |
| 295 | KAREN HARFUCH YAPUR PINO 96 COLONIA COLONIA FLORIDA ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01030 MEXICO | $4,455.00 |
| 296 | KARET SA DE CV TACUBA 40 205 COLONIA CENTRO DE LA CIUDAD DE MÉXICO ÁREA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. | $57,722.50 |

| | | |
|---|---|---|
| | 06010 MEXICO | |
| 297 | KARLA ROCÍO GARCÍA<br>PUERTO DE MANZANILLO 2213 COLONIA VALLADO NUEVO CULIACÁN SINALOA C. P. 80110 MEXICO | $579,442.62 |
| 298 | KELLOGG COMPANY MÉXICO S DE RL DE CV<br>CARR CAMPO MILITAR KM 1 COLONIA SAN ANTONIO DE LA PUNTA QUERÉTARO QUERÉTARO C. P. 76135 MEXICO | $1,757,969.56 |
| 299 | KITCHEN BOX 18 SA DE CV<br>AV. STIM 82 COLONIA LOMAS DEL CHAMIZAL CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05129 MEXICO | $13,600.60 |
| 300 | KRATS IND<br>CALLE CHOPO 102 4A COLONIA TLALNEMEX TLALNEPANTLA DE BAZ CIUDAD DE MÉXICO | $2,838,551.57 |
| 301 | C. P. 54070 MEXICO<br>KROMA TELECOM DE MÉXICO SA DE CV<br>DARWIN 74 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $14,405.71 |
| 302 | KT SERVICIO ANAYA SA DE CV<br>ALCANFORES 6 COLONIA SAN PEDRO CUAUTLALPAN TEXCOCO ESTADO DE MÉXICO C. P. 56255 MEXICO | $644,496.00 |
| 303 | LA MEJOR AGENCIA DE MEDIOS DEL MUNDO SA DE CV<br>DUBLÍN SN COLONIA PUERTA DE HIERRO MONTERREY NUEVO LEÓN C. P. 64349 MEXICO | $106,256.00 |
| 304 | LA PANADERÍA LICENSING & MARKETING SA DE CV<br>MATAMOROS 9 COLONIA DEL CARMEN COYOACÁN CIUDAD DE MÉXICO C. P. 04100 MEXICO | $258,076.80 |
| 305 | LATAM DIGITAL MÉXICO S DE RL DE CV<br>ANDRÉS MOLINA ENRÍQUEZ 501 COLONIA REFORMA IZTACCIHUATL NORTE IZTACALCO CIUDAD DE MÉXICO C. P. 08810 MEXICO | $1,048,974.08 |
| 306 | LESMART CONSTRUCTORA SA DE CV<br>MANUEL ÁVILA CAMACHO 2610 PISO 10 COLONIA VALLE DE LOS PINOS TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C. P. 54040 MEXICO | $202,616.70 |
| 307 | LIBERTY FIANZAS SA DE CV<br>PASEO DE LA REFORMA 350 PISO 7-A COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $15,844.90 |
| 308 | LIMPIEZA PARA OBRA Y PERSONAL FIJO DEL SURESTE SA DE CV<br>SUPERMANZANA 53 COLONIA SUPERMANZANA 62 BENITO JUÁREZ QUINTANA ROO C. P. 77513 MEXICO | $134,776.36 |
| 309 | LIMPIEZA VAL SA DE CV<br>RIO TIBER 38 201 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MEXICO | $522,240.02 |
| 310 | LIMPIFEX SA DE CV<br>LÁZARO GARZA AYALA 110 COLONIA BARRIO TAMPIQUITO SAN PEDRO NUEVO LEÓN C. P. 66240 MEXICO | $1,914.00 |
| 311 | LIV GOLF EVENTS LTD<br>SOUTH BANK CENTRAL 30 LONDRES GREATER LONDON SE1 UNITED KINGDOM | $80,082,900.00 |
| 312 | LIZBETH GARCÍA ESPINOSA<br>DR BALMIS 472 COLONIA DOCTORES CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06720 MEXICO | $11,955.00 |
| 313 | LOGICALIS MÉXICO S DE RL DE CV<br>AV EJERCITO NACIONAL 678 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MEXICO | $14,490,686.12 |
| 314 | LOSADA DOMÍNGUEZ LEONARDO RAMIRO<br>LIBERTAD 612 COLONIA MANTE CENTRO TAMPICO TAMAULIPAS C. P. 89800 MEXICO | $164,213.68 |
| 315 | MA REMEDIOS GONZÁLEZ MORENO | $32,930.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | AV DE LOS TANQUES SN COLONIA TORRES DE POTRERO ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01840 MEXICO | |
| 316 | LOYA CHAVIRA DIANA SOLEDAD<br>CUAUHTÉMOC 1 COLONIA HIDALGO DEL PARRAL CENTRO HIDALGO DEL PARRAL CHIHUAHUA C. P. 33800 MEXICO | $297,049.47 |
| 317 | LUCERO CRISTÓBAL RUIZ<br>FRONTERA SN COLONIA CAMPO MAGALLANES CÁRDENAS TABASCO C. P. 86480 MEXICO | $10,000.00 |
| 318 | LUIS REY GARCÍA PONCE<br>NIÑOS HÉROES 7 COLONIA SAN BERNARDINO CHALCHIHUAPAN OCOYUCAN PUEBLA C. P. 72850 MEXICO | $174,978.84 |
| 319 | LUMAIRE SA DE CV<br>CENTRO ESCOLAR MANZANA, LOTE 41 33 COLONIA ZONA ESCOLAR GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07230 MEXICO | $257,767.18 |
| 320 | LUZ MEDICA FARMACÉUTICA Y HOSPITALARIA SA DE CV<br>ÁLVARO OBREGÓN 121 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $40,145.04 |
| 321 | M AND G HAPPY PEOPLE SA DE CV<br>AVENIDA EL IMÁN 580 COLONIA PEDREGAL DE CARRASCO COYOACÁN CIUDAD DE MÉXICO C. P. 04700 | $3,499.00 |
| 322 | MEXICO<br>MACROINVERSIONES DE MÉXICO SA DE CV<br>CALLE 70 422 COLONIA CENTRO MÉRIDA YUCATÁN C. P. 97000 MEXICO | $92,800.00 |
| 323 | MAGNITE INC<br>BROADWAY 1250 15TH FLOOR NUEVA YORK NEW YORK NUEVA YORK 10001 UNITED STATES OF AMERICA | $227,353.93 |
| 324 | MAQUINAS DIESEL SA DE CV<br>AV. INDUSTRIALES DEL PONIENTE 2300 2300 COLONIA CENTRO SANTA CATARINA NUEVO LEÓN C. P. 66350 MEXICO | $4,449.05 |
| 325 | MARCOZER SA DE CV<br>CIRCUITO MOISÉS SOLANA 790 COLONIA PRADOS DEL MIRADOR QUERÉTARO QUERÉTARO C. P. 76070 MEXICO | $4,640.00 |
| 326 | MARÍA ALEJANDRA MIGUEL ORTIZ<br>CALLE TOTONACAS 347 COLONIA AJUSCO COYOACÁN CIUDAD DE MÉXICO C. P. 04300 MEXICO | $1,044.23 |
| 327 | MARÍA DEL CARMEN CASTAÑEDA ESPINOSA<br>CALLE 2 7 COLONIA EL RODEO TEPIC NAYARIT C. P. 63060 MEXICO | $93,031.10 |
| 328 | MARÍA EUGENIA MENDOZA HERRERA<br>JUÁREZ SUR 216 LOCAL 1 COLONIA TEXCOCO DE MORA CENTRO TEXCOCO ESTADO DE MÉXICO C. P. 56100 MEXICO | $27,574.36 |
| 329 | MARÍA GUADALUPE LIZARDI RAMONES<br>PLAZA DE LA CONSTITUCIÓN 141 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $8,000.00 |
| 330 | MARÍA HUERTA PÉREZ<br>CALLE 3 109 COLONIA BOULEVARES ZACATECAS ZACATECAS C. P. 98065 MEXICO | $78,775.25 |
| 331 | MARKTUBE SA DE CV<br>PRADO NORTE 612 COLONIA LOMAS DE CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $541,176.85 |
| 332 | MARTIN ALMANZA OVIEDO<br>GUERRERO SN COLONIA SÓCRATES RIZO GALEANA NUEVO LEÓN C. P. 67850 MEXICO | $204,134.12 |
| 333 | MARTÍNEZ ORNELAS JUAN MANUEL<br>CALLE B 40 INT 2 COLONIA FORTÍN DE LAS FLORES TIJUANA BAJA CALIFORNIA C. P. 22114 MEXICO | $311,547.83 |
| 334 | MARTÍNEZ ZAVALA JESÚS SALVADOR | $102,717.56 |

| | | |
|---|---|---|
| | PROFESORA MARÍA MARTÍNEZ 150 COLONIA FRACCIONAMIENTO QUINTA MAGISTERIAL SANTIAGO PAPASQUIARO DURANGO C. P. 34649 MEXICO | |
| 335 | MAS MARKETING CONSULTORES SC<br>PROLONGACIÓN CARLOS SALAZAR PONIENTE 2840 COLONIA CHEPEVERA MONTERREY NUEVO LEÓN C. P. 64030 MEXICO | $794,347.83 |
| 336 | MASTER CHOICE SA DE CV<br>AV. MAGALLANES 1155 COLONIA SANTA ANITA GUADALAJARA JALISCO C. P. 45600 MEXICO | $33,667.00 |
| 337 | MATC DIGITAL S DE RL DE CV<br>BOULEVARD MANUEL ÁVILA CAMACHO 32 COLONIA LOMAS DE CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $168,109.75 |
| 338 | MÁXIMO SEGUNDO ARRIAGA<br>SUR 109-A 652 COLONIA SECTOR POPULAR IZTAPALAPA CIUDAD DE MÉXICO C. P. 09060 MEXICO | $6,088.70 |
| 339 | MAYA ESQUIVEL JOSÉ LUIS<br>ÁLVARO OBREGÓN 293 COLONIA CENTRO PUREPERO MICHOACÁN C. P. 58760 MEXICO | $17,113.70 |
| 340 | MBCS-MAGNA S DE RL DE CV<br>MIGUEL DE CERVANTES SAAVED 193 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO | $1,508,000.00 |
| 341 | MEDIA DEPORTES MÉXICO S DE RL DE CV<br>PERIFÉRICO SUR 4355 COLONIA JARDINES EN LA MONTAÑA TLALPAN CIUDAD DE MÉXICO<br>C. P. 14210 MEXICO | $10,220,800.22 |
| 342 | MEDIA PARTNER ADVERTISING SL<br>CALLE TINTE 11 D ALCALÁ DE HENARES MADRID MADRID 28801 SPAIN | $10,479,274.52 |
| 343 | MEDIARITHMICS<br>AVENUE DE L'OPÉRA 14 PARIS PARIS 75001 FRANCE | $1,487,762.32 |
| 344 | MEDIASTREAM SPA<br>AV PEDRO DE VALDIVIA 1215 OF 201 REGIÓN METROPOLITANA PROVIDENCIA SANTIAGO PROVIDENCIA 7500917 CHILE | $1,533,330.20 |
| 345 | MEDINA TOBIAS AMPARO<br>MANUEL JOSÉ OTHÓN SN COLONIA CEDRAL CENTRO CEDRAL SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78520 MEXICO | $68,400.80 |
| 346 | MEDIO TURNO SA DE CV<br>CERES 19 DEPTO. 101 COLONIA CRÉDITO CONSTRUCTOR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03940 MEXICO | $2,015,691.81 |
| 347 | MELÉNDEZ LÓPEZ SANTOYO Y BARREDA SC<br>TABASCO 117 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $154,806.80 |
| 348 | MERK-COM SA DE CV<br>AMORES 1618 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $2,320,000.00 |
| 349 | MESINO FIGUEROA REYNA INÉS<br>GÉMINIS MANZANA 13 COLONIA CENTRO ZIHUATANEJO DE AZUETA GUERRERO C. P. 4089 MEXICO | $13,446.00 |
| 350 | META PLATFORMS IRELAND LL<br>MERRION ROAD 4 DUBLÍN 2 IRELAND | $7,480.81 |
| 351 | METLIFE MÉXICO SA<br>INSURGENTES SUR 1457 COLONIA INSURGENTES MIXCOAC. BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03920 MEXICO | $2,567.10 |
| 352 | MIGUEL ÁNGEL ROSAS ZARATE<br>AVENIDA SALVADOR NAVA MARTÍNEZ 1333 COLONIA SANTA FE SUR SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78350 MEXICO | $11,959.60 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| 353 | MIJARES ANGOITIA CORTES Y FUENTES SC<br>JAVIER BARRO 540 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $139,200.00 |
| 354 | MILES MÉXICO AMÉRICA VIAJES SA DE CV<br>MINNESOTA 3 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MEXICO | $41,688.00 |
| 355 | MM ESPACIOS PUBLICITARIOS SA DE CV<br>JUAN VÁZQUEZ DE MELLA 481 205 COLONIA POLANCO II SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11530 MEXICO | $2,726,298.55 |
| 356 | MÓNICA GUADALUPE RUIZ MORALES<br>7A. SUR PONIENTE 22 COLONIA CENTRO LAS MARGARITAS CHIAPAS C. P. 30187 MEXICO | $65,708.59 |
| 357 | MONROY GÓMEZ MARÍA DEL ROCÍO<br>TEXCOCO 257 COLONIA CLAVERÍA AZCAPOTZALCO CIUDAD DE MÉXICO C. P. 02080 MEXICO | $63,374.00 |
| 358 | MONTERO GUERRA MARÍA LUISA<br>CIRCUITO EL CAMPEADOR 327 COLONIA FRACC. EL CID MAZATLÁN SINALOA CULIACÁN SINALOA C. P. 82110 MEXICO | $22,439.67 |
| 359 | MORENO VILLANUEVA ARTURO<br>BRADLEY 44 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $170,349.65 |
| 360 | MOST PUBLICIDAD SA DE CV<br>PASEO DE LOS TAMARINDOS 384 COLONIA COOPERATIVA PALO ALTO CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05110 MEXICO | $10,104,422.64 |
| 361 | MUEVE ARQUITECTURA SA DE CV<br>EJERCITO NACIONAL 505 COLONIA GRANADA MIGUEL | $375,705.03 |
| 362 | HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO<br>MUNICIPIO DE CHINA STDS<br>PALACIO MUNICIPAL SN SN COLONIA CENTRO CHINA NUEVO LEÓN C. P. 67050 MEXICO | $50,000.00 |
| 363 | MUNICIPIO DE HUEHUETAN CHIAPAS<br>PALACIO MUNICIPAL SN COLONIA HUEHUETAN HUEHUETAN. CHIAPAS C. P. 30660 MEXICO | $139,200.00 |
| 364 | MUNICIPIO DE TECOMAN COLIMA STDS<br>MEDELLÍN 280 COLONIA TECOMAN CENTRO TECOMAN COLIMA C. P. 28100 MEXICO | $15,000.00 |
| 365 | MURGUÍA Y ASOCIADOS SC<br>BUENOS AIRES 27701 COLONIA PROVIDENCIA GUADALAJARA JALISCO C. P. 44630 MEXICO | $740,723.51 |
| 366 | MURIS SALINAS CONSULTORES SC<br>LINCOLN 4343 COLONIA NUEVO LAREDO SAN RAFAEL TAMAULIPAS C. P. 88200 MEXICO | $193,758.00 |
| 367 | NADER HAYAUX Y GOEBEL SC<br>PASEO DE LOS TAMARINDOS 400 PISO 7 COLONIA BOSQUES DE LAS LOMAS CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05120 MEXICO | $409,465.65 |
| 368 | NATIVE ADS DE MÉXICO SA DE CV<br>BAJA CALIFORNIA 274 PISO 2 COLONIA HIPÓDROMO CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06100 MEXICO | $2,018,400.00 |
| 369 | NAZIFH DIGITAL ROOM SA DE CV<br>ADOLFO PRIETO 1415 COLONIA TLACOQUEMECATL BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03200 MEXICO | $397,211.84 |
| 370 | NEW MEDICAL HEALTH SERVICES SA DE CV<br>FELIPE VILLANUEVA 88 4 COLONIA GUADALUPE INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01020 MEXICO | $52,666.25 |
| 371 | NEXT TELEKOM SAPI DE CV | $54,720.00 |

| | | |
|---|---|---|
| | DAVID ALFARO SIQUEIROS 104 COLONIA DEL VALLE SECTOR ORIENTE SAN PEDRO GARZA GARCÍA NUEVO | |
| 372 | LEÓN C. P. 66269 MEXICO NIMIROVSKI SHARON ISRAEL 758 TELAVIT ISRAEL | $373,755.79 |
| 373 | NOMAD AGENCY INC COASTAL 6192 LEWES DELAWARE DELAWARE 19958 INGLATERRA NOTARIA 185 CDMX SC | $176,182.38 |
| 374 | ALBORADA 124 COLONIA PARQUE DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14010 MEXICO | $4,231.21 |
| 375 | NOTARIAS 211 Y 135 DE LA CDMX SC PROVIDENCIA 1000 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C.P. 03100 MEXICO | $115,000.00 |
| 376 | NOTICIAS AS MÉXICO SA DE CV PASEO DE LA REFORMA, PISO 6 231 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MEXICO | $5,365,833.39 |
| 377 | NOVELO DZIB MIGUEL ÁNGEL 16 119 COLONIA VALLADOLID CENTRO VALLADOLID YUCATÁN C. P. 97780 MEXICO | $4,050.00 |
| 378 | NVG NETWORK, SA DE CV INSURGENTES SUR 1458 COLONIA ACTIPAN BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03230 MEXICO | $50,000.00 |
| 379 | OF LIMPIEZA PROFESIONAL SA DE CV PROVIDENCIA 400 DEPTO. 403 COLONIA DEL VALLE CENTRO BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $177,244.15 |
| 380 | OFFICE TIENDA DIGITAL SA DE CV DIVISIÓN DEL NORTE 500 COLONIA CHIHUAHUA CHIHUAHUA CHIHUAHUA C. P. 31203 MEXICO | $4,195.56 |
| 381 | OMG DIVERSIFIED SERVICES GROUP SA DE CV GUILLERMO GONZÁLEZ CAMA 800 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $10,672,000.00 |
| 382 | OMNI PRINTER SA DE CV MONZON 173 COLONIA CERRO DE LA ESTRELLA IZTAPALAPA CIUDAD DE MÉXICO C. P. 09860 MEXICO | $139,383.58 |
| 383 | OMORFI 20I SA DE CV MONTECITO 38 P-24 OF-28 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03810 MEXICO | $1,500.01 |
| 384 | OPERADORA DE CINEMAS SA DE CV JAVIER BARROS SIERRA 540 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO. C. P. 01210 MEXICO | $2,838,493.09 |
| 385 | OPERADORA DE SERVICIOS RITZEN SA DE CV CIRCUITO CIRCUNVALACIÓN PONIENTE 8 COLONIA CIUDAD SATÉLITE NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53100 MEXICO | $942,183.36 |
| 386 | OPTIMUM MEDIA DIRECTION DE MÉXICO SA DE CV GUILLERMO GONZÁLEZ CAMARENA 800 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $32,334,712.45 |
| 387 | OSCAR ALEJANDRO TURRUBIATES ROSAS PRIMERO DE MAYO 110 COLONIA GUADALUPE VICTORIA | $497,859.62 |
| 388 | TAMPICO TAMAULIPAS C. P. 8908 MEXICO OSCAR ARIEL ARÉVALO MOTA SANTANA 62 5 COLONIA SAN MIGUEL TECAMACHALCO NAUCALPAN DE JUÁREZ ESTADO DE MÉXICO C. P. 53970 MEXICO | $45,000.00 |
| 389 | OTELO ADMINISTRACIÓN DE NEGOCIOS SC RIO ELBA 10 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MEXICO | $67,409.46 |
| 390 | OUT OF HOME DIGITAL SAPI DE CV | $14,100.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | REFORMA 36 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | |
| 391 | PABLO ZEHLE GONZÁLEZ<br>CIRCUITO DE LAS HACIENDAS NORTE 4 COLONIA TEQUISQUIAPAN TEQUISQUIAPAN QUERÉTARO C. P. 76795 MEXICO | $25,770.01 |
| 392 | PADILLA GONZÁLEZ JOSÉ PRAXEDIS<br>SÁNCHEZ TABOADA 1600 COLONIA ZONA RIO TIJUANA BAJA CALIFORNIA C. P. 22000 MEXICO | $337,834.70 |
| 393 | PADUA SOPORTE SC<br>XOCHICALCO 674 COLONIA LETRÁN VALLE BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03650 MEXICO | $15,003.75 |
| 394 | PANAMSAT DE MÉXICO S DE RL DE CV<br>JORGE JIMÉNEZ CANTÚ MZ 14 LT 14 COLONIA LOMAS DE VALLE ESCONDIDO ATIZAPÁN DE ZARAGOZA ESTADO DE MÉXICO C. P. 52930 MEXICO | $2,828,127.61 |
| 395 | PAPELERA PRINCIPADO SA DE CV<br>TLÁHUAC 84 COLONIA SANTA ISABEL INDUSTRIAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09820 MEXICO | $343.48 |
| 396 | PAULINA CONDE LUGO<br>DEL MEZQUITAL MZ 6 LOTE 27 COLONIA VALLE DE SAN JAVIER 6A SECCIÓN PACHUCA DE SOTO HIDALGO C. P. 42086 MEXICO | $62,103.13 |
| 397 | PAVILION DISEÑO Y ARQUITECTURA SA DE CV<br>INSURGENTES SUR 303 COLONIA HIPÓDROMO CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06100 MEXICO | $75,337.29 |
| 398 | PÉREZ FRANCO JUAN MANUEL<br>ALMERÍA 239 COLONIA EL DORADO 1RA SECC AGUASCALIENTES AGUASCALIENTES C. P. 20235 MEXICO | $41,210.76 |
| 399 | PINTO Y SHEHOAH SC<br>DURANGO 245 11 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $174,000.00 |
| 400 | PLANNING SOLUTIONS SC<br>CALLE DE LOS MONTES ALTOS 6913 COLONIA RESIDENCIAL CUMBRES III CHIHUAHUA CHIHUAHUA C. P. 31216 MEXICO | $141,538.49 |
| 401 | PLATÓN ADMINISTRACIÓN Y DIRECCIÓN EMPRESARIAL SC<br>MIGUEL ÁNGEL DE QUEVEDO 24 COLONIA EXHACIENDA DE GUADALUPE CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01050 MEXICO | $344,132.34 |
| 402 | PPLACE TECHNOLOGIES S DE RL DE CV<br>AV. PASEO DE LA REFORMA 296 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P 06600 MEXICO | $3,936,550.00 |
| 403 | PRACTICAL HOME AND INDUSTRY SANITARY SA DE CV<br>EMILIANO ZAPATA 1012 COLONIA AMPLIACIÓN MOMOXPAN SAN PEDRO CHOLULA PUEBLA | $35,087.50 |
| 404 | C. P. 72760 MEXICO<br>PRAKE CONSULTORES Y ASESORES SA DE CV<br>RUBÉN DARÍO 1109 COLONIA PROVIDENCIA GUADALAJARA CIUDAD DE MÉXICO C. P. 44630 MEXICO | $1,276,000.00 |
| 405 | PRODUCCIÓN AND DISTRIBUCIÓN CORP<br>12480 NW 25TH STREET 12480 SUITE 115 DORAL FLORIDA MIAMI 33178 UNITED STATES OF AMERICA | $26,694.30 |
| 406 | PRODUCCIÓN BTL SA DE CV<br>PERIFÉRICO SUR 4349 LOC 13 COLONIA JARDINES EN LA MONTAÑA TLALPAN CIUDAD DE MÉXICO C. P. 14210 MEXICO | $11,612.70 |
| 407 | PRODUCTOS METÁLICOS STEELE SA DE CV<br>BLVD MIGUEL DE CERVANTES SAAVEDRA 183 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO | $123,739.30 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| 408 | PROEPTA SA DE CV<br>GALILEO 11 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MEXICO | $2,252.49 |
| 409 | PROMOTORA DE BIENES Y SERVICIOS DELTA SA DE CV<br>AGUIRRE LAREDO 6715 COLONIA PARTIDO LA FUENTE B JUÁREZ CHIHUAHUA C. P. 32370 MEXICO | $60,138.20 |
| 410 | PROTELECOM, SA DE CV<br>PARQUE DE MARBELLA 17 COLONIA PARQUES DE LA HERRADURA HUIXQUILUCAN CIUDAD DE MÉXICO C. P. 52786 MEXICO | $47,480.26 |
| 411 | PROTESA SERVICIOS ESPECIALIZADOS EN EQUIPO GASTRONÓMICO S DE RL DE CV ABELARDO RODRÍGUEZ 286 COLONIA VICENTE VILLADA NEZAHUALCÓYOTL ESTADO DE MÉXICO C. P. 57710 MEXICO | $37,393.76 |
| 412 | PUBLICA ADVERTISING SA DE CV<br>PASEO DE LA REFORMA 115 1703 COLONIA LOMAS DE | $30,372,962.61 |
| 413 | CHAPULTEPEC I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO<br>PUBLICIDAD VIRTUAL SA DE CV<br>PROLONGACIÓN BOSQUES DE LA REFORMA 1813 COLONIA LOMAS DE VISTA HERMOSA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05100 MEXICO | $14,987,563.89 |
| 414 | PUBLIMAX SA DE CV<br>RIO TAMESÍ 300 COLONIA COL. MÉXICO MONTERREY NUEVO LEÓN C. P. 64740 MEXICO | $7,740,796.90 |
| 415 | PURPOSE FINANCIAL INC<br>N CHURCH STREET SPARTANBURG 135 CAROLINA DEL SUR CAROLINA DEL SUR CAROLINA DEL SUR 29304 ESTADOS UNIDOS DE AMÉRICA | $1,086,674.41 |
| 416 | PYM EN SISTEMAS ELÉCTRICOS Y DE POTENCIA SA DE CV<br>DIECISÉIS 73 COLONIA AMPLIACIÓN PROGRESO NACIONAL GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07650 MEXICO | $658,776.27 |
| 417 | QM-ADJUSTERS<br>MELCHOR OCAMPO 430 COLONIA ROMERO DE TERREROS COYOACÁN CIUDAD DE MÉXICO C. P. 04310 MEXICO | $19,984.48 |
| 418 | QUÍMICA MEXICANA INDUSTRIAL SA DE CV<br>CARRETERA CUAUTITLÁN TEOLOYUCAN 4 COLONIA FRACC IND XHALA CUAUTITLÁN IZCALLI ESTADO DE MÉXICO C. P. 54750 MEXICO | $19,387.64 |
| 419 | RÍOS ABOGADOS SC<br>HALLEY 21 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $121,800.00 |
| 420 | RACKSPACE INTERNATIONAL GMBH<br>PFINGSTWEIDSTRASSE 60 ZÜRICH ZÜRICH SCHYZ 8005 SWITZERLAND | $4,310,700.92 |
| 421 | RADIO PUBLICIDAD XH MÉXICO SA DE CV<br>CONSTITUYENTES 1154 PISO 10 COLONIA LOMAS ALTAS MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11950 MEXICO | $465,049.96 |
| 422 | RAEC LOGÍSTICA EN EVENTOS S DE RL DE CV<br>CALLE DURANGO 84 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $4,717,333.40 |
| 423 | RAK SA DE CV<br>ING. MILITARES 70 COLONIA ARGENTINA PONIENTE MIGUEL HIDALGO CIUDAD DE MÉXICO | $348,112.16 |
| 424 | C. P. 11230 MEXICO<br>RED POINT MED SA DE CV | |
| 425 | JUAN RUIZ DE ALARCÓN 1817 COLONIA SATÉLITE PUEBLA PUEBLA C. P. 72320 MEXICO<br>REDS COMM SA DE CV<br>ÓPALO 1736 COLONIA JUÁREZ BONANZA CHIHUAHUA C. P. | $28,307,550.75 $21,000.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | 32472 MEXICO | |
| 426 | RENTAS DEL PEDREGAL SA DE CV<br>BOULEVARD ROCHA CORDE 305 COLONIA PRIVADAS DEL PEDREGAL SAN LUIS POTOSÍ SAN LUIS POTOSÍ C. P. 78295 MEXICO | $54,972.21 |
| 427 | RHCORP SA DE CV<br>PAPAGAYO 607 COLONIA MAZATLÁN FERROCARRILERA SINALOA C. P. 82013 MEXICO | $28,842.24 |
| 428 | RIBESA CORPORATION<br>INDUSTRY AV 14408 TEXAS CALIFORNIA 78045 ESTADOS UNIDOS DE AMÉRICA | $192,198.96 |
| 429 | RICARDO ALEJANDRO SALAZAR VALDEZ<br>13 73 COLONIA JARDINES DE SANTA CLARA ECATEPEC DE MORELOS ESTADO DE MÉXICO. C. P. 55450 MEXICO | $37,905.91 |
| 430 | RIVERA GAXIOLA ABOGADOS SC<br>BOULEVARD MANUEL ÁVILA 32 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $7,844,564.96 |
| 431 | RNR OPERACIONES SA DE CV<br>SÓCRATES 378 COLONIA POLANCO V SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11560 MEXICO | $2,660,271.50 |
| 432 | RODRIGO UWALDO QUINTANA YÁNEZ<br>AVENIDA 20 DE NOVIEMBRE 3112 COLONIA JARAMILLO NUEVO CASAS GRANDES CHIHUAHUA C. P. 31758 MEXICO | $13,446.00 |
| 433 | ROGELIO MÁRQUEZ GUZMÁN<br>SAN BENJAMÍN MZ 629 LT 9 COLONIA PEDREGAL DE SANTA ÚRSULA COYOACÁN CIUDAD DE MÉXICO C. P. 04600 MEXICO | $13,456.00 |
| 434 | ROHDE AND SCHWARZ DE MÉXICO S DE RL DE CV<br>JAVIER BARROS 540 PISO 8 OFNA 804 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $162,059.32 |
| 435 | ROTOPLAS SA DE CV<br>CALLE ANÁHUAC 91 COLONIA EL MIRADOR COYOACÁN CIUDAD DE MÉXICO C. P. 04950 MEXICO | $120,927.68 |
| 436 | RUBRICA MEDIA MARKET SA DE CV<br>JESÚS DEL MONTE 39 PISO 2B COLONIA JESÚS DEL MONTE HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52764 MEXICO | $155,531.65 |
| 437 | RUY ALONSO REBOLLEDO<br>VERACRUZ, DEPTO 304 7 COLONIA CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06140 MEXICO | $69,600.00 |
| 438 | SAGA DEL CUPATITZIO SA DE CV<br>MACARENA 32 COLONIA EL INGUAMBO URUAPAN MICHOACÁN C. P. 60130 MEXICO | $84,000.00 |
| 439 | SALESFORCE COM INC<br>MISSION STREET 415 3RD. FLOOR SAN FRANCISCO SAN FRANCISCO SAN FRANCISCO, CA 94105 ESTADOS UNIDOS DE AMÉRICA | $3,589,998.42 |
| 440 | SALVADOR ÁNGELES IRIGOYEN<br>RIO SAN ÁNGEL 86 B COLONIA GUADALUPE INN ÁLVARO OBREGÓN CIUDAD DE MÉXICO C.<br>P. 01020 MEXICO | $161,058.00 |
| 441 | SAN PANCHO LAB SA DE CV<br>PI. VILLA DE MADRID 1 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $178,751.74 |
| 442 | SÁNCHEZ QUIJANO MIGUEL ÁNGEL<br>EMILIANO ZAPATA 188 COLONIA CUAUTEPEC DE HINOJOSA LA ESPERANZA HIDALGO C. P. 43740 MEXICO | $12,450.00 |
| 443 | SANDRA ANDREA ELIZABETH ORTIZ LÓPEZ<br>CALLE TEMASCALILLO MZ 14 COLONIA CRUZ DEL FAROL TLALPAN CIUDAD DE MÉXICO C.P. 14248 MEXICO | $17,247.40 |
| 444 | SATÉLITES MEXICANOS SA DE CV | $1,015,771.50 |

