Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TV AZTECA, S.A.B. DE C.V.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-12217 (__) |

**VERIFIED PETITION FOR RECOGNITION OF**
**FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

Rafael Rodríguez Sánchez (the "Petitioner" or "Foreign Representative"), in his capacity as the authorized foreign representative of TV Azteca, S.A.B. de C.V. ("TV Azteca" or the "Debtor"), a *sociedad anónima bursátil de capital variable* organized under the laws of the United Mexican States, in respect of the Debtor's *concurso mercantil* proceeding (the "Concurso Mercantil") pending before the First District Court for *Concurso Mercantil* Matters (*Juzgado Primero de Distrito en Materia de Concursos Mercantiles*), sitting in Mexico City and with jurisdiction throughout the Mexican Republic (the "Concurso Court"), Case No. 22/2026-II, under

[1] The last four digits of the Debtor's Mexican federal tax identification number are 4V78. The location of the corporate headquarters and the service address for the Debtor is Periférico Sur 4121, Col. Fuentes del Pedregal, Alcaldía Tlalpan, 14140, Mexico City, Mexico.

the *Ley de Concursos Mercantiles* (the "LCM"), hereby submits this verified petition (the "Verified Petition" and, together with the official form chapter 15 petition, the "Petitions") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to sections 105(a), 362, 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"). In support of the Petitions, the Foreign Representative has filed contemporaneously (a) the *Declaration of Rafael Rodríguez Sánchez in Support of the Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Rodríguez Declaration") and (b) the *Declaration of José Víctor Rodríguez Barrera on Mexican Law in Support of the Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Barrera Declaration"), each of which, along with the exhibits thereto, is incorporated herein by reference. In further support of the Petitions, the Foreign Representative respectfully represents as follows:

**Preliminary Statement**

1. TV Azteca is one of the largest producers of Spanish-language television programming in the world. Through its subsidiaries, TV Azteca operates television networks in Mexico, Guatemala and Honduras, produces entertainment, news, and sports programming, commercializes advertising inventory, and holds valuable broadcasting concessions issued by the Mexican government. Rodríguez Decl. ¶ 12.

2. Beginning in approximately 2020, TV Azteca experienced increasing financial and operational pressures arising from a combination of these industry-wide factors and company-specific circumstances, including: (a) the ongoing structural transformation of the media industry and the decline of traditional linear television viewership; (b) the accelerating migration of advertising expenditures from linear television to digital and streaming platforms; (c) intensified

competition from global streaming services and other digital content providers; (d) the effects of the COVID-19 pandemic on advertising revenues and production activities; (e) increased programming and content acquisition costs; and (f) inflationary pressures, higher interest rates, and broader macroeconomic conditions affecting the television broadcasting industry. Rodríguez Decl. ¶ 16.

3. In addition, TV Azteca faces substantial funded indebtedness, including (i) approximately USD $400 million aggregate principal amount of 8.25% Senior Notes due 2024 (the "Notes"), issued under an Indenture dated August 9, 2017 (the "Indenture") among TV Azteca, thirty-four (34) direct and indirect subsidiaries of TV Azteca as joint and several guarantors of the Notes (the "Subsidiary Guarantors"), and The Bank of New York Mellon, as trustee (the "Trustee"); and (ii) an aggregate principal amount of approximately MXN $4.1 *mil millones* (approximately USD $240 million) under a credit facility with AlterBank Ltd. (the "AlterBank Facility"). Rodríguez Decl. ¶¶ 18, 20.

4. In light of the mounting industry pressures, outstanding vendor invoices, and its substantial funded indebtedness, TV Azteca commenced the Concurso Mercantil on March 10, 2026. On July 6, 2026, the Concurso Court entered the *Sentencia de Declaración de Concurso Mercantil* (the "Sentencia"), finding that TV Azteca had incurred generalized default in the payment of its obligations within the meaning of Article 10 of the LCM and opening the conciliation (*conciliación*) stage for a statutory duration of 185 calendar days from publication in the *Diario Oficial de la Federación*, extendable up to a maximum of 365 calendar days. Rodríguez Decl. ¶¶ 23, 36; Barrera Decl. ¶¶ 16, 22.

5. The Foreign Representative commences this chapter 15 case ("Chapter 15 Case") for two principal reasons: (a) to obtain this Court's recognition of the Concurso Mercantil as a

foreign main proceeding to ensure enforceability of the Concurso Mercantil in the United States and to provide critical assistance to the Concurso Court and the Foreign Representative in maximizing the value of the business enterprise for the benefit of all creditors and stakeholders; and (b) to safeguard TV Azteca against creditors actively pursuing recovery against it outside the Concurso Mercantil, particularly the New York Litigation (as defined below), which threatens the fair treatment of TV Azteca's creditors.

