Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TV AZTECA, S.A.B. DE C.V.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-12217 (__) |

**MOTION OF THE FOREIGN REPRESENTATIVE FOR ENTRY OF AN ORDER (I) SCHEDULING THE RECOGNITION HEARING AND OBJECTION DEADLINE, (II) SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE AND (III) GRANTING RELATED RELIEF**

Rafael Rodríguez Sánchez (the "Foreign Representative"), in his capacity as the foreign representative for TV Azteca, S.A.B. de C.V. (the "Debtor") regarding the Debtor's *Concurso Mercantil* proceeding (the "Concurso Mercantil") before the First District for Commercial Insolvency Matters (*Juzgado Primero de Distrito en Materia de Concursos Mercantiles*), sitting in Mexico City and with jurisdiction throughout the Mexican Republic (the "Concurso Court"), pursuant to the Mexican Commercial Insolvency Law (*Ley de Concursos Mercantiles*), hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto

[1] The last four digits of the Debtor's Mexican federal tax identification number are 4V78. The location of the corporate headquarters and the service address for the Debtor is Periférico Sur 4121, Col. Fuentes del Pedregal, Alcaldía Tlalpan, 14140, Mexico City, Mexico.

as Exhibit A (the "Order"), pursuant to sections 1504, 1509, 1515 and 1517 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002(m), 2002(q) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-4 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), (a) scheduling a hearing (the "Recognition Hearing") in connection with the relief sought in the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition" and, together with the form chapter 15 petition, the "Petitions") and a related objection deadline (the "Objection Deadline"), (b) specifying the form and manner of service of a notice of the Recognition Hearing and Objection Deadline, substantially in the form of Schedule 1 to Exhibit A hereto (the "Notice"), and (c) granting certain related relief. In support of this Motion, the Foreign Representative respectfully states as follows:

**Background**

1. The Debtor is a Mexican corporation and the debtor in a voluntary reorganization proceeding in Mexico known as a *concurso mercantil*, which the Debtor commenced on March 10, 2026. On the date hereof, the Foreign Representative commenced this chapter 15 case (the "Chapter 15 Case") by filing the Petitions, seeking recognition of the Concurso Mercantil as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

2. Additional factual background relating to the Debtor and the commencement of this Chapter 15 Case is set forth in the concurrently filed *Declaration of Rafael Rodríguez Sánchez in Support of the Verified Petition for Recognition of Foreign Main Proceeding and Related Relief*.

**Jurisdiction**

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431* from the United States District Court

for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 1504, 1509, 1515 and 1517 of the Bankruptcy Code, Bankruptcy Rules 2002(m), 2002(q) and 9007 and Local Rules 2002-4 and 9013-1(a).

**Relief Requested**

4. By this Motion, the Foreign Representative requests entry of the Order, substantially in the form attached hereto as Exhibit A, (a) scheduling (i) the Recognition Hearing for October 9, 2026, or as soon as reasonably practicable thereafter subject to the Court's availability, and (ii) the Objection Deadline on a date that is no less than 7 days prior to the Recognition Hearing, (b) specifying the form and manner of service of the Notice and (c) granting certain related relief.

**Basis for Relief**

**A. The Proposed Recognition Hearing and Objection Deadline Comply with the Bankruptcy Code and Bankruptcy Rules**

5. Section 1517(c) of the Bankruptcy Code provides that "[a] petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." 11 U.S.C. § 1517(c). Additionally, Bankruptcy Rule 2002(q)(1) provides that after the filing of a petition for recognition of a foreign proceeding, the court shall promptly schedule and hold a hearing on the petition. Fed. R. Bankr. P. 2002(q)(1).

6. Bankruptcy Rule 2002(q)(1) further provides that the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code, all parties to litigation pending in the

United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, shall be given at least 21 days' notice by mail of the hearing.

7. Accordingly, the Foreign Representative proposes to schedule October 9, 2026 for the Recognition Hearing, or as soon as practicable thereafter subject to the Court's availability, with an Objection Deadline on a date no less than 7 days prior to the Recognition Hearing, in order for the Recognition Hearing to proceed as expeditiously as possible following completion of service of the Notice.

**B. The Proposed Notice Procedures Comply with the Bankruptcy Code and Bankruptcy Rules**

8. Bankruptcy Rule 2002(q) does not specify the form and manner in which notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.

9. In accordance with Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Notice and the Petitions (without exhibits) (together, the "Notice Documents") by first-class mail and electronic mail (to the extent email addresses are available) on: (a) the United States Trustee for the Southern District of New York; (b) the United States Attorney for the Southern District of New York; (c) The Bank of New York Mellon, in its capacity as Trustee under the Indenture, and its counsel; (d) named parties and counsel of record in Case No. 22-08164 in the Southern District of New York, Case No. 25-2666 in the United States Court of Appeals for the Second Circuit, Case No. 26-23885 in the United States District Court of the Southern District of Florida, and Case No. C-1027-09-C in the District Court of Hidalgo County, Texas; (e) the Mexican Ministry of Foreign Affairs; (f) all parties required to be given notice under Bankruptcy

Rule 2002(q)(1) of which the Foreign Representative is aware; and (g) all parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

10. The Notice will notify the Notice Parties of the commencement of the Debtor's Chapter 15 Case, the relief sought in the Petitions, the date, time and location of the Recognition Hearing, the Objection Deadline and the procedures for filing a response or objection to the Petitions. The Notice will also provide the electronic case filing website maintained by the federal judiciary where interested parties may view all pleadings filed in this Chapter 15 Case.

11. The Foreign Representative submits that the form and manner of service of the Notice Documents constitute adequate and sufficient notice of this Chapter 15 Case, the relief sought in the Petitions, the Objection Deadline and the Recognition Hearing to all interested parties. Accordingly, the Foreign Representative respectfully requests that the Court approve the form and manner of service of the Notice for the Notice Parties.

**C. Section 1514(c) of the Bankruptcy Code is Not Applicable to This Chapter 15 Case**

12. Section 1514(c) of the Bankruptcy Code provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c). Because this is an ancillary case under chapter 15 and creditors will not be filing proofs of claim in this Chapter 15 Case, section 1514 is inapplicable. *See* 8 Collier on Bankruptcy ¶ 1514.01 (16th ed. 2026) ("[Section 1514 is] last in [a] series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511 . . . .") (emphasis added). To the extent section 1514(c) applies, the Foreign Representative respectfully requests that such requirements be waived.

## **Notice**

13. Notice of this Motion will be provided to the Notice Parties. The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

WHEREFORE, the Foreign Representative respectfully requests that the Court (a) enter the Order, and (b) grant such other and further relief as is just and proper.

Dated: September 16, 2026
New York, New York

Respectfully submitted,

*/s/ James L. Bromley*

Robert J. Giuffra, Jr.
Sergio J. Galvis
James L. Bromley
Christian P. Jensen
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: giuffrar@sullcrom.com
galviss@sullcrom.com
bromleyj@sullcrom.com
jensenc@sullcrom.com

*Counsel to the Foreign Representative*