**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Michael S. Stamer
Abid Qureshi
David M. Giller

2300 North Field Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 969-2800
Fax: (214) 969-4343
Sarah Link Schultz (*pro hac vice*)

*Counsel to The Bank of New York Mellon as Indenture Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| TV AZTECA, S.A.B. DE C.V., | ) | Case No. 26-12217 (LGB) |
| Debtor in a Foreign Proceeding | ) | |

**NOTICE OF SUBPOENAS TO SAPPODILLA LLC, ZARAGOLA LLC, AND TADWORTH LLC**

PLEASE TAKE NOTICE, that pursuant, to Rule 45(a)(4) of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024, by and through its undersigned attorneys, intends to serve subpoenas, in the form attached hereto, upon Sappodilla LLC, Zaragola LLC, and Tadworth LLC on October 21, 2026, or as soon as service may be effectuated.

Dated: October 21, 2026

Respectfully submitted,

*/s/ Michael S. Stamer*
Michael S. Stamer
Abid Qureshi
David M. Giller
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Email: mstamer@akingump.com
aqureshi@akingump.com
dgiller@akingump.com

Sarah Link Schultz (*pro hac vice*)
2300 North Field Street, Suite 1800
Dallas, Texas 75201
Tel: (214) 969-2800
Fax: (214) 969-4343
Email: sschultz@akingump.com

Justin M. Ellis
Mark W. Kelley
Zachary R. Ingber
Eric J. Rolston
**MOLOLAMKEN LLP**
430 Park Avenue, 6th Floor
New York, New York 10022
Tel: (212) 607-8160
Email: jellis@mololamken.com
mkelley@mololamken.com
zingber@mololamken.com
erolston@mololamken.com

Curtis M. Plaza, Esq.
**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, New Jersey 07960
Tel: (973) 326-7118
cplaza@foxrothschild.com
*Counsel to The Bank of New York Mellon as Indenture Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2026, I served by electronic mail on counsel for TV Azteca, S.A.B. de C.V. and the Office of the United States Trustee for Region 2, a true and correct copy of the foregoing Notice of Subpoenas, together with a copy of the subpoenas attached thereto seeking discovery from Sappodilla LLC, Tadworth LLC, and Zaragola LLC. Specifically, the Notice and subpoenas were served on James Bromley, Sergio J. Galvis, and Christian P. Jensen, on behalf of TV Azteca, S.A.B. de C.V., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, Tel.: (212) 558-4923, bromleyj@sullcrom.com, galviss@sullcrom.com, jensenc@sullcrom.com; and Shara Cornell, Office of the United States Trustee – Manhattan Office, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004, shara.cornell@usdoj.gov.

Dated: October 21, 2026

*/s/ Michael S. Stamer*

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re TV Azteca, S.A.B. DE C.V.
Debtor

Case No. 26-12217 (LGB)

*(Complete if issued in an adversary proceeding)*

Chapter 15

____________________
Plaintiff
v.
____________________
Defendant

Adv. Proc. No. __________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Sappodilla LLC
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE Carlton Fields, c/o Nicole Mihara, 4221 W Boy Scout Boulevard, Suite 1000, Tampa, Florida 33607-5780 | DATE AND TIME 10/28/2026 @ 10:00 AM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2026

CLERK OF COURT

____________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Bank of New York Mellon, in its capacity as Indenture Trustee, who issues or requests this subpoena, are:

Sarah Link Schultz, Akin, 2300 N. Field Street, Suite 1800, Dallas, TX 75201, sschultz@akingump.com, (214) 969-4367

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

1. "Affiliate" means, with respect to any Person, any other Person who, directly or indirectly, is owned or Controlled by a common Person. TV Azteca affiliates include any Grupo Salinas entity, as well as any other Person that, directly or indirectly, is owned or Controlled by Ricardo Salinas Pliego.

2. "AlterBank" means AlterBank, Limited, as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

3. "Arrendadora" means Arrendadora Internacional Azteca S.A. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

4. "AlterBank Loan" means the $290 million loan that AlterBank made to TV Azteca in 2026.

5. "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). It includes transmission via email, mail, messages, correspondence, forms, reports, or any other Documents.

