**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TV AZTECA, S.A.B. DE C.V.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-12217 (LGB) |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

This Protective Order Governing Discovery Material (the "Protective Order") governs the use and disclosure of all information, documents and other materials produced by any person or entity (each a "Producing Party") to any other person or entity (each a "Receiving Party") in connection with the above-captioned Chapter 15 case of TV Azteca, S.A.B. de C.V. (the "Debtor"), which was commenced by Rafael Rodríguez Sánchez, in his capacity as the authorized foreign representative (the "Authorized Foreign Representative") of the Debtor, and any contested matters, adversary proceedings, appeals or other disputes arising in or related to such Chapter 15 case (collectively, the "Chapter 15 Case").

**IT IS HEREBY ORDERED THAT** the following terms will govern any requests for and production of Discovery Material (as defined below):

**Scope of Order**

1. This Protective Order applies to all information, documents, testimony and other materials provided in connection with the Chapter 15 Case ("Discovery Material"), either prior to or after the entry of this Protective Order, in response to or in connection with any discovery

[1] The last four digits of the Debtor's Mexican federal tax identification number are 4V78. The location of the corporate headquarters and the service address for the Debtor are Periférico Sur 4121, Col. Fuentes de Pedregal, Alcaldía Tlalpan, 14140, Mexico City, Mexico.

devices pursuant to the Federal Rules of Civil Procedure (the "Civil Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and/or the Bankruptcy Local Rules for the Southern District of New York (the "Local Rules") (each a "Discovery Request"). The parties to this Protective Order agree to be bound by its terms upon its execution. Pending execution and entry of this Protective Order, no party shall withhold or delay production of Discovery Material on the ground that this Protective Order has not been executed or entered. The parties agree that, pending resolution of any disputes related to this Protective Order by the Court, no party shall use Discovery Material outside this Chapter 15 Case, and any Discovery Material produced prior to execution shall be treated as Confidential.

2. This Protective Order applies to, and is binding upon, any person or entity that has appeared or otherwise participated in the Chapter 15 Case (including by producing or receiving Discovery Material). Discovery Material produced by any non-party in connection with the Chapter 15 Case shall be subject to the terms of this Protective Order.

3. Any person serving a Discovery Request on a non-party recipient in connection with the Chapter 15 Case shall provide a copy of this Protective Order along with such Discovery Request and shall instruct the recipient that the recipient may designate documents, testimony or other Discovery Material produced in response thereto in accordance with the provisions herein. In the event that any Discovery Request has been made in connection with the Chapter 15 Case prior to entry of this Protective Order, counsel shall comply with the preceding sentence as soon as reasonably practicable after entry of this Protective Order.

**Designating Discovery Material**

4. Any Producing Party or Receiving Party may designate Discovery Material as "Confidential" or "Highly Confidential" in accordance with the following provisions:

a. Confidential Material: A Producing Party or Receiving Party may designate Discovery Material as "Confidential" if such Producing Party or Receiving Party believes in good faith (including, with respect to documents received from another person, because it has been reasonably advised by such other person) that such Discovery Material constitutes or contains non-public, proprietary, commercially sensitive or confidential technical, business, financial, personal or other information of a nature that can be protected under Civil Rule 26(c) or Bankruptcy Rule 7026 or 9018; or is subject to any law, regulation or court order restricting its use or disclosure; or the Producing Party or Receiving Party is under a preexisting contractual obligation to a non-party to treat such Discovery Material as confidential, which obligation was (a) entered into in good faith and for a legitimate business purpose and (b) in effect on the date of production or testimony; or the Producing Party or Receiving Party has in good faith been requested by another person to so designate on the grounds that such other person considers such material to contain information that is confidential, non-public, personal or proprietary to such person. All copies of, summaries of, and information derived from Confidential Material are Confidential Material.

b. Highly Confidential Material: A Producing Party or Receiving Party may designate Discovery Material as "Highly Confidential" if such Producing Party or Receiving Party believes in good faith (including, with respect to documents received from another person, because it has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive or other significant injury would be created if the Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Protective Order, which Discovery Material may include, without limitation, to (i) information maintained, or that constitutes, a trade secret under applicable law or (ii) proprietary technical, financial, marketing, strategic planning, or other commercially sensitive competitive information that would create a substantial risk of harm that could not be avoided by less restrictive means, including material prepared by industry professionals, advisors, financial advisors, accounting advisors, attorneys, experts and consultants (and their respective staff) that are retained by the Authorized Foreign Representative or any other person subject to this Protective Order in connection with the Chapter 15 Case, and only to the extent that the Producing Party or Receiving Party believes in good faith that such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for Confidential Material. All copies of, summaries of, and information derived from Highly Confidential Material are Highly Confidential Material.