JOSE MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | AV. PASEO DE LA REFORMA 222 COLONIA JUÁREZ<br>CUAUHTÉMOC CIUDAD DE MÉXICO C. P 06600 MEXICO | |
| 445 | SD ORIENTE SA DE CV<br>SAN JERÓNIMO 538 PISO 1 COLONIA JARDINES DEL<br>PEDREGAL ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P.<br>01900 MEXICO | $145,572.27 |
| 446 | SECRETARIA DE FINANZAS DE LA CIUDAD DE MÉXICO<br>PLAZA DE LA CONSTITUCIÓN 1 COLONIA CENTRO (ÁREA 1)<br>CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $4,213.01 |
| 447 | SEGUIMIENTO TEMÁTICO SA DE CV<br>SANTA CATALINA 328 COLONIA INSURGENTES SAN BORJA<br>BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $39,107.19 |
| 448 | SEGURIDAD CORPORATIVA ALERTA SA DE CV<br>PADRE MIER PONIENTE 866 COLONIA CENTRO MONTERREY<br>NUEVO LEÓN C. P. 64000 MEXICO | $162,237.35 |
| 449 | SELLCOM SOLUTIONS MÉXICO SA DE CV<br>JESÚS DEL MONTE 7 COLONIA FRACC HACIENDA DE LAS<br>PALMAS HUIXQUILUCAN ESTADO DE MÉXICO C. P. 52763<br>MEXICO | $33,292.00 |
| 450 | SERTRES DEL NORTE SA DE CV<br>CALLE 18 67 COLONIA SAN PEDRO DE LOS PINOS BENITO<br>JUÁREZ CIUDAD DE MÉXICO C.<br>P. 03800 MEXICO | $617,111.62 |
| 451 | SERVICIO PROFESIONAL VLH DE MÉXICO SA DE CV<br>LAGO ZÚRICH 219 COLONIA AMPLIACIÓN GRANADA<br>MIGUEL HIDALGO CIUDAD DE MÉXICO<br>C. P. 11529 MEXICO | $14,026,642.94 |
| 452 | SERVICIO Y MANTENIMIENTO DE MOTOS SA DE CV<br>CHIHUAHUA 200 COLONIA ROMA NORTE CUAUHTÉMOC<br>CIUDAD DE MÉXICO C. P. 06700 MEXICO | $8,480.00 |
| 453 | SERVICIOS BROXEL SAPI DE CV<br>AV MARIO PANI 400 PISO 1 COLONIA SANTA FE<br>CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE<br>MÉXICO C. P. 05348 MEXICO | $205,619.60 |
| 454 | SERVICIOS ESPECIALIZADOS DE INGENIERÍA Y<br>SUPERVISIÓN SA DE CV<br>AV. CHAPULTEPEC 153 107 COLONIA JUÁREZ<br>CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $47,067.89 |
| 455 | SERVICIOS INTEGRALES DE INFORMACIÓN<br>ESTRATÉGICA DE NEGOCIOS ALC SC BOULEVARD<br>DE LOS REYES 6206 COLONIA SAN MARTINITO SAN<br>ANDRÉS CHOLULA PUEBLA C. P. 72825 MEXICO | $131,078.75 |
| 456 | SERVICIOS PHILLY SA DE CV<br>COYOACÁN 1704 COLONIA DEL VALLE CENTRO BENITO<br>JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $258,446.13 |
| 457 | SERVICIOS PROFESIONALES AH KIM PECH SA DE CV<br>AV CENTRAL 168-A COLONIA SAN JOSÉ CAMPECHE<br>CAMPECHE C. P. 24040 MEXICO | $6,920.34 |
| 458 | SI VALE MÉXICO SA DE CV<br>PASEO DE LA REFORMA 284 PISO 23 COLONIA JUÁREZ<br>CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06600 MEXICO | $7,412.04 |
| 459 | SIMILARWEB LTD<br>MENACHEM BEGI FLOOR 41 121 TEL AVIV 6701203 ISRAEL | $226,599.01 |
| 460 | SISTEMAS CONTINO DEL PACÍFICO SA DE CV<br>PASEO RIO SONORA SUR 170 COLONIA PROYECTO RIO<br>SONORA HERMOSILLO SONORA C.P. 83270 MEXICO | $4,093.77 |
| 461 | SISTEMAS DIGITALES EN AUDIO Y VIDEO SA DE CV<br>PESTALOZZI 245 COLONIA NARVARTE PONIENTE BENITO<br>JUÁREZ CIUDAD DE MÉXICO C.P. 03020 MEXICO | $257,511.12 |
| 462 | SITEC-LJI Y ASOCIADOS SC<br>INSURGENTES SUR 1855 COLONIA GUADALUPE INN | $14,808,189.55 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01020 MEXICO | |
| 463 | SKAXI SA DE CV<br>MELCHOR OCAMPO 228 202 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO. C. P. 06500 MEXICO | $314,991.28 |
| 464 | SNOWFLAKE INC<br>450 CONCAR DRIVE 450 SAN MATEO CALIFORNIA 94402 UNITED STATES OF AMERICA | $213,554.40 |
| 465 | SOCIEDAD OPERADORA DE LA TORRE DE CHIAPAS SA DE CV<br>BOULEVARD ANDRÉS SERRA ROJAS 1090 COLONIA COL. PASO LIMÓN TUXTLA GUTIÉRREZ CHIAPAS C. P. 29045 MEXICO | $116,863.45 |
| 466 | SOLUCIONES CARROT S DE RL DE CV<br>CAMINO A SAN PEDRO MÁRTIR 184 COLONIA CHIMALCOYOC TLALPAN CIUDAD DE MÉXICO. C. P. 14630 MEXICO | $234,330.71 |
| 467 | SOLUCIONES CREATIVAS MALAK S DE RL<br>EDUARDO PALLARES Y P 207 COLONIA SAN LUCAS COYOACÁN CIUDAD DE MÉXICO C. P. 04030 MEXICO | $920,641.64 |
| 468 | SOLUCIONES DE IMAGEN APLIK SA DE CV<br>DE LA NARANJA 1 BODEGA E COLONIA INDUSTRIAL ALCE BLANCO NAUCALPAN DE JUÁREZ CIUDAD DE MÉXICO C. P. 53370 MEXICO | $24,313.03 |
| 469 | SOLUCIONES EN MEDIOS MASIVOS SA DE CV<br>AVENIDA LÓPEZ MATEOS NORTE 530 COLONIA LADRÓN DE GUEVARA GUADALAJARA JALISCO C. P. 44600 MEXICO | $150,983.99 |
| 470 | SOLUCIONES INTEGRALES ELYM S DE RL DE CV<br>CAMINO DEL ÉXITO 19 COLONIA CAMPESTRE ARAGÓN GUSTAVO A MADERO CIUDAD DE MÉXICO C. P. 07530 MEXICO | $44,568.75 |
| 471 | SONY DE MÉXICO SA DE CV<br>AVENIDA LA FE 50 COLONIA SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $146,646.59 |
| 472 | SRI LEGAL SC<br>TONALÁ 177 177 202 COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $85,260.00 |
| 473 | STATIONFY INC<br>2443 FILLMORE STREET 2443 SAN FRANCISCO CALIFORNIA 94115 UNITED STATES OF AMERICA | $282,514.68 |
| 474 | STOICME SA DE CV<br>BAHÍA DE GUANTÁNAMO 79 COLONIA VERÓNICA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11300 MEXICO | $233,530.00 |
| 475 | STULZ MÉXICO SA DE CV<br>INSURGENTES SUR 64 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $45,380.31 |
| 476 | STYPE NORWAY AS<br>TOLLBUGATA 27 SENTRUM OSLO OSLO 0157 NORWAY | $1,972,120.78 |
| 477 | SUPORTIKA DE MÉXICO SA DE CV<br>BRADLEY 66 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $3,693.12 |
| 478 | TABACOS DE SANTA FE SA DE CV<br>PINO 343 COLONIA SANTA MARÍA LA RIBERA CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06400 MEXICO | $5,160.00 |
| 479 | TANIA CARINA DURAN CABRERA<br>VOLCÁN PARICUTIN 8 COLONIA LOS VOLCANES TLALPAN CIUDAD DE MÉXICO C. P. 14440 MEXICO | $15,433.60 |
| 480 | TECNOLOGÍA EN COMUNICACIONES Y REDES SA DE CV<br>CALLE 7 375 COLONIA RESIDENCIAL PENSIONES MÉRIDA YUCATÁN C. P. 97217 MEXICO | $22,880.00 |
| 481 | TECNORAMPA SA DE CV<br>CARRETERA FEDERAL MÉXICO-QUERÉTARO 175+494 | $10,210.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | COLONIA LA ESTANCIA QUERÉTARO QUERÉTARO C. P. 76729 MEXICO | |
| 482 | TELEFONÍA POR CABLE SA DE CV<br>LÁZARO CÁRDENAS 1694 COLONIA DEL FRESNO 1RA SECCIÓN GUADALAJARA JALISCO C.P. 44900 MEXICO | $154,518.00 |
| 483 | TELÉFONOS DE MÉXICO SA DE CV<br>PARQUE VÍA 198 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06599 MEXICO | $264,932.02 |
| 484 | TELÉFONOS DEL NOROESTE SA DE CV<br>AV PIO PICO 1525 COLONIA ZONA CENTRO TIJUANA BAJA CALIFORNIA C. P. 22000 MEXICO | $10,732.01 |
| 485 | TELEVERA RED SAPI DE CV<br>GALILEO 50 COLONIA POLANCO IV SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11550 MEXICO | $1,556,834.66 |
| 486 | TELEXTANTE SA DE CV<br>EJE 3 SUR FERROCARRIL DE RIO FRIO 419 COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MEXICO | $37,862.40 |
| 487 | TEODORO LOREDO SUAREZ<br>RIO GRANDE 5 COLONIA ARROYO HONDO ZARAGOZA SAN LUIS POTOSÍ C. P. 79540 MEXICO | $278,857.58 |
| 488 | TERI AND MON SC<br>RIO TIGRIS 32 COLONIA CUAUHTÉMOC CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06500 MEXICO | $290,000.00 |
| 489 | TESORERÍA DE LA FEDERACIÓN<br>AVENIDA CONSTITUYENTES 1001 COLONIA COLONIA BELÉN DE LAS FLORES ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 1000 MEXICO | $310,845.02 |
| 490 | TESORERÍA DEL GOBIERNO DE LA CIUDAD DE MÉXICO<br>AV FRAY SERVANDO TESERA DE MIER 77 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $249,228.00 |
| 491 | TETRA 40 SA DE CV<br>CALACOAYA 17 COLONIA NUEVA IXTACALA TLALNEPANTLA DE BAZ ESTADO DE MÉXICO C.P. 54160 MEXICO | $186,388.72 |
| 492 | THAPLOT SA DE CV<br>RIO DE LA PLATA 202 COLONIA DEL VALLE SAN PEDRO GARZA GARCÍA NUEVO LEÓN C. P. 66220 MEXICO | $116,000.00 |
| 493 | THE GROUP BROADCAST TELCO AND POST SOLUTIONS S DE RL DE CV<br>PEDREGAL 24 PISO 3 COLONIA MOLINO DEL REY MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11040 MEXICO | $4,440,580.25 |
| 494 | TODO SOBRE ELECTRÓNICOS Y MEDIOS SA DE CV<br>SANTA FE 428 COLONIA SANTA FE CUAJIMALPA CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P. 05348 MEXICO | $2,320,000.00 |
| 495 | TRANSPORTADORA GERMAN SA DE CV<br>ISABEL LA CATÓLICA 714 INTERIOR 1 COLONIA ÁLAMOS BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03400 MEXICO | $21,240.00 |
| 496 | TRES PUNTO CERO DIGITAL SA DE CV<br>COLIMA 395 A COLONIA ROMA NORTE CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06700 MEXICO | $620,762.40 |
| 497 | TROOP Y COMPAÑÍA SA DE CV<br>GOLFO DE TEHUANTEPEC 10 COLONIA TACUBA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11410 MEXICO | $78,474.00 |
| 498 | TRUSTNET DE MÉXICO SA DE CV<br>PARRAL 6 COLONIA CONDESA CUAUHTÉMOC CIUDAD DE MÉXICO C.P. 06140 MEXICO | $2,136,407.85 |
| 499 | TUBI INC | $64,154,513.70 |

JOSE MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | MONTGOMERY STREET 315 FLOOR 16 SAN FRANCISCO SAN<br>FRANCISCO CALIFORNIA 94104 ESTADOS UNIDOS DE<br>AMÉRICA | |
| 500 | TV CORPORATIVO DE SONORA SA DE CV<br>GARMENDIA 200 COLONIA CENTRO HERMOSILLO SONORA | $17,810.86 |
| 501 | C. P. 83000 MEXICO<br>TV CORPORATIVO DEL VALLE YAQUI SA DE CV<br>AV. MIGUEL ALEMÁN 225 COLONIA CENTRO OBREGÓN<br>SONORA C. P. 85000 MEXICO | $6,751.01 |
| 502 | UBER MÉXICO TECHNOLOGY & SOFTWARE SA DE CV<br>BLVD MANUEL ÁVILA CAMACHO 137 PISO 8 COLONIA<br>POLANCO I SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO<br>C. P. 11510 MEXICO | $247,789.75 |
| 503 | UNIÓN EDITORIALISTA SA DE CV<br>INDEPENDENCIA 300 COLONIA GUADALAJARA CENTRO<br>GUADALAJARA JALISCO C. P. 44100 MEXICO | $696,023.20 |
| 504 | UNIÓN SAN JOSÉ YAJONI S DE RL DE CV<br>VIOLETAS 401 COLONIA REFORMA OAXACA DE JUÁREZ<br>OAXACA C. P. 68050 MEXICO | $98,437.09 |
| 505 | UNIVERSIDAD NACIONAL AUTÓNOMA DE MÉXICO<br>AVENIDA UNIVERSIDAD 3000 COLONIA UNIVERSIDAD<br>NACIONAL AUTÓNOMA DE MÉXICO COYOACÁN CIUDAD DE<br>MÉXICO C. P. 04510 MEXICO | $31,856.38 |
| 506 | UNO Y MEDIO PUBLICIDAD MÉXICO SA DE CV<br>SANTA FE 505 PISO 16 COLONIA SANTA FE CUAJIMALPA<br>CUAJIMALPA DE MORELOS CIUDAD DE MÉXICO C. P.<br>05348 MEXICO | $2,382,786.54 |
| 507 | VALET PARKING BPS S DE RL DE CV<br>SAN JERÓNIMO 819 112-B COLONIA SAN JERÓNIMO LIDICE<br>MAGDALENA CONTRERAS CIUDAD DE MÉXICO C. P. 10200<br>MEXICO | $618,304.75 |
| 508 | VALSAT LIFESTYLE TECHNOLOGY GROUP SA DE CV<br>REY HUEMAN MZ 37 LT1 COLONIA AJUSCO COYOACÁN<br>CIUDAD DE MÉXICO C. P. 04300 MEXICO | $148,983.08 |
| 509 | VEHÍCULOS Y SOLUCIONES AUTOMOTRICES SA DE CV<br>UNIVERSIDAD 502 COLONIA UNIDAD GANADERA<br>AGUASCALIENTES AGUASCALIENTES C.P. 20130 MEXICO | $4,611.01 |
| 510 | VERNE Y POLTER SAS DE CV<br>TAPACHULA 29 COLONIA ROMA SUR CUAUHTÉMOC<br>CIUDAD DE MÉXICO C. P. 06760 MEXICO | $25,000.00 |
| 511 | VIDA TEA MÉXICO SA DE CV<br>ADOLFO RUIZ CORTINEZ 5440 COLONIA OLÍMPICA<br>COYOACÁN CIUDAD DE MÉXICO C. P. 04710 MEXICO | $48,834.55 |
| 512 | VIDONNY COMERCIALIZADORA SAS<br>SAN HIPÓLITO 6 A COLONIA TECÁMAC DE FELIPE<br>VILLANUEVA CENTRO TECÁMAC ESTADO DE MÉXICO C. P.<br>55740 MEXICO | $4,524.00 |
| 513 | VIEWPOINT MEDIA & AUDIO SOLUTIONS TECHNOLOGY SA<br>DE CV<br>IPN 2126 COLONIA SAN JOSÉ TICOMAN GUSTAVO A | $68,265.00 |
| 514 | MADERO CIUDAD DE MÉXICO C. P. 07340 MEXICO<br>VIGI KLEAN DEL SURESTE SA DE CV<br>INSURGENTES NORTE 1655 INT 1 COLONIA GUADALUPE<br>INSURGENTES GUSTAVO A MADERO ESTADO DE MÉXICO C.<br>P. 07870 MEXICO | $39,609.60 |
| 515 | VIGSLA TECNOLOGÍA Y SERVICIOS SA DE CV<br>CASAS GRANDES 341 COLONIA NARVARTE ORIENTE<br>BENITO JUÁREZ CIUDAD DE MÉXICO<br>C. P. 03023 MEXICO | $21,506.25 |
| 516 | VILLA SAN JACINTO MALINALCO SA DE CV<br>AV. FFCC DE RÍO FRÍO 419 B51 COLONIA CUCHILLA DEL | $24,466.98 |

| | | |
|---|---|---|
| | MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MEXICO | |
| 517 | VILLASANTE Y FREYMAN SC<br>ALEJANDRO DUMAS 148 COLONIA POLANCO III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11540 MEXICO | $92,800.00 |
| 518 | VINOTECA DE MÉXICO SA DE CV<br>CONSTITUCIÓN 411 COLONIA CENTRO MONTERREY NUEVO LEÓN C. P. 64000 MEXICO | $672,680.71 |
| 519 | VISIÓN Y DESARROLLO SEIS SA DE CV<br>CALZADA ZAVALETA 1108 COLONIA SANTA CRUZ BUENAVISTA PUEBLA PUEBLA C. P. 72150 MEXICO | $215,351.97 |
| 520 | VIVENDEX BIENES Y PROMOCIONES INMOBILIARIAS SA DE CV<br>HIDALGO 243 COLONIA NIÑOS HÉROES QUERÉTARO QUERÉTARO C. P. 76010 MEXICO | $127,096.05 |
| 521 | WAGORU S DE RL DE CV<br>HAMBURGO 159 COLONIA JUÁREZ CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06600 MEXICO | $964,503.00 |
| 522 | WDC MÉXICO S DE RL DE CV<br>PERIFÉRICO SUR 3299 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO<br>C. P. 14140 MEXICO | $53,009,100.00 |
| 523 | WINSTEAD PC<br>REINAISSANCE TOWER 1201 ELM ST 1201 DALLAS, TX TEXAS TEXAS 05400 UNITED STATES OF AMERICA | $28,473.92 |
| 524 | WINTERHALTER LAVALOZAS Y SISTEMAS DE LAVADO INDUSTRIAL DE MÉXICO S DE RL DE CV<br>DR LICEAGA, PISO 7 7 COLONIA DOCTORES CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06720 MEXICO<br>WIVBOOST S DE RL DE CV<br>SIERRA NEVADA 130 PLANTA BAJA COLONIA LOMAS DE | $1,914.00 |
| 525 | CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11000 MEXICO | $9,512,713.49 |
| 526 | WOW GAMES SAPI DE CV<br>HIDALGO 241 COLONIA BARRIO SAN MIGUEL. IZTAPALAPA CIUDAD DE MÉXICO C. P. 09360 MEXICO | $1,120.00 |
| 527 | WPP MEDIA MANAGEMENT<br>LAGO ALBERTO 319 P3 COLONIA GRANADA MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11520 MEXICO | $48,742,186.05 |
| 528 | YAMAHA DE MÉXICO SA DE CV<br>AVENIDA INSURGENTES SUR 1647 PISO 9 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO<br>C. P. 03900 MEXICO | $1,500.00 |
| 529 | ZAPATA VELASCO GÓMEZ MONT ABOGADOS SC<br>ALEJANDRO DUMAS 53 COLONIA POLANCO CHAPULTEPEC MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11560 MEXICO | $75,000.00 |
| 530 | ZEMSANIA MÉXICO SA DE CV<br>DARWIN 74 301 COLONIA ANZURES MIGUEL HIDALGO CIUDAD DE MÉXICO C. P. 11590 MEXICO | $133,400.00 |
| 531 | ZETRAK SA DE CV<br>CARRETERA MÉXICO 623 COLONIA SAN ANTONIO POLOTITLAN DE LA ILUSTRACIÓN ESTADO DE MÉXICO C. P. 54235 MEXICO | $67,000.00 |
| 532 | BUENA VISTA INTERNATIONAL, INC.<br>SOUTH BUENAVISTA STREET 500 BURBANK CALIFORNIA 91521 ESTADOS UNIDOS | $368,755,825.44 |
| 533 | RCN TELEVISIÓN, S.A.<br>AV LAS AMÉRICAS 65 82 PUENTE ARANDA BOGOTÁ 111311 COLOMBIA | $1,879,723.63 |
| 534 | UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP<br>UNIVERSAL CITY PLAZA, BUILDING 100 1440 - 11TH FLOOR | $129,221,470.78 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | CALIFORNIA 91608 ESTADOS UNIDOS | |
| 535 | WARNER BROS INTERNATIONAL TELEVISIÓN DISTRIBUTION, INC.<br>WARNER BLVD BUILDING 4000 156S - 4TH FLOOR BURBANK CALIFORNIA 91522 ESTADOS UNIDOS | $104,716,461.97 |
| 536 | CPT HOLDINGS, INC.<br>WEST WASHINGTON BLVD 10202 CULVER CITY CALIFORNIA 90232 ESTADOS UNIDOS | $27,238,614.57 |
| 537 | DIAMOND FILMS NETHERLAND COORPORATIEF UA<br>PRINS BERHARDPLEIN 200 ÁMSTERDAM 1097JB REINO DE LOS NETHERLANDS | $403,009,909.20 |
| 538 | PROMOCIONES ZANFER, S.A. DE C.V.<br>DIEGO RIVERA 2311 COLONIA ZONA URBANA RIO TIJUANA TIJUANA C. P. 22010 MEXICO | $16,820,000.00 |
| 539 | OPERADORA DE ESCENARIOS DEPORTIVOS, S.A. DE C.V. (PUEBLA AP'24 CL'25)<br>BOULEVARD DE LOS REYES 6206 401 COLONIA SAN MARTINITO SAN ANDRÉS CHOLULA PUEBLA C. P. 72825 MEXICO | $9,280,000.00 |
| 540 | ASOCIACIÓN DE EQUIPOS PROFESIONALES DE BEISBOL DE LA LIGA MEXICANA, A.C.<br>INSURGENTES SUR 797 3 Y 4 COLONIA NÁPOLES BENITO JUÁREZ CIUDAD DE MÉXICO C.P. 03810 MEXICO | $2,255,968.00 |
| 541 | MTV NETWORKS LATIN AMÉRICA, INC.<br>N.W. 6TH STREET 161 MIAMI FLORIDA 33136 ESTADOS UNIDOS | $45,567,935.16 |
| 542 | FREMANTLEMEDIA MÉXICO, S.A. DE C.V.<br>PERIFÉRICO SUR 4249 COLONIA JARDINES DE LA MONTAÑA TLALPAN CIUDAD DE MÉXICO. C. P. 14210 MEXICO | $6,519,246.53 |
| 543 | TELEVISA, S.A. DE C.V.<br>AV VASCO DE QUIROGA 2000 COLONIA PUEBLO SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $185,756,258.96 |
| 544 | NO BOXING NO LIFE SQUAD, S.A. DE C.V.<br>ZALATITAN 534 JARDINES DE LA PAZ NORTE GUADALAJARA JALISCO 44860 MEXICO | $2,477,231.04 |
| 545 | BBC STUDIOS DISTRIBUTION LIMITED<br>WOOD LANE 101 0 W12 7FW UNITED KINGDOM | $83,642.14 |
| 546 | ACUN MEDYA LIMITED<br>TOWER ROAD 243/A SLIEMA SLM 1604 MALTA | $556,442,137.23 |
| 547 | SINERGIA DEPORTIVA, S.A. DE C.V.<br>ESTADIO UNIVERSITARIO SAN NICOLÁS DE LOS GARZA PUERTA 13 COLONIA SAN NICOLÁS DE LA GARZA SAN NICOLÁS DE LA GARZA NUEVO LEÓN C. P. 66455 MEXICO | $143,705,472.48 |
| 548 | FC JUÁREZ, S. DE R.L. DE C.V.<br>AV. CAMPOS ELÍSEOS 5TO PISO 9050 5 COLONIA N/A CIUDAD JUÁREZ CHIHUAHUA C. P. 32470 MEXICO | $41,287,184.00 |
| 549 | 3 AMIGOS PROMOTIONS, S.A. DE C.V.<br>JOSÉ MARÍA VELASCO 2632 INT.1-D2A COLONIA ZONA URBANA RIO TIJUANA TIJUANA BAJA CALIFORNIA C. P. 22010 MEXICO | $372,991.85 |
| 550 | ASESORÍA ESPECIALIZADA EN AVIACIÓN, S.A. DE C.V.<br>CALLE 5 HANGAR 45 OFICINA 19 B COLONIA SAN PEDRO TOTOLTEPEC TOLUCA ESTADO DE MÉXICO C. P. 50226 MEXICO | $5,804,860.75 |
| 551 | AZNETWORK, S.C.<br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $15,097,629.57 |
| 552 | AZTECA INTERNACIONAL CORPORATION<br>NORTH BRAND BOULEVARD 611 SUITE 1300 GLENDALE CALIFORNIA 91203 UNITED STATES OF AMERICA | $22,952,781.89 |
| 553 | AZTECA NOVELAS II, S.A. DE C.V. | $22,304,635.94 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | CALZADA DE TLALPAN 2818 COLONIA EX EJIDO SAN PABLO TEPETLAPA COYOACÁN CIUDAD DE MÉXICO C. P. 04840 MEXICO | |
| 554 | AZTECA RECORDS, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $324,181,783.31 |
| 555 | EQUIPO DE FUTBOL MAZATLÁN, S.A. DE C.V.<br>AVENIDA MÚNICH S/N S/N COLONIA PRADERA DORADA MAZATLÁN SINALOA C. P. 82139 MEXICO | $10,171,350.65 |
| 556 | EQUIPOS DUO, S.C.<br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C. P. 06000 MEXICO | $50,449.11 |
| 557 | GANADOR AZTECA, S.A.P.I. DE C.V.<br>AVENIDA AGUIRRE LAREDO 6727 11CD COLONIA LA FUENTE JUÁREZ CHIHUAHUA C. P. 32370 MEXICO | $17,004,573.22 |
| 558 | INMOBILIARIA ROCA DEL PEDREGAL, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $1,781,186.24 |
| 559 | LASIMEX, S.A. DE C.V.<br>PERIFÉRICO SUR 4119 TORRE B PISO 2 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MEXICO | $90,708,683.11 |
| 560 | MERCADOTECNIA TVA, S.C.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $244,489,802.81 |
| 561 | MULTIMEDIA ESPECTÁCULOS Y ATRACCIONES, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MEXICO | $237,407,385.85 |
| 562 | OPERADORA GANADOR TV AZTECA, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $257,507.89 |
| 563 | OPERADORA MEXICANA DE TELEVISIÓN, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MEXICO | $763,328,904.50 |
| 564 | PRODUCCIONES AZTECA DIGITAL, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL | $93,700,037.11 |
| 565 | TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MEXICO<br>PRODUCCIONES DOPAMINA, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $258,025,960.41 |
| 566 | PRODUCCIONES ESPECIALIZADAS, S.A. DE C.V.<br>SIMÓN BOLÍVAR 25 201 COLONIA CENTRO (ÁREA 1) CUAUHTÉMOC CIUDAD DE MÉXICO C.P. 06000 MEXICO | $133,756,897.46 |
| 567 | PROMOTORA DE TORNEOS Y ESPECTÁCULOS PÚBLICOS, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $517,418,299.54 |
| 568 | SCI DE MÉXICO, S.A. DE C.V.<br>AVENIDA INSURGENTES SUR 2376 2DO PISO / 201 D COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MEXICO | $363,989.66 |
| 569 | SERVICIOS ESPECIALIZADOS TAZ, S.A. DE C.V.<br>PERIFÉRICO SUR 4119 TORRE B PISO 1 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MEXICO | $100,802,665.37 |
| 570 | SERVICIOS LOCALES DE PRODUCCIÓN, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 TORRE PRODUCCIÓN PLANTA BAJA COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO C. P. 14140 MEXICO | $28,603,165.32 |
| 571 | SINOT, S.C.<br>AVENIDA INSURGENTES SUR 1605 PISO 15 MÓDULO 4 | $19,125,947.91 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MEXICO | |
| 572 | STATIONS GRUOP, LLC<br>BRICKELL AVENUE 1221 SUITE 2520 MIAMI FLORIDA UNITED STATES OF AMERICA | $3,419.54 |
| 573 | TELEVISIÓN AZTECA III, S.A. DE C.V.<br>AVENIDA INSURGENTES SUR 2376 PISO 1 OFICINA 102 COLONIA CHIMALISTAC ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01070 MEXICO | $1,400,792,254.36 |
| 574 | TRIENIO, S.C.<br>AVENIDA INSURGENTES SUR 1605 PISO 15 MÓDULO 4 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MEXICO | $35,811,846.71 |
| 575 | ADAMANTIUM PRIVATE SECURITY SERVICES, S. DE R.L DE C.V.<br>MATÍAS ROMERO 1221 PISO 1 Y 2 COLONIA DEL VALLE SUR BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03100 MEXICO | $1,533,548.53 |
| 576 | COMPAÑÍA OPERADORA DE TEATROS, S.A. DE C.V.<br>AV FF CC DE RIO FRIO 419 A 14 COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09310 MEXICO | $165,799.19 |
| 577 | DIALOGUS PROCESOS, S.A.P.I. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MEXICO | $504,209.46 |
| 578 | FUNDACIÓN TV AZTECA, A.C.<br>AVENIDA MONTES URALES 460 PISO 2 COLONIA LOMAS DE CHAPULTEPEC III SECCIÓN MIGUEL HIDALGO CIUDAD DE MÉXICO C.P. 11000 MEXICO | $68,000.00 |
| 579 | GRUPO SALINAS TELECOM, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14141 MEXICO | $11,000,000.00 |
| 580 | NUEVA ELEKTRA DEL MILENIO, S.A. DE C.V.<br>AVENIDA FFCC DE RIO FRIO 419 BW COLONIA CUCHILLA DEL MORAL IZTAPALAPA CIUDAD DE MÉXICO C. P. 09319 MEXICO | $10,420,385.59 |
| 581 | PARADIN DE MÉXICO, S.A. DE C.V.<br>PRIVADA MIGUEL NOREÑA 27 PISO 2 COLONIA SAN JOSÉ INSURGENTES BENITO JUÁREZ CIUDAD DE MÉXICO C. P. 03900 MEXICO | $18,808,240.00 |
| 582 | SERVICIOS DE ASESORÍA EN MEDIOS DE COMUNICACIÓN GS, S.A. DE C.V. PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $40,958,240.98 |
| 583 | TIENDAS SÚPER PRECIO, S.A.P.I. DE C.V.<br>AVENIDA JAVIER BARROS SIERRA 540 TORRE 1 PISO 5 OFICINA 5071 COLONIA LOMAS DE SANTA FE ÁLVARO OBREGÓN CIUDAD DE MÉXICO C. P. 01210 MEXICO | $1,295,017.15 |
| 584 | TOTAL BOX, S.A DE C.V.<br>AV. SAN JERÓNIMO 252 PISO 6 COLONIA LA OTRA BANDA COYOACÁN CIUDAD DE MÉXICO. C. P. 04519 MEXICO | $6,023.44 |
| 585 | TOTAL PLAY TELECOMUNICACIONES, S.A.P.I. DE C.V.<br>AV. SAN JERÓNIMO 252 PISO 6 COLONIA LA OTRA BANDA COYOACÁN CIUDAD DE MÉXICO. C. P. 04519 MEXICO | $7,026,559.20 |
| 586 | TOTALSEC, S.A. DE C.V.<br>PERIFÉRICO SUR 4121 COLONIA FUENTES DEL PEDREGAL TLALPAN CIUDAD DE MÉXICO. C. P. 14140 MEXICO | $7,595,444.47 |
| 587 | INSTITUTO MEXICANO DEL SEGURO SOCIAL<br>AV. PASEOS DE LA REFORMA 476 COLONIA JUÁREZ CUAUHTÉMOC, CUAUHTÉMOC C. P. 06600 MEXICO | $1,051,962.00 |
| 588 | INSTITUTO DEL FONDO NACIONAL DE LA VIVIENDA PARA LOS TRABAJADORES | $431,899.00 |

JOSÉ MARÍA ZAYAS PRADO

| | | |
|---|---|---|
| | AV. BARRANCA DEL MUERTO 280 COLONIA GUADALUPE<br>INN ÁLVARO OBREGÓN ÁLVARO OBREGÓN C. P. 01029 | |
| 589 | MEXICO<br>SECRETARIA DE FINANZAS AGUASCALIENTES<br>AV. DE LA CONVENCIÓN 102 COLONIA DEL TRABAJO<br>AGUASCALIENTES AGUASCALIENTES C. P. 20180 MEXICO | $1,980.00 |
| 590 | SECRETARIA DE FINANZAS DE LA CIUDAD DE MÉXICO<br>PLAZA DE LA CONSTITUCIÓN 1 COLONIA CENTRO<br>CUAUHTÉMOC CUAUHTÉMOC C. P. 06600 MEXICO | $95,326.00 |
| 591 | GOBIERNO DEL ESTADO DE MICHOACÁN<br>CALZADA VENTURA PUENTE 112 COLONIA CHAPULTEPEC<br>NORTE MORELIA MORELIA C. P. 58260 MEXICO | $896.00 |
| 592 | SECRETARIA DE FINANZAS DE CHIHUAHUA<br>VENUSTIANO CARRANZA Y ALDAMA 1100 COLONIA<br>CENTRO CHIHUAHUA CHIHUAHUA C. P. 31000 MEXICO | $2,343.00 |
| 593 | SECRETARIA DE FINANZAS Y TESORERÍA DE PUEBLA<br>VÍA ATLIXCÁYOTL 1101 1ER PISO COLONIA CONCEPCIÓN<br>LAS LAJAS ATLIXCÁYOTL ATLIXCÁYOTL C. P. 72190 MEXICO | $5,058.00 |
| 594 | GOBIERNO DEL ESTADO DE GUANAJUATO<br>PASE DE LA PRESA 172 COLONIA CENTRO GUANAJUATO<br>GUANAJUATO C. P. 36094 MEXICO | $5,348.00 |
| 595 | GOBIERNO DEL ESTADO DE MÉXICO<br>AV. SEBASTIÁN LERDO DE TEJADA 300 COLONIA CENTRO<br>TOLUCA TOLUCA C. P. 50000 MEXICO | $759.00 |
| 596 | SECRETARIA DE ADMINISTRACIÓN Y FINANZAS DE<br>YUCATÁN<br>CALLE 59 X AV. ITZÁES Y CALLE 90 NA COLONIA CENTRO | $886.00 |
| 597 | MÉRIDA MÉRIDA C. P. 97000 MEXICO<br>SERVICIO DE ADMINISTRACIÓN TRIBUTARIA<br>AV. HIDALGO 77 COLONIA GUERRERO CUAUHTÉMOC<br>CUAUHTÉMOC C. P. 06600 MEXICO | $83,454,311.00 |
| 598 | MEDIUM TERM NOTE / THE BANK OF NEW YORK MELLON<br>GREENWICH STREET 240 NEW YORK NEW YORK NEW YORK<br>10286 U.S.A. | $10,399,061,168.39 |
| 599 | ALTERBANK, LTD<br>RODNEY BAY COMMERCIAL BOULEVARD SUITE 3 RODNEY<br>BAY RODNEY BAY GROS-ISLET LC01 401 SAINT LUCIA | $4,237,903,819.44 |
| 600 | NUMCHI SERVICIOS, S.A.P.I. DE C.V.<br>HAMBURGO 206 503 COLONIA JUÁREZ CUAHUTÉMOC<br>CIUDAD DE MÉXICO C. P. 06700 MEXICO | $1,807,942,212.62 |

FIFTH. Retroaction date. On the basis of Article 43, section X and 112 of the Commercial Insolvency Law, October 9, 2025 is designated as the retroaction date of the insolvency proceeding.

SIXTH. Order restricting departure from domicile (arraigo). This judgment produces the effects of an ORDER RESTRICTING DEPARTURE FROM DOMICILE (ARRAIGO) with respect to the members of the Board of Directors of the company TV Azteca, sociedad anónima bursátil de capital variable, or, as applicable, of those responsible for its administration, for the sole purpose that they may not leave the place of their domicile without leaving a duly instructed and funded agent or attorney-in-fact, pursuant to Article 47 of the Commercial Insolvency Law.

SEVENTH. Claims recognition procedure. The conciliator is ordered to commence the claims recognition procedure, making his determination sua sponte on the terms established by Articles 121 and 123 of the Commercial Insolvency Law; he must prepare the list of claims payable by the Merchant that he proposes to recognize, based, among other sources, on the accounting records, on the other documents that make it possible to determine its liabilities, on the information that the insolvent company itself and its personnel

JOSE MARÍA ZAYAS PRADO

are obliged to provide, on the information appearing from the examiner's report and on the recognition applications submitted to him.

EIGHTH. Creditors resident within the Republic and abroad are informed that they may submit claim recognition applications. Creditors resident in the Mexican Republic are hereby informed that those who so wish may submit to the conciliator, at the address he designates for the performance of his obligations, their claim recognition applications pursuant to Article 125 of the Commercial Insolvency Law, without prejudice to what is ordered in the preceding operative provision. Creditors resident abroad may submit such applications, if it is in their interest, to the person and at the place indicated, within a period of forty-five calendar days pursuant to Article 291 of the Commercial Insolvency Law.

NINTH. Order to place documents in the conciliator's possession. In accordance with the provisions of Article 43, section VI of the Commercial Insolvency Law, it is ordered that the books, records and other documents of the insolvent enterprise be made available to the conciliator immediately, as well as the funds necessary to cover the registration expenses and the publications provided for in the applicable law.

TENTH. Order to permit the conciliator's work. The Merchant is ordered to permit the conciliator and the intervenors, as applicable, to carry out the activities proper to their offices.

ELEVENTH. Suspension of payments. The Merchant is ordered to suspend payment of the debts contracted prior to the date on which this judgment takes effect, except for those that are indispensable to the ordinary operation of the enterprise, including any credit that is indispensable to maintaining the ordinary operation of the enterprise and the liquidity necessary during the course of the commercial insolvency proceeding, with respect to which it must report within the seventy-two hours following their execution, initially to the undersigned judge and, once the name of the conciliator has been made known, it must report them directly to that specialist, as he is the person responsible for overseeing the accounting records and all transactions carried out by the Merchant, pursuant to Article 75 of the Commercial Insolvency Law.

It being understood that this judgment shall not be grounds for interrupting the ordinary labor obligations of the Merchant, nor the payment of ordinary tax or social security contributions of the insolvent company, as these are indispensable to the ordinary operation of the enterprise, as established by Articles 66 and 69 of the Commercial Insolvency Law.

TWELFTH. Suspension of enforcement orders. It is ordered that, during the conciliation stage, any attachment or enforcement order against the assets and rights of the Merchant be stayed, with the exceptions referred to in Article 65 of the Commercial Insolvency Law, that is, attachment or enforcement orders of a labor nature, pursuant to the provisions of section XXIII of part A of Article 123 of the Constitution and its implementing provisions, taking into account wages for the two years preceding the commercial insolvency proceeding.

THIRTEENTH. Publication in the Official Gazette of the Federation and in the newspaper of largest circulation. The conciliator is ordered, within the FIVE DAYS following his appointment, to arrange for the publication, on one occasion, of an extract of this judgment in the Official Gazette of the Federation and in one of the newspapers of largest circulation in the Mexican Republic.

For which purpose it is ordered, as of now, that the edicts containing such extract be prepared, as well as the corresponding official communications, and that they be made available to the conciliator.

FOURTEENTH. Recording of the judgment in the corresponding Public Registries. The conciliator is ordered, within the FIVE DAYS following his appointment, to request the recording of this judgment in

JOSE MARÍA ZAYAS PRADO

the public registry of commerce corresponding to the Merchant's domicile and in all those places where it has an agency, branch or assets subject to registration in any public registry.

For that purpose it is ordered, as of now, that certified copies be issued, as well as that the necessary official communication be prepared and made available to the conciliator.

FIFTEENTH. Various Lawsuits. The actions brought and the lawsuits pursued by the Merchant, and those brought and pursued against it, which are pending at the time this judgment is rendered and which have patrimonial content, shall not be consolidated with the insolvency proceeding, but rather shall be pursued by the Merchant under the supervision of the conciliator.

In that sense, the insolvent company must inform the specialist of the existence of such proceedings on the day following that on which his appointment becomes known to it, as established by Article 84 of the Commercial Insolvency Law.

SIXTEENTH. Clarification regarding interest on claims and conversion into UDIs. Pursuant to Article 89 of the Commercial Insolvency Law, irrespective of the place originally agreed for payment, claims payable by the insolvent company that lack an in rem guarantee shall cease to accrue interest as of the date of this judgment; if they were not originally denominated in UDIs, they shall be converted into that unit, following conversion into national currency of those that may be denominated in foreign currency; the exchange rate and the equivalence of those units shall be those determined by the Bank of Mexico for the date of this judgment.

Likewise, irrespective of the place originally agreed for payment, claims with an in rem guarantee shall, as from the date of this judgment, accrue only ordinary interest and only up to the value of the guarantee; they shall be maintained in the currency or unit in which they were originally denominated, but shall also be converted into UDIs solely for the purpose of quantifying the extent of their participation in the decisions in which this is required, in which case the aforementioned equivalence shall be used.

SEVENTEENTH. Precautionary measures. This judge being the director of the commercial insolvency proceeding and having all powers necessary to comply with the provisions of the Commercial Insolvency Law, ONLY the precautionary measures indicated in the FOURTH consideration of this judgment ARE LEFT IN FORCE.

EIGHTEENTH. Issuance of copies. Let a plain or certified copy of this judgment be issued at the expense of any person having a legal interest who so requests.

Let notice be served; electronically upon the Merchant and the examiner; by official communication upon the Federal Institute of Commercial Insolvency Specialists; the Ministry of Finance and Public Credit; the Tax Administration Service;

the Ministry of Administration and Finance of Mexico City; the Mexican Social Security Institute; the Telecommunications Regulatory Commission; the Institute of the National Housing Fund for Workers; and the Federal Center for Labor Conciliation and Registration; the possible creditors and the other parties shall be deemed to have been served once the judgment is published in the Official Gazette of the Federation, pursuant to the provisions of Article 44 of the Commercial Insolvency Law; where applicable, creditors resident abroad shall also be served in accordance with the applicable laws.

So resolved and electronically signed by Tessy del Rocío Covarrubias Torres, First District Judge for Commercial Insolvency Matters, sitting in Mexico City and with jurisdiction throughout the Mexican Republic, acting together with Roberto Abihud Victoria Villela, court clerk, who authorizes and attests.