6. Recognition of the Concurso Mercantil as a foreign main proceeding is mandatory, and the requirements for recognition under section 1517 of the Bankruptcy Code are easily satisfied. Specifically, (a) the Concurso Mercantil is pending in Mexico, where TV Azteca has its center of main interests, (b) the Foreign Representative, TV Azteca's Chief Executive Officer, is a "person" under section 101(41) of the Bankruptcy Code, and (c) the Petitions satisfy the requirements of section 1515 of the Bankruptcy Code, as it is accompanied by acceptable evidence of the Concurso Mercantil and the appointment of the Foreign Representative.

7. Accordingly, for the reasons set forth herein, the Foreign Representative submits that the relief requested in the Petitions is necessary and appropriate for the benefit of TV Azteca, its creditors and other parties-in-interest.

## **Jurisdiction, Eligibility and Venue**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the *Amended Standing Order of Reference M-431* from the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). The Foreign Representative consents to the entry of final orders or judgments by the Court consistent with the relief requested if it is determined

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

9. This Chapter 15 Case has been properly commenced in accordance with sections 1504, 1509(a), and 1515 of the Bankruptcy Code.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) because the Debtor has property in the United States, including accounts receivables from U.S. customers and a ratable interest in an advance payment retainer of $500,000 held by Sullivan & Cromwell LLP ("S&C") in a client trust account in New York, New York. TV Azteca also maintains deposit accounts located in New York, directly owns two Delaware subsidiaries and is a defendant in the New York Litigation (as defined below) pending before Judge Gardephe in the Southern District of New York.

11. Eligibility under section 109(a) of the Bankruptcy Code is satisfied because TV Azteca has property in the United States. *See In re Barnet*, 737 F.3d 238, 246–51 (2d Cir. 2013) (holding that section 109(a) requirements apply to chapter 15 debtors); *In re Suntech Power Holdings Co., Ltd.*, 520 B.R. 399, 411–13 (Bankr. S.D.N.Y. 2014) (finding that a U.S. bank account is sufficient to meet the requirements of section 109(a)); *In re Serviços de Petróleo Constellation S.A.*, 600 B.R. 237, 268–69 (Bankr. S.D.N.Y. 2019) (same); *In re Octaviar Admin. Pty Ltd*, 511 B.R. 361, 372–74 (Bankr. S.D.N.Y. 2014) (same).

## **Relief Requested**

12. The Foreign Representative respectfully requests entry of the Order:

(a) recognizing the Concurso Mercantil as a "foreign main proceeding" under section 1517(b)(1) of the Bankruptcy Code and granting all related relief under section 1520 of the Bankruptcy Code;

(b) recognizing the Foreign Representative as a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code and authorizing the

Foreign Representative to act on behalf of TV Azteca in this Chapter 15 Case;

(c) granting comity and full force and effect to the July 6, 2026 Sentencia and the March 20, 2026 Admission Order (as defined below) (and any other orders issued by the Concurso Court prior to the date of the entry of the Order), and entrusting the Foreign Representative with the administration and realization of all property of TV Azteca within the territorial jurisdiction of the United States, including prosecution of causes of action, under section 1521(a)(5);

(d) waiving the 14-day stay of effectiveness of the Order; and

(e) granting such other and further relief as the Court deems just and proper.

## Background

### A. TV Azteca and Its Business

13. TV Azteca is a Mexican corporation (*sociedad anónima bursátil de capital variable*) organized under Mexican law, with its registered office and principal place of business in Mexico City, Mexico. *See* Rodríguez Decl. ¶ 10.

14. TV Azteca is majority owned by Comunicaciones Avanzadas, S.A. de C.V., which is the only entity holding 10% or more of TV Azteca's outstanding equity. Rodríguez Decl. ¶ 11.

15. TV Azteca, through its subsidiaries, operates television networks in Mexico, Guatemala and Honduras, produces entertainment, news, and sports programming, commercializes advertising inventory, and holds valuable broadcasting concessions issued by the Mexican government. TV Azteca is the direct or indirect parent of subsidiaries in Mexico, and several other countries, including Guatemala and Honduras. TV Azteca is also the direct parent of two effectively inactive Delaware corporations. An organizational chart is submitted with the Rodríguez Declaration. Rodríguez Decl. ¶¶ 12–13.