6. "Concerning" means referring to, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or Relating to in any way, directly or indirectly, in whole or in part.

7. "Concurso" means the *concurso mercantil* commenced by TV Azteca on March 10, 2026, pursuant to Mexico's *Ley de Concursos Mercantiles*, Case No. 22/2026-II.

8. “Control,” “Controlled,” or “Controlling” means the ability, directly or indirectly, to direct or cause the direction of any Person, whether through majority ownership of such Person or otherwise.

9. “Document” includes without limitation any letters, e-mails, electronic files, electronic data, reports, publications, presentations, contracts, analyses, valuations, records, summaries, transcripts, accounts, business records, data compilations, or other hard-copy or electronic documents, communications, or other information in whatever form.

10. “Grupo Salinas” means any Person that is a member of Grupo Salinas, as well as any of such Person’s directors, members, officers, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents. Grupo Salinas includes TV Azteca, Banco Azteca, and Grupo Elektra.

11. “Person” means any natural person, corporation, association, business entity, or other legal entity, as well as its officers, directors, members, partners, employees, agents, or representatives.

12. “Relating to” means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring to in any way, or in any way relevant.

13. “Subsidiary” of any company means any other company of which a majority of the voting stock is owned, directly or indirectly, by such company.

14. “TV Azteca” means TV Azteca, S.A.B. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

15. "You" or "Your" means you, Sappodilla LLC, and all Persons acting under Sappodilla LLC's Control or in which Sappodilla LLC has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, attorneys, agents, and Affiliates, including Arrendadora.

## INSTRUCTIONS

1. If any portion of any Document is responsive to any request, produce the entire Document. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder.

2. In responding to any request, You must produce all Documents in Your possession, custody, or control, regardless of whether You possess the Documents directly and regardless of whether they are in this District. A Document is in Your possession, custody, or control if it is in Your custody or if it is in the custody of any other Person and You (1) own such Document in whole or in part; (2) have a right by contract, statute, order, or otherwise to use, inspect, examine, or copy the Document; (3) have an understanding, whether express or implied, that You may use, inspect, examine, or copy the Document; or (4) have the practical ability to use, inspect, examine, or copy the Document.

3. For any responsive Document that is redacted or withheld in whole or in part on the basis of any assertion of privilege or other exemption from disclosure, provide a log identifying (1) the nature of the privilege or exemption asserted; (2) the nature of the Document; (3) the title of the Document; (4) the date of the Document; (5) all Persons who prepared, sent, or received the Document; (6) the number of pages; and (7) the contents or subject matter of the Document or redacted or withheld portion thereof with sufficient detail to explain the basis for the privilege or exemption asserted.

4. Any electronically stored information ("ESI") should be produced in its native electronic form—i.e., the format in which it was originally created with all metadata intact. When producing ESI for electronic mail systems such as Microsoft Outlook or Gmail, provide all responsive emails and, if applicable, email attachments and any related documents, in their respective mail container format (i.e., .PST for Outlook). To the extent any ESI requires redaction prior to production, said ESI should be produced in .PDF format.

5. If You encounter any ambiguity in any Request or any Definition or Instruction, explain in Your response the matter deemed ambiguous and the construction You used in responding to the Request.

6. The Documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

7. Words importing the singular shall include the plural and vice versa. The words "any" and "all" shall mean "any and all." The words "and" and "or" shall be construed conjunctively or disjunctively to include anything that would otherwise be excluded. The use of a verb in any tense shall be construed to include the use of the verb in all other tenses. The use of capital letters, lowercase letters, or quotation marks shall not limit the scope of any term.

8. Unless otherwise specified, the time period for the requests herein is January 1, 2023, to the present.

## **DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show any Persons with direct or indirect ownership in or Control over You, including through any intermediaries, for the period January 1, 2025, to the present.

2. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds from TV Azteca to You or any of Your Affiliates, from the period January 1, 2025, to the present. That includes, but is not limited to, Documents and Communications concerning the purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how You or Your Affiliates would or did use those funds.

3. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds between You or Arrendadora, on the one hand, and AlterBank, on the other hand. That includes, but is not limited to, Documents and Communications concerning the characterization and purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how those funds would be and were used.