c. Exclusions: Confidential Material and Highly Confidential Material do not include information that: (i) is or becomes available to the public other than as a result of a disclosure by a Receiving Party in violation of this Protective Order or another improper disclosure by any person; (ii) was lawfully available to a Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party and was not subject to any confidentiality, fiduciary, contractual, legal or similar obligation restricting its use or disclosure; (iii) becomes lawfully available to a Receiving Party on a non-confidential basis from a person other than the Producing Party who

is not otherwise bound by any confidentiality, fiduciary, contractual, legal or similar obligation restricting disclosure of such information; (iv) was independently developed by the Receiving Party without violating its obligations hereunder; or (v) was obtained by a Receiving Party independently of this Chapter 15 Case.

5. Manner of Designation: Any Discovery Material designated as "Confidential" or "Highly Confidential" is referred to herein as "Designated Material" and the Producing Party or Receiving Party designating such material is referred to herein as the "Designating Party." A Producing Party shall designate Designated Material as such by, where reasonably practicable, marking every page "Confidential" or "Highly Confidential" as applicable. The markings should not obscure or obliterate the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party shall designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production that the material is "Confidential" or "Highly Confidential"; provided that inclusion of the words "Confidential" or "Highly Confidential" in the file names of any native file documents shall be deemed to comply with this requirement. Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Highly Confidential" as applicable on the first page of each applicable written response or in the cover letter served with the Designated Material. A Receiving Party may designate Discovery Material received from a Producing Party as "Confidential" or "Highly Confidential" by providing written notice to the Producing Party and each other Receiving Party, identifying with reasonable specificity the Discovery Material (or portions thereof) to which the designation applies, the applicable designation and the basis for such designation, and the Discovery Material so identified shall thereafter be treated in accordance with the Receiving

Party's designation. Discovery Material produced by a non-party that is not designated by such non-party at the time of production shall be treated as Confidential for 15 business days following first receipt by any Receiving Party, during which period any Receiving Party may designate such Discovery Material, or any portion thereof, as "Confidential" or "Highly Confidential" pursuant to this paragraph, provided that it has a good-faith basis to do so. After that period, such Discovery Material shall no longer be treated as Confidential unless designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

6. Effect of Designation: The designation of Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation by the Designating Party that there is a good-faith basis for that designation.

7. Late Designation: The failure of a Designating Party to designate Discovery Material as "Confidential" or "Highly Confidential" at the time of production or receipt, as applicable, shall not waive such Designating Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Protective Order (the "Misdesignated Material"). Upon learning of any Misdesignated Material, the Designating Party shall promptly notify each other person in possession of the Misdesignated Material of the corrected designation and, where the Designating Party is the Producing Party, shall provide replacement copies of the Misdesignated Material with the proper designation. Once such later designation has been made, the Discovery Material shall be treated in accordance with that later designation. Notwithstanding the foregoing, the disclosure or use of any Discovery Material in a manner consistent with its original designation but inconsistent with a corrected designation shall not constitute a violation of this Protective Order, provided that such disclosure or use occurred prior to receipt of notice of the corrected designation.

**Objecting to Designated Material**

8. Manner of Objecting to Designated Material: If any Producing Party or Receiving Party other than the Designating Party (the "Objecting Party") objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Objecting Party shall first raise the objection with the Designating Party in writing or on the record during a deposition during which testimony is being designated, and the Objecting Party and Designating Party shall confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Protective Order.

9. Raising Designation Disputes with the Court: If within three (3) business days after receipt of an objection in writing or on the record during a deposition during which testimony is being designated, the Objecting Party and Designating Party are unable to reach agreement on the designation, the Designating Party shall seek relief from the Court within three (3) additional business days, on notice to the Objecting Party. The Designating Party has the burden to demonstrate that such a designation is appropriate. If the Designating Party does not seek relief within that period, the challenged designation shall be deemed withdrawn or modified, as applicable, to the extent stated in the Objecting Party's objection, unless otherwise agreed by the Objecting Party or ordered by the Court. The Designated Material subject to the objection shall continue to be treated in accordance with the applicable designation until the earlier of: (i) expiration of the Designating Party's deadline to seek relief, if no relief is sought; (ii) agreement of the Objecting Party and Designating Party; or (iii) the Court's ruling on the dispute. If challenged Designated Material is to be used at an upcoming deposition, hearing, or trial, the parties shall confer within one business day, and the Designating Party shall seek relief within two business days thereafter or the designation shall be deemed withdrawn.