JOSÉ MARÍA ZAYAS PRADO

Ravv

On this date, the issuance of official communications 3910, 3911, 3912, 3913, 3914, 3915, 3916 and 3917/2026 was ordered. Let the record so reflect.

It is hereby attested that this judgment was incorporated into the electronic case file contained in the SISE; it is likewise certified that the corresponding electronic file matches in its entirety the physical records. Let the record so reflect.

The process server hereby attests that the notices corresponding to this ruling were duly digitized and linked to the electronic case file. I so attest.

The undersigned, Roberto Abihud Victoria Villela, Attorney at Law, Clerk of the First District Court for Commercial Insolvency Matters sitting in Mexico City and with jurisdiction throughout the Mexican Republic, hereby certifies: that in this decision I marked in red font (RGB model 255,0,0) all personal and sensitive data of the intervening parties, so that, once it becomes available for consultation, asterisks appear in their place; likewise, that I carried out the procedure necessary for this decision to be available for consultation in the Comprehensive Case File Tracking System and in a public version at the pages https://www.serviciosenlinea.pjf.gob.mx/juicioenlinea/SentenciaVersionP ublica/MenuSentencia and https://ejusticia.cjf.gob.mx/BuscadorSISE/#/BusqExp, and that I complied with the conditions indicated in Circular DGGJ/STG/17/2020, published in the notices section of the SISE on October 16, 2020. I so attest.

*[Electronic signatures of the document. Signatories: ROBERTO ABIHUD VICTORIA VILLELA AND TESSY DEL ROCIO COVARRUBIAS TORRES.]*

**THE UNDERSIGNED, CERTIFIED TRANSLATOR IN ENGLISH AND SPANISH AUTHORIZED BY THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY, ACCORDING TO DECREE 42-04/2024, ISSUED BY THE JUDICIARY COUNCIL OF MEXICO CITY IN SESSION OF FEBRUARY 13, 2024 AND PUBLISHED IN THE JUDICIAL GAZETTE OF FEBRUARY 23, 2024, HEREBY CERTIFY THAT THIS IS A TRUTHFUL AND ACCURATE TRANSLATION TO ENGLISH FROM ITS ORIGINAL IN SPANISH, WHICH IS FORMED BY 46 PAGES ON THE OBVERSE.**

**MEXICO CITY, JULY 28, 2026**

FINLEX
PERITO TRADUCTOR AUTORIZADO
JOSÉ MARÍA ZAYAS PRADO
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MEXICO
TRANSLATIONS

**JOSÉ MARÍA ZAYAS PRADO**

NOTARÍAS 211 & 135

**J. Eugenio Castañeda Escobedo**
**Notario doscientos once CDMX**

**Eduardo Garduño García Villalobos**
**Notario ciento treinta y cinco CDMX**

Providencia No. 1000
Col. Del Valle, 03100, Ciudad de México
Tel. Conmutador: 5601-2105
Fax: 5604-9487

# TESTIMONIO

**ESCRITURA PÚBLICA QUE CONTIENE:**

---- La **PROTOCOLIZACIÓN** del **ACTA** de la **SESIÓN DEL CONSEJO DE ADMINISTRACIÓN** de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** de fecha trece de agosto de dos mil veintiséis, que contiene: el **OTORGAMIENTO** de **PODERES**; que realizo a solicitud de la Licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ**, en su calidad de Delegada Especial de dicho documento. -----------------------------

**ESC.:** **191,169**
**LIBRO:** **4,157**
**FECHA:** **14/agosto/2026**

211N135

NÚMERO CIENTO NOVENTA Y UN MIL CIENTO SESENTA Y NUEVE. ——————26-9-446
LIBRO CUATRO MIL CIENTO CINCUENTA Y SIETE.—————————— REGCOM
FOLIO OCHOCIENTOS VEINTISIETE MIL SEISCIENTOS UNO. ——————KCC/emo/nqc*

—— En la Ciudad de México, a los catorce días del mes de agosto de dos mil veintiséis, yo el Licenciado **JOSÉ EUGENIO CASTAÑEDA ESCOBEDO**, titular de la notaría doscientos once de esta Ciudad, hago constar: La **PROTOCOLIZACIÓN** del **ACTA** de la **SESIÓN DEL CONSEJO DE ADMINISTRACIÓN** de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE**, de fecha trece de agosto de dos mil veintiséis, que contiene: el **OTORGAMIENTO** de **PODERES**; que realizo a solicitud de la Licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ**, en su calidad de Delegada Especial de dicho documento, al tenor de los antecedentes y cláusulas siguientes: ————————————

—————————— **ANTECEDENTES** ——————————

—— **Primero.**- **CONSTITUCIÓN**.- Por escritura número sesenta y dos mil ciento diez, de fecha dos de junio de mil novecientos noventa y tres, otorgada ante el Licenciado Joaquín Talavera Sánchez, en ese entonces titular de la notaría número cincuenta de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la constitución de la sociedad denominada "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, con domicilio en la Ciudad de México, duración de noventa y nueve años, cláusula de exclusión de extranjeros, capital social fijo de CINCUENTA MIL NUEVOS PESOS, MONEDA NACIONAL (actualmente CINCUENTA MIL PESOS, MONEDA NACIONAL), máximo ilimitado y el objeto que en dicha escritura se indica. ————————————

—— **Segundo.**- **REFORMA TOTAL DE ESTATUTOS**.- Por escritura número cuarenta y dos mil cuatrocientos cuarenta y siete, de fecha dos de agosto de mil novecientos noventa y cinco, otorgada ante el Licenciado Armando Gálvez Pérez Aragón, en ese entonces titular de la notaría número ciento tres de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, de fecha veintitrés de junio de mil novecientos noventa y cinco, en la que se acordó entre otros la reforma total de sus Estatutos Sociales en los términos establecidos en dicha acta.-

—— **Tercero.**- **CAMBIO DE DENOMINACIÓN**.- Por escritura número cuarenta y nueve mil trescientos diecisiete, de fecha tres de septiembre de mil novecientos noventa y seis, otorgada ante el mismo notario que la anterior, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, de fecha dieciocho de julio de mil novecientos noventa y seis, en la que se acordó

entre otros cambiar la denominación social por la de **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, reformándose al efecto la cláusula primera de sus Estatutos Sociales.——

—— **Cuarto.- REFORMA DE ESTATUTOS**.- Por póliza número ochocientos sesenta y tres, de fecha treinta y uno de enero de mil novecientos noventa y siete, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, de fecha veinte de enero de mil novecientos noventa y siete, en la que se acordó entre otros reformar los artículos décimo segundo y décimo cuarto de sus estatutos sociales. ——————

—— **Quinto.- AUMENTO DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA TOTAL DE ESTATUTOS**.- Por escritura número diez mil cuatrocientos setenta y cinco, de fecha cinco de agosto de mil novecientos noventa y siete, otorgada ante el Licenciado Joel Chirino Castillo, titular de la notaría noventa de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, de fecha diecisiete de julio de mil novecientos noventa y siete, en la que se acordó entre otros, el aumento de capital social en su parte fija, para quedar en la suma total de MIL SEISCIENTOS NOVENTA Y CUATRO MILLONES SEISCIENTOS DOCE MIL CIENTO CUARENTA Y SIETE PESOS, MONEDA NACIONAL; así como la reforma total de los estatutos sociales.——————

—— **Sexto.- REFORMA DE ESTATUTOS**.- Por escritura número once mil seis, de fecha siete de mayo de mil novecientos noventa y ocho, otorgada ante el Licenciado Joel Chirino Castillo, titular de la notaría noventa de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**,, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, de fecha veintisiete de marzo de mil novecientos noventa y ocho, en la que se entre otros asuntos, se acordó modificar los párrafos cuatro, décimo cuarto y vigésimo tercero de la cláusula sexta de sus estatutos sociales. ——————

—— **Séptimo.- REFORMA DE ESTATUTOS**.- Por escritura número nueve mil ochocientos noventa y tres, de fecha tres de abril de dos mil, otorgada ante el Licenciado José Luis Villavicencio Castañeda, titular de la notaria doscientos dieciocho de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA",**

NOTARIAS
2IIN&I35

SOCIEDAD ANONIMA DE CAPITAL VARIABLE, de fecha veintisiete de enero de dos mil, en la que se acordó entre otros reformar las cláusulas vigésimo séptima, vigésimo octava y vigésimo novena de sus estatutos sociales. ——————————

—— Octavo.- REFORMA DE ESTATUTOS.- Por escritura número doce mil novecientos cincuenta y ocho, de fecha veintiocho de septiembre de dos mil uno, otorgada ante el Licenciado José Luis Villavicencio Castañeda, titular de la notaría doscientos dieciocho de la Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización parcial del acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, de fecha cuatro de septiembre de dos mil uno, en la que se acordó entre otros reformar las cláusulas sexta, novena, décima segunda, décima sexta, décima novena, vigésima cuarta, vigésima quinta, vigésima sexta, vigésima séptima, vigésima octava, vigésima novena, trigésima, trigésima primera, y trigésima cuarta de sus estatutos sociales. ——————————

—— Noveno.- ESCISIÓN DE SOCIEDADES.- Por póliza número seis mil treinta y tres, de fecha veintidós de diciembre de dos mil tres, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada en la Ciudad de México, el día diecinueve de diciembre de dos mil tres, que entre otros acuerdos, se aprobaron los siguientes: (i) La escisión de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, resultando y subsistiendo esta misma sociedad como sociedad escindente y creándose "UNEFON HOLDINGS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad escindida, en los términos, condiciones y plazos establecidos por la misma asamblea; (ii) La reducción del capital social de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, en su parte fija, en la cantidad de SESENTA Y OCHO MILLONES DE PESOS, MONEDA NACIONAL, para quedar en UN MIL SEISCIENTOS VEINTISEIS MILLONES SEISCIENTOS DOCE MIL CIENTO CUARENTA Y SIETE PESOS, MONEDA NACIONAL; y (iii) la modificación a las cláusulas sexta y trigésimo primera de los estatutos sociales. ——————

—— Décimo.- REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA DE ESTATUTOS.- Por póliza número seis mil ochocientos sesenta y cuatro, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Extraordinaria y Ordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada en la ciudad de México, el día veinticuatro de noviembre de dos mil cuatro, en la que

se aprobaron entre otros, los siguientes acuerdos: (i) la reduce de capital social en su parte fija de la sociedad de referencia en la cantidad de TRESCIENTOS OCHENTA Y DOS MILLONES DOSCIENTOS CUARENTA Y NUEVE MIL OCHOCIENTOS TREINTA Y SIETE PESOS, MONEDA NACIONAL, por lo que el capital social en su parte fija quedará en la cantidad de MIL DOSCIENTOS CUARENTA Y CUATRO MILLONES TRESCIENTOS SESENTA Y DOS MIL DOSCIENTOS DIEZ PESOS, MONEDA NACIONAL, y como consecuencia, la modificación al primer párrafo de la cláusula sexta, así como la modificación de las cláusulas vigésima séptima a trigésima tercera de los estatutos sociales. ——————————

—— **Décimo Primero.-** **REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos sesenta y cinco, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada en la ciudad de México, el día veintinueve de abril de dos mil cinco, en la que se aprobaron entre otros, los siguientes acuerdos: (i) la reducción de capital social en su parte fija de la sociedad de referencia en la cantidad de NOVENTA Y NUEVE MILLONES DOSCIENTOS CUARENTA Y DOS MIL DOSCIENTOS VEINTE, PESOS, MONEDA NACIONAL, por lo que el capital social en su parte fija quedará en la cantidad de MIL CIENTO CUARENTA Y CINCO MILLONES CIENTO DIECINUEVE MIL NOVECIENTOS NOVENTA PESOS, MONEDA NACIONAL, y como consecuencia la modificación al primer párrafo de la cláusula sexta de los estatutos sociales.——————————

—— **Décimo Segundo.-** **REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos sesenta y seis, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea Especial de Accionistas tenedores de acciones la serie "D-A" de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales.——————————

—— **Décimo Tercero.-** **REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos sesenta y siete, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, el catorce de octubre de dos mil cinco, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea Especial de Accionistas Tenedores de Acciones de la serie "D-L" de la sociedad

2IIN35

denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales. ——————

—— **Décimo Cuarto.-** **REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos sesenta y ocho, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea Especial de Accionistas Tenedores de Acciones de la serie "A" de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales. ——————

—— **Décimo Quinto.-** **REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos sesenta y nueve, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta, novena, décima primera, décima cuarta, décima sexta, vigésima primera y vigésima sexta de los estatutos sociales. ——————

—— **Décimo Sexto.-** **REFORMA DE ESTATUTOS**.- Por póliza número seis mil ochocientos setenta, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día primero de dos mil cinco, en la que se aprobó la modificación de la cláusula vigésima sexta de los estatutos sociales. ——————

—— **Décimo Séptimo.-** **FUSIÓN DE SOCIEDADES**.- Por póliza número seis mil ochocientos setenta y uno, de fecha quince de julio de dos mil cinco, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, entre otros, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización de las Actas de Asambleas Generales Extraordinarias de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE y "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebradas el día veintisiete de junio de dos mil cinco, en las que se tomó, entre otros, el

acuerdo de fusionar las sociedades antes mencionadas, subsistiendo "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad fusionante y desapareciendo "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad fusionada y en las que se aprobaron, los siguientes acuerdos: (i) con motivo de la respectiva fusión, "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, recibirá 270,000,000 (doscientos setenta millones) de acciones propias o su equivalente en Certificados de Participación Ordinaria, las cuales deberán cancelarse; (ii) como resultado de la fusión y debido a la cancelación de acciones propias que "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE realizará, el capital social por lo tanto de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, se reducirá en la cantidad de TREINTA MILLONES DE PESOS, MONEDA NACIONAL; (iii) la aprobación a los ajustes al capital social íntegramente suscrito y pagado de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, derivado de movimientos al mismo consistentes básicamente en: (a) las acciones que de tiempo en tiempo se han ejercido de los Planes de Operaciones de la Sociedad y que no han sido reflejadas en las actas de asamblea; (b) los aumentos de capital que se han decretado en el pasado y que en algunos casos solo se ha pagado parte de dichos aumentos; y (c) las diferencias del tipo de cambio en los reembolsos pagados en los últimos años; (iv) la convalidación de todos y cada uno de los movimientos en el capital social de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, incluyendo la reducción de capital social aprobada con motivo de la fusión que igualmente por medio del mismo instrumento se formalizó, para quedar establecido en la cantidad de NOVECIENTOS TREINTA Y TRES MILLONES DOSCIENTOS TREINTA Y SEIS MIL NOVECIENTOS NOVENTA Y OCHO PESOS, MONEDA NACIONAL, por lo que (v) igualmente se hizo constar que el capital social mínimo fijo íntegramente suscrito y pagado de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, corresponde a la cantidad de NOVECIENTOS TREINTA Y TRES MILLONES DOSCIENTOS TREINTA Y SEIS MIL NOVECIENTOS NOVENTA Y OCHO PESOS, MONEDA NACIONAL, reformándose al efecto el primer párrafo de la cláusula sexta de los estatutos sociales de la sociedad. ————.

—— **Décimo Octavo.-** <u>**REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA DE ESTATUTOS**</u>.- Por póliza número siete mil trescientos setenta y tres, de fecha seis de julio de dos mil seis, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de la Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día veinte de febrero de dos mil seis, en la que se aprobó la reducción del capital social en su parte fija de la sociedad de referencia en la cantidad de NOVENTA Y CINCO MILLONES CUATROCIENTOS TREINTA Y CINCO MIL SEISCIENTOS VEINTITRES PESOS, MONEDA NACIONAL para quedar por lo tanto dicho capital en la cantidad de OCHOCIENTOS TREINTA Y SIETE MILLONES OCHOCIENTOS UN MIL TRESCIENTOS SETENTA Y CINCO

PESOS, MONEDA NACIONAL y como consecuencia, la reforma a la cláusula Sexta de los Estatutos Sociales.---

---- Décimo Noveno.- REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA DE ESTATUTOS.- Por póliza número siete mil seiscientos cuarenta y seis, de fecha veintinueve de enero de dos mil siete, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día siete de diciembre de dos mil seis, en la que se aprobó la reducción de capital social en su parte fija, en la cantidad de CIENTO DOS MILLONES CIENTO DOS MIL PESOS, MONEDA NACIONAL, para quedar por lo tanto dicho capital en la cantidad de SETECIENTOS TREINTA Y CINCO MILLONES SEISCIENTOS NOVENTA Y NUEVE MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL y como consecuencia la reforma a la cláusula sexta de los estatutos sociales. ---

---- Vigésimo.- REFORMA DE ESTATUTOS.- Por escritura número treinta y cuatro mil setecientos, de fecha diez de mayo de dos mil siete, otorgada ante el Licenciado Carlos Antonio Morales Montes de Oca, titular de la notaría número doscientos veintisiete de esta Ciudad de México, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de ésta ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día treinta de abril de dos mil siete, en la que se aprobó la reforma a la cláusula sexta de los estatutos sociales.---

---- Vigésimo Primero.- REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA ESTATUTOS.- Por póliza número ocho mil setenta, de fecha veinte de diciembre de dos mil siete, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de ésta ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE**, celebrada el día veintisiete de septiembre de dos mil siete, en la que se aprobó la disminución de capital social en su parte fija, en la cantidad de SESENTA MILLONES OCHOCIENTOS VEINTICINCO MIL PESOS, MONEDA NACIONAL, para quedar por lo tanto dicho capital en la cantidad de SEISCIENTOS SETENTA Y CUATRO MILLONES OCHOCIENTOS SETENTA Y CUATRO MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL y como consecuencia, la reforma a la cláusula sexta de los estatutos sociales. ---

---- Vigésimo Segundo.- REDUCCIÓN DE CAPITAL SOCIAL EN LA PARTE FIJA Y REFORMA DE ESTATUTOS.- Por póliza número ocho mil novecientos cincuenta y cuatro, de

fecha tres de agosto de dos mil diez, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de ésta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se hizo constar la protocolización parcial del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE** celebrada el día treinta de abril de dos mil diez, en la que se aprobó la reducción del capital social en su parte fija en la cantidad de NUEVE MILLONES NOVECIENTOS CUARENTA Y CUATRO MIL PESOS, MONEDA NACIONAL y como consecuencia, dicho capital social en su parte mínima corresponde entonces a la cantidad de SEISCIENTOS SESENTA Y CUATRO MILLONES NOVECIENTOS TREINTA MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL, por lo que se modificó el primer párrafo de la cláusula sexta de sus respectivos estatutos sociales, en los términos precisados en dicho instrumento. ---------

--- **Vigésimo Tercero.- TRANSFORMACIÓN Y REFORMA DE ESTATUTOS.-** Por póliza número ocho mil novecientos setenta, de fecha veintiséis de agosto de dos mil diez, otorgada ante el Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce de esta Ciudad de México, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, instrumento por el que se protocolizó el Acta de Asamblea General Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada el día diecinueve de agosto de dos mil diez, en la que se acordó, entre otros, su transformación a SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, y en consecuencia reformó la cláusula primera de sus estatutos sociales, para quedar con la denominación de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE**, y además se modificaron las cláusulas cuarta, sexta, séptima, octava, novena, décima segunda, décima tercera, décima cuarta, décima sexta, décima octava, décima novena, vigésima primera, vigésima segunda, vigésima cuarta, vigésima sexta, vigésima séptima, vigésima octava, vigésima novena, trigésima, trigésima primera, trigésima segunda, trigésima tercera, trigésima cuarta y trigésima sexta de sus estatutos sociales. ---------

--- **Vigésimo Cuarto.- MODIFICACIÓN AL OBJETO Y CONSECUENTE REFORMA DE LA CLÁUSULA CUARTA DE LOS ESTATUTOS SOCIALES.-** Por escritura número ciento cincuenta y siete mil novecientos ochenta y cinco, de fecha quince de septiembre de dos mil veintiuno, ante el Licenciado Eduardo Garduño García Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mi asociado, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, se protocolizó el Acta de Asamblea General Extraordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE**, celebrada con fecha treinta de junio de dos mil veintiuno, que acordó entre otros, la modificación al objeto de la sociedad, y la consecuente reforma de la cláusula cuarta de los estatutos sociales, para quedar redactada como en dicho instrumento se indica. ---------

—— **Vigésimo Quinto.-** <u>FUSIÓN DE SOCIEDADES</u>.- Por escritura número ciento sesenta mil cuatrocientos cuarenta y tres, de fecha veintitrés de diciembre de dos mil veintiuno, ante el Licenciado Eduardo Garduño García Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mí asociado, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Capital, por lo que se refiere a la sociedad fusionante, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, se hizo constar, la fusión de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** como SOCIEDAD FUSIONANTE Y QUE SUBSISTE, con las sociedades denominadas **"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE** y **"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE,** como SOCIEDADES FUSIONADAS Y QUE DESAPARECEN, sin haberse incrementado su capital social.————————————————————

—— **Vigésimo Sexto.-** <u>REFORMA DE ESTATUTOS Y NOMBRAMIENTO DE MIEMBROS DEL CONSEJO DE ADMINISTRACIÓN.-</u> - Por escritura número ciento sesenta y cinco mil doscientos cincuenta y nueve, de fecha primero de septiembre de dos mil veintidós, ante el Licenciado Eduardo Garduño García Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mí asociado, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, se hizo constar, la protocolizacion del acta de la Asamblea General Ordinaria y Extraordinaria de accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** celebrada con fecha veinticinco de abril de dos mil veintidós, en la que entre otros acuerdos, se tomó el de la reforma de las cláusulas quinta, sexta y vigésima sexta los estatutos sociales, para quedar redactados en términos de dicha escritura. ——————————————

—— **Vigésimo Séptimo.-** <u>NOMBRAMIENTO DE MIEMBROS DEL CONSEJO DE ADMINISTRACIÓN.-</u> Por escritura número ciento setenta y seis mil ochocientos ochenta y dos, de fecha diez de mayo de dos mil veinticuatro, ante el Licenciado Eduardo Garduño García

Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mí asociado, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, se hizo constar, la protocolización del acta de la Asamblea General Ordinaria de Accionistas de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** celebrada con fecha treinta de abril de dos mil veinticuatro, en la que, entre otros acuerdos, se tomó el del nombramiento de miembros del consejo de administración para quedar integrado de la siguiente manera: ---

| NOMBRE | CARGO / CATEGORÍA |
|---|---|
| Rafael Rodríguez Sánchez | Presidente Relacionado |
| Jorge Luis Zúñiga Montiel | Miembro Relacionado |
| Mauricio Zarza Cerecer | Independiente |
| José Luis Delgado Molina | Independiente |
| Jordi Oropeza Solórzano | Independiente |

---- **Vigésimo Octavo.- COMPULSA DE ESTATUTOS.-** Por escritura número ciento ochenta y cuatro mil ochocientos cuarenta, de fecha veintitrés de julio de dos mil veinticinco, ante el Licenciado Eduardo Garduño García Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mí asociado, se hizo constar la compulsa de estatutos de la sociedad denominada "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, y de dicho documento se desprende que la sociedad tiene la denominación de **"TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE**, domicilio en la Ciudad de México, duración de noventa y nueve años, cláusula de admisión de extranjeros, capital social variable, con un mínimo fijo de seiscientos sesenta y cuatro millones novecientos treinta mil trescientos setenta y cinco pesos, moneda nacional, representado por cuatro mil seiscientas dos millones quinientas ochenta y nueve mil cien acciones, comunes, ordinarias y nominativas de la seria "A", sin expresión de valor nominal, y teniendo por objeto: 1.- Usar, aprovechar, explotar y operar bandas de frecuencias del espectro radioeléctrico y redes públicas o privadas de telecomunicaciones así como prestación de servicios públicos de radiodifusión y telecomunicaciones, a través de concesiones propias o de terceros, llevar a cabo arrendamientos de concesiones, autorizaciones y permisos otorgados por las autoridades competentes o mediante cualquier otra figura permitida por la ley, así como la venta y/o comercialización de contenidos audiovisuales y espacios publicitarios en cualquier medio. 2.- Adquisición, distribución, cesión, representación, importación, exportación, uso, intercambio, aplicación o cualquier otra forma de contratación de todo tipo de eventos u obras audiovisuales, incluyendo sus derechos de difusión por cualquier medio, a nombre propio o en nombre o representación de terceros, en México y en el extranjero. 3. Promover, constituir, organizar, explotar y tomar participación en el capital y patrimonio de todo género de sociedades mercantiles, civiles, asociaciones o empresas industriales, comerciales de servicios o de cualquier otra índole; enajenar o negociar tales acciones o participaciones y todo tipo de título valor permitido por la ley tanto nacionales como extranjeras, así como, participar en su

administración o liquidación. 4. Recibir de otras sociedades y personas, todos aquellos servicios que sean necesarios para el logro de sus actividades, tales como servicios legales, fiscales, administrativos, financieros, de tesorería, auditoria, mercadotecnia, preparación de balances y presupuestos, elaboración de programas y manuales; análisis de resultados de operación, evaluación de información sobre productividad y de posibles financiamientos, así como la preparación de estudios acerca de la disponibilidad de capital, entre otros. 5. Emitir, subscribir, aceptar, endosar y avalar títulos de crédito, valores mobiliarios y otros documentos que la Ley permita. 6. Adquirir, enajenar, arrendar, subarrendar, y otorgar el uso, goce, disposición o en general la explotación de toda clase de bienes muebles o inmuebles, incluyendo sus partes o accesorios; así como, derechos reales o personales sobre ellos, que sean necesarios o convenientes para su objeto social o para las operaciones de las sociedades mercantiles o civiles, asociaciones e instituciones, en las que la sociedad tenga interés o participación. 7. Obtener y conceder todo tipo de préstamos, así como recibir, en su caso, garantías, emitir obligaciones y pagarés, aceptar, girar, endosar o avalar toda clase de títulos de crédito y otros documentos que amparen derechos de crédito; otorgar fianzas o garantías de cualquier clase contraídas por la sociedad y respecto de las obligaciones contraídas o de los títulos emitidos o aceptados por terceros. 8. Registrar, comprar, arrendar, ceder, renovar, licenciar, comprobar el uso y disponer de marcas, patentes, certificados de invención, nombres comerciales, dibujos industriales, avisos comerciales registros de modelos, derechos de autor, invenciones y procesos y todos los demás derechos de propiedad industrial e intelectual. 9. En general, realizar todo género de actos de comercio y celebrar todo tipo de contratos y convenios, así como operaciones de cualquier naturaleza que sean necesarios o convenientes para la realización de los objetos anteriores, en los términos de Ley. ————————————

—— De dicho documento que tuve a la vista, transcribo en su parte conducente lo siguiente: ——

—— *"....VIGÉSIMA SÉPTIMA.- La Administración de la Sociedad estará encomendada a un Consejo de Administración y un Director General, que desempeñarán las funciones que estos Estatutos y la Ley les confieren. El Consejo de Administración estará Integrado por un máximo de veintiún Consejeros, de los cuales cuando menos el veinticinco por ciento deberán ser Consejeros Independientes y por lo menos el setenta por ciento serán nombrados por los accionistas tenedores de acciones de la Serie "A". En la designación de los Consejeros se deberán observar en todo momento las disposiciones de esta Cláusula por lo que se refiere al carácter de las personas que formarán parte del Consejo de Administración. Para ser Consejero Independiente se requerirá ser una persona de amplia experiencia, capacidad y prestigio profesional, considerando además que por sus características puedan desempeñar sus funciones libres de conflictos de interés y sin estar supeditados a intereses personales, patrimoniales o económicos y que además no se encuentre en alguno de los supuestos siguientes al momento de su nombramiento: (i) ser directivos relevantes o empleados de la Sociedad o de las personas morales que integren el grupo empresarial o consorcio al que aquélla pertenezca, así como los comisarios de estas últimas. La referida limitación será aplicable a aquellas personas físicas que hubieren ocupado dichos cargos durante los doce meses inmediatos anteriores a la fecha de designación; (ii) tener influencia significativa o poder de mando en la Sociedad o en alguna de las personas morales que integran el grupo empresarial o consorcio al*

*que dicha Sociedad pertenezca; (iii) ser accionista que forme parte del grupo de personas que mantenga el control de la Sociedad; (iv) ser cliente, prestador de servicios, proveedor, deudor, acreedor, socio, consejero o empleado de una empresa que sea cliente, prestador de servicios, proveedor, deudor o acreedor importante y; (v) tener parentesco por consanguinidad, afinidad o civil hasta el cuarto grado, así como ser conyuge, concubina o concubinario, de cualquiera de las personas físicas referidas en los numerales (i) a (iv) del presente párrafo. Cualquier Consejero que se encuentre en cualquiera de los supuestos antes mencionados en los incisos (i) a (v) anteriores será considerado como Consejero Relacionado. Tanto los Consejeros Independientes como los Consejeros Relacionados podrán tener el carácter de Consejeros Patrimoniales, entendiéndose por éstos aquellos Consejeros nombrados por su carácter de accionistas significativos, es decir, aquéllos tenedores directa o indirectamente de cuando menos el dos por ciento del capital social de la Sociedad, o aquéllos que actúen como mandatarios o comisionistas de dichos accionistas significativos. VIGÉSIMA NOVENA. - Organización del Consejo de Administración. (a) El Presidente y el Secretario del Consejo de Administración serán designados por los accionistas tenedores de las acciones de la Serie "A". A falta de designación expresa por dichos accionistas, los Consejeros designados por los accionistas tenedores de las acciones de la Serie "A", en la primera Sesión del Consejo de Administración que se reúna inmediatamente después de que se hubiere celebrado la Asamblea en la que se les designe, nombrarán al Presidente y al Secretario, quien no formará parte del Consejo de Administración. El Consejo de Administración designará además a las personas que ocupen los demas cargos que se llegaran a crear dentro del Consejo para el mejor desempeño de sus funciones. Las faltas temporales o definitivas del Presidente serán suplidas por cualquier Consejero que designe el Consejo de Administración; las faltas temporales o definitivas del Secretario serán suplidas por la persona que designe el Consejo de Administración. (b) En la primera Sesión del Consejo de Administración, una vez nombrado el Secretario, éste deberá proporcionar a los Consejeros nombrados por primera ocasión una presentación e inducción a su nueva responsabilidad. Como mínimo, el Secretario deberá proporcionar información respecto a la Sociedad, su situación financiera y desarrollos operativos, así como las obligaciones, responsabilidades y facultades que implica ser Consejero de la misma. (c) Los tenedores de acciones de voto restringido distintas a las que prevé el Artículo ciento trece de la Ley General de Sociedades Mercantiles ò de voto limitado a que alude dicho precepto, que representen cuando menos un diez por ciento del capital social en una o ambas series accionarias, tendrán el derecho de designar por lo menos a un Consejero y su respectivo suplente, en su caso; a falta de esta designación de minorías, los tenedores de dichas acciones gozarán del derecho de nombrar a por lo menos dos Consejeros propietarios y sus respectivos suplentes, en cuyo caso las designaciones, así como las substituciones y revocaciones de los Consejeros, serán acordadas en Asamblea Especial de Accionistas de la serie de acciones que corresponda o, en la medida que no se opongan los tenedores de dicha acciones, los mismos podrán realizar dichas designaciones, substituciones y revocaciones en Asamblea General Ordinaria de Accionistas. Sólo podrán revocarse los nombramientos de los Consejeros designados por los accionistas a que se refiere el párrafo anterior cuando se revoque el de todos los demás. (d) Todos los miembros del Consejo de Administración, en el ejercicio diligente de sus funciones, deberán actuar de buena fe y en el mejor interés de la Sociedad y personas morales que ésta controle, para lo cual podrán: (i) solicitar información de la Sociedad y personas morales que ésta controle, que sea razonablemente necesaria para la toma de decisiones; (ii) requerir la presencia*

NOTARÍAS

2 II N 135

de directivos relevantes y demás personas, incluyendo auditores externos, que puedan contribuir o aportar elementos para la toma de decisiones en las sesiones del consejo; (iii) aplazar las sesiones del Consejo de Administración, cuando un consejero no haya sido convocado o ello no hubiere sido en tiempo o, en su caso, por no habérsele proporcionado la información entregada a los demás consejeros. Dicho aplazamiento será hasta por tres días naturales, pudiendo sesionar el consejo sin necesidad de nueva convocatoria, siempre que se haya subsanado la deficiencia y (iv) deliberar y votar, solicitando se encuentren presentes, si así lo desean, exclusivamente los miembros y el Secretario del Consejo de Administración. Los miembros del Consejo de Administración faltarán al deber de diligencia y serán responsables en términos de lo establecido en el párrafo siguiente, cuando causen un daño patrimonial a la Sociedad o a las personas morales que ésta controle o en las que tenga una influencia significativa, en virtud de actualizarse alguno de los supuestos siguientes: (i) se abstengan de asistir, salvo causa justificada a juicio de la asamblea de accionistas, a las sesiones del consejo y, en su caso, al Comité de Auditoría, y que con motivo de su inasistencia no pueda sesionar legalmente el órgano de que se trate; (ii) no revelen al Consejo de Administración o, en su caso, al Comité de Auditoría, información relevante que conozcan y que sea necesaria para la adecuada toma de decisiones en dichos órganos sociales, salvo que se encuentren obligados legal o contractualmente a guardar secreto o confidencialidad al respecto y; (iii) incumplan los deberes que les impone la Ley del Mercado de Valores o estos estatutos sociales. Los miembros del Consejo de Administración serán responsables por los daños y perjuicios ocasionados a la Sociedad o a las personas morales que ésta controle o en las que tenga una influencia significativa, por falta de diligencia de los miembros del Consejo de Administración, derivada de los actos que ejecuten o las decisiones que adopten en el consejo o de aquellas que dejen de tomarse al no sesionar legalmente dicho organo social, dicha responsabilidad será solidaria entre los culpables que hayan adoptado la decisión u ocasionado que el citado organo social no pudiera sesionar. Los miembros del Consejo podrán ser indemnizados por los daños que cause su actuacion a la Sociead o personas morales que ésta controle o en las que tenga una influencia significativa, salvo que se trate de actos dolosos o de mala fe, o bien, ilícitos conforme a las leyes correspondientes. e) Los miembros y el Secretario del Consejo de Administración, incurriran en deslealtad frente a la Sociedad y, en consecuencia, serán responsables de los daños y perjuicios causados a la misma o a las personas morales que ésta controle o en las que tenga una influencia significativa, cuando: (i) no guarden confidencialidad respecto de la información y los asuntos que tengan conocimiento con motivo de su cargo en la Sociedad, cuando dicha información o asuntos no sean de carácter público; (ii) tengan conflicto de interés en algún asunto, no se abstengan de participar y estar presentes en la deliberación y votación de dicho asunto y no revelen la materia del conflicto de interés, salvo que se encuentren obligados legal o contractualmente a guardar secreto o confidencialidad al respecto; (iii) por las irregularidades en que hayan incurrido sus predecesores si, conociéndolas, no las comunicaran por escrito al Comité de Auditoría y al Auditor Externo. Asimismo, dichos consejos estarán obligados a informar al Comité de Auditoria y al auditor externo, todas aquellas irregularidades que durante el ejercicio de su cargo, tengan conocimiento y que se relacionen con la Sociedad o las personas morales que ésta controle o en las que tenga una influencia significativa; (iv) cuando, sin causa legitima, por virtud de su empleo, cargo o comisión, obtengan beneficios económicos para si o los procuren en favor de terceros, incluyendo a un determinado accionista o grupo de accionistas; (v) favorezcan, a sabiendas, a un determinado accionista o grupo de accionistas de la Sociedad o de las personas morales que ésta

*controle o en las que tenga una influencia significativa, en detrimento o perjuicio de los demás accionistas; (vi) aprueben las operaciones que celebren la Sociedad o las personas morales que ésta controle o en las que tenga influencia significativa, con personas relacionadas, sin ajustarse o dar cumplimiento a los requisitos que estos Estatutos y la Ley del Mercado de Valores establezcan; (vii) aprovechen para sí o aprueben en favor de terceros, el uso o goce de los bienes que formen parte del patrimonio de la Sociedad o personas morales que ésta controle; (viii) hagan uso indebido de información relevante que no sea del conocimiento público, relativa a la sociedad personas morales que ésta controle o en las que tenga influencia significativa; (ix) aprovechen o exploten, en beneficio propio o en favor de terceros, sin la dispensa del Consejo de Administración, oportunidades de negocio que correspondan a la Sociedad o personas morales que ésta controle o en las que tenga influencia significativa y; (x) realicen cualquiera de las conductas señaladas en el articulotreinta y seis de la Ley del Mercado de Valores. Los miembros del Consejo de Administración serán responsables por los daños y perjuicios ocasionados a la Sociedad o a las personas morales que ésta controle o en las que tenga una influencia significativa y, en todo caso, se procederá a la remoción del cargo de los culpables, en caso de actualizarse cualquiera de los supuestos previstos el párrafo anterior. La indemnización a que se refiere el último párrafo del inciso d) de la presente cláusula, no podrá ejercerse por los miembros del Consejo de Administración cuando éstos no cumplan con el deber de lealtad a que se refiere el presente inciso. (g) El Presidente del Consejo de Administración presidirá las Asambleas de Accionistas y las Sesiones del Consejo de Administración y, a falta de éste o en su ausencia, las mismas serán presididas por la persona que los demás asistentes designen por mayoría de votos. Asimismo, el Presidente del Consejo cumplirá y ejecutará los acuerdos de las Asambleas y del Consejo sin necesidad de resolución especial alguna. (h) Las copias o constancias de las Actas de Sesiones del Consejo de Administración y de las Asambleas de Accionistas, así como de los asientos contenidos en los libros y registros sociales no contables y, en general, de cualquier documento del archivo de la Sociedad, podrán ser autorizados y certificados por el Secretario, quien será delegado permanente para concurrir ante el Fedatario Público de su elección a protocolizar las Actas de Sesiones del Consejo de Administración y de las Asambleas de Accionistas, así como para otorgar poderes que el propio Consejo o la Asamblea de Accionistas confieran. Asimismo, el Secretario se encargará de redactar y consignar en los libros respectivos las Actas de Asamblea de Accionistas y de Sesiones del Consejo de Administración, así como de expedir compulsas y certificaciones de ellas y de los nombramientos, firmas y facultades de los funcionarios de la Sociedad. (i) El Consejo de Administración deberá reunirse por lo menos cuatro veces durante cada ejercicio social para tratar cualquier asunto de su incumbencia. (j) La información que sea relevante para la toma de decisiones de acuerdo al Orden del Día contenido en las convocatorias para las Sesiones de Consejo deberá estar disponible para los Consejeros por lo menos con cinco días de anticipación a la celebración de la Sesión que corresponda. (k) El informe anual que prepare el Consejo de Administración a la Asamblea de Accionistas deberá mencionar los nombres de los Consejeros que tengan el carácter de Consejeros Independientes y de Consejeros Patrimoniales, indicando en este último caso si se trata de Consejeros Relacionados o Independientes. El informe anual deberá señalar los cargos de cada Consejero a la fecha del mismo. Asimismo, el informe anual que presente el Consejo de Administración a la Asamblea de Accionistas deberá contener una sección que incluya un reporte sobre (i) el desarrollo de las mejores prácticas corporativas de la Sociedad durante el ejercicio socialde que se trate y; (ii) aspectos relevantes de los trabajos de cada*