16. Rafael Rodríguez Sánchez serves as TV Azteca's Chief Executive Officer and is a member of the Board of Directors.

**B. Financial Condition and Capital Structure**

17. *Notes.* TV Azteca's primary funded debt obligation consists of approximately USD $400 million aggregate principal amount of Notes, representing approximately 41% of total liabilities. The Notes matured on August 9, 2024. According to the Trustee's formal complaint on July 11, 2025, TV Azteca allegedly owed approximately USD $580 million under the Indenture, including accrued and unpaid interest. Rodríguez Decl. ¶¶ 18, 22, 25.[2]

18. *AlterBank Facility.* On November 13, 2025, the Mexican Supreme Court issued a final ruling denying TV Azteca's challenges to multi-hundred-million-dollar tax penalties, resulting in over USD $500 million of tax liabilities to the Mexican federal government. To avoid administrative enforcement, to obtain a significant discount on the tax liabilities to be paid to the Mexican federal government and to preserve operations, TV Azteca obtained the AlterBank Facility for up to MXN $5 *mil millones* (approximately USD $296 million) on January 29, 2026, and allocated the withdrawn proceeds (approximately USD $240 million) to fully and finally satisfy the tax liability and the associated financial costs of the credit facility. The AlterBank Facility represents approximately 17% of total liabilities. Rodríguez Decl. ¶¶ 19–20, 22.

19. Despite TV Azteca's cost-reduction initiatives, review of programming expenditures, renegotiation of commercial arrangements, and other out-of-court measures aimed at improving TV Azteca's financial condition, efforts did not result in a sustainable resolution for TV Azteca's financial difficulties, with total liabilities continuing to exceed total assets.

---

[2] TV Azteca contests the Trustee's and noteholders' ability to recover under the Notes in light of alleged violations of the Indenture, alleged attempts to circumvent Mexican public policy, and alleged conduct causing TV Azteca's insolvency, as further set forth in the third-party complaint filed in the New York Litigation.

Accordingly, on March 10, 2026, TV Azteca filed the Concurso Petition (as defined below). Rodríguez Decl. ¶¶ 21, 23.

20. As of July 6, 2026, TV Azteca reported total liabilities exceeding total assets, reflecting negative equity of approximately MXN $2.98 *mil millones* (approximately USD $175 million). When the Concurso Court entered the Sentencia to declare TV Azteca in commercial insolvency on July 6, 2026, the aggregate liabilities amounted to approximately USD $1.47 billion. Rodríguez Decl. ¶ 22.

**C. Property and Interests Located in or Connected to the United States**

21. TV Azteca owns property and holds rights in the United States, including its rights under the Indenture governing the Notes (which are the subject of the New York Litigation), receivables of approximately USD $21.3 million and payables due of approximately USD $66.7 million in the United States as of July 7, 2026, deposit accounts in New York and New Jersey of approximately USD $33,870 as of July 6, 2026, and an interest in the S&C advance-payment retainer. Rodríguez Decl. ¶¶ 41–42.

22. TV Azteca also directly owns two effectively inactive Delaware subsidiaries: Azteca International Corporation and Azteca Sport Rights, LLC. The corporate structure also includes additional Delaware-organized indirect subsidiaries. Rodríguez Decl. ¶¶ 43-44.

## The Concurso Mercantil

**A. Overview of the Mexican Insolvency Regime**

23. The Concurso Mercantil is governed by the LCM. A *concurso* proceeds in two stages: (i) the conciliation stage (*conciliación*), during which the debtor remains in possession and the conciliator (*conciliador*) supervises the negotiation of a restructuring agreement (*convenio*)

with creditors; and (ii) if no *convenio* is reached, the liquidation stage (*quiebra*). Barrera Decl. ¶ 10.

24. The court appoints, from the *Instituto Federal de Especialistas de Concursos Mercantiles* ("IFECOM"), a *visitador* to review the debtor's finances and render a non-binding *dictamen*, and, upon a declaration of *concurso*, a *conciliador* to oversee the reorganization and prepare the list of recognized claims. Precautionary measures may be issued to preserve the status quo, protect the debtor's assets and operations, and prevent actions that could interfere with the restructuring process. Barrera Decl. ¶¶ 13, 18.

**B. Filing, Admission, and Precautionary Measures**

25. On March 10, 2026, TV Azteca filed a voluntary petition (the "Concurso Petition") seeking commencement of a *concurso mercantil* before the Concurso Court. The case was docketed as No. 22/2026-II. Rodríguez Decl. ¶¶ 1, 23.

26. By order dated March 20, 2026 (the "Admission Order"), the Concurso Court admitted the Concurso Petition, finding that TV Azteca had incurred generalized default under Article 10 of the LCM. The Admission Order directed IFECOM to appoint a *visitador* and imposed precautionary measures, including a prohibition on transfers of funds or securities to third parties and a stay of enforcement proceedings (judicial, administrative, contractual, or extracontractual) or levy of attachment against TV Azteca's assets and rights. Rodríguez Decl. ¶ 34; Barrera Decl. ¶ 18.