4. Documents and Communications concerning the AlterBank Loan. That includes, but is not limited to, Documents and Communications concerning how the AlterBank Loan was negotiated, funded, and secured, and its actual or potential impact on the Concurso.

5. Documents and Communications concerning any transaction by which You invested in, acquired a direct or indirect ownership interest in, or acquired any degree of Control over, Arrendadora.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re TV Azteca, S.A.B. DE C.V.
Debtor

Case No. 26-12217 (LGB)

(*Complete if issued in an adversary proceeding*)

Chapter 15

_______________________
Plaintiff
v.
_______________________
Defendant

Adv. Proc. No. ___________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Tadworth LLC
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE Lexitas, 100 N.E. Loop 410, Suite 955, San Antonio, TX 78216 | DATE AND TIME 10/28/2026 @ 10:00 AM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2026

CLERK OF COURT

_______________________ OR [signature]
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Bank of New York Mellon, in its capacity as Indenture Trustee, who issues or requests this subpoena, are:

Sarah Link Schultz, Akin, 2300 N. Field Street, Suite 1800, Dallas, TX 75201, sschultz@akingump.com, (214) 969-4367

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1. “Affiliate” means, with respect to any Person, any other Person who, directly or indirectly, is owned or Controlled by a common Person. TV Azteca affiliates include any Grupo Salinas entity, as well as any other Person that, directly or indirectly, is owned or Controlled by Ricardo Salinas Pliego.

2. “AlterBank” means AlterBank, Limited, as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

3. “AlterBank Loan” means the $290 million loan that AlterBank made to TV Azteca in 2026.

4. “Communication” or “Communications” means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). It includes transmission via email, mail, messages, correspondence, forms, reports, or any other Documents.

5. “Concerning” means referring to, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or Relating to in any way, directly or indirectly, in whole or in part.

6. “Concurso” means the *concurso mercantil* commenced by TV Azteca on March 10, 2026, pursuant to Mexico’s *Ley de Concursos Mercantiles*, Case No. 22/2026-II.

7. “Control,” “Controlled,” or “Controlling” means the ability, directly or indirectly, to direct or cause the direction of any Person, whether through majority ownership of such Person or otherwise.

8. “Document” includes without limitation any letters, e-mails, electronic files, electronic data, reports, publications, presentations, contracts, analyses, valuations, records, summaries, transcripts, accounts, business records, data compilations, or other hard-copy or electronic documents, communications, or other information in whatever form.

9. “Grupo Salinas” means any Person that is a member of Grupo Salinas, as well as any of such Person’s directors, members, officers, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents. Grupo Salinas includes TV Azteca, Banco Azteca, and Grupo Elektra.

10. “Person” means any natural person, corporation, association, business entity, or other legal entity, as well as its officers, directors, members, partners, employees, agents, or representatives.

11. “Relating to” means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring to in any way, or in any way relevant.

12. “Subsidiary” of any company means any other company of which a majority of the voting stock is owned, directly or indirectly, by such company.

13. “TV Azteca” means TV Azteca, S.A.B. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

14. “You” or “Your” means you, Tadworth LLC, and all Persons acting under Tadworth LLC’s Control or in which Tadworth LLC has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, attorneys, agents, and Affiliates.

## INSTRUCTIONS

1. If any portion of any Document is responsive to any request, produce the entire Document. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder.

2. In responding to any request, You must produce all Documents in Your possession, custody, or control, regardless of whether You possess the Documents directly and regardless of whether they are in this District. A Document is in Your possession, custody, or control if it is in Your custody or if it is in the custody of any other Person and You (1) own such Document in whole or in part; (2) have a right by contract, statute, order, or otherwise to use, inspect, examine, or copy the Document; (3) have an understanding, whether express or implied, that You may use, inspect, examine, or copy the Document; or (4) have the practical ability to use, inspect, examine, or copy the Document.

3. For any responsive Document that is redacted or withheld in whole or in part on the basis of any assertion of privilege or other exemption from disclosure, provide a log identifying (1) the nature of the privilege or exemption asserted; (2) the nature of the Document; (3) the title of the Document; (4) the date of the Document; (5) all Persons who prepared, sent, or received the Document; (6) the number of pages; and (7) the contents or subject matter of the Document or redacted or withheld portion thereof with sufficient detail to explain the basis for the privilege or exemption asserted.