**Use and Disclosure of Discovery Material**

10. General Limitations on Use and Disclosure of Discovery Material: Discovery Material shall be used by the Receiving Parties solely in connection with the Chapter 15 Case, TV Azteca's *concurso mercantil* proceeding, and any proceeding consolidated with TV Azteca's *concurso mercantil* proceeding, subject to any applicable Mexican law or regulation or any applicable rule or order of the First District Court for Concurso Mercantil Matters (*Juzgado Primero de Distrito en Materia de Concursos Mercantiles*), and not for any other purpose. Use of Discovery Material by the Receiving Party in any other proceeding shall not be permitted absent the Producing Party's consent or further order of the Court. Nothing in this Order restricts any party's use of documents obtained independently of this Chapter 15 Case, even if the same material is also produced here.

11. Confidential Material: Except with the prior written consent of the Designating Party or by order of the Court, Confidential Material, and any and all information contained therein, may be given, shown, made available, communicated or otherwise disclosed only to the following:

a. any Receiving Party, including its respective individual members, managers, partners, directors, officers, employees, counsel and agents acting on its behalf who have been advised by such Receiving Party of their obligations under this Protective Order;

b. industry advisors, financial advisors, accounting advisors, experts, consultants, investigators and other professionals, and their respective staff, retained by any Receiving Party, provided that any such person or entity has signed a written statement in the form provided as **Exhibit 1**;

c. any person who is indicated on the face of a document to have been an author, addressee or recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d. for purposes of witness preparation, examination, interview or evidence-gathering, any actual or potential deponent, witness, interviewee or other person from whom evidence is sought, and such person's counsel, to the extent that disclosure is

reasonably necessary for the anticipated subject matter of such person's testimony, interview or assistance, provided that such persons (i) shall not be permitted to retain copies of any Confidential Material unless otherwise entitled under this Protective Order and (ii) have signed or agreed on the record to sign a written statement in the form provided as **Exhibit 1**;

e. court reporters, stenographers, videographers and translators who record or interpret testimony;

f. the Court and its officers and clerical staff; and

g. any other person or entity with respect to whom the Designating Party may consent in writing, provided such person or entity has signed a written statement in the form provided as **Exhibit 1**.

12. Highly Confidential Material: Except with the prior written consent of the Designating Party or by order of the Court, Highly Confidential Material, and any and all information contained therein, may be given, shown, made available, communicated or otherwise disclosed only to the following:

a. outside counsel representing any Receiving Party, and such counsel's associated attorneys, paralegals and other professional and non-professional personnel, including support staff, translators and outside electronic discovery and document review services, who have been advised by such counsel of their obligations under this Protective Order as well as up to three in-house attorneys of each Receiving Party who have signed **Exhibit 1**;

b. industry advisors, financial advisors, accounting advisors, experts, consultants, investigators and other professionals, and their respective staff, retained by any Receiving Party, provided that any such person or entity has signed a written statement in the form provided as **Exhibit 1**;

c. any person who is indicated on the face of a document to have been an author, addressee or recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d. for purposes of witness preparation, examination, interview or evidence-gathering, any actual or potential deponent, witness, interviewee or other person from whom evidence is sought, and such person's counsel, to the extent that disclosure is reasonably necessary for the anticipated subject matter of such person's testimony, interview or assistance, provided that such persons (i) shall not be permitted to retain copies of any Highly Confidential Material unless otherwise entitled under this Protective Order and (ii) have signed or agreed on the record to sign a written statement in the form provided as **Exhibit 1**;

e. court reporters, stenographers, videographers and translators who record or interpret testimony;

f. the Court and its officers and clerical staff;

g. any other person or entity with respect to whom the Designating Party may consent in writing, provided such person or entity has signed a written statement in the form provided as **Exhibit 1**; and

h. the Court and its officers and staff, and the Office of the United States Trustee.

13. Exchange of Executed Exhibit 1 Statements: Any Receiving Party that, pursuant to Paragraphs 11 or 12 of this Protective Order, obtains or coordinates the execution of a written statement in the form provided as **Exhibit 1** by any person or entity (an "Executed Exhibit 1") shall provide a complete copy of such Executed Exhibit 1 to counsel for the Designating Party within two (2) business days of its execution.