Comite y los nombres de sus integrantes. TRIGESIMA.- Quórum y Validez de Resoluciones del Consejo de Administración. (a) El Presidente o el Secretario del Consejo de Administración, al menos el veinticinco por ciento de los Consejeros de la Sociedad podrán convocar a una Sesión de Consejo de Administración. Las convocatorias para las Sesiones del Consejo de Administración deberán enviarse por correo, facsimil, telegrama, mensajería o mediante medios electrónicos, ópticos o de cualquier otra tecnología, a los miembros del Consejo de Administración y, en su caso al Auditor Externo por lo menos con cinco días de anticipación a la fecha de la Sesión. Las convocatorias deberán especificar fecha, hora, el lugar de la Sesión, el Orden del Día y deberán ser firmadas por quien las haga. Las Sesiones del Consejo podrán ser presenciales, no presenciales o mixtas. Por Sesiones presenciales se entiende cuando los consejeros participantes se encuentren físicamente en el mismo recinto. Las Sesiones no presenciales se darán cuando los miembros del Consejo participen en ella mediante cualquier medio de comunicación que permita la comunicación interactiva entre los mismos; y las Sesiones mixtas, serán cuando en cualquier porcentaje se mezcle las dos anteriores. (b) Para que las Sesiones del Consejo de Administración se consideren legalmente instaladas se requerirá la asistencia de la mayoría de sus miembros, siempre y cuando asista a dicha Sesión la mayoría de los miembros designados por los accionistas tenedores de las acciones de la Serie "A", y sus resoluciones serán válidas cuando se tomen por mayoria de votos de los miembros presentes; en caso de empate, el Presidente del Consejo tendrá voto de calidad. Se requerirá de resolución del Consejo de Administración para determinar el sentido en que haya de ser ejercido el derecho de voto correspondiente a las acciones propiedad de la Sociedad y emitidas por aquellas sociedades cuya mayoria de acciones sea propiedad de la Sociedad, ya sea en Asamblea Ordinaria o Extraordinaria de Accionistas. Esta última facultad corresponderá al Consejo de Administración o a la Asamblea General Ordinaria de Accionistas. (c) Las Sesiones del Consejo de Administración se celebrarán en el domicilio de la Sociedad o en cualquier otro lugar que se estime oportuno. El Auditor Externo podrá ser convocado a las Sesiones del Consejo de Administración, como invitado con derecho de voz pero sin voto. (d) Las resoluciones tomadas fuera de Sesión del Consejo de Administración por unanimidad de sus miembros tendrán la misma validez que si hubieran adoptadas en Sesión de Consejo, siempre y cuando se confirmen por escrito de conformidad con lo establecido por el Artículo ciento cuarenta y tres de la Ley General de Sociedades Mercantiles. Las Actas de las Sesiones del Consejo de Administración deberán ser autorizadas por quienes hayan fungido como Presidente y Secretario de la Sesión correspondiente y serán transcritas en el libro de Sesiones del Consejo de Administración que para tal efecto lleve la Sociedad. TRIGÉSIMA PRIMERA.- Facultades del Consejo de Administración. El Consejo de Administración es el representante legal de la sociedad y, por consiguiente, tendrá las siguientes facultades y obligaciones: 1. Ejercer el poder general de la Sociedad para pleitos y cobranzas que se otorga con todas las facultades generales y especiales que requieran Cláusula especial de acuerdo con la Ley, el que se le confiere sin limitación alguna, de conformidad con lo establecido en el primer párrafo del Artículo dos mil quinientos cincuenta y cuatro del Código Civil Federal y del Código Civil para el Distrito Federal y en sus correlativos de los Códigos Civiles de todos los Estados de la República. El Consejo de Administración estará, por consiguiente, facultado, en forma enunciativa mas no limitativa, para desistirse de las acciones que intentare aún de juicios de amparo; transigir; someterse a arbitraje; articular y absolver posiciones; hacer cesión de bienes; recusar jueces; recibir pagos; y ejecutar todos los actos expresamente determinados por la Ley, entre los que se incluyen representar a la Sociedad ante autoridades judiciales y administrativas,

*penales, civiles o de otra índole, con la facultad de presentar denuncias y querellas penales, otorgar perdones, para constituirse en parte ofendida o coadyuvante con el Ministerio Público en los procedimientos de orden penal, ante autoridades y tribunales de trabajo y ante la Secretaría de Relaciones Exteriores para celebrar convenios con el Gobierno Federal, en los términos de las fracciones primera y cuarta del Artículo Veintisiete Constitucional y su Ley Reglamentaria. 2. Poder general para actos de administración, de acuerdo con lo estipulado en el párrafo segundo del Artículo dos mil quinientos cincuenta y cuatro del Código Civil Federal y del Código Civil para el Distrito Federal y en sus Artículos correlativos de los Códigos Civiles de todos los Estados de la República. Por consiguiente, el Consejo de Administración estará facultado para designar y remover libremente al Director General y a los Gerentes Generales o Especiales y a los demás funcionarios, apoderados, agentes y empleados de la Sociedad, señalándoles sus facultades, obligaciones, condiciones de trabajo, remuneraciones y garantías que deban prestar. 3. Poder para comparecer ante autoridades laborales en los términos de los artículo once, seiscientos noventa y dos fracción segunda, setecientos ochenta y seis y ochocientos setenta y seis de la Ley Federal del Trabajo, para comparecer y representar a la Sociedad ante toda clase de autoridades laborales, sean federales o locales, quedando además expresamente facultados para comparecer ante las Juntas de Conciliación y Arbitraje, sean federales o locales, y realizar todos los actos necesarios en procedimientos individuales o colectivos de trabajo, con las facultades señaladas en los numerales anteriores, que sean necesarios en dichos procedimietos las etapas de conciliación, demanda, excepciones y ofrecimientos de pruebas; de desahogo de las mismas y en general procesales necesarios de conciliación y/o arbitraje; estando tambien facultado el Consejo de Administración para rescindir contratos en los terminos de los articulos cuarenta y seis y 47 cuarenta y siete de la Ley Federal del Trabajo. 4. Poder general para actos de dominio en los términos del tercer párrafo del Artículo dos mil quinientos cincuenta y cuatro del Código Civil Federal y del Código Civil para el Distrito Federal y de sus Artículos correlativos de los Códigos Civiles de todos los Estados de la República. 5. Poder para emitir, suscribir, avalar y en cualquier otra forma negociar toda clase de títulos de crédito en nombre de la Sociedad, en los términos del Artículo noveno de la Ley General de Títulos y Operaciones de Crédito y designar a las personas facultadas para realizar dichos actos. 6. Poder para abrir y cancelar cuentas bancarias a nombre de la Sociedad, así como para hacer depósitos y girar y librar contra ellas y autorizar y designar personas que giren o libren en contra de las mismas. 7. Facultad de convocar a Asambleas Generales Ordinarias y Extraordinarias o Especiales de Accionistas, en todos los casos previstos por estos Estatutos Sociales, o cuando lo considere conveniente y fijar la fecha y hora en que tales Asambleas deban celebrarse y para ejecutar sus resoluciones. 8. Poder para nombrar y remover a los auditores externos de la Sociedad, previa opinión del Comité de Auditoría. 9. Poder para nombrar, elegir y, en su caso, destituir al Director General de la Sociedad y su retribución integral. 10. Poder para establecer sucursales y agencias de la Sociedad en cualquier parte de la República Mexicana o del extranjero. 11. Poder para determinar el sentido en que deban ser emitidos los votos correspondientes a las acciones propiedad de la Sociedad en las Asambleas Generales Extraordinarias y Ordinarias de Accionistas de las sociedades en las que la Sociedad sea titular de la mayoría de las acciones. 12. **Poder para conferir poderes generales o especiales, y delegar cualquiera de las facultades antes previstas**, salvo aquéllas cuyo ejercicio corresponda en forma exclusiva al Consejo de Administración por disposición de la Ley o de estos Estatutos Sociales, reservándose siempre el ejercicio de sus facultades, asi para revocar los poderes que otorgue. 13.*

NOTARIAS
211 & 135

LIC. JOSÉ EUGENIO CASTAÑEDA ESCOBEDO
ESTADOS UNIDOS MEXICANOS
NOTARIA 211 CIUDAD DE MÉXICO

Poder para llevar a cabo todos los actos autorizados por estos Estatutos Sociales o que sean consecuencia de éstos. 14. Poder para autorizar la adquisición de acciones representativas del capital social de la Sociedad, así como designar a la o las personas responsables de adquisición y colocación de dichas acciones en los términos de lo dispuesto en la Cláusula Novena de estos Estatutos Sociales. 15. Aprobar, previa opinión del Comité de Auditoria: (A) Las operaciones, cada una en lo individual, con personas relacionadas, que pretenda celebrar la Sociedad o las personas morales que ésta controle, cuyo valor sea igual o superior al cinco por ciento de los activos consolidados de la Sociedad, con base en cifras correspondientes al cierre del trimestre inmediato anterior. No requerirán aprobación del Consejo de Administración, las operaciones que a continuación se señalan: (i) las operaciones que en razón de su cuantía carezcan de relevancia para la Sociedad o personas morales que ésta controle, es decir, aquellas operaciones cuyo valor sea inferior al cinco por ciento de los activos consolidados de la Sociedad, con base en cifras correspondientes al cierre del trimestre inmediato anterior; (ii) las operaciones que se realicen entre la Sociedad y las personas morales que ésta controle o en las que tenga una influencia significativa o entre cualquiera de éstas, siempre que: a) Sean del giro ordinario o habitual del negocio; b) Se consideren hechas a precios de mercado o soportadas en valuaciones realizadas por Expertos Independientes y: (iii) las operaciones que se realicen con empleados, siempre que se lleven a cabo en las mismas condiciones que con cualquier cliente o como resultado de prestaciones laborales de carácter general. (B) Las dispensas para que un consejero, directivo relevante o persona con poder de mando, aproveche oportunidades de negocio para si o en favor de terceros, que correspondan a la Sociedad o a las personas morales que ésta controle o en las que tenga una influencia significativa, siempre que sean por un monto igual o superior al cinco por ciento de los activos consolidados de la Sociedad, con base en cifras correspondientes al cierre del trimestre inmediato anterior. Las dispensas por transacciones cuyo importe sea menor al cinco por ciento de los activos consolidados de la Sociedad, con base en cifras correspondientes al cierre del trimestre inmediato anterior, podrán delegarse al Comité de Auditoria. (C) Las operaciones que se ejecuten con terceros, ya sea simultánea o sucesivamente, que por sus características puedan considerarse como una sola operación y que pretendan llevarse a cabo por la Sociedad o las personas morales que ésta controle, en el lapso de un ejercicio social, cuando sean inusuales o no recurrentes, o bien, su importe represente, con base en cifras correspondientes al cierre del trimestre inmediato anterior en cualquiera de los supuestos siguientes: (i) la adquisición o enajenación de bienes con valor igual o superior al cinco por ciento de los activos consolidados de la sociedad y; (ii) el otorgamiento de garantías o la asunción de pasivos por un monto total igual o superior al cinco por ciento de los activos consolidados de la sociedad. Quedan exceptuadas las inversiones en valores de deuda o en instrumentos bancarios...". ——————————

—— **Vigésimo Noveno.-** __RATIFICACIÓN DEL NOMBRAMIENTO DE MIEMBROS DEL CONSEJO DE ADMINISTRACIÓN.-__ Por escritura número ciento ochenta y cinco mil novecientos treinta y cinco, de fecha dieciocho de septiembre de dos mil veinticinco, ante el Licenciado Eduardo Garduño García Villalobos, titular de la notaría número ciento treinta y cinco de esta Ciudad, actuando como mí asociado, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis)**, se hizo constar, la protocolización del acta de la Asamblea General Ordinaria de Accionistas de la sociedad denominada **"TV AZTECA",**

**SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** celebrada con fecha veintinueve de abril de dos mil veinticinco, en la que, entre otros acuerdos, se tomó el del nombramiento de miembros del consejo de administración para quedar integrado de la siguiente manera: ———

| NOMBRE | CARGO / CATEGORÍA |
|---|---|
| Rafael Rodríguez Sánchez | Presidente Relacionado |
| Jorge Luis Zúñiga Montiel | Miembro Relacionado |
| Mauricio Zarza Cerecer | Independiente |
| José Luis Delgado Molina | Independiente |
| Jordi Oropeza Solórzano | Independiente |

—— **Trigésimo.- ACTA QUE SE PROTOCOLIZA.-** La compareciente me exhibe el **ACTA** de la **SESIÓN** del **CONSEJO DE ADMINISTRACIÓN** de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** de fecha trece de agosto de dos mil veintiséis, para su protocolización, constante de cinco páginas útiles (incluyendo su lista de asistencia), misma que agrego al apéndice de este instrumento bajo la letra **"A"** y a continuación transcribo íntegramente: ———

——— *"TV AZTECA, S.A.B. DE C.V.* ———

——— *SESIÓN DEL CONSEJO DE ADMINISTRACIÓN* ———

——— *13 DE AGOSTO DE 2026* ———

—— *En la Ciudad de México, siendo las 10:00 horas del día 13 de agosto de 2026, se reunieron en el domicilio ubicado en Periférico Sur número 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan, C.P. 14140, los señores miembros del Consejo de Administración de TV AZTECA, S.A.B. DE C.V. (la "Sociedad"), Don Rafael Rodríguez Sánchez, Don Jorge Luis Zúñiga Montiel, Don Mauricio Zarza Cerecer, Don José Luis Delgado Molina y Don Jordi Oropeza Solórzano, de conformidad con la lista de asistencia que se agrega a la presente acta formando parte integrante de la misma, con el objeto de celebrar una SESIÓN DEL CONSEJO DE ADMINISTRACIÓN de la Sociedad (la "Sesión"), a la cual fueron previa y debidamente convocados.* ———

—— *Presidió la Sesión el señor Rafael Rodríguez Sánchez, en su calidad de Presidente del Consejo de Administración y actuó como Secretario el licenciado Fernando José Cabrera García, Secretario de la Sociedad.* ———

—— *En virtud de encontrarse presentes en la Sesión la mayoría de los miembros del Consejo de Administración de la Sociedad, el Presidente declaró legalmente instalada la misma y, en consecuencia, válidos los acuerdos y resoluciones que se adopten, de conformidad con lo establecido por los estatutos sociales de la Sociedad y procedió a tratar los puntos contenidos en el siguiente orden del día, el cual fue aprobado por unanimidad de votos de los presentes como sigue:* ———

——— *O R D E N  D E L  D Í A* ———

—— *I. OTORGAMIENTO DE PODERES.* ———

—— *II. DESIGNACIÓN DE DELEGADOS.* ———

—— *PUNTO UNO.- OTORGAMIENTO DE PODERES.* ———

—— *En desahogo del primer punto del orden del día, el Presidente manifestó a los Consejeros sobre la necesidad de facultar a la Sociedad, por conducto de sus apoderados, a presentar aquellas solicitudes, peticiones o promociones que se estimen convenientes, necesarias o aconsejables en relación con cierto procedimiento de insolvencia conforme al Capítulo 15 del Código de Quiebras de los Estados Unidos de América (en inglés, chapter 15 of title 11 of the United States Code) a ser presentado en los juzgados*

NOTARÍAS 211 & 135

competentes del Distrito Sur de Nueva York, o cualquier otra que resulte competente (los "Procedimientos"), toda vez que se ha considerado que dichos procesos responderán de manera favorable a los intereses de la Sociedad, sus acreedores, accionistas y cualesquiera otras partes relacionadas con la misma.

—— En virtud de lo anterior, será necesario que la Sociedad otorgue un poder de TV AZTECA, S.A.B. DE C.V. en favor de distintos funcionarios de la misma, a fin de poder dar inicio a los Procedimientos. Para dichos efectos se propuso facultar a los señores Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando, como apoderados de la Sociedad, que deberán ser suficientemente instruidos y expensados, a efecto de representar a la Sociedad en los Procedimientos. ——

—— Los Consejeros por unanimidad de votos, adoptaron las siguientes: ——

RESOLUCIONES

—— "1. Se autoriza a la Sociedad para que quede facultada, por conducto de sus apoderados, para presentar aquellas solicitudes, peticiones o promociones que se estimen convenientes, necesarias o aconsejables en relación con los Procedimientos, toda vez que este Consejo de Administración considera que dichos los mismos responderán de mejor manera a los intereses y resultan más benéficos para la Sociedad, sus acreedores, accionistas y cualesquiera otras partes interesadas." ——

—— "2. Sin perjuicio de los poderes generales que la Sociedad ha otorgado a diversas personas, incluyendo, en su caso, a aquellas que se facultan más adelante, por medio de la presente se otorgan a favor de los señores Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando (en lo sucesivo, los "Apoderados") los poderes especiales que resulten necesarios, por cuanto a su objeto y alcance, para llevar a cabo los Procedimientos, así como para otorgar, suscribir y presentar las solicitudes, peticiones o promociones a que se refiere la resolución precedente, y ordenar su presentación ante cualquier juzgado o tribunal competente en México o, según lo determinen los Apoderados, ante el Tribunal de Quiebras de los Estados Unidos de América (United States Bankruptcy Court), ya sea del Distrito Sur de Nueva York, o cualquier otro que reulte competente, y que tenga jurisdicción en cualquiera de los distritos judiciales de los Estados Unidos de América que los propios Apoderados determinen oportunamente, según resulte aplicable. ——

—— Asimismo, se designa y autoriza a los señores Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando, para actuar conjunta o separandamente, de forma indistinta, cualesquiera de ellos, como representantes extranjeros (en lo sucesivo, los "Representantes Extranjeros") de la Sociedad y respecto de sus bienes y derechos, en relación con los Procedimientos, incluyendo, de manera enunciativa mas no limitativa, la facultad para realizar, otorgar, suscribir y presentar toda clase de acciones, solicitudes, peticiones, promociones y demás documentos relacionados con los Procedimientos ante cualquier Tribunal de Quiebras de los Estados Unidos de América ante el cual los Representantes Extranjeros determinen oportunamente promover o comparecer. ——

—— "3. Los Apoderados quedan facultados para interponer, promover, presentar, formular, otorgar y suscribir toda clase de demandas, recursos, apelaciones, peticiones, solicitudes, pruebas, anexos, listas y cualesquiera otros documentos o promociones, así como para llevar a cabo todos y cada uno de los actos que estimen necesarios, convenientes o apropiados en relación con los Procedimientos (los "Actos"). Para tales efectos, los Apoderados quedan asimismo facultados para contratar y designar a toda clase de asesores legales y consultores de cualquier otra naturaleza, incluyendo, de manera enunciativa mas no limitativa, asesores financieros, inversionistas, banqueros de inversión, contadores y especialistas en reestructuración, entre otros (las "Contrataciones"), que los Apoderados estimen necesarios, convenientes o apropiados para procurar la mejor conducción y resolución de los Procedimientos, conforme a los términos y condiciones que los propios Apoderados determinen y aprueben oportunamente. En particular,

*los Representantes Extranjeros quedan facultados para llevar a cabo todos los Actos y realizar las Contrataciones relacionados con los Procedimientos que se tramiten o lleven a cabo en los Estados Unidos de América, incluyendo, de manera enunciativa mas no limitativa, los procedimientos conforme al Capítulo 15 del Código de Quiebras de los Estados Unidos de América."*————————

*—— "4. En virtud de lo anterior, se otorga en este acto un poder de TV AZTECA, S.A.B. DE C.V. en favor de los señores Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando, para ser ejercidos por lo que se refiere a los Procedimientos, y en los términos que en cada caso se indican:*————————

*—— A) PODER GENERAL PARA PLEITOS Y COBRANZAS, PARA SER EJERCIDO DE MANERA INDIVIDUAL O MANCOMUNADA, en términos del primer párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con todas las facultades generales incluyendo aquellos poderes que requieran cláusula especial de acuerdo con los artículos 2582 y 2587 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, entre las que de manera enunciativa, pero no limitativa se citan las siguientes:*————————

*—— Ejercer toda clase de derechos y acciones ante cualesquiera autoridades de la Federación, de los Estados, del Distrito Federal y de los Municipios, ya sea en jurisdicción voluntaria, contenciosa o mixta y se trate de autoridades civiles, judiciales o administrativas o bien del trabajo, sean estas Juntas de Conciliación o Tribunales de Arbitraje, Locales o Federales; contestar demandas, oponer excepciones y reconvenciones; someterse a cualquier jurisdicción; comprometer en árbitros; articular y absolver posiciones; recusar magistrados, jueces, secretarios, peritos y demás personas de Derecho recusables; desistirse de lo principal y de sus incidentes, de cualquier recurso, inclusive de amparo, el que podrán promover cuantas veces lo estimen conveniente contando los Apoderados con todas las facultades establecidas en el artículo 12 de la Ley de Amparo; rendir toda clase de pruebas; reconocer firmas y documentos, objetar estos y redargüirlos de falsos; asistir a juntas, diligencias y almonedas, hacer posturas, pujas y mejoras y obtener para la Sociedad mediante la adjudicación de toda clase de bienes; por cualquier título, efectuar cesiones de derechos; transigir, formular acusaciones, denuncias y querellas en materia penal o civil, constituirse en parte en causas criminales o en coadyuvante del Ministerio Público y otorgar el perdón en su caso; así como hacer y recibir pagos.*————————

*—— B) PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN, PARA SER EJERCIDO DE MANERA INDIVIDUAL O MANCOMUNADA, de conformidad con lo señalado en el segundo párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con facultades para poder realizar todas las operaciones inherentes al objeto de la Sociedad, teniendo entre otras que se mencionan en forma enunciativa pero no limitativa, las de celebrar contratos de arrendamiento, de comodato, de mutuo, de crédito con y sin garantía, de obra y de cualquier otra índole.*————————

*—— C) PODER GENERAL PARA ACTOS DE DOMINIO, PARA SER EJERCIDO DE MANERA MANCOMUNADA POR DOS DE LOS APODERADOS AQUÍ DESIGNADOS, de conformidad con lo señalado en el tercer párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con facultades para poder realizar todas las operaciones inherentes al objeto de la Sociedad.*————

*—— D) PODER GENERAL PARA OTORGAR, SUSCRIBIR Y ENDOSAR TÍTULOS DE CRÉDITO EN NOMBRE DE LA SOCIEDAD, PARA SER EJERCIDO DE MANERA INDIVIDUAL HASTA POR LA CANTIDAD DE USD$100,000.00 (CIEN MIL DÓLARES 00/100 U.S. Cy.) Y MANCOMUNADA POR DOS*

*DE LOS APODERADOS AQUÍ DESIGNADOS EN CANTIDADES MAYORES A USD$100,000.00 (CIEN MIL DÓLARES 00/100 U.S. Cy.), de conformidad con el artículo noveno de la Ley General de Títulos y Operaciones de Crédito. Este poder incluye, de manera enunciativa mas no limitativa, facultades para firmar, endosar y avalar títulos de crédito, para abrir y cancelar cuentas bancarias, tanto en la República Mexicana como en el extranjero, para hacer depósitos y girar contra dichas cuentas bancarias, así como para llevar a cabo todo tipo de operaciones en banca electrónica y designar personas que depositen y giren contra las cuentas de la sociedad, fijando los requisitos que estimen convenientes."* ——

—— *"5. Los Apoderados y, específicamente, los Representantes Extranjeros, quedan facultados para que, en nombre y representación de la Sociedad, realicen o hagan que se realicen todos y cada uno de los actos adicionales que, a su juicio, resulten necesarios, convenientes o aconsejables, así como para celebrar, otorgar, formalizar y suscribir, o hacer que se celebren, otorguen, formalicen o suscriban, toda clase de convenios, acuerdos, contratos, certificaciones y cualesquiera otros documentos que deban ser suscritos por la Sociedad o cualquiera de sus subsidiarias o afiliadas dentro de los Procedimientos. Asimismo, quedan facultados para incurrir, autorizar y efectuar todos aquellos gastos, honorarios y demás erogaciones que, a su juicio, resulten necesarios o convenientes, con el objeto de dar pleno cumplimiento, instrumentar y hacer efectivas todas y cada una de las resoluciones adoptadas mediante el presente instrumento."* ——

—— *"6. Finalmente, en complemento a las facultades conferidas a los Apoderados a través del presente poder, éstos quedan debidamente expensados por la Sociedad, contando para la realización de sus respectivas funciones con todos los recursos de cualquier tipo que se encuentran a disposición de la poderdante, incluyendo sin limitar aquellos que resulten necesarios para hacer frente a las obligaciones de la Sociedad. Asimismo, se ratifican, confirman y aprueban por medio de la presente todos y cada uno de los actos, actuaciones y gestiones que, de conformidad con las leyes aplicables de México y de los Estados Unidos de América, hayan sido realizados, ejecutados o llevados a cabo por los Apoderados o por los Representantes Extranjeros, en relación con la presentación, promoción y tramitación de los Procedimientos, así como cualesquiera otros actos, actuaciones o gestiones relacionados con los mismos."*

—— *PUNTO DOS.- DESIGNACIÓN DE DELEGADOS.* ——

—— *No habiendo otro asunto que tratar, se designó como Delegados de esta Sesión del Consejo de Administración, a los señores Fernando José Cabrera García, José Manuel Meillón del Pando y Denisse Andrea Rivas Rodríguez, para que, indistintamente cualquiera de ellos, en caso de considerarlo conveniente o necesario, acudan ante el Notario o Corredor Público de su elección para protocolizar la presente acta, otorguen los poderes a que se refiere la presente Asamblea en los términos de la misma y, en general, para que lleven a cabo todos y cada uno de los actos que consideren necesarios, a fin de que la totalidad de las resoluciones adoptadas en la presente Asamblea de Accionistas, surtan plenos efectos y den los avisos necesarios de conformidad con las mismas a las autoridades o instituciones pertinentes.* ——

—— *Se hace constar que durante el tiempo en que se desarrolló la Sesión, desde el inicio hasta su conclusión, estuvieron presentes en todo momento las personas que en ella intervinieron.* ——

—— *Se levantó la Sesión a las 12:00 horas del día de su fecha.* ——

—— *Rafael Rodríguez Sánchez.- Firma ilegible.- Presidente.- Fernando José Cabrera García - Firma ilegible.- Secretario....".* ——

—— **PROTESTA**.- La compareciente declara bajo protesta de decir verdad, que el documento que en este acto se protocoliza y las firmas que aparecen en ella, son auténticas, y el suscrito notario certifica que no tiene indicio alguno de la falsedad del acta que le ha sido exhibida. ——

—— **INVERSIÓN EXTRANJERA**.- El suscrito Notario hace constar que la sociedad cuyo documento ha quedado protocolizado en este instrumento, **no está obligada** a inscribirse en el Registro Nacional de Inversiones Extranjeras. ——————————

—— **EXPUESTO LO ANTERIOR**, la compareciente otorga las siguientes: ——————

—————————— **CLÁUSULAS** ——————————

—— **PRIMERA**.- Queda **PROTOCOLIZADA** el **ACTA** de la **SESIÓN DEL CONSEJO DE ADMINISTRACIÓN** de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** celebrada con fecha trece de agosto de dos mil veintiséis, y que ha quedado transcrita en el antecedente **trigésimo** del presente instrumento a solicitud y rogación expresa de la Licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ**, en su carácter de Delegada Especial. ——————————

—— **SEGUNDA**.- En consecuencia, la Licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ,** en su carácter de Delegada Especial de la Sesión cuya acta ha quedado protocolizada conforme a la cláusula anterior, **FORMALIZA:** el **OTORGAMIENTO** de **PODERES** en favor de los señores **RAFAEL RODRÍGUEZ SÁNCHEZ, FERNANDO JOSÉ CABRERA GARCÍA** y **JOSÉ MANUEL MEILLÓN DEL PANDO,** en los términos del acta que ha quedado transcrita en el antecedente **trigésimo** de esta escritura y que se tienen aquí por íntegramente reproducidos como si a la letra se insertase a los cuales me remito para efectos de claridad. ——————————

—— **TERCERA**.- Quedan igualmente formalizados, todos los demás acuerdos adoptados en el documento objeto de la protocolización, los que se tienen aquí por íntegramente reproducidos para todos los efectos legales. ——————————

—— **YO, EL NOTARIO, DOY FE**: **I.- Que en este protocolo de la Notaría doscientos once de esta Entidad, con fundamento en el artículo ciento noventa y ocho de la Ley del Notariado para la Ciudad de México, actuamos indistintamente, JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, como su titular, y EDUARDO GARDUÑO GARCÍA VILLALOBOS, titular de la notaría número ciento treinta y cinco, como asociado; II.-** Que lo relacionado e inserto concuerda con los documentos que me presenta; **III.-** Que me identifiqué plenamente como Notario ante la compareciente; **IV.-** Que la compareciente se identifica como se especifica en la Relación de Identidad que agrego al apéndice de esta escritura marcada con la letra **"B"**, a quien conceptúo con capacidad legal para este acto; **V.-** Que advertí a la compareciente de las penas en que incurre quien declara con falsedad ante Notario; **VI.-** Que hice saber a la compareciente el derecho que tiene de leer personalmente este instrumento y de que el contenido del mismo le sea explicado por el suscrito Notario; **VII.-** Que manifestó por sus generales ser: mexicana por nacimiento, originaria de la Ciudad de México, lugar donde nació el día diecisiete de octubre de mil novecientos ochenta y nueve, soltera, abogada, con domicilio en Periférico Sur número cuatro mil ciento veintiuno, Colonia Fuentes del Pedregal, Demarcación Tlalpan, Código Postal catorce mil ciento cuarenta, en esta Ciudad de México, y se identifica con credencial para votar con número "uno nueve tres tres seis cinco cuatro uno cinco siete", expedida por el Instituto Nacional Electoral; y, **VIII.-** Que leída esta escritura a la misma otorgante, a quien expliqué el valor y consecuencias legales de su contenido, **la ratificó y firmó,** el día de su fecha, en que autorizo definitivamente.- Doy fe. ——————————

NOTARÍAS
211 N 135

— FIRMA DE LA LICENCIADA DENISSE ANDREA RIVAS RODRIGUEZ.- FIRMA DEL NOTARIO.- El sello de autorizar. —

— **INSERCIÓN:** —

— **ARTÍCULO DOS MIL QUINIENTOS CINCUENTA Y CUATRO DEL CÓDIGO CIVIL PARA EL DISTRITO FEDERAL.** —

— "En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se otorgan con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, para que se entiendan conferidos sin limitación alguna. —

— En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas. —

— En los poderes generales para ejercer actos de dominio, bastará que se den con ese carácter, para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. —

— Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones o los poderes serán especiales. —

— Los Notarios insertarán este artículo en los testimonios de los poderes que otorguen". —

EXPIDO ESTE SEGUNDO TESTIMONIO, SEGUNDO EN SU ORDEN, QUE SE SACA DE SU MATRIZ, EN VEINTITRÉS PÁGINAS ÚTILES, PARA LA SOCIEDAD DENOMINADA "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, A TÍTULO DE CONSTANCIA.- SE COTEJÓ Y CORRIGIÓ DEBIDAMENTE.- DOY FE.- CIUDAD DE MÉXICO, A CATORCE DE AGOSTO DE DOS MIL VEINTISÉIS. —

KCC/vmn

23

Ciudad de México
Apostille
Convention de la Haye du 5 octobre 1961

CIUDAD DE MÉXICO

Derechos $ 128.00

Núm. Orden 33139

En México el presente documento público ha sido firmado por JOSE EUGENIO CASTAÑEDA ESCOGEDO quien actúa en calidad de TITULAR DE LA NOTARIA DOSCIENTOS ONCE DE ESTA CIUDAD y está revestido del sello correspondiente a LIC. JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, NOTARÍA 211 CIUDAD DE MÉXICO, ESCUDO NACIONAL, ESTADOS UNIDOS MEXICANOS. Certificado en CIUDAD DE MÉXICO por LCDO. DANIEL MARTINEZ GONZALEZ DIRECTOR DE CONSULTAS JURIDICAS Y ASUNTOS NOTARIALES DE LA DIRECCIÓN GENERAL JURÍDICA Y DE ESTUDIOS LEGISLATIVOS DE LA CONSEJERIA JURÍDICA Y DE SERVICIOS LEGALES.

CIUDAD DE MÉXICO al 18 de agosto de 2026

Firma

DOCUMENTO DE APÉNDICE LETRA A 191169

**TV AZTECA, S.A.B. DE C.V.**
**SESIÓN DEL CONSEJO DE ADMINISTRACIÓN**
**13 DE AGOSTO DE 2026**

En la Ciudad de México, siendo las 10:00 horas del día 13 de agosto de 2026, se reunieron en el domicilio ubicado en Periférico Sur número 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan, C.P. 14140, los señores miembros del Consejo de Administración de **TV AZTECA, S.A.B. DE C.V.** (la "Sociedad"), Don Rafael Rodríguez Sánchez, Don Jorge Luis Zúñiga Montiel, Don Mauricio Zarza Cerecer, Don José Luis Delgado Molina y Don Jordi Oropeza Solórzano, de conformidad con la lista de asistencia que se agrega a la presente acta formando parte integrante de la misma, con el objeto de celebrar una **SESIÓN DEL CONSEJO DE ADMINISTRACIÓN** de la Sociedad (la "Sesión"), a la cual fueron previa y debidamente convocados.

Presidió la Sesión el señor Rafael Rodríguez Sánchez, en su calidad de Presidente del Consejo de Administración y actuó como Secretario el licenciado Fernando José Cabrera García, Secretario de la Sociedad.

En virtud de encontrarse presentes en la Sesión la mayoría de los miembros del Consejo de Administración de la Sociedad, el Presidente declaró legalmente instalada la misma y, en consecuencia, válidos los acuerdos y resoluciones que se adopten, de conformidad con lo establecido por los estatutos sociales de la Sociedad y procedió a tratar los puntos contenidos en el siguiente orden del día, el cual fue aprobado por unanimidad de votos de los presentes como sigue:

ORDEN DEL DÍA

I. OTORGAMIENTO DE PODERES.

II. DESIGNACIÓN DE DELEGADOS.

**PUNTO UNO.-** OTORGAMIENTO DE PODERES.

En desahogo del primer punto del orden del día, el Presidente manifestó a los Consejeros sobre la necesidad de facultar a la Sociedad, por conducto de sus apoderados, a presentar aquellas solicitudes, peticiones o promociones que se estimen convenientes, necesarias o aconsejables en relación con cierto procedimiento de insolvencia conforme al Capítulo 15 del Código de Quiebras de los Estados Unidos de América (en inlglés, *chapter 15 of title 11 of the United States Code*) a ser presentado en los juzgados competentes del Distrito Sur de Nueva York, o cuaquier otra que resulte competente (los "Procedimientos"), toda vez que se ha considerado que dichos

SIN TEXTO

procesos responderán de manera favorable a los intereses de la Sociedad, sus acreedores, accionistas y cualesquiera otras partes relacionadas con la misma.

En virtud de lo anterior, será necesario que la Sociedad otorgue un poder de **TV AZTECA, S.A.B. DE C.V.** en favor de disitntos funcionarios de la misma, a fin de poder dar inicio a los Procedimientos. Para dichos efectos se propuso facultar a los señores Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando, como apoderados de la Sociedad, que deberán ser suficientemente instruidos y expensados, a efecto de representar a la Sociedad en los Procedimientos.

Los Consejeros por unanimidad de votos, adoptaron las siguientes:

**RESOLUCIONES**

"1. Se autoriza a la Sociedad para que quede facultada, por conducto de sus apoderados, para presentar aquellas solicitudes, peticiones o promociones que se estimen convenientes, necesarias o aconsejables en relación con los Procedimientos, toda vez que este Consejo de Administración considera que dichos los mismos responderán de mejor manera a los intereses y resultan más benéficos para la Sociedad, sus acreedores, accionistas y cualesquiera otras partes interesadas."