27. IFECOM appointed a *visitador*, who reviewed TV Azteca's finances and submitted a report (*dictamen*) that served as the basis for the July 6, 2026 judgment. Rodríguez Decl. ¶¶ 35-36; Barrera Decl. ¶¶ 20–22.

**C. The July 6, 2026 Sentencia de Declaración de Concurso Mercantil**

28. On July 6, 2026, the Concurso Court entered the *Sentencia de Declaración de Concurso Mercantil*, formally declaring TV Azteca in commercial insolvency under Article 10 of the LCM and opening the conciliation stage for 185 calendar days from the last publication of the Sentencia in the *Diario Oficial de la Federación*. The Sentencia continued precautionary measures, including the payment prohibition and enforcement stay, and ordered the *conciliador* to commence the claims recognition procedure. Barrera Decl. ¶¶ 22, 29, 36–37.

**D. Appointment of the Conciliador and Current Status**

29. On July 13, 2026, IFECOM designated Sergio Francisco Hermida Guerrero as the *conciliador*, pursuant to communication IFECOM/DG/1560/2026. Mr. Guerrero accepted the designation and has been conducting the claims-recognition process and performing his duties in relation to the Concurso Mercantil. The conciliation stage, which may be extended up to a maximum of 365 calendar days, is directed toward the negotiation and execution of a *convenio* between the Debtor and its recognized creditors that, once approved by the Concurso Court, terminates the proceeding. Rodríguez Decl. ¶¶ 37–38; Barrera Decl. ¶¶ 48, 72.

30. On August 10, 2026, an extract of the Sentencia was published in the *Diario Oficial de la Federación* and in a newspaper of national circulation, as ordered by the Concurso Court. Under the LCM, that publication marks the commencement of the 185-calendar-day conciliation stage (which may be extended up to a maximum of 365 calendar days) and of the claims-recognition procedure conducted by the *conciliador*. Barrera Decl. ¶ 24.

31. The publication also opened the first statutory window for creditors to file with the *conciliador* their requests for recognition of claims. Pursuant to Article 122, section I of the LCM, creditors have twenty calendar days from the publication of the Sentencia in the *Diario Oficial de la Federación* to do so; that period ran through August 30, 2026. Creditors located abroad, such

as the Trustee, are afforded a longer period: under Articles 290 and 291 of the LCM, the notice of the commencement of the proceeding given to foreign creditors must grant them forty-five calendar days to present their claims and must indicate the place where the claims are to be presented. Barrera Decl. ¶ 25.

32. Pursuant to Article 121 of the LCM, the *conciliador* was required to file a provisional list of claims within thirty calendar days of the publication of the Sentencia in the *Diario Oficial de la Federación*. That period expired on September 9, 2026, and on that date the *conciliador* filed the provisional list of claims with the Concurso Court, together with his reasoned report and the list of claims he proposes not to recognize. Barrera Decl. ¶ 26.

33. The Concurso Court is expected shortly to enter an order making the provisional list available to TV Azteca and its creditors. Under Article 129 of the LCM, TV Azteca and any creditor will then have a non-extendable period of five business days to file written objections to the provisional list. Thereafter, the *conciliador* must file a definitive list of claims within ten business days (Article 130 of the LCM), and the Concurso Court will enter the judgment on recognition, ranking and priority of claims (*sentencia de reconocimiento, graduación y prelación de créditos*), which determines the recognized creditors, the amount of each claim and its rank and priority, and which is the basis for the creditor majorities required to approve a *convenio* (Article 132 of the LCM). Any appeal from that judgment is admitted with devolutive effect only and does not suspend the conciliation stage (Article 135 of the LCM). In parallel, the *conciliador* and TV Azteca continue to pursue the negotiation of a *convenio* with creditors that, once approved by the Concurso Court, will terminate the Concurso Mercantil. Barrera Decl. ¶ 27.

## **U.S. Proceedings**

### **A. The Involuntary Cases**

34. On March 20, 2023, certain noteholders commenced involuntary chapter 11 cases against TV Azteca and its subsidiaries in this Court (the "Involuntary Cases"). *In re TV Azteca, S.A.B. de C.V.*, Case No. 23-10385 (LGB) (Bankr. S.D.N.Y. Mar. 20, 2023). On November 27, 2023, Judge Lisa Beckerman dismissed those cases after a multi-day evidentiary hearing, holding that the petitioning creditors' claims were subject to a *bona fide* dispute under section 303(b)(1) of the Bankruptcy Code (the "Dismissal Order").[3] *TV Azteca*, Case No. 23-10385 (LGB) [D.I. 82] (Bankr. S.D.N.Y. Nov. 27, 2023); Rodríguez Decl. ¶ 24; *see In re TV Azteca, S.A.B. de C.V.*, No. 23-10385 (LGB), 2023 WL 8059362 (Bankr. S.D.N.Y. Nov. 20, 2023).