4. Any electronically stored information ("ESI") should be produced in its native electronic form—i.e., the format in which it was originally created with all metadata intact. When producing ESI for electronic mail systems such as Microsoft Outlook or Gmail, provide all responsive emails and, if applicable, email attachments and any related documents, in their

respective mail container format (i.e., .PST for Outlook). To the extent any ESI requires redaction prior to production, said ESI should be produced in .PDF format.

5. If You encounter any ambiguity in any Request or any Definition or Instruction, explain in Your response the matter deemed ambiguous and the construction You used in responding to the Request.

6. The Documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

7. Words importing the singular shall include the plural and vice versa. The words "any" and "all" shall mean "any and all." The words "and" and "or" shall be construed conjunctively or disjunctively to include anything that would otherwise be excluded. The use of a verb in any tense shall be construed to include the use of the verb in all other tenses. The use of capital letters, lowercase letters, or quotation marks shall not limit the scope of any term.

8. Unless otherwise specified, the time period for the requests herein is January 1, 2023, to the present.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show any Persons with direct or indirect ownership in or Control over You, including through any intermediaries, for the period January 1, 2025, to the present.

2. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds from TV Azteca to You or any of Your Affiliates, from the period January 1, 2025, to the present. That includes, but is not limited to,

Documents and Communications concerning the purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how You or Your Affiliates would or did use those funds.

3. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds between You or Inmobiliaria Mespat S.A. de C.V., on the one hand, and AlterBank, on the other hand. That includes, but is not limited to, Documents and Communications concerning the characterization and purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how those funds would be and were used.

4. Documents and Communications concerning the AlterBank Loan. That includes, but is not limited to, Documents and Communications concerning how the AlterBank Loan was negotiated, funded, and secured, and its actual or potential impact on the Concurso.

5. Communications between You and NexBank concerning TV Azteca or AlterBank.

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re TV Azteca, S.A.B. DE C.V.
Debtor

Case No. 26-12217 (LGB)

(*Complete if issued in an adversary proceeding*)

Chapter 15

Plaintiff
v.
Defendant

Adv. Proc. No. ______________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Zaragola LLC
(*Name of person to whom the subpoena is directed*)

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE Fridman Fels & Soto, PLLC, 150 Alhambra Circle, Suite 715, Coral Gables, FL 33134 | DATE AND TIME 10/28/2026 @ 10:00 AM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2026

CLERK OF COURT

OR

______________________
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Bank of New York Mellon, in its capacity as Indenture Trustee, who issues or requests this subpoena, are:

Sarah Link Schultz, Akin, 2300 N. Field Street, Suite 1800, Dallas, TX 75201, sschultz@akingump.com, (214) 969-4367

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **EXHIBIT A**

## **DEFINITIONS**

1. “Affiliate” means, with respect to any Person, any other Person who, directly or indirectly, is owned or Controlled by a common Person. TV Azteca affiliates include any Grupo Salinas entity, as well as any other Person that, directly or indirectly, is owned or Controlled by Ricardo Salinas Pliego.

2. “AlterBank” means AlterBank, Limited, as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

3. “Arrendadora” means Arrendadora Internacional Azteca S.A. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

4. “AlterBank Loan” means the $290 million loan that AlterBank made to TV Azteca in 2026.

5. “Communication” or “Communications” means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). It includes transmission via email, mail, messages, correspondence, forms, reports, or any other Documents.

6. “Concerning” means referring to, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or Relating to in any way, directly or indirectly, in whole or in part.

7. “Concurso” means the *concurso mercantil* commenced by TV Azteca on March 10, 2026, pursuant to Mexico’s *Ley de Concursos Mercantiles*, Case No. 22/2026-II.

8. “Control,” “Controlled,” or “Controlling” means the ability, directly or indirectly, to direct or cause the direction of any Person, whether through majority ownership of such Person or otherwise.