14. Sealing of Designated Material Filed with or Submitted to the Court: This Protective Order does not, by itself, authorize the filing of any material under seal. Any person or entity seeking to file Designated Material with the Court, or any pleading, motion or other paper that discloses, quotes or references Designated Material, shall comply with 11 U.S.C. § 107, the Civil Rules, the Bankruptcy Rules, the Local Rules, any applicable general orders, chambers procedures and orders of the Court. To the extent practicable and consistent with such rules and procedures, the filing party shall file a public version redacting or omitting the Designated Material.

15. Use of Designated Material in Open Court: To the extent that Designated Material is proposed to be used in open court, counsel for the Authorized Foreign Representative, the Designating Party and any Receiving Party shall confer in advance on such procedures as are necessary to protect the confidentiality of the Designated Material proposed to be used in open court, and, in the event that counsel cannot agree on such procedures, the Designating Party bears

the burden of requesting relief from the applicable court, and absent a court order restricting such use, nothing in this Protective Order shall prohibit the use of such Designated Material in open court, subject to any applicable rules or orders of the applicable court.

16. Use of Designated Material by Producing Party: Nothing in this Protective Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way, regardless of whether such Discovery Material has been designated as Designated Material by another person, provided that such use or disclosure does not disclose another person's Designated Material except as permitted by this Protective Order.

**Depositions**

17. Deposition—Manner of Designation: In the case of depositions in connection with the Chapter 15 Case, if any Producing Party, Receiving Party, deponent, witness or other person participating in the deposition believes that a portion of the testimony given at a deposition should be Designated Material, such testimony may be so designated, as appropriate, by:

a. stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

b. providing written notice within three (3) calendar days of receipt of the final transcript from the court reporter that the relevant portion(s), or the entirety, of such transcript or video of a deposition is so designated. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) so designated, and directing the court reporter to treat the transcript in accordance with this Protective Order. Until expiration of the foregoing three (3) calendar day period following receipt of the final transcript, all deposition transcripts and videotapes shall be treated as Confidential Material unless otherwise agreed on the record at the deposition.

18. Responsibilities and Obligations of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." Each page of the

transcript also shall include the legend "Confidential" or "Highly Confidential" as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential" as appropriate, if any portion of the transcript itself is so designated.

**Inadvertent Production of Privileged Discovery Material**

19. Inadvertent Disclosure: Pursuant to Federal Rule of Evidence 502(d) and Civil Rule 26(b)(5)(B), disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent or otherwise (the "Privileged Material"), shall not constitute a waiver of the privilege, confidentiality, seal or protection in the Chapter 15 Case or any other state or federal proceeding in the United States. This Protective Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Civil Rule 26(b)(5)(B), and any similar rule that may exist under applicable foreign law. Nothing herein is intended to or shall serve to limit a Producing Party's right to conduct a review of documents, electronically stored information or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20. Notice of Clawback of Inadvertently Produced Privileged Material: In order to claw back Privileged Material that was inadvertently produced, a Producing Party must provide written notice to Receiving Parties specifying the Privileged Material it wishes to claw back (the "Clawback Notice"); provided, however, that if a Producing Party wishes to claw back Privileged Material that is used during a deposition or hearing, it may provide oral notice during the deposition or hearing. The Clawback Notice shall include sufficient information for Receiving Parties to assess a claim of privilege or other protection and shall constitute the Producing Party's

representation that the Privileged Material has been reviewed by an attorney and that there is a good faith basis for the Producing Party to assert an applicable privilege or other protection.

21. Clawback of Inadvertently Produced Privileged Material: Upon receiving the Clawback Notice, the Receiving Party must promptly return, sequester or destroy the specified documents or information (the "Clawback Material") in accordance with Civil Rule 26(b)(5)(B). If a Receiving Party has already disclosed any Clawback Material, such Receiving Party must make reasonable efforts to retrieve all copies of the disclosed Clawback Material and return such materials to the Producing Party asserting inadvertent disclosure, sequester them or destroy them. Within five business days after receipt of the Clawback Notice, the Receiving Party shall provide notice in writing that it has undertaken reasonable efforts to return, sequester or destroy all such Clawback Material, and shall inform the Producing Party as to whether the Receiving Party made any disclosures of the Clawback Material prior to receiving the Producing Party's Clawback Notice, as well as the results of its efforts to retrieve all copies of such previously disclosed Clawback Material. Clawbacks under Paragraphs 20 and 21 shall be limited to Privileged Material produced in this Chapter 15 Case, and not obtained independently in another proceeding, as provided for in the Federal Rules of Civil Procedure or any other applicable rule. Nothing in this Protective Order limits a Receiving Party from presenting proposed ClawBack Material to the Court as permitted under Federal Rule of Civil Procedure 26(b)(5)(B). A Receiving Party may contest a Clawback Notice in writing within three business days and may sequester rather than destroy the Clawback Material pending resolution. The Producing Party shall seek a ruling from the Court within two business days thereafter, bears the burden of establishing the privilege, and absent such motion, the Clawback Notice shall be deemed withdrawn.