"2. Sin perjuicio de los poderes generales que la Sociedad ha otorgado a diversas personas, incluyendo, en su caso, a aquellas que se facultan más adelante, por medio de la presente se otorgan a favor de los señores **Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando** (en lo sucesivo, los "**Apoderados**") los poderes especiales que resulten necesarios, por cuanto a su objeto y alcance, para llevar a cabo los Procedimientos, así como para otorgar, suscribir y presentar las solicitudes, peticiones o promociones a que se refiere la resolución precedente, y ordenar su presentación ante cualquier juzgado o tribunal competente en México o, según lo determinen los Apoderados, ante el Tribunal de Quiebras de los Estados Unidos de América (United States Bankruptcy Court), ya sea del Distrito Sur de Nueva York, o cualquier otro que reulte competente, y que tenga jurisdicción en cualquiera de los distritos judiciales de los Estados Unidos de América que los propios Apoderados determinen oportunamente, según resulte aplicable.

Asimismo, se designa y autoriza a los señores **Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando**, para actuar conjunta o separandamente, de forma indistinta, cualesquiera de ellos, como representantes extranjeros **(en lo sucesivo, los "Representantes Extranjeros")** de la Sociedad y respecto de sus bienes y derechos, en relación con los Procedimientos, incluyendo, de manera enunciativa mas no limitativa, la facultad para realizar, otorgar, suscribir y presentar toda clase de acciones, solicitudes, peticiones, promociones y demás documentos relacionados con los Procedimientos ante

SIN TEXTO

Cualquier Tribunal de Quiebras de los Estados Unidos de América ante el cual los Representantes Extranjeros determinen oportunamente promover o comparecer.

3. Los Apoderados quedan facultados para interponer, promover, presentar, formular, otorgar y suscribir toda clase de demandas, recursos, apelaciones, peticiones, solicitudes, pruebas, anexos, listas y cualesquiera otros documentos o promociones, así como para llevar a cabo todos y cada uno de los actos que estimen necesarios, convenientes o apropiados en relación con los Procedimientos (los "Actos"). Para tales efectos, los Apoderados quedan asimismo facultados para contratar y designar a toda clase de asesores legales y consultores de cualquier otra naturaleza, incluyendo, de manera enunciativa mas no limitativa, asesores financieros, inversionistas, banqueros de inversión, contadores y especialistas en reestructuración, entre otros (las "Contrataciones"), que los Apoderados estimen necesarios, convenientes o apropiados para procurar la mejor conducción y resolución de los Procedimientos, conforme a los términos y condiciones que los propios Apoderados determinen y aprueben oportunamente. En particular, los Representantes Extranjeros quedan facultados para llevar a cabo todos los Actos y realizar las Contrataciones relacionados con los Procedimientos que se tramiten o lleven a cabo en los Estados Unidos de América, incluyendo, de manera enunciativa mas no limitativa, los procedimientos conforme al Capítulo 15 del Código de Quiebras de los Estados Unidos de América."

"4. En virtud de lo anterior, se otorga en este acto un poder de **TV AZTECA, S.A.B. DE C.V.** en favor de los señores **Rafael Rodríguez Sánchez, Fernando José Cabrera García y José Manuel Meillón del Pando**, para ser ejercidos por lo que se refiere a los Procedimientos, y en los términos que en cada caso se indican:

A) PODER GENERAL PARA PLEITOS Y COBRANZAS, PARA SER EJERCIDO DE MANERA INDIVIDUAL O MANCOMUNADA, en términos del primer párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con todas las facultades generales incluyendo aquellos poderes que requieran cláusula especial de acuerdo con los artículos 2582 y 2587 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, entre las que de manera enunciativa, pero no limitativa se citan las siguientes:

Ejercer toda clase de derechos y acciones ante cualesquiera autoridades de la Federación, de los Estados, del Distrito Federal y de los Municipios, ya sea en jurisdicción voluntaria, contenciosa o mixta y se trate de autoridades civiles, judiciales o administrativas o bien del trabajo, sean estas Juntas de Conciliación o Tribunales de Arbitraje, Locales o Federales; contestar demandas, oponer excepciones y reconvenciones; someterse a cualquier jurisdicción; comprometer en árbitros; articular y absolver posiciones; recusar magistrados, jueces, secretarios, peritos y demás personas de Derecho recusables; desistirse de lo principal y de sus incidentes, de cualquier recurso,

SIN TEXTO

inclusive de amparo, el que podrán promover cuantas veces lo estimen conveniente contando los Apoderados con todas las facultades establecidas en el artículo 12 de la Ley de Amparo; rendir toda clase de pruebas; reconocer firmas y documentos, objetar estos y redargüirlos de falsos; asistir a juntas, diligencias y almonedas, hacer posturas, pujas y mejoras y obtener para la Sociedad mediante la adjudicación de toda clase de bienes; por cualquier título, efectuar cesiones de derechos; transigir, formular acusaciones, denuncias y querellas en materia penal o civil, constituirse en parte en causas criminales o en coadyuvante del Ministerio Público y otorgar el perdón en su caso; así como hacer y recibir pagos.

B) PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN, PARA SER EJERCIDO DE MANERA INDIVIDUAL O MANCOMUNADA, de conformidad con lo señalado en el segundo párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con facultades para poder realizar todas las operaciones inherentes al objeto de la Sociedad, teniendo entre otras que se mencionan en forma enunciativa pero no limitativa, las de celebrar contratos de arrendamiento, de comodato, de mutuo, de crédito con y sin garantía, de obra y de cualquier otra índole.

C) PODER GENERAL PARA ACTOS DE DOMINIO, PARA SER EJERCIDO DE MANERA MANCOMUNADA POR DOS DE LOS APODERADOS AQUÍ DESIGNADOS, de conformidad con lo señalado en el tercer párrafo del artículo 2554 del Código Civil Federal y sus correlativos de todos y cada uno de los Códigos Civiles de las Entidades Federativas de los Estados Unidos Mexicanos y del Distrito Federal, con facultades para poder realizar todas las operaciones inherentes al objeto de la Sociedad.

D) PODER GENERAL PARA OTORGAR, SUSCRIBIR Y ENDOSAR TÍTULOS DE CRÉDITO EN NOMBRE DE LA SOCIEDAD, PARA SER EJERCIDO DE MANERA INDIVIDUAL HASTA POR LA CANTIDAD DE USD$100,000.00 (CIEN MIL DÓLARES 00/100 U.S. Cy.) Y MANCOMUNADA POR DOS DE LOS APODERADOS AQUÍ DESIGNADOS EN CANTIDADES MAYORES A USD$100,000.00 (CIEN MIL DÓLARES 00/100 U.S. Cy.), de conformidad con el artículo noveno de la Ley General de Títulos y Operaciones de Crédito. Este poder incluye, de manera enunciativa mas no limitativa, facultades para firmar, endosar y avalar títulos de crédito, para abrir y cancelar cuentas bancarias, tanto en la República Mexicana como en el extranjero, para hacer depósitos y girar contra dichas cuentas bancarias, así como para llevar a cabo todo tipo de operaciones en banca electrónica y designar personas que depositen y giren contra las cuentas de la sociedad, fijando los requisitos que estimen convenientes."

"5. Los Apoderados y, específicamente, los Representantes Extranjeros, quedan facultados para que, en nombre y representación de la Sociedad, realicen o hagan que se realicen todos y cada uno de los actos adicionales que, a su juicio, resulten necesarios, convenientes o aconsejables, así como para celebrar, otorgar, formalizar y suscribir, o hacer que se celebren, otorguen, formalicen o suscriban, toda clase de convenios, acuerdos, contratos, certificaciones y cualesquiera otros documentos que deban ser suscritos por la Sociedad o

SIN TEXTO

cualquiera de sus subsidiarias o afiliadas dentro de los Procedimientos. Asimismo, quedan facultados para incurrir, autorizar y efectuar todos aquellos gastos, honorarios y demás erogaciones que, a su juicio, resulten necesarios o convenientes, con el objeto de dar pleno cumplimiento, instrumentar y hacer efectivas todas y cada una de las resoluciones adoptadas mediante el presente instrumento."

"6. Finalmente, en complemento a las facultades conferidas a los Apoderados a través del presente poder, éstos quedan debidamente expensados por la Sociedad, contando para la realización de sus respectivas funciones con todos los recursos de cualquier tipo que se encuentran a disposición de la poderdante, incluyendo sin limitar aquellos que resulten necesarios para hacer frente a las obligaciones de la Sociedad. Asimismo, se ratifican, confirman y aprueban por medio de la presente todos y cada uno de los actos, actuaciones y gestiones que, de conformidad con las leyes aplicables de México y de los Estados Unidos de América, hayan sido realizados, ejecutados o llevados a cabo por los Apoderados o por los Representantes Extranjeros, en relación con la presentación, promoción y tramitación de los Procedimientos, así como cualesquiera otros actos, actuaciones o gestiones relacionados con los mismos."

**PUNTO DOS.-** DESIGNACIÓN DE DELEGADOS.

No habiendo otro asunto que tratar, se designó como Delegados de esta Sesión del Consejo de Administración, a los señores Fernando José Cabrera García, José Manuel Meillón del Pando y Denisse Andrea Rivas Rodríguez, para que, indistintamente cualquiera de ellos, en caso de considerarlo conveniente o necesario, acudan ante el Notario o Corredor Público de su elección para protocolizar la presente acta, otorguen los poderes a que se refiere la presente Asamblea en los términos de la misma y, en general, para que lleven a cabo todos y cada uno de los actos que consideren necesarios, a fin de que la totalidad de las resoluciones adoptadas en la presente Asamblea de Accionistas, surtan plenos efectos y den los avisos necesarios de conformidad con las mismas a las autoridades o instituciones pertinentes.

Se hace constar que durante el tiempo en que se desarrolló la Sesión, desde el inicio hasta su conclusión, estuvieron presentes en todo momento las personas que en ella intervinieron.

Se levantó la Sesión a las 12:00 horas del día de su fecha.

Rafael Rodríguez Sánchez
Presidente

Fernando José Cabrera García
Secretario

SIN TEXTO

LIC. JOSÉ EUGENIO CASTAÑEDA ESCOBEDO
ESTADOS UNIDOS MEXICANOS
NOTARÍA 211 CIUDAD DE MÉXICO

**LISTA DE ASISTENCIA DE LA SESIÓN DEL CONSEJO DE ADMINISTRACIÓN DE TV AZTECA, S.A.B. DE C.V.
13 DE AGOSTO DE 2026 A LAS 10:00 HORAS**

| CONSEJERO | FIRMA |
|---|---|
| Rafael Rodríguez Sánchez<br>**Presidente** | |
| Jorge Luis Zúñiga Montiel<br>**Miembro Propietario Relacionado** | |
| Mauricio Zarza Cerecer<br>**Miembro Propietario Independiente** | |
| José Luis Delgado Molina<br>**Miembro Propietario Independiente** | |
| Jordi Oropeza Solorzano<br>**Miembro Propietario Independiente** | |
| Fernando José Cabrera García<br>**Secretario** | |

Con la presente, hacemos constar nuestra asistencia a la Sesión del Consejo de Administración referida, además de la recepción en tiempo y forma de la convocatoria respectiva, en términos de los estatutos sociales.

SIN TEXTO

DOCUMENTO DE APÉNDICE LETRA B 191169

LIC. JOSÉ EUGENIO CASTAÑEDA ESCOBEDO NOTARÍA ... CIUDAD DE MÉXICO
ESTADOS UNIDOS MEXICANOS

MÉXICO INSTITUTO NACIONAL ELECTORAL
CREDENCIAL PARA VOTAR



NOMBRE
RIVAS
RODRIGUEZ
DENISSE ANDREA
DOMICILIO
EDIFICIO MANUEL RAYNO B 202
U HAB EL ROSARIO 02100
AZCAPOTZALCO, CDMX
CLAVE DE ELECTOR RVRDDN89101709M500
CURP RIRD891017MDFVDN05 AÑO DE REGISTRO 2007 01
ESTADO 09 MUNICIPIO 002 SECCIÓN 0155
LOCALIDAD 0001 EMISIÓN 2019 VIGENCIA 2029

FECHA DE NACIMIENTO 17/10/1989
SEXO M

INE

EDMUNDO JACOBO MOLINA
SECRETARIO EJECUTIVO DEL
INSTITUTO NACIONAL ELECTORAL

IDMEX1933654157<<0155079087059
8910174M2912316MEX<01<<40745<1
RIVAS<RODRIGUEZ<<DENISSE<ANDRE

SIN TEXTO.

[*LOGO OF NOTARY OFFICES 211 & 135*]

J. Eugenio Castañeda Escobedo
Notary 211 of Mexico City
Eduardo Garduño García Villalobos
Notary 135 of Mexico City
Providencia No. 1000
Col. Del Valle, 03100, Mexico City
Switchboard Tel.: 5601-2105
Fax: 5604-9487

CERTIFIED COPY

PUBLIC DEED CONTAINING:

The FORMALIZATION of the MINUTES of the MEETING OF THE BOARD OF DIRECTORS of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, dated August 13, 2026, containing: the GRANTING of POWERS OF ATTORNEY; which I perform at the request of Mrs. DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of said document.

PUBLIC DEED: 191,169
BOOK: 4,157
DATE: August/14/2026

JOSÉ MARÍA ZAYAS PRADO TRANSLATIONS

[*Seal of Notary Office 211 of Mexico City, Mr. José Eugenio Castañeda Escobedo*]

[*Kinegram*]

NUMBER 191,169. 26-9-446
BOOK 4,157. REGCOM
FOLIO 827,601. KCC/emo/ngc*

In Mexico City, on August 14, 2026, I, Mr. JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, holder of notary office 211 of this City, hereby attest: The FORMALIZATION of the MINUTES of the MEETING OF THE BOARD OF DIRECTORS of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, dated August 13, 2026, containing: the GRANTING of POWERS OF ATTORNEY; which I perform at the request of Mrs. DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of said document, pursuant to the following background items and clauses:

BACKGROUND

First.- INCORPORATION.- By means of the public deed number 62,110, dated June 2, 1993, granted before Mr. Joaquín Talavera Sánchez, at that time holder of notary office number 50 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the incorporation was recorded of the company named "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, with corporate domicile in Mexico City, a term of 99 years, a foreigner exclusion clause, fixed capital stock of $50,000.00 NEW PESOS, NATIONAL CURRENCY (currently $50,000.00 PESOS, NATIONAL CURRENCY), an unlimited maximum, and the corporate purpose set forth in said deed.

Second.- FULL AMENDMENT OF BYLAWS.- By means of the public deed number 42,447, dated August 2, 1995, granted before Mr. Armando Gálvez Pérez Aragón, at that time holder of notary office number 103 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the minutes of the Extraordinary General Shareholders' Meeting of the company named "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated June 23, 1995, at which it was resolved, among others, the full amendment of its Bylaws under the terms set forth in said minutes.

Third.- CHANGE OF CORPORATE NAME.- By means of the public deed number 49,317, dated September 3, 1996, granted before the same notary as the preceding one, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the minutes of the Extraordinary General Shareholders' Meeting of the company named "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated July 18, 1996, at which it was resolved, among others, to change the corporate name to that of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, the first clause of its Bylaws being amended for such purpose.

Fourth.- AMENDMENT OF BYLAWS.- By policy number 863, dated January 31, 1997, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated January 20, 1997, at which it was resolved, among others, to amend the twelfth and fourteenth articles of its bylaws.

JOSÉ MARÍA ZAYAS PRADO

Fifth.- INCREASE OF THE FIXED PORTION OF THE CAPITAL STOCK AND FULL AMENDMENT OF BYLAWS.- By means of the public deed number 10,475, dated August 5, 1997, granted before Mr. Joel Chirino Castillo, holder of notary office 90 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated July 17, 1997, at which it was resolved, among others, the increase of the fixed portion of the capital stock, to stand at the total sum of $1,694,612,147.00 PESOS, NATIONAL CURRENCY; as well as the full amendment of the bylaws.

Sixth.- AMENDMENT OF BYLAWS.- By means of the public deed number 11,006, dated May 7, 1998, granted before Mr. Joel Chirino Castillo, holder of notary office 90 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346,, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated March 27, 1998, at which, among other matters, it was resolved to amend paragraphs four, fourteen and twenty-three of the sixth clause of its bylaws.

Seventh.- AMENDMENT OF BYLAWS.- By means of the public deed number 9,893, dated April 3, 2000, granted before Mr. José Luis Villavicencio Castañeda, holder of notary office 218 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated January 27, 2000, at which it was resolved, among others, to amend the twenty-seventh, twenty-eighth and twenty-ninth clauses of its bylaws.

Eighth.- AMENDMENT OF BYLAWS.- By means of the public deed number 12,958, dated September 28, 2001, granted before Mr. José Luis Villavicencio Castañeda, holder of notary office 218 of Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the partial formalization was recorded of the minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, dated September 4, 2001, at which it was resolved, among others, to amend the sixth, ninth, twelfth, sixteenth, nineteenth, twenty-fourth, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, and thirty-fourth clauses of its bylaws.

Ninth.- SPIN-OFF OF COMPANIES.- By policy number 6,033, dated December 22, 2003, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held in Mexico City, on December 19, 2003, at which, among other resolutions, the following were approved: (i) The spin-off of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, this same company resulting and surviving as the spun-off company and "UNEFON HOLDINGS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, being created as the spun-off company, under the terms, conditions and time periods established by that same meeting; (ii) The reduction of the capital stock of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, in its fixed portion, in the amount of $68,000,000.00 OF PESOS, NATIONAL CURRENCY, to stand at $1,626,612,147.00 PESOS, NATIONAL CURRENCY; and (iii) the amendment to the sixth and thirty-first clauses of the bylaws.

Tenth.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 6,864, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza

JOSÉ MARÍA ZAYAS PRADO

Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary and Ordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held in Mexico City, on November 24, 2004, at which, among others, the following resolutions were approved: (i) the reduction of the fixed portion of the capital stock of the referenced company in the amount of $382,249,837.00 PESOS, NATIONAL CURRENCY, whereby the fixed portion of the capital stock shall stand at the amount of $1,244,362,210.00 [Sic.] PESOS, NATIONAL CURRENCY, and as a consequence, the amendment to the first paragraph of the sixth clause, as well as the amendment of the twenty-seventh through thirty-third clauses of the bylaws.

Eleventh.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 6,865, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held in Mexico City, on April 29, 2005, at which, among others, the following resolutions were approved: (i) the reduction of the fixed portion of the capital stock of the referenced company in the amount of $99,242,220.00, PESOS, NATIONAL CURRENCY, whereby the fixed portion of the capital stock shall stand at the amount of $1,145,119,990.00 PESOS, NATIONAL CURRENCY, and as a consequence the amendment to the first paragraph of the sixth clause of the bylaws.

Twelfth.- AMENDMENT OF BYLAWS.- By policy number 6,866, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Special Meeting of Shareholders holding shares of series "D-A" of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on May 30, 2005, at which the amendment to the sixth and twenty-sixth clauses of the bylaws was approved.

Thirteenth.- AMENDMENT OF BYLAWS.- By policy number 6,867, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, on October 14, 2005, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Special Meeting of Shareholders Holding Shares of series "D-L" of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on May 30, 2005, at which the amendment to the sixth and twenty-sixth clauses of the bylaws was approved.

Fourteenth.- AMENDMENT OF BYLAWS.- By policy number 6,868, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Special Meeting of Shareholders Holding Shares of series "A" of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on May 30, 2005, at which the amendment to the sixth and twenty-sixth clauses of the bylaws was approved.

Fifteenth.- AMENDMENT OF BYLAWS.- By policy number 6,869, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General

JOSÉ MARÍA ZAYAS PRADO

Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on May 30, 2005, at which the amendment to the sixth, ninth, eleventh, fourteenth, sixteenth, twenty-first and twenty-sixth clauses of the bylaws was approved.

Sixteenth.- AMENDMENT OF BYLAWS.- By policy number 6,870, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on the 1st day of 2005 [Sic.], at which the amendment of the twenty-sixth clause of the bylaws was approved.

Seventeenth.- MERGER OF COMPANIES.- By policy number 6,871, dated July 15, 2005, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, among others, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Extraordinary General Shareholders' Meetings of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE and "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on June 27, 2005, at which, among others, the resolution was adopted to merge the above-mentioned companies, with "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE surviving as the merging company and "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE ceasing to exist as the merged company, and at which the following resolutions were approved: (i) by reason of the respective merger, "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE shall receive 270,000,000 (two hundred seventy million) of its own shares or their equivalent in Ordinary Participation Certificates, which shall be cancelled; (ii) as a result of the merger and due to the cancellation of its own shares that "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE shall carry out, the capital stock of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE shall therefore be reduced in the amount of $30,000,000.00 OF PESOS, NATIONAL CURRENCY; (iii) the approval of the adjustments to the fully subscribed and paid-in capital stock of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, arising from movements thereto consisting basically of: (a) the shares that have from time to time been exercised under the Company's Operations Plans and that have not been reflected in the meeting minutes; (b) the capital increases that have been decreed in the past and of which, in some cases, only a portion has been paid; and (c) the exchange rate differences in the reimbursements paid in recent years; (iv) the ratification of each and every one of the movements in the capital stock of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, including the reduction of capital stock approved by reason of the merger which was likewise formalized by means of the same instrument, to be established at the amount of $933,236,998.00 PESOS, NATIONAL CURRENCY, whereby (v) it was likewise recorded that the fully subscribed and paid-in minimum fixed capital stock of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE corresponds to the amount of $933,236,998.00 PESOS, NATIONAL CURRENCY, the first paragraph of the sixth clause of the company's bylaws being amended for such purpose.

Eighteenth.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 7,373, dated July 6, 2006, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on February 20, 2006, at which the reduction of the fixed portion of the capital stock of the referenced company was approved in the amount of $95,435,623.00 PESOS, NATIONAL

JOSE MARIA ZAYAS PRADO

CURRENCY, said capital therefore standing at the amount of $837,801,375.00 PESOS, NATIONAL CURRENCY and, as a consequence, the amendment to the Sixth clause of the Bylaws.

Nineteenth.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 7,646, dated January 29, 2007, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on December 7, 2006, at which the reduction of the fixed portion of the capital stock was approved, in the amount of $102,102,000.00 PESOS, NATIONAL CURRENCY, said capital therefore standing at the amount of $735,699,375.00 PESOS, NATIONAL CURRENCY and, as a consequence, the amendment to the sixth clause of the bylaws.

Twentieth.- AMENDMENT OF BYLAWS.- By means of the public deed number 34,700, dated May 10, 2007, granted before Mr. Carlos Antonio Morales Montes de Oca, holder of notary office number 227 of this Mexico City, the first certified copy of which was recorded in the Public Registry of Commerce of this city, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on April 30, 2007, at which the amendment to the sixth clause of the bylaws was approved.

Twenty-First.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 8,070, dated December 20, 2007, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this city, under mercantile folio number 167,346, instrument whereby the formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, held on September 27, 2007, at which the decrease of the fixed portion of the capital stock was approved, in the amount of $60,825,000.00 PESOS, NATIONAL CURRENCY, said capital therefore standing at the amount of $674,874,375.00 PESOS, NATIONAL CURRENCY and, as a consequence, the amendment to the sixth clause of the bylaws.

Twenty-Second.- REDUCTION OF THE FIXED PORTION OF THE CAPITAL STOCK AND AMENDMENT OF BYLAWS.- By policy number 8,954, dated August 3, 2010, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, instrument whereby the partial formalization was recorded of the Minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE held on April 30, 2010, at which the reduction of the fixed portion of the capital stock was approved in the amount of $9,944,000.00 PESOS, NATIONAL CURRENCY and, as a consequence, said capital stock in its minimum portion then corresponds to the amount of $664,930,375.00 PESOS, NATIONAL CURRENCY, whereby the first paragraph of the sixth clause of its respective bylaws was amended, under the terms specified in said instrument.

Twenty-Third.- TRANSFORMATION AND AMENDMENT OF BYLAWS.- By policy number 8,970, dated August 26, 2010, granted before Mr. Mauricio Alejandro Oropeza Estrada, Public Broker number 14 of this Mexico City, the first original of which was recorded in the Public Registry of Commerce of this city, under mercantile folio number 167,346, instrument whereby the Minutes of the Extraordinary General Shareholders' Meeting of "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE were formalized, held on August 19, 2010, at which it was resolved, among others, its transformation into a

JOSÉ MARÍA ZAYAS PRADO

SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, and consequently the first clause of its bylaws was amended, so that the company would bear the corporate name of "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, and in addition the fourth, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, sixteenth, eighteenth, nineteenth, twenty-first, twenty-second, twenty-fourth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth and thirty-sixth clauses of its bylaws were amended.

Twenty-Fourth.- AMENDMENT TO THE CORPORATE PURPOSE AND CONSEQUENT AMENDMENT OF THE FOURTH CLAUSE OF THE BYLAWS.- By means of the public deed number 157,985, dated September 15, 2021, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, the Minutes of the Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, held on June 30, 2021, were formalized, which resolved, among others, the amendment to the corporate purpose of the company, and the consequent amendment of the fourth clause of the bylaws, to read as indicated in said instrument.

Twenty-Fifth.- MERGER OF COMPANIES.- By means of the public deed number 160,443, dated December 23, 2021, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the first certified copy of which was recorded in the Public Registry of Commerce of this Capital, insofar as the merging company is concerned, under mercantile folio number 167,346, the merger was recorded of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, as the MERGING AND SURVIVING COMPANY, with the companies named "ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE and "TV AZTECA COMERCIALIZADORA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, as the MERGED COMPANIES THAT CEASE TO EXIST, without their capital stock having been increased.

Twenty-Sixth.- AMENDMENT OF BYLAWS AND APPOINTMENT OF MEMBERS OF THE BOARD OF DIRECTORS.- - By means of the public deed number 165,259, dated September 1, 2022, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, the formalization was recorded of the minutes of the Ordinary and Extraordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, held on April 25, 2022, at which, among other resolutions, the amendment of the fifth, sixth and twenty-sixth clauses of the bylaws was adopted, to read under the terms of said deed.

JOSÉ MARÍA ZAYAS PRADO

Twenty-Seventh.- APPOINTMENT OF MEMBERS OF THE BOARD OF DIRECTORS.- By means of the public deed number 176,882, dated May 10, 2024, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, the formalization was recorded of the minutes of the Ordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, held on April 30, 2024, at which, among other resolutions, the appointment of members of the board of directors was adopted, to be composed as follows:

| NAME | POSITION / CATEGORY |
|---|---|
| Rafael Rodríguez Sánchez | Related Chairman |
| Jorge Luis Zúñiga Montiel | Related Member |
| Mauricio Zarza Cerecer | Independent |
| José Luis Delgado Molina | Independent |
| Jordi Oropeza Solórzano | Independent |

Twenty-Eighth.- CONSOLIDATED TEXT OF BYLAWS.- By means of the public deed number 184,840, dated July 23, 2025, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the consolidated text of the bylaws of the company named "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE was recorded, and from said document it follows that the company bears the corporate name of "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, corporate domicile in Mexico City, a term of 99 years, a foreigner admission clause, variable capital stock, with a fixed minimum of $664,930,375.00 pesos, national currency, represented by 4,602,589,100 common, ordinary and registered shares of the series [Sic.] "A", with no par value, and having as its corporate purpose: 1.- To use, exploit, develop and operate frequency bands of the radio spectrum and public or private telecommunications networks, as well as the rendering of public broadcasting and telecommunications services, through its own concessions or those of third parties, to carry out leases of concessions, authorizations and permits granted by the competent authorities or by means of any other arrangement permitted by law, as well as the sale and/or commercialization of audiovisual content and advertising space in any medium. 2.- Acquisition, distribution, assignment, representation, importation, exportation, use, exchange, application or any other form of contracting of all types of audiovisual events or works, including their broadcasting rights by any medium, in its own name or in the name or on behalf of third parties, in Mexico and abroad. 3. To promote, incorporate, organize, exploit and take a participation in the capital stock and assets of all kinds of commercial and civil companies, associations or industrial, commercial, service or any other type of enterprises; to dispose of or negotiate such shares or participations and all types of securities permitted by law, both domestic and foreign, as well as to participate in their management or liquidation. 4. To receive from other companies and persons all such services as may be necessary for the achievement of its activities, such as legal, tax, administrative, financial, treasury, audit, marketing, preparation of balance sheets and budgets, development of programs and manuals; analysis of operating results, evaluation of information on productivity and on potential financings, as well as the preparation of studies on the availability of capital, among others. 5. To issue, subscribe, accept, endorse and guarantee negotiable instruments, securities and other documents permitted by Law. 6. To acquire, dispose of, lease, sublease, and grant the use, enjoyment, disposition or, in general, the exploitation of all kinds of movable or immovable property, including their parts or accessories; as well as rights in rem or personal rights thereover, that may be necessary or convenient for its corporate purpose or for the operations of the commercial or civil companies, associations and institutions in which the company has an interest or participation. 7. To obtain and grant all types of loans, as well as to receive, where applicable, guarantees, to issue debentures and promissory notes, to accept, draw, endorse or guarantee all kinds of negotiable instruments and other documents evidencing

JOSE MARIA ZAYAS PRADO

credit rights; to grant bonds or guarantees of any kind undertaken by the company and with respect to the obligations undertaken or the instruments issued or accepted by third parties. 8. To register, purchase, lease, assign, renew, license, verify the use of and dispose of trademarks, patents, certificates of invention, trade names, industrial designs, commercial announcements, model registrations, copyrights, inventions and processes and all other industrial and intellectual property rights. 9. In general, to carry out all kinds of acts of commerce and to enter into all types of contracts and agreements, as well as transactions of any nature that may be necessary or convenient for the accomplishment of the foregoing purposes, under the terms of the Law.

From said document, which I had before me, I transcribe the pertinent part as follows:

*"....TWENTY-SEVENTH.- The Management of the Company shall be entrusted to a Board of Directors and a Chief Executive Officer, who shall perform the functions conferred upon them by these Bylaws and by the Law. The Board of Directors shall be composed of a maximum of 21 Directors, of whom at least 25% must be Independent Directors and at least 70% shall be appointed by the shareholders holding shares of Series "A". In the appointment of the Directors, the provisions of this Clause shall be observed at all times insofar as the character of the persons who will form part of the Board of Directors is concerned. To be an Independent Director, a person is required to be of broad experience, capability and professional standing, further considering that, by reason of his characteristics, he may perform his functions free of conflicts of interest and without being subject to personal, proprietary or economic interests, and that he is further not in any of the following circumstances at the time of his appointment: (i) being a relevant officer or employee of the Company or of the legal entities that make up the business group or consortium to which it belongs, as well as the statutory auditors of the latter. Said limitation shall be applicable to those individuals who have held such positions during the 12 months immediately preceding the date of appointment; (ii) having significant influence or power of command in the Company or in any of the legal entities that make up the business group or consortium to which said Company belongs; (iii) being a shareholder forming part of the group of persons that maintains control of the Company; (iv) being a client, service provider, supplier, debtor, creditor, partner, director or employee of a company that is a significant client, service provider, supplier, debtor or creditor and; (v) having a relationship by consanguinity, affinity or civil kinship up to the fourth degree, as well as being the spouse or common-law spouse, of any of the individuals referred to in items (i) through (iv) of this paragraph. Any Director who is in any of the circumstances mentioned above in subsections (i) through (v) shall be deemed a Related Director. Both Independent Directors and Related Directors may hold the character of Equity Directors, these being understood as those Directors appointed by reason of their character as significant shareholders, that is, those holding, directly or indirectly, at least 2% of the capital stock of the Company, or those acting as agents or commission agents of said significant shareholders. TWENTY-NINTH. - Organization of the Board of Directors. (a) The Chairman and the Secretary of the Board of Directors shall be appointed by the shareholders holding shares of Series "A". In the absence of an express appointment by said shareholders, the Directors appointed by the shareholders holding the shares of Series "A", at the first Meeting of the Board of Directors held immediately after the Shareholders' Meeting at which they are appointed has taken place, shall appoint the Chairman and the Secretary, who shall not form part of the Board of Directors. The Board of Directors shall further appoint the persons to hold the other positions that may be created within the Board for the better performance of its functions. The temporary or permanent absences of the Chairman shall be covered by any Director appointed by the Board of Directors; the temporary or permanent absences of the Secretary shall be covered by the person appointed by the Board of Directors. (b) At the first Meeting of the Board of Directors, once the Secretary has been appointed, he shall provide the Directors appointed for the first time with an presentation and induction to their new responsibility. At a minimum, the Secretary shall provide information regarding the Company, its financial situation and operating developments, as well as the obligations, responsibilities and powers entailed in being a Director thereof. (c) The holders of restricted voting shares other than those provided for in Article 113 of the General Law on Commercial Companies, or of limited voting shares referred to in*

JOSE MARIA ZAYAS PRADO

*said provision, representing at least 10% of the capital stock in one or both series of shares, shall have the right to appoint at least one Director and his respective alternate, where applicable; in the absence of such minority appointment, the holders of said shares shall have the right to appoint at least 2 full Directors and their respective alternates, in which case the appointments, as well as the substitutions and revocations of the Directors, shall be resolved at a Special Shareholders' Meeting of the corresponding series of shares or, to the extent the holders of said shares do not object, they may make said appointments, substitutions and revocations at an Ordinary General Shareholders' Meeting. The appointments of the Directors designated by the shareholders referred to in the preceding paragraph may only be revoked when that of all the others is revoked. (d) All the members of the Board of Directors, in the diligent exercise of their functions, shall act in good faith and in the best interest of the Company and of the legal entities it controls, for which purpose they may: (i) request information from the Company and the legal entities it controls that is reasonably necessary for decision-making; (ii) require the presence of relevant officers and other persons, including external auditors, who may contribute or provide elements for decision-making at the board meetings; (iii) postpone the meetings of the Board of Directors when a director has not been summoned or this has not been done in a timely manner or, where applicable, because he has not been provided with the information delivered to the other directors. Said postponement shall be for up to 3 calendar days, and the board may hold its meeting without the need for a new notice, provided that the deficiency has been remedied and (iv) deliberate and vote, requesting that only the members and the Secretary of the Board of Directors be present, if they so wish. The members of the Board of Directors shall breach the duty of care and shall be liable under the terms set forth in the following paragraph when they cause financial harm to the Company or to the legal entities it controls or in which it has significant influence, by reason of any of the following circumstances occurring: (i) they fail to attend, except for cause justified in the judgment of the shareholders' meeting, the board meetings and, where applicable, the Audit Committee, and by reason of their absence the corporate body in question is unable to hold a valid meeting; (ii) they fail to disclose to the Board of Directors or, where applicable, to the Audit Committee, relevant information known to them that is necessary for the proper decision-making in said corporate bodies, unless they are legally or contractually bound to keep it secret or confidential and; (iii) they fail to comply with the duties imposed upon them by the Securities Market Law or by these bylaws. The members of the Board of Directors shall be liable for the damages and losses caused to the Company or to the legal entities it controls or in which it has significant influence, due to lack of care on the part of the members of the Board of Directors, arising from the acts they perform or the decisions they adopt at the board or from those that fail to be taken because said corporate body is unable to hold a valid meeting; such liability shall be joint and several among those at fault who adopted the decision or caused the aforementioned corporate body to be unable to hold a meeting. The members of the Board may be indemnified for the damages caused by their conduct to the Company or legal entities it controls or in which it has significant influence, unless such acts are willful misconduct or in bad faith, or else unlawful under the applicable laws. e) The members and the Secretary of the Board of Directors shall incur in disloyalty toward the Company and, consequently, shall be liable for the damages and losses caused thereto or to the legal entities it controls or in which it has significant influence, when: (i) they fail to keep confidential the information and matters of which they become aware by reason of their position in the Company, when said information or matters are not of a public nature; (ii) having a conflict of interest in any matter, they fail to abstain from participating and being present in the deliberation and voting on said matter and fail to disclose the subject of the conflict of interest, unless they are legally or contractually bound to keep it secret or confidential; (iii) for the irregularities incurred by their predecessors if, being aware of them, they fail to report them in writing to the Audit Committee and to the External Auditor. Likewise, said boards shall be obligated to report to the Audit Committee and to the external auditor all such irregularities as they become aware of during the exercise of their position and that relate to the Company or the legal entities it controls or in which it has significant influence; (iv) when, without legitimate cause, by virtue of their employment, position or commission, they obtain economic benefits for themselves or procure them in favor of third parties, including a given shareholder or group of shareholders; (v) they knowingly favor a given shareholder or group of shareholders of the Company or of the legal entities it controls or in which it has significant*

JOSÉ MARÍA ZAYAS PRADO TRANSLATIONS

*influence, to the detriment or prejudice of the other shareholders; (vi) they approve the transactions entered into by the Company or the legal entities it controls or in which it has significant influence, with related parties, without conforming to or complying with the requirements established by these Bylaws and by the Securities Market Law; (vii) they take for themselves or approve in favor of third parties the use or enjoyment of the assets forming part of the estate of the Company or of the legal entities it controls; (viii) they make improper use of relevant information that is not of public knowledge, relating to the company, the legal entities it controls or in which it has significant influence; (ix) they take advantage of or exploit, for their own benefit or in favor of third parties, without the waiver of the Board of Directors, business opportunities that correspond to the Company or to the legal entities it controls or in which it has significant influence and; (x) they engage in any of the conduct set forth in article 36 of the Securities Market Law. The members of the Board of Directors shall be liable for the damages and losses caused to the Company or to the legal entities it controls or in which it has significant influence and, in any event, the removal from office of those at fault shall proceed, should any of the circumstances provided for in the preceding paragraph occur. The indemnification referred to in the last paragraph of subsection d) of this clause may not be exercised by the members of the Board of Directors when they fail to comply with the duty of loyalty referred to in this subsection. (g) The Chairman of the Board of Directors shall preside over the Shareholders' Meetings and the Meetings of the Board of Directors and, in his default or absence, the same shall be presided over by the person designated by the other attendees by a majority of votes. Likewise, the Chairman of the Board shall comply with and carry out the resolutions of the Meetings and of the Board without the need for any special resolution. (h) The copies or certifications of the Minutes of the Meetings of the Board of Directors and of the Shareholders' Meetings, as well as of the entries contained in the non-accounting corporate books and records and, in general, of any document in the Company's files, may be authorized and certified by the Secretary, who shall be the permanent delegate to appear before the Notary Public of his choice to formalize the Minutes of the Meetings of the Board of Directors and of the Shareholders' Meetings, as well as to grant the powers of attorney conferred by the Board itself or by the Shareholders' Meeting. Likewise, the Secretary shall be responsible for drafting and recording in the respective books the Minutes of the Shareholders' Meetings and of the Meetings of the Board of Directors, as well as for issuing consolidated texts and certifications thereof and of the appointments, signatures and powers of the officers of the Company. (i) The Board of Directors shall meet at least 4 times during each fiscal year to address any matter within its purview. (j) The information that is relevant for decision-making in accordance with the Agenda contained in the notices for the Board Meetings shall be available to the Directors at least 5 days prior to the holding of the corresponding Meeting. (k) The annual report prepared by the Board of Directors for the Shareholders' Meeting shall mention the names of the Directors who hold the character of Independent Directors and of Equity Directors, indicating in the latter case whether they are Related or Independent Directors. The annual report shall state the positions of each Director as of the date thereof. Likewise, the annual report submitted by the Board of Directors to the Shareholders' Meeting shall contain a section including a report on (i) the development of the Company's best corporate practices during the fiscal year in question and; (ii) relevant aspects of the work of each Committee and the names of its members. THIRTIETH.- Quorum and Validity of Resolutions of the Board of Directors. (a) The Chairman or the Secretary of the Board of Directors, at least 25% of the Directors of the Company may call a Meeting of the Board of Directors. The notices for the Meetings of the Board of Directors must be sent by mail, facsimile, telegram, courier or by electronic, optical or any other technological means, to the members of the Board of Directors and, where applicable, to the External Auditor at least 5 days prior to the date of the Meeting. The notices must specify the date, time, place of the Meeting, the Agenda and must be signed by the person issuing them. The Meetings of the Board may be in person, remote or hybrid. In-person Meetings are understood to be those where the participating directors are physically in the same venue. Remote Meetings shall take place when the members of the Board participate therein through any means of communication that allows interactive communication among them; and hybrid Meetings shall be those where the 2 preceding formats are combined in any proportion. (b) For the Meetings of the Board of Directors to be considered legally convened, the attendance of the majority of its members shall be required, provided that said Meeting is attended by the majority of the members appointed by the*

JOSÉ MARÍA ZAYAS PRADO

*shareholders holding shares of Series "A", and its resolutions shall be valid when adopted by a majority of votes of the members present; in the event of a tie, the Chairman of the Board shall have the casting vote. A resolution of the Board of Directors shall be required to determine the manner in which the voting right corresponding to the shares owned by the Company and issued by those companies whose majority of shares is owned by the Company is to be exercised, whether at an Ordinary or Extraordinary Shareholders' Meeting. This latter power shall correspond to the Board of Directors or to the Ordinary General Shareholders' Meeting. (c) The Meetings of the Board of Directors shall be held at the domicile of the Company or at any other place deemed appropriate. The External Auditor may be summoned to the Meetings of the Board of Directors, as a guest with the right to speak but without the right to vote. (d) The resolutions adopted outside a Meeting of the Board of Directors by unanimity of its members shall have the same validity as if they had been adopted at a Board Meeting, provided that they are confirmed in writing in accordance with the provisions of Article 143 of the General Law on Commercial Companies. The Minutes of the Meetings of the Board of Directors must be authorized by those who acted as Chairman and Secretary of the corresponding Meeting and shall be transcribed in the book of Meetings of the Board of Directors kept by the Company for such purpose. THIRTY-FIRST.- Powers of the Board of Directors. The Board of Directors is the legal representative of the company and, consequently, shall have the following powers and obligations: 1. To exercise the general power of attorney of the Company for lawsuits and collections, which is granted with all the general and special powers requiring a special Clause in accordance with the Law, which is conferred upon it without any limitation whatsoever, in accordance with the provisions of the first paragraph of Article 2554 of the Federal Civil Code and of the Civil Code for Mexico City and in their counterparts of the Civil Codes of all the States of the Republic. The Board of Directors shall therefore be empowered, on an illustrative but not limiting basis, to withdraw the actions it may bring, even amparo proceedings; to settle; to submit to arbitration; to propound and answer interrogatories; to make assignments of assets; to challenge judges; to receive payments; and to perform all the acts expressly determined by the Law, including representing the Company before judicial and administrative, criminal, civil or other authorities, with the power to file criminal complaints and criminal charges, to grant pardons, to appear as an injured party or as a joint party with the Public Prosecutor's Office in criminal proceedings, before labor authorities and tribunals and before the Ministry of Foreign Affairs to enter into agreements with the Federal Government, under the terms of sections one and four of Article 27 of the Constitution and its Implementing Law. 2. General power of attorney for acts of administration, in accordance with the provisions of the second paragraph of Article 2554 of the Federal Civil Code and of the Civil Code for Mexico City and in their corresponding Articles of the Civil Codes of all the States of the Republic. Consequently, the Board of Directors shall be empowered to freely appoint and remove the Chief Executive Officer and the General or Special Managers and the other officers, attorneys-in-fact, agents and employees of the Company, setting forth their powers, obligations, working conditions, remunerations and guarantees they must post. 3. Power to appear before labor authorities under the terms of articles 11, 692 section two, 786 and 876 of the Federal Labor Law, to appear before and represent the Company before all kinds of labor authorities, whether federal or local, being further expressly empowered to appear before the Conciliation and Arbitration Boards, whether federal or local, and to perform all the necessary acts in individual or collective labor proceedings, with the powers set forth in the preceding items, that may be necessary in said proceedings at the stages of conciliation, complaint, defenses and offering of evidence; of the taking thereof and, in general, the procedural acts necessary for conciliation and/or arbitration; the Board of Directors being also empowered to terminate contracts under the terms of articles 46 and 47 forty-seven [Sic.] of the Federal Labor Law. 4. General power of attorney for acts of ownership under the terms of the third paragraph of Article 2554 of the Federal Civil Code and of the Civil Code for Mexico City and of their corresponding Articles of the Civil Codes of all the States of the Republic. 5. Power to issue, subscribe, guarantee and in any other manner negotiate all kinds of negotiable instruments on behalf of the Company, under the terms of Article nine of the General Law on Negotiable Instruments and Credit Transactions and to designate the persons empowered to perform said acts. 6. Power to open and close bank accounts on behalf of the Company, as well as to make deposits and to draw and issue against them and to authorize and designate persons to*

JOSÉ MARÍA ZAYAS PRADO

*draw or issue against the same. 7. Power to call Ordinary and Extraordinary or Special General Shareholders' Meetings, in all the cases provided for by these Bylaws, or whenever it deems it convenient, and to set the date and time on which such Meetings are to be held and to carry out their resolutions. 8. Power to appoint and remove the external auditors of the Company, upon the prior opinion of the Audit Committee. 9. Power to appoint, elect and, where applicable, remove the Chief Executive Officer of the Company and to set his total compensation. 10. Power to establish branches and agencies of the Company anywhere in the Mexican Republic or abroad. 11. Power to determine the manner in which the votes corresponding to the shares owned by the Company are to be cast at the Extraordinary and Ordinary General Shareholders' Meetings of the companies in which the Company holds the majority of the shares. 12. Power to confer general or special powers of attorney, and to delegate any of the powers provided for above, except for those whose exercise corresponds exclusively to the Board of Directors by provision of the Law or of these Bylaws, always reserving the exercise of its powers, as well as to revoke the powers of attorney it grants. 13. Power to carry out all the acts authorized by these Bylaws or that are a consequence thereof. 14. Power to authorize the acquisition of shares representing the capital stock of the Company, as well as to designate the person or persons responsible for the acquisition and placement of said shares under the terms of the provisions of the Ninth Clause of these Bylaws. 15. To approve, upon the prior opinion of the Audit Committee: (A) The transactions, each one individually, with related parties, that the Company or the legal entities it controls intend to enter into, whose value is equal to or greater than 5% of the consolidated assets of the Company, based on figures corresponding to the close of the immediately preceding quarter. The following transactions shall not require approval of the Board of Directors: (i) the transactions that, by reason of their amount, lack relevance for the Company or the legal entities it controls, that is, those transactions whose value is less than 5% of the consolidated assets of the Company, based on figures corresponding to the close of the immediately preceding quarter; (ii) the transactions carried out between the Company and the legal entities it controls or in which it has significant influence, or among any of these, provided that: a) They are in the ordinary or usual course of business; b) They are deemed to be made at market prices or supported by valuations performed by Independent Experts and: (iii) the transactions carried out with employees, provided that they are carried out on the same terms as with any client or as a result of general employment benefits. (B) The waivers allowing a director, relevant officer or person with power of command to take advantage of business opportunities for himself or in favor of third parties, that correspond to the Company or to the legal entities it controls or in which it has significant influence, provided that they are for an amount equal to or greater than 5% of the consolidated assets of the Company, based on figures corresponding to the close of the immediately preceding quarter. The waivers for transactions whose amount is less than 5% of the consolidated assets of the Company, based on figures corresponding to the close of the immediately preceding quarter, may be delegated to the Audit Committee. (C) The transactions executed with third parties, whether simultaneously or successively, that by their characteristics may be deemed a single transaction and that the Company or the legal entities it controls intend to carry out within the course of a fiscal year, when they are unusual or non-recurring, or else their amount represents, based on figures corresponding to the close of the immediately preceding quarter, any of the following: (i) the acquisition or disposition of assets with a value equal to or greater than 5% of the consolidated assets of the company and; (ii) the granting of guarantees or the assumption of liabilities for a total amount equal to or greater than 5% of the consolidated assets of the company. Investments in debt securities or in banking instruments are excepted...".*

Twenty-Ninth.- RATIFICATION OF THE APPOINTMENT OF MEMBERS OF THE BOARD OF DIRECTORS.- By means of the public deed number 185,935, dated September 18, 2025, before Mr. Eduardo Garduño García Villalobos, holder of notary office number 135 of this City, acting as my associate, the first certified copy of which was recorded in the Public Registry of Commerce of this City, under mercantile folio number 167,346, the formalization was recorded of the minutes of the Ordinary General Shareholders' Meeting of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, held on April 29, 2025, at which, among other resolutions, the appointment of members of the board of directors was adopted, to be composed as follows:

JOSÉ MARÍA ZAYAS PRADO

| NAME | POSITION / CATEGORY |
|---|---|
| Rafael Rodríguez Sánchez | Related Chairman |
| Jorge Luis Zúñiga Montiel | Related Member |
| Mauricio Zarza Cerecer | Independent |
| José Luis Delgado Molina | Independent |
| Jordi Oropeza Solórzano | Independent |

Thirtieth.- MINUTES BEING FORMALIZED.- The appearing party exhibits to me the MINUTES of the MEETING of the BOARD OF DIRECTORS of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, dated August 13, 2026, for their formalization, consisting of 5 useful pages (including its attendance list), which I add to the appendix of this instrument under letter "A" and which I transcribe in full below:

*"TV AZTECA, S.A.B. DE C.V.*
*MEETING OF THE BOARD OF DIRECTORS*
*AUGUST 13, 2026*

*In Mexico City, at 10:00 hours on August 13, 2026, there gathered at the domicile located at Periférico Sur número 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan, C.P. 14140, the members of the Board of Directors of TV AZTECA, S.A.B. DE C.V. (the "Company"), Mr. Rafael Rodríguez Sánchez, Mr. Jorge Luis Zúñiga Montiel, Mr. Mauricio Zarza Cerecer, Mr. José Luis Delgado Molina and Mr. Jordi Oropeza Solórzano, in accordance with the attendance list attached to these minutes and forming an integral part thereof, for the purpose of holding a MEETING OF THE BOARD OF DIRECTORS of the Company (the "Meeting"), to which they were previously and duly summoned.*

*The Meeting was presided over by Mr. Rafael Rodríguez Sánchez, in his capacity as Chairman of the Board of Directors, and acting as Secretary was Mr. Fernando José Cabrera García, Secretary of the Company.*

*By virtue of the majority of the members of the Board of Directors of the Company being present at the Meeting, the Chairman declared it legally convened and, consequently, the resolutions and agreements adopted valid, in accordance with the provisions of the Company's bylaws, and proceeded to address the items contained in the following agenda, which was approved by unanimous vote of those present as follows:*

*AGENDA*

*I. GRANTING OF POWERS OF ATTORNEY.*
*II. APPOINTMENT OF DELEGATES.*

*ITEM ONE.- GRANTING OF POWERS OF ATTORNEY.*

*In dispatch of the first item of the agenda, the Chairman stated to the Directors the need to empower the Company, through its attorneys-in-fact, to file such applications, petitions or pleadings as may be deemed convenient, necessary or advisable in connection with a certain insolvency proceeding under Chapter 15 of the Bankruptcy Code of the United States of America (in English, chapter 15 of title 11 of the United States Code) to be filed in the competent courts of the Southern District of New York, or any other court that may have jurisdiction (the "Proceedings"), inasmuch as it has been considered that said proceedings*

JOSÉ MARÍA ZAYAS PRADO

*will respond favorably to the interests of the Company, its creditors, shareholders and any other parties related thereto.*

*By virtue of the foregoing, it will be necessary for the Company to grant a power of attorney of TV AZTECA, S.A.B. DE C.V. in favor of various officers thereof, in order to be able to commence the Proceedings. For such purposes, it was proposed to empower Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando, as attorneys-in-fact of the Company, who shall be sufficiently instructed and provided with funds, in order to represent the Company in the Proceedings.*

*The Directors, by unanimous vote, adopted the following:*

*RESOLUTIONS*

*"1. The Company is authorized to be empowered, through its attorneys-in-fact, to file such applications, petitions or pleadings as may be deemed convenient, necessary or advisable in connection with the Proceedings, inasmuch as this Board of Directors considers that said same will better respond to the interests of, and are more beneficial for, the Company, its creditors, shareholders and any other interested parties."*

*"2. Without prejudice to the general powers of attorney that the Company has granted to various persons, including, where applicable, those empowered below, there are hereby granted in favor of Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando (hereinafter, the "Attorneys-in-Fact") the special powers of attorney that may be necessary, as to their subject matter and scope, to carry out the Proceedings, as well as to grant, execute and file the applications, petitions or pleadings referred to in the preceding resolution, and to order their filing before any competent court or tribunal in Mexico or, as determined by the Attorneys-in-Fact, before the United States Bankruptcy Court, whether of the Southern District of New York, or any other that may prove competent, and that has jurisdiction in any of the judicial districts of the United States of America that the Attorneys-in-Fact themselves determine in due course, as may be applicable.*

*Likewise, Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando are designated and authorized to act jointly or severally, indistinctly, any of them, as foreign representatives (hereinafter, the "Foreign Representatives") of the Company and with respect to its assets and rights, in connection with the Proceedings, including, on an illustrative but not limiting basis, the power to perform, grant, execute and file all kinds of actions, applications, petitions, pleadings and other documents related to the Proceedings before any United States Bankruptcy Court before which the Foreign Representatives determine in due course to plead or appear.*

*"3. The Attorneys-in-Fact are empowered to bring, pursue, file, formulate, grant and execute all kinds of claims, remedies, appeals, petitions, applications, evidence, exhibits, schedules and any other documents or pleadings, as well as to carry out each and every one of the acts they deem necessary, convenient or appropriate in connection with the Proceedings (the "Actions"). For such purposes, the Attorneys-in-Fact are likewise empowered to retain and appoint all kinds of legal advisors and consultants of any other nature, including, on an illustrative but not limiting basis, financial advisors, investors, investment bankers, accountants and restructuring specialists, among others (the "Engagements"), that the Attorneys-in-Fact deem necessary, convenient or appropriate to procure the best conduct and resolution of the Proceedings, in accordance with the terms and conditions that the Attorneys-in-Fact themselves determine and approve in due course. In particular, the Foreign Representatives are empowered to carry out all the Actions and perform the Engagements related to the Proceedings that are processed or carried out in the United States of America, including, on an illustrative but not limiting basis, the proceedings under Chapter 15 of the Bankruptcy Code of the United States of America."*

JOSÉ MARÍA ZAYAS PRADO

*"4. By virtue of the foregoing, a power of attorney of TV AZTECA, S.A.B. DE C.V. is hereby granted in favor of Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando, to be exercised insofar as the Proceedings are concerned, and under the terms indicated in each case:*

*A) GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS, TO BE EXERCISED INDIVIDUALLY OR JOINTLY, under the terms of the first paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with all the general powers including those powers requiring a special clause in accordance with articles 2582 and 2587 of the Federal Civil Code and their counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, among which the following are cited on an illustrative but not limiting basis:*

*To exercise all kinds of rights and actions before any authorities of the Federation, of the States, of Mexico City and of the Municipalities, whether in voluntary, contentious or mixed jurisdiction and whether they be civil, judicial or administrative authorities or labor authorities, whether these be Conciliation Boards or Arbitration Tribunals, Local or Federal; to answer complaints, to raise defenses and counterclaims; to submit to any jurisdiction; to submit to arbitrators; to propound and answer interrogatories; to challenge magistrates, judges, clerks, experts and other persons subject to challenge under the Law; to withdraw from the principal action and its incidental proceedings, from any remedy, including amparo, which they may bring as many times as they deem convenient, the Attorneys-in-Fact having all the powers established in article 12 of the Amparo Law; to render all kinds of evidence; to acknowledge signatures and documents, to object to these and to impugn them as false; to attend meetings, proceedings and auctions, to make bids, overbids and improvements and to obtain for the Company through the adjudication of all kinds of assets; by any title, to make assignments of rights; to settle, to formulate accusations, complaints and criminal charges in criminal or civil matters, to appear as a party in criminal cases or as a joint party with the Public Prosecutor's Office and to grant pardon where applicable; as well as to make and receive payments.*

*B) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, TO BE EXERCISED INDIVIDUALLY OR JOINTLY, in accordance with the provisions of the second paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with powers to carry out all the transactions inherent to the corporate purpose of the Company, having among others, mentioned on an illustrative but not limiting basis, those of entering into lease, bailment, loan, secured and unsecured credit, works and any other kind of agreements.*

*C) GENERAL POWER OF ATTORNEY FOR ACTS OF OWNERSHIP, TO BE EXERCISED JOINTLY BY 2 OF THE ATTORNEYS-IN-FACT DESIGNATED HEREIN, in accordance with the provisions of the third paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with powers to carry out all the transactions inherent to the corporate purpose of the Company.*

*D) GENERAL POWER OF ATTORNEY TO GRANT, EXECUTE AND ENDORSE NEGOTIABLE INSTRUMENTS ON BEHALF OF THE COMPANY, TO BE EXERCISED INDIVIDUALLY UP TO THE AMOUNT OF USD$100,000.00 (ONE HUNDRED THOUSAND DOLLARS 00/100 U.S. Cy.) AND JOINTLY BY 2 OF THE ATTORNEYS-IN-FACT DESIGNATED HEREIN IN AMOUNTS GREATER THAN USD$100,000.00 (ONE HUNDRED THOUSAND DOLLARS 00/100 U.S. Cy.), in accordance with article nine of the General Law on Negotiable Instruments and Credit Transactions. This power includes, on an illustrative but not limiting basis, powers to sign, endorse and guarantee negotiable instruments, to open and close bank accounts, both in the Mexican Republic and abroad, to make deposits and draw against*

JOSÉ MARÍA ZAYAS PRADO

*said bank accounts, as well as to carry out all types of electronic banking transactions and to designate persons to deposit into and draw against the company's accounts, setting the requirements they deem convenient."*

*"5. The Attorneys-in-Fact and, specifically, the Foreign Representatives, are empowered to perform or cause to be performed, in the name and on behalf of the Company, each and every one of the additional acts that, in their judgment, prove necessary, convenient or advisable, as well as to enter into, grant, formalize and execute, or cause to be entered into, granted, formalized or executed, all kinds of covenants, agreements, contracts, certifications and any other documents that must be executed by the Company or any of its subsidiaries or affiliates within the Proceedings. Likewise, they are empowered to incur, authorize and effect all such expenses, fees and other disbursements as, in their judgment, prove necessary or convenient, for the purpose of giving full compliance to, implementing and making effective each and every one of the resolutions adopted by means of this instrument."*

*"6. Finally, in addition to the powers conferred upon the Attorneys-in-Fact through this power of attorney, they are duly provided with funds by the Company, having at their disposal, for the performance of their respective functions, all the resources of any kind available to the principal, including without limitation those that prove necessary to meet the obligations of the Company. Likewise, there are hereby ratified, confirmed and approved each and every one of the acts, actions and steps that, in accordance with the applicable laws of Mexico and of the United States of America, have been performed, executed or carried out by the Attorneys-in-Fact or by the Foreign Representatives, in connection with the filing, pursuit and processing of the Proceedings, as well as any other acts, actions or steps related thereto."*

*ITEM TWO.- APPOINTMENT OF DELEGATES.*

*There being no other matter to address, there were designated as Delegates of this Meeting of the Board of Directors, Messrs. Fernando José Cabrera García, José Manuel Meillón del Pando and Denisse Andrea Rivas Rodríguez, so that, indistinctly any of them, should they deem it convenient or necessary, may appear before the Notary or Public Broker of their choice to formalize these minutes, grant the powers of attorney referred to in this Meeting under the terms thereof and, in general, so that they may carry out each and every one of the acts they deem necessary, in order that all of the resolutions adopted at this Shareholders' Meeting take full effect and that the necessary notices in accordance therewith be given to the pertinent authorities or institutions.*

*It is recorded that during the time in which the Meeting was held, from its commencement until its conclusion, the persons who participated therein were present at all times.*

*The Meeting was adjourned at 12:00 hours on the date hereof.*

*Rafael Rodríguez Sánchez.- Illegible signature.- Chairman.- Fernando José Cabrera García - Illegible signature.- Secretary....".*

STATEMENT UNDER PENALTY OF PERJURY.- The appearing party declares under penalty of perjury that the document being formalized hereby and the signatures appearing thereon are authentic, and the undersigned notary certifies that he has no indication whatsoever of the falsity of the minutes exhibited to him.

FOREIGN INVESTMENT.- The undersigned Notary hereby attests that the company whose document has been formalized in this instrument is not required to register with the National Registry of Foreign Investments.

JOSÉ MARÍA ZAYAS PEDRO

THE FOREGOING HAVING BEEN SET FORTH, the appearing party grants the following:

CLAUSES

FIRST.- The MINUTES of the MEETING OF THE BOARD OF DIRECTORS of the company named "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, held on August 13, 2026, and which have been transcribed in the thirtieth background item of this instrument, are hereby FORMALIZED at the express request and petition of Mrs. DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate.

SECOND.- Consequently, Mrs. DENISSE ANDREA RIVAS RODRÍGUEZ, in her capacity as Special Delegate of the Meeting whose minutes have been formalized in accordance with the preceding clause, FORMALIZES: the GRANTING of POWERS OF ATTORNEY in favor of Messrs. RAFAEL RODRÍGUEZ SÁNCHEZ, FERNANDO JOSÉ CABRERA GARCÍA and JOSÉ MANUEL MEILLÓN DEL PANDO, under the terms of the minutes transcribed in the thirtieth background item of this deed, which are hereby deemed reproduced in full as if inserted verbatim, to which I refer for purposes of clarity.

THIRD.- Likewise formalized are all the other resolutions adopted in the document that is the subject of the formalization, which are hereby deemed reproduced in full for all legal purposes.

I, THE NOTARY, ATTEST: I.- That in this protocol of Notary Office 211 of this Entity, pursuant to article 198 of the Notarial Law for Mexico City, we act indistinctly, JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, as its holder, and EDUARDO GARDUÑO GARCÍA VILLALOBOS, holder of notary office number 135, as associate; II.- That what is related and inserted herein agrees with the documents presented to me; III.- That I fully identified myself as a Notary before the appearing party; IV.- That the appearing party identifies herself as specified in the Identity Record that I add to the appendix of this deed marked with letter "B", whom I deem to have legal capacity for this act; V.- That I warned the appearing party of the penalties incurred by anyone who makes a false statement before a Notary; VI.- That I informed the appearing party of her right to read this instrument personally and to have its content explained to her by the undersigned Notary; VII.- That she stated as her personal particulars that she is: Mexican by birth, a native of Mexico City, where she was born on October 17, 1989, single, an attorney, with domicile at Periférico Sur número 4121, Colonia Fuentes del Pedregal, Demarcación Tlalpan, Código Postal 14140, in this Mexico City, and identifies herself with a voter identification card bearing number "1933654157", issued by the National Electoral Institute; and, VIII.- That, this deed having been read to the grantor herself, to whom I explained the value and legal consequences of its content, she ratified and signed it on the date hereof, on which I definitively authorize it.- I so attest.

SIGNATURE OF MRS. DENISSE ANDREA RIVAS RODRÍGUEZ.- SIGNATURE OF THE NOTARY.- The seal of authorization.

INSERTION:

ARTICLE 2554 OF THE CIVIL CODE FOR MEXICO CITY.

"In all general powers of attorney for lawsuits and collections, it shall suffice to state that they are granted with all the general powers and the special ones requiring a special clause in accordance with the Law, for them to be understood as conferred without any limitation whatsoever.

In general powers of attorney to administer property, it shall suffice to state that they are given with such character for the attorney-in-fact to have all kinds of administrative powers.

JOSÉ MARÍA ZAYAS

In general powers of attorney to perform acts of ownership, it shall suffice that they be given with such character, for the attorney-in-fact to have all the powers of an owner, both as regards the property and to take all kinds of steps in order to defend it.

Should it be desired to limit, in the 3 cases mentioned above, the powers of the attorneys-in-fact, the limitations shall be set forth or the powers of attorney shall be special.

Notaries shall insert this article in the certified copies of the powers of attorney they grant".

I ISSUE THIS SECOND CERTIFIED COPY, SECOND IN ITS ORDER, TAKEN FROM ITS ORIGINAL RECORD, ON 23 USEFUL PAGES, FOR THE COMPANY NAMED "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, BY WAY OF EVIDENCE.- IT WAS DULY COLLATED AND CORRECTED.- I SO ATTEST.- MEXICO CITY, ON AUGUST 14, 2026.

KCC/vmn*

[*Illegible signature*]
[*Seal of Notary Office 211 of Mexico City, Mr. José Eugenio Castañeda Escobedo*]

[*Kinegram*]

JOSÉ MARÍA ZAVAS PRADO

APPENDIX DOCUMENT LETTER "A" 191169

TV AZTECA, S.A.B. DE C.V.
MEETING OF THE BOARD OF DIRECTORS
AUGUST 13, 2026

In Mexico City, at 10:00 hours on August 13, 2026, there gathered at the domicile located at Periférico Sur número 4121, Colonia Fuentes del Pedregal, Alcaldía Tlalpan, C.P. 14140, the members of the Board of Directors of TV AZTECA, S.A.B. DE C.V. (the "Company"), Mr. Rafael Rodríguez Sánchez, Mr. Jorge Luis Zúñiga Montiel, Mr. Mauricio Zarza Cerecer, Mr. José Luis Delgado Molina and Mr. Jordi Oropeza Solórzano, in accordance with the attendance list attached to these minutes and forming an integral part thereof, for the purpose of holding a MEETING OF THE BOARD OF DIRECTORS of the Company (the "Meeting"), to which they were previously and duly summoned.

The Meeting was presided over by Mr. Rafael Rodríguez Sánchez, in his capacity as Chairman of the Board of Directors, and acting as Secretary was Mr. Fernando José Cabrera García, Secretary of the Company.

By virtue of the majority of the members of the Board of Directors of the Company being present at the Meeting, the Chairman declared it legally convened and, consequently, the resolutions and agreements adopted valid, in accordance with the provisions of the Company's bylaws, and proceeded to address the items contained in the following agenda, which was approved by unanimous vote of those present as follows:

AGENDA

I. Granting of Powers of Attorney.
II. Appointment of Delegates.

ITEM ONE.- Granting of Powers of Attorney.

In dispatch of the first item of the agenda, the Chairman stated to the Directors the need to empower the Company, through its attorneys-in-fact, to file such applications, petitions or pleadings as may be deemed convenient, necessary or advisable in connection with a certain insolvency proceeding under Chapter 15 of the Bankruptcy Code of the United States of America (in English, *chapter 15 of title 11 of the United States Code*) to be filed in the competent courts of the Southern District of New York, or any other court that may have jurisdiction (the "Proceedings"), inasmuch as it has been considered that said proceedings will respond favorably to the interests of the Company, its creditors, shareholders and any other parties related thereto.

By virtue of the foregoing, it will be necessary for the Company to grant a power of attorney of TV AZTECA, S.A.B. DE C.V. in favor of various officers thereof, in order to be able to commence the Proceedings. For such purposes, it was proposed to empower Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando, as attorneys-in-fact of the Company, who shall be sufficiently instructed and provided with funds, in order to represent the Company in the Proceedings.

The Directors, by unanimous vote, adopted the following:

RESOLUTIONS

"1. The Company is authorized to be empowered, through its attorneys-in-fact, to file such applications, petitions or pleadings as may be deemed convenient, necessary or advisable in connection with the

JOSÉ MARÍA ZAYAS PRADO

Proceedings, inasmuch as this Board of Directors considers that said same will better respond to the interests of, and are more beneficial for, the Company, its creditors, shareholders and any other interested parties."

"2. Without prejudice to the general powers of attorney that the Company has granted to various persons, including, where applicable, those empowered below, there are hereby granted in favor of Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando (hereinafter, the "Attorneys-in-Fact") the special powers of attorney that may be necessary, as to their subject matter and scope, to carry out the Proceedings, as well as to grant, execute and file the applications, petitions or pleadings referred to in the preceding resolution, and to order their filing before any competent court or tribunal in Mexico or, as determined by the Attorneys-in-Fact, before the United States Bankruptcy Court, whether of the Southern District of New York, or any other that may prove competent, and that has jurisdiction in any of the judicial districts of the United States of America that the Attorneys-in-Fact themselves determine in due course, as may be applicable.

Likewise, Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando are designated and authorized to act jointly or severally, indistinctly, any of them, as foreign representatives (hereinafter, the "Foreign Representatives") of the Company and with respect to its assets and rights, in connection with the Proceedings, including, on an illustrative but not limiting basis, the power to perform, grant, execute and file all kinds of actions, applications, petitions, pleadings and other documents related to the Proceedings before any United States Bankruptcy Court before which the Foreign Representatives determine in due course to plead or appear.

"3. The Attorneys-in-Fact are empowered to bring, pursue, file, formulate, grant and execute all kinds of claims, remedies, appeals, petitions, applications, evidence, exhibits, schedules and any other documents or pleadings, as well as to carry out each and every one of the acts they deem necessary, convenient or appropriate in connection with the Proceedings (the "Actions"). For such purposes, the Attorneys-in-Fact are likewise empowered to retain and appoint all kinds of legal advisors and consultants of any other nature, including, on an illustrative but not limiting basis, financial advisors, investors, investment bankers, accountants and restructuring specialists, among others (the "Engagements"), that the Attorneys-in-Fact deem necessary, convenient or appropriate to procure the best conduct and resolution of the Proceedings, in accordance with the terms and conditions that the Attorneys-in-Fact themselves determine and approve in due course. In particular, the Foreign Representatives are empowered to carry out all the Actions and perform the Engagements related to the Proceedings that are processed or carried out in the United States of America, including, on an illustrative but not limiting basis, the proceedings under Chapter 15 of the Bankruptcy Code of the United States of America."

"4. By virtue of the foregoing, a power of attorney of TV AZTECA, S.A.B. DE C.V. is hereby granted in favor of Messrs. Rafael Rodríguez Sánchez, Fernando José Cabrera García and José Manuel Meillón del Pando, to be exercised insofar as the Proceedings are concerned, and under the terms indicated in each case:

A) GENERAL POWER OF ATTORNEY FOR LAWSUITS AND COLLECTIONS, TO BE EXERCISED INDIVIDUALLY OR JOINTLY, under the terms of the first paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with all the general powers including those powers requiring a special clause in accordance with articles 2582 and 2587 of the Federal Civil Code and their counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, among which the following are cited on an illustrative but not limiting basis:

   To exercise all kinds of rights and actions before any authorities of the Federation, of the States, of Mexico City and of the Municipalities, whether in voluntary, contentious or mixed jurisdiction and

JOSÉ MARÍA ZAYAS PRADO

whether they be civil, judicial or administrative authorities or labor authorities, whether these be Conciliation Boards or Arbitration Tribunals, Local or Federal; to answer complaints, to raise defenses and counterclaims; to submit to any jurisdiction; to submit to arbitrators; to propound and answer interrogatories; to challenge magistrates, judges, clerks, experts and other persons subject to challenge under the Law; to withdraw from the principal action and its incidental proceedings, from any remedy, including amparo, which they may bring as many times as they deem convenient, the Attorneys-in-Fact having all the powers established in article 12 of the Amparo Law; to render all kinds of evidence; to acknowledge signatures and documents, to object to these and to impugn them as false; to attend meetings, proceedings and auctions, to make bids, overbids and improvements and to obtain for the Company through the adjudication of all kinds of assets; by any title, to make assignments of rights; to settle, to formulate accusations, complaints and criminal charges in criminal or civil matters, to appear as a party in criminal cases or as a joint party with the Public Prosecutor's Office and to grant pardon where applicable; as well as to make and receive payments.

B) GENERAL POWER OF ATTORNEY FOR ACTS OF ADMINISTRATION, TO BE EXERCISED INDIVIDUALLY OR JOINTLY, in accordance with the provisions of the second paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with powers to carry out all the transactions inherent to the corporate purpose of the Company, having among others, mentioned on an illustrative but not limiting basis, those of entering into lease, bailment, loan, secured and unsecured credit, works and any other kind of agreements.

C) GENERAL POWER OF ATTORNEY FOR ACTS OF OWNERSHIP, TO BE EXERCISED JOINTLY BY 2 OF THE ATTORNEYS-IN-FACT DESIGNATED HEREIN, in accordance with the provisions of the third paragraph of article 2554 of the Federal Civil Code and its counterparts in each and every one of the Civil Codes of the Federal Entities of the United Mexican States and of Mexico City, with powers to carry out all the transactions inherent to the corporate purpose of the Company.

D) GENERAL POWER OF ATTORNEY TO GRANT, EXECUTE AND ENDORSE NEGOTIABLE INSTRUMENTS ON BEHALF OF THE COMPANY, TO BE EXERCISED INDIVIDUALLY UP TO THE AMOUNT OF USD$100,000.00 (ONE HUNDRED THOUSAND DOLLARS 00/100 U.S. Cy.) AND JOINTLY BY 2 OF THE ATTORNEYS-IN-FACT DESIGNATED HEREIN IN AMOUNTS GREATER THAN USD$100,000.00 (ONE HUNDRED THOUSAND DOLLARS 00/100 U.S. Cy.), in accordance with article nine of the General Law on Negotiable Instruments and Credit Transactions. This power includes, on an illustrative but not limiting basis, powers to sign, endorse and guarantee negotiable instruments, to open and close bank accounts, both in the Mexican Republic and abroad, to make deposits and draw against said bank accounts, as well as to carry out all types of electronic banking transactions and to designate persons to deposit into and draw against the company's accounts, setting the requirements they deem convenient."

"5. The Attorneys-in-Fact and, specifically, the Foreign Representatives, are empowered to perform or cause to be performed, in the name and on behalf of the Company, each and every one of the additional acts that, in their judgment, prove necessary, convenient or advisable, as well as to enter into, grant, formalize and execute, or cause to be entered into, granted, formalized or executed, all kinds of covenants, agreements, contracts, certifications and any other documents that must be executed by the Company or any of its subsidiaries or affiliates within the Proceedings. Likewise, they are empowered to incur, authorize and effect all such expenses, fees and other disbursements as, in their judgment, prove necessary or convenient, for the purpose of giving full compliance to, implementing and making effective each and every one of the resolutions adopted by means of this instrument."

JOSÉ MARÍA ZAYAS PRADO

"6. Finally, in addition to the powers conferred upon the Attorneys-in-Fact through this power of attorney, they are duly provided with funds by the Company, having at their disposal, for the performance of their respective functions, all the resources of any kind available to the principal, including without limitation those that prove necessary to meet the obligations of the Company. Likewise, there are hereby ratified, confirmed and approved each and every one of the acts, actions and steps that, in accordance with the applicable laws of Mexico and of the United States of America, have been performed, executed or carried out by the Attorneys-in-Fact or by the Foreign Representatives, in connection with the filing, pursuit and processing of the Proceedings, as well as any other acts, actions or steps related thereto."

ITEM TWO.- Appointment of Delegates.

There being no other matter to address, there were designated as Delegates of this Meeting of the Board of Directors, Messrs. Fernando José Cabrera García, José Manuel Meillón del Pando and Denisse Andrea Rivas Rodríguez, so that, indistinctly any of them, should they deem it convenient or necessary, may appear before the Notary or Public Broker of their choice to formalize these minutes, grant the powers of attorney referred to in this Meeting under the terms thereof and, in general, so that they may carry out each and every one of the acts they deem necessary, in order that all of the resolutions adopted at this Shareholders' Meeting take full effect and that the necessary notices in accordance therewith be given to the pertinent authorities or institutions.

It is recorded that during the time in which the Meeting was held, from its commencement until its conclusion, the persons who participated therein were present at all times.

The Meeting was adjourned at 12:00 hours on the date hereof.

[*Illegible signature*]
Rafael Rodríguez Sánchez
Chairman

[*Illegible signature*]
Fernando José Cabrera García
Secretary

JOSÉ MARÍA ZAVAS PRADO

ATTENDANCE LIST OF THE MEETING
OF THE BOARD OF DIRECTORS OF
TV AZTECA, S.A.B. DE C.V.
AUGUST 13, 2026 AT 10:00 HOURS

| DIRECTOR | SIGNATURE |
|---|---|
| Rafael Rodríguez Sánchez<br>Chairman | [*Illegible signature*] |
| Jorge Luis Zúñiga Montiel<br>Related Full Member | [*Illegible signature*] |
| Mauricio Zarza Cerecer<br>Independent Full Member | [*Illegible signature*] |
| José Luis Delgado Molina<br>Independent Full Member | [*Illegible signature*] |
| Jordi Oropeza Solorzano [Sic.]<br>Independent Full Member | [*Illegible signature*] |
| Fernando José Cabrera García<br>Secretary | [*Illegible signature*] |

By means hereof, we hereby record our attendance at the referenced Meeting of the Board of Directors, in addition to the timely and proper receipt of the respective notice, under the terms of the bylaws.

JOSÉ MARÍA ZAYAS BRAVO

APPENDIX DOCUMENT LETTER "B" 191169

*[Front of the voter identification card]*

MEXICO
NATIONAL ELECTORAL INSTITUTE
VOTER IDENTIFICATION CARD

*[Photograph of the holder, hologram and national coat of arms]*
NAME: RIVAS RODRIGUEZ DENISSE ANDREA
ADDRESS: - EDIFICIO MANUEL PAYNO B 202 U HAB EL ROSARIO 02100 AZCAPOTZALCO, CDMX
VOTER KEY: RVRDDN89101709M500
CURP: RIRD891017MDFVDN05
YEAR OF REGISTRATION: 2007 01
STATE: 09
MUNICIPALITY: 002
SECTION: 0155
LOCALITY: 0001
ISSUANCE: 2019
VALID UNTIL: 2029
DATE OF BIRTH: 10/17/1989
SEX: M (Mujer — female)

*[Back of the voter identification card]*

*[Barcode, QR code and two-dimensional code]*
*[Signature of the holder and fingerprint]*
*[Illegible signature]*

EDMUNDO JACOBO MOLINA
EXECUTIVE SECRETARY OF THE
NATIONAL ELECTORAL INSTITUTE

IDMEX1933654157<<0155079087059
8910174M2912316MEX<01<<40745<1
RIVAS<RODRIGUEZ<<DENISSE<ANDRE

JOSE MARIA ZAYAS PRADO

**THE UNDERSIGNED, CERTIFIED TRANSLATOR IN ENGLISH AND SPANISH AUTHORIZED BY THE SUPERIOR COURT OF JUSTICE OF MEXICO CITY, ACCORDING TO DECREE 42-04/2024, ISSUED BY THE JUDICIARY COUNCIL OF MEXICO CITY IN SESSION OF FEBRUARY 13, 2024 AND PUBLISHED IN THE JUDICIAL GAZETTE OF FEBRUARY 23, 2024, HEREBY CERTIFY THAT THIS IS A TRUTHFUL AND ACCURATE TRANSLATION TO ENGLISH FROM ITS ORIGINAL IN SPANISH, WHICH IS FORMED BY 25 PAGES ON THE OBVERSE.**

**MEXICO CITY, AUGUST 24, 2026**

FINLEX
PERITO TRADUCTOR AUTORIZADO
JOSÉ MARÍA
ZAYAS PRADO
TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO
TRANSLATIONS

**JOSÉ MARÍA ZAYAS PRADO**

80

August 13, 2026

**Mr. Rafael Rodríguez Sánchez**
Periférico Sur 4121,
Col. Fuentes del Pedregal,
14140, Mexico City, Mexico
rrodriguezs@tvazteca.com.mx

**Ref: Foreign Representative of TV Azteca, S.A.B. de C.V.**

Dear Mr. Rodríguez,

On July 6, 2026, the 1st Federal District Court for Bankruptcy Matters with residence in Mexico City and jurisdiction throughout the United Mexican States (the "Mexican Bankruptcy Court") issued a declaration of *concurso mercantil* with respect to **TV Azteca, S.A.B. de C.V.** (the "Company"), thereby commencing the business reorganization proceeding of the Company (the "Mexican Proceeding") pursuant to the *Ley de Concursos Mercantiles*.

I am writing to notify you that as the legal representative and Board of Directors' special delegate of the Company, I appoint you to act as a Foreign Representative. As such, you are authorized to, including but no limited to (i) commence, if and when needed, any ancillary recognition or other proceeding in support of the Mexican Proceeding before any United States of America court including but not limited to United States Federal District Courts and United States Bankruptcy Courts, and all other courts, without restriction or limitation, in respect of any matter whatsoever (a "Supporting Foreign Proceeding"), including the filing of a proposed petition and proposed verified petition seeking recognition of the Mexican Proceeding under chapter 15 of title 11 of the United States Code, and any other applicable United States legislation and/or relevant court rules (the "Chapter 15 Proceedings"), (ii) seek all relief available to a foreign representative and take all actions on behalf of the Company in such Supporting Foreign Proceeding, and any other and further relief that you deem prudent in support of the Mexican Proceeding, (iii) take any and all actions on behalf of the Company (to the extent permitted by applicable law) that you deem necessary, and (iv) if applicable, act as the agent of the Company in administering the reorganization of the Company's assets and affairs in any Supporting Foreign Proceeding.

Subject to Mexican Court approval (to the extent necessary), you are authorized to retain and employ professionals to render services to the Company in connection with the Chapter 15 Proceeding. Such professionals shall include, but not limited to Sullivan & Cromwell, LLP. to act as counsel to the Company and to you in connection with the Chapter 15 Proceedings and to act as local New York legal counsel. You are authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals. Furthermore, you are authorized and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of these resolutions.

SIN TEXTO

Please note that a copy of this letter (with an accompanying Spanish translation) will be presented to the Mexican Bankruptcy Court for purposes of keeping the Mexican Bankruptcy Court duly informed.

Best regards,

Denisse Andrea Rivas Rodríguez
Legal Representative of TV Azteca, S.A.B. de C.V.

**LICENCIADO EDUARDO GARDUÑO GARCÍA VILLALOBOS,** titular de la notaría número ciento treinta y cinco de la Ciudad de México, actuando como asociado en el protocolo de la notaría doscientos once de esta misma Capital, de la que es titular el Licenciado **JOSÉ EUGENIO CASTAÑEDA ESCOBEDO, HAGO CONSTAR**: Que ante mí compareció la licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ,** en su carácter de Apoderada de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE;** quien a mi juicio tiene capacidad legal para este acto; y en mi presencia reconoció como suya la firma que calza el presente documento, constante dos páginas útiles; por haber sido puesta de su puño y letra, y ser la misma que utiliza para todos sus actos legales y ratifica en todas sus partes el contenido del mismo, de conformidad con el artículo ciento treinta y ocho de la Ley del Notariado para la Ciudad de México. ----------------------------------------------------

------------------------------------------ **PERSONALIDAD** ------------------------------------------

----- La licenciada **DENISSE ANDREA RIVAS RODRÍGUEZ,** acredita su carácter de Apoderada de **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** con escritura número **ciento sesenta mil cuatrocientos cuarenta y seis,** de fecha veintitrés de diciembre de dos mil veintiuno, otorgada ante el suscrito notario, Eduardo Garduño García Villalobos, actuando como asociado en el protocolo de la notaría doscientos once de esta misma Ciudad, de la que es titular el licenciado José Eugenio Castañeda Escobedo, instrumento por el que se otorgaron poderes en su favor. ------------------------------------------------------------------

----- De dicho instrumento transcribo en su parte conducente, lo siguiente: --------------------------

-----*"... hago constar; el PODER GENERAL, que otorga la sociedad denominada "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, representada por su Apoderado General, licenciado RAFAEL RODRÍGUEZ SÁNCHEZ, en favor de los señores JOSÉ MANUEL MEILLÓN DEL PANDO y* ***DENISSE ANDREA RIVAS RODRÍGUEZ****. y que se consigna al tenor de la siguiente: CLÁUSULA ÚNICA.- La sociedad denominada "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, representada como al principio se indicó, CONFIERE y OTORGA en favor de los señores JOSÉ MANUEL MEILLÓN DEL PANDO y* ***DENISSE ANDREA RIVAS RODRÍGUEZ****, para que lo ejerciten CONJUNTA o SEPARADAMENTE, los siguientes poderes y facultades: A) PODER GENERAL PARA PLEITOS Y COBRANZAS, de conformidad con el primer párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil Federal y del Código Civil para la Ciudad de México, así como sus correlativos de los Códigos Civiles de todos los Estados de la República, pero sin que se comprenda la facultad de hacer cesión de bienes, con todas las facultades generales e incluyendo aquellos poderes que requieran cláusula especial de acuerdo a la ley, entre las que de una manera enunciativa, pero no*

*limitativa, se citan las siguientes: ejercer toda clase de derechos y acciones ante cualesquiera autoridades de la federación, de los estados, de la Ciudad de México y de los municipios, ya sea en jurisdicción voluntaria, contenciosa o mixta y se trate de autoridades civiles, judiciales, administrativas o bien del trabajo, sean éstas juntas de conciliación o tribunales de arbitraje, locales o federales; contestar demandas, oponer excepciones y reconvenciones; someterse a cualquier jurisdicción; articular y absolver posiciones; recusar magistrados, jueces, secretarios, peritos y demás personas recusables en derecho; desistirse de lo principal, de sus incidentes, de cualquier recurso y del amparo, el que podrá promover cuantas veces lo estime conveniente; rendir toda clase de pruebas; reconocer firmas y documentos y objetar éstos; asistir a juntas, diligencias y almonedas; hacer posturas, pujas y mejoras y obtener para la Sociedad poderdante adjudicación de toda clase de bienes y, por cualquier título, formular acusaciones, denuncias y querellas; otorgar el perdón y constituirse en parte en causas criminales o coadyuvantes del ministerio público, causas en las cuales podrán ejercitar las más amplias facultades que el caso requiera. B) PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN, de conformidad con lo previsto en el segundo párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil Federal y del Código Civil para la Ciudad de México, así como sus correlativos de los Códigos Civiles de todos los Estados de la República, con facultades para realizar todas las operaciones inherentes al objeto de la Sociedad, teniendo entre otras, que se mencionan en forma enunciativa pero no limitativa, las de celebrar contratos de arrendamiento, de comodato, de mutuo y de crédito, de obra, de prestación de servicios y de cualquier otra índole.- PERSONALIDAD.- El licenciado RAFAEL RODRÍGUEZ SÁNCHEZ, me acredita su carácter de apoderado de la sociedad denominada "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, con el primer testimonio de la escritura número noventa y nueve mil trescientos setenta y siete, de fecha diecinueve de noviembre de dos mil catorce, otorgada ante el Licenciado José Eugenio Castañeda Escobedo, titular de la notaría número doscientos once de esta Ciudad, el cual quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se le otorgaron poderes al señor RAFAEL RODRÍGUEZ SÁNCHEZ, en los términos que constan en lo que de dicho documento que tuve a la vista y que transcribo a continuación: "......hago constar los PODERES GENERALES que se consignan al tenor de la siguiente: CLAUSULA.- ÚNICA.- La sociedad denominada "TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE, representada por el señor Licenciado FRANCISCO XAVIER BORREGO HINOJOSA LINAGE, CONFIERE y OTORGA en favor del señor RAFAEL RODRÍGUEZ SÁNCHEZ, los siguientes PODERES y FACULTADES: A.- Para que lo ejercite individualmente, PODER GENERAL PARA PLEITOS Y COBRANZAS, con todas las facultades generales y aún con las especiales que de acuerdo con la ley requieran poder o cláusula especial, pero sin que se comprendan las facultades de hacer cesión de bienes, en los términos del párrafo primero del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y sus correlativos de los Códigos Civiles de los Estados de la República Mexicana y del*

*Código Civil Federal.- - De manera enunciativa y no limitativa se mencionan entre otras facultades las siguientes: I.- Para intentar y desistirse de toda clase de procedimientos, inclusive amparo. II.- Para transigir. III.- Para comprometer en árbitros. IV.- Para absolver y articular posiciones. V.- Para recusar. VI.- Para recibir pagos. VII.- Para presentar denuncias y querellas en materia penal y para desistirse de ellas cuando lo permita la ley. B.- Para que lo ejercite individualmente, PODER GENERAL PARA ACTOS DE ADMINISTRACIÓN, que se otorga en los términos del segundo párrafo del artículo dos mil quinientos cincuenta y cuatro del Código Civil para el Distrito Federal y de sus correlativos del Código Civil Federal y de los Códigos Civiles de los Estados de la República Mexicana. C.- Para que lo ejerza en forma conjunta con otro apoderado que tenga la misma facultad, PODER PARA SUSCRIBIR Y OTORGAR TODA CLASE DE TÍTULOS DE CRÉDITO, en los términos del artículo noveno de la Ley General de Títulos y Operaciones de Crédito y de su correlativo del ordenamiento de cualquier otro lugar. D.- FACULTAD para OTORGAR PODERES GENERALES o ESPECIALES y REVOCARLOS dentro del límite de sus facultades, únicamente respecto de los poderes generales para pleitos y cobranzas y para actos de administración a que se refieren los incisos A) y B) anteriores. El apoderado designado ejercitará las facultades establecidas en los incisos anteriores, ante toda clase de autoridades Administrativas o Judiciales, inclusive de carácter Federal, Estatal o Municipal, Organismos Descentralizados y ante personas físicas y morales. PERSONALIDAD.- El señor Licenciado FRANCISCO XAVIER BORREGO HINOJOSA LINAGE, acredita su carácter de Apoderado de la sociedad denominada "TV AZTECA", SOCIEDAD ANÓNIMA BÚRSATIL DE CAPITAL VARIABLE, (antes "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE), con copia certificada de la escritura número ocho mil doscientos ochenta y siete, de fecha primero de junio de mil novecientos noventa y nueve, otorgada ante el señor Licenciado José Luis Villavicencio Castañeda, titular de la notaria número doscientos dieciocho del Distrito Federal, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número "167346" (ciento sesenta y siete mil trescientos cuarenta y seis), instrumento por el que se hizo constar la protocolización del Acta de Sesión del Consejo de Administración de "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE (hoy "TV AZTECA", SOCIEDAD ANÓNIMA BÚRSATIL DE CAPITAL VARIABLE), celebrada el día diecinueve de noviembre de mil novecientos noventa y ocho, que tomó entre otros, el acuerdo de otorgar los poderes que constan en lo que de dicho documento que tuve a la vista, transcribo a continuación: "...hago constar PROTOCOLIZACIÓN DE ACTA DE SESIÓN DEL CONSEJO DE ADMINISTRACIÓN de "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, representada, por el señor FRANCISCO XAVIER BORREGO HINOJOSA LINAGE, como Delegado permanente, de acuerdo a los siguientes antecedentes y cláusulas: ANTECEDENTES.- Declara el compareciente. UNO.- ANTECEDENTES DE LA SOCIEDAD. I.- CONSTITUCIÓN. - Que por escritura número sesenta y dos mil ciento diez, de fecha dos de junio de mil novecientos noventa y tres, ante el licenciado Joaquín Talavera Sánchez, Notario numero Cincuenta del Distrito Federal, inscrita en el Registro Público de Comercio del Distrito Federal, en el Folio*

*Mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, se constituyó "CONTROLADORA MEXICANA DE COMUNICACIONES", Sociedad Anónima de Capital Variable, con domicilio en México, Distrito Federal, duración de noventa y nueve años, cláusula de exclusión de extranjeros, capital social mínimo de CINCUENTA MIL NUEVOS PESOS, Moneda Nacional, actualmente CINCUENTA MIL PESOS, Moneda Nacional. II.- AUMENTO.- Que por diversas escrituras se ha aumentado el capital social de la sociedad, siendo el último aumento, el contenido en la escritura número cuarenta y dos mil cuatrocientos cuarenta y siete, de fecha dos de agosto de mil novecientos noventa y cinco, ante el licenciado Armando Gálvez Pérez Aragón, Notario número Ciento tres del Distrito Federal, inscrita en el citado Registro y Folio, en la que se hizo constar la protocolización del acta de asamblea general Extraordinaria de Accionistas de la sociedad, de fecha veintitrés de junio de mil novecientos noventa y cinco, en el que se acordó la reforma total de sus Estatutos Sociales. En dicha escritura consta que la denominación actual de la sociedad es "CONTROLADORA MEXICANA DE COMUNICACIONES", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, domicilio en México, Distrito Federal, duración de noventa y nueve años, capital social mínimo fijo de dos mil trescientos veinticinco millones doscientos nueve mil trescientos sesenta y ocho pesos, moneda nacional, máximo ilimitado y cláusula de exclusión de extranjeros. III.- CAMBIO DE DENOMINACIÓN.- Que por escritura número cuarenta y nueve mil trescientos diecisiete, de fecha tres de septiembre de mil novecientos noventa y seis, ante el mismo Notario que la anterior, inscrita en el citado Registro y Folio, en la que se hizo constar la protocolización del acta de Asamblea General Extraordinaria de Accionistas de la sociedad, de fecha dieciocho de julio de mil novecientos noventa y seis, en la que se acordó cambiar la denominación social por la de "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, reformándose al efecto la cláusula primera de sus Estatutos Sociales.- IV.- REFORMA.- Que por póliza numero ochocientos sesenta y tres, de fecha treinta y uno de enero de mil novecientos noventa y siete, ante el licenciado Mauricio Oropeza Estrada, Corredor Público número catorce para la Plaza del Distrito Federal, inscrita en el citado Registro y Folio, en la que se hizo constar la protocolización del acta de asamblea general extraordinaria de accionistas de la sociedad, de fecha veinte de enero de mil novecientos noventa y siete, se acordó reformar los artículos décimo segundo y décimo cuarto de sus estatutos sociales. V.- REFORMA TOTAL DE ESTATUTOS.- Que por escritura número diez mil cuatrocientos setenta y cinco, de fecha cinco de agosto de mil novecientos noventa y siete, ante el licenciado Joel Chirino Castillo, Notario número Noventa del Distrito Federal, inscrita en el citado Registro y Folio, en la que se hizo constar la protocolización del acta de asamblea general extraordinaria de accionistas de la sociedad, de fecha diecisiete de julio de mil novecientos noventa y siete, se acordó la reforma total de los estatutos sociales… En dicha escritura consta que la denominación de la sociedad es "TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, con domicilio en México, Distrito Federal, duración de noventa y nueve años, contados a partir de la fecha de inscripción de la escritura constitutiva en el Registro Público de la Propiedad y del Comercio del Distrito Federal, capital social mínimo fijo de un*

*mil seiscientos noventa y cuatro millones seiscientos doce mil ciento cuarenta y siete pesos, moneda nacional, máximo ilimitado y cláusula de exclusión de extranjeros. De dicha escritura copio, en lo conducente, lo que sigue: ... CUARTA.- El objeto de la sociedad es: 1.- Promover, constituir, organizar, explotar y tomar participación en el capital y patrimonio de todo género de sociedades mercantiles, civiles, asociaciones o empresas industriales, comerciales de servicios o de cualquier otra Índole, tanto nacionales como extranjeras, así como participar en su administración o liquidación. 2.- Recibir de otras sociedades y personas, así como proporcionar a aquellas sociedades en las que sea socio o accionista o a otras sociedades, todos aquellos servicios que sean necesarios para el logro de sus finalidades, tales como servicios legales, administrativos, financieros, de tesorería, auditoria, mercadotecnia, preparación de balances y presupuestos, elaboración de programas y manuales; análisis de resultados de operación, evaluación de información sobre productividad y de posibles financiamientos, y la preparación de estudios acerca de la disponibilidad de capital, entre otros. 3.- Adquirir acciones, intereses o participaciones en otras sociedades mercantiles o civiles, ya sea formando parte en su constitución o adquiriendo acciones o participaciones en las ya constituidas, así como enajenar o negociar tales acciones o participaciones y todo tipo de título valor permitido por la Ley. 4.- Prestar, contratar y recibir toda clase de servicios técnicos.- consultivos, de capacitación y de asesoría y celebrar contratos o convenios para la realización de estos fines. 5.- Celebrar todo tipo de convenios con el Gobiemo Federal o los gobiemos locales o con entidades públicas o privadas, personas físicas o morales, nacionales o extranjeras. 6.- Emitir, suscribir, aceptar, endosar y avalar títulos de crédito, valores mobiliarios y otros documentos que la Ley permita. 7.- Adquirir; enajenar, arrendar, subarrendar, y otorgar el uso, goce, disposición o en general la explotación de toda clase de bienes muebles o inmuebles, incluyendo sus partes o accesorios. 8.- Proporcionar o recibir toda clase de asistencia o servicios técnicos y profesionales. 9.-Realizar, supervisar o contratar por cuenta propia o de terceros, toda clase de construcciones edificaciones, conjuntos inmobiliarios, fraccionamientos, edificios o instalaciones para oficinas o establecimientos de empresas comerciales, industriales, deportivas, turísticas, así como para habitaciones. 10.- Obtener y conceder todo tipo de préstamos otorgando y recibiendo garantías específicas, emitir obligaciones y pagarés, aceptar, girar, endosar o avalar toda clase de títulos de crédito y otros documentos que amparen derechos de crédito y otorgar fianzas o garantías de cualquier clase, respecto de las obligaciones contraídas o de los títulos emitidos o aceptados por terceros. 11.- Registrar, comprar, arrendar, ceder, renovar, comprobar el uso y disponer de marcas, patentes, certificados de invención, nombres comerciales, dibujos industriales, avisos comerciales registros de modelos, derechos de autor invenciones y procesos y todos los demás derechos de propiedad industrial e intelectual. 12.- Adquirir en propiedad o en arrendamiento toda - clase de bienes muebles o inmuebles, así como derechos reales o personales sobre ellos que sean necesarios o convenientes para su objeto social o para las operaciones de las sociedades mercantiles o civiles, asociaciones e instituciones, en las que la sociedad tenga Interés o participación. 13.- Establecer, arrendar, operar y poseer plantas, fábricas talleres,*

LIC. EDUARDO GARDUÑO GARCÍA VILLALOBOS ESTADOS UNIDOS MEXICANOS CIUDAD DE MÉXICO

*bodegas, instalaciones, oficinas y agencias, así como institutos y escuelas de capacitación o consultoría en México o en el extranjero, en términos de la legislación aplicable. 14.- Actuar como comisionista, mediador, distribuidor o intermediario y aceptar el desempeño de representaciones de negociaciones de toda especie; 15.- Otorgar garantías en cualquier forma permitida por la ley, en relación con obligaciones contraídas por la sociedad o por terceras personas. 16.- En general, realizar todo género de actos de comercio y celebrar todo tipo de contratos y convenios, así como operaciones de cualquier naturaleza que sean convenientes para la realización de los objetos anteriores, en los términos de Ley...FACULTADES DEL CONSEJO DE ADMINISTRACIÓN.- TRIGÉSIMA PRIMERA.- El Consejo de Administración es el representante legal de la sociedad y, por consiguiente, estará investido y tendrá las siguientes facultades y obligaciones: 1.- Ejercer el poder de la sociedad para pleitos y cobranzas que se otorga con todas las facultades generales y especiales que requieran cláusula especial de acuerdo con la Ley, el que se le confiere sin limitación alguna, de conformidad con lo establecido en el primer párrafo del Artículo 2554 del Código Civil para el Distrito Federal y en sus correlativos de los Códigos Civiles de todos los Estados de la República; el Consejo de Administración estará, por consiguiente, facultado, en forma enunciativa más no limitativa, para: desistirse de las acciones que intentare aún de juicios de ampara (así), transigir, someterse a arbitraje; articular y absolver posiciones; hacer cesión de bienes, recusar jueces, recibir pagos; y ejecutar todos los actos expresamente determinados por la Ley, entre los que se incluyen representar a la sociedad ante autoridades judiciales y administrativas, penales civiles o de otra índole, con la facultad de presentar denuncias y querellas penales, otorgar perdones, para constituirse en parte ofendida o coadyuvante con el Ministerio Publico en los procedimientos de orden penal, ante autoridades y tribunales de trabajo y ante la Secretaría de Relaciones Exteriores para celebrar convenios con el Gobierno Federal, en los términos de las fracciones primera y cuarta del Artículo Veintisiete Constitucional, su Ley Orgánica y los Reglamentos de ésta. 2.- Poder para actos de administración, de acuerdo con lo estipulado en el párrafo segundo del Artículo 2554 del Código Civil para el Distrito Federal y artículos correlativos de los Códigos Civiles de todos los Estados de la República por consiguiente estará facultado para designar y remover libremente al Director General y a los Gerentes Generales o Especiales y a los demás funcionarios, apoderados, agentes y empleados de la sociedad, señalándoles sus facultades, obligaciones, condiciones de trabajo, remuneraciones y garantías que deban prestar. 3.- Poder para adquirir y enajenar acciones y partes sociales de otras sociedades, en el entendimiento de que el Consejo de Administración requerirá de la autorización de la asamblea ordinaria de accionistas, para aprobar, en todo caso, la adquisición o enajenación de dichas acciones o partes sociales o el ejercicio del derecho de retiro en los siguientes supuestos: a.- Cuando el valor de adquisición de acciones o partes sociales de otra sociedad, por virtud de una o varias adquisiciones simultáneas o sucesivas, exceda del veinte por ciento del valor del capital contable, según el último estado de posición financiera de esta sociedad. No se requerirá la aprobación por la asamblea general de accionistas en el caso de que se adquieran acciones o partes sociales de otras*

*sociedades, cuyas actividades sean coincidentes con las actividades industriales, comerciales o de servicios de esta sociedad. b.- Cuando el valor de enajenación de acciones o partes sociales de otras sociedades por virtud de una o varias enajenaciones simultáneas o sucesivas, excedan del veinte por ciento del valor del capital contable, según el último estado de posición financiera de esta sociedad, se requerirá asimismo la aprobación de la asamblea general de accionistas en el caso de que se enajenen acciones o partes sociales, si tal enajenación implica, por virtud de una o varias operaciones, simultáneas o sucesivas, la pérdida del control de la sociedad, cuyas actividades sean coincidentes con las actividades industriales, comerciales o de servicios de esta sociedad, y; c.- Para ejercitar en los términos del Artículo 220 de la Ley General de Sociedades Mercantiles el derecho de retiro que corresponda a las acciones de alguna de las sociedades de capital variable de que sea accionista esta sociedad cuando ello represente, por virtud de uno o varios actos simultáneos o sucesivos, el reembolso de acciones cuyo valor exceda del veinte por ciento del valor del capital contable de esta sociedad, según el último estado de posición financiera de esta sociedad. Se requerirá, asimismo, la aprobación de la asamblea general de accionistas en el caso de que el retiro implique, por virtud de uno o varios actos simultáneos o sucesivos, la pérdida del control de la sociedad de que se trate cuyas actividades sean coincidentes con las actividades industriales, comerciales o de servicios de esta sociedad. Cuando la compra o venta de acciones partes sociales de otra sociedad en la que esta Sociedad sea accionista, se realice de o a empresas en las que esta Sociedad sea propietaria de más del cincuenta y uno por ciento de su capital o por cualquier otra forma que tenga el control de la misma, no se aplicará lo establecido en los incisos a) y b) de este punto tres. 4.- Poder para actos de dominio en los términos del tercer párrafo del Artículo 2554 del Código Civil para el Distrito Federal y de sus articulos correlativos de los Códigos Civiles de todos los Estados de la República. 5.- Poder para emitir, suscribir, avalar y en cualquier otra forma negociar toda clase de títulos de crédito en nombre de la sociedad y sus subsidiarias, en los términos del artículo noveno de la Ley General de Títulos y Operaciones de Crédito y designar a las personas facultadas para realizar dichos actos. 6.- Poder para abrir y cancelar cuentas bancarias a nombre de la sociedad, así como para hacer depósitos y girar y librar contra ellos y autorizar y designar personas que giren o libren en contra de las mismas. 7.- Facultad de convocar a asambleas ordinarias, extraordinarias o especiales de accionistas, en todos los casos previstos por estos estatutos, o cuando lo considere conveniente y fijar la fecha y hora en que tales asambleas deban celebrarse y para ejecutar sus resoluciones. 8.- Facultad para formular reglamentos interiores de trabajo. 9.- Poder para nombrar y remover a los auditores extemos de la sociedad. 10.- Poder para establecer sucursales y agencias de la sociedad en cualquier parte de la República Mexicana o de (así) extranjero. 11.- Poder para determinar el sentido en que deban ser emitidos los votos correspondientes a las acciones propiedad de la sociedad, en las asambleas generales extraordinarias y ordinarias de accionistas de las sociedades en que sea titular de la mayoría de las acciones. 12.- Poder para conferir poderes generales o especiales, y delegar cualquiera de las facultades antes previstas salvo aquellas cuyo*

ejercicio corresponda en forma exclusiva al Consejo de Administración por disposición de la Ley o de estos Estatutos, reservándose siempre el ejercicio de sus facultades, así como para revocar los poderes que otorgare. 13.- Poder para llevar a cabo todos los actos autorizados para estos estatutos o que sean consecuencia de éstos. 14.- Poder para autorizar, la adquisición de acciones representativas del capital social de la propia sociedad, en los términos de lo dispuesto en la cláusula Novena de estos estatutos... VI.- DESIGNACION DE MIEMBROS DEL CONSEJO DE ADMINISTRACIÓN Y REFORMA.- Que por escritura número once mil seis, de siete de mayo de mil novecientos noventa y ocho, ante el mismo Notario que la anterior, inscrita en el citado Registro y Folio, se hizo constar la protocolización del acta de asamblea general ordinaria y extraordinaria de accionistas de la sociedad, de fecha veintisiete de marzo de mil novecientos noventa y ocho, en la que entre otros puntos, se acordó el nombrar a los nuevos miembros del consejo de administración de la sociedad, así como reformar los párrafos cuarto, décimo cuarto y vigésimo tercero de la cláusula sexta de sus estatutos sociales. De dicha escritura copio, en lo conducente, lo que sigue: ASAMBLEA ORDINARIA ...RESOLUCIONES ..."7.- Se designa a los señores Guillermo Salinas Pliego, Eduardo Bours Castelo, Mario Laborín Gómez, Sergio Manuel Gutiérrez Murguerza, Joaquín Arrangoiz Orvañanos y Martín Luna Ortigoza como nuevos consejeros propietarios y a los señores Mauricio Morales Bilbao y Luis Ricardo Ontiveros Sandoval como nuevos consejeros suplentes." - - De conformidad con las resoluciones sexta y séptima anteriores, el Consejo de Administración de TV Azteca, S.A. de C.V. ha quedado conformado de la siguiente manera: Consejeros Propietarios.- Consejeros Suplentes 1.- Ricardo Benjamín Salinas Pliego - - Luis Jorge Echarte Fernández 2.- Pedro Padilla Longoria Miguel Jáuregui Rojas. 3.- José Ignacio Morales Elcoro.- Gabriel Roqueñí Rello.- 4.- Jorge Mendoza Garza.- - Rodrigo Pliego Abraham 5.- Gustavo Guzmán Sepúlveda - - Mauricio Morales Bilbao 6.- Martín Luna Ortigoza Luis Ricardo Ontiveros Sandoval. 7.- Joaquín Arrangoiz Orvañanos 8.- Adrián Steckel Pflaum 9.- Francisco Xavier Borrego Hinojosa Linaje. I0.- Guillermo Salinas Pliego 11.- Alberto Saba Raffoul 12.- Eduardo Bours Castelo 13.- Mario Laborín Gómez 14.- Sergio Manuel Gutiérrez Murguerza 15.- Emilio Bassini "8.- Se ratifica la designación de los señores Ricardo Benjamín Salinas Pliego y Francisco Xavier Borrego Hinojosa Linage como Presidente y Secretario del Consejo de Administración de la Sociedad, respectivamente." "9.- Se ratifica al C.P. Luis Moirón Llosa como Comisario propietario de la Sociedad y se designa al C.P. Javier Soni Ocampo como Comisario suplente de la Sociedad ...DOS.- ACTA DE ASAMBLEA.- Que el compareciente me exhibe en cinco hojas con texto sólo por el anverso, el Acta de Sesión del Consejo de Administración de la sociedad, que por no poderse asentar en el libro de actas respectivo, agrego al apéndice del presente instrumento marcada con la letra "A", y que transcribo como sigue: "En la Ciudad de México, Distrito Federal, siendo las diez horas con treinta minutos del día 19 de noviembre de 1998, se reunieron en el domicilio social de TV Azteca., S.A. de C.V., ubicado en Periférico Sur número 4121, Colonia Fuentes del Pedregal, los señores Consejeros que firmaron la lista de asistencia que se agrega a la presente Acta con el fin de celebrar una Sesión del Consejo de Administración a la que

*fueron debidamente convocados todos los consejeros, de conformidad con lo dispuesto en el Articulo Décimo Octavo de los Estatutos Sociales.- - Actuaron como Presidente y Secretario de la sesión el Sr. C.P. Ricardo Benjamín Salinas Pliego y el Sr. Lic. Francisco Xavier Borrego Hinojosa Linaje, respectivamente Presidente y Secretario del Consejo de Administración de la Sociedad.- - El Presidente declaró legalmente instalada la Sesión en virtud de encontrarse presente el número de Consejeros requerido por el Articulo Décimo Séptimo de los Estatutos de la Sociedad y solicitó al Secretario diera lectura al Orden del Día propuesto para la ocasión, mismo que se transcribe para constancia: ORDEN DEL DIA ...III.- Discusión y en su caso aprobación de una propuesta para revocar y otorgar poderes ...Sometida a discusión la propuesta del Secretario, los consejeros presentes decidieron adoptar por unanimidad de votos las siguientes: RESOLUCIONES ... "Tercera.- Se resuelve otorgar en favor de los señores ...Francisco Xavier Borrego Hinojosa Linage ...los siguientes poderes 1) Se otorga en favor de los señores ...Francisco Xavier Borrego Hinojosa Linage, un Poder General para Pleitos y Cobranzas con las facultades indicadas en el inciso a) siguiente; 2) Se otorga en favor de los señores ...Francisco Xavier Borrego Hinojosa Linaje, un Poder General para Actos de Administración con las facultades indicadas en el inciso b) siguiente; 3) Se otorga en favor de los señores ...Francisco Xavier Borrego Hinojosa Linaje, un Poder General para Suscripción de Títulos de Crédito con las facultades indicadas en el inciso c) siguiente: 4) Los señores ...Francisco Xavier Borrego Hinojosa Linage podrán conferir la representación legal de la Sociedad a otras personas, según lo estimen conveniente, y podrán otorgar poderes generales y especiales dentro del ámbito de sus facultades, señalando las facultades especificas de los apoderados reservándose para sí el ejercicio de los poderes, y revocar en cualquier momento los poderes que hubieren conferido. a) Los apoderados con Poder General para Pleitos y Cobranzas gozarán de las siguientes facultades: El Poder es General y se otorga en los términos de lo previsto en el primer párrafo del artículo 2554 del Código Civil para el Distrito Federal, con todas las facultades generales y las especiales que requieran cláusula especial conforme a lo dispuesto en el articulo 2587 del Código Civil para el Distrito Federal y sus correlativos en los códigos civiles de las demás entidades federativas de la República Mexicana. Los apoderados podrán ejercitar el presente poder ante toda clase de personas fisicas o jurídicas, y ante autoridades, ya sean éstas de la Federación, de los Estados o de los Municipios, así como ante entidades descentralizadas o de participación estatal y ante organismos y autoridades extranjeras. Los apoderados podrán iniciar toda clase de juicios, procedimientos y recursos, ya sean de naturaleza civil, mercantil, penal, administrativa, laboral y cualesquiera otros establecidos en las leyes vigentes; podrán ejercitar toda clase de derechos acciones y recursos ante cualesquiera autoridades de la Federación, de los Estados, del Distrito Federal y de los Municipios, ya sea en jurisdicción voluntaria, contenciosa o mixta; podrán contestar demandas, oponer excepciones y reconvenciones, someterse expresa o tácitamente a cualquier jurisdicción; transigir y comprometer en árbitros; articular y absolver posiciones; recusar magistrados, jueces, árbitros, secretarios, peritos y demás personas en derecho recusables; podrán desistirse de lo principal, de sus accesorios, de*

*sus incidentes y/o de cualquier recurso, así como desistirse del juicio de amparo, el que podrán promover cuantas veces lo estimen conveniente, contando los apoderados con la amplitud de facultades a que se refiere el Artículo 27 de la ley de Amparo; podrán hacer y recibir pagos, rendir toda clase de pruebas, reconocer firmas y toda clase de papeles y documentos, pudiendo además objetar todos éstos y redargüirlos de falsos; asistir a juntas, diligencias, almonedas y remates, hacer posturas, pujas y mejoras, y obtener para la Sociedad mandante mediante adjudicación o por cualquier otro título legal toda clase de bienes y derechos; podrán formular toda clase de acusaciones, denuncias y querellas en materia penal, constituirse en parte civil en causas criminales y en coadyuvante del Ministerio Público local y federal, pudiendo otorgar el perdón en su caso cuando a su juicio ello sea conveniente a los intereses de la Sociedad mandante.- - Como representantes legales y apoderados de la Sociedad, gozarán, de manera enunciativa más no limitativa, de las facultades a que se refieren los artículos once, seiscientos noventa y dos fracción segunda, setecientos ochenta y seis y ochocientos setenta y seis de la Ley Federal del Trabajo, para comparecer y representar a la sociedad ante toda clase de autoridades laborales, sean Federales, Estatales o Municipales, quedando además expresamente facultado para comparecer ante Juntas de Conciliación y Arbitraje, sean Federales o Locales y realizar todos los actos necesarios en procedimiento (así) individuales o colectivos de trabajo con todas las facultades de un apoderado general para pleitos y cobranzas, que sean necesarios en dichos procedimientos, en las etapas de conciliación, demanda y excepciones y ofrecimiento y admisión de pruebas, en la de desahogo de las mismas y en general, todos los actos procesales necesarios de conciliación y/o arbitraje, estando también facultados para rescindir contratos, en los términos de lo dispuesto en los artículos 46 (cuarenta v seis), y 47 (cuarenta y siete) de la Ley Federal del Trabajo.- - Los apoderados podrán ejercitar éste Poder General actuando de manera individual, pudiendo además conferir la representación legal de la Sociedad a otras personas. b) Los apoderados con Poder General para Actos de Administración gozarán conjunta o separadamente de las siguientes facultades: El Poder es General y se otorga en términos de lo dispuesto por el segundo párrafo del artículo 2554 del Código Civil para el Distrito Federal y su correlativo en los Códigos Civiles de las demás entidades federativas de la República Mexicana. Los apoderados podrán intervenir en la negociación, firma y ejecución de cuantos actos sean necesarios, deriven o estén en conexión con cualesquiera de los actos comprendidos en el objeto social de la sociedad mandante; asimismo, podrán intervenir en la negociación y firma de toda clase de contratos y convenios de naturaleza civil, mercantil, laboral y administrativa, y cualesquiera otros necesarios así como en la de cuantos convenios se celebren en relación o conexión con los mismos.- c) Los apoderados con Poder para la Suscripción de Títulos de Crédito, gozarán conjunta o separadamente de las siguientes facultades: El Poder es General y se otorga en los términos de lo dispuesto en el articulo 9o. de la Ley General de Títulos y Operaciones de Crédito. Los apoderados estarán facultados para abrir y cerrar toda clase de cuentas bancarias y de valores a nombre de la Sociedad, así como para hacer depósitos, retiros y transferencias contra las*

*mismas. Igualmente, los apoderados quedan facultados para otorgar, girar, suscribir, aceptar, adquirir, endosar, descontar, avalar y en cualquier otra forma negociar toda clase de títulos de crédito permitidos por la ley... Expuesto lo anterior, el compareciente otorga las siguientes: CLAUSULAS - - PRIMERA.- Queda protocolizada el acta de Sesión del Consejo de Administración de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada el diecinueve de noviembre de mil novecientos noventa y ocho en los términos en que ha quedado transcrita... TERCERA.- Queda formalizado el otorgamiento de poderes de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, a favor de los señores ... FRANCISCO XAVIER BORREGO HINOJOSA LINAGE ... con la suma de facultades que se mencionan en el acta de sesión del consejo de administración que se protocoliza... YO, EL NOTARIO, CERTIFICO ......IV.- Que lo relacionado e inserto concuerda con sus originales que tuve a la vista...".- - El señor Licenciado FRANCISCO XAVIER BORREGO HINOJOSA LINAGE complementa su personalidad, con lo siguiente: A.- REFORMA DE ESTATUTOS.- Copia certificada de la escritura número once mil seis, de fecha siete de mayo de mil novecientos noventa y ocho, otorgada ante el mismo notario que la anterior, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio del Distrito Federal, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad, de fecha veintisiete de marzo de mil novecientos noventa y ocho, en la que se entre otros asuntos, se acordó modificar los párrafos cuatro, décimo cuarto y vigésimo tercero de la cláusula sexta de sus estatutos sociales. B.- REFORMA DE ESTATUTOS.- Copia certificada de la escritura número nueve mil ochocientos noventa y tres, de fecha tres de abril de dos mil, otorgada ante el señor Licenciado José Luis Villavicencio Castañeda, titular de la notaría doscientos dieciocho del Distrito Federal, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio del Distrito Federal, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad, de fecha veintisiete de enero de dos mil, en la que se acordó reformar las cláusulas vigésimo séptima, vigésimo octava y vigésimo novena de sus estatutos sociales. C.- REFORMA DE ESTATUTOS.- Copia certificada de la escritura número doce mil novecientos cincuenta y ocho, de fecha veintiocho de septiembre de dos mil uno, otorgada ante el mismo notario que la anterior, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio del Distrito Federal, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la protocolización parcial del acta de asamblea general extraordinaria de accionistas de la sociedad, de fecha cuatro de septiembre de dos mil uno, en la que se acordó reformar las cláusulas sexta, novena, décima segunda, décima sexta, décima novena, vigésima cuarta, vigésima quinta, vigésima sexta, vigésima séptima, vigésima octava, vigésima novena, trigésima, trigésima primera, y trigésima cuarta de sus estatutos sociales. D.- ESCISION.- Copia certificada de la póliza número seis mil treinta y tres, de fecha veintidós de diciembre de dos mil tres, otorgada ante el*

señor Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce del Distrito Federal, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el veintiocho de enero de dos mil cuatro, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día diecinueve de diciembre de dos mil tres, que entre otros acuerdos, se aprobaron los siguientes: (i) La escisión de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, resultando y subsistiendo esta misma sociedad como sociedad escindente y creándose "UNEFON HOLDINGS", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad escindida, en los términos, condiciones y plazos establecidos por la misma asamblea; (ii) La reducción del capital social de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, en su parte fija, en la cantidad de SESENTA Y OCHO MILLONES DE PESOS, MONEDA NACIONAL, para quedar en UN MIL SEISCIENTOS VEINTISEIS MILLONES SEISCIENTOS DOCE MIL CIENTO CUARENTA Y SIETE PESOS, MONEDA NACIONAL; y (iii) la modificación a las cláusulas sexta y trigésimo primera de los estatutos sociales. E.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y cuatro, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que la anterior, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria y Ordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día veinticuatro de noviembre de dos mil cuatro, en la que se aprobaron entre otros, los siguientes acuerdos: (i) la disminución de capital social en su parte fija de la sociedad de referencia en la cantidad de $382,249,837.00, moneda nacional (trescientos ochenta y dos millones doscientos cuarenta y nueve mil ochocientos treinta y siete pesos, moneda nacional), por lo que el capital social en su parte fija quedará en la cantidad de $1,244,362,310.00 moneda nacional (un mil doscientos cuarenta y cuatro millones trescientos sesenta y dos mil trescientos diez pesos, moneda nacional), y como consecuencia; (ii) la modificación al primer párrafo de la cláusula sexta así como la modificación de las cláusulas vigésima séptima a trigésima tercera de los estatutos sociales. F.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y cinco, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de

*México, Distrito Federal, el día veintinueve de abril de dos mil cinco, en la que se aprobaron entre otros, los siguientes acuerdos: (i) la disminución de capital social en su parte fija de la sociedad de referencia en la cantidad de $99,242,220.00, moneda nacional (noventa y nueve millones doscientos cuarenta y dos mil doscientos veinte, pesos, moneda nacional), por lo que el capital social en su parte fija quedará en la cantidad de $1,145,120,090.00 moneda nacional (un mil ciento cuarenta y cinco millones ciento veinte mil noventa pesos, moneda nacional), y como consecuencia; (ii) la modificación al primer párrafo de la cláusula sexta de los estatutos sociales. G.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y seis, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del acta de asamblea especial de accionistas tenedores de acciones la serie "D-A" de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales. H.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y siete, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea Especial de Accionistas Tenedores de Acciones de la serie "D-L" de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales. I.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y ocho, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea Especial de Accionistas Tenedores de Acciones de la serie "A" de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta y vigésima sexta de los estatutos sociales. J.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos sesenta y nueve, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria de Accionistas de "TV AZTECA",*

*SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día treinta de mayo de dos mil cinco, en la que se aprobó la modificación a las cláusulas sexta, novena, décima primera, décima cuarta, décima sexta, vigésima primera y vigésima sexta de los estatutos sociales. K.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número seis mil ochocientos setenta, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el catorce de octubre de dos mil cinco, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día primero de dos mil cinco, en la que se aprobó la modificación de la cláusula vigésima sexta de los estatutos sociales. L.- FUSION.- Copia certificada de la póliza número seis mil ochocientos setenta y uno, de fecha quince de julio de dos mil cinco, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el nueve de diciembre de dos mil cinco, en los folios mercantiles números ciento sesenta y siete mil trescientos cuarenta y seis y trescientos veintidós mil novecientos uno, instrumento por el que se hizo constar la formalización de las Actas de Asambleas Generales Extraordinarias de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE y "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebradas en la ciudad de México, Distrito Federal, el día veintisiete de junio de dos mil cinco, en las que se tomó, el acuerdo de fusionar las sociedades antes mencionadas, subsistiendo "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad fusionante y desapareciendo "SERVICIOS DEPORTIVOS TV", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, como sociedad fusionada y en las que se aprobaron entre otros, los siguientes acuerdos: (i) con motivo de la respectiva fusión, "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, recibirá 270,000,000 (doscientos setenta millones) de acciones propias o su equivalente en Certificados de Participación Ordinaria, las cuales deberán cancelarse; (ii) como resultado de la fusión y debido a la cancelación de acciones propias que "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE realizará, el capital social por lo tanto de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, se reducirá en la cantidad de $30,000,000.00 (treinta millones de pesos, moneda nacional); (iii) la aprobación a los ajustes al capital social íntegramente suscrito y pagado de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, derivado de movimientos al mismo consistentes básicamente en: (a) las acciones que de tiempo en tiempo se han ejercido de los Planes de Operaciones de la Sociedad y que no han sido reflejadas en las actas de asamblea; (b) los aumentos de capital que se han decretado en el pasado y que en algunos casos solo se ha pagado parte de dichos aumentos; y (c) las diferencias del tipo de cambio en los reembolsos pagados en los últimos años; (iv) la convalidación de todos y cada uno de los movimientos en el capital social de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, incluyendo la reducción de capital social*

*aprobada con motivo de la fusión que igualmente por medio del mismo instrumento se formalizó, para quedar establecido en la cantidad de $933,236,998.00 (novecientos treinta y tres millones doscientos treinta y seis mil novecientos noventa y ocho pesos, moneda nacional), por lo que (v) igualmente se hizo constar que el capital social mínimo fijo íntegramente suscrito y pagado de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, corresponde a la cantidad de $933,236,998.00 (novecientos treinta y tres millones doscientos treinta y seis mil novecientos noventa y ocho pesos, moneda nacional), reformándose al efecto el primer párrafo de la cláusula sexta de los estatutos sociales de la sociedad. M.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA DE ESTATUTOS.- Copia certificada de la póliza número siete mil trescientos setenta y tres, de fecha seis de julio de dos mil siete, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el veintitrés de octubre de dos mil seis, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el se hizo constar la formalización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día veinte de febrero de dos mil seis, en la que se aprobó la reducción del capital social en su parte fija de la sociedad de referencia en la cantidad de NOVENTA Y CINCO MILLONES CUATROCIENTOS TREINTA Y CINCO MIL SEISCIENTOS VEINTITRES PESOS, MONEDA NACIONAL para quedar por lo tanto dicho capital en la cantidad de OCHOCIENTOS TREINTA Y SIETE MILLONES OCHOCIENTOS UN MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL y como consecuencia, la reforma a la cláusula Sexta de los Estatutos Sociales. N.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA DE ESTATUTOS.- Copia certificada de la póliza número siete mil seiscientos cuarenta y seis, de fecha veintinueve de enero de dos mil siete, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio del Distrito Federal, el día dieciséis de abril de dos mil siete, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el se hizo constar la formalización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día siete de diciembre de dos mil seis, en la que se aprobó la reducción de capital social en su parte fija de la sociedad de referencia, en la cantidad de CIENTO DOS MILLONES CIENTO DOS MIL PESOS, MONEDA NACIONAL, para quedar por lo tanto dicho capital en la cantidad de SETECIENTOS TREINTA Y CINCO MILLONES SEISCIENTOS NOVENTA Y NUEVE MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL y como consecuencia la reforma a la cláusula sexta de los estatutos sociales. Ñ.- REFORMA DE ESTATUTOS.- Copia certificada de la escritura número treinta y cuatro mil setecientos, de fecha diez de mayo de dos mil siete, otorgada ante el señor Licenciado Carlos Antonio Morales Montes de Oca, titular de la notaría doscientos veintisiete del Distrito Federal, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de ésta ciudad, el día veintidós de mayo de dos mil siete, en el folio*

LIC. EDUARDO GARDUÑO GARCÍA VILLALOBOS
ESTADOS UNIDOS MEXICANOS
NOTARIA 135 DE LA CIUDAD DE MÉXICO

mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la protocolización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día treinta de abril de dos mil siete, en la que se aprobó la reforma a la cláusula sexta de los estatutos sociales. O.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA ESTATUTOS.- Copia certificada de la póliza número ocho mil setenta, de fecha veinte de diciembre de dos mil siete, otorgada ante el señor Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce del Distrito Federal, cuyo primer original quedó inscrito en el Registro Público de Comercio de ésta ciudad, el día diecisiete de julio de dos mil ocho, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día veintisiete de septiembre de dos mil siete, en la que se aprobó la disminución de capital social en su parte fija que realiza la sociedad de referencia, en la cantidad de SESENTA MILLONES OCHOCIENTOS VEINTICINCO MIL PESOS, MONEDA NACIONAL, para quedar por lo tanto dicho capital en la cantidad de SEISCIENTOS SETENTA Y CUATRO MILLONES OCHOCIENTOS SETENTA Y CUATRO MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL y como consecuencia, la reforma a la cláusula sexta de los estatutos sociales. P.- DISMINUCION DE CAPITAL SOCIAL Y REFORMA DE ESTATUTOS.- Copia certificada de la póliza número ocho mil novecientos cincuenta y cuatro, de fecha tres de agosto de dos mil diez, otorgada ante el mismo corredor que la anterior, cuyo primer original quedó inscrito en el Registro Público de Comercio de ésta ciudad, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización parcial del Acta de Asamblea General Ordinaria y Extraordinaria de Accionistas de la sociedad de referencia, celebrada en la ciudad de México, Distrito Federal, el día treinta de abril de dos mil diez, en la que se aprobó la reducción del capital social en su parte fija en la cantidad de NUEVE MILLONES NOVECIENTOS CUARENTA Y CUATRO MIL PESOS, MONEDA NACIONAL y como consecuencia, dicho capital social en su parte mínima corresponde entonces a la cantidad de SEISCIENTOS SESENTA Y CUATRO MILLONES NOVECIENTOS TREINTA MIL TRESCIENTOS SETENTA Y CINCO PESOS, MONEDA NACIONAL, por lo que se modificó el primer párrafo de la cláusula sexta de sus respectivos estatutos sociales, en los términos precisados en dicho instrumento. Q.- REFORMA DE ESTATUTOS.- Copia certificada de la póliza número ocho mil novecientos setenta, de fecha veintitrés de agosto de dos mil diez, otorgada ante el mismo corredor que las anteriores, cuyo primer original quedó inscrito en el Registro Público de Comercio de ésta ciudad, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, instrumento por el que se hizo constar la formalización del Acta de Asamblea General Extraordinaria de Accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada en la ciudad de México, Distrito Federal, el día diecinueve

*de agosto de dos mil diez, reformándose como consecuencia, las cláusulas primera, cuarta, sexta, séptima, octava, novena, décima segunda, décima tercera, décima cuarta, décima sexta, décima octava, décima novena, vigésima primera, vigésima segunda, vigésima cuarta, vigésima sexta, vigésima séptima, vigésima octava, vigésima novena, trigésima, trigésima primera, trigésima segunda, trigésima tercera, trigésima cuarta y trigésima sexta de los estatutos sociales de la sociedad, en los términos establecidos en dicho instrumento. R.- TRANSFORMACION.- Copia certificada de la póliza número ocho mil novecientos setenta, de fecha veintiséis de agosto de dos mil diez, otorgada ante el señor Licenciado Mauricio Alejandro Oropeza Estrada, Corredor Público número catorce del Distrito Federal, cuyo primer original quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el Folio Mercantil número "167346" (ciento sesenta y siete mil trescientos cuarenta y seis), acta por la que se protocolizó el acta de asamblea general extraordinaria de accionistas de "TV AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, celebrada el día diecinueve de agosto de dos mil diez, que acordó su transformación de SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE, y al efecto modificó las cláusulas primera, cuarta, sexta, séptima, octava, novena, décima segunda, décima tercera, décima cuarta, décima sexta, décima octava, décima novena, vigésima primera, vigésima segunda, vigésima cuarta, vigésima sexta, vigésima séptima, vigésima octava, vigésima novena, trigésima, trigésima primera, trigésima segunda, trigésima tercera, trigésima cuarta y trigésima sexta de sus estatutos sociales, para quedar con la denominación de "TV AZTECA", SOCIEDAD ANONIMA BURSATIL DE CAPITAL VARIABLE....".*——————————

----- La compareciente complementa su personalidad, con los siguientes documentos: ————

----- **1.- MODIFICACIÓN DE OBJETO Y REFORMA DEL ARTÍCULO CUARTO DE SUS ESTATUTOS SOCIALES**.- Por escritura número ciento cincuenta y siete mil novecientos ochenta y cinco, de fecha quince de septiembre de dos mil veintiuno, otorgada ante el suscrito notario Eduardo Garduño García Villalobos, actuando como asociado en el protocolo de la notaría número doscientos once de esta misma Ciudad, de la que es titular el Licenciado José Eugenio Castañeda Escobedo, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Ciudad, en el folio mercantil número **"167,346" (ciento sesenta y siete mil trescientos cuarenta y seis),** se protocolizó el Acta de Asamblea General Extraordinaria de Accionistas de **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE**, celebrada con fecha treinta de junio de dos mil veintiuno, que acordó entre otros, la modificación al objeto de la sociedad, y la consecuente reforma de la cláusula cuarta de los estatutos sociales, para quedar redactada en los siguientes términos: ——————————

----- *"CUARTA.- El objeto de la sociedad es: 1.- Usar, aprovechar, explotar y operar bandas de frecuencias del espectro radioeléctrico y redes públicas o privadas de telecomunicaciones así como prestación de*

*servicios públicos de radiodifusión y telecomunicaciones, a través de concesiones propias o de terceros, llevar a cabo arrendamientos de concesiones, autorizaciones y permisos otorgados por las autoridades competentes o mediante cualquier otra figura permitida por la ley, así como la venta y/o comercialización de contenidos audiovisuales y espacios publicitarios en cualquier medio. 2.- Adquisición, distribución, cesión, representación, importación, exportación, uso, intercambio, aplicación o cualquier otra forma de contratación de todo tipo de eventos u obras audiovisuales, incluyendo sus derechos de difusión por cualquier medio, a nombre propio o en nombre o representación de terceros, en México y en el extranjero. 3. Promover, constituir, organizar, explotar y tomar participación en el capital y patrimonio de todo género de sociedades mercantiles, civiles, asociaciones o empresas industriales, comerciales de servicios o de cualquier otra índole; enajenar o negociar tales acciones o participaciones y todo tipo de título valor permitido por la ley tanto nacionales como extranjeras, así como, participar en su administración o liquidación. 4. Recibir de otras sociedades y personas, todos aquellos servicios que sean necesarios para el logro de sus actividades, tales como servicios legales, fiscales, administrativos, financieros, de tesorería, auditoria, mercadotecnia, preparación de balances y presupuestos, elaboración de programas y manuales; análisis de resultados de operación, evaluación de información sobre productividad y de posibles financiamientos, así como la preparación de estudios acerca de la disponibilidad de capital, entre otros. 5. Emitir, subscribir, aceptar, endosar y avalar títulos de crédito, valores mobiliarios y otros documentos que la Ley permita. 6. Adquirir, enajenar, arrendar, subarrendar, y otorgar el uso, goce, disposición o en general la explotación de toda clase de bienes muebles o inmuebles, incluyendo sus partes o accesorios; así como, derechos reales o personales sobre ellos, que sean necesarios o convenientes para su objeto social o para las operaciones de las sociedades mercantiles o civiles, asociaciones e instituciones, en las que la sociedad tenga interés o participación 7. Obtener y conceder todo tipo de préstamos, así como recibir, en su caso, garantías, emitir obligaciones y pagarés, aceptar, girar, endosar o avalar toda clase de títulos de crédito y otros documentos que amparen derechos de crédito; otorgar fianzas o garantías de cualquier clase contraídas por la sociedad y respecto de las obligaciones contraídas o de los títulos emitidos o aceptados por terceros. 8. Registrar, comprar, arrendar, ceder, renovar, licenciar, comprobar el uso y disponer de marcas, patentes, certificados de invención, nombres comerciales, dibujos industriales, avisos comerciales registros de modelos, derechos de autor, invenciones y procesos y todos los demás derechos de propiedad industrial e intelectual. 9. En general, realizar todo género de actos de comercio y celebrar todo tipo de contratos y convenios, así como operaciones de cualquier naturaleza que sean necesarios o convenientes para la realización de los objetos anteriores, en los términos de Ley...".* ----------------------

---- 2.- **FUSIÓN DE SOCIEDADES**.- Por escritura número ciento sesenta mil cuatrocientos cuarenta y tres, de fecha veintitrés de diciembre de dos mil veintiuno, ante el suscrito notario, Eduardo Garduño García Villalobos, actuando como asociado en el protocolo de la notaría

número doscientos once de esta misma Ciudad, de la que es titular el licenciado José Eugenio Castañeda Escobedo, cuyo primer testimonio quedó inscrito en el Registro Público de Comercio de esta Capital, por lo que se refiere a la sociedad fusionante, en el folio mercantil número ciento sesenta y siete mil trescientos cuarenta y seis, se hizo constar, la fusión de la sociedad denominada **"TV AZTECA", SOCIEDAD ANÓNIMA BURSÁTIL DE CAPITAL VARIABLE,** como SOCIEDAD FUSIONANTE Y QUE SUBSISTE, con las sociedades denominadas **"ADMINISTRADORA GRUPO TVA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "ALTA EMPRESA II", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "AZTECA NOVELAS", SOCIEDAD ANÓNIMA PROMOTORA DE INVERSIÓN DE CAPITAL VARIABLE, "AZTECA TELECASTING", SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, "AZTECA WEB", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA EN MEDIOS DE COMUNICACIÓN DE TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIACOM", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "COMERCIALIZADORA DE PUBLICIDAD AZTECA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "ESTUDIOS AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "FINBOR MÉXICO", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "GRUPO TV AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "INVERSORA MEXICANA DE PRODUCCIÓN", SOCIEDAD ANONIMA DE CAPITAL VARIABLE, "PROFESIONALES Y ADMINISTRATIVOS EN SERVICIOS INMOBILIARIOS", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "RED AZTECA INTERNACIONAL", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE, "TELEVISIÓN AZTECA", SOCIEDAD ANÓNIMA DE CAPITAL VARIABLE** y **"TV AZTECA COMERCIALIZADORA", SOCIEDAD ANONIMA DE CAPITAL VARIABLE,** como SOCIEDADES FUSIONADAS Y QUE DESAPARECEN, sin haberse incrementado su capital social.----------------------------------------------------------------------------------------

---- Misma personalidad que protesta en debida forma ejercer por no tenerla revocada, suspendida ni limitada en manera alguna y que a la fecha sigue vigente manifestando que su representada tiene capacidad legal para obligarse y contratar. ------------------------------------------

------------------------------------------ **INSERCIÓN:** ------------------------------------------

---- **ARTÍCULO DOS MIL QUINIENTOS CINCUENTA Y CUATRO DEL CÓDIGO CIVIL PARA EL DISTRITO FEDERAL.** ----------------------------------------------------------------------------

---- "En todos los poderes generales para pleitos y cobranzas, bastará que se diga que se

otorgan con todas las facultades generales y las especiales que requieran cláusula especial conforme a la Ley, para que se entiendan conferidos sin limitación alguna. ----------------------------

----- En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas.-----------------------

----- En los poderes generales para ejercer actos de dominio, bastará que se den con ese carácter, para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones a fin de defenderlos. ----------------------------------

----- Cuando se quisieren limitar, en los tres casos antes mencionados, las facultades de los apoderados, se consignarán las limitaciones o los poderes serán especiales.-------------------------

----- Los Notarios insertarán este artículo en los testimonios de los poderes que otorguen". ---------

----- El suscrito Notario hace constar que la presente certificación versa únicamente sobre la identidad y capacidad legal de la compareciente y no prejuzga en manera alguna sobre el contenido del documento que se ratifica, por no haber intervenido en su elaboración y redacción y consiguientemente no asume responsabilidad alguna al respecto. -------------------------------------

---- Para constancia pongo esta razón y levanto en el protocolo a mí cargo, el acta número **CIENTO NOVENTA Y UN MIL DOSCIENTOS CUARENTA Y OCHO,** de esta misma fecha.- Doy fe.- Ciudad de México, a **dieciocho** de **agosto** del **dos mil veintiséis.** ---------------------------------

**LIC. EDUARDO GARDUÑO GARCÍA VILLALOBOS**

**TITULAR DE LA NOTARIA NUMERO 135 DE ESTA CIUDAD DE MÉXICO**

20

GOBIERNO DE LA CIUDAD DE MÉXICO
CONSEJERÍA JURÍDICA Y
DE SERVICIOS LEGALES
DIRECCIÓN GENERAL JURÍDICA
Y DE ESTUDIOS LEGISLATIVOS

Ciudad de México
Apostille
Convention de la Haye du 5 octobre 1961

CIUDAD DE MÉXICO

Derechos $ 128.00

Núm. Orden 33511

En México el presente documento público ha sido firmado por EDUARDO GARDUÑO GARCIA VILLALOBOS quien actúa en calidad de TITULAR DE LA NOTARIA NUMERO 135 DE LA CIUDAD DE MEXICO y está revestido del sello correspondiente a LIC. EDUARDO GARDUÑO GARCÍA VILLALOBOS, NOTARÍA 135 DE LA CIUDAD DE MÉXICO, ESTADOS UNIDOS MEXICANOS, ESCUDO NACIONAL. Certificado en CIUDAD DE MÉXICO por LCDO. DANIEL MARTINEZ GONZALEZ DIRECTOR DE CONSULTAS JURIDICAS Y ASUNTOS NOTARIALES DE LA DIRECCIÓN GENERAL JURÍDICA Y DE ESTUDIOS LEGISLATIVOS DE LA CONSEJERÍA JURÍDICA Y DE SERVICIOS LEGALES.

CIUDAD DE MÉXICO el 20 de agosto de 2026

93701[illegible]20709[illegible]W887/Capturado por:BDB

Firma

Valide la autenticidad de este documento en http://data.consejeria.cdmx.gob.mx/verificaAL/datosWeb.zul

Clave-------> 4B6B81FD9523F4800CA18EB1B4F993FD

Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TV AZTECA, S.A.B. DE C.V.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-(_____) (__) |

**DISCLOSURES REQUIRED BY SECTION 1515 OF THE BANKRUPTCY CODE AND RULE 1007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Rafael Rodríguez Sánchez, in his capacity as a duly authorized foreign representative of TV Azteca, S.A.B. de C.V. (the "Debtor"), hereby submits this disclosure pursuant to section 1515 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and respectfully sets forth as follows:

[1] The last four digits of the Debtor's Mexican federal tax identification number are 4V78. The location of the corporate headquarters and the service address for the Debtor is Periférico Sur 4121, Col. Fuentes del Pedregal, Alcaldía Tlalpan, 14140, Mexico City, Mexico.

**A. Names and Addresses of All Parties or Bodies that are Authorized to Administer the Debtor's Foreign Proceeding**

1. On March 10, 2026, the Debtor commenced a voluntary commercial insolvency proceeding known as a *concurso mercantil* (the "Concurso Mercantil") currently pending as Case No. 22/2026-II before the First District Court for Commercial Insolvency Matters (*Juzgado Primero de Distrito en Materia de Concursos Mercantiles*), sitting in Mexico City and with jurisdiction throughout the Mexican Republic (the "Concurso Court"), pursuant to the Mexican Commercial Insolvency Law (*Ley de Concursos Mercantiles*).

2. On April 7, 2026, the *Instituto Federal de Especialistas de Concursos Mercantiles* ("IFECOM") appointed Samuel Ricardo Egure Lascano to serve as examiner (*visitador*).

3. On July 6, 2026, the Concurso Court entered a judgment declaring the Debtor in Concurso Mercantil, concluding the inspection (*visita*) stage, thereby concluding *visitador*'s engagement, and commencing the conciliation (*conciliación*) stage.

4. On July 13, 2026, IFECOM designated Sergio Francisco Hermida Guerrero as conciliator (*conciliador*) through appointment communication IFECOM/DG/1560/2026.

5. The names and notice addresses of the persons authorized to administer the Debtor's foreign proceeding are as follows:

a. Rafael Rodríguez Sánchez, Foreign Representative and Chief Executive Officer of TV Azteca, S.A.B. de C.V., appointed by corporate resolution and power of attorney of TV Azteca dated August 13, 2026, with notice address c/o Sullivan & Cromwell LLP, 125 Broad St., New York, New York 10004.

b. Sergio Francisco Hermida Guerrero, Conciliator (*Conciliador*) appointed by IFECOM through appointment communication IFECOM/DG/1560/2026 dated July 13, 2026, with notice address c/o Sergio Francisco Hermida Guerrero, Baja California Avenue, No. 255, Building "B," 9th Floor, Hipódromo Condesa, Cuauhtémoc, C.P. 06100, Mexico City, Mexico.

**B. All Parties to Litigation that Is Pending in the United States, in which the Debtor is a Party at the Time of the Filing of the Petition**

6. The Debtor and its subsidiaries are parties to the following litigation pending in the United States as of the date hereof:

a. *The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V., et al.*, Case No. 22-08164 (PGG) (S.D.N.Y. Sep. 23, 2022), pending in the United States District Court for the Southern District of New York (the "New York Litigation").

   i. **Plaintiff**: The Bank of New York Mellon, c/o The Bank of New York Mellon, One Wall Street, New York, New York 10286.

   ii. **Third-Party Defendants**:

   - Cyrus Capital Partners, L.P., c/o Cyrus Capital Partners, L.P., 65 East 55th Street, 35th Floor, New York, New York 10022.

   - Contrarian Capital Management, LLC., c/o Contrarian Capital Management, LLC, 411 West Putnam Avenue #425, Greenwich, Connecticut 06830.

   iii. **Plaintiff's and Third-Party Defendants' Counsel**: MoloLamken LLP, Attn: Justin M. Ellis, Zachary R. Ingber, Mason E. Reynolds, and Eric J. Rolston, 430 Park Avenue, New York, New York 10022.

   iv. **Debtor's Counsel**: Greenberg Traurig, LLP, Attn: Harold S. Shaftel, Daniel Pulecio-Boek, and John C. Molluzzo, Jr., One Vanderbilt Avenue, New York, New York 10017.

b. *The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V., et al.*, Case No. 25-2666 (2d Cir. Oct. 24, 2025), pending in the United States Court of Appeals for the Second Circuit.

   i. **Appellee**: The Bank of New York Mellon, c/o The Bank of New York Mellon, One Wall Street, New York, New York 10286.

   ii. **Appellee's Counsel**: MoloLamken LLP, Attn: Caroline A. Veniero, Mason E. Reynolds, Justin M. Ellis, Eugene A. Sokoloff, and Zachary R. Ingber, 430 Park Avenue, New York, New York 10022.

   iii. **Debtor's Counsel**: Greenberg Traurig, LLP, Attn: Harold S. Shaftel, One Vanderbilt Avenue, New York, New York 10017.

7. The Debtor is an intervenor to the following litigation pending in the United States as of the date hereof:

a. *In re Application of the Bank of New York Mellon* v. *Santander et al.*, Case No. 26-23885 (JEM) (S.D. Fla. Jun. 2, 2026), pending in the United States District Court of the Southern District of Florida.

i. **Applicant**: The Bank of New York Mellon, c/o The Bank of New York Mellon, One Wall Street, New York, New York 10286.

ii. **Applicant's Counsel**:

- MoloLamken LLP, Attn: Justin M. Ellis, Zachary R. Ingber, and Eric J. Rolston, 430 Park Avenue, New York, New York 10022.
- Fridman Fels & Soto, PLLC, Attn: Daniel S. Fridman and Anel I. Viamontes, 150 Alhambra Circle, Suite 715, Coral Gables, Florida 33134.

iii. **Respondents**:

- AlterBank Limited, c/o Diaz, Reus & Targ, LLP, Attn: Julianne Bagley, Michael Diaz, Jr., Brant C. Hadaway, and Evan Stroman, 100 S.E. 2nd Street, Suite 3400, Miami, Florida 33131.
- Blas Santander, c/o Diaz, Reus & Targ, LLP, Attn: Julianne Bagley, Michael Diaz, Jr., Brant C. Hadaway, and Evan Stroman, 100 S.E. 2nd Street, Suite 3400, Miami, Florida 33131.
- Alexander Soroka, 952 Mockingbird Lane, Apartment 603, Plantation, Florida 33324.
- Timothy Richards, c/o Quintero Broche, P.A., Attn: Frank Quintero, Jr., 75 Valencia Avenue, Suite 800, Coral Gables, Florida 33134.
- Alejandro Cespedes, 2967 Bridgeport Avenue, Miami, Florida 33133.
- Julio Luis Santander, 2501 Southwest 24th Avenue, Miami, Florida 33133.
- Juan Ramirez, 2821 S Bayshore Drive, Unit 11C, Miami, Florida 33133.

iv. **Debtor's Counsel**: Continental PLLC, Attn: Jesus M. Suarez, 245 Alcazar Avenue, Coral Gables, Florida 33134.

8. The Debtor and its affiliates are parties to the following litigation pending in the United States as of the date hereof:

a. *Gloria de Los Angeles Trevino Ruiz, Individually and on behalf of her Minor Child,* v. *Azteca America, Una Vez Mas, LP d/b/a Azteca America, Una Vez Mas McAllen License, LLC, et al.*, Case No. C-1027-09-C, pending in the District Court of Hidalgo County, Texas.

   i. **Plaintiffs**: Gloria de los Angeles Trevino and Angel Gabriel de Jesus Trevino; c/o Ray Thomas, PC, Attn: Raymond L. Thomas, 4900-B North 10th Street, McAllen, Texas 78504.

   ii. **Defendants**: Azteca International Corporation d/b/a Azteca America, Stations Group, LLC, Northstar McAllen License, LLC, TV Azteca, S.A.B. de C.V., Publimax, S.A. de C.V., and Patricia Chapoy; c/o Jackson Walker LLP, Attn: Paul C. Watler, 2323 Ross Avenue, Suite 600, Dallas, Texas 75201.

**C. Statement Under Section 1515(c) of the Bankruptcy Code**

9. To the best of my knowledge, the Concurso Mercantil is the only foreign proceeding to which the Debtor is subject.

**28 U.S.C. § 1746 VERIFICATION**

IN WITNESS WHEREOF, I declare, under penalty of perjury under the laws of the United States of America, that the information set forth above is based on my current knowledge, information and belief after reasonable inquiry and, in contemplation of and subject to supplementation, true and correct.

Dated: September 9, 2026
Mexico City, Mexico

Rafael Rodríguez Sánchez
Foreign Representative of the Debtor

Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TV AZTECA, S.A.B. DE C.V.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-(_____) (__) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(4)(A) AND 7007.1**

1. I, Rafael Rodríguez Sánchez, in my capacity as the duly authorized foreign representative of TV Azteca, S.A.B. de C.V. (the "Debtor"), hereby submit the corporate ownership information required by rules 1007(a)(4)(A) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

2. After conducting a good-faith inquiry based on the currently available books and records of the Debtor, and other than governmental units, I am aware of the following corporation that directly or indirectly owns ten percent (10%) or more of any class of the Debtor's equity

[1] The last four digits of the Debtor's Mexican federal tax identification number are 4V78. The location of the corporate headquarters and the service address for the Debtor is Periférico Sur 4121, Col. Fuentes del Pedregal, Alcaldía Tlalpan, 14140, Mexico City, Mexico.

interests, and I have not received any notification otherwise that would lead me to believe the same is not true as of the date hereof:

a. Comunicaciones Avanzadas, S.A. de C.V. is the sole entity that directly or indirectly owns ten percent (10%) or more of any class of TV Azteca, S.A.B. de C.V.'s equity interests. Except for Comunicaciones Avanzadas, S.A. de C.V., no other parent corporation or publicly held corporation owns ten percent (10%) or more of TV Azteca, S.A.B. de C.V.'s equity interests.

    i. Banco Azteca, S.A., Institución de Banca Múltiple en su carácter de Fiduciario del Fideicomiso número F/710 owns approximately 85.24% of Comunicaciones Avanzadas, S.A. de C.V.'s equity interests.

    ii. Banco Azteca, S.A., Institución de Banca Múltiple en su carácter de Fiduciario del Fideicomiso número F/555 owns approximately 14.76% of Comunicaciones Avanzadas, S.A. de C.V.'s equity interests.

IN WITNESS WHEREOF, I declare, under penalty of perjury under the laws of the United States of America, that the information set forth above is based on my current knowledge, information and belief after reasonable inquiry and, in contemplation of and subject to supplementation, true and correct.

Dated: September 9, 2026
Mexico City, Mexico

Rafael Rodríguez Sánchez
Foreign Representative of the Debtor