35. Since dismissal of the Involuntary Cases, disputes concerning the Notes continued in the New York Litigation (as defined below) and in Mexican courts. These multiple proceedings underscore the need for a centralized forum through the Concurso Mercantil. Rodríguez Decl. ¶¶ 25–32, 46.

**B. The New York Litigation**

36. On August 26, 2022, the Trustee filed a summary judgment motion in lieu of complaint against TV Azteca and the Subsidiary Guarantors in New York Supreme Court, which was removed to the Southern District of New York. *The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V. et al.*, Case No. 22-08164 (PGG) (S.D.N.Y. Sep. 23, 2022) (the "New York Litigation"). The Involuntary Cases stayed the action. *See Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 28] (S.D.N.Y. Oct. 16, 2023). Following dismissal of the Involuntary Cases and the Notes' maturity in August 2024, the Trustee ultimately withdrew the summary judgment motion and filed a formal complaint on July 11, 2025, naming as defendants TV Azteca and the

[3] The Dismissal Order provided that the Court "retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Order."

Subsidiary Guarantors and seeking approximately USD $580 million in unpaid principal and interest. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 80] (S.D.N.Y. Jul. 11, 2025). TV Azteca answered and filed an amended answer with third-party complaint on December 17, 2025, asserting claims against certain noteholders. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 166] (S.D.N.Y. Dec. 17, 2025); Rodríguez Decl. ¶ 25.

37. The Trustee's summary judgment motion, seeking approximately USD $634 million, is fully briefed. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 259] (S.D.N.Y. Jul. 1, 2026). The Trustee has also moved to add four new causes of action, including claims relating to guarantor obligations, the AlterBank Facility, and voting in the Concurso Mercantil. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 288] (S.D.N.Y. Jul. 15, 2026). That motion is also pending. Rodríguez Decl. ¶ 26.

**C. The Antisuit Order and Second Circuit Appeals**

38. On September 22, 2025, Judge Gardephe issued an antisuit order (the "Antisuit Order"), enjoining TV Azteca from prosecuting certain "*amparo*" proceedings that were pending in Mexico in connection with the Notes and ordering dismissal of those proceedings. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 97] (S.D.N.Y. Sep. 22, 2025). The Antisuit Order held that the Indenture's forum-selection clause conferred exclusive jurisdiction on New York courts and that comity considerations did not justify denying relief. *Id.* TV Azteca moved for reconsideration, which was denied. *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 101] (S.D.N.Y. Oct. 7, 2025); *Bank of New York Mellon*, Case No. 22-08164 (PGG) [D.I. 158] (S.D.N.Y. Dec. 8, 2025). TV Azteca's appeals to the Second Circuit (consolidated under *The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V.*, Case No. 25-2666 (2d Cir. Oct. 24, 2025)) have been fully briefed and are awaiting the scheduling of oral argument. *Bank of New York Mellon*,

Case No. 25-2666 [D.I. 63] (2d Cir. Jul. 20, 2026); *Bank of New York Mellon*, Case No. 25-2666 [D.I. 69] (2d Cir. Aug. 11, 2026); Rodríguez Decl. ¶¶ 27–28.

**D. The Florida *Ex Parte* Discovery Application**

39. On June 2, 2026, the Trustee filed an *ex parte* application under 28 U.S.C. § 1782 in the United States District Court for the Southern District of Florida, seeking leave to serve subpoenas on AlterBank Ltd. and its current and former directors and officers for discovery into alleged fraudulent transfer of funds in connection with the AlterBank Facility. *In re Application of The Bank of New York Mellon* v. *Santander et al.*, Case No. 26-23885 (JEM) (S.D. Fla. Jun. 2, 2026). On August 3, 2026, TV Azteca presented a non-party expedited motion to intervene, with additional requests for a protective order limiting the scope of deposition, quashing the deposition notice, and postponing the deposition of Juan Ramirez, a former director of AlterBank Ltd. *Santander*, Case No. 26-23885 (JEM) [D.I. 30] (S.D. Fla. Aug. 3, 2026); Rodríguez Decl. ¶ 29.

40. On August 17, 2026, the Trustee filed an opposition to TV Azteca's motion to intervene, and on August 27, 2026, TV Azteca submitted a reply in support of its motion, which is fully briefed and pending before the Southern District of Florida. *Santander*, Case No. 26-23885 (JEM) [D.I. 38] (S.D. Fla. Aug. 17, 2026); *Santander*, Case No. 26-23885 (JEM) [D.I. 42] (S.D. Fla. Aug. 27, 2026); Rodríguez Decl. ¶ 30.

**Basis for Relief**

41. Under section 1517(a) of the Bankruptcy Code, subject to the public policy exception in section 1506, a court shall enter an order recognizing a foreign proceeding if (i) the proceeding is a foreign main or foreign nonmain proceeding within section 1502; (ii) the foreign representative applying for recognition is a person or body; and (iii) the petition meets the requirements of section 1515. 11 U.S.C. § 1517(a); *see In re Oversight & Control Comm'n of*

*Avanzit, S.A.*, 385 B.R. 525, 532 (Bankr. S.D.N.Y. 2008); *In re Ocean Rig UDW Inc.*, 570 B.R. 687, 698–99 (Bankr. S.D.N.Y. 2017).

### A. The Concurso Mercantil Is a "Foreign Proceeding"

42. Section 101(23) of the Bankruptcy Code defines "foreign proceeding" as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).

43. The Concurso Mercantil satisfies each statutory element: it is a judicial proceeding pending in Mexico before the Concurso Court that was commenced by petition and adjudicated by judgment after an examination by a court-appointed *visitador*. It is also administered under the continuing direction of the judge as rector of the proceeding under Article 7 of the LCM. The Concurso Mercantil is collective in nature—all creditors are subject to a single centralized process, all creditors are ranked under a uniform statutory scheme that is indifferent to nationality or residence, a stay applicable to all creditors is enforced, and all dissenting and absent creditors may be bound to a court-approved *convenio*. The Concurso Mercantil is not a remedy available to, or for the benefit of, any single creditor. Barrera Decl. ¶¶ 44–45.

44. This Court has repeatedly recognized Mexican *concursos mercantiles* as "foreign proceedings." *See, e.g., In re Compania Mexicana de Aviacion, S.A. de C.V.*, Case No. 10-14182 (MG), 2010 WL 10063842, at *2 (Bankr. S.D.N.Y. Nov. 8, 2010) (recognizing a Mexican *concurso mercantil* proceeding as a foreign main proceeding); *In re Grupo Famsa S.A.B. de C.V.*, Case No. 20-11811 (SCC), [D.I. 19] (Bankr. S.D.N.Y. Sep. 16, 2020) (same); *In re Perforadora Oro Negro, S. de R.L. de C.V., et al.*, Case No. 18-11094 (SCC), [D.I. 54] (Bankr. S.D.N.Y. May

17, 2018) (same); *In re Controladora Comercial Mexicana, S.A.B. de C.V.*, Case No. 10-13750 (SMB), 2010 WL 9462557, at *1 (Bankr. S.D.N.Y. Aug. 19, 2010) (same).

**B. The Concurso Mercantil Qualifies as a "Foreign Main Proceeding"**

45. Section 1502(4) of the Bankruptcy Code defines "foreign main proceeding" as "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1502(4).

46. The Bankruptcy Code does not define "center of main interests" or "COMI," but section 1516(c) presumes that a debtor's registered office is its center of main interests. 11 U.S.C. § 1516(c); *In re Gerova Fin. Grp., Ltd.*, 482 B.R. 86, 91 (Bankr. S.D.N.Y. 2012); *See also* H.R. Rep. No. 109-31, pt. 1, at 112–13 (2005) ("The presumption that the place of the registered office is also the center of the debtor's main interest is included for speed and convenience of proof where there is no serious controversy"). The relevant time for the COMI determination is the chapter 15 petition date, though the court may examine the period between the foreign filing and the chapter 15 filing to guard against manipulation. *In re Fairfield Sentry Ltd.*, 714 F.3d 127, 137 (2d Cir. 2013).

47. TV Azteca's registered office is in Mexico. In addition, courts in this District consider: (i) the location of those who actually manage the debtor; (ii) the location of the debtor's headquarters; (iii) the location of the debtor's primary assets; (iv) the location of the majority of creditors or those affected; and (v) the jurisdiction whose law would apply to most disputes. *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008).

48. Each factor supports Mexico as TV Azteca's COMI: (i) senior management (including the Chief Executive Officer and Chief Financial Officer) is based in Mexico; (ii) TV Azteca's headquarters is in Mexico City; (iii) primary assets, held by TV Azteca directly and through its subsidiaries, including broadcasting concessions, production facilities, television networks, real estate, and intellectual property, are located in Mexico; (iv) the substantial majority of TV Azteca's creditors are located in Mexico; and (v) Mexican law governs most disputes involving TV Azteca. Books and records, restructuring efforts, and regulatory oversight are also centered in Mexico. Rodríguez Decl. ¶¶ 15, 49.

49. TV Azteca's Mexican COMI is readily ascertainable by third parties: TV Azteca is a Mexican corporation, heavily regulated by Mexican governmental authorities, subject to publicly noticed proceedings before the Concurso Court, and identified in public disclosures as headquartered in Mexico City. Barrera Decl. ¶¶ 49–54.

50. Accordingly, Mexico is TV Azteca's center of main interests and the Concurso Mercantil should be recognized as a foreign main proceeding.

**C. The Petitioner Is a "Foreign Representative" and a "Person"**

51. Section 101(24) of the Bankruptcy Code defines "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). Section 101(41) provides that the term "person" includes an individual.

52. The Foreign Representative—TV Azteca's Chief Executive Officer—is an individual duly authorized and appointed by TV Azteca to act as its Foreign Representative and to represent TV Azteca in any legal proceeding outside of Mexico, including this Chapter 15 Case,

pursuant to resolutions of TV Azteca's Board of Directors and a power of attorney. Rodríguez Decl. ¶ 9.

53. This Court has recognized as foreign representatives individuals authorized in comparable Mexican cases. *See In re Compania Mexicana de Aviacion, S.A. de C.V.*, Case No. 10-14182 (MG), 2010 WL 10063842, at *2 (recognizing the individual authorized as a representative of the debtor in a Mexican *concurso mercantil* proceeding as a foreign representative); *In re Controladora Comercial Mexicana, S.A.B. de C.V.*, Case No. 10-13750 (SMB), 2010 WL 9462557, at *1 (same); *In re Corporacion Durango, S.A.B. de C.V.*, Case No. 08-13911 (RDD), 2008 WL 9375542, at *1 (same).

**D. The Petitions Satisfy Section 1515**

54. Under section 1515(b) of the Bankruptcy Code, a petition for recognition must be accompanied by evidence of the foreign proceeding and the appointment of the foreign representative. Certified copies of the March 20, 2026 Admission Order, the July 6, 2026 Sentencia, and the IFECOM communication IFECOM/DG/1560/2026 designating the *conciliador* are attached as exhibits to the Rodríguez Declaration.

55. Pursuant to section 1515(c) of the Bankruptcy Code, the Rodríguez Declaration contains the required statement identifying all foreign proceedings currently pending with respect to TV Azteca; the Concurso Mercantil is the only such proceeding. Rodríguez Decl. ¶ 52.

**E. Recognition Is Not Manifestly Contrary to U.S. Public Policy**

56. Section 1506 of the Bankruptcy Code permits refusal of relief only where recognition would be "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The exception is narrowly construed and sparingly applied. *See In re Ashapura Minechem*

*Ltd.*, 480 B.R. 129, 139 n.60 (S.D.N.Y. 2012); *In re Sino-Forest Corp.*, 501 B.R. 655, 665 (Bankr. S.D.N.Y. 2013); *In re Toft*, 453 B.R. 186, 195 (Bankr. S.D.N.Y. 2011).

57. Recognition of the Concurso Mercantil advances U.S. public policy. Recognition will facilitate coordination between this Court and the Concurso Court, promote the equal treatment of TV Azteca's creditors, and prevent piecemeal enforcement that would prejudice the orderly restructuring. Courts have also long held that Mexico's insolvency regime does not violate U.S. public policy. *See Ecoban Finance Ltd.* v. *Grupo Acerero del Norte, S.A. de C.V.*, 108 F.Supp.2d 349, 352–53 (S.D.N.Y. 2000) ("It suffices to say that nothing in the Mexican law is so prejudicial as to offend the public policy of New York or the United States"); *JP Morgan Chase Bank* v. *Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("Nothing in the record before us suggests that the actions taken by the Mexican bankruptcy court are not approved or allowed by American law").

**F. TV Azteca Is Entitled to Automatic Relief Under Section 1520**

58. Recognition of a foreign main proceeding automatically triggers, among other protections, the application of section 362(a) of the Bankruptcy Code to TV Azteca and its property within the territorial jurisdiction of the United States. 11 U.S.C. § 1520(a). Accordingly, the Foreign Representative respectfully requests that the Court confirm the applicability of these protections upon entry of the Order.

**G. Additional Relief Under Section 1521 Is Necessary and Appropriate**

59. Upon recognition, the Court may grant "any appropriate relief" under section 1521(a) of the Bankruptcy Code where necessary to effectuate the purpose of chapter 15 and to protect the debtor's assets or the interests of creditors. 11 U.S.C. § 1521(a). Such relief must ensure that creditors and other interested entities are sufficiently protected. 11 U.S.C. § 1522(a);

*In re CGG S.A.*, 579 B.R. 716, 720 (Bankr. S.D.N.Y. 2017); *In re Rede Energia S.A.*, 515 B.R. 69, 94 (Bankr. S.D.N.Y. 2014).

60. The Foreign Representative respectfully requests that this Court recognize and enforce the July 6, 2026 Sentencia and the March 20, 2026 Admission Order (and any other orders issued by the Concurso Court prior to the date of the entry of the Order), and grant comity thereto within the territorial jurisdiction of the United States. Federal courts extend comity to foreign court orders where the foreign forum affords full and fair procedure before a competent court. *Hilton* v. *Guyot*, 159 U.S. 113, 202–03 (1895); *In re Atlas Shipping A/S*, 404 B.R. 726, 733 (Bankr. S.D.N.Y. 2009); *JP Morgan Chase Bank* v. *Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005); *In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 696–97 (Bankr. S.D.N.Y. 2010). The Concurso Mercantil satisfies this standard: TV Azteca is subject to a court-supervised proceeding under a comprehensive Mexican insolvency statute; creditors are provided notice, an opportunity to participate, procedures for claim recognition and ranking, and appellate rights. Barrera Decl. ¶¶ 7, 76–77.

61. The Foreign Representative also requests that the Court entrust him with the administration and realization of all property of TV Azteca within the territorial jurisdiction of the United States pursuant to section 1521(a)(5) of the Bankruptcy Code. The requested relief is consistent with the sufficient-protection standard of section 1522(a) and is essential to protect the interests of TV Azteca's creditors, including U.S. creditors.

**H. Waiver of the 14-Day Stay of Effectiveness**

62. The Foreign Representative requests waiver of the 14-day stay of effectiveness imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Bankruptcy Rules 1018, 7062, and 9014, given the pendency of the Trustee's

fully-briefed summary-judgment motion in the New York Litigation, the pending Trustee motion to add four additional causes of action, and the risk that adverse actors could take further steps to interfere with the orderly administration of the Concurso Mercantil in the absence of immediate effectiveness. This Court routinely grants such waivers in chapter 15 cases. *See, e.g.*, *In re Prince Global Holdings Ltd. et al.*, No. 26-10769 (MG) [D.I. 90] (Bankr. S.D.N.Y. Jun. 18, 2026); *In re Fleming Int'l Reinsurance Ltd.*, No. 25-12353 (JPM) [D.I. 39] (Bankr. S.D.N.Y. Nov. 20, 2025); *In re Northeast Ins. Co. Ltd.*, No. 25-12275 (MEW) [D.I. 9] (Bankr. S.D.N.Y. Nov. 17, 2025).

**Notice**

63. Notice of this Verified Petition will be provided to (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) The Bank of New York Mellon, in its capacity as Trustee under the Indenture, and its counsel; (d) named parties and counsel of record in Case No. 22-08164 in the Southern District of New York, Case No. 25-2666 in the United States Court of Appeals for the Second Circuit, Case No. 26-23885 in the United States District Court of the Southern District of Florida, and Case No. C-1027-09-C in the District Court of Hidalgo County, Texas; (e) the Mexican Ministry of Foreign Affairs; (f) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representative is aware; and (g) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Foreign Representative submits that no other or further notice of this Verified Petition is necessary or required.

**No Prior Request**

64. No prior request for the relief sought in this Verified Petition has been made to this or any other court.

WHEREFORE, for the foregoing reasons, the Foreign Representative respectfully requests entry of the Order attached hereto as Exhibit A, (i) recognizing the Concurso Mercantil as a foreign main proceeding; (ii) recognizing the Petitioner as the Debtor's foreign representative; (iii) granting all relief afforded by section 1520 of the Bankruptcy Code and the additional relief requested under section 1521, including comity and entrustment; (iv) waiving the 14-day stay of effectiveness of the Order; and (v) granting such other and further relief as the Court deems just and proper.

Dated: September 16, 2026
New York, New York

Respectfully submitted,

*/s/ James L. Bromley*

Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: giuffrar@sullcrom.com
galviss@sullcrom.com
bromleyj@sullcrom.com
jensenc@sullcrom.com

*Counsel to the Foreign Representative*

**Verification**

I, Rafael Rodríguez Sánchez, hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 9, 2026
Mexico City, Mexico

Rafael Rodríguez Sánchez
Foreign Representative of the Debtor