9. “Document” includes without limitation any letters, e-mails, electronic files, electronic data, reports, publications, presentations, contracts, analyses, valuations, records, summaries, transcripts, accounts, business records, data compilations, or other hard-copy or electronic documents, communications, or other information in whatever form.

10. “Grupo Salinas” means any Person that is a member of Grupo Salinas, as well as any of such Person’s directors, members, officers, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents. Grupo Salinas includes TV Azteca, Banco Azteca, and Grupo Elektra.

11. “Person” means any natural person, corporation, association, business entity, or other legal entity, as well as its officers, directors, members, partners, employees, agents, or representatives.

12. “Relating to” means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring to in any way, or in any way relevant.

13. “Subsidiary” of any company means any other company of which a majority of the voting stock is owned, directly or indirectly, by such company.

14. “TV Azteca” means TV Azteca, S.A.B. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

15. "You" or "Your" means you, Zaragola LLC, and all Persons acting under Zaragola LLC's Control or in which Zaragola LLC has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, attorneys, agents, and Affiliates, including Arrendadora.

**INSTRUCTIONS**

1. If any portion of any Document is responsive to any request, produce the entire Document. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder.

2. In responding to any request, You must produce all Documents in Your possession, custody, or control, regardless of whether You possess the Documents directly and regardless of whether they are in this District. A Document is in Your possession, custody, or control if it is in Your custody or if it is in the custody of any other Person and You (1) own such Document in whole or in part; (2) have a right by contract, statute, order, or otherwise to use, inspect, examine, or copy the Document; (3) have an understanding, whether express or implied, that You may use, inspect, examine, or copy the Document; or (4) have the practical ability to use, inspect, examine, or copy the Document.

3. For any responsive Document that is redacted or withheld in whole or in part on the basis of any assertion of privilege or other exemption from disclosure, provide a log identifying (1) the nature of the privilege or exemption asserted; (2) the nature of the Document; (3) the title of the Document; (4) the date of the Document; (5) all Persons who prepared, sent, or received the Document; (6) the number of pages; and (7) the contents or subject matter of the Document or redacted or withheld portion thereof with sufficient detail to explain the basis for the privilege or exemption asserted.

4. Any electronically stored information ("ESI") should be produced in its native electronic form—i.e., the format in which it was originally created with all metadata intact. When producing ESI for electronic mail systems such as Microsoft Outlook or Gmail, provide all responsive emails and, if applicable, email attachments and any related documents, in their respective mail container format (i.e., .PST for Outlook). To the extent any ESI requires redaction prior to production, said ESI should be produced in .PDF format.

5. If You encounter any ambiguity in any Request or any Definition or Instruction, explain in Your response the matter deemed ambiguous and the construction You used in responding to the Request.

6. The Documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

7. Words importing the singular shall include the plural and vice versa. The words "any" and "all" shall mean "any and all." The words "and" and "or" shall be construed conjunctively or disjunctively to include anything that would otherwise be excluded. The use of a verb in any tense shall be construed to include the use of the verb in all other tenses. The use of capital letters, lowercase letters, or quotation marks shall not limit the scope of any term.

8. Unless otherwise specified, the time period for the requests herein is January 1, 2023, to the present.

**DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to show any Persons with direct or indirect ownership in or Control over You, including through any intermediaries, for the period January 1, 2025, to the present.

2. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds from TV Azteca to You or any of Your Affiliates, from the period January 1, 2025, to the present. That includes, but is not limited to, Documents and Communications concerning the purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how You or Your Affiliates would or did use those funds.

3. Documents and Communications concerning any direct or indirect payment, deposit, investment, loan, or other transfer of funds between You or Arrendadora, on the one hand, and AlterBank, on the other hand. That includes, but is not limited to, Documents and Communications concerning the characterization and purpose(s) of any payment, deposit, investment, loan, or other transfer of funds, and how those funds would be and were used.

4. Documents and Communications concerning the AlterBank Loan. That includes, but is not limited to, Documents and Communications concerning how the AlterBank Loan was negotiated, funded, and secured, and its actual or potential impact on the Concurso.

5. Documents and Communications concerning any transaction by which You invested in, acquired a direct or indirect ownership interest in, or acquired any degree of Control over, Arrendadora.