22. Discovery of Inadvertently Disclosed Privileged Material: If a Receiving Party

believes that it has received Privileged Material from a Producing Party, the Receiving Party shall promptly notify the Producing Party and identify the potentially Privileged Material, and shall take all necessary steps to prevent further review or use of the information (including any notes or review database entries concerning the information) pending notification from the Producing Party as to whether it claims privilege or protection for the potentially Privileged Material identified.

## General Provisions

23. This Protective Order is a procedural device intended to protect Discovery Material, including Designated Material. Nothing in this Protective Order shall affect any person or entity's rights or obligations unrelated to the confidentiality of Discovery Material.

24. Nothing contained herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence. Nothing in this Protective Order constitutes a stipulation by any person or entity as to the relevance or admissibility of any documents, testimony or other Discovery Material produced or designated as Confidential or Highly Confidential pursuant to this Protective Order.

25. Unauthorized Disclosure of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Protective Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Protective Order, immediately make reasonable efforts to recover the disclosed Designated Material and preclude further review, dissemination or use by the person or entity to whom the disclosure was made, and immediately notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure and the steps taken to

recover the disclosed Designated Material and to preclude further review, dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

26. Obligations Following Conclusion of Use: Within 180 days after the final resolution of the Chapter 15 Case, unless otherwise agreed to by the Designating Party or ordered by a court of competent jurisdiction, each Receiving Party and any other person subject to this Protective Order shall take reasonable steps to destroy all Designated Material and all copies thereof in its possession, except that counsel may retain for its records (a) its work product; (b) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits and expert reports; and (c) exhibits introduced at any hearing or trial. A Receiving Party and any other person subject to this Protective Order may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, provided that such retained documents shall continue to be treated consistently with this Protective Order. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Protective Order shall remain binding.

27. Continuing Applicability: With respect to any retained Discovery Material, the provisions of this Protective Order shall survive the final resolution of the Chapter 15 Case. The final resolution of the Chapter 15 Case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Protective Order, and the Court shall retain jurisdiction to enforce the terms of this Protective Order.

28. Disclosure of Designated Material in Response to Subpoenas and Other Requests: Any Receiving Party that is subject to a motion, subpoena, court order, or other form of legal or regulatory process or request seeking the disclosure of Designated Material shall, to the extent permitted by applicable law, rule, regulation, court order or the requesting authority, promptly notify the Designating Party and, where reasonably practicable, provide such notice at least seven business days prior to the date of production so that the Designating Party may seek appropriate relief. In the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall take reasonable steps to inform any person to whom such information is disclosed of the confidential nature of such information.

29. Amendment: Upon good cause shown, and on notice to the Authorized Foreign Representative and any other affected person, any person or entity subject to this Protective Order may move to amend the provisions of this Protective Order at any time. The Authorized Foreign Representative and any other affected person may also agree in writing to seek amendment of this Protective Order, subject to further order of the Court.

30. Enforcement: This Protective Order is an order of the Court, and any violation may be addressed by sanctions, contempt and/or such other relief as the Court deems appropriate.

31. Notice: When notice is permitted or required by the provisions hereof, such notice shall be in writing and directed to counsel of record for the person to receive such notice, if any, or otherwise to such person's last known address or email address. Notice shall be delivered by first-class mail, FedEx (or an equivalent delivery service), hand delivery or email, and shall be effective upon receipt.

32. Effect of Other Protective Orders: Notwithstanding any of the above provisions,

this Protective Order does not (i) supersede any other protective order entered by any United States state or federal court or such court's rules or procedures or (ii) contemplate the production of Discovery Material contrary to such order, rules, or procedures.

**SO ORDERED.**

Dated: November 13, 2026
New York, New York

**/s/ Lisa G. Beckerman**
Honorable Lisa G. Beckerman
United States Bankruptcy